APPEAL,CLOSED,CONSOL,TYPE−A

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:20−cv−03010−APM</u>

UNITED STATES OF AMERICA et al v. GOOGLE LLC

Assigned to: Judge Amit P. Mehta

Case in other court:  USCA, 24−05006

USCA, 25−05016

USCA, 26−05023

Cause: 15:1 Antitrust Litigation

Date Filed: 10/20/2020

Date Terminated: 12/09/2025

Jury Demand: None

Nature of Suit: 410 Anti−Trust

Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | represented by | **Danielle G. Hauck** |

US DEPARTMENT OF JUSTICE
Antitrust Division
450 Fifth Street, NW
Suite 7100
Washington, DC 20530
202−307−3954
Email: <u>danielle.hauck@usdoj.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jake Marvin Shields**
DOJ−CIV
Civil Division, Fraud Section
175 N Street, NE
Washington, DC 20002
202−514−9401
Email: <u>jake.m.shields@usdoj.gov</u>
*TERMINATED: 07/15/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Michael Dintzer**
U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington
202−307−0340
Email: <u>kenneth.dintzer2@usdoj.gov</u>
*TERMINATED: 05/28/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew C. Hammond**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 Fifth Street, NW
Washington, DC 20530

1

(202) 305−8541
Fax: (202) 616−8544
Email: matthew.hammond@usdoj.gov
*TERMINATED: 03/29/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Glenn McLellan**
U.S. DEPARTMENT OF JUSTICE
450 5th Street NW
Suite 7616
Washington
Washington, DC 20530
202−271−8638
Fax: 202−271−8638
Email: michael.mclellan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Cameron Gower**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 Fifth Street, NW
Suite 7100
Washington, DC 20530
(202) 286−0159
Fax: (202) 616−8544
Email: richard.gower@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas P. DeMatteo**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
950 Pennsylvania Ave., NW
Washington, DC 20530
202−705−8392
Email: thomas.dematteo@usdoj.gov
*TERMINATED: 08/10/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron D. Hoag**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 5th Street, NW
Ste 7100
Washington, DC 20530
202−476−0541
Email: aaron.hoag@usdoj.gov
*TERMINATED: 03/06/2025*
*ATTORNEY TO BE NOTICED*

**Adam T. Severt**
DOJ–ATR
Antitrust Division
450 Fifth Street, NW
Suite 7100
Washington, DC 20530
202–307–6158
Email: adam.severt@usdoj.gov
*TERMINATED: 08/12/2025*
*ATTORNEY TO BE NOTICED*

**Andrew Tisinger**
DOJ–ATR
450 5th Street NW
Washington, DC 20530
202–213–2361
Email: andrew.tisinger@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Brendan Ballou**
LICHTEN & LISS–RIORDAN, P.C.
729 Boylston Street
Suite 2000
Boston, MA 02116
917–684–3900
Email: brendan@publicintegrityproject.com
*ATTORNEY TO BE NOTICED*

**Catharine Sydnie Wright**
DOJ–ATR
333 Constitution Avenue NW
Washington, DC 20001
202–216–7334
Email: catharine.wright@usdoj.gov
*TERMINATED: 08/21/2025*
*ATTORNEY TO BE NOTICED*

**Chaim Alexander Cohen**
U.S. DEPARTMENT OF JUSTICE
450 Fifth Street NW
Washington, DC 20530
347–244–2502
Email: alex.cohen@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Christine Sommer**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 Fifth Street, NW
Washington, DC 20530
202–316–2096

Email: christine.sommer@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Christopher VanDeusen**
DOJ–CIV
450 5th Street NW
Washington, DC 20001
202–549–6120
Email: christopher.k.vandeusen@usdoj.gov
*TERMINATED: 11/10/2022*
*ATTORNEY TO BE NOTICED*

**Claire Molle Maddox**
ANTITRUST DIVISION, U.S.
DEPARTMENT OF JUSTICE
Technology and Digital Platforms Section
450 5th Street NW
Washington, DC 20530
202–549–7155
Email: claire.maddox@usdoj.gov
*ATTORNEY TO BE NOTICED*

**David E. Dahlquist**
UNITED STATES DEPARTMENT OF
JUSTICE
Antitrust Division
209 South LaSalle Street
Suite 600
Chicago, IL 60604
(202) 805–8563
Email: david.dahlquist@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Diana Arlen Aguilar Aldape**
U.S. DEPARTMENT OF JUSTICE
450 Golden Gate Avenue
Room 10–101
San Francisco, CA 94102
415–934–5300
Fax: 415–934–5399
Email: diana.aguilar@usdoj.gov
*TERMINATED: 06/06/2025*
*ATTORNEY TO BE NOTICED*

**Elizabeth Skjelborg Jensen**
U.S. DEPARTMENT OF JUSTICE
450 Golden Gate Ave
Suite 10–0101
San Francisco, CA 94102
415–583–9211
Email: Elizabeth.Jensen@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Emma Waitzman**
DOJ–ATR
Antitrust Division
450 Fifth Street NW
Suite 7038
Washington, DC 20530
202–538–4066
Email: emma.waitzman@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Eric Schleef**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
209 S. LaSalle Street
Suite 600
Chicago, IL 60604
312–984–7236
Email: eric.schleef@usdoj.gov
*TERMINATED: 09/08/2025*
*ATTORNEY TO BE NOTICED*

**Erin Murdock–Park**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 5th Street NW
Washington, DC 20530
(202) 445–8082
Fax: (202) 514–9033
Email: erin.murdock–park@usdoj.gov
*TERMINATED: 02/25/2025*
*ATTORNEY TO BE NOTICED*

**George Charles Nierlich**
DOJ–ATR
450 Fifth Street NW
Suite 7100
Washington, DC 20530
202–368–2217
Email: george.nierlich@usdoj.gov
*TERMINATED: 08/29/2025*
*ATTORNEY TO BE NOTICED*

**Grant Mitchell Fergusson**
U.S. DEPARTMENT OF JUSTICE
450 Fifth Street NW
Washington, DC 20530
202–894–4236
Email: grant.fergusson@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Ian David Hoffman**

U.S. DEPARTMENT OF JUSTICE
450 5th Street, NW
Suite 7664
Washington, DC 20001
202−763−0867
Email: ian.hoffman@usdoj.gov
*ATTORNEY TO BE NOTICED*

**James Thomas Greene**
U.S. DEPARTMENT OF JUSTICE
450 Golden Gate Avenue
Room 10−101
San Francisco, CA 94102
415−229−2914
Fax: 415−934−5399
Email: thomas.greene@atr.usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jeremy Michael Purkey Goldstein**
U.S. DEPARTMENT OF JUSTICE
450 Golden Gate Avenue
Room 10−101
San Francisco, CA 94102
415−934−5300
Fax: 415−934−5399
Email: Jeremy.Goldstein@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jesus Manuel Alvarado−Rivera**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 5th St NW
Washington, DC 20530
202−598−8325
Email: jesus.alv@gmail.com
*TERMINATED: 08/20/2021*

**John Paul Foley**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 5th Street NW
Washington, DC 20530
202−476−0491
Email: john.foley@occ.treas.gov
*TERMINATED: 04/29/2022*
*ATTORNEY TO BE NOTICED*

**John J. Hogan**
DOJ−Atr
450 5th Street, NW
Suite 7632
Washington, DC 20530

202−288−2195
Email: john.hogan2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Joshua Hafenbrack**
DOJ−ATR
455 5th Street NW
Washington, DC 20530
202−603−0857
Email: jhafenbrack@winston.com
*TERMINATED: 01/10/2024*
*ATTORNEY TO BE NOTICED*

**Karl Edward Herrmann**
U.S. DEPARTMENT OF JUSTICE
Technology & Financial Services Section
450 Fifth Street, NW
Washington, DC 20001
202−476−0316
Email: karl.herrmann@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Keane McKennan Nowlan**
DEPARTMENT OF JUSTICE
450 5th St NW
Washington, DC 20001
202−746−7308
Email: keane.nowlan@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Kerrie J. Freeborn**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 Fifth Street, NW
Suite 8700
Washington, DC 20530
(202) 476−9160
Fax: (202) 514−9033
Email: kerrie.freeborn@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Lara E.V. Trager**
DOJ−ATR
950 Pennsylvania Ave., NW
Washington, DC 20530
202−598−2685
Email: lara.trager@usdoj.gov
*TERMINATED: 11/04/2025*
*ATTORNEY TO BE NOTICED*

**Lillian Okamuro**
DOJ−ATR

Technology & Digital Platforms (TDP)
450 Fifth Street, NW
Washington, DC 20530
202–803–3944
Email: lillian.okamuro@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Matthew Robert Jones**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 Fifth Street, NW
Washington, DC 20530
(202) 598–8369
Fax: (202) 514–6381
Email: matthew.jones3@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Meagan Kara Bellshaw**
WEIL, GOTSHAL & MANGES
2001 M Street NW
Ste 600
Washington, DC 20036
202–682–7140
Fax: 202–857–0940
Email: Meagan.Bellshaw@weil.com
*TERMINATED: 08/26/2024*
*ATTORNEY TO BE NOTICED*

**Meagan Glynn**
DOJ–ATR
450 5th Street NW
Washington, DC 20530
202–577–2690
Email: meagan.glynn@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Michael Rosengart**
UNITED STATES DEPARTMENT OF
JUSTICE
450 5th Street N.W.
Suite 7100
Washington, DC 20001
202–538–1705
Email: michael.rosengart@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Ryan Thomas Karr**
DOJ–ATR
Technology and Digital Platforms Section
450 5th Street NW
Suite 7100
Washington, DC 20001

202–598–2240
Email: ryan.karr@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Ryan M. Sandrock**
SHOOK HARDY
Antitrust Division
555 Mission
San Francisco, CA 94102
415–852–2594
Email: rsandrock@shb.com
*TERMINATED: 12/17/2021*
*ATTORNEY TO BE NOTICED*

**Ryan Scott Struve**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 Fifth Street, NW
Washington, DC 20530
202–514–4890
Email: ryan.struve@usdoj.gov
*TERMINATED: 03/06/2025*
*ATTORNEY TO BE NOTICED*

**Sara Trent**
DOJ–ATR
Liberty Square Building
450 Fifth Street, NW
Suite 7106
Washington, DC 20530
907–230–1734
Email: sara.gray2@usdoj.gov
*TERMINATED: 10/15/2025*
*ATTORNEY TO BE NOTICED*

**Sarah Bartels**
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 Fifth Street, NW
Washington, DC 20530
202–710–0047
Email: sarah.bartels@usdoj.gov
*TERMINATED: 06/05/2025*
*ATTORNEY TO BE NOTICED*

**Travis Richard Chapman**
DOJ–ATR
450 5th Street NW
Suite 7100
Washington, DC 20530
202–353–9006
Email: travis.chapman@usdoj.gov

*ATTORNEY TO BE NOTICED*

**Veronica N. Onyema**
DOJ–CIV
450 E Street NW
Suite 8714
Washington, DC 20530
202–307–0302
Email: veronica.n.onyema@usdoj.gov
*TERMINATED: 07/11/2025*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

STATE OF ARKANSAS                 represented by    **Amanda J. Wentz**
ARKANSAS ATTORNEY GENERAL
101 West Capitol Avenue
Little Rock, AR 72201
501–682–1178
Email: amanda.wentz@arkansasag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A.F. McCoy**
MCCOY LAW OFFICE
PO Box 242831
Little Rock, AR 72223
501–249–1812
Email: david@dafmccoy.com
*TERMINATED: 01/03/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Johnathan R Carter**
LEGAL AID OF ARKANSAS
200 Tower Building
2725 Cantrell, Suite 104
Suite 200
72202
Little Rock, AR 72202
870–972–9224
Email: jcarter@arlegalaid.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Keaton Lynn Barnes**
ARKANSAS ATTORNEY GENERAL'S
OFFICE
323 Center Street
Suite 200
Little Rock, AR 72201
501–682–5310
Email: keaton.barnes@arkansasag.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Michael Ford**
ARKANSAS DEPARTMENT OF
AGRICULTURE
1 Natural Resources Drive
Little Rock, AR 72205
501–902–7733
Email: matthew.ford@agriculture.arkansas.gov
*TERMINATED: 09/03/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF FLORIDA**                    represented by   **R. S. Palmer**
FL ATTORNEY GENERAL
Pl–01 The Capitol
Tallahassee, FL 32399–1050
850–414–3847
Fax: 850–488–9134
Email: scott.palmer@myfloridalegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher A. Knight**
OFFICE OF ATTORNEY GENERAL/FL
PL–01, The Capitol
Tallahassee, FL 32399–1050
850–414–3300
Email: christopher.knight@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**Lee Istrail**
OFFICE OF THE ATTORNEY
GENERAL/FL
The Capitol
Pl–01
Tallahassee, FL 32399–1050
703–244–6978
Email: lee.istrail@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF GEORGIA**                    represented by   **Charles K. Thimmesch**
GEORGIA OFFICE OF THE
ATTORNEY GENERAL
40 Capitol Square SW
Atlanta, GA 30334
404–458–3626
Email: cthimmesch@law.ga.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF INDIANA**                    represented by    **Christi Foust**
OFFICE OF THE INDIANA ATTORNEY
GENERAL
Complex Litigation Section
302 W. Washington Street
IGCS−5th Floor
Indianapolis, IN 46204
317−233−9923
Fax: 317−232−7979
Email: christi.foust@atg.in.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erica S Sullivan**
OFFICE OF THE ATTORNEY
GENERAL/IN
Consumer Litigation
302 W. Washington Street
IGCS 5th Floor
Indianapolis, IN 46202
317−232−5931
Email: erica@yasminstumplaw.com
*TERMINATED: 06/24/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Alan Michaloski**
UTAH OFFICE OF THE ATTORNEY
GENERAL
160 E 300 S, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114−0830
801−440−9825
Email: mmichaloski@agutah.gov
*TERMINATED: 09/24/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Leroy Barnhart**
OFFICE OF THE INDIANA ATTORNEY
GENERAL
Indiana
302 West Washington Street
IGCS 5th Floor
Indianapolis, Ste IGCS 5th Floor
Indianapolis, IN 46204
317−232−6309
Email: Scott.Barnhart@atg.in.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jesse Josef Moore , I.**
OFFICE OF INDIANA ATTORNEY
GENERAL
302 W. Washington St.
Suite 5th Floor
Indianapolis, IN 46204
317–504–2783
Email: jesse.moore@atg.in.gov
*ATTORNEY TO BE NOTICED*

**Ryan R. Frasher**
COZMYK LAW OFFICES, LLC
450 East Street
Suite 500
Indianapolis, IN 46240
463–345–3745
Fax: 463–345–3859
Email: rfrasher@cozmyklaw.com
*TERMINATED: 04/19/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**COMMONWEALTH OF**          represented by   **Justin Clark**
**KENTUCKY**                                 OFFICE OF THE ATTORNEY
                                             GENERAL/KY
                                             1024 Capital Center Drive
                                             Suite 200
                                             Frankfort, KY 40601
                                             502–696–5300
                                             Email: justind.clark@ky.gov
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

**Philip Heleringer**
OFFICE OF THE ATTORNEY
GENERAL/KY
Consumer Protection Division
1024 Capital Center Drive
Frankfort, KY 40601
502–696–5300
Email: philip.heleringer@ky.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Edward Farmer**
OFFICE OF THE ATTORNEY
GENERAL/KY
1024 Capital Center Drive
Frankfort, KY 40601

13

502–696–5448
Email: jonathan.farmer@ky.gov
*ATTORNEY TO BE NOTICED*

**Lyndsey M. Antos**
1024 Capital Center Drive
Suite 200
Frankfort, KY 40601
502–696–5641
Email: lyndsey.antos@ky.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF LOUISIANA**                    represented by    **Asyl Nachabe**
LOUISIANA DEPARTMENT OF
JUSTICE
Consumer Protection
1885 N. Third St.
Baton Rouge, LA 70802
225–326–6435
Email: nachabea@ag.louisiana.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick Voelker**
LOUISIANA DEPARTMENT OF
JUSTICE
1885 N. Third Street
Suite Fourth Floor
Baton Rouge, LA 70802
225–326–6400
Email: voelkerp@ag.louisiana.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stacie L. Deblieux**
SALIM–BEASLEY, LLP
Public Protection Division
1901 Texas Street
Natchitoches, LA 71457
225–287–0017
Fax: 318–354–1227
Email: sdeblieux@salim–beasley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF MISSISSIPPI**                    represented by    **Crystal Utley Secoy**
MISSISSIPPI ATTORNEY GENERAL'S
OFFICE
––

550 High St (P.O. Box 220)
Jackson, MS 39201
601–359–4213
Email: crystal.utley@ago.ms.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisabeth Hart Pepper Martin**
OFFICE OF THE ATTORNEY
GENERAL/MS
Consumer Protection
550 High Street
Jackson, MS 39201
601–359–4223
Email: hart.martin@ago.ms.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman Lee Morris , III**
PO Box 220
Jackson, MS 39205
601–672–1391
Email: lee.morris@ago.ms.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF MISSOURI**                    represented by    **Kimberley G. Biagioli**
OFFICE OF THE ATTORNEY
GENERAL/MO
Consumer Protection Division
615 E 13th Street
Suite 401
Kansas City, MO 64106
816–889–3090
Email: kimberley.biagioli@ago.mo.gov
*TERMINATED: 09/23/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Hoeplinger**
CAPES, SOKOL, GOODMAN &
SARACHAN, P.C.
Consumer Protection Division
8182 Maryland Avenue
Suite 15th Floor
St. Louis, MO 63105
314–721–7701
Email: hoeplinger@capessokol.com
*TERMINATED: 09/04/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF MONTANA**                    represented by   **Anna Schneider**
                                                        OFFICE OF CONSUMER PROTECTION
                                                        Department of Justice
                                                        P.O. Box 200151
                                                        Helena, MT 59620–0151
                                                        406–594–9936
                                                        Email: anna.schneider@mt.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Christian Brian Corrigan**
                                                        MONTANA ATTORNEY GENERAL'S
                                                        OFFICE
                                                        Office of the Attorney General
                                                        215 North Sanders
                                                        Helena, MT 59601
                                                        406–444–2707
                                                        Email: Christian.Corrigan@mt.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Mark W Mattioli**
                                                        MONTANA DEPARTMENT OF
                                                        JUSTICE
                                                        Office of Consumer Protection
                                                        P.O. Box 200151
                                                        Helena, MT 59620–0151
                                                        406–444–2026
                                                        Fax: 406–442–1894
                                                        Email: mmattioli@mt.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF SOUTH CAROLINA**             represented by   **Mary Frances Jowers**
                                                        OFFICE OF THE SOUTH CAROLINA
                                                        ATTORNEY GENERAL
                                                        PO Box 11549
                                                        Columbia, SC 29211–1549
                                                        803–734–3996
                                                        Email: mfjowers@scag.gov
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Rebecca McCormack Hartner**
                                                        OFFICE OF THE ATTORNEY
                                                        GENERAL/SC
                                                        1000 Assembly Street
                                                        P.O. Box 11549
                                                        Columbia, SC 29211–1549
                                                        803–734–5855

Email: rhartner@columbia13.com
*TERMINATED: 09/26/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF TEXAS**                    represented by   **Bret Fulkerson**
                                                      TEXAS ATTORNEY GENERAL
                                                      300 W. 15th St.
                                                      Austin, TX 78701
                                                      512–517–5184
                                                      Email: bret.fulkerson@oag.texas.gov
                                                      *TERMINATED: 06/30/2022*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Diamante A. Smith**
                                                      OFFICE OF THE ATTORNEY
                                                      GENERAL OF TEXAS
                                                      300 W 15th St.
                                                      Austin, TX 78701
                                                      661–917–4482
                                                      Email: diamante.smith@oag.texas.gov
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kim Van Winkle**
                                                      OFFICE OF THE ATTORNEY
                                                      GENERAL/TX
                                                      300 W. 15th St.
                                                      Austin, TX 78701
                                                      512–463–1266
                                                      Email: kim.vanwinkle@oag.texas.gov
                                                      *TERMINATED: 04/28/2021*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kelsey Paine**
                                                      BAKER BOTTS LLP
                                                      700 K St NE
                                                      Washington, DC 20002
                                                      202–639–7700
                                                      Email: kelsey.paine@bakerbotts.com
                                                      *TERMINATED: 12/19/2022*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Margaret Sharp**
                                                      TEXAS ATTORNEY GENERAL
                                                      300 W 15th Street
                                                      Austin, TX 78753
                                                      512–463–1265
                                                      Email: margaret.sharp@oag.texas.gov
                                                      *TERMINATED: 01/31/2024*

*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **STATE OF CALIFORNIA** | represented by | **Adam Miller** |

CALIFORNIA DEPARTMENT OF
JUSTICE
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
415–510–3883
Fax: 415–703–5480
Email: adam.miller@doj.ca.gov
*TERMINATED: 06/24/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carolyn Danielle Jeffries**
OFFICE OF THE ATTORNEY
GENERAL OF CALIFORNIA
Office of the Attorney General of
California
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
415–510–3511
Email: cari.jeffries@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paula L. Blizzard**
OFFICE OF THE ATTORNEY
GENERAL/CA
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
415–510–3765
Email: paula.blizzard@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan McCauley**
CALIFORNIA DEPARTMENT OF
JUSTICE
Public Rights Division, Natural Resources
Law Section
455 Golden Gate Ave.
Suite 11000
San Francisco, CA 94102
415–229–0102
Email: ryan.mccauley@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Wang**
OFFICE OF THE ATTORNEY
GENERAL OF CALIFORNIA
455 Golden Gate Ave
Suite 11000
San Francisco, CA 94102
415–510–3487
Fax: 415–703–5480
Email: brian.wang@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Henry Cornillie**
OFFICE OF THE ATTORNEY
GENERAL
455 Golden Gate Avenue
Suite 11000
San Francisco
San Francisco, CA 94102
415–510–3526
Email: henry.cornillie@doj.ca.gov
*TERMINATED: 05/24/2023*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF WISCONSIN**                    represented by  **Caitlin Marie Madden**
WISCONSIN DEPARTMENT OF
JUSTICE
17 W. Main Street
Madison, WI 53703
608–267–1311
Email: caitlin.madden@wisdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gwendolyn Jean Cooley**
WISCONSIN DEPARTMENT OF
JUSTICE
17 W. Main St
Madison, WI 53701
608–261–5810
Fax: 608–294–2907
Email: cooleygj@doj.state.wi.us
*TERMINATED: 05/21/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura E. McFarlane**
WISCONSIN DEPARTMENT OF
JUSTICE
17 W. Main St.
Madison, WI 53703

608–266–8911
Email: Laura.mcfarlane@wisdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF MICHIGAN**                    represented by    **Scott Allen Mertens**
MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL
Corporate Oversight Division
525 W. Ottawa Street
P.O. Box 30736
Lansing, MI 48909
517–335–7632
Email: mertenss@michigan.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wisam Naoum**
MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL
525 W. Ottawa St.
Lansing, MI 48909
248–863–7699
Email: naoumw1@michigan.gov
*TERMINATED: 10/12/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF COLORADO**                    represented by    **Conor J. May**
*20–3715*
COLORADO ATTORNEY GENERAL'S
OFFICE
1300 Broadway
7th Floor
Denver, CO 80203
720–508–6199
Email: conor.may@coag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Diane Rebecca Hazel**
FOLEY & LARDNER LLP
1144 15th Street
Suite 2200
Denver, CO 80202
720–437–2034
Email: dhazel@foley.com
*TERMINATED: 07/20/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

20

**Jonathan Bruce Sallet**
COLORADO DEPARTMENT OF LAW
Consumer Protection Section, Antitrust
Unit
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Suite 7th Floor
Denver, CO 80203
720–508–6000
Fax: 720–508–6040
Email: jon.sallet@coag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven M. Kaufmann**
STATE OF COLORADO DEPARTMENT
OF LAW
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Ste 7th Floor
Denver, CO 80203
720–508–6204
Email: steve.kaufmann@coag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William F. Cavanaugh , Jr.**
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036–6710
212–335–2793
Email: wfcavanaugh@pbwt.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Abigail Leah Smith**
COLORADO DEPARTMENT OF LAW
Consumer Protection Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway
10th Floor
Denver, CO 80203
720–508–6233
Fax: 720–508–6040
Email: abigail.smith@coag.gov
*TERMINATED: 09/08/2022*

**Carla J. Baumel**

COLORADO DEPT OF LAW
1300 Broadway
10th Floor
Denver, CO 80203
720–508–6235
Email: carla.baumel@coag.gov
*TERMINATED: 07/12/2023*
*ATTORNEY TO BE NOTICED*

**Elizabeth Winsor Hereford**
COLORADO DEPARTMENT OF LAW
1300 Broadway
Suite 10th Floor
Denver, CO 80203
720–508–6000
Email: elizabeth.hereford@coag.gov
*ATTORNEY TO BE NOTICED*

**Erica Lee Fruiterman**
ORRICK, HERRINGTON & SUTCLIFFE
LLP
1152 15th Street, NW
Washington, DC 20005
202–339–8408
Fax: 202–339–8500
Email: efruiterman@orrick.com
*TERMINATED: 09/06/2022*
*ATTORNEY TO BE NOTICED*

**Erin L. Shencopp**
COLORADO OFFICE OF THE
ATTORNEY GENERAL
1300 Broadway
7th Floor
Denver, CO 80203
720–508–6000
Email: erin.shencopp@coag.gov
*TERMINATED: 06/10/2022*
*ATTORNEY TO BE NOTICED*

**Matt Schock**
COLORADO DEPT OF LAW
1300 Broadway
Suite 10th Floor
Denver, CO 80203
720–508–6236
Email: mschock@bakerlaw.com
*TERMINATED: 12/30/2022*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

represented by

**STATE OF NEBRASKA**
*20–3715*

**Joseph Conrad**
OFFICE OF THE ATTORNEY
GENERAL/NE
Consumer Protection Division
2115 State Capitol Building
Lincoln, NE 68509
402–471–3840
Email: joseph.conrad@nebraska.gov
*TERMINATED: 04/24/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Clifford McCully**
Nebraska Attorney General's Office
2115 State Capital
Lincoln, NE 68509
402–741–9305
Email: justin.mccully@nebraska.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Colin P. Snider**
DOJ–Atr
Antitrust Division
100 Centennial Mall N
Suite 487
Lincoln, NE 68508
202–739–1871
Email: colin.snider@usdoj.gov
*TERMINATED: 12/05/2024*
*ATTORNEY TO BE NOTICED*

**Matthew Keith McKinley**
NEBRASKA DEPARTMENT OF
JUSTICE, OFFICE OF ATTORNEY
GENERAL
Consumer Protection Bureau
2115 State Capitol Building
Lincoln, NE 68509
402–471–2683
Email: matt.mckinley@nebraska.gov
*TERMINATED: 08/14/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF ARIZONA**
*20–3715*

represented by **Christopher M. Sloot**
SLOOT LAW, PLLC
4742 North 24th Street
Suite 300
Phoenix, AZ 85016
480–744–8475
Email: cms@slootlaw.com

23

*TERMINATED: 07/29/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dana Vogel**
MCCUNE LAW GROUP
2415 East Camelback Road
Suite 850
Phoenix, AZ 85016
909−495−1166
Email: dana.vogel@azag.gov
*TERMINATED: 12/23/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jayme L. Weber**
ARIZONA ATTORNEY GENERAL
400 W. Congress Street
Suite 215
Tucson, AZ 85701
520−628−6609
Email: jayme.weber@azag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S. Catlett**
ARIZONA ATTORNEY GENERAL'S
OFFICE
2005 N Central Ave
Phoenix, AZ 85004
602−542−7751
Fax: 602−542−8308
Email: michael.catlett@azag.gov
*TERMINATED: 01/13/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Bernheim**
OFFICE OF THE ATTORNEY
GENERAL
Consumer Protection & Advocacy Section
400 W. Congress
Suite S−215
Tucson, AZ 85701
520−628−6507
Fax: 520−628−6532
Email: robert.bernheim@azag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

represented by

24

**STATE OF IOWA**
*20–3715*

**Max Merrick Miller**
ATTORNEY GENERAL'S OFFICE FOR
THE STATE OF IOWA
1305 East Walnut Street
2nd Floor
Des Moines, IA 50319
(515) 281–5926
Fax: (515) 281–6771
Email: Max.Miller@ag.Iowa.gov
*TERMINATED: 05/18/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Noah Goerlitz**
IOWA ATTORNEY GENERAL
1350 E. Walnut Street
Des Moines, IA 50319
925–386–6244
Email: noah.goerlitz@ag.iowa.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF NEW YORK**            represented by   **Elinor R. Hoffmann**
*20–3715*                                        ATTORNEY GENERAL'S OFFICE/NY
                                                 28 Liberty Street
                                                 New York, NY 10005
                                                 212–416–8269
                                                 Fax: 212–416–6015
                                                 Email: elinor.hoffmann@ag.ny.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**John D. Castiglione**
OFFICE OF THE ATTORNEY
GENERAL/NY
28 Liberty Street
21st Floor
New York, NY 10005
212–416–8513
Email: john.castiglione@ag.ny.gov
*TERMINATED: 04/21/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Morgan J. Feder**
ATTORNEY GENERAL'S OFFICE FOR
THE STATE OF NEW YORK
28 Liberty Street
23rd Floor
New York, NY 10005
212–416–8288

Email: morgan.feder@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Michael D'Angelo**
OFFICE OF THE ATTORNEY
GENERAL/NY
28 Liberty Street
Ste 23rd Floor
New York, NY 10005
917–617–8272
Email: christopher.d'angelo@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Jennifer Levy**
OFFICE OF THE ATTORNEY
GENERAL/NY
28 Liberty St.
New York, NY 10005
212–416–8450
Email: Jennifer.Levy@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Letitia James**
NYS OFFICE OF THE ATTORNEY
GENERAL
The Capitol
Albany, NY 12224
212–416–8050
Email: letitia.james@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Michael Schwartz**
OFFICE OF THE NEW YORK STATE
ATTORNEY GENERAL
Antitrust Bureau
28 Liberty Street
20th Floor
New York, NY 10005
212–416–8096
Email: michael.schwartz@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **STATE OF NORTH CAROLINA**<br>*20–3715* | represented by | **Jessica Vance Sutton**<br>NORTH CAROLINA DEPARTMENT OF<br>JUSTICE<br>114 West Edenton Street<br>Raleigh, NC 27603<br>919–716–0998<br>Email: jsutton2@ncdoj.gov<br>*TERMINATED: 01/31/2025* |

26

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan R. Marx**
NC DEPARTMENT OF JUSTICE
114 W. Edenton St.
Raleigh, NC 27603
919–716–6000
Email: jmarx@chalmersadams.com
*TERMINATED: 06/27/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kunal Janak Choksi**
NC DEPARTMENT OF JUSTICE
Consumer Protection
114 W. Edenton St.
Raleigh, NC 27603
919–716–6032
Email: kchoksi@ncdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Abram**
NORTH CAROLINA DEPARTMENT OF
JUSTICE
114 W. Edenton Street
Raleigh, NC 27603
919–716–6015
Email: jabram@ncdoj.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF TENNESSEE**            represented by   **Christopher Dunbar**
*20–3715*                                          OFFICE OF THE ATTORNEY
                                                   GENERAL & REPORTER– TN
                                                   P.O. Box 20207
                                                   Nashville, TN 37202
                                                   615–741–3519
                                                   Fax: 615–532–2910
                                                   Email: chris.dunbar@ag.tn.gov
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **J. David McDowell**
                                                   OFFICE OF THE ATTORNEY
                                                   GENERAL & REPORTER– TN
                                                   P.O. Box 20207
                                                   Nashville, TN 37202
                                                   (615) 741–7663
                                                   Fax: (615) 532–2910
                                                   Email: david.mcdowell@ag.tn.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeanette Pascale**
OFFICE OF THE ATTORNEY
GENERAL/TN
P.O. Box 20207
Nashville, TN 37202
615–253–5203
Email: jenna.pascale@ag.tn.gov
*TERMINATED: 01/28/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Austin Ostiguy**
TENNESSEE ATTORNEY GENERAL'S
OFFICE
Consumer Protection Division
P.O. Box 20207
Nashville, TN 37202
615–532–7271
Email: austin.ostiguy@ag.tn.gov
*ATTORNEY TO BE NOTICED*

**Tyler Corcoran**
TENNESSEE ATTORNEY GENERAL'S
OFFICE
315 Deaderick Street
Office of Tennessee Attorney General,
UBS Building 19th Fl.
Nashville, TN 37243
615–770–1714
Email: tyler.corcoran@ag.tn.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF UTAH**                              represented by  **Marie W. L. Martin**
*20–3715*                                                      ATTORNEY GENERAL
                                                               Bureau of Consumer Protection
                                                               350 N. State Street
                                                               Salt Lake City, UT 84114
                                                               385–270–2164
                                                               Email: mwmartin@agutah.gov
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Matthew Alan Michaloski**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Scott R Ryther**

UTAH ATTORNEY GENERAL'S
OFFICE
160 East 300 South
Ste 5th Floor
Salt Lake City, UT 84114
385−881−3742
Email: sryther@agutah.gov
*TERMINATED: 05/10/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tara Pincock**
ATTORNEY GENERAL'S OFFICE
Utah
160 E 300 S
PO Box 140874
84114, Ste 5th Floor
Salt Lake City, UT 84114
801−366−0305
Email: tpincock@agutah.gov
*TERMINATED: 02/22/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF ALASKA**
*20−3715*

**Plaintiff**

**STATE OF CONNECTICUT**          represented by   **Nicole Demers**
*20−3715*                                          STATE OF CONNECTICUT OFFICE OF
                                                   THE ATTORNEY GENERAL
                                                   165 Capitol Avenue
                                                   Ste 5000
                                                   Hartford, CT 06106
                                                   860−808−5202
                                                   Fax: 860−808−5391
                                                   Email: nicole.demers@ct.gov
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF DELAWARE**          represented by   **Michael Andrew Undorf**
*20−3715*                                      DELAWARE DEPARTMENT OF
                                               JUSTICE
                                               Fraud and Consumer Protection Division
                                               820 N. French St., 5th Floor
                                               Wilmington, DE 19801
                                               302−577−8924
                                               Email: michael.undorf@delaware.gov
                                               *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DISTRICT OF COLUMBIA**
*20–3715*

represented by **Adam Gitlin**
DC OAG
400 6th Street NW
10th Floor
Washington, DC 20001
415–956–1000
Email: adam.gitlin@dc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Brunfeld**
FEDERAL TRADE COMMISSION
Public Advocacy Division
400 7th Street, S.W.
Suite 6412
Washington, DC 20580
202–326–2938
Email: dbrunfeld@ftc.gov
*TERMINATED: 09/09/2022*
*LEAD ATTORNEY*

**Elizabeth Gentry Arthur**
OFFICE OF THE ATTORNEY
GENERAL FOR THE DISTRICT OF
COLUMBIA
400 6th Street NW
Washington, DC 20001
202–724–6514
Email: elizabeth.arthur@dc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**TERRITORY OF GUAM**
*20–3715*

**Plaintiff**

**STATE OF HAWAII**
*20–3715*

represented by **Rodney I. Kimura**
OFFICE OF THE ATTORNEY
GENERAL/HI
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808–586–1180
Fax: 808–586–1205
Email: rodney.i.kimura@hawaii.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF IDAHO**
*20–3715*

represented by **Brett Talmage DeLange**
OFFICE OF THE IDAHO ATTORNEY
GENERAL
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720–0010
208–334–4114
Fax: 208–334–4151
Email: brett.delange@ag.idaho.gov
*TERMINATED: 01/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John K. Olson**
IDAHO ATTORNEY GENERAL'S
OFFICE
Consumer Protection Division
954 W. Jefferson Street, 2nd Floor
PO Box 83720
Boise, ID 83720–0010
208–332–3549
Fax: 208–334–4151
Email: john.olson@ag.idaho.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATES OF ILLINOIS,**
**CALIFORNIA, COLORADO,**
**CONNECTICUT, DELAWARE,**
**HAWAII, MARYLAND,**
**MASSACHUSETTS, MINNESOTA,**
**NEW JERSEY, NEW YORK,**
**NORTH CAROLINA, OREGON,**
**RHODE ISLAND, AND**
**WASHINGTON**
*20–3715*

represented by **Brian Matthew Yost**
OFFICE OF THE ILLINOIS ATTORNEY
GENERAL
Antitrust Bureau
100 W. Randolph Street
Chicago, IL 60601
872–276–3598
Email: brian.yost@ilag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Louise Maxeiner**
ILLINOIS ATTORNEY GENERAL'S
OFFICE
Antitrust Bureau
115 S. LaSalle St.
35th Floor
Chicago, IL 60603
773–590–7935
Email: elizabeth.maxeiner@ilag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

31

**Erin L. Shencopp**
(See above for address)
*TERMINATED: 09/21/2021*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF KANSAS**                   represented by   **Christopher Teters**
*20−3715*                                              KANSAS ATTORNEY GENERAL'S
                                                       OFFICE
                                                       120 SW 10th Ave
                                                       Ste 2d Fl
                                                       Topeka, KS 66612
                                                       785−368−8429
                                                       Email: chris.teters@ag.ks.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Lynette R. Bakker**
                                                       OFFICE OF THE ATTORNEY
                                                       GENERAL/KS
                                                       Consumer Protection & Antitrust
                                                       120 S.W. 10th Avenue
                                                       Ste 2nd Floor
                                                       Topeka, KS 66612−1597
                                                       785−368−8451
                                                       Email: lynette.bakker@ks.gov
                                                       *TERMINATED: 01/17/2025*
                                                       *LEAD ATTORNEY*

**Plaintiff**

**STATE OF MAINE**                    represented by   **Christina M. Moylan**
*20−3715*                                              OFFICE OF THE ATTORNEY
                                                       GENERAL/ME
                                                       6 State House Station
                                                       Augusta, ME 04333−0006
                                                       207−626−8838
                                                       Email: christina.moylan@maine.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF MARYLAND**                 represented by   **Gary Honick**
*20−3715*                                              OFFICE OF THE MARYLAND
                                                       ATTORNEY GENERAL
                                                       Antitrust
                                                       200 St. Paul Place
                                                       200 St. Paul Place
                                                       Baltimore, MD 21202

410–576–6480
Email: ghonick@oag.state.md.us
*TERMINATED: 12/02/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa L. English**
OFFICE OF ATTORNEY GENERAL/MD
200 St. Paul Place
19th Floor
Baltimore, MD 21202
410–576–6513
Email: menglish@oag.state.md.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Schonette Walker**
OFFICE OF THE ATTORNEY
GENERAL/MD
200 St Paul Place
Baltimore, MD 21202
410–576–6470
Email: swalker@oag.state.md.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**COMMONWEALTH OF MASSACHUSETTS**
*20–3715*

represented by **Jennifer Ellen Greaney**
OFFICE OF THE MASSACHUSETTS
ATTORNEY GENERAL
100 Cambridge Street
Ste 11th Floor
Boston, MA 02114
617–963–2981
Email: jennifer.greaney@mass.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Thorn Matlack**
OFFICE OF THE ATTORNEY
GENERAL/MA
One Ashburton Place
18th Floor
Boston, MA 02108
617–727–2200
Email: william.matlack@mass.gov
*TERMINATED: 01/28/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew B Frank**
MASSACHUSETTS ATTORNEY

GENERAL'S OFFICE
One Ashburton Place, 18th Floor
Boston, MA 02108
617–963–2669
Email: matthew.frank@mass.gov
*ATTORNEY TO BE NOTICED*

**Michael Bruce MacKenzie**
ATTORNEY GENERAL,
MASSACHUSEETTS
One Ashburton Place
Boston, MA 02108
617–963–2369
Email: michael.mackenzie@mass.gov
*TERMINATED: 09/13/2024*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF MINNESOTA**          represented by   **Zach Biesanz**
*20–3715*                                        MINNESOTA ATTORNEY GENERAL'S
                                                 OFFICE
                                                 Antitrust Division
                                                 445 Minnesota Street
                                                 Suite 600
                                                 St. Paul, MN 55101–5125
                                                 651–757–1257
                                                 Fax: 651–296–7438
                                                 Email: zach.biesanz@ag.state.mn.us
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF NEVADA**          represented by   **Lucas J Tucker**
*20–3715*                                     NEVADA ATTORNEY GENERAL'S
                                              OFFICE
                                              Bureau of Consumer Protection
                                              8945 W. Russell Road
                                              Suite 204
                                              Las Vegas, NV 89148
                                              702–486–3256
                                              Email: ltucker@ag.nv.gov
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Marie W. L. Martin**
                                              (See above for address)
                                              *TERMINATED: 09/15/2022*
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Michelle Christine Badorine**

OFFICE OF THE ATTORNEY
GENERAL, NV
100 North Carson Street
Carson City, NV 89701
775–684–1164
Email: mbadorine@ag.nv.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **STATE OF NEW HAMPSHIRE**<br>*20–3715* | represented by | **Brandon Garod**<br>OFFICE OF ATTORNEY GENERAL/NH<br>33 Capitol Street<br>Concord, NH 03301<br>603–271–1217<br>Email: brandon.h.garod@doj.nh.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **STATE OF NEW JERSEY**<br>*20–3715* | represented by | **Robert Holup**<br>RIKER DANZIG LLP<br>7 Giralda Farms, Suite 250<br>Madison, NJ 07940–1051<br>973–538–0800<br>Email: rholup@riker.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Abiola Miles**<br>NEW JERSEY ATTORNEY GENERAL<br>25 Market St<br>PO Box 106<br>Trenton, NJ 08625<br>609–376–2383<br>Email: abiola.miles@law.njoag.gov<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

**STATE OF NEW MEXICO**
*20–3715*

**Plaintiff**

| | | |
|---|---|---|
| **STATE OF NORTH DAKOTA**<br>*20–3715* | represented by | **Elin S. Alm**<br>OFFICE OF ATTORNEY GENERAL OF<br>NORTH DAKOTA<br>Consumer Protection & Antitrust Division<br>1720 Burlington Drive<br>Suite C<br>Bismarck, ND 58504 |

701–328–5570
Email: ealm@nd.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Parrell D. Grossman**
OFFICE OF ATTORNEY GENERAL OF
NORTH DAKOTA
Consumer Protection and Antitrust
Division
1720 Burlington Drive
Suite C
Bismarck, ND 58504–7736
701–328–5570
Fax: 701–328–5568
Email: pgrossman@nd.gov
*TERMINATED: 01/31/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tiffany Grossman**
NORTH DAKOTA OFFICE OF
ATTORNEY GENERAL
1720 Burlington Drive, Ste. C
Bismarck, ND 58504
Bismarck, ND 58504
701–328–5570
Email: tgrossman@nd.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF OHIO**                    represented by   **Beth Ann Finnerty**
*20–3715*                                            OFFICE OF THE ATTORNEY
                                                     GENERAL/OH
                                                     Antitrust
                                                     30 E. Broad Street
                                                     26th Floor
                                                     Columbus, OH 43215
                                                     614–466–4328
                                                     Email: beth.finnerty@ohioattorneygeneral.gov
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Jennifer L. Pratt**
                                                     OHIO ATTORNEY GENERAL
                                                     30 East Broad Street
                                                     26th Floor
                                                     Columbus, OH 43215
                                                     614–466–4328
                                                     Email: jennifer.pratt@ohioattorneygeneral.gov
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Mark N. Kittel**
OFFICE OF THE ATTORNEY
GENERAL/OHIO
150 East Gay Street
22nd Floor
Columbus, OH 43215
614–466–4328
Email: mark.kittel@ohioattorneygeneral.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF OKLAHOMA**               represented by **Caleb J. Smith**
*20–3715*                                          OFFICE OF THE OKLAHOMA
                                                   ATTORNEY GENERAL
                                                   313 NE 21st St
                                                   Oklahoma City, OK 73105
                                                   405–522–1014
                                                   Fax: 405–522–0085
                                                   Email: caleb.smith@oag.ok.gov
                                                   *TERMINATED: 10/14/2024*
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Cameron Ross Capps**
                                                   OKLAHOMA ATTORNEY GENERAL
                                                   313 NE 21st St.
                                                   Oklahoma City, OK 73105
                                                   405–522–0858
                                                   Email: cameron.capps@oag.ok.gov
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Malisa Dawn McPherson**
                                                   OKLAHOMA ATTORNEY GENERAL
                                                   313 NE 21st St.
                                                   Oklahoma City, OK 73105
                                                   405–522–2297
                                                   Email: malisa.mcpherson@oag.ok.gov
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Robert J. Carlson**
                                                   OFFICE OF THE OKLAHOMA
                                                   ATTORNEY GENERAL
                                                   15 W. 6th Street
                                                   Suite 1000
                                                   Tulsa, OK 74119
                                                   918–581–2342
                                                   Email: robert.carlson@oag.ok.gov
                                                   *TERMINATED: 05/23/2025*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sylvia Lanfair**
OKLAHOMA ATTORNEY GENERAL
313 NE 21st St.
Oklahoma City, OK 73105
405−522−9427
Email: sylvia.lanfair@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **STATE OF OREGON**<br>*20−3715* | represented by | **Cheryl Hiemstra**<br>OREGON DEPARTMENT OF JUSTICE<br>Civil Recovery Section<br>1162 Court St NE<br>Salem, OR 97301<br>503−934−4400<br>Email: cheryl.hiemstra@doj.oregon.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Gina Ko**<br>OREGON DEPARTMENT OF JUSTICE<br>100 SW Market Street<br>Portland, OR 97201<br>971−673−1880<br>Email: gina.ko@doj.oregon.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA**<br>*20−3715* | represented by | **Joseph S. Betsko**<br>PENNSYLVANIA OFFICE OF ATTORNEY GENERAL<br>Strawberry Square<br>14th Floor<br>Harrisburg, PA 17120<br>(717) 787−4530<br>Fax: (202) 705−7110<br>Email: jbetsko@attorneygeneral.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Tracy Wright Wertz**<br>PENNSYLVANIA OFFICE OF ATTORNEY GENERAL<br>Antitrust Section<br>Strawberry Square<br>14th Floor |

Harrisburg, PA 17120
(717) 787–4530
Fax: (717) 787–1190
Email: twertz@attorneygeneral.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman Wesley Marden**
COMMONWEALTH OF
PENNSYLVANIA OFFICE OF
ATTORNEY GENERAL
Strawberry Square
14th Floor
Harrisburg, PA 17120
(717) 787–4530
Email: nmarden@attorneygeneral.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**COMMONWEALTH OF PUERTO
RICO**
*20–3715*

represented by   **Pablo Tufino**
PUERTO RICO DEPARTMENT OF
JUSTICE
Office of Monopolistic Affairs
PO Box 9020192
San Juan
Puerto Rico
787–725–6655
Email: ptufino@justicia.pr.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Diana Jordan Gonzalez**
PUERTO RICO DEPARTMENT OF
JUSTICE
Office of Antitrust Affairs
PO Box 9020192
San Juan
Puerto Rico
7877212900
Email: diana.jordan@justicia.pr.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF RHODE ISLAND**
*20–3715*

**Plaintiff**

**STATE OF SOUTH DAKOTA**
*20–3715*

represented by   **Yvette K. Lafrentz**
OFFICE OF THE ATTORNEY
GENERAL/SD
1302 E. Hwy 14

Suite1
Pierre, SD 57501
605–773–3215
Email: yvette.lafrentz@state.sd.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF VERMONT**                 represented by   **Ryan G. Kriger**
*20–3715*                                            OFFICE OF THE ATTORNEY
                                                     GENERAL/VT
                                                     109 State St.
                                                     Montpelier, VT 05609
                                                     802–828–3170
                                                     Email: ryan.kriger@vermont.gov
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**COMMONWEALTH OF VIRGINIA**         represented by   **Sarah Oxenham Allen**
*20–3715*                                            OFFICE OF THE ATTORNEY
                                                     GENERAL/VA
                                                     Antitrust Unit/Consumer Protection
                                                     Section
                                                     202 N. 9th Street
                                                     Richmond, VA 23219
                                                     804–786–6557
                                                     Fax: 804–786–0122
                                                     Email: soallen@oag.state.va.us
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Tyler Timothy Henry**
                                                     OFFICE OF THE ATTORNEY
                                                     GENERAL/VA
                                                     202 North 9th Street
                                                     Richmond, VA 23219
                                                     804–692–0485
                                                     Fax: 804–786–0122
                                                     Email: thenry@oag.state.va.us
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF WASHINGTON**              represented by   **Amy Hanson**
*20–3715*                                            WASHINGTON STATE ATTORNEY
                                                     GENERAL
                                                     800 Fifth Avenue
                                                     Suite 2000
                                                     Seattle, WA 98104
                                                     206–464–5419

Email: amy.hanson@atg.wa.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF WEST VIRGINIA**          represented by   **Douglas Lee Davis**
*20−3715*                                            WV ATTORNEY GENERAL'S OFFICE
                                                     STATE OF WEST VIRGINIA
                                                     P.O. Box 1789
                                                     State Capitol, Building 6
                                                     1900 Kanawha Blvd. East, Suite 401
                                                     Charleston, WV 25326
                                                     304−558−8986
                                                     Fax: 304−558−0184
                                                     Email: doug.davis@wvago.gov
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Tanya Lynn Godfrey**
                                                     WV ATTORNEY GENERAL'S OFFICE
                                                     P.O. Box 1789
                                                     Charleston, WV 25326
                                                     304−558−8986
                                                     Email: tanya.l.godfrey@wvago.gov
                                                     *TERMINATED: 09/13/2023*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF WYOMING**               represented by   **Amy Pauli**
*20−3715*                                            WYOMING ATTORNEY GENERAL
                                                     109 State Capitol
                                                     200 West 24th Street
                                                     Cheyenne, WY 82002
                                                     307−777−8240
                                                     Email: amy.pauli@wyo.gov
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF ILLINOIS**              represented by   **Jennifer Marie Coronel**
                                                     ILLINOIS ATTORNEY GENERAL'S
                                                     OFFICE
                                                     100 W. Randolph Street
                                                     Chicago, IL 60601
                                                     312−814−3722
                                                     Email: jennifer.coronel@ilag.gov
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**GOOGLE LLC**                           represented by  **Benjamin Joseph Horwich**
                                                          MUNGER, TOLLES & OLSON LLP
                                                          560 Mission Street
                                                          27th Floor
                                                          San Francisco, CA 94105
                                                          415–512–4066
                                                          Fax: 415–512–4077
                                                          Email: ben.horwich@mto.com
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **John E. Schmidtlein**
                                                          WILLIAMS & CONNOLLY LLP
                                                          680 Maine Avenue, S.W.
                                                          Washington, DC 20024
                                                          202–434–5000
                                                          Email: jschmidtlein@wc.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Justin Paul Raphael**
                                                          MUNGER, TOLLES & OLSON LLP
                                                          560 Mission Street
                                                          27th Floor
                                                          San Francisco, CA 94105
                                                          415–512–4085
                                                          Fax: 415–512–4077
                                                          Email: justin.raphael@mto.com
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Susan A. Creighton**
                                                          WILSON SONSINI GOODRICH &
                                                          ROSATI, PC
                                                          1700 K Street, NW
                                                          5th Floor
                                                          Washington, DC 20006
                                                          202–973–8800
                                                          Email: screighton@wsgr.com
                                                          *TERMINATED: 12/11/2024*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Wendy W.H. Waszmer**
                                                          WILSON SONSINI GOODRICH &
                                                          ROSATI, PC
                                                          1301 Avenue of the Americas
                                                          40th Floor
                                                          New York, NY 10019

212–497–7702
Fax: 212–999–5899
Email: wwaszmer@wsgr.com
*TERMINATED: 05/08/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Philip Maurer**
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
202–434–5282
Email: amaurer@wc.com
*ATTORNEY TO BE NOTICED*

**Anne Johnson Palmer**
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111
415–315–6300
Email: anne.johnsonpalmer@ropesgray.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benjamin M. Greenblum**
WILLIAMS & CONNOLLY LLP
680 Maine Avenue
Washington, DC 20024
202–434–5000
Email: bgreenblum@wc.com
*ATTORNEY TO BE NOTICED*

**Christopher Yeager**
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
202–434–5000
Email: cyeager@wc.com
*ATTORNEY TO BE NOTICED*

**Chul Pak**
WILSON SONSINI GOODRICH & ROSATI
31 West 52nd Street
Ste Fifth Floor
New York, NY 10019–6118
212–497–7726
Email: cpak@wsgr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Colette Connor**

WILLIAMS & CONNOLLY
680 Maine Avenue, S.W.
Washington, DC 20024
202–434–5170
Email: cconnor@wc.com
*ATTORNEY TO BE NOTICED*

**Donald Beaton Verrilli , Jr**
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500E
Washington, DC 20001
202–220–1101
Email: donald.verrilli@mto.com
*ATTORNEY TO BE NOTICED*

**Edward John Bennett**
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
202–434–5083
Fax: 202–434–5029
Email: ebennett@wc.com
*ATTORNEY TO BE NOTICED*

**Franklin M. Rubinstein**
WILSON SONSINI GOODRICH &
ROSATI
1700 K Street, NW
5th Floor
Washington, DC 20012
(202) 973–8800
Email: frubinstein@wsgr.com
*ATTORNEY TO BE NOTICED*

**Gloria K. Maier**
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
202–434–5213
Email: gmaier@wc.com
*ATTORNEY TO BE NOTICED*

**Graham Safty**
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
202–434–5548
Email: gsafty@wc.com
*ATTORNEY TO BE NOTICED*

**Justina Sessions**

FRESHFIELDS US LLP
One Bush St., 17th Floor
San Francisco, CA 94104
650–461–8276
Email: justina.sessions@freshfields.com
*ATTORNEY TO BE NOTICED*

**Kenneth Charles Smurzynski**
WILLIAMS & CONNOLLY
680 Maine Avenue, SW
Washington, DC 20024
202–434–5000
Fax: 202–434–5029
Email: ksmurzynski@wc.com
*ATTORNEY TO BE NOTICED*

**Mark Samuel Popofsky**
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington, DC 20006
(202) 508–4624
Fax: (202) 383–9377
Email: mark.popofsky@ropesgray.com
*ATTORNEY TO BE NOTICED*

**Matthew L McGinnis**
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
617–951–7000
Email: matthew.mcginnis@ropesgray.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Sommer**
WILSON SONSINI GOODRICH &
ROSATI
1301 Avenue of the Americas
40th Floor
New York, NY 10019
212–497–7728
Email: msommer@wsgr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Natalie Peelish**
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
202–434–5000
Email: npeelish@wc.com

45

*TERMINATED: 08/18/2025*
*ATTORNEY TO BE NOTICED*

**Paul B. Gaffney**
WILLIAMS & CONNOLLY
680 Maine Avenue, S.W.
Washington, DC 20024
202–434–5000
Fax: 202–434–5029
Email: pgaffney@wc.com
*ATTORNEY TO BE NOTICED*

**Rachael Racine**
WILSON SONSINI GOODRICH &
ROSATI
31 West 52nd Street
Ste Fifth Floor
New York, NY 10019
212–497–7766
Email: rracine@wsgr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas W. Ryan**
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
202–434–5228
Email: tryan@wc.com
*ATTORNEY TO BE NOTICED*

**Youlin Yuan**
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
202–434–5727
Email: yyuan@wc.com
*TERMINATED: 12/30/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Y COMBINATOR**                          represented by   **Brandon Kressin**
KRESSIN POWERS LLC
400 7th Street NW
Suite 300
Washington, DC 20004
202–464–2905
Email: brandon@kressinpowers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Interested Party**

| | | |
|---|---|---|
| **STATE OF WASHINGTON** | represented by | **Amy Hanson** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Linh K Tran**
WASHINGTON STATE ATTORNEY
GENERAL'S OFFICE
800 5th Avenue
Ste 2000
Seattle, WA 98104
206–389–2075
Email: linh.tran@atg.wa.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

| | | |
|---|---|---|
| **COMCAST CORPORATION** | represented by | **Arthur Joseph Burke** DAVIS POLK & WARDWELL LLP 450 Lexington Avenue New York, NY 10017 (212) 450–4352 Fax: (212) 701–5352 Email: arthur.burke@davispolk.com *LEAD ATTORNEY* *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |

**Christopher Lynch**
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10029
212–450–4000
Email: christopher.lynch@davispolk.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jesse Solomon**
DAVIS POLK & WARDWELL LLP
901 15th Street, NW
Washington, DC 20005
(202) 962–7138
Fax: (202) 962–7096
Email: jesse.solomon@davispolk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**NBCUNIVERSAL MEDIA, LLC**                    represented by    **Arthur Joseph Burke**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Lynch**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jesse Solomon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**SAMSUNG ELECTRONICS**                    represented by    **Alexis Victoria Debernardis**
**AMERICA, INC.**                                              CROWELL & MORING LLP
1001 Pennsylvania Ave, NW
Washington, DC 20004
202−624−2631
Email: adebernardis@crowell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeane A. Thomas**
CROWELL & MORING, L.L.P.
1001 Pennsylvania Avenue, N.W.
1001 Pennsylvania Avenue, NW
Washington, DC 20004−2505
202−624−2877
Email: jthomas@crowell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Juan Arteaga**
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
212−803−4053
Fax: 212−223−4134
Email: jarteaga@crowell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rosa M. Morales**
CROWELL & MORING LLP

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
212–895–4261
Fax: 212–223–4134
Email: rmorales@crowell.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**MICROSOFT CORPORATION**          represented by    **Amisha R. Patel**
ORRICK, HERRINGTON & SUTCLIFFE
LLP
222 Berkeley Street
Suite 2000
Boston, MA 02116
202–339–8457
Email: apatel@orrick.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy Wilkie Ray**
ORRICK, HERRINGTON & SUTCLIFFE
LLP
2100 Pennsylvania Ave, NW
Washington, DC 20037
202–339–8400
Fax: 202–339–8500
Email: amyray@orrick.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia Chapman**
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
215–994–2060
Email: julia.chapman@dechert.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Lloyd Larrabee**
Dechert, LLP
1095 Avenue of The Americas
27th Floor Mailroom
New York, NY 10036
212–698–3671
Email: matthew.larrabee@dechert.com
*LEAD ATTORNEY*
*PRO HAC VICE*

49

*ATTORNEY TO BE NOTICED*

**Russell P. Cohen**
DECHERT, LLP
45 Fremont Street
26th Floor
San Francisco, CA 94105
415–262–4500
Email: russ.cohen@dechert.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Vincent H. Cohen , Jr.**
DECHERT LLP
1900 K Street NW
Washington, DC 20006
202–261–3432
Fax: 202–261–3086
Email: vincent.cohen@dechert.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**GEORGE LOEWENSTEIN**               represented by   **Joseph J. Wardenski**
WARDENSKI P.C.
134 West 29th Street
Suite 709
New York, NY 10001
347–913–3311
Fax: 347–467–7237
Email: joe@wardenskilaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**KLAUS M. SCHMIDT**               represented by   **Joseph J. Wardenski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**PAUL HEIDHUES**               represented by   **Joseph J. Wardenski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**AMERICAN ANTITRUST**               represented by   **Kathleen W. Bradish**
**INSTITUTE**                                      AMERICAN ANTITRUST INSTITUTE

1025 Connecticut Avenue NW
Washington, DC 20036
202–304–0195
Email: kbradish@antitrustinstitute.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**AMERICAN ECONOMIC**
**LIBERTIES PROJECT**
*TERMINATED: 09/08/2023*

represented by  **Katherine Warren Van Dyck**
KVD STRATEGIES PLLC
1717 N Street NW
Ste 1
Washington, DC 20036
202–798–1948
Email: katie@kvdstrategies.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lee Hepner**
2001 Pennsylvania Ave
Suite 540
Washington, DC 20006
949–412–7623
Email: lhepner@economicliberties.us
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**DEMAND PROGRESS**
*TERMINATED: 09/08/2023*

represented by  **Katherine Warren Van Dyck**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**OPEN MARKETS INSTITUTE**
*TERMINATED: 09/08/2023*

represented by  **Katherine Warren Van Dyck**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**REVOLVING DOOR PROJECT**
*TERMINATED: 09/08/2023*

represented by  **Katherine Warren Van Dyck**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**DIGITAL CONTENT NEXT**

represented by  **David C. Kully**
HOLLAND & KNIGHT LLP
800 17th Street NW

Suite 1100
Washington, DC 20006
202–469–5415
Email: david.kully@hklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**BRAD GREENSPAN**          represented by   **BRAD GREENSPAN**
24 A Trolley Square
Wilmington, DE 19809
Email: legalsupport1@nym.hush.com
PRO SE

**Movant**

**ALPHABET WORKERS**          represented by   **Allen Paul Grunes**
**UNION–CWA**                                 BROWNSTEIN HYATT FARBER
SCHRECK, LLP
600 Massachusetts Ave NW, Suite 400
Suite 400
Washington, DC 20001
202–383–5901
Fax: 202–296–7009
Email: agrunes@bhfs.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David B. Meschke**
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
675 15th Street
Suite 2900
Denver, CO 80202
303–223–1219
Fax: 303–223–1111
Email: dmeschke@bhfs.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**CENTER FOR CYBERSECURITY**          represented by   **Elizabeth Rinehart**
**POLICY AND LAW**                                    VENABLE LLP
750 East Pratt Street
Suite 900
Baltimore, MD 21202
410–528–4646
Email: ecrinehart@venable.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**ADMARKETPLACE, INC.**  represented by  **Lauren Marguerite Weinstein**
MOLOLAMKEN LLP
600 New Hampshire Avenue
Suite 500
Washington, DC 20037
202–556–2000
Email: lweinstein@mololamken.com
*TERMINATED: 01/22/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**OPENAI OPCO, LLC**  represented by  **Ashok Ramani**
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Suite 200
Redwood City, CA 94063
650–752–2000
Fax: 650–752–2111
Email: ashok.ramani@davispolk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**ANDREW JAY SCHWARTZMAN**  represented by  **Andrew Jay Schwartzman**
525 9th Street NW      525 9th Street, NW
7th Floor      Suite 7th Floor
5th floor      Washington, DC 20004
Washington, DC 20004      202–241–2408
2022412408      Email: andyschwartzman@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**DUCK DUCK GO, INC.**  represented by  **Megan Gray**
DUCK DUCK GO, INC
20 Paoli Pike
Paoli, PA 19301
(202) 265–2738
Email: megan@duckduckgo.com
*TERMINATED: 09/02/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa H. Maxman**
COHEN & GRESSER, LLP
2001 Pennsylvania Ave, NW
Suite 300
Washington, DC 20006
(202) 851–2071
Fax: (202) 851–8820

Email: mmaxman@cohengresser.com
*ATTORNEY TO BE NOTICED*

**Ronald F. Wick**
COHEN & GRESSER, LLP
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
(202) 851–2070
Fax: (202) 851–2081
Email: rwick@cohengresser.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**MOTOROLA MOBILITY LLC**            represented by    **Anthony Stephen Ferrara**
MCDERMOTT WILL & EMERY
500 North Capitol Street NW
Washington, DC 20001
202–756–8435
Email: aferrara@mwe.com
*ATTORNEY TO BE NOTICED*

**Katharine M. O'Connor**
MCDERMOTT WILL & EMERY
444 W. Lake St.
Chicago, IL 60606
312–984–3627
Email: koconnor@mwe.com
*TERMINATED: 05/30/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marisa Poncia**
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
202–639–6618
Email: rponcia@velaw.com
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Stephen Y. Wu**
MCDERMOTT, WILL & SCHULTE LLP
444 W. Lake Street
Chicago, IL 60606
312–372–2000
Fax: 312–984–7700
Email: swu@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**SAMSUNG ELECTRONICS CO.,**          represented by   **Juan Arteaga**
**LTD.**                                                (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Amicus**

**PET FUND**                          represented by   **PET FUND**
                                                       PRO SE

**Amicus**

**ANTHROPIC PBC**                     represented by   **Paul Alessio Mezzina**
                                                       KING & SPALDING, LLP
                                                       1700 Pennsylvania Ave. NW
                                                       Suite 200
                                                       Washington, DC 20006
                                                       202−626−8972
                                                       Email: pmezzina@kslaw.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Veronica Smith Moye**
                                                       KING & SPALDING LLP
                                                       2601 Olive Street
                                                       Suite 2300
                                                       Dallas, TX 75201
                                                       214−764−4418
                                                       Email: vmoye@kslaw.com
                                                       *LEAD ATTORNEY*
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Benjamin Thomas Lee**
                                                       KING & SPALDING LLP
                                                       2601 Olive Street
                                                       Suite 2300
                                                       Dallas, TX 75201
                                                       214−764−4432
                                                       Email: benjamin.lee@kslaw.com
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Nema Milaninia**
                                                       KING & SPALDING LLP
                                                       1700 Pennsylvania Avenue, NW
                                                       Suite 900
                                                       Washington, DC 20006
                                                       202−626−9273
                                                       Email: nmilaninia@kslaw.com
                                                       *PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Sumon Dantiki**
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, DC 20006
202−626−5591
Email: sdantiki@kslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**CALIFORNIA CRANE SCHOOL**          represented by   **Joseph M. Alioto , Sr**
ALIOTO LAW FIRM
One Sansome Street
35th Floor
San Francisco, CA 94104
415−434−8900
Email: jmalioto@aliotolaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen G. Larson**
LARSON LLP
555 S. Flower Street
Suite 30th Floor
Los Angeles, CA 90071
213−436−4888
Fax: 213−623−2000
Email: slarson@larsonllp.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**NEWS/MEDIA ALLIANCE**          represented by   **Brandon Kressin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**BIPARTISAN FORMER**          represented by   **Ian Simmons**
**ANTITRUST ENFORCERS**          O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383−5300
Fax: (202) 383−5414
Email: isimmons@omm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**AMERICAN ECONOMIC
LIBERTIES PROJECT**

represented by   **Lee Hepner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Catherine S. Simonsen**
AMERICAN ECONOMIC LIBERTIES
PROJECT
2001 Pennsylvania Ave NW
Suite 540
Washington, DC 20006
917–747–5196
Email: csimonsen@economicliberties.us
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**CHAMBER OF PROGRESS**

represented by   **Benjamin G. Bradshaw**
O'MELVENY & MYERS, LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383–5163
Email: bbradshaw@omm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**COMPUTER &
COMMUNICATIONS INDUSTRY
ASSOCIATION**

represented by   **Benjamin G. Bradshaw**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**BRAVE SOFTWARE, INC.**

represented by   **Gary Bornstein**
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
2 Manhattan West
New York, NY 10001
212–474–1000
Email: gbornstein@cravath.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Buretta**
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019

212–474–1000
Email: jburetta@cravath.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew C. Finch**
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
2 Manhattan West
New York, NY 10001
212–474–1000
Email: afinch@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Yonatan Even**
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
New York, NY 10001
212–474–1000
Email: yeven@cravath.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**GREGORY J. WERDEN**          represented by   **GREGORY J. WERDEN**
1029 N. Stuart St.
#310
Arlington, VA 22201
703–527–5128
PRO SE

**Amicus**

**JAMES COOPER**          represented by   **Joseph Charles Folio , III**
*Dr.*                                  MORRISON & FOERSTER LLP
2100 L Street NW
Suite 900
Washington, DC 20037
(202) 887–1500
Fax: (202) 887–0763
Email: jfolio@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa M. Phelan**
MORRISON & FOERSTER LLP
2100 L Street NW
Suite 900
Washington, DC 20037
202–887–1500
Email: lphelan@mofo.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Megan Gerking**
MORRISON & FOERSTER LLP
2100 L Street NW
Suite 900
Washington, DC 20037
202−907−3717
Email: mgerking@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**ANDREW STIVERS**                          represented by    **Joseph Charles Folio , III**
*Dr.*                                                         (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Lisa M. Phelan**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Megan Gerking**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Amicus**

**ACT THE APP ASSOCIATION**                 represented by    **Creighton J. Macy**
                                                             BAKER & MCKENZIE LLP
                                                             815 Connecticut Avenue NW
                                                             Washington, DC 20006−4078
                                                             202−452−7000
                                                             Fax: 202−452−7074
                                                             Email: creighton.macy@bakermckenzie.com
                                                             *LEAD ATTORNEY*
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Graham Robert Cronogue**
                                                             BAKER & MCKENZIE LLP
                                                             815 Connecticut Avenue, NW
                                                             Washington, DC 20006
                                                             202−835−6249
                                                             Fax: 202−416−7249
                                                             Email: graham.cronogue@bakermckenzie.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Kaitlyn Barry**
                                                             BAKER & MCKENZIE

800 Capitol
Suite 2100
Houston, TX 77002
713−427−5011
Email: kaitlyn.barry@bakermckenzie.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark Geoffrey Weiss**
BAKER MCKENZIE LLP
815 Connecticut Ave. NW
Washington, DC 20006
202−835−6260
Email: mark.weiss@bakermckenzie.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**ENGINE ADVOCACY**                    represented by   **Paul Alessio Mezzina**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Amicus**

**TECHNET**                            represented by   **Paul Alessio Mezzina**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Amicus**

**FEDERAL TRADE COMMISSION**           represented by   **Anupama Sawkar**
                                                        FEDERAL TRADE COMMISSION
                                                        600 Pennsylvania Avenue, NW
                                                        Washington, DC 20580
                                                        202−779−6023
                                                        Email: asawkar@ftc.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Amicus**

**CENTER FOR CYBERSECURITY**           represented by   **Elizabeth Rinehart**
**POLICY AND LAW**                                      (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Amicus**

**MOZILLA CORPORATION**                represented by   **Juan Arteaga**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Amicus**

**SCHOLARS OF LAW &**          represented by   **Rebecca S. LeGrand**
**ECONOMICS**                                   LEGRAND LAW PLLC
                                                1100 H Street NW
                                                Suite 1220
                                                Washington, DC 20005
                                                202–587–5725
                                                Email: rebecca@legrandpllc.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*


V.

**Intervenor**

**JON SCHWEPPE**              represented by   **Mark Bailen**
                                                LAW OFFICES OF MARK I BAILEN
                                                1250 Connecticut Avenue, NW
                                                Suite 700
                                                Washington, DC 20036
                                                (202) 656–0422
                                                Fax: (202) 261–3508
                                                Email: mb@bailenlaw.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*


**Intervenor**

**ADAM CANDEUB**              represented by   **Mark Bailen**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*


**Intervenor**

**NEW YORK TIMES COMPANY**    represented by   **Al–Amyn Sumar**
                                                THE NEW YORK TIMES COMPANY
                                                1627 I Street NW
                                                Suite 700
                                                Washington, DC 20006
                                                646–306–4201
                                                Email: al–amyn.sumar@nytimes.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Maya Gandhi**
                                                THE NEW YORK TIMES
                                                Legal Department
                                                620 Eighth Avenue
                                                New York, NY 11201
                                                212–556–1244
                                                Email: mayagandhi519@gmail.com

*TERMINATED: 09/05/2024*
*ATTORNEY TO BE NOTICED*

**Timothy Tai**
THE NEW YORK TIMES COMPANY
620 8th Avenue
New York, NY 10018
212–556–1244
Email: tim.tai@aya.yale.edu
*TERMINATED: 08/08/2025*
*ATTORNEY TO BE NOTICED*

V.

**Non–Party Petitioner**

**AT&T INC.**                             represented by    **Kristen Ceara Limarzi**
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036–4504
202–887–3518
Email: klimarzi@gibsondunn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christian Dibblee**
DOJ
FEDERAL PROGRAMS BRANCH –
Civil Division
1100 L Street, N.W.
Washington, DC 20005
202–353–5980
Email: christian.r.dibblee@usdoj.gov
*TERMINATED: 06/20/2025*
*ATTORNEY TO BE NOTICED*

**Matthew Guice Aiken**
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
319–530–6659
Email: maiken@gibsondunn.com
*TERMINATED: 01/20/2023*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**MICROSOFT CORPORATION**          represented by    **Amy Wilkie Ray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia Chapman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Martin J. Black**
DECHERT LLP
2929 Arch Street
Cira Centre
Philadelphia, PA 19104
215–994–2664
Email: martin.black@dechert.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Allen Robert Davis**
ORRICK, HERRINGTON & SUTCLIFFE
LLP
2100 Pennsylvania Ave, NW
20037
Washington, DC 20037
202–339–8612
Email: allen.davis@orrick.com
*ATTORNEY TO BE NOTICED*

**Caroline Simons**
222 Berkeley Street
Suite 2000
Boston, MA 02116
617–880–1800
Fax: 617–880–1801
Email: csimons@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Haley P. Tynes**
ORRICK, HERRINGTON & SUTCLIFFE
LLP
1152 15th Street, NW
Washington, DC 20005
202–339–8400
Email: HTECF@outlook.com
*TERMINATED: 04/13/2022*

**John A. Jurata , Jr.**
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
202–261–3440
Email: jay.jurata@dechert.com

*ATTORNEY TO BE NOTICED*

**Mark Parris**
ORRICK
401 Union Street, Suite 3300
Seattle, WA 98101
206–839–4300
Email: mparris@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**SONOS, INC.**                  represented by   **John A. Jurata , Jr.**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**ORACLE CORPORATION**            represented by   **John D. Friel**
                                                 CLIFFORD CHANCE US LLP
                                                 Two Manhattan West
                                                 375 9th Avenue
                                                 New York, NY 10001
                                                 212–878–8000
                                                 Fax: 212–878–8375
                                                 Email: john.friel@cliffordchance.com
                                                 *LEAD ATTORNEY*
                                                 *PRO HAC VICE*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Stephen Michael Nickelsburg**
                                                 CLIFFORD CHANCE US LLP
                                                 2001 K Street, NW
                                                 Washington, DC 20006
                                                 (202) 912–5108
                                                 Fax: (202) 912–6000
                                                 Email: steve.nickelsburg@cliffordchance.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**T–MOBILE USA, INC.**            represented by   **Helgard C. Walker**
                                                 GIBSON, DUNN & CRUTCHER, LLP
                                                 1050 Connecticut Avenue, NW
                                                 Suite 300
                                                 Washington, DC 20036–5306
                                                 (202) 887–3599
                                                 Fax: (202) 530–9595
                                                 Email: hwalker@gibsondunn.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

Case 1:20-cv-03010-APM    Document 1487    Filed 02/04/26    Page 65 of 434
USCA Case #26-5049    Document #2157822    Filed: 02/05/2026    Page 65 of 434

65

**Michael Edward Kipling**
WALTERKIPLING PLLC
5608 17th Ave NW # 735
Seattle, WA 98107
206–545–0346
Email: mike@walterkipling.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marjorie A. Walter**
WALTERKIPLING PLLC
5608 17th Ave NW
Ste #735
Seattle, WA 98107
206–545–0347
Email: marjorie@walterkipling.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Russell Balikian**
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036–4504
202–955–8535
Fax: 202–530–9542
Email: rbalikian@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**AMAZON.COM, INC.**                    represented by    **Joshua Lipton**
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
202–955–8226
Email: jlipton@gibsondunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard G. Parker**
MILBANK LLP
1101 New York Avenue, N.W.
Ste 6th Floor
Washington, DC 20005
202–835–7530
Email: rparker@milbank.com
*TERMINATED: 08/10/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**GROUPM WORLDWIDE LLC**                 represented by   **James Donald Sadowski**
GREENSTEIN, DELORME & LUCHS,
PC
801 17th Street, N.W.
Suite 1000
Washington DC, DC 20006
202–452–1400
Fax: 202–452–1410
Email: jds@gdllaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**APPLE, INC.**                 represented by   **Alfred C Pfeiffer , Jr.**
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111–6538
(415) 395–8898
Fax: (415) 395–8095
Email: al.pfeiffer@lw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory G. Garre**
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004–1304
(202) 637–2207
Fax: 202–637–5910
Email: gregory.garre@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia K. York**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371–7146
Email: julia.york@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah M. Ray**
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Franciso, CA 94111
415–391–0600

Fax: 415–395–8095
Email: sarah.ray@lw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven C. Sunshine**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371–7860
Fax: (202) 393–5760
Email: steven.sunshine@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Chiu**
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
415–391–0600
Fax: 415–395–8095
Email: aaron.chiu@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew J. Shanahan**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Manhattan West
New York, NY 10001–8602
202–735–2996
Email: andrew.shanahan@skadden.com
*TERMINATED: 01/23/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ben Harris**
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
212–906–1743
Email: ben.harris@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph M. Rancour**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW

Washington, DC 20005
(202) 371–7532
Email: joseph.rancour@skadden.com
*ATTORNEY TO BE NOTICED*

**Karen Mary Lent**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Manhattan West
New York, NY 10001–8602
212–735–3276
Email: karen.lent@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael A. Lanci**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Manhattan West
New York, NY 10001–8602
212–735–3423
Email: michael.lanci@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter E. Davis**
LATHAM & WATKINS LLP
555 11th St. NW
Suite 1000
Washington, DC 20004–1304
202–637–2273
Email: PDavis@jenner.com
*TERMINATED: 06/30/2025*
*ATTORNEY TO BE NOTICED*

**Ryan J. Travers**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
202–371–7347
Fax: 202–661–8347
Email: ryan.travers@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Elliott Ridgway**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
320 S. Canal Street
47th Floor
Chicago, IL 60606–5707

312–407–0700
Fax: 312–407–0711
Email: karen.zydron@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**CERENCE, INC**                    represented by   **John A. Jurata , Jr.**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**VERIZON**                         represented by   **Judith A. Zahid**
                                                     ZELLE LLP
                                                     555 12th Street
                                                     Suite 1230
                                                     Oakland, CA 94607
                                                     415–693–0700
                                                     Fax: 415–693–0770
                                                     Email: jzahid@zellelaw.com
                                                     *LEAD ATTORNEY*
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Bryant Steven Green**
                                                     ZELLE LLP
                                                     1775 Pennsylvania Ave, NW
                                                     Suite 375
                                                     Washington, DC 20006
                                                     202–899–4119
                                                     Fax: 612–336–9100
                                                     Email: bgreen@zellelaw.com
                                                     *ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**PATRICK CHANG**                   represented by   **Juan Arteaga**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**SAMSUNG NEXT LLC**                represented by   **Juan Arteaga**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**FARMERS GROUP, INC.**             represented by   **Toyja E. Kelley , Sr**
                                                     TROUTMAN PEPPER LOCKE LLP
                                                     701 8th Street, N.W.

Suite 500
Washington, DC 20001
202−220−6939
Fax: 202−315−3878
Email: toyja.kelley@troutman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non−Party Petitioner**

**ADMARKETPLACE, INC.**    represented by    **Lauren Marguerite Weinstein**
(See above for address)
*TERMINATED: 01/22/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harry Larson**
1338 8th St. NW Apt. 601
3n
Washington, DC 20001
917−628−8623
Email: hplarson28@gmail.com
*ATTORNEY TO BE NOTICED*

**Non−Party Petitioner**

**YAHOO! INC.**    represented by    **Anna M Rathbun**
LATHAM & WATKINS LLP
555 11th Street NW
Suite 1000
Washington, DC 20004
202−637−2200
Fax: 202−637−2201
Email: anna.rathbun@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Caitlin Fitzpatrick**
LATHAM & WATKINS LLP
555 11th Street NW
Suite 1000
Washington, DC 20004
202−637−3358
Fax: 202−637−2201
Email: caitlin.fitzpatrick@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Non−Party Respondent**

**BOOKING HOLDINGS INC.**    represented by

**Sara Young Razi**
SIMPSON THACHER & BARTLETT
LLP
900 G Street NW
Washington, DC 20001
(202) 636–5582
Fax: (202) 636–5502
Email: sara.razi@stblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**YELP INC.**                                    represented by    **Douglas J. Dixon**
HUESTON HENNIGAN LLP
620 Newport Center Drive
Suite 1300
Newport Beach, CA 92660
949–226–6741
Fax: 888–773–0898
Email: ddixon@hueston.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellen Kenney**
HUESTON HENNIGAN LLP
523 W. 6th Street
Suite 400
Los Angeles, CA 90014
213–788–4340
Email: ekenney@hueston.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Serine Consolino**
AEGIS LAW GROUP LLP
801 Pennsylvania Ave, NW
Suite 740
Washington, DC 20004
(202) 706–7031
Fax: (202) 737–3330
Email: sconsolino@aegislawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**HOME DEPOT U.S.A., INC.**                      represented by    **Ronan Patrick Doherty**
BONDURANT, MIXSON & ELMORE,
LLP
1201 West Peachtree Street, NW

1201 West Peachtree Street, NW
3900 One Atlantic Center
Atlanta, GA 30309–3417
404–881–4138
Email: doherty@bmelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**PERPLEXITY AI, INC**                    represented by    **Grace Ramirez**
LEWIS & LLEWELLYN
San Francisco
601 Montgomery St
Ste 2000
San Francisco, CA 94111
415–800–0590
Email: gramirez@lewisllewellyn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc Robert Lewis**
LEWIS & LLEWELLYN LLP
601 Montgomery Street
Suite 2000
San Francisco, CA 94111
415–800–0591
Fax: 415–390–2127
Email: mlewis@lewisllewellyn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zachary Christian Flood**
LEWIS & LLEWELLYN LLP
601 Montgomery St.
Suite 2000
94111
San Francisco, CA 94610
628–300–1525
Email: zflood@lewisllewellyn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dana Evans Foster**
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626–3600
Fax: (202) 639–9355
Email: defoster@whitecase.com

*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**OPEN AI, INC.**                                   represented by   **Ashok Ramani**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Serge A. Voronov**
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Suite 200
Redwood City, CA 94063
650–752–2075
Fax: 650–752–3675
Email: serge.voronov@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**NEWS CORP**                                      represented by   **John Thorne**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
202–326–7900
Email: jthorne@kellogghansen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel G. Bird**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7971
Fax: (202) 326–7999
Email: dbird@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Eric Joseph Maier**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
202–326–7923
Email: emaier@kellogghansen.com

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/20/2020 | 1 | COMPLAINT against GOOGLE LLC filed by UNITED STATES OF AMERICA. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(ztnr) (Entered: 10/20/2020) |
| 10/20/2020 | 2 | NOTICE of Appearance by Jesus Manuel Alvarado–Rivera on behalf of UNITED STATES OF AMERICA (Alvarado–Rivera, Jesus) (Entered: 10/20/2020) |
| 10/21/2020 | | Case Assigned to Judge Amit P. Mehta. (zmd) (Entered: 10/21/2020) |
| 10/21/2020 | 3 | SUMMONS (1) Issued Electronically as to GOOGLE LLC. (Attachments: # 1 Notice and Consent) (zmd) (Entered: 10/21/2020) |
| 10/23/2020 | 4 | WAIVER OF SERVICE. GOOGLE LLC waiver sent on 10/20/2020, answer due 12/19/2020. (Alvarado–Rivera, Jesus) (Entered: 10/23/2020) |
| 10/23/2020 | 5 | NOTICE of Appearance by John E. Schmidtlein on behalf of GOOGLE LLC (Schmidtlein, John) (Entered: 10/23/2020) |
| 10/23/2020 | 6 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by GOOGLE LLC (Schmidtlein, John) (Entered: 10/23/2020) |
| 10/23/2020 | 7 | NOTICE of Appearance by Benjamin M. Greenblum on behalf of GOOGLE LLC (Greenblum, Benjamin) (Entered: 10/23/2020) |
| 10/26/2020 | 8 | NOTICE of Appearance by Mark Samuel Popofsky on behalf of GOOGLE LLC (Popofsky, Mark) (Entered: 10/26/2020) |
| 10/26/2020 | | MINUTE ORDER. The parties shall appear for a telephonic status hearing on October 30, 2020, at 10:00 a.m. The courtroom deputy shall circulate dial–in information. Members of the public or media may access the hearing by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. The public access line will be muted and should only be used by non–participating parties. Signed by Judge Amit P. Mehta on 10/26/2020. (lcapm2) (Entered: 10/26/2020) |
| 10/26/2020 | | Set/Reset Hearings: Telephonic Status Conference set for 10/30/2020 at 10:00 AM Judge Amit P. Mehta. (zjd) (Entered: 10/27/2020) |
| 10/27/2020 | 9 | NOTICE of Appearance by Franklin M. Rubinstein on behalf of All Defendants (Rubinstein, Franklin) (Entered: 10/27/2020) |
| 10/27/2020 | 10 | NOTICE of Appearance by Ryan M. Sandrock on behalf of UNITED STATES OF AMERICA (Sandrock, Ryan) (Entered: 10/27/2020) |
| 10/28/2020 | 11 | NOTICE of Appearance by Elizabeth Skjelborg Jensen on behalf of UNITED STATES OF AMERICA (Jensen, Elizabeth) (Entered: 10/28/2020) |
| 10/29/2020 | 12 | NOTICE of Appearance by Chaim Alexander Cohen on behalf of UNITED STATES OF AMERICA (Cohen, Chaim) (Main Document 12 replaced on 10/29/2020) (zeg). (Entered: 10/29/2020) |
| 10/29/2020 | 13 | NOTICE of Appearance by Justin Clark on behalf of COMMONWEALTH OF KENTUCKY (Clark, Justin) (Entered: 10/29/2020) |

| 10/29/2020 | 14 | NOTICE of Appearance by Kimberley G. Biagioli on behalf of STATE OF MISSOURI (Biagioli, Kimberley) (Entered: 10/29/2020) |
|---|---|---|
| 10/30/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via teleconference on 10/30/2020. Joint Status Report due by 11/6/2020. Defendant's Notice due by 11/13/2020. Rule 26(a)(1) Initial Disclosures due by 11/20/2020. Status Conference set for 11/18/2020 at 11:30 AM via teleconference before Judge Amit P. Mehta. The courtroom deputy will circulate dial–in information to counsel. Members of the public or media may access the hearing by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. The public access line will be muted and should only be used by non–participating parties. (Court Reporter: William Zaremba) (zjd) (Entered: 10/30/2020) |
| 10/30/2020 | 15 | NOTICE of Appearance by Matthew Alan Michaloski on behalf of STATE OF INDIANA (Michaloski, Matthew) (Entered: 10/30/2020) |
| 10/30/2020 | 16 | NOTICE of Appearance by Scott Leroy Barnhart on behalf of STATE OF INDIANA (Barnhart, Scott) (Entered: 10/30/2020) |
| 10/30/2020 | | MINUTE ORDER setting the following schedule for further proceedings in this matter: (1) the parties shall file a Joint Status Report on or before November 6, 2020, which updates the court on the status of a protective order; (2) Defendant shall notify the court on or before November 13, 2020, of how it intends to respond to 1 the Complaint; (3) the parties shall appear for a telephonic status hearing on November 18, 2020, at 11:30 a.m.; and (4) the parties shall exchange their initial disclosures, as required under Rule 26(a)(1), on or before November 20, 2020. Initial disclosures shall be for attorneys' eyes only unless and until a protective order is in place or the court orders otherwise. Signed by Judge Amit P. Mehta on 10/30/2020. (lcapm2) (Entered: 10/30/2020) |
| 10/30/2020 | 17 | NOTICE of Appearance by Bret Fulkerson on behalf of STATE OF TEXAS (Fulkerson, Bret) (Entered: 10/30/2020) |
| 10/30/2020 | 18 | NOTICE of Appearance by Kim Van Winkle on behalf of STATE OF TEXAS (Van Winkle, Kim) (Entered: 10/30/2020) |
| 10/30/2020 | 19 | NOTICE of Appearance by Kelsey Paine on behalf of STATE OF TEXAS (Paine, Kelsey) (Entered: 10/30/2020) |
| 11/02/2020 | 20 | NOTICE of Appearance by Rebecca McCormack Hartner on behalf of STATE OF SOUTH CAROLINA (Hartner, Rebecca) (Entered: 11/02/2020) |
| 11/02/2020 | 21 | NOTICE of Appearance by Mark W Mattioli on behalf of STATE OF MONTANA (Mattioli, Mark) (Entered: 11/02/2020) |
| 11/04/2020 | 22 | NOTICE of Appearance by R. S. Palmer on behalf of STATE OF FLORIDA (Palmer, R.) (Main Document 22 replaced on 11/5/2020) (zeg). (Entered: 11/04/2020) |
| 11/05/2020 | 23 | NOTICE of Appearance by Michael Glenn McLellan on behalf of UNITED STATES OF AMERICA (McLellan, Michael) (Entered: 11/05/2020) |
| 11/06/2020 | 24 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/06/2020) |

| 11/09/2020 | | MINUTE ORDER. Upon consideration of the parties' 24 Joint Status Report, the parties are directed to submit position statements outlining their respective positions on the disputed terms of a protective order, not to exceed ten pages, on or before November 13, 2020. Third parties wishing to be heard on the disputed terms of the protective order may also submit position statements, not to exceed seven pages, on or before November 13, 2020. Signed by Judge Amit P. Mehta on 11/9/2020. (lcapm2) (Entered: 11/09/2020) |
|---|---|---|
| 11/09/2020 | | Set/Reset Deadlines: Position Statements due by 11/13/2020. (zjd) (Entered: 11/09/2020) |
| 11/09/2020 | 32 | NOTICE pursuant to R.P.J.P.M.L. 4.l(b) of PLAINTIFF'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407. by J. JACKSON PAIGE (zrdj) (Entered: 11/13/2020) |
| 11/10/2020 | 25 | NOTICE of Appearance by Erica S Sullivan on behalf of STATE OF INDIANA (Sullivan, Erica) (Entered: 11/10/2020) |
| 11/11/2020 | 26 | NOTICE of Appearance by Matthew Guice Aiken on behalf of AT&T INC. (Aiken, Matthew) (Entered: 11/11/2020) |
| 11/11/2020 | 27 | NOTICE of Appearance by Amy Wilkie Ray on behalf of MICROSOFT CORPORATION (Ray, Amy) (Entered: 11/11/2020) |
| 11/11/2020 | 28 | Joint MOTION for Extension of Time to *File Position Statements on Protective Order* by AT&T INC. (Aiken, Matthew) (Entered: 11/11/2020) |
| 11/11/2020 | 29 | NOTICE of Appearance by John A. Jurata, Jr on behalf of Sonos, Inc. (Jurata, John) (Entered: 11/11/2020) |
| 11/11/2020 | 30 | NOTICE of Appearance by Stephen Michael Nickelsburg on behalf of ORACLE CORPORATION, ORACLE CORPORATION (Nickelsburg, Stephen) (Entered: 11/11/2020) |
| 11/11/2020 | | MINUTE ORDER granting Non−Parties' Request for Additional Time to File Position Statements on the Protective Order, ECF No. 28 . Any non−party wishing to make its views known with respect to the proposed protective order shall make its filing by November 20, 2020. Such filing shall be no more than seven, double−spaced pages. Neither the parties nor the third parties need include hyperlinks in their submissions. Signed by Judge Amit P. Mehta on 11/11/2020. (lcapm2) (Entered: 11/11/2020) |
| 11/11/2020 | | Set/Reset Deadlines: Non−Party Position Statements due by 11/20/2020. (zjd) (Entered: 11/12/2020) |
| 11/12/2020 | 31 | TRANSCRIPT OF STATUS CONFERENCE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on October 30, 2020; Page Numbers: 1−44. Date of Issuance: November 12, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/3/2020. Redacted Transcript Deadline set for 12/13/2020. Release of Transcript Restriction set for 2/10/2021.(wz) (Entered: 11/12/2020) |
| 11/13/2020 | 33 | SUPPLEMENTAL MEMORANDUM by GOOGLE LLC. (Attachments: # 1 Exhibit Ex. A Proposed Protective Order)(Schmidtlein, John) Modified event title on 11/17/2020 (znmw). (Entered: 11/13/2020) |
| 11/13/2020 | 34 | SUPPLEMENTAL MEMORANDUM to *Status Report* filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Proposed Protective Order, # 2 Exhibit Comparison of Parties' Proposals)(Dintzer, Kenneth) (Entered: 11/13/2020) |
| 11/16/2020 | 35 | NOTICE of Appearance by Helgi C. Walker on behalf of T–MOBILE USA, INC. (Walker, Helgi) (Entered: 11/16/2020) |
| 11/16/2020 | 36 | NOTICE of Appearance by Russell Balikian on behalf of T–MOBILE USA, INC. (Balikian, Russell) (Entered: 11/16/2020) |
| 11/17/2020 | 37 | NOTICE of Appearance by Megan Gray on behalf of Duck Duck Go, Inc. (Gray, Megan) Modified on 11/17/2020 (zjd). (Entered: 11/17/2020) |
| 11/17/2020 | 38 | NOTICE of Appearance by Melissa H. Maxman on behalf of DUCK DUCK GO, INC. (Maxman, Melissa) (Entered: 11/17/2020) |
| 11/17/2020 | 39 | NOTICE of Appearance by Ronald F. Wick on behalf of DUCK DUCK GO, INC. (Wick, Ronald) (Entered: 11/17/2020) |
| 11/17/2020 | 40 | NOTICE of Appearance by Richard G. Parker on behalf of AMAZON.COM, INC. (Parker, Richard) (Entered: 11/17/2020) |
| 11/17/2020 | 41 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Marjorie A. Walter, Filing fee $ 100, receipt number ADCDC–7847350. Fee Status: Fee Paid. by T–MOBILE USA, INC. (Attachments: # 1 Declaration of Marjorie A. Walter, # 2 Text of Proposed Order)(Walker, Helgi) (Entered: 11/17/2020) |
| 11/17/2020 | 42 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael E. Kipling, Filing fee $ 100, receipt number ADCDC–7847414. Fee Status: Fee Paid. by T–MOBILE USA, INC. (Attachments: # 1 Declaration of Michael E. Kipling, # 2 Text of Proposed Order)(Walker, Helgi) (Entered: 11/17/2020) |
| 11/18/2020 | | MINUTE ORDER granting 41 Motion for Leave to Appear Pro Hac Vice. Attorney Marjorie A. Walter is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).**Click here for instructions Signed by Judge Amit P. Mehta on 11/18/2020. (lcapm2) Modified on 11/20/2020 (zjd). (Entered: 11/18/2020) |
| 11/18/2020 | | MINUTE ORDER granting 42 Motion for Leave to Appear Pro Hac Vice. Attorney Michael E. Kipling is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).**Click here for instructions Signed by Judge Amit P. Mehta on |

| | | |
|---|---|---|
| | | 11/18/2020. (lcapm2) Modified on 11/20/2020 (zjd). (Entered: 11/18/2020) |
| 11/18/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 11/18/2020 via teleconference. Modified Rule 16.3 Statement due by 12/11/2020. Telephonic Status Conferences set for 12/2/2020 at 11:00 AM and 12/18/2020 at 11:00 AM before Judge Amit P. Mehta. The courtroom deputy will circulate dial−in information to counsel. Members of the public or media may access the hearing by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. The public access line will be muted and should only be used by non−participating parties. (Court Reporter: William Zaremba) (zjd) (Entered: 11/18/2020) |
| 11/18/2020 | | MINUTE ORDER entering the following schedule, as discussed at the November 18, 2020 telephonic status hearing: (1) the parties shall appear for a telephonic status hearing to discuss the pending protective order on December 2, 2020, at 11:00 a.m.; (2) the parties shall meet and confer in accordance with Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3, and submit a joint statement that includes proposals for a case management order on or before December 11, 2020; and (3) the parties shall appear for a telephonic status hearing to resolve any disputes raised in the parties' statement and to set a schedule for further proceedings in this matter on December 18, 2020, at 11:00 a.m. Signed by Judge Amit P. Mehta on 11/18/2020. (lcapm2) (Entered: 11/18/2020) |
| 11/19/2020 | 43 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− John D. Friel, Filing fee $ 100, receipt number ADCDC−7855120. Fee Status: Fee Paid. by ORACLE CORPORATION (Attachments: # 1 Declaration of John D. Friel, # 2 Text of Proposed Order)(Nickelsburg, Stephen) (Entered: 11/19/2020) |
| 11/19/2020 | 44 | NOTICE of Appearance by James Donald Sadowski on behalf of GroupM Worldwide LLC (Sadowski, James) (Entered: 11/19/2020) |
| 11/19/2020 | | MINUTE ORDER granting 43 Motion for Leave to Appear Pro Hac Vice. Attorney John D. Friel is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).**Click here for instructions Signed by Judge Amit P. Mehta on 11/19/2020. (lcapm2) Modified on 11/20/2020 (zjd). (Entered: 11/19/2020) |
| 11/20/2020 | 45 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Kristen C. Limarzi, Filing fee $ 100, receipt number ADCDC−7861480. Fee Status: Fee Paid. by AT&T INC. (Attachments: # 1 Declaration of Kristen C. Limarzi, # 2 Text of Proposed Order)(Aiken, Matthew) (Entered: 11/20/2020) |
| 11/20/2020 | 46 | NOTICE of Appearance by Steven C. Sunshine on behalf of APPLE INC. (Sunshine, Steven) (Entered: 11/20/2020) |
| 11/20/2020 | 47 | NOTICE *(Non−Party Apple Inc.'s Position Statement on Protective Order)* by APPLE INC. re Order on Motion for Extension of Time to, (Sunshine, Steven) (Entered: 11/20/2020) |
| 11/20/2020 | 48 | NOTICE of Appearance by Joseph M. Rancour on behalf of APPLE INC. (Rancour, Joseph) (Entered: 11/20/2020) |
| 11/20/2020 | | MINUTE ORDER granting 45 Motion for Leave to Appear Pro Hac Vice. Attorney Kristen C. Limarzi is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant** |

| | | |
|---|---|---|
| | | **to LCrR 44.5(a).**Click here for instructions Signed by Judge Amit P. Mehta on 11/20/2020. (lcapm2) Modified on 11/20/2020 (zjd). (Entered: 11/20/2020) |
| 11/20/2020 | 49 | NOTICE of Appearance by Elisabeth Hart Pepper Martin on behalf of STATE OF MISSISSIPPI (Martin, Elisabeth) (Main Document 49 replaced on 11/20/2020) (zeg). (Entered: 11/20/2020) |
| 11/20/2020 | 50 | NOTICE *Non−Parties' Position Statement on the Protective Order* by AT&T INC. (Aiken, Matthew) (Entered: 11/20/2020) |
| 11/20/2020 | 51 | NOTICE *of Non−Party Position Statement Regarding the Proposed Protective Order* by GROUPM WORLDWIDE LLC re 34 Supplemental Memorandum (Sadowski, James) (Entered: 11/20/2020) |
| 11/20/2020 | 52 | NOTICE *Non−Party DuckDuckGo's Position Statement on Protective Order* by DUCK DUCK GO, INC. (Gray, Megan) (Entered: 11/20/2020) |
| 11/20/2020 | 53 | NOTICE of Appearance by Kristen Ceara Limarzi on behalf of AT&T INC. (Limarzi, Kristen) (Entered: 11/20/2020) |
| 11/23/2020 | 54 | NOTICE of Supplemental Information re MDL No. 2981 by J. JACKSON PAIGE (zrdj) (Entered: 11/25/2020) |
| 11/25/2020 | 55 | MOTION for Leave to File *Reply Submission in Support of Protective Order* by GOOGLE LLC (Attachments: # 1 Reply in Support of PO, # 2 Exhibit 1 Danaye−Elmi Declaration, # 3 Exhibit 2 Kollios Declaration, # 4 Text of Proposed Order)(Schmidtlein, John) (Entered: 11/25/2020) |
| 12/01/2020 | 56 | TRANSCRIPT OF STATUS CONFERENCE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on November 18, 2020; Page Numbers: 1−40. Date of Issuance: December 1, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form <br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter. <br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br>Redaction Request due 12/22/2020. Redacted Transcript Deadline set for 1/1/2021. Release of Transcript Restriction set for 3/1/2021.(wz) (Entered: 12/01/2020) |
| 12/01/2020 | | MINUTE ORDER granting 55 Defendant's Motion for Leave to File Reply Submission Regarding Proposed Protective Order. Signed by Judge Amit P. Mehta on 12/1/2020. (lcapm2) (Entered: 12/01/2020) |
| 12/01/2020 | 57 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Marjorie A. Walter on behalf of T–MOBILE USA, INC. (Walter, Marjorie) (Entered: 12/01/2020) |
| 12/01/2020 | 58 | NOTICE of Appearance by Michael Edward Kipling on behalf of T–MOBILE USA, INC. (Kipling, Michael) (Entered: 12/01/2020) |
| 12/01/2020 | 59 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Arthur J. Burke, Fee Status: No Fee Paid. by COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC (Attachments: # 1 Declaration of Arthur J. Burke, # 2 Text of Proposed Order)(Solomon, Jesse) (Entered: 12/01/2020) |
| 12/01/2020 | 60 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Christopher Lynch, Fee Status: No Fee Paid. by NBCUNIVERSAL MEDIA, LLC (Attachments: # 1 Declaration of Christopher Lynch, # 2 Text of Proposed Order)(Solomon, Jesse) (Entered: 12/01/2020) |
| 12/01/2020 | | MINUTE ORDER. The court denies 59 Motion for Leave to Appear Pro Hac Vice without prejudice. Counsel has not paid the $100 fee required by Local Civil Rule 83.2(d). Once the payment is confirmed, the court will reconsider the motion. Signed by Judge Amit P. Mehta on 12/1/2020. (lcapm2) (Entered: 12/01/2020) |
| 12/01/2020 | | MINUTE ORDER. The court denies 60 Motion for Leave to Appear Pro Hac Vice without prejudice. Counsel has not paid the $100 fee required by Local Civil Rule 83.2(d). Once the payment is confirmed, the court will reconsider the motion. Signed by Judge Amit P. Mehta on 12/1/2020. (lcapm2) (Entered: 12/01/2020) |
| 12/01/2020 | 61 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Arthur J. Burke, Filing fee $ 100, receipt number ADCDC–7902315. Fee Status: Fee Paid. by COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC (Attachments: # 1 Declaration of Arthur J. Burke, # 2 Text of Proposed Order)(Solomon, Jesse) (Entered: 12/01/2020) |
| 12/01/2020 | 62 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Christopher Lynch, Filing fee $ 100, receipt number ADCDC–7902398. Fee Status: Fee Paid. by COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC (Attachments: # 1 Declaration of Christopher Lynch, # 2 Text of Proposed Order)(Solomon, Jesse) (Entered: 12/01/2020) |
| 12/01/2020 | | MINUTE ORDER granting 61 Motion for Leave to Appear Pro Hac Vice. Attorney Arthur J. Burke is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/1/2020. (lcapm2) (Entered: 12/01/2020) |
| 12/01/2020 | | MINUTE ORDER granting 62 Motion for Leave to Appear Pro Hac Vice. Attorney Christopher Lynch is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/1/2020. (lcapm2) (Entered: 12/01/2020) |
| 12/01/2020 | 63 | REPLY Submission in Support of Protective Order filed by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(eg) (Entered: 12/02/2020) |
| 12/02/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 12/2/2020 via teleconference. Revised Proposed Protective Order due by 12/14/2020. Third–Party Submission(s) due by 12/15/2020. (Court Reporter: |

| | | William Zaremba) (zjd) (Entered: 12/02/2020) |
|---|---|---|
| 12/02/2020 | 64 | NOTICE of Appearance by Arthur Joseph Burke on behalf of COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC (Burke, Arthur) (Entered: 12/02/2020) |
| 12/02/2020 | 65 | NOTICE of Appearance by Christopher Lynch on behalf of COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC (Lynch, Christopher) (Entered: 12/02/2020) |
| 12/04/2020 | 66 | TRANSCRIPT OF STATUS CONFERENCE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on December 2, 2020; Page Numbers: 1–72. Date of Issuance: December 4, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal o r purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/25/2020. Redacted Transcript Deadline set for 1/4/2021. Release of Transcript Restriction set for 3/4/2021.(wz) (Entered: 12/04/2020) |
| 12/04/2020 | 67 | NOTICE of Appearance by John D. Friel on behalf of ORACLE CORPORATION (Friel, John) (Entered: 12/04/2020) |
| 12/09/2020 | 68 | NOTICE of Appearance by Colette Connor on behalf of GOOGLE LLC (Connor, Colette) (Entered: 12/09/2020) |
| 12/11/2020 | 69 | MOTION for Joinder *of Prospective Plaintiff State of California as Plaintiff* by STATE OF CALIFORNIA, STATE OF CALIFORNIA (Attachments: # 1 Exhibit Proposed Order Granting State of California's Motion for Joinder as Plaintiff)(McCauley, Ryan) (Entered: 12/11/2020) |
| 12/11/2020 | | MINUTE ORDER. Defendant Google LLC shall respond to State of California's motion for joinder, ECF No. 69 , by no later than December 18, 2020. Signed by Judge Amit P. Mehta on 12/11/2020. (lcapm2) (Entered: 12/11/2020) |
| 12/11/2020 | 70 | MEET AND CONFER STATEMENT. (Attachments: # 1 Exhibit Proposed ESI Order, # 2 Exhibit Proposed CMO Order)(Alvarado–Rivera, Jesus) (Entered: 12/11/2020) |
| 12/11/2020 | | Set/Reset Deadlines: Response due by 12/18/2020. (zjd) (Entered: 12/14/2020) |
| 12/14/2020 | 71 | NOTICE of Appearance by Susan A. Creighton on behalf of GOOGLE LLC (Creighton, Susan) (Entered: 12/14/2020) |

| 12/14/2020 | 72 | STATUS REPORT. (Attachments: # 1 Exhibit Stipulated Protective Order)(Alvarado–Rivera, Jesus) Modified event title on 12/16/2020 (znmw). (Entered: 12/14/2020) |
|---|---|---|
| 12/14/2020 | 80 | NOTICE of Appearance and Reply Memorandum filed in MDL 2981 by J. JACKSON PAIGE (Attachments: # 1 Reply Memorandum, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Proof of Service)(eg) Modified filing party on 12/21/2020 (zjd). (Entered: 12/18/2020) |
| 12/15/2020 | 73 | NOTICE *Non–Parties' Position Statement on the Parties' Stipulated Protective Order* by AT&T INC. re 72 Meet and Confer Statement (Limarzi, Kristen) (Entered: 12/15/2020) |
| 12/17/2020 | 74 | NOTICE of Appearance by Gwendolyn Jean Cooley on behalf of WISCONSIN, STATE OF (Attachments: # 1 Certificate of Service Certificate of Service)(Cooley, Gwendolyn) (Entered: 12/17/2020) |
| 12/17/2020 | 75 | MOTION for Joinder *Prospective Plaintiff States of Wisconsin and Michigan for Joinder as Plaintiffs in the Instant Action* by WISCONSIN, STATE OF (Attachments: # 1 Memorandum in Support Prospective Plaintiff States of Wisconsin and Michigans Memorandum of Law in Support of Motion for Joinder as Plaintiffs, # 2 Text of Proposed Order [Proposed] Order Granting Moving Parties States of Wisconsin and Michigans Motion for Joinder, # 3 Certificate of Service Certificate of Service)(Cooley, Gwendolyn) (Entered: 12/17/2020) |
| 12/17/2020 | 76 | NOTICE of Appearance by Paula L. Blizzard on behalf of STATE OF CALIFORNIA (Blizzard, Paula) (Entered: 12/17/2020) |
| 12/17/2020 | 77 | NOTICE of Appearance by Wisam Naoum on behalf of STATE OF MICHIGAN (Naoum, Wisam) (Entered: 12/17/2020) |
| 12/17/2020 | 78 | NOTICE of Appearance by Jeremy Michael Purkey Goldstein on behalf of UNITED STATES OF AMERICA (Goldstein, Jeremy Michael) (Entered: 12/17/2020) |
| 12/17/2020 | 79 | RESPONSE re 69 MOTION for Joinder *of Prospective Plaintiff State of California as Plaintiff*, 75 MOTION for Joinder *Prospective Plaintiff States of Wisconsin and Michigan for Joinder as Plaintiffs in the Instant Action* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 12/17/2020) |
| 12/18/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 12/18/2020 via teleconference. Submission due by 1/19/2021. Initial Disclosures due by 1/20/2021. Status Conference set for 1/21/2021 at 11:00 AM via teleconference before Judge Amit P. Mehta. The courtroom deputy will circulate dial–in information to counsel of record. Members of the public or media may access the hearing by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. The public access line will be muted and should only be used by non–participating parties. Jury Trial set for 9/12/2023 at 09:30 AM in Courtroom 10 before Judge Amit P. Mehta. (Court Reporter: William Zaremba) (zjd) (Entered: 12/18/2020) |
| 12/18/2020 | | MINUTE ORDER. Pursuant to the telephonic status conference held on December 18, 2020, the court sets the following schedule for further proceedings in this matter: (1) the parties shall submit amended versions of the Proposed Protective Order and Case Management Order to chambers by 12:00 p.m. on December 21, 2020; and (2) |

| | | |
|---|---|---|
| | | the parties shall appear for a telephonic status conference on January 21, 2021, at 11:00 a.m. Signed by Judge Amit P. Mehta on 12/18/2020. (lcapm2) (Entered: 12/18/2020) |
| 12/18/2020 | 81 | NOTICE of Appearance by Johnathan R Carter on behalf of STATE OF ARKANSAS (Carter, Johnathan) (Entered: 12/18/2020) |
| 12/18/2020 | 82 | NOTICE of Appearance by Brian Wang on behalf of STATE OF CALIFORNIA (Wang, Brian) (Entered: 12/18/2020) |
| 12/18/2020 | | MINUTE ORDER. Pursuant to Fed. R. Civ. P. 24(b)(1)(B), the motions to intervene filed by the states of California, Wisconsin, and Michigan, ECF Nos. 69 and 75 , are hereby granted. Plaintiffs shall file an amended complaint incorporating the amendments detailed in the intervening states' motions on or before the deadline for amending the pleadings. Signed by Judge Amit P. Mehta on 12/18/2020. (lcapm2) (Entered: 12/18/2020) |
| 12/18/2020 | 83 | NOTICE of Appearance by Adam Miller on behalf of STATE OF CALIFORNIA (Miller, Adam) (Entered: 12/18/2020) |
| 12/21/2020 | 84 | ORDER entering Stipulated Protective Order. Please see the attached Order for additional details. Signed by Judge Amit P. Mehta on 12/21/2020. (lcapm2) (Entered: 12/21/2020) |
| 12/21/2020 | 85 | CASE MANAGEMENT AND SCHEDULING ORDER. Please see the attached Order for additional details. Signed by Judge Amit P. Mehta on 12/21/2020. (lcapm2) (Entered: 12/21/2020) |
| 12/21/2020 | 86 | STIPULATION AND ORDER regarding discovery procedure. Please see the attached Order for additional details. Signed by Judge Amit P. Mehta on 12/21/2020. (lcapm2) (Entered: 12/21/2020) |
| 12/21/2020 | 87 | ANSWER to 1 Complaint by GOOGLE LLC.(Schmidtlein, John) (Entered: 12/21/2020) |
| 12/22/2020 | 88 | TRANSCRIPT OF STATUS CONFERENCE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on December 18, 2020; Page Numbers: 1–82. Date of Issuance: December 22, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 1/12/2021. Redacted Transcript Deadline set for 1/22/2021. Release of Transcript Restriction set for 3/22/2021.(wz) (Entered: 12/22/2020) |
| 12/29/2020 | | Set/Reset Deadlines: Amended Complaint, Amended Pleadings, and Joinder of Parties due by 1/15/2021. Fact Discovery shall conclude on 3/22/2022. Opening Expert Disclosures due by 4/21/2022. Rebuttal Expert Reports due by 6/20/2022. Reply Expert Reports due by 8/9/2022. Expert Discovery shall conclude on 9/23/2022. Motions for Summary Judgment and Daubert Motions due by 10/24/2022. Oppositions due by 12/8/2022. Replies due by 1/9/2023. Motions in Limine due by 8/1/2023. Oppositions due by 8/15/2023. Joint Submission due by 8/22/2023. This docket entry serves to enter deadlines into the CM/ECF database. Please refer to the 85 Scheduling and Case Management Order for full details. (zjd) (Entered: 12/29/2020) |
| 01/07/2021 | | Cases Consolidated. Case 20−3715 has been consolidated with case 20−3010, pursuant to an Order entered 01/07/2021. From this date forward, all pleadings should be filed in lead case 20−3010. Parties are advised NOT to elect the spread text option when filing in ECF. (eg) (Entered: 01/13/2021) |
| 01/08/2021 | 89 | NOTICE OF DISCLOSURE. See the attached Notice for additional details. Signed by Judge Amit P. Mehta on 1/8/2021. (lcapm2) (Entered: 01/08/2021) |
| 01/08/2021 | 90 | NOTICE *Regarding Rule 12 Motion* by GOOGLE LLC (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 01/08/2021) |
| 01/11/2021 | 91 | NOTICE of Appearance by Amy Hanson on behalf of STATE OF WASHINGTON (Hanson, Amy) (Entered: 01/11/2021) |
| 01/14/2021 | 92 | ENTERED IN ERROR.....NOTICE of Appearance by Lee Istrail on behalf of STATE OF FLORIDA (Istrail, Lee) (Main Document 92 replaced on 1/15/2021) (zeg). Modified on 1/15/2021 (eg). (Entered: 01/14/2021) |
| 01/14/2021 | 93 | ORDER. Please see the attached Standing Order No. 21−3, signed by Chief Judge Beryl A. Howell, In Re: Procedures for the Filing, Service, and Management of Highly Sensitive Documents. (zjd) (Entered: 01/14/2021) |
| 01/15/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: re 92 Notice of Appearance was entered in error and counsel was instructed to refile said pleading with correct case information. (eg) (Entered: 01/15/2021) |
| 01/15/2021 | 94 | AMENDED COMPLAINT against GOOGLE LLC filed by STATE OF LOUISIANA, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, STATE OF MICHIGAN, STATE OF ARKANSAS, UNITED STATES OF AMERICA, STATE OF WISCONSIN, STATE OF CALIFORNIA, COMMONWEALTH OF KENTUCKY, STATE OF FLORIDA, STATE OF MISSOURI, STATE OF MISSISSIPPI, STATE OF GEORGIA, STATE OF INDIANA.(Alvarado−Rivera, Jesus) (Entered: 01/15/2021) |
| 01/15/2021 | 95 | NOTICE *AMENDED COMPLAINT* by COMMONWEALTH OF KENTUCKY, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, STATE OF WISCONSIN, UNITED STATES OF AMERICA (Alvarado−Rivera, Jesus) (Entered: 01/15/2021) |

| | | |
|---|---|---|
| 01/19/2021 | 96 | Joint STATUS REPORT by STATE OF COLORADO. (Attachments: # 1 Exhibit Exhibit 1 Stipulated Protective Order_, # 2 Exhibit Exhibit 2 Stipulation and Order Regarding Discovery Procedure)(Sallet, Jonathan) (Entered: 01/19/2021) |
| 01/21/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 1/21/2021 via teleconference. Status Conferences set for 2/25/2021 at 11:00 AM via teleconference, 3/30/2021 at 11:00 AM in Courtroom 10, and 4/30/2021 at 11:00 AM in Courtroom 10 before Judge Amit P. Mehta. The courtroom deputy will circulate dial−in information to counsel of record for the teleconference hearing. Members of the public may access the teleconference hearing by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. The public access line will be muted and should only be used by non−participating parties. (Court Reporter: William Zaremba) (zjd) (Entered: 01/21/2021) |
| 01/21/2021 | 97 | NOTICE of Appearance by Parrell D. Grossman on behalf of STATE OF NORTH DAKOTA (Grossman, Parrell) (Main Document 97 replaced on 1/22/2021) (zeg). (Entered: 01/21/2021) |
| 01/21/2021 | 98 | ORDER entering Stipulated Protective Order. This Order supersedes the 84 Stipulated Protective Order entered on December 21, 2020. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 1/21/2021. (lcapm2) (Entered: 01/21/2021) |
| 01/21/2021 | 99 | STIPULATION AND ORDER regarding discovery procedure. This Order supersedes the 86 Stipulation and Order entered on December 21, 2020. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 1/21/2021. (lcapm2) (Entered: 01/21/2021) |
| 01/21/2021 | | MINUTE ORDER setting a schedule for further proceedings in this consolidated matter. The State Plaintiffs in State of Colorado v. Google, shall begin making their initial production of the investigative file, as set forth in paragraph 7 of the Case Management Order, by no later than February 4, 2021. Furthermore, the parties in the Colorado matter shall file a supplemental Joint Status Report regarding a modified Case Management Order on or before January 27, 2021. The parties shall appear for telephonic status conferences on the following dates: February 25, 2021, at 11:00 a.m.; March 30, 2021, at 11:00 a.m.; and April 30, 2021, at 11:00 a.m. The courtroom deputy will circulate dial−in information. Members of the public may access the conference by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. The public access line will be muted and should only be used by non−participating parties. Signed by Judge Amit P. Mehta on 1/21/2021. (lcapm2) (Entered: 01/21/2021) |
| 01/25/2021 | 100 | TRANSCRIPT OF STATUS CONFERENCE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on January 21, 2021; Page Numbers: 1−54. Date of Issuance: January 25, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal o r purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/15/2021. Redacted Transcript Deadline set for 2/25/2021. Release of Transcript Restriction set for 4/25/2021.(wz) (Entered: 01/25/2021) |
| 01/27/2021 | 101 | NOTICE of Appearance by Stacie L. Deblieux on behalf of STATE OF LOUISIANA (Deblieux, Stacie) (Main Document 101 replaced on 1/28/2021) (zeg). (Entered: 01/27/2021) |
| 01/27/2021 | 102 | Joint MOTION for Extension of Time to File *Status Report* by STATE OF COLORADO. (Attachments: # 1 Text of Proposed Order Proposed Order)(Sallet, Jonathan) (Entered: 01/27/2021) |
| 01/27/2021 | | MINUTE ORDER granting the parties' 102 Joint Request for Extension of Time to Submit Status Report. The parties in the Colorado matter shall file a Joint Status Report regarding a modified Case Management Order on or before January 29, 2021. Signed by Judge Amit P. Mehta on 1/27/2021. (lcapm2) (Entered: 01/27/2021) |
| 01/29/2021 | 103 | ANSWER to 94 Amended Complaint, by GOOGLE LLC.(Schmidtlein, John) (Entered: 01/29/2021) |
| 01/29/2021 | 104 | NOTICE of Appearance by Michael S. Catlett on behalf of STATE OF ARIZONA (Catlett, Michael) (Entered: 01/29/2021) |
| 01/29/2021 | 105 | Joint STATUS REPORT *Regarding Case Management Order* by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schmidtlein, John) (Entered: 01/29/2021) |
| 01/29/2021 | 106 | MEMORANDUM by COMMONWEALTH OF KENTUCKY, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, STATE OF WISCONSIN, UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order Plaintiffs' Proposed Order for Discovery Coordination)(Alvarado–Rivera, Jesus) (Entered: 01/29/2021) |
| 02/02/2021 | | MINUTE ORDER. The parties shall submit Word versions of their Proposed Case Management Orders, Exhibits A and B to the parties' 105 Joint Status Report, via e–mail to the law clerk by 12:00 p.m. on February 3, 2021. Signed by Judge Amit P. Mehta on 2/2/2021. (lcapm2) (Entered: 02/02/2021) |
| 02/03/2021 | 107 | NOTICE of Appearance by Wendy W.H. Waszmer on behalf of GOOGLE LLC (Waszmer, Wendy) (Entered: 02/03/2021) |
| 02/03/2021 | 108 | ORDER entering AMENDED SCHEDULING AND CASE MANAGEMENT ORDER. See the attached Order and Amended Scheduling and Case Management Order for additional details. Signed by Judge Amit P. Mehta on 2/3/2021. (lcapm2) (Attachments: # 1 Amended Scheduling and Case Management Order) (Entered: 02/03/2021) |

| | | |
|---|---|---|
| 02/11/2021 | 109 | NOTICE of Appearance by Linh K Tran on behalf of STATE OF WASHINGTON (Tran, Linh) (Entered: 02/11/2021) |
| 02/15/2021 | 110 | ANSWER to Complaint *of State of Colorado, et al.* by GOOGLE LLC.(Schmidtlein, John) (Entered: 02/15/2021) |
| 02/16/2021 | | MINUTE ORDER. The parties in these consolidated actions shall by February 23, 2021, file a Joint Status Report that (1) summarizes the state of discovery, and (2) identifies any issues, and the parties' respective positions, that will be raised at the upcoming status hearing. Signed by Judge Amit P. Mehta on 2/16/2021. (lcapm2) (Entered: 02/16/2021) |
| 02/23/2021 | 111 | Joint STATUS REPORT *on Discovery* by UNITED STATES OF AMERICA. (Jensen, Elizabeth) (Entered: 02/23/2021) |
| 02/24/2021 | | MINUTE ORDER. The United States shall submit a copy of the Requests for Production discussed in the Parties' Joint Status Report, ECF No. 111 , via e−mail to the law clerk by 9:30 a.m. on February 25, 2021. Signed by Judge Amit P. Mehta on 2/24/2021. (lcapm2) (Entered: 02/24/2021) |
| 02/24/2021 | 112 | ENTERED IN ERROR.....Supplemental STATUS REPORT *on Discovery* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Text of Proposed Order)(Jensen, Elizabeth) Modified on 2/26/2021 (zeg). (Entered: 02/24/2021) |
| 02/25/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 2/25/2021 via teleconference. Joint Status Report due by 3/5/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 02/25/2021) |
| 02/26/2021 | 113 | TRANSCRIPT OF STATUS CONFERENCE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on February 25, 2021; Page Numbers: 1−56. Date of Issuance: February 26, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/19/2021. Redacted Transcript Deadline set for 3/29/2021. Release of Transcript Restriction set for 5/27/2021.(wz) (Entered: 02/26/2021) |
| 02/26/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: re 112 Status Report, was entered in error and counsel was instructed to refile said pleading using the correct event. (eg) (Entered: 02/26/2021) |

| 03/01/2021 | 114 | Unopposed MOTION for Leave to File *Supplemental Materials* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Jensen, Elizabeth) (Entered: 03/01/2021) |
| --- | --- | --- |
| 03/01/2021 | | MINUTE ORDER granting 114 the United States' Unopposed Motion for Leave to File Supplemental Materials. Signed by Judge Amit P. Mehta on 3/1/2021. (lcapm2) (Entered: 03/01/2021) |
| 03/02/2021 | 115 | NOTICE of Appearance by Scott R Ryther on behalf of STATE OF UTAH (Ryther, Scott) (Entered: 03/02/2021) |
| 03/05/2021 | 116 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/05/2021) |
| 03/08/2021 | | MINUTE ORDER. The parties in the consolidated actions shall submit an additional Joint Status Report by March 10, 2021, which updates the court on their progress concerning search protocols and search terms. Also, the parties shall file a Joint Status Report by March 26, 2021, which (1) summarizes the state of discovery, and (2) identifies any issues, and the parties' respective positions as to those issues, to be raised at the status hearing scheduled for March 30, 2021. Signed by Judge Amit P. Mehta on 3/8/2021. (lcapm2) (Entered: 03/08/2021) |
| 03/10/2021 | 117 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/10/2021) |
| 03/11/2021 | | MINUTE ORDER. The parties in the consolidated actions shall submit an additional Joint Status Report by March 18, 2021, which updates the court on their progress concerning search protocols and search terms. Signed by Judge Amit P. Mehta on 3/11/2021. (lcapm2) (Entered: 03/11/2021) |
| 03/18/2021 | 118 | Joint STATUS REPORT by COMMONWEALTH OF KENTUCKY, COMMONWEALTH OF MASSACHUSETTS, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, COMMONWEALTH OF VIRGINIA, DISTRICT OF COLUMBIA, STATE OF ALASKA, STATE OF ARIZONA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF HAWAII, STATE OF IDAHO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF KANSAS, STATE OF LOUISIANA, STATE OF MAINE, STATE OF MARYLAND, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF UTAH, STATE OF VERMONT, STATE OF WASHINGTON, STATE OF WEST VIRGINIA, STATE OF WISCONSIN, STATE OF WYOMING, TERRITORY OF GUAM, UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Plaintiffs' Search Proposal, # 2 Exhibit Google's Search Proposal)(Alvarado–Rivera, Jesus) (Entered: 03/19/2021) |
| 03/22/2021 | 119 | NOTICE of Appearance by Dana Vogel on behalf of STATE OF ARIZONA (Vogel, Dana) (Main Document 119 replaced on 3/24/2021) (zeg). (Entered: 03/22/2021) |

| 03/23/2021 | 120 | ORDER re: 118 the parties' Joint Status Report. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 3/23/2021. (lcapm2) (Entered: 03/23/2021) |
|---|---|---|
| 03/24/2021 | 121 | NOTICE of Appearance by Christopher M. Sloot on behalf of STATE OF ARIZONA (Sloot, Christopher) (Main Document 121 replaced on 3/25/2021) (ztd). (Entered: 03/24/2021) |
| 03/25/2021 | 122 | NOTICE of Appearance by Philip Heleringer on behalf of COMMONWEALTH OF KENTUCKY (Heleringer, Philip) (Entered: 03/25/2021) |
| 03/28/2021 | 123 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schmidtlein, John) (Entered: 03/28/2021) |
| 03/28/2021 | 124 | Joint STATUS REPORT *Regarding Discovery (Redacted Version)* by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schmidtlein, John) (Entered: 03/28/2021) |
| 03/29/2021 | 125 | NOTICE of Appearance by Diana Arlen Aguilar Aldape on behalf of UNITED STATES OF AMERICA (Aguilar Aldape, Diana) (Main Document 125 replaced on 3/30/2021) (zjf). (Entered: 03/29/2021) |
| 03/30/2021 | | MINUTE ORDER. Pursuant to the status hearing held on March 30, 2021, the parties shall meet and confer and submit a Joint Status Report on or before April 15, 2021, that updates the court on the status of discovery and whether any issues remain in dispute, and if so, outlines the parties' positions as to those issues. Signed by Judge Amit P. Mehta on 3/30/2021. (lcapm2) (Entered: 03/30/2021) |
| 03/30/2021 | 126 | ORDER amending the Amended Scheduling and Case Management Order, ECF No. 108–1, to include deadlines for third–party subpoenas. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 3/30/2021. (lcapm2) (Entered: 03/30/2021) |
| 03/30/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 3/30/2021 via videoconference. (Court Reporter: William Zaremba) (zjd) (Entered: 03/31/2021) |
| 04/01/2021 | 127 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on March 30, 2021; Page Numbers: 1–78. Date of Issuance: April 1, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fr om the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our |

| | | |
|---|---|---|
| | | website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/22/2021. Redacted Transcript Deadline set for 5/2/2021. Release of Transcript Restriction set for 6/30/2021.(wz) (Entered: 04/01/2021) |
| 04/02/2021 | 128 | ENTERED IN ERROR.....NOTICE of Appearance by Jonathan Bruce Sallet on behalf of STATE OF COLORADO (Sallet, Jonathan) (Main Document 128 replaced on 4/5/2021) (zeg). Modified on 4/6/2021 (eg). (Entered: 04/02/2021) |
| 04/02/2021 | 129 | NOTICE of Appearance by William F. Cavanaugh, Jr on behalf of STATE OF COLORADO (Cavanaugh, William) (Main Document 129 replaced on 4/5/2021) (zeg). (Entered: 04/02/2021) |
| 04/06/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: re 128 Notice of Appearance was entered in error and counsel has refiled said pleading in Docket Entry 129 . (eg) (Entered: 04/06/2021) |
| 04/15/2021 | 130 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/15/2021) |
| 04/19/2021 | | MINUTE ORDER. The parties shall file an additional Joint Status Report by April 23, 2021, which updates the court on the status of discovery and whether any issues remain in dispute, and if so, the parties' positions as to those issues. Signed by Judge Amit P. Mehta on 4/19/2021. (lcapm2) (Entered: 04/19/2021) |
| 04/23/2021 | 131 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Alvarado−Rivera, Jesus) (Entered: 04/23/2021) |
| 04/27/2021 | | NOTICE of Hearing: Status Conference set for 4/30/2021 at 11:00 AM via videoconference before Judge Amit P. Mehta. The courtroom deputy has circulated connection information to counsel. Members of the public may access the hearing by dialing the Court's toll−free public access line: (877) 848−7030, access code 321−8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube. (zjd) (Entered: 04/27/2021) |
| 04/28/2021 | 132 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF TEXAS. Attorney Kim Van Winkle terminated. (Van Winkle, Kim) (Entered: 04/28/2021) |
| 04/30/2021 | | MINUTE ORDER. The parties shall appear via videoconference for status conferences on May 27, 2021 at 1:00 p.m. and June 29, 2021 at 11:00 a.m. In advance of those conferences, by May 24 and June 24, respectively, the parties shall file a Joint Status Report that (1) summarizes the state of discovery, and (2) identifies any issues, and the parties' respective positions, that will be raised at the upcoming status conference. The courtroom deputy will circulate connection information to counsel. Members of the public or media may access the conferences by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. The public access line will be muted and should only be used by non−participating parties. Signed by Judge Amit P. Mehta on 4/30/2021. (lcapm2) (Entered: 04/30/2021) |
| 04/30/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 4/30/2021 via videoconference. (Court Reporter: William Zaremba) (zjd) (Entered: 04/30/2021) |
| 05/03/2021 | 133 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on April 30, 2021; Page Numbers: 1−42. Date of |

| | | |
|---|---|---|
| | | Issuance: May 3, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/24/2021. Redacted Transcript Deadline set for 6/3/2021. Release of Transcript Restriction set for 8/1/2021.(wz) (Entered: 05/03/2021) |
| 05/24/2021 | 134 | NOTICE of Appearance by Graham Safty on behalf of GOOGLE LLC (Safty, Graham) (Entered: 05/24/2021) |
| 05/24/2021 | 135 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/24/2021) |
| 05/25/2021 | 136 | NOTICE of Appearance by John K. Olson on behalf of STATE OF IDAHO (Olson, John) (Entered: 05/25/2021) |
| 05/25/2021 | | NOTICE of Hearing: A Status Conference has been set for 5/27/2021 at 1:00 PM via videoconference before Judge Amit P. Mehta. The courtroom deputy has circulated connection information to counsel. Members of the public may access the hearing by dialing the Court's toll–free public access line: (877) 848–7030, access code 321–8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube.(zjd) (Entered: 05/25/2021) |
| 05/26/2021 | 137 | NOTICE of Appearance by Matthew B Frank on behalf of COMMONWEALTH OF MASSACHUSETTS (Frank, Matthew) (Main Document 137 replaced on 5/27/2021) (zeg). (Entered: 05/26/2021) |
| 05/26/2021 | 138 | NOTICE of Appearance by Michael Bruce MacKenzie on behalf of COMMONWEALTH OF MASSACHUSETTS (MacKenzie, Michael) (Entered: 05/26/2021) |
| 05/27/2021 | 139 | NOTICE of Appearance by Matt Schock on behalf of STATE OF COLORADO (Schock, Matt) (Entered: 05/27/2021) |
| 05/27/2021 | 140 | NOTICE of Appearance by Erica Lee Fruiterman on behalf of STATE OF COLORADO (Fruiterman, Erica) (Entered: 05/27/2021) |
| 05/27/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 5/27/2021. Joint Status Report by the parties in the Colorado action due 6/10/2021. Joint Status Report by all parties due 6/24/2021. Status Conference set for 6/29/2021 at 11:00 AM via videoconference before Judge Amit P. Mehta. The courtroom deputy will circulate connection to counsel of record. |

| | | |
|---|---|---|
| | | Members of the public may access the hearing by dialing the Court's toll–free public access line: (877) 848–7030, access code 321–8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube. (Court Reporter: William Zaremba) (zjd) (Entered: 05/27/2021) |
| 05/27/2021 | 141 | ORDER amending the Amended Scheduling and Case Management Order, ECF No. 108–1, to include a paragraph on the sharing of materials across cases. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 5/27/2021. (lcapm2) (Entered: 05/27/2021) |
| 05/28/2021 | 142 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on May 27, 2021; Page Numbers: 1–58. Date of Issuance: May 28, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 6/18/2021. Redacted Transcript Deadline set for 6/28/2021. Release of Transcript Restriction set for 8/26/2021.(wz) (Entered: 05/28/2021) |
| 06/07/2021 | 143 | NOTICE of Appearance by Carla J. Baumel on behalf of STATE OF COLORADO (Baumel, Carla) (Main Document 143 replaced on 6/7/2021) (zeg). (Entered: 06/07/2021) |
| 06/11/2021 | 144 | JOINT STATUS REPORT by STATE OF COLORADO. (zjd) (Entered: 06/11/2021) |
| 06/11/2021 | | MINUTE ORDER. The Colorado Plaintiffs and Google shall file an additional Joint Status Report by June 16, 2021, which updates the court on their information requests, including, as necessary, position statements on unresolved disputes. Signed by Judge Amit P. Mehta on 6/11/2021. (lcapm2) (Entered: 06/11/2021) |
| 06/11/2021 | 145 | MOTION for Leave to File *Supplemental Materials under Seal* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order Proposed Order)(Alvarado–Rivera, Jesus) (Entered: 06/11/2021) |
| 06/11/2021 | 146 | ORDER granting 145 Plaintiffs' Motion for Leave to File Supplemental Materials Under Seal. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 6/11/2021. (lcapm2) (Entered: 06/11/2021) |
| 06/14/2021 | 147 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Alvarado–Rivera, Jesus) |

| | | |
|---|---|---|
| | | (Entered: 06/14/2021) |
| 06/16/2021 | 148 | Joint STATUS REPORT by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 06/16/2021) |
| 06/24/2021 | 149 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 06/24/2021) |
| 06/28/2021 | | NOTICE of Hearing: The Status Conference set for 6/29/2021 at 11:00 AM before Judge Amit P. Mehta will proceed via videoconference. Members of the public or media may access the hearing by dialing the Court's toll–free public access line: (877) 848–7030, access code 321–8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube. (zjd) (Entered: 06/28/2021) |
| 06/28/2021 | 150 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Matthew L. McGinnis, Filing fee $ 100, receipt number ADCDC–8561048. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration of Matthew L. McGinnis in Support, # 2 Text of Proposed Order)(Popofsky, Mark) (Entered: 06/28/2021) |
| 06/28/2021 | | MINUTE ORDER granting 150 Motion for Leave to Appear Pro Hac Vice. Attorney Matthew L. McGinnis is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 6/28/2021. (lcapm2) (Entered: 06/28/2021) |
| 06/29/2021 | | MINUTE ORDER. Pursuant to the status conference held on June 29, 2021, the court orders the following with respect to further proceedings in this matter: 1) the court will hold a hearing to resolve outstanding disputes involving third–party subpoenas on July 14, 2021, at 2:30 p.m. via videoconference; in advance of that hearing, by July 9, 2021, the parties and relevant third parties shall file statements outlining their positions as to the issues in dispute; 2) the parties in the Colorado Action shall file a Joint Status Report on or before July 14, 2021, updating the court on progress with respect to the Plaintiff States' data requests; and 3) the parties shall appear for status conferences on July 30, 2021 and August 31, 2021, at 11:00 a.m. in Courtroom 10. In advance of those conferences, by July 27 and August 27, respectively, the parties shall file a Joint Status Report that (1) summarizes the state of discovery and (2) identifies any issues, and the parties' respective positions, that will be raised at the upcoming status conference. Any party wishing to attend the status conferences via videoconference may do so by coordinating with the courtroom deputy in advance of the hearing. Members of the public or media may access the conferences by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. The public access line will be muted and should only be used by non–participating parties. Signed by Judge Amit P. Mehta on 6/29/2021. (lcapm2) (Entered: 06/29/2021) |
| 06/29/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 6/29/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 07/09/2021) |
| 06/30/2021 | 151 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on June 29, 2021; Page Numbers: 1–48. Date of Issuance: June 30, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249; Transcripts may be ordered by submitting the Transcript Order Form |

|  |  | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fro m the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter. |
|  |  | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 7/21/2021. Redacted Transcript Deadline set for 7/31/2021. Release of Transcript Restriction set for 9/28/2021.(wz) (Entered: 06/30/2021) |
| 07/01/2021 | 152 | NOTICE of Appearance by Matthew L McGinnis on behalf of GOOGLE LLC (McGinnis, Matthew) (Entered: 07/01/2021) |
| 07/06/2021 | 153 | NOTICE of Appearance by Haley P. Tynes on behalf of MICROSOFT CORPORATION (Tynes, Haley) (Entered: 07/06/2021) |
| 07/06/2021 | 154 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Caroline Simons, Filing fee $ 100, receipt number BDCDC−8578261. Fee Status: Fee Paid. by MICROSOFT CORPORATION. (Attachments: # 1 Declaration ISO of Motion for Pro Hac Vice, # 2 Text of Proposed Order)(Tynes, Haley) (Entered: 07/06/2021) |
| 07/06/2021 |  | MINUTE ORDER granting 154 Motion for Leave to Appear Pro Hac Vice. Attorney Caroline Simons is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** **Click for instructions**. Signed by Judge Amit P. Mehta on 7/6/2021. (lcapm2) (Entered: 07/06/2021) |
| 07/09/2021 | 155 | NOTICE of Appearance by Caroline Simons on behalf of MICROSOFT CORPORATION (Simons, Caroline) (Entered: 07/09/2021) |
| 07/09/2021 | 156 | RESPONSE TO ORDER OF THE COURT re Order,,,,,, *Third−Party Discovery Disputes* filed by UNITED STATES OF AMERICA. (Alvarado−Rivera, Jesus) (Entered: 07/09/2021) |
| 07/09/2021 | 157 | STATUS REPORT *Regarding Disputes Involving Compliance with Subpoenas Issued to Third Parties* by GOOGLE LLC. (Schmidtlein, John) (Entered: 07/09/2021) |
| 07/12/2021 |  | MINUTE ORDER. In view of the parties' respective Status Reports, ECF Nos. 156 , 157 , the hearing scheduled for July 14, 2021, to address discovery disputes with third parties is hereby vacated. If there remain unresolved disputes with third parties ripe for the court's consideration, the involved party shall set forth its position in the Status Report due on July 27, 2021, and the third party shall file its position by that date as well, so the court can address the matter at the hearing scheduled for July 30, 2021. Signed by Judge Amit P. Mehta on 7/12/2021. (lcapm2) (Entered: 07/12/2021) |
| 07/14/2021 | 158 | Joint STATUS REPORT by STATE OF NEBRASKA. (Conrad, Joseph) (Entered: 07/14/2021) |

| 07/19/2021 | 159 | NOTICE of Appearance by Kunal Janak Choksi on behalf of STATE OF NORTH CAROLINA (Choksi, Kunal) (Entered: 07/19/2021) |
|---|---|---|
| 07/21/2021 | 160 | NOTICE of Appearance by Claire Molle Maddox on behalf of UNITED STATES OF AMERICA (Maddox, Claire) (Entered: 07/21/2021) |
| 07/27/2021 | 161 | NOTICE of Appearance by Karl Edward Herrmann on behalf of UNITED STATES OF AMERICA (Herrmann, Karl) (Entered: 07/27/2021) |
| 07/27/2021 | 162 | NOTICE of Appearance by Brendan Ballou on behalf of UNITED STATES OF AMERICA (Ballou, Brendan) (Main Document 162 replaced on 7/30/2021) (zeg). (Entered: 07/27/2021) |
| 07/27/2021 | 163 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 07/27/2021) |
| 07/27/2021 | 164 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MICROSOFT CORPORATION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Status Report, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D)(Simons, Caroline) (Entered: 07/27/2021) |
| 07/27/2021 | 165 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 07/27/2021) |
| 07/28/2021 | 166 | Joint STATUS REPORT *Regarding Discovery (Redacted Version)* by GOOGLE LLC. (Schmidtlein, John) (Entered: 07/28/2021) |
| 07/29/2021 | 167 | NOTICE of Appearance by Thomas P. DeMatteo on behalf of UNITED STATES OF AMERICA (DeMatteo, Thomas) (Entered: 07/29/2021) |
| 07/29/2021 | | NOTICE of Hearing: The Status Conference set for 7/30/2021 at 11:00 AM will proceed before Judge Amit P. Mehta in Courtroom 10. The courtroom deputy has circulated connection information to counsel appearing remotely. Members of the public may access the hearing by dialing the Court's toll–free public access line: (877) 848–7030, access code 321–8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube. Alternatively, members of the media may watch a livestream of the hearing in Overflow Courtroom 8. (zjd) (Entered: 07/29/2021) |
| 07/29/2021 | | NOTICE of Hearing: The Status Conference set for 7/30/2021 at 11:00 AM before Judge Amit P. Mehta will now proceed in Courtroom 16. Members of the media may watch a livestream of the hearing in Overflow Courtroom 19.(zjd) (Entered: 07/29/2021) |
| 07/29/2021 | 168 | STATUS REPORT *Regarding Disputes Involving Compliance with a Subpoena to Microsoft* by GOOGLE LLC. (Schmidtlein, John) (Entered: 07/29/2021) |
| 07/29/2021 | 169 | STATUS REPORT by MICROSOFT CORPORATION. (Attachments: # 1 Exhibit A (Redacted), # 2 Exhibit B (Redacted), # 3 Exhibit C, # 4 Exhibit D (Redacted))(Simons, Caroline) (Entered: 07/29/2021) |
| 07/30/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 7/30/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 07/30/2021) |

| | | |
|---|---|---|
| 07/30/2021 | | MINUTE ORDER. Pursuant to the status hearing held on July 30, 2021, the court orders the following with respect to further proceedings in this matter: 1) Google and non−party Microsoft shall submit a status report on or before August 6, 2021, which updates the court on the status of their negotiations over document custodians and, if necessary, proposes a date for a hearing on the issue; and 2) on or before August 9, 2021 and August 20, 2021, the parties shall file a Joint Status Report outlining their positions as to any remaining disputes over privilege in advance of the depositions noticed for August 12 and September 14, respectively. The parties need not file such report if there are no remaining issues in dispute in advance of the relevant deposition. Signed by Judge Amit P. Mehta on 7/30/2021. (lcapm2) (Entered: 07/30/2021) |
| 08/02/2021 | 170 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on July 30, 2021; Page Numbers: 1−83. Date of Issuance: August 2, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the cou rt reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 8/23/2021. Redacted Transcript Deadline set for 9/2/2021. Release of Transcript Restriction set for 10/31/2021.(wz) (Entered: 08/02/2021) |
| 08/03/2021 | 171 | NOTICE of Appearance by Lara E.V. Trager on behalf of UNITED STATES OF AMERICA (Trager, Lara) (Entered: 08/03/2021) |
| 08/06/2021 | 172 | Joint STATUS REPORT *of Google and Microsoft* by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/06/2021) |
| 08/08/2021 | | MINUTE ORDER. Google and non−party Microsoft shall file an additional Joint Status Report by August 27, 2021, which updates the court on whether any disputes remain and, if so, sets forth their respective positions on such disputes. Signed by Judge Amit P. Mehta on 08/08/2021 (lcapm2). (Entered: 08/08/2021) |
| 08/13/2021 | | MINUTE ORDER. The United States and third party Apple shall submit their respective briefs, of no more than ten pages (excluding exhibits), concerning their discovery dispute by August 17, 2021. The parties shall hold August 19, 2021, at 10:30 a.m. for a hearing, subject to change. Signed by Judge Amit P. Mehta on 08/13/2021. (lcapm2) (Entered: 08/13/2021) |
| 08/16/2021 | 173 | NOTICE of Appearance by Richard Cameron Gower on behalf of UNITED STATES OF AMERICA (Gower, Richard) (Entered: 08/16/2021) |
| 08/16/2021 | 174 | |

| | | |
|---|---|---|
| | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Karen Hoffman Lent, Filing fee $ 100, receipt number ADCDC–8669884. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration Karen Hoffman Lent, # 2 Text of Proposed Order)(Lent, Karen) (Entered: 08/16/2021) |
| 08/16/2021 | | MINUTE ORDER. The hearing previously scheduled for August 19, 2021, at 10:30 a.m., will now be held at 10:00 a.m. on the same date. Signed by Judge Amit P. Mehta on 08/16/2021. (lcapm2) (Entered: 08/16/2021) |
| 08/16/2021 | | Set/Reset Hearings: Status Conference set for 8/19/2021 at 10:00 AM via video before Judge Amit P. Mehta. (zjch) (Entered: 08/17/2021) |
| 08/17/2021 | | MINUTE ORDER granting 174 Motion for Leave to Appear Pro Hac Vice. Attorney Karen Hoffman Lent is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 08/17/2021. (lcapm2) (Entered: 08/17/2021) |
| 08/17/2021 | 175 | NOTICE of Appearance by Karen Hoffman Lent on behalf of APPLE INC. (Lent, Karen) (Entered: 08/17/2021) |
| 08/17/2021 | 176 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit E, # 2 Text of Proposed Order)(Sunshine, Steven) (Entered: 08/17/2021) |
| 08/17/2021 | 177 | STATUS REPORT by APPLE INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E (Redacted), # 6 Exhibit F)(Sunshine, Steven) (Entered: 08/17/2021) |
| 08/17/2021 | 178 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by UNITED STATES OF AMERICA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Memorandum in Support US Position Statement, # 3 Exhibit Exhibit 1, # 4 Exhibit Exhibit 2, # 5 Exhibit Exhibit 3–A, # 6 Exhibit Exhibit 3–B, # 7 Exhibit Exhibit 3–C, # 8 Exhibit Exhibit 3–D, # 9 Exhibit Exhibit 3–E, # 10 Exhibit Exhibit 3–F, # 11 Exhibit Exhibit 3–G, # 12 Exhibit Exhibit 3–H, # 13 Exhibit Exhibit 3–I, # 14 Exhibit Exhibit 3–J, # 15 Exhibit Exhibit 3–K, # 16 Exhibit Exhibit 3–L, # 17 Exhibit Exhibit 3–M, # 18 Exhibit Exhibit 3–N, # 19 Exhibit Exhibit 3–O)(Alvarado–Rivera, Jesus) (Entered: 08/17/2021) |
| 08/18/2021 | | NOTICE of Hearing: Discovery Hearing set for 8/19/2021 at 10:00 AM via videoconference before Judge Amit P. Mehta. The courtroom deputy has circulated connection information to counsel. Members of the public may access the hearing by dialing the Court's toll–free public access line: (877) 848–7030, access code 321–8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube. (zjd) (Entered: 08/18/2021) |
| 08/19/2021 | | MINUTE ORDER. Pursuant to the discovery hearing held on August 19, 2021, the court orders the following with respect to further proceedings: (1) non–party Apple will provide deconstructed hit reports for the top five remaining disputed search strings (by hit volume) to the United States by August 23, 2021. Apple and the United States will meet and confer about the disputed remaining search strings by August 25, 2021, and they will submit to the court a Joint Status Report concerning those search strings by August 26, 2021. (2) Apple will complete substantial |

| | | |
|---|---|---|
| | | production of its response to the United States' subpoena for records by September 30, 2021. (3) The United States will submit to Apple a revised list of codename requests, limiting its request to 35 subject matters or inquiries, by August 23, 2021. Apple will submit to the United States responses to that list by August 30, 2021. (4) The parties will appear for the status conference already scheduled for August 31, 2021, at 11:00 a.m., prepared to update the court on these matters. Signed by Judge Amit P. Mehta on 8/19/2021. (lcapm2) (Entered: 08/19/2021) |
| 08/19/2021 | 179 | MINUTE ORDER granting 164 Sealed Motion for Leave to File Document Under Seal; granting 176 Sealed Motion for Leave to File Document Under Seal; and granting 178 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Amit P. Mehta on 8/19/2021. (lcapm2) (Entered: 08/19/2021) |
| 08/19/2021 | | MINUTE ORDER. The United States, after consulting with non−party Apple, shall by August 26, 2021, file a proposed redacted version of its Position Statement (including exhibits), which is presently filed under seal at ECF No. 178 . See Stipulated Protective Order, ECF No. 98 , at 21 ("Upon or after filing any paper containing Highly Confidential Information or Confidential Information, the filing Party shall file on the public record a duplicate copy of the paper that does not reveal Highly Confidential Information or Confidential Information."). Signed by Judge Amit P. Mehta on 8/19/2021. (lcapm2) (Entered: 08/19/2021) |
| 08/19/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 8/19/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 08/20/2021) |
| 08/20/2021 | 180 | TRANSCRIPT OF DISCOVERY HEARING VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on August 19, 2021; Page Numbers: 1−60. Date of Issuance: August 20, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/10/2021. Redacted Transcript Deadline set for 9/20/2021. Release of Transcript Restriction set for 11/18/2021.(wz) (Entered: 08/20/2021) |
| 08/20/2021 | 181 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Jesus Manuel Alvarado−Rivera terminated. (Alvarado−Rivera, Jesus) (Entered: 08/20/2021) |
| 08/20/2021 | 182 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by UNITED STATES OF AMERICA (This document is SEALED and only available |

| | | |
|---|---|---|
| | | to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support Joint Status Report, # 3 Exhibit Exhibit 1, # 4 Exhibit Exhibit 2, # 5 Exhibit Exhibit 3, # 6 Exhibit Exhibit 4)(Goldstein, Jeremy Michael) (Entered: 08/20/2021) |
| 08/24/2021 | 183 | NOTICE of Appearance by Matthew C. Hammond on behalf of UNITED STATES OF AMERICA (Hammond, Matthew) (Entered: 08/24/2021) |
| 08/24/2021 | 184 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Memorandum in Support US Position Statement, # 3 Exhibit 1, # 4 Exhibit 3–B, # 5 Exhibit 3–C, # 6 Exhibit 3–D, # 7 Exhibit 3–E, # 8 Exhibit 3–F, # 9 Exhibit 3–G, # 10 Exhibit 3–I, # 11 Exhibit 3–J, # 12 Exhibit 3–K, # 13 Exhibit 3–L, # 14 Exhibit 3–M)(Sunshine, Steven) (Entered: 08/24/2021) |
| 08/26/2021 | 185 | NOTICE *Regarding Non–Party Petitioner Apple Inc.'s Motion for Leave to File Under Seal and U.S. Plaintiffs' Request for the Court to Compel Discovery from Apple Inc.* by UNITED STATES OF AMERICA (Goldstein, Jeremy Michael) (Entered: 08/26/2021) |
| 08/26/2021 | 186 | Joint STATUS REPORT *of the United States and Non–Party Apple Inc.* by UNITED STATES OF AMERICA. (Goldstein, Jeremy Michael) (Entered: 08/26/2021) |
| 08/27/2021 | | MINUTE ORDER granting 182 Sealed Motion for Leave to File Document Under Seal and 184 Sealed Motion for Leave to File Document Under Seal. The United States Plaintiffs shall file redacted versions of their Position Statement and Exhibits, as proposed by third party Apple in ECF No. 184 . Signed by Judge Amit P. Mehta on 8/27/2021. (lcapm2) (Entered: 08/27/2021) |
| 08/27/2021 | 187 | NOTICE of Appearance by Stephen M. Hoeplinger on behalf of STATE OF MISSOURI (Hoeplinger, Stephen) (Entered: 08/27/2021) |
| 08/27/2021 | 188 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Google's Exhibit A, # 2 Exhibit Google's Exhibit B, # 3 Exhibit Microsoft's Exhibit 1, # 4 Exhibit Microsoft's Exhibit 2, # 5 Exhibit Microsoft's Exhibit 3, # 6 Exhibit Microsoft's Exhibit 4, # 7 Exhibit Microsoft's Exhibit 5, # 8 Exhibit Microsoft's Exhibit 6, # 9 Exhibit Microsoft's Exhibit 7, # 10 Certificate of Service)(Schmidtlein, John) (Entered: 08/27/2021) |
| 08/27/2021 | 189 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/27/2021) |
| 08/27/2021 | 190 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Appendix C, # 4 Certificate of Service)(Waszmer, Wendy) (Entered: 08/27/2021) |
| 08/27/2021 | 191 | Joint STATUS REPORT *Regarding Discovery (Redacted Version)* by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Schmidtlein, John) (Entered: 08/27/2021) |
| 08/30/2021 | 192 | NOTICE of Appearance by Sara Young Razi on behalf of BOOKING HOLDINGS INC. (Razi, Sara) (Entered: 08/30/2021) |

| 08/30/2021 | 193 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by BOOKING HOLDINGS INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Response, # 2 Text of Proposed Order)(Razi, Sara) (Entered: 08/30/2021) |
|---|---|---|
| 08/30/2021 | 194 | REDACTED DOCUMENT– Position Statement *of U.S Plaintiffs Request for the Court to Compel Discovery from Apple, Inc.* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Exhibit 1 (Redacted), # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3–A, # 4 Exhibit Exhibit 3–B (Redacted), # 5 Exhibit Exhibit 3–C (Redacted), # 6 Exhibit Exhibit 3–D (Redacted), # 7 Exhibit Exhibit 3–E (Redacted), # 8 Exhibit Exhibit 3–F (Redacted), # 9 Exhibit Exhibit 3–G (Redacted), # 10 Exhibit Exhibit 3–H, # 11 Exhibit Exhibit 3–I (Redacted), # 12 Exhibit Exhibit 3–J (Redacted), # 13 Exhibit Exhibit 3–K (Redacted), # 14 Exhibit Exhibit 3–L (Redacted), # 15 Exhibit Exhibit 3–M (Redacted), # 16 Exhibit Exhibit 3–N, # 17 Exhibit Exhibit 3–O)(Goldstein, Jeremy Michael) (Entered: 08/30/2021) |
| 08/30/2021 | | NOTICE of Hearing: The Status Conference set for 8/31/2021 at 11:00 AM will proceed via videoconference before Judge Amit P. Mehta. The courtroom deputy will circulate connection information to counsel. Members of the public may access the hearing by dialing the Court's toll–free public access line: (877) 848–7030, access code 321–8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube.(zjd) (Entered: 08/30/2021) |
| 08/30/2021 | | MINUTE ORDER provisionally granting Non–Party Booking Holdings Inc.'s 193 Motion for Leave to File Document Under Seal. The court provisionally grants Non–Party's motion to seal, even though the motion does not set forth any justification for sealing. By September 2, 2021, Booking Holdings shall amend its motion to support sealing, in whole or in part, and submit a redacted version of its Response for the court's consideration. Signed by Judge Amit P. Mehta on 8/30/2021. (lcapm2) (Entered: 08/30/2021) |
| 08/30/2021 | 195 | REDACTED DOCUMENT– STATEMENT REGARDING DISPUTES INVOLVING COMPLIANCE WITH SUBPOENAS ISSUED TO CERTAIN THIRD PARTIES to 190 Sealed Document by GOOGLE LLC. (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Appendix C, # 4 Certificate of Service)(Waszmer, Wendy) (Entered: 08/30/2021) |
| 08/30/2021 | 196 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by BOOKING HOLDINGS INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Response, # 2 Text of Proposed Order)(Razi, Sara) (Entered: 08/30/2021) |
| 08/30/2021 | 197 | RESPONSE re 195 *to Defendant Google LLC's Statement regarding Disputes Involving Compliance with Subpoenas Issued to Certain Third Parties (Redacted)* filed by BOOKING HOLDINGS INC.. (Razi, Sara) Modified to add link on 9/7/2021 (znmw). (Entered: 08/30/2021) |
| 08/31/2021 | 198 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Waszmer, Wendy) (Entered: 08/31/2021) |
| 08/31/2021 | 199 | Joint STATUS REPORT *of Google and Microsoft (Redacted Version)* by GOOGLE LLC. (Attachments: # 1 Joint Status Report of Google and Microsoft (Redacted Version), # 2 Exhibit Google's Exhibit A (Redacted Version), # 3 Exhibit Google's Exhibit B (Redacted Version), # 4 Exhibit Microsoft's Exhibit 1 (Redacted Version), |

| | | |
|---|---|---|
| | | # 5 Exhibit Microsoft's Exhibit 2, # 6 Exhibit Microsoft's Exhibit 3 (Redacted Version), # 7 Exhibit Microsoft's Exhibit 4 (Redacted Version), # 8 Exhibit Microsoft's Exhibit 5 (Redacted Version), # 9 Exhibit Microsoft's Exhibit 6, # 10 Exhibit Microsoft's Exhibit 7 (Redacted Version))(Schmidtlein, John) (Entered: 08/31/2021) |
| 08/31/2021 | | MINUTE ORDER. Pursuant to the status conference held on August 31, 2021, the court orders the following with respect to further proceedings: (1) On or before September 3, 2021, Defendant will submit to the Colorado Plaintiffs available date(s) in September for the data deposition of a 30(b)(6) witness. (2) On or before September 15, 2021, Defendant and the Colorado Plaintiffs will submit to the court a Joint Status Report concerning any issues relating to the data deposition. (3) On or before September 3, 2021, Defendant and third party Microsoft will submit a Joint Status Report updating the court on the status of remaining discovery issues. (4) On or before September 3, 2021, Defendant and non−party Yelp will submit a Joint Status Report updating the court on any remaining issues with respect to search strings and custodians. (5) The parties shall appear for telephonic status conferences on the following dates: September 28, 2021, at 11:00 a.m.; October 29, 2021, at 3:00 p.m.; and November 30, 2021, at 11:00 a.m. The parties shall submit a Joint Status Report in advance of those hearings on September 24, 2021; October 26, 2021; and November 23, 2021, respectively. The courtroom deputy will circulate dial−in information. Members of the public may access the conference by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. The public access line will be muted and should only be used by non−participating parties. Signed by Judge Amit P. Mehta on 8/31/2021. (lcapm2) (Entered: 08/31/2021) |
| 08/31/2021 | | MINUTE ORDER granting 196 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Amit P. Mehta on 8/31/2021. (lcapm2) (Entered: 08/31/2021) |
| 08/31/2021 | 200 | REDACTED DOCUMENT− JOINT STATUS REPORT OF GOOGLE AND BOOKING HOLDINGS to 198 Sealed Document by GOOGLE LLC. (Attachments: # 1 Certificate of Service)(Waszmer, Wendy) (Entered: 08/31/2021) |
| 08/31/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 8/31/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 09/01/2021) |
| 09/01/2021 | 201 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on August 31, 2021; Page Numbers: 1−106. Date of Issuance: September 1, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchas ed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, |

| | | |
|---|---|---|
| | | which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 9/22/2021. Redacted Transcript Deadline set for 10/2/2021. Release of Transcript Restriction set for 11/30/2021.(wz) (Entered: 09/01/2021) |
| 09/01/2021 | 202 | NOTICE of Appearance by Elizabeth Louise Maxeiner on behalf of STATE OF ILLINOIS (Maxeiner, Elizabeth) (Entered: 09/01/2021) |
| 09/01/2021 | 203 | NOTICE of Appearance by Serine Consolino on behalf of YELP INC. (Consolino, Serine) (Entered: 09/01/2021) |
| 09/01/2021 | 204 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Douglas J. Dixon, Filing fee $ 100, receipt number ADCDC–8706490. Fee Status: Fee Paid. by YELP INC.. (Attachments: # 1 Declaration in support of Motion for Admission Pro Hac Vice, # 2 Text of Proposed Order)(Consolino, Serine) (Entered: 09/01/2021) |
| 09/01/2021 | 205 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ellen C. Kenney, Filing fee $ 100, receipt number ADCDC–8706504. Fee Status: Fee Paid. by YELP INC.. (Attachments: # 1 Declaration in support of Motion for Admission Pro Hac Vice, # 2 Text of Proposed Order)(Consolino, Serine) (Entered: 09/01/2021) |
| 09/01/2021 | | MINUTE ORDER granting 204 Motion for Leave to Appear Pro Hac Vice. Attorney Douglas J. Dixon is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta 9/1/2021. (lcapm2) (Entered: 09/01/2021) |
| 09/01/2021 | | MINUTE ORDER granting 205 Motion for Leave to Appear Pro Hac Vice. Attorney Ellen C. Kenney is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta 9/1/2021. (lcapm2) (Entered: 09/01/2021) |
| 09/02/2021 | 206 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DUCK DUCK GO, INC.. Attorney Megan Gray terminated. (Gray, Megan) (Entered: 09/02/2021) |
| 09/03/2021 | 207 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Goldstein, Jeremy Michael) (Entered: 09/03/2021) |
| 09/03/2021 | 208 | Joint STATUS REPORT *of Google and Microsoft* by GOOGLE LLC. (Schmidtlein, John) (Entered: 09/03/2021) |
| 09/03/2021 | 209 | NOTICE of Appearance by Douglas J. Dixon on behalf of YELP INC. (Dixon, Douglas) (Entered: 09/03/2021) |
| 09/03/2021 | | MINUTE ORDER. The parties shall file an additional Joint Status Report by September 9, 2021, as to their progress on terms concerning Plaintiffs' July 9 Rule 30(b)(6) deposition notice. Signed by Judge Amit P. Mehta on 9/3/2021. (lcapm2) (Entered: 09/03/2021) |
| 09/03/2021 | 210 | Joint STATUS REPORT *of Google and Yelp Inc.* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 09/03/2021) |
| 09/07/2021 | | MINUTE ORDER. Google and non–party Yelp shall file a Joint Status Report by September 14, 2021, advising whether there remain any disputed issues concerning |

| | | |
|---|---|---|
| | | Yelp's response to Google's document subpoena. Signed by Judge Amit P. Mehta on 9/7/2021. (lcapm2) (Entered: 09/07/2021) |
| 09/09/2021 | 211 | NOTICE of Appearance by Ellen Kenney on behalf of YELP INC. (Kenney, Ellen) (Entered: 09/09/2021) |
| 09/09/2021 | 212 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 09/09/2021) |
| 09/12/2021 | | MINUTE ORDER. The parties shall brief the following two issues –– (1) the number of Rule 30(b)(6) notices that Plaintiffs may serve without leave of court and the dates by which those notices should be served; and (2) the appropriate date range for the topics specified in Plaintiffs' July 9 notice –– according to the following schedule: (1) Google shall file its opening brief by September 13, 2021; (2) Plaintiffs shall file their response brief by September 17, 2021; and (3) Google shall file its reply by September 22, 2021. Opening and response briefs shall be limited to ten double–spaced pages (excluding exhibits), and Google's reply shall be limited to seven double–spaced pages. Signed by Judge Amit P. Mehta on 9/12/2021. (lcapm2) (Entered: 09/12/2021) |
| 09/13/2021 | 213 | NOTICE of Appearance by Kenneth Charles Smurzynski on behalf of GOOGLE LLC (Smurzynski, Kenneth) (Entered: 09/13/2021) |
| 09/13/2021 | 214 | MOTION for Protective Order *Regarding Rule 30(b)(6) Deposition* by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Schmidtlein, John) (Entered: 09/13/2021) |
| 09/14/2021 | 215 | Joint STATUS REPORT *of Google and Yelp Inc.* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 09/14/2021) |
| 09/15/2021 | 216 | Joint STATUS REPORT *regarding the 30(b)(6) data deposition* by STATE OF NEBRASKA. (Conrad, Joseph) (Entered: 09/15/2021) |
| 09/17/2021 | 217 | Memorandum in opposition to re 214 MOTION for Protective Order *Regarding Rule 30(b)(6) Deposition* filed by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 09/17/2021) |
| 09/21/2021 | 218 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ILLINOIS. Attorney Erin L. Shencopp terminated. (Shencopp, Erin) (Entered: 09/21/2021) |
| 09/21/2021 | 219 | NOTICE of Appearance by Erin L. Shencopp on behalf of STATE OF COLORADO (Shencopp, Erin) (Entered: 09/21/2021) |
| 09/22/2021 | 220 | REPLY to opposition to motion re 214 MOTION for Protective Order *Regarding Rule 30(b)(6) Deposition* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 09/22/2021) |
| 09/23/2021 | 221 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF MISSOURI. Attorney Kimberley G. Biagioli terminated. (Biagioli, Kimberley) (Entered: 09/23/2021) |
| 09/24/2021 | 222 | Joint STATUS REPORT *of Google and Yelp Inc.* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 09/24/2021) |
| 09/24/2021 | 223 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Goldstein, Jeremy Michael) (Entered: 09/24/2021) |

| | | |
|---|---|---|
| 09/27/2021 | | NOTICE of Hearing: Status Conference set for 9/28/2021 at 11:00 AM via videoconference before Judge Amit P. Mehta. Members of the public may access the hearing by dialing the Court's toll–free public access line: (877) 848–7030, access code 321–8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube. (zjd) Modified hearing time on 9/27/2021 (zjd). (Entered: 09/27/2021) |
| 09/27/2021 | | MINUTE ORDER. Google and third party Yelp shall brief the issue relating to production of documents from a proposed custodian raised in their 222 Joint Status Report according to the following schedule: (1) Google will submit its opening brief by October 1, 2021; (2) Yelp will submit its opposition by October 8, 2021; and (3) Google will submit its reply by October 13, 2021. Opening and response briefs shall be limited to seven double–spaced pages (excluding exhibits), and Google's reply shall be limited to five double–spaced pages. Signed by Judge Amit P. Mehta on 9/27/2021. (lcapm2) (Entered: 09/27/2021) |
| 09/28/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 9/28/2021. Status Report due by 10/6/2021. The next status conference is reset to 10/28/2021 at 3:00 PM via videoconference before Judge Amit P. Mehta. The courtroom deputy will circulate connection information to counsel of record. Members of the public may access the hearing by dialing the Court's toll–free public access line: (877) 848–7030, access code 321–8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube. (Court Reporter: William Zaremba.) (zjd) (Entered: 09/28/2021) |
| 09/28/2021 | | MINUTE ORDER. Defendant's 214 Motion for Protective Order is granted in part and denied in part for the reasons stated on the record during the September 28, 2021, status conference. The court denies the Motion insofar as it seeks a single comprehensive Rule 30(b)(6) notice by October 15, 2021. Plaintiffs shall issue a Rule 30(b)(6) notice by November 1, 2021, and another notice by January 14, 2022. Plaintiffs may issue one additional data 30(b)(6) notice. Plaintiffs shall endeavor to craft their 30(b)(6) notices on discrete subjects and seek to avoid redundancies with their depositions of fact witnesses. The court grants in part the Motion to narrow the timeframe for the topics covered in the Rule 30(b)(6) deposition. The Rule 30(b)(6) topics shall be limited to the time period between 2005 and the present. Signed by Judge Amit P. Mehta on 9/28/2021. (lcapm2) (Entered: 09/28/2021) |
| 09/28/2021 | | MINUTE ORDER. Pursuant to the September 28, 2021, status conference, on or before October 6, 2021, the Colorado Plaintiffs and Defendant shall submit a Joint Status Report updating the court on the three issues identified by the Colorado Plaintiffs relating to the recently held Rule 30(b)(6) data deposition and whether the court's intervention will be required. Signed by Judge Amit P. Mehta on 9/28/2021. (lcapm2) (Entered: 09/28/2021) |
| 09/28/2021 | 224 | ORDER amending the Amended Scheduling and Case Management Order, ECF No. 108–1, to include a sentence on the obligation of the parties and third parties to respond to deposition notices and subpoenas within seven days to discuss in good faith a mutually agreeable time and location for depositions. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 9/28/2021. (lcapm2) (Entered: 09/28/2021) |
| 09/30/2021 | 225 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on September 28, 2021; Page Numbers: 1–84. Date of Issuance: September 30, 2021. Court Reporter/Transcriber: William Zaremba; |

|  |  |  |
|---|---|---|
|  |  | Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the <u>Transcript Order Form</u>

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purc hased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 10/21/2021. Redacted Transcript Deadline set for 10/31/2021. Release of Transcript Restriction set for 12/29/2021.(wz) (Entered: 09/30/2021) |
| 09/30/2021 | <u>226</u> | NOTICE of Appearance by Edward John Bennett on behalf of GOOGLE LLC (Bennett, Edward) (Entered: 09/30/2021) |
| 10/01/2021 | <u>227</u> | SEALED MOTION filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # <u>1</u> Certificate of Service)(Waszmer, Wendy) Modified docket event/text on 10/6/2021 (zeg). (Entered: 10/01/2021) |
| 10/04/2021 | <u>228</u> | MOTION to Compel *DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS OF YELP, INC. CUSTODIAN (Redacted)* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 10/04/2021) |
| 10/06/2021 | <u>229</u> | Joint STATUS REPORT by STATE OF NEBRASKA. (Conrad, Joseph) (Entered: 10/06/2021) |
| 10/08/2021 |  | MINUTE ORDER. The United States and third party Samsung Electronics America, Inc. shall file by October 14, 2021, briefs of no more than ten pages (excluding exhibits) setting forth their respective positions as to their discovery disputes. Signed by Judge Amit P. Mehta on 10/8/2021. (lcapm2) (Entered: 10/08/2021) |
| 10/08/2021 |  | MINUTE ORDER. The Colorado Plaintiffs and Defendant shall file an additional Joint Status Report by October 15, 2021, updating the court on their progress concerning issues related to the recently held Rule 30(b)(6) data deposition. Signed by Judge Amit P. Mehta on 10/8/2021. (lcapm2) (Entered: 10/08/2021) |
| 10/08/2021 | <u>230</u> | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by YELP INC. (This document is SEALED and only available to authorized persons.)(Dixon, Douglas) (Entered: 10/08/2021) |
| 10/12/2021 | <u>231</u> | NOTICE of Appearance by Scott Allen Mertens on behalf of STATE OF MICHIGAN (Mertens, Scott) (Entered: 10/12/2021) |
| 10/12/2021 | <u>232</u> | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF MICHIGAN. Attorney Wisam Naoum terminated. (Mertens, Scott) (Entered: 10/12/2021) |
| 10/13/2021 | <u>233</u> |  |

| | | |
|---|---|---|
| | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Juan A. Arteaga, Filing fee $ 100, receipt number ADCDC–8797590. Fee Status: Fee Paid. by SAMSUNG ELECTRONICS AMERICA, INC.. (Attachments: # 1 Declaration of Juan A. Arteaga, # 2 Text of Proposed Order)(Debernardis, Alexis) (Entered: 10/13/2021) |
| 10/13/2021 | 234 | NOTICE of Appearance by Alexis Victoria Debernardis on behalf of SAMSUNG ELECTRONICS AMERICA, INC. (Debernardis, Alexis) (Entered: 10/13/2021) |
| 10/13/2021 | | MINUTE ORDER granting 233 Motion for Leave to Appear Pro Hac Vice. Attorney Juan A. Arteaga is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta 10/13/2021. (lcapm2) (Entered: 10/13/2021) |
| 10/13/2021 | 235 | NOTICE of Appearance by Juan Arteaga on behalf of SAMSUNG ELECTRONICS AMERICA, INC. (Arteaga, Juan) (Entered: 10/13/2021) |
| 10/13/2021 | 236 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Waszmer, Wendy) (Entered: 10/13/2021) |
| 10/14/2021 | 237 | NOTICE of Appearance by Matthew Keith McKinley on behalf of STATE OF NEBRASKA (McKinley, Matthew) (Main Document 237 replaced on 10/15/2021) (zeg). (Entered: 10/14/2021) |
| 10/14/2021 | 238 | NOTICE of Appearance by Jeane A. Thomas on behalf of SAMSUNG ELECTRONICS AMERICA, INC. (Thomas, Jeane) (Entered: 10/14/2021) |
| 10/14/2021 | 239 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by SAMSUNG ELECTRONICS AMERICA, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Position Statement, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Text of Proposed Order)(Arteaga, Juan) (Entered: 10/14/2021) |
| 10/14/2021 | 240 | REPLY to opposition to motion re 228 MOTION to Compel *DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS OF YELP, INC. CUSTODIAN (Redacted)* filed by GOOGLE LLC. (Waszmer, Wendy) (Entered: 10/14/2021) |
| 10/14/2021 | 241 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by UNITED STATES OF AMERICA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support Position Statement of Plaintiffs' Request for the Court to Compel Discovery from Samsung Electronics America, Inc., # 3 Appendix A, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G)(Goldstein, Jeremy Michael) (Entered: 10/14/2021) |
| 10/15/2021 | 242 | Joint STATUS REPORT by STATE OF NEBRASKA. (Conrad, Joseph) (Entered: 10/15/2021) |
| 10/17/2021 | 243 | NOTICE of Appearance by John Paul Foley on behalf of UNITED STATES OF AMERICA (Foley, John) (Main Document 243 replaced on 10/20/2021) (zeg). (Entered: 10/17/2021) |
| 10/22/2021 | 244 | |

| | | |
|---|---|---|
| | | REDACTED DOCUMENT– Position Statement *Concerning Discovery Dispute with Plaintiffs* by SAMSUNG ELECTRONICS AMERICA, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Arteaga, Juan) (Entered: 10/22/2021) |
| 10/22/2021 | 245 | REDACTED DOCUMENT– Position Statement *of Plaintiffs' Request for the Court to Compel Discovery from Samsung Electronics America, Inc* by UNITED STATES OF AMERICA. (Attachments: # 1 Appendix A, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G)(Goldstein, Jeremy Michael) (Entered: 10/22/2021) |
| 10/25/2021 | 246 | NOTICE of Appearance by Vincent H. Cohen, Jr on behalf of MICROSOFT CORPORATION (Cohen, Vincent) (Entered: 10/25/2021) |
| 10/25/2021 | 247 | NOTICE of Appearance by Amisha R. Patel on behalf of MICROSOFT CORPORATION (Patel, Amisha) (Entered: 10/25/2021) |
| 10/26/2021 | 248 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/26/2021) |
| 10/28/2021 | | Minute Entry for video proceedings held before Judge Amit P. Mehta: Status Conference held on 10/28/2021. Status Report by Google and Yelp due by 11/4/2021. Discovery Hearing set for 11/1/2021 at 2:00 PM via Zoom before Judge Amit P. Mehta. (Court Reporter: William Zaremba) (zgdf) (Entered: 10/28/2021) |
| 10/29/2021 | | MINUTE ORDER. Pursuant to the status conference held on October 28, 2021, the court orders the following with respect to further proceedings: (1) Plaintiffs and third party Samsung shall appear for a Status Conference to discuss the status of their remaining discovery issues on November 1, 2021, at 2:00 p.m.; (2) Defendant and third party Yelp shall file a Joint Status Report updating the court on the status of remaining custodian issues on or before November 4, 2021; and (3) United States Plaintiffs and Defendant shall file a Joint Status Report regarding issues relating to the previously completed Rule 30(b)(6) deposition, including a briefing schedule if necessary, on or before November 2, 2021. Signed by Judge Amit P. Mehta on 10/29/2021. (lcapm2) (Entered: 10/29/2021) |
| 10/29/2021 | 249 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on October 28, 2021; Page Numbers: 1–84. Date of Issuance: October 29, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchase d from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 11/19/2021. Redacted Transcript Deadline set for 11/29/2021. Release of Transcript Restriction set for 1/27/2022.(wz) (Entered: 10/29/2021) |
| 11/01/2021 | | NOTICE of Hearing: The Discovery Dispute Hearing set for 11/1/2021 at 2:00 PM before Judge Amit P. Mehta is hereby vacated. The Court has been notified that the discovery issue has been resolved. (zjd) (Entered: 11/01/2021) |
| 11/01/2021 | 250 | NOTICE of Appearance by Erin Murdock–Park on behalf of UNITED STATES OF AMERICA (Murdock–Park, Erin) (Entered: 11/01/2021) |
| 11/02/2021 | 251 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Goldstein, Jeremy Michael) (Entered: 11/02/2021) |
| 11/03/2021 | | MINUTE ORDER. The parties in United States v. Google shall submit an additional Joint Status Report by November 11, 2021, concerning issues arising from the October 6 Rule 30(b)(6) deposition, including, if needed, a briefing schedule. Signed by Judge Amit P. Mehta on 11/3/2021. (lcapm2) (Entered: 11/03/2021) |
| 11/04/2021 | 252 | Joint STATUS REPORT *of Google and Yelp Inc.* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 11/04/2021) |
| 11/07/2021 | | MINUTE ORDER. Google and third party Yelp shall file an additional Joint Status Report concerning their dispute by November 11, 2021. Signed by Judge Amit P. Mehta on 11/7/2021. (lcapm2) (Entered: 11/07/2021) |
| 11/11/2021 | 253 | Joint STATUS REPORT *of Google and Yelp Inc.* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 11/11/2021) |
| 11/11/2021 | 254 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Goldstein, Jeremy Michael) (Entered: 11/11/2021) |
| 11/12/2021 | | MINUTE ORDER. If Google and Yelp have not reached an agreement as to their discovery dispute by November 16, 2021, they shall submit simultaneous briefs of no more than ten pages (excluding exhibits) by November 24, 2021, so that the court can take up the matter at the hearing scheduled for November 30, 2021. Google and Yelp shall file a notice on November 17, 2021, advising whether they have resolved their dispute. Signed by Judge Amit P. Mehta on 11/12/2021. (lcapm2) (Entered: 11/12/2021) |
| 11/17/2021 | 255 | Joint STATUS REPORT *of Google and Yelp Inc.* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 11/17/2021) |
| 11/23/2021 | 256 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Goldstein, Jeremy Michael) (Entered: 11/23/2021) |
| 11/23/2021 | 257 | MOTION to Modify *Scheduling Order* by UNITED STATES OF AMERICA. (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion to Extend Discovery Deadlines, # 2 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 11/23/2021) |
| 11/24/2021 | | MINUTE ORDER. At the request of the United States, the status conference scheduled for November 30, 2021, shall proceed in a hybrid fashion in Courtroom 10. If counsel for any party wishes to appear in person, they may but are not required to do so. Given this late change, the court will not require any counsel, in particular for the Colorado Plaintiffs, to appear in person. Counsel for Google and lead counsel |

| | | |
|---|---|---|
| | | for the Colorado Plaintiffs shall notify the courtroom deputy whether they intend to appear in person or remotely. Counsel for third parties need not appear in person. Signed by Judge Amit P. Mehta on 11/24/2021. (lcapm2) (Entered: 11/24/2021) |
| 11/24/2021 | 258 | MEMORANDUM re 257 MOTION to Modify *Scheduling Order* filed by UNITED STATES OF AMERICA by STATE OF NEBRASKA. (Conrad, Joseph) (Entered: 11/24/2021) |
| 11/29/2021 | 259 | NOTICE of Appearance by Christopher VanDeusen on behalf of UNITED STATES OF AMERICA (VanDeusen, Christopher) (Entered: 11/29/2021) |
| 11/29/2021 | | NOTICE of Hearing: Members of the public or media may access the status hearing set for 11/30/2021 at 11:00 AM before Judge Amit P. Mehta by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. (zjd) (Entered: 11/29/2021) |
| 11/29/2021 | 260 | NOTICE of Appearance by Sarah Bartels on behalf of UNITED STATES OF AMERICA (Bartels, Sarah) (Main Document 260 replaced on 12/2/2021) (zeg). (Entered: 11/29/2021) |
| 11/30/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 11/30/2021. Proposed Orders due by 12/3/2021. Status Conferences set for 12/6/2021 at 2:00 PM, 1/7/2022 at 11:00 AM, and 2/11/2022 at 11:00 AM via videoconference before Judge Amit P. Mehta. The courtroom deputy will circulate dial−in information. Members of the public or media may access the hearing by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. (Court Reporter: William Zaremba) (zjd) (Entered: 11/30/2021) |
| 12/01/2021 | 261 | TRANSCRIPT OF JOINT STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on November 30, 2021; Page Numbers: 1−72. Date of Issuance: December 1, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/22/2021. Redacted Transcript Deadline set for 1/1/2022. Release of Transcript Restriction set for 3/1/2022.(wz) (Entered: 12/01/2021) |
| 12/03/2021 | 262 | NOTICE *of Filing (1) Competing Proposed Orders to Bifurcate Proceedings, and (2) Joint Proposed Order to Modify the Scheduling Order* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Goldstein, Jeremy Michael) (Entered: 12/03/2021) |

| 12/06/2021 | 263 | ORDER amending the Amended Scheduling and Case Management Order, ECF No. 108–1, to extend fact discovery and subsequent deadlines. See the attached Order for details. Signed by Judge Amit P. Mehta on 12/6/2021. (lcapm2) (Entered: 12/06/2021) |
|---|---|---|
| 12/06/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 12/6/2021. Joint Status Report due by 12/15/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 12/06/2021) |
| 12/06/2021 | 264 | ORDER to bifurcate proceedings. See attached Order for details. Signed by Judge Amit P. Mehta on 12/6/2021. (lcapm2) (Entered: 12/06/2021) |
| 12/06/2021 | | MINUTE ORDER. Pursuant to the status conference held on December 6, 2021, the court orders the following with respect to further proceedings in this matter: (1) the parties shall file a Joint Status Report on or before December 15, 2021, updating the court on the status of the November 30(b)(6) notice; and (2) on or before December 22, 2021, Google shall provide Plaintiffs with a schedule identifying the witnesses who will address the topics from the November 30(b)(6) notice that will be addressed by live testimony, which topic(s) each witness will address, and the dates each witness is available for deposition. Signed by Amit P. Mehta on 12/6/2021. (lcapm2) (Entered: 12/06/2021) |
| 12/06/2021 | 265 | ORDER amending the Amended Scheduling and Case Management Order, ECF No. 108–1, to include a paragraph on the obligation of recipients of a Rule 30(b)(6) deposition notice or subpoena to serve their responses and objections to such notice or subpoena within ten days. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 9/28/2021. (lcapm2) (Entered: 12/06/2021) |
| 12/07/2021 | 266 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on December 6, 2021; Page Numbers: 1–49. Date of Issuance: December 7, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchase d from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/28/2021. Redacted Transcript Deadline set for 1/7/2022. Release of Transcript Restriction set for 3/7/2022.(wz) (Entered: 12/07/2021) |
| 12/10/2021 | 267 | NOTICE of Appearance by Gloria K. Maier on behalf of GOOGLE LLC (Maier, Gloria) (Entered: 12/10/2021) |
| 12/15/2021 | 268 | |

| | | |
|---|---|---|
| | | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 12/15/2021) |
| 12/17/2021 | 269 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Ryan M. Sandrock terminated. (Sandrock, Ryan) (Entered: 12/17/2021) |
| 12/23/2021 | 270 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ARIZONA. Attorney Dana Vogel terminated. (Vogel, Dana) (Entered: 12/23/2021) |
| 01/04/2022 | 271 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A)(Goldstein, Jeremy Michael) (Entered: 01/04/2022) |
| 01/05/2022 | 272 | NOTICE of Appearance by William Thorn Matlack on behalf of COMMONWEALTH OF MASSACHUSETTS (Matlack, William) (Entered: 01/05/2022) |
| 01/06/2022 | 273 | NOTICE of Appearance by Aaron Philip Maurer on behalf of GOOGLE LLC (Maurer, Aaron) (Entered: 01/06/2022) |
| 01/07/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 1/7/2022. Proposed Order due by 1/12/2022. Supplements to Initial Disclosures due by 1/14/2022. Joint Status Reports due by 2/8/2022, 3/4/2022, and 4/4/2022. Status Conferences set for 2/11/2022 at 11:00 AM, 3/9/2022 at 11:00 AM, and tentatively for 4/7/2022 at 11:00 AM via videoconference before Judge Amit P. Mehta. The courtroom deputy will circulate connection information to counsel of record. Members of the public or media may access the hearing by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. (Court Reporter: William Zaremba) (zjd) (Entered: 01/07/2022) |
| 01/10/2022 | 274 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on January 7, 2022; Page Numbers: 1–70. Date of Issuance: January 10, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 1/31/2022. Redacted Transcript Deadline set for 2/10/2022. Release of Transcript Restriction set for 4/10/2022.(wz) (Entered: 01/10/2022) |
| 01/12/2022 | 275 | NOTICE of Proposed Order by GOOGLE LLC (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) Modified docket event/text on 1/14/2022 (zeg). (Entered: |

| | | |
|---|---|---|
| | | 01/12/2022) |
| 01/13/2022 | 276 | ORDER entering Proposed Order, ECF No. 275−1, regarding third party Microsoft's compliance with subpoenas issued in these matters. See attached Order for details. Signed by Judge Amit P. Mehta on 1/13/2022. (lcapm2) (Entered: 01/13/2022) |
| 01/28/2022 | 277 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF TENNESSEE. Attorney Jeanette Pascale terminated. (Pascale, Jeanette) (Entered: 01/28/2022) |
| 02/04/2022 | 278 | NOTICE of Appearance by Brian Matthew Yost on behalf of STATE OF ILLINOIS (Yost, Brian) (Entered: 02/04/2022) |
| 02/04/2022 | 279 | NOTICE of Appearance by Meagan Kara Bellshaw on behalf of UNITED STATES OF AMERICA (Bellshaw, Meagan) (Entered: 02/04/2022) |
| 02/08/2022 | 280 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Certificate of Service)(Schmidtlein, John) (Entered: 02/08/2022) |
| 02/08/2022 | 281 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 02/08/2022) |
| 02/08/2022 | 282 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MICROSOFT CORPORATION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Response, # 2 Text of Proposed Order)(Cohen, Vincent) (Entered: 02/08/2022) |
| 02/09/2022 | 283 | SEALED DOCUMENT filed by STATE OF NEBRASKA re 281 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Conrad, Joseph) (Entered: 02/09/2022) |
| 02/10/2022 | 284 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service Certificate of Service)(Herrmann, Karl) (Entered: 02/10/2022) |
| 02/10/2022 | | MINUTE ORDER granting 282 Non−Party Microsoft Corporation's Unopposed Motion for Leave to File Materials Under Seal. Having considered the relevant Hubbard factors, the court finds that an initial sealing of Microsoft's filing is warranted. Microsoft shall file an appropriately redacted version of its filing by February 17, 2022. Signed by Judge Amit P. Mehta on 2/10/2022. (lcapm2) (Entered: 02/10/2022) |
| 02/10/2022 | 285 | Joint STATUS REPORT by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schmidtlein, John) (Entered: 02/10/2022) |
| 02/11/2022 | 286 | ORDER amending the 98 Stipulated Protective Order. See attached Order for details. Signed by Judge Amit P. Mehta on 2/11/2022. (lcapm2) (Entered: 02/11/2022) |
| 02/11/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 2/11/2022. The parties are to meet and confer and submit a proposal regarding an exchange of the identities of witnesses and entities that may be called at trial by 2/16/2022. Google's response to United States Plaintiffs' letter regarding Topic 3 of the November 30(b)(6) notice is due by 2/18/2022. Plaintiffs' next non−data 30(b)(6) notice is due by 2/22/2022. The status conference originally scheduled for April 7, 2022 has been vacated and rescheduled |

| | | |
|---|---|---|
| | | to April 8, 2022 at 2:00 PM via videoconference before Judge Amit P. Mehta. The next status conference will take place on March 9, 2022 at 11:00 AM via videoconference. Members of the public or media may access the hearings by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. (Court Reporter: William Zaremba) (zjd) (Entered: 02/11/2022) |
| 02/14/2022 | 287 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on February 11, 2022; Page Numbers: 1–71. Date of Issuance: February 14, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purcha sed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/7/2022. Redacted Transcript Deadline set for 3/17/2022. Release of Transcript Restriction set for 5/15/2022.(wz) (Entered: 02/14/2022) |
| 02/15/2022 | 288 | NOTICE of Appearance by Jake Marvin Shields on behalf of UNITED STATES OF AMERICA (Shields, Jake) (Entered: 02/15/2022) |
| 02/16/2022 | 289 | REDACTED DOCUMENT– U.S. Plaintiffs' Position Statement Regarding a Discovery Dispute Involving Discovery of Microsoft by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/16/2022) |
| 02/16/2022 | 290 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/16/2022) |
| 02/16/2022 | 291 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Goldstein, Jeremy Michael) (Entered: 02/16/2022) |
| 02/16/2022 | 292 | REDACTED DOCUMENT– Plaintiff States' Response to Google LLC's Statement Regarding A Dispute Involving Third–Party Microsoft to 283 Sealed Document by STATE OF NEBRASKA. (Attachments: # 1 Certificate of Service)(Conrad, Joseph) (Entered: 02/16/2022) |
| 02/17/2022 | 293 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Russell P. Cohen, Filing fee $ 100, receipt number ADCDC–9052102. Fee Status: Fee Paid. by MICROSOFT CORPORATION. (Attachments: # 1 Declaration of Russell P. Cohen, # 2 Text of Proposed Order)(Ray, Amy) (Entered: 02/17/2022) |
| 02/17/2022 | | MINUTE ORDER granting 293 Motion for Admission Pro Hac Vice. Attorney Russell P. Cohen is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta |

| | | |
|---|---|---|
| | | 2/17/2022. (lcapm2) (Entered: 02/17/2022) |
| 02/17/2022 | 294 | REDACTED DOCUMENT– Defendant Google LLC's Statement Regarding a Dispute Involving Third Party Discovery of Microsoft by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/17/2022) |
| 02/17/2022 | 295 | RESPONSE re 294 Redacted Document *Google's February 8 Submission* filed by MICROSOFT CORPORATION. (Cohen, Vincent) (Entered: 02/17/2022) |
| 02/17/2022 | 296 | Joint STATUS REPORT by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schmidtlein, John) (Entered: 02/17/2022) |
| 02/18/2022 | 297 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Matthew L. Larrabee, Filing fee $ 100, receipt number ADCDC–9054252. Fee Status: Fee Paid. by MICROSOFT CORPORATION. (Attachments: # 1 Declaration of Matthew L. Larrabee in Support, # 2 Text of Proposed Order)(Cohen, Vincent) (Entered: 02/18/2022) |
| 02/18/2022 | 298 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Julia E. Chapman, Filing fee $ 100, receipt number ADCDC–9054316. Fee Status: Fee Paid. by MICROSOFT CORPORATION. (Attachments: # 1 Declaration of Julia E. Chapman in Support, # 2 Text of Proposed Order)(Cohen, Vincent) (Entered: 02/18/2022) |
| 02/18/2022 | | MINUTE ORDER granting 297 Motion for Admission Pro Hac Vice. Attorney Matthew L. Larrabee is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta 2/18/2022. (lcapm2) (Entered: 02/18/2022) |
| 02/18/2022 | | MINUTE ORDER granting 297 Motion for Admission Pro Hac Vice. Attorney Julia E. Chapman is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta 2/18/2022. (lcapm2) (Entered: 02/18/2022) |
| 02/19/2022 | 299 | NOTICE of Appearance by Julia Chapman on behalf of MICROSOFT CORPORATION (Chapman, Julia) (Entered: 02/19/2022) |
| 02/21/2022 | 300 | ORDER regarding the exchange of identities of third–party witnesses that may be called at trial. The court has adopted the "more likely" standard favored by Plaintiffs to ensure flexibility in making third–party designations so far out from trial, but it has placed a 40–person/entity cap per side to promote a meaningful set of third–party designees who can be deposed before the close of discovery. See attached Order for details. Signed by Judge Amit P. Mehta on 2/21/2022. (lcapm2) (Entered: 02/21/2022) |
| 02/22/2022 | 301 | NOTICE of Appearance by Allen Robert Davis on behalf of MICROSOFT CORPORATION (Davis, Allen) (Entered: 02/22/2022) |
| 02/22/2022 | 302 | NOTICE of Appearance by Matthew Lloyd Larrabee on behalf of MICROSOFT CORPORATION (Larrabee, Matthew) (Entered: 02/22/2022) |
| 02/22/2022 | 303 | NOTICE of Appearance by Russell P. Cohen on behalf of MICROSOFT CORPORATION (Cohen, Russell) (Entered: 02/22/2022) |
| 02/25/2022 | 304 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Youlin Yuan on behalf of GOOGLE LLC (Yuan, Youlin) (Entered: 02/25/2022) |
| 02/25/2022 | 305 | NOTICE of Appearance by Paul B. Gaffney on behalf of GOOGLE LLC (Gaffney, Paul) (Entered: 02/25/2022) |
| 02/25/2022 | 306 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael S. Sommer, Filing fee $ 100, receipt number ADCDC–9067082. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration of Michael S. Sommer In Support, # 2 Text of Proposed Order)(Waszmer, Wendy) (Entered: 02/25/2022) |
| 02/25/2022 | 307 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Justina K. Sessions, Filing fee $ 100, receipt number ADCDC–9067113. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration of Justina K. Sessions In Support, # 2 Text of Proposed Order)(Waszmer, Wendy) (Entered: 02/25/2022) |
| 02/25/2022 | 308 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Chul Pak, Filing fee $ 100, receipt number ADCDC–9067137. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration of Chul Pak In Support, # 2 Text of Proposed Order)(Waszmer, Wendy) (Entered: 02/25/2022) |
| 02/28/2022 | | MINUTE ORDER granting 306 Motion for Admission Pro Hac Vice. Attorney Michael S. Sommer is hereby admitted pro hac vice to appear in this matter. Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Amit P. Mehta on 2/28/2022. (lcapm2) (Entered: 02/28/2022) |
| 02/28/2022 | | MINUTE ORDER granting 307 Motion for Admission Pro Hac Vice. Attorney Justina K. Sessions is hereby admitted pro hac vice to appear in this matter. Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Amit P. Mehta on 2/28/2022. (lcapm2) (Entered: 02/28/2022) |
| 02/28/2022 | | MINUTE ORDER granting 308 Motion for Admission Pro Hac Vice. Attorney Chul Pak is hereby admitted pro hac vice to appear in this matter. Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Amit P. Mehta on 2/28/2022. (lcapm2) (Entered: 02/28/2022) |
| 02/28/2022 | | RESOLVED.....NOTICE of Provisional Status re 305 NOTICE of Appearance by Paul B. Gaffney on behalf of GOOGLE LLC (Gaffney, Paul). Your attorney renewal has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–admissions–and–renewal–information. Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 3/7/2022. (znm) Modified on 2/28/2022 (znm). (Entered: 02/28/2022) |
| 03/01/2022 | 309 | NOTICE of Appearance by Michael Sommer on behalf of GOOGLE LLC (Sommer, Michael) (Entered: 03/01/2022) |

| 03/01/2022 | 310 | NOTICE of Appearance by Justina Sessions on behalf of GOOGLE LLC (Sessions, Justina) (Entered: 03/01/2022) |
|---|---|---|
| 03/01/2022 | 311 | NOTICE of Appearance by Chul Pak on behalf of GOOGLE LLC (Pak, Chul) (Entered: 03/01/2022) |
| 03/04/2022 | 312 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Mark S. Parris, Filing fee $ 100, receipt number BDCDC–9083018. Fee Status: Fee Paid. by MICROSOFT CORPORATION. (Attachments: # 1 Declaration of Mark Parris, # 2 Text of Proposed Order)(Tynes, Haley) (Entered: 03/04/2022) |
| 03/04/2022 |  | MINUTE ORDER granting 312 Motion for Admission Pro Hac Vice. Attorney Mark S. Parris is hereby admitted pro hac vice to appear in this matter. Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Amit P. Mehta on 3/4/2022. (lcapm2) (Entered: 03/04/2022) |
| 03/04/2022 | 313 | NOTICE of Appearance by John A. Jurata, Jr on behalf of MICROSOFT CORPORATION (Jurata, John) (Entered: 03/04/2022) |
| 03/04/2022 | 314 | NOTICE of Appearance by Mark Parris on behalf of MICROSOFT CORPORATION (Parris, Mark) (Main Document 314 replaced on 3/4/2022) (zeg). (Entered: 03/04/2022) |
| 03/04/2022 | 315 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Herrmann, Karl) (Entered: 03/04/2022) |
| 03/07/2022 | 316 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Martin J. Black, Filing fee $ 100, receipt number ADCDC–9085761. Fee Status: Fee Paid. by MICROSOFT CORPORATION. (Attachments: # 1 Declaration of Martin J. Black in Support, # 2 Text of Proposed Order)(Cohen, Vincent) (Entered: 03/07/2022) |
| 03/07/2022 |  | MINUTE ORDER granting 316 Motion for Admission Pro Hac Vice. Attorney Martin J. Black is hereby admitted pro hac vice to appear in this matter. Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Amit P. Mehta on 3/7/2022. (lcapm2) (Entered: 03/07/2022) |
| 03/08/2022 | 317 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Memorandum in Support of Motion to Sanction Google and Compel, # 2 Text of Proposed Order, # 3 Declaration, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 29, # 33 Exhibit 30, # 34 Exhibit 31, # 35 Exhibit 32, # 36 Exhibit 33, # 37 Exhibit 34, # 38 Exhibit 35, # 39 Exhibit 36, # 40 Exhibit 37, # 41 Certificate of Service)(Herrmann, Karl) (Entered: 03/08/2022) |
| 03/08/2022 | 318 | NOTICE of Appearance by Martin J. Black on behalf of MICROSOFT CORPORATION (Black, Martin) (Entered: 03/08/2022) |
| 03/08/2022 | 319 | Joint STATUS REPORT *of March 4, 2022* by UNITED STATES OF AMERICA. (Attachments: # 1 A (Redacted Version), # 2 B (Redacted Version), # 3 C (Redacted |

| | | Version), # 4 D (Redacted Version))(Herrmann, Karl) (Entered: 03/08/2022) |
|---|---|---|
| 03/08/2022 | 320 | NOTICE of Appearance by Christopher Yeager on behalf of GOOGLE LLC (Yeager, Christopher) (Entered: 03/08/2022) |
| 03/09/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 3/9/2022. Status Conference set for 3/16/2022 at 4:30 PM via videoconference before Judge Amit P. Mehta. Members of the public or media may access the hearing by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. All briefing for the pending motion to compel and for sanctions is due by 4/1/2022. Oral Argument set for 4/8/2022 at 1:00 PM in Courtroom 10 before Judge Amit P. Mehta. (Court Reporter: William Zaremba) (zjd) (Entered: 03/13/2022) |
| 03/10/2022 | 321 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Anne Johnson Palmer, Filing fee $ 100, receipt number ADCDC−9097151. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration of Anne Johnson Palmer in Support, # 2 Text of Proposed Order)(Popofsky, Mark) (Entered: 03/10/2022) |
| 03/10/2022 | | MINUTE ORDER granting 321 Motion for Admission of Attorney Pro Hac Vice. Attorney Anne Johnson Palmer is hereby admitted pro hac vice to appear in this matter. Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Amit P. Mehta on 3/10/2022. (lcapm2) (Entered: 03/10/2022) |
| 03/11/2022 | 322 | NOTICE of Appearance by Anne Johnson Palmer on behalf of GOOGLE LLC (Johnson Palmer, Anne) (Entered: 03/11/2022) |
| 03/11/2022 | 323 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on March 9, 2022; Page Numbers: 1−72. Date of Issuance: March 11, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fro m the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 4/1/2022. Redacted Transcript Deadline set for 4/11/2022. Release of Transcript Restriction set for 6/9/2022.(wz) (Entered: 03/11/2022) |
| 03/14/2022 | | MINUTE ORDER. The status conference currently scheduled for March 16, 2022, at 4:30 p.m. is rescheduled for 4:15 p.m. on that same date. Signed by Judge Amit P. Mehta on 3/14/2022. (lcapm2) (Entered: 03/14/2022) |
| 03/14/2022 | 324 | |

| | | |
|---|---|---|
| | | ENTERED IN ERROR.....TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on March 9, 2022; Page Numbers: 1–72. Date of Issuance: March 14, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/4/2022. Redacted Transcript Deadline set for 4/14/2022. Release of Transcript Restriction set for 6/12/2022.(wz) Modified on 3/15/2022 (zeg). (Entered: 03/14/2022) |
| 03/15/2022 | 325 | NOTICE of Appearance by Joshua Daniel Abram on behalf of STATE OF NORTH CAROLINA (Abram, Joshua) (Entered: 03/15/2022) |
| 03/15/2022 | | NOTICE OF CORRECTED DOCKET ENTRY: re 324 Transcript was entered in error as duplicate to docket entry 323 . (zeg) (Entered: 03/15/2022) |
| 03/16/2022 | | NOTICE of Hearing: In light of the parties resolving their discovery dispute, the hearing set for March 16, 2022 at 4:15 PM is hereby vacated. (zjd) (Entered: 03/16/2022) |
| 03/21/2022 | 326 | REDACTED DOCUMENT– Motion to Sanction Google and Compel to 317 SEALED MOTION filed by UNITED STATES OF AMERICA by UNITED STATES OF AMERICA. (Attachments: # 1 Memorandum in Support of Motion to Sanction Google and Compel (Redacted Version), # 2 Text of Proposed Order (Redacted Version), # 3 Declaration (Redacted Version), # 4 Exhibit 1 (Filed Under Seal), # 5 Exhibit 2 (Filed Under Seal), # 6 Exhibit 3 (Filed Under Seal), # 7 Exhibit 4 (Redacted Version), # 8 Exhibit 5 (Filed Under Seal), # 9 Exhibit 6 (Filed Under Seal), # 10 Exhibit 7 (Filed Under Seal), # 11 Exhibit 8 (Redacted Version), # 12 Exhibit 9 (Filed Under Seal), # 13 Exhibit 10 (Filed Under Seal), # 14 Exhibit 11 (Filed Under Seal), # 15 Exhibit 12 (Filed Under Seal), # 16 Exhibit 13 (Filed Under Seal), # 17 Exhibit 14 (Filed Under Seal), # 18 Exhibit 15 (Filed Under Seal), # 19 Exhibit 16 (Filed Under Seal), # 20 Exhibit 17 (Filed Under Seal), # 21 Exhibit 18 (Filed Under Seal), # 22 Exhibit 19 (Filed Under Seal), # 23 Exhibit 20 (Filed Under Seal), # 24 Exhibit 21 (Filed Under Seal), # 25 Exhibit 22 (Filed Under Seal), # 26 Exhibit 23 (Filed Under Seal), # 27 Exhibit 24 (Filed Under Seal), # 28 Exhibit 25 (Filed Under Seal), # 29 Exhibit 26 (Filed Under Seal), # 30 Exhibit 27 (Filed Under Seal), # 31 Exhibit 28 (Filed Under Seal), # 32 Exhibit 29 (Filed Under Seal), # 33 Exhibit 30 (Filed Under Seal), # 34 Exhibit 31 (Filed Under Seal), # 35 Exhibit 32 (Filed Under Seal), # 36 Exhibit 33 (Filed Under Seal), # 37 Exhibit 34 (Redacted Version), # 38 Exhibit 35 (Redacted Version), # 39 Exhibit 36 (Redacted Version), # |

| | | |
|---|---|---|
| | | 40 Exhibit 37 (Redacted Version))(Herrmann, Karl) (Entered: 03/21/2022) |
| 03/24/2022 | 327 | SEALED OPPOSITION filed by GOOGLE LLC. re 317 SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5 (Part 1), # 6 Exhibit 5 (Part 2), # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Certificate of Service)(Schmidtlein, John) (Entered: 03/24/2022) |
| 03/24/2022 | 328 | REDACTED DOCUMENT– Opposition to Motion to Sanction and Compel to 327 Sealed Opposition,, by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5 (Part 1), # 6 Exhibit 5 (Part 2), # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17)(Schmidtlein, John) (Entered: 03/24/2022) |
| 03/31/2022 | 329 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– William E. Ridgway, Filing fee $ 100, receipt number ADCDC–9142063. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of William Ridgway, # 2 Text of Proposed Order)(Sunshine, Steven) (Entered: 03/31/2022) |
| 03/31/2022 | | MINUTE ORDER granting 329 Non–Party Petitioner Apple Inc.'s Motion for Admission Pro Hac Vice of William Ridgway. Attorney William Ridgway is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Signed by Judge Amit P. Mehta on 3/31/2022. (lcapm2) (Entered: 03/31/2022) |
| 04/01/2022 | 330 | SEALED REPLY TO OPPOSITION filed by UNITED STATES OF AMERICA re 317 SEALED MOTION filed by UNITED STATES OF AMERICA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration, # 2 Exhibit 38, # 3 Exhibit 39, # 4 Exhibit 40, # 5 Exhibit 41, # 6 Exhibit 42, # 7 Exhibit 43, # 8 Exhibit 44, # 9 Exhibit 45, # 10 Exhibit 46, # 11 Exhibit 47, # 12 Exhibit 48, # 13 Exhibit 49, # 14 Exhibit 50, # 15 Exhibit 51, # 16 Exhibit 54, # 17 Exhibit 55, # 18 Exhibit 56, # 19 Exhibit 57, # 20 Exhibit 58, # 21 Exhibit 59, # 22 Exhibit 60, # 23 Certificate of Service)(Herrmann, Karl) (Entered: 04/02/2022) |
| 04/04/2022 | 331 | NOTICE of Appearance by Lillian Okamuro on behalf of UNITED STATES OF AMERICA (Okamuro, Lillian) (Entered: 04/04/2022) |
| 04/04/2022 | 332 | NOTICE of Appearance by William Elliott Ridgway on behalf of APPLE INC. (Ridgway, William) (Entered: 04/04/2022) |
| 04/04/2022 | 333 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/04/2022) |
| 04/06/2022 | | NOTICE of Courtroom Change: The Oral Argument/Status Conference set for 4/8/2022 at 1:00 PM before Judge Amit P. Mehta will now proceed in Courtroom 12. Members of the public or media may attend the hearing in–person or access the proceedings by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. (zjd) Modified hearing type on 4/6/2022 (zjd). (Entered: 04/06/2022) |
| 04/06/2022 | 334 | NOTICE of Appearance by Catharine Sydnie Wright on behalf of UNITED STATES OF AMERICA (Wright, Catharine) (Entered: 04/06/2022) |

| 04/07/2022 | 335 | REDACTED DOCUMENT– Reply in Support of Plaintiffs' Motion to Sanction Google and Compel by UNITED STATES OF AMERICA. (Attachments: # 1 Declaration Meagan K. Bellshaw, # 2 Exhibit 38, # 3 Exhibit 39, # 4 Exhibit 40, # 5 Exhibit 41, # 6 Exhibit 42, # 7 Exhibit 43, # 8 Exhibit 44, # 9 Exhibit 45, # 10 Exhibit 46, # 11 Exhibit 47, # 12 Exhibit 48, # 13 Exhibit 49, # 14 Exhibit 50, # 15 Exhibit 51, # 16 Exhibit 54, # 17 Exhibit 55, # 18 Exhibit 56, # 19 Exhibit 57, # 20 Exhibit 58, # 21 Exhibit 59, # 22 Exhibit 60)(Goldstein, Jeremy Michael) (Entered: 04/07/2022) |
| --- | --- | --- |
| 04/07/2022 | 336 | NOTICE of Appearance by Christine Sommer on behalf of UNITED STATES OF AMERICA (Sommer, Christine) (Entered: 04/07/2022) |
| 04/08/2022 | 337 | TRANSCRIPT OF STATUS CONFERENCE/ORAL ARGUMENT PROCEEDINGS before Judge Amit P. Mehta held on April 8, 2022; Page Numbers: 1–75. Date of Issuance: April 8, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/29/2022. Redacted Transcript Deadline set for 5/9/2022. Release of Transcript Restriction set for 7/7/2022.(wz) (Entered: 04/08/2022) |
| 04/08/2022 |  | Minute Entry for proceedings held before Judge Amit P. Mehta: Oral Argument/Status Conference held on 4/8/2022. Status Conference tentatively set for 4/19/2022 at 2:00 PM via videoconference before Judge Amit P. Mehta. A further Status Conference is set for 5/12/2022 at 3:00 PM via videoconference before Judge Amit P. Mehta. Members of the public or media may access the hearing(s) by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. (Court Reporter: William Zaremba) (zjd) (Entered: 04/18/2022) |
| 04/12/2022 | 338 | ORDER regarding 317 Plaintiffs' Motion to Sanction Google and Compel Disclosure of Documents Unjustifiably Claimed by Google as Attorney–Client Privileged. The parties may submit any authority they believe supports their respective positions as to the court's inherent authority to sanction pre–litigation conduct by April 19, 2022. Google shall produce a sample of "silent attorney" emails for the court's in camera review by April 19, 2022. See attached Order for details. Signed by Judge Amit P. Mehta on 4/12/2022. (lcapm2) (Entered: 04/12/2022) |
| 04/12/2022 |  | Set/Reset Deadlines: The parties may submit any authority they believe supports their respective positions as to the court's inherent authority to sanction pre–litigation conduct and Google shall produce a sample of "silent attorney" emails |

| | | |
|---|---|---|
| | | for the court's in camera review by 4/19/2022. (zjch, ) (Entered: 04/13/2022) |
| 04/13/2022 | 339 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MICROSOFT CORPORATION. Attorney Haley P. Tynes terminated. (Tynes, Haley) (Entered: 04/13/2022) |
| 04/13/2022 | | NOTICE of Hearing: Discovery Hearing re Third Party Dispute set for 4/14/2022 at 8:45 AM via teleconference before Judge Amit P. Mehta. Counsel shall use the dial−in information provided by the courtroom deputy. Members of the public or media may access the proceedings by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. (zjd) (Entered: 04/13/2022) |
| 04/14/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Discovery Hearing re Third Party Dispute held via teleconference on 4/14/2022. (Court Reporter: William Zaremba) (zjd) (Entered: 04/18/2022) |
| 04/15/2022 | 340 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Rachael A. Racine, Filing fee $ 100, receipt number ADCDC−9175149. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Waszmer, Wendy) (Entered: 04/15/2022) |
| 04/15/2022 | | MINUTE ORDER granting 340 Motion for Admission Pro Hac Vice. Attorney Rachael A. Racine is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Signed by Judge Amit P. Mehta on 4/15/2022. (lcapm2) (Entered: 04/15/2022) |
| 04/18/2022 | 341 | TRANSCRIPT OF DISCOVERY HEARING RE THIRD−PARTY DISPUTE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on April 14, 2022; Page Numbers: 1−20. Date of Issuance: April 18, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form  For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.  **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.  Redaction Request due 5/9/2022. Redacted Transcript Deadline set for 5/19/2022. Release of Transcript Restriction set for 7/17/2022.(wz) (Entered: 04/18/2022) |
| 04/18/2022 | 342 | Joint STATUS REPORT by STATE OF NEBRASKA. (McKinley, Matthew) (Entered: 04/18/2022) |
| 04/19/2022 | | MINUTE ORDER. Pursuant to the parties' 342 Joint Status Report, the status conference scheduled for April 19, 2022, is hereby vacated. Signed by Judge Amit P. Mehta on 4/19/2022. (lcapm2) (Entered: 04/19/2022) |

| 04/19/2022 | 343 | NOTICE of Appearance by Rachael Racine on behalf of GOOGLE LLC (Racine, Rachael) (Entered: 04/19/2022) |
|---|---|---|
| 04/19/2022 | 344 | NOTICE OF SUPPLEMENTAL AUTHORITY by GOOGLE LLC (Schmidtlein, John) (Entered: 04/19/2022) |
| 04/19/2022 | 345 | NOTICE OF SUPPLEMENTAL AUTHORITY *Pursuant to the Court's April 12, 2022 Order* by UNITED STATES OF AMERICA (Goldstein, Jeremy Michael) Modified docket event/text on 4/21/2022 (zeg). (Entered: 04/19/2022) |
| 04/21/2022 | 346 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEW YORK. Attorney John D. Castiglione terminated. (Castiglione, John) (Entered: 04/21/2022) |
| 04/25/2022 | 347 | NOTICE of Appearance by Christi Foust on behalf of STATE OF INDIANA (Foust, Christi) (Main Document 347 replaced on 4/28/2022) (zeg). (Entered: 04/25/2022) |
| 04/29/2022 | 348 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney John Paul Foley terminated. (Foley, John) (Entered: 04/29/2022) |
| 05/06/2022 | 349 | NOTICE of Appearance by Bryce A Pashler on behalf of STATE OF IOWA (Pashler, Bryce) (Main Document 349 replaced on 5/9/2022) (zeg). (Entered: 05/06/2022) |
| 05/09/2022 | 350 | NOTICE of Change of Address by John E. Schmidtlein (Schmidtlein, John) (Entered: 05/09/2022) |
| 05/10/2022 | 351 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Goldstein, Jeremy Michael) (Entered: 05/10/2022) |
| 05/12/2022 | 352 | REDACTED DOCUMENT– Joint Status Report by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Goldstein, Jeremy Michael) (Entered: 05/12/2022) |
| 05/12/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 5/12/2022. The parties shall propose an evidentiary cut−off date and a deadline for motions to compel by 5/17/2022. Joint Status Report due by 6/14/2022. The next status conference will take place on 6/16/2022 at 3:00 PM or 6/17/2022 at 3:00 PM. The hearing time will be finalized at a later date. (Court Reporter: William Zaremba) (zjd) (Entered: 05/12/2022) |
| 05/12/2022 | | MINUTE ORDER. For the reasons stated during the status conference held on May 12, 2022, 317 326 Plaintiffs' Motion to Sanction Google and Compel Disclosure of Documents Unjustifiably Claimed by Google as Attorney−Client Privileged is denied. Google is ordered, however, to ensure that all of the "silent−attorney emails" at issue in the Motion have been re−reviewed to the same extent as the sample of 210 emails provided to the court for its in camera review. Signed by Judge Amit P. Mehta on 5/12/2022. (lcapm2) (Entered: 05/12/2022) |
| 05/13/2022 | 353 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on May 12, 2022; Page Numbers: 1–82. Date of Issuance: May 13, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form |

|  |  |  |
|---|---|---|
|  |  | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from t he court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/3/2022. Redacted Transcript Deadline set for 6/13/2022. Release of Transcript Restriction set for 8/11/2022.(wz) (Entered: 05/13/2022) |
| 05/17/2022 | 354 | Joint MOTION for Extension of Time to *Propose an Evidentiary Cut−Off Date and a Deadline for Motions to Compel* by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 05/17/2022) |
| 05/18/2022 |  | MINUTE ORDER granting 354 Joint Motion for Extension of Time to Propose an Evidentiary Cut−off Date and a Deadline for Motions to Compel. The parties shall file their proposal(s) on or before May 19, 2022. Signed by Judge Amit P. Mehta on 5/18/2022. (lcapm2) (Entered: 05/18/2022) |
| 05/18/2022 | 355 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF IOWA. Attorney Max Merrick Miller terminated. (Miller, Max) (Entered: 05/18/2022) |
| 05/19/2022 | 356 | Joint STATUS REPORT by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schmidtlein, John) (Entered: 05/19/2022) |
| 05/24/2022 |  | NOTICE of Hearing: The next status conference will proceed in−person on June 17, 2022 at 3:00 PM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 05/24/2022) |
| 05/25/2022 | 357 | ORDER regarding production deadline, motion to compel deadline, and evidentiary cut−off date. The parties shall file their Joint Status Report in advance of the status conference scheduled for June 17, 2022, on June 15, 2022. See attached Order for additional details. Signed by Judge Amit P. Mehta on 5/25/2022. (lcapm2) (Entered: 05/25/2022) |
| 05/27/2022 | 358 | NOTICE of Appearance by Colin P. Snider on behalf of STATE OF NEBRASKA (Snider, Colin) (Entered: 05/27/2022) |
| 06/10/2022 | 359 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Erin L. Shencopp terminated. (Shencopp, Erin) (Entered: 06/10/2022) |
| 06/15/2022 | 360 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 06/15/2022) |
| 06/16/2022 | 361 | REDACTED DOCUMENT− Joint Status Report by GOOGLE LLC. (Schmidtlein, John) (Entered: 06/16/2022) |
| 06/17/2022 |  | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 6/17/2022. Joint Status Report due by 7/12/2022. Status Conference set for |

| | | |
|---|---|---|
| | | 7/14/2022 at 2:00 PM in Courtroom 10 before Judge Amit P. Mehta. (Court Reporter: William Zaremba) (zjd) (Entered: 06/17/2022) |
| 06/17/2022 | | MINUTE ORDER. Pursuant to the status conference held on June 17, 2022, the court orders the following with respect to further proceedings in this matter: (1) Plaintiffs shall identify the witnesses they wish to re–depose on or before July 8, 2022. (2) The parties shall file a joint status report on July 12, 2022. (3) The parties shall appear for a status conference on July 14, 2022, at 2:00 p.m. in Courtroom 10. (4) The parties shall appear to deliver a tutorial presentation on relevant factual background to the court on September 8, 2022, starting at 9:30 a.m. in Courtroom 10. Each side is allotted three hours. (5) Google shall produce up to 200 additional linked–to documents that Plaintiffs may identify on a case–by–case basis no later than September 26, 2022. Signed by Judge Amit P. Mehta on 6/17/2022. (lcapm2) (Entered: 06/17/2022) |
| 06/21/2022 | 362 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on June 17, 2022; Page Numbers: 1–71. Date of Issuance: June 21, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the cour t reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/12/2022. Redacted Transcript Deadline set for 7/22/2022. Release of Transcript Restriction set for 9/19/2022.(wz) (Entered: 06/21/2022) |
| 06/24/2022 | 363 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF CALIFORNIA. Attorney Adam Miller terminated. (Miller, Adam) (Entered: 06/24/2022) |
| 06/24/2022 | 364 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF INDIANA. Attorney Erica S Sullivan terminated. (Sullivan, Erica) (Entered: 06/24/2022) |
| 06/30/2022 | 365 | NOTICE of Appearance by Margaret Sharp on behalf of STATE OF TEXAS (Sharp, Margaret) (Entered: 06/30/2022) |
| 06/30/2022 | 366 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF TEXAS. Attorney Bret Fulkerson terminated. (Fulkerson, Bret) (Entered: 06/30/2022) |
| 07/12/2022 | 367 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Appendix A)(Goldstein, Jeremy Michael) (Entered: 07/12/2022) |
| 07/13/2022 | 368 | MOTION for Extension of Time to *Respond to the Report of Edward A. Fox* by UNITED STATES OF AMERICA. (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion to Extend the Deadline to Respond to the Report of Edward A. |

| | | |
|---|---|---|
| | | Fox, # 2 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 07/13/2022) |
| 07/14/2022 | 369 | SEALED OPPOSITION filed by GOOGLE LLC. re 368 MOTION for Extension of Time to *Respond to the Report of Edward A. Fox* (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 07/14/2022) |
| 07/14/2022 | 370 | REDACTED DOCUMENT– Opposition to DOJ Plaintiffs' Motion to Extend the Deadline to Respond to the Report of Edward A. Fox by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 07/14/2022) |
| 07/14/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 7/14/2022. Status Conference set for 8/24/2022 at 2:30 PM in Courtroom 10 before Judge Amit P. Mehta. (Court Reporter: William Zaremba) (zjd) (Entered: 07/14/2022) |
| 07/14/2022 | | MINUTE ORDER. Pursuant to the status conference held on July 14, 2022, the court orders the following with respect to further proceedings in this matter: (1) United States Plaintiffs may take further deposition testimony from Paul Gennai for up to 4 hours; Anna Kartasheva for up to 1 hour; James Kolotouros for up to 4 hours; Jamie Rosenberg for up to 4 hours; and Philipp Schindler for up to 1.5 hours. (2) Colorado Plaintiffs may take further deposition testimony from Richard Holden for up to 2 hours and Andy Miller for up to 2 hours. (3) United States Plaintiffs and Colorado Plaintiffs make take further deposition testimony from Prabhakar Raghavan for up to 3.5 hours and Hal Varian for up to 4 hours, with such time to be allocated as determined by Plaintiffs. (4) Plaintiffs' 368 Motion to Extend the Deadline to Respond to the Report of Edward A. Fox is granted in part. The 263 Amended Scheduling and Case Management Order entered on December 6, 2021, is amended to reflect that Plaintiffs' deadline to serve their rebuttal expert report(s) to the Edward A. Fox report is extended by 14 days to 74 days after service of opening reports, or August 19, 2022. (5) The parties shall appear for a status conference on August 24, 2022, at 2:30 p.m. in Courtroom 10. Signed by Judge Amit P. Mehta on 7/14/2022. (lcapm2) (Entered: 07/14/2022) |
| 07/15/2022 | 371 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Jake Marvin Shields terminated. (Shields, Jake) (Entered: 07/15/2022) |
| 07/19/2022 | 372 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on July 14, 2022; Page Numbers: 1–54. Date of Issuance: July 19, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the cour t reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 8/9/2022. Redacted Transcript Deadline set for 8/19/2022. Release of Transcript Restriction set for 10/17/2022.(wz) (Entered: 07/19/2022) |
| 07/20/2022 | 373 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Diane Rebecca Hazel terminated. (Hazel, Diane) (Entered: 07/20/2022) |
| 07/29/2022 | 374 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ARIZONA. Attorney Christopher M. Sloot terminated. (Sloot, Christopher) (Entered: 07/29/2022) |
| 08/02/2022 | 375 | NOTICE of Appearance by Michael Schwartz on behalf of STATE OF NEW YORK (Schwartz, Michael) (Entered: 08/02/2022) |
| 08/03/2022 | 376 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion to Compel Production of Documents and Data Cited in Expert Reports, # 2 Text of Proposed Order, # 3 Certificate of Service, # 4 Exhibit A, # 5 Exhibit B)(Goldstein, Jeremy Michael) (Entered: 08/03/2022) |
| 08/05/2022 | 377 | MOTION to Expedite *Briefing of Plaintiffs' Motion to Compel Production of Documents and Data* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 08/05/2022) |
| 08/08/2022 | 378 | Memorandum in opposition to re 377 Motion to Expedite *Briefing of DOJ Plaintiffs' Motion to Compel* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/08/2022) |
| 08/09/2022 | | MINUTE ORDER denying 377 Plaintiffs' Motion to Expedite Briefing of Plaintiffs' Motion to Compel Production of Documents and Data Cited in Expert Reports of Edward A. Fox and Mark A. Israel. The court is unavailable next week to resolve the pending motion to compel, so expedited briefing will not result in a quicker resolution. Google shall respond to the 376 Plaintiffs' Motion to Compel Production of Documents and Data Cited in Expert Reports of Edward A. Fox and Mark A. Israel by August 15, 2022. Plaintiffs may file a reply brief by August 19, 2022. The court and the parties tentatively agreed to a status conference on August 24, 2022, at 2:30 p.m. The parties shall appear on that time and date so the court can address the 376 Motion to Compel and any other issues in dispute. Signed by Judge Amit P. Mehta on 8/9/2022. (lcapm2) (Entered: 08/09/2022) |
| 08/10/2022 | 379 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Thomas P. DeMatteo terminated. (DeMatteo, Thomas) (Entered: 08/10/2022) |
| 08/12/2022 | 380 | NOTICE of Appearance by Henry Cornillie on behalf of STATE OF CALIFORNIA (Cornillie, Henry) (Main Document 380 replaced on 8/15/2022) (zed). (Entered: 08/12/2022) |
| 08/15/2022 | 381 | SEALED OPPOSITION filed by GOOGLE LLC. re 376 Sealed Motion, (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 08/15/2022) |
| 08/19/2022 | 382 | SEALED REPLY TO OPPOSITION filed by UNITED STATES OF AMERICA re 376 Sealed Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 08/19/2022) |
| 08/23/2022 | 383 | |

| | | |
|---|---|---|
| | | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Certificate of Service)(Schmidtlein, John) (Entered: 08/23/2022) |
| 08/23/2022 | 384 | REDACTED DOCUMENT– *Plaintiffs' Motion to Compel Production of Documents and Data Cited in Expert Reports* by UNITED STATES OF AMERICA. (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion to Compel Production of Documents and Data Cited in Expert Reports, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 08/23/2022) |
| 08/23/2022 | 385 | REDACTED DOCUMENT– Google's Opposition to Motion to Compel Production of Documents and Data Cited in Expert Reports to 384 Redacted Document, by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/23/2022) |
| 08/24/2022 | | NOTICE of Hearing: The Status Conference set for 8/24/2022 at 2:30 PM before Judge Amit P. Mehta shall now proceed via videoconference. The parties are instructed to use the Zoom credentials provided by the courtroom deputy. Members of the public or media may access the hearing by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. (zjd) (Entered: 08/24/2022) |
| 08/24/2022 | 386 | REDACTED DOCUMENT– Joint Status Report by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schmidtlein, John) (Entered: 08/24/2022) |
| 08/24/2022 | 387 | REDACTED DOCUMENT– Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Production of Documents and Data Cited in Expert Reports of Edward A. Fox and Mark A. Israel to 382 Sealed Reply by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 08/24/2022) |
| 08/25/2022 | 388 | ORDER entering Joint Stipulation Regarding Plaintiffs' 376 Motion to Compel Production of Documents and Data Cited in Expert Reports of Edward A. Fox and Mark A. Israel. See attached Order for additional details. Signed by Judge Amit P. Mehta on 08/24/2022. (lcapm2) (Entered: 08/25/2022) |
| 08/25/2022 | 389 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on August 24, 2022; Page Numbers: 1–52. Date of Issuance: August 25, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 9/15/2022. Redacted Transcript Deadline set for 9/25/2022. Release of Transcript Restriction set for 11/23/2022.(wz) (Entered: 08/25/2022) |
| 09/06/2022 | 390 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Erica Lee Fruiterman terminated. (Fruiterman, Erica) (Entered: 09/06/2022) |
| 09/06/2022 | 391 | NOTICE of Appearance by Adam T. Severt on behalf of UNITED STATES OF AMERICA (Severt, Adam) (Entered: 09/06/2022) |
| 09/08/2022 | 392 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Abigail Leah Smith terminated. (Smith, Abigail) (Entered: 09/08/2022) |
| 09/08/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Tutorial Presentation held on 9/8/2022. Status Conference set for 10/14/2022 at 02:00 PM via videoconference before Judge Amit P. Mehta. Members of the public or media may access the hearing by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. (Court Reporter: William Zaremba) (zjd) (Entered: 09/08/2022) |
| 09/13/2022 | 393 | TRANSCRIPT OF TUTORIAL PRESENTATION PROCEEDINGS before Judge Amit P. Mehta held on September 8, 2022; Page Numbers: 1−287. Date of Issuance: September 13, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/4/2022. Redacted Transcript Deadline set for 10/14/2022. Release of Transcript Restriction set for 12/12/2022.(wz) (Entered: 09/13/2022) |
| 09/15/2022 | 394 | NOTICE of Appearance by Mary Frances Jowers on behalf of STATE OF SOUTH CAROLINA (Jowers, Mary) (Main Document 394 replaced on 9/16/2022) (zed). (Entered: 09/15/2022) |
| 09/15/2022 | 395 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEVADA. Attorney Marie W.L. Martin terminated. (Newman, Michelle) (Entered: 09/15/2022) |
| 09/29/2022 | 396 | NOTICE of Appearance by Marie W.L. Martin on behalf of STATE OF UTAH (Martin, Marie) (Entered: 09/29/2022) |
| 10/10/2022 | 397 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order, # 5 Certificate of Service)(Schmidtlein, John) (Entered: 10/10/2022) |

| 10/10/2022 | 398 | REDACTED DOCUMENT– Google's Motion to Exclude the Report and Testimony of DOJ Plaintiffs' Untimely Disclosed Expert to 397 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Schmidtlein, John) (Entered: 10/10/2022) |
|---|---|---|
| 10/12/2022 | 399 | NOTICE of Appearance by David A.F. McCoy on behalf of STATE OF ARKANSAS (McCoy, David) (Entered: 10/12/2022) |
| 10/13/2022 | 400 | Joint STATUS REPORT by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 10/13/2022) |
| 10/13/2022 | | MINUTE ORDER. At the request of the parties, the status conference scheduled for October 14, 2022, is vacated. The court will notify the parties of a future status conference date. Signed by Judge Amit P. Mehta on 10/13/2022. (lcapm2) (Entered: 10/13/2022) |
| 10/18/2022 | 401 | Memorandum in opposition to re 397 Sealed Motion *Exclude* filed by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 10/18/2022) |
| 10/25/2022 | 402 | REPLY to opposition to motion re 397 SEALED MOTION filed by GOOGLE LLC *re: Untimely Disclosed Expert* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/25/2022) |
| 10/25/2022 | | MINUTE ORDER. The parties shall appear for a post–discovery status conference on November 18, 2022, at 1:00 p.m. If the parties believe that a hearing is needed on the pending motion to exclude 397 , or a status conference is otherwise needed prior to November 18, 2022, they shall contact chambers to schedule such hearing. Signed by Judge Amit P. Mehta on 10/25/2022. (lcapm2) (Entered: 10/25/2022) |
| 11/10/2022 | 403 | ENTERED IN ERROR..... MOTION for Discovery *Expedited Motion to Permit Two Attorneys for U.S. Plaintiffs to Examine Edward A. Fox and Memorandum in Support Thereof* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Goldstein, Jeremy Michael); Modified on 11/10/2022 (ztth). (Entered: 11/10/2022) |
| 11/10/2022 | | NOTICE OF ERROR regarding 403 MOTION for Discovery *Expedited Motion to Permit Two Attorneys for U.S. Plaintiffs to Examine Edward A. Fox and Memorandum in Support Thereof*. The following error(s) need correction: Invalid attorney signature– signature on document must match PACER login. Please refile. (ztth) (Entered: 11/10/2022) |
| 11/10/2022 | 404 | MOTION for Discovery *Expedited Motion to Permit Two Attorneys for U.S. Plaintiffs to Examine Edward A. Fox and Memorandum in Support Thereof* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 11/10/2022) |
| 11/10/2022 | 405 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Christopher VanDeusen terminated. (VanDeusen, Christopher) (Entered: 11/10/2022) |
| 11/10/2022 | | MINUTE ORDER. Defendant Google LLC shall file any opposition to U.S. Plaintiffs' 404 Expedited Motion to Permit Two Attorneys for U.S. Plaintiffs to Examine Edward A. Fox by November 11, 2022, at 2:00 p.m. Signed by Judge Amit P. Mehta on 11/10/2022. (lcapm2) (Entered: 11/10/2022) |

| 11/10/2022 | 406 | Memorandum in opposition to re 404 Motion for Discovery, *Opposition to DOJ Plaintiffs' Motion to Allow a Divided Examination of Dr. Fox* filed by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 11/10/2022) |
|---|---|---|
| 11/10/2022 | 407 | ORDER granting U.S. Plaintiff's 404 Expedited Motion to Permit Two Attorneys to Examine Edward A. Fox. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 11/10/2022. (lcapm2) (Entered: 11/10/2022) |
| 11/15/2022 | 408 | NOTICE of Appearance by Joshua Hafenbrack on behalf of UNITED STATES OF AMERICA (Hafenbrack, Joshua) (Main Document 408 replaced on 11/15/2022) (znmw). (Entered: 11/15/2022) |
| 11/16/2022 |  | NOTICE of Hearing: The hearing set for Friday, November 18, 2022 at 1:00 PM is hereby vacated. The courtroom deputy will contact the parties to schedule a new hearing date. (zjd) (Entered: 11/16/2022) |
| 11/18/2022 | 409 | NOTICE of Appearance by Zachary William Biesanz on behalf of STATE OF MINNESOTA (Biesanz, Zachary) (Entered: 11/18/2022) |
| 11/23/2022 |  | NOTICE of Hearing: Status Conference set for 11/28/2022 at 4:15 PM via videoconference before Judge Amit P. Mehta. (zjd) (Entered: 11/23/2022) |
| 11/25/2022 | 410 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Proposed Order), # 2 Exhibit B (Proposed Order)(Herrmann, Karl) (Entered: 11/25/2022) |
| 11/28/2022 |  | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 11/28/2022. (Court Reporter: William Zaremba) (zjd) (Entered: 12/11/2022) |
| 11/29/2022 | 411 | ORDER. The Amended Scheduling and Case Management Order 108 and 263 is further amended so that the deadline to file any Daubert motions regarding experts Prof. Catherine Tucker and Prof. Kirsten Martin is extended to December 19, 2022, or ten days after the completion of the depositions of Prof. Tucker and Prof. Martin, whichever is later. The deadline to file all other Daubert motions remains December 12, 2022. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 11/29/2022. (lcapm2). (Entered: 11/29/2022) |
| 11/29/2022 | 412 | ORDER regarding the filing of public redacted versions of papers filed under seal in connection with summary judgment or Daubert motions. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 11/29/2022. (lcapm2) (Entered: 11/29/2022) |
| 11/29/2022 | 413 | ORDER regarding page limits for summary judgment briefs. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 11/29/2022. (lcapm2) (Entered: 11/29/2022) |
| 12/01/2022 |  | ORDER denying Defendant's 397 Motion to Exclude the Report and Testimony of DOJ Plaintiffs' Untimely Disclosed Expert. For the reasons stated on the record during the November 28, 2022 hearing, Defendant's motion is denied. Signed by Judge Amit P. Mehta on 12/1/2022. (lcapm2) (Entered: 12/01/2022) |
| 12/02/2022 | 414 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on November 28, 2022; Page Numbers: 1–45. Date of Issuance: December 2, 2022. Court Reporter/Transcriber: William Zaremba; |

| | | Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the <u>Transcript Order Form</u>

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchas ed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 12/23/2022. Redacted Transcript Deadline set for 1/2/2023. Release of Transcript Restriction set for 3/2/2023.(wz) (Entered: 12/02/2022) |
|---|---|---|
| 12/06/2022 | <u>415</u> | NOTICE of Appearance by Christian Brian Corrigan on behalf of STATE OF MONTANA (Corrigan, Christian) (Entered: 12/06/2022) |
| 12/12/2022 | <u>416</u> | SEALED MOTION filed by GOOGLE LLC (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Text of Proposed Order, # <u>9</u> Certification, # <u>10</u> Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | <u>417</u> | SEALED MOTION filed by GOOGLE LLC (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Text of Proposed Order, # <u>12</u> Certification, # <u>13</u> Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | <u>418</u> | SEALED MOTION filed by GOOGLE LLC (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16, # <u>17</u> Exhibit 17, # <u>18</u> Exhibit 18, # <u>19</u> Exhibit 19, # <u>20</u> Text of Proposed Order, # <u>21</u> Certification, # <u>22</u> Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | <u>419</u> | SEALED MOTION filed by GOOGLE LLC (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Text of Proposed Order, # <u>15</u> Certification, # <u>16</u> Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | <u>420</u> | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Text of Proposed Order, # <u>7</u> Certificate of Service)(Herrmann, Karl) (Entered: 12/12/2022) |
| 12/12/2022 | <u>421</u> | MOTION for Summary Judgment by GOOGLE LLC. (Attachments: # <u>1</u> Text of Proposed Order)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | <u>422</u> | SEALED DOCUMENT filed by GOOGLE LLC re <u>421</u> MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # <u>1</u> Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |

| 12/12/2022 | 423 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
|---|---|---|
| 12/12/2022 | 424 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order, # 4 Certificate of Service)(Herrmann, Karl) (Entered: 12/12/2022) |
| 12/12/2022 | 425 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Text of Proposed Order, # 14 Certificate of Service)(Herrmann, Karl) (Entered: 12/12/2022) |
| 12/12/2022 | 426 | MOTION for Summary Judgment by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | 427 | SEALED DOCUMENT filed by GOOGLE LLC re 426 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | 428 | SEALED DOCUMENT filed by GOOGLE LLC re 426 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/13/2022 | 429 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25)(Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 430 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 26, # 2 Exhibit 27, # 3 Exhibit 28, # 4 Exhibit 29, # 5 Exhibit 30, # 6 Exhibit 31, # 7 Exhibit 32, # 8 Exhibit 33, # 9 Exhibit 34, # 10 Exhibit 35, # 11 Exhibit 36, # 12 Exhibit 37, # 13 Exhibit 38, # 14 Exhibit 39, # 15 Exhibit 40, # 16 Exhibit 41, # 17 Exhibit 42, # 18 Exhibit 43, # 19 Exhibit 44, # 20 Exhibit 45, # 21 Exhibit 46, # 22 Exhibit 47, # 23 Exhibit 48, # 24 Exhibit 49, # 25 Exhibit 50)(Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 431 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 51, # 2 Exhibit 52, # 3 Exhibit 53, # 4 Exhibit 54, # 5 Exhibit 55, # 6 Exhibit 56, # 7 Exhibit 57, # 8 Exhibit 58, # 9 Exhibit 59, # 10 Exhibit 60, # 11 Exhibit 61, # 12 Exhibit 62, # 13 Exhibit 63, # 14 Exhibit 64, # 15 Exhibit 65, # 16 Exhibit 66, # 17 Exhibit 67, # 18 Exhibit 68, # 19 Exhibit 69, # 20 Exhibit 70, # 21 Exhibit 71, # 22 Exhibit 72, # 23 Exhibit 73, # 24 Exhibit 74, # 25 Exhibit 75)(Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 432 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 76, # 2 Exhibit 77, # 3 Exhibit 78, # 4 Exhibit 79, # 5 |

| | | |
|---|---|---|
| | | Exhibit 80, # 6 Exhibit 81, # 7 Exhibit 82, # 8 Exhibit 83, # 9 Exhibit 84, # 10 Exhibit 85, # 11 Exhibit 86, # 12 Exhibit 87, # 13 Exhibit 88, # 14 Exhibit 89, # 15 Exhibit 90, # 16 Exhibit 91, # 17 Exhibit 92, # 18 Exhibit 93, # 19 Exhibit 94, # 20 Exhibit 95, # 21 Exhibit 96, # 22 Exhibit 97, # 23 Exhibit 98, # 24 Exhibit 99, # 25 Exhibit 100)(Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 433 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 101, # 2 Exhibit 102, # 3 Exhibit 103, # 4 Exhibit 104, # 5 Exhibit 105, # 6 Exhibit 106, # 7 Exhibit 107, # 8 Exhibit 108, # 9 Exhibit 109, # 10 Exhibit 110, # 11 Exhibit 111, # 12 Exhibit 112, # 13 Exhibit 113, # 14 Exhibit 114, # 15 Exhibit 115, # 16 Exhibit 116, # 17 Exhibit 117, # 18 Exhibit 118, # 19 Exhibit 119, # 20 Exhibit 120, # 21 Exhibit 121, # 22 Exhibit 122, # 23 Exhibit 123, # 24 Exhibit 124, # 25 Exhibit 125, # 26 Exhibit 126, # 27 Exhibit 127, # 28 Exhibit 128, # 29 Exhibit 129, # 30 Certificate of Service)(Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 434 | SEALED DOCUMENT filed by GOOGLE LLC re 426 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40)(Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 435 | SEALED DOCUMENT filed by GOOGLE LLC re 426 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 41, # 2 Exhibit 42, # 3 Exhibit 43, # 4 Exhibit 44, # 5 Exhibit 45, # 6 Exhibit 46, # 7 Exhibit 47, # 8 Exhibit 48, # 9 Exhibit 49, # 10 Exhibit 50, # 11 Exhibit 51, # 12 Exhibit 52, # 13 Exhibit 53, # 14 Exhibit 54, # 15 Exhibit 55, # 16 Exhibit 56, # 17 Exhibit 57, # 18 Exhibit 58, # 19 Exhibit 59, # 20 Exhibit 60, # 21 Exhibit 61, # 22 Exhibit 62, # 23 Exhibit 63, # 24 Exhibit 64, # 25 Exhibit 65, # 26 Exhibit 66, # 27 Exhibit 67, # 28 Exhibit 68, # 29 Exhibit 69, # 30 Exhibit 70, # 31 Exhibit 71, # 32 Exhibit 72, # 33 Exhibit 73, # 34 Exhibit 74, # 35 Exhibit 75, # 36 Exhibit 76, # 37 Exhibit 77, # 38 Exhibit 78, # 39 Exhibit 79, # 40 Exhibit 80)(Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 436 | SEALED DOCUMENT filed by GOOGLE LLC re 426 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 81, # 2 Exhibit 82, # 3 Exhibit 83, # 4 Exhibit 84, # 5 Exhibit 85, # 6 Exhibit 86, # 7 Exhibit 87, # 8 Exhibit 88, # 9 Exhibit 89, # 10 Exhibit 90, # 11 Exhibit 91, # 12 Exhibit 92, # 13 Exhibit 93, # 14 Exhibit 94, # 15 Exhibit 95, # 16 Exhibit 96, # 17 Exhibit 97, # 18 Exhibit 98, # 19 Exhibit 99, # 20 Exhibit 100, # 21 Exhibit 101, # 22 Exhibit 102, # 23 Exhibit 103, # 24 Exhibit 104, # 25 Exhibit 105, # 26 Exhibit 106, # 27 Exhibit 107, # 28 Exhibit 108, # 29 Exhibit 109, # 30 Exhibit 110, # 31 Exhibit 111, # 32 Exhibit 112, # 33 Exhibit 113, # 34 Exhibit 114, # 35 Exhibit 115, # 36 Exhibit 116, # 37 Certificate of Service)(Schmidtlein, John) (Entered: 12/13/2022) |

| 12/19/2022 | 437 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF TEXAS. Attorney Kelsey Paine terminated. (Paine, Kelsey) (Entered: 12/19/2022) |
| 12/20/2022 | 438 | NOTICE of Appearance by Keaton Lynn Barnes on behalf of STATE OF ARKANSAS (Barnes, Keaton) (Entered: 12/20/2022) |
| 12/21/2022 | 439 | NOTICE of Appearance by Sara Trent Gray on behalf of UNITED STATES OF AMERICA (Gray, Sara) (Entered: 12/21/2022) |
| 12/21/2022 | 440 | NOTICE *Regarding Evidentiary Hearings in Connection with Daubert Motions* by GOOGLE LLC (Schmidtlein, John) (Entered: 12/21/2022) |
| 12/21/2022 | 441 | NOTICE *Regarding Evidentiary Hearings in Connection with Daubert Motions* by UNITED STATES OF AMERICA (Herrmann, Karl) (Entered: 12/21/2022) |
| 12/22/2022 | 442 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Herrmann, Karl) (Entered: 12/22/2022) |
| 12/23/2022 |  | MINUTE ORDER granting 442 SEALED MOTION. Plaintiffs may file under seal a corrected version of Plaintiffs' Sealed Motion, ECF No. 425 . Signed by Judge Amit P. Mehta on 12/23/2022. (zjd) (Entered: 12/23/2022) |
| 12/23/2022 | 443 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Text of Proposed Order, # 14 Certificate of Service)(Herrmann, Karl) (Entered: 12/23/2022) |
| 12/27/2022 | 444 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment , 426 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Statement of Facts, # 5 Exhibit, # 6 Exhibit, # 7 Certificate of Service)(Schmidtlein, John) (Entered: 12/27/2022) |
| 12/30/2022 | 445 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Matt Schock terminated. (Schock, Matt) (Entered: 12/30/2022) |
| 01/03/2023 | 446 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ARKANSAS. Attorney David A.F. McCoy terminated. (McCoy, David) (Entered: 01/03/2023) |
| 01/11/2023 | 447 | REDACTED DOCUMENT– Motion to Partially Exclude the Opinion of Plaintiffs' Expert Christine M. Hammer to 416 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/11/2023) |
| 01/11/2023 | 448 | REDACTED DOCUMENT– Motion to Exclude the Opinion of Plaintiffs' Expert Michael A.M. Davies to 417 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/11/2023) |
| 01/11/2023 | 449 | REDACTED DOCUMENT– Motion to Partially Exclude the Opinion of Plaintiffs' Expert Michael Whinston to 418 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/11/2023) |
| 01/11/2023 | 450 | REDACTED DOCUMENT– Motion to Partially Exclude the Opinion of Plaintiffs' Expert Jonathan Baker to 419 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/11/2023) |

| 01/11/2023 | 451 | REDACTED DOCUMENT– Google's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment to 422 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/11/2023) |
| --- | --- | --- |
| 01/11/2023 | 452 | REDACTED DOCUMENT– Google's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment to 427 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/11/2023) |
| 01/11/2023 | 453 | REDACTED DOCUMENT– Plaintiffs' Motion to Exclude the Expert Testimony of Randolph E. Bucklin and Memorandum In Support to 420 SEALED MOTION filed by UNITED STATES OF AMERICA by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order (Redacted))(Herrmann, Karl) (Entered: 01/11/2023) |
| 01/11/2023 | 454 | REDACTED DOCUMENT– Plaintiffs' Motion to Exclude the Expert Testimony of Ronald T. Wilcox and Memorandum In Support to 424 SEALED MOTION filed by UNITED STATES OF AMERICA by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order (Redacted))(Herrmann, Karl) (Entered: 01/11/2023) |
| 01/11/2023 | 455 | REDACTED DOCUMENT– Plaintiffs' Motion to Exclude the Expert Testimony of Edward A. Fox and Memorandum In Support to 443 SEALED MOTION filed by UNITED STATES OF AMERICA by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order (Redacted))(Herrmann, Karl) (Entered: 01/11/2023) |
| 01/12/2023 | 456 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF IDAHO. Attorney Brett Talmage DeLange terminated. (DeLange, Brett) (Entered: 01/12/2023) |
| 01/12/2023 | 457 | NOTICE of Appearance by Robert Bernheim on behalf of STATE OF ARIZONA (Bernheim, Robert) (Main Document 457 replaced on 1/16/2023) (zed). (Entered: 01/12/2023) |
| 01/13/2023 | 458 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ARIZONA. Attorney Michael S. Catlett terminated. (Bernheim, Robert) (Entered: 01/13/2023) |
| 01/20/2023 | 459 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AT&T INC.. Attorney Matthew Guice Aiken terminated. (Aiken, Matthew) (Entered: 01/20/2023) |
| 01/25/2023 | 460 | SEALED OPPOSITION filed by STATE OF COLORADO. re 419 Sealed Motion, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Text of Proposed Order)(Sallet, Jonathan) (Entered: 01/25/2023) |
| 01/25/2023 | 461 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 418 Sealed Motion, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Text of Proposed Order, # 19 Certificate of Service)(Herrmann, Karl) (Entered: 01/25/2023) |
| 01/25/2023 | 462 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 416 Sealed Motion, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # |

| | | |
|---|---|---|
| | | 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Text of Proposed Order, # 13 Certificate of Service)(Herrmann, Karl) (Entered: 01/25/2023) |
| 01/25/2023 | 463 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 417 Sealed Motion, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order, # 6 Certificate of Service)(Herrmann, Karl) (Entered: 01/25/2023) |
| 01/25/2023 | 464 | NOTICE of Appearance by Veronica N. Onyema on behalf of UNITED STATES OF AMERICA (Onyema, Veronica) (Entered: 01/25/2023) |
| 01/26/2023 | 465 | SEALED OPPOSITION filed by STATE OF COLORADO. re 426 Motion for Summary Judgment (Attachments: # 1 Plaintiff States' Statement of Material Facts, # 2 Plaintiff States' Response to Google's Statement of Material Facts, # 3 Text of Proposed Order)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 466 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 467 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 41, # 2 Exhibit 42, # 3 Exhibit 43, # 4 Exhibit 44, # 5 Exhibit 45, # 6 Exhibit 46, # 7 Exhibit 47, # 8 Exhibit 48, # 9 Exhibit 49, # 10 Exhibit 50, # 11 Exhibit 51, # 12 Exhibit 52, # 13 Exhibit 53, # 14 Exhibit 54, # 15 Exhibit 55, # 16 Exhibit 56, # 17 Exhibit 57, # 18 Exhibit 58, # 19 Exhibit 59, # 20 Exhibit 60, # 21 Exhibit 61, # 22 Exhibit 62, # 23 Exhibit 63, # 24 Exhibit 64, # 25 Exhibit 65, # 26 Exhibit 66, # 27 Exhibit 67, # 28 Exhibit 68, # 29 Exhibit 69, # 30 Exhibit 70, # 31 Exhibit 71, # 32 Exhibit 72, # 33 Exhibit 73, # 34 Exhibit 74, # 35 Exhibit 75, # 36 Exhibit 76, # 37 Exhibit 77, # 38 Exhibit 78, # 39 Exhibit 79, # 40 Exhibit 80)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 468 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 81, # 2 Exhibit 82, # 3 Exhibit 83, # 4 Exhibit 84, # 5 Exhibit 85, # 6 Exhibit 86, # 7 Exhibit 87, # 8 Exhibit 88, # 9 Exhibit 89, # 10 Exhibit 90, # 11 Exhibit 91, # 12 Exhibit 92, # 13 Exhibit 93, # 14 Exhibit 94, # 15 Exhibit 95, # 16 Exhibit 96, # 17 Exhibit 97, # 18 Exhibit 98, # 19 Exhibit 99, # 20 Exhibit 100, # 21 Exhibit 101, # 22 Exhibit 102, # 23 Exhibit 103, # 24 Exhibit 104, # 25 Exhibit 105, # 26 Exhibit 106, # 27 Exhibit 107, # 28 Exhibit 108, # 29 Exhibit 109, # 30 Exhibit 110, # 31 Exhibit 111, # 32 Exhibit 112, # 33 Exhibit 113, # 34 Exhibit 114, # 35 Exhibit 115, # 36 Exhibit 116, # 37 Exhibit 117, # 38 Exhibit 118, # 39 Exhibit 119, # 40 Exhibit 120)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 469 | |

| | | |
|---|---|---|
| | | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 121, # 2 Exhibit 122, # 3 Exhibit 123, # 4 Exhibit 124, # 5 Exhibit 125, # 6 Exhibit 126, # 7 Exhibit 127, # 8 Exhibit 128, # 9 Exhibit 129, # 10 Exhibit 130, # 11 Exhibit 131, # 12 Exhibit 132, # 13 Exhibit 133, # 14 Exhibit 134, # 15 Exhibit 135, # 16 Exhibit 136, # 17 Exhibit 137, # 18 Exhibit 138, # 19 Exhibit 139, # 20 Exhibit 140, # 21 Exhibit 141, # 22 Exhibit 142, # 23 Exhibit 143, # 24 Exhibit 144, # 25 Exhibit 145, # 26 Exhibit 146, # 27 Exhibit 147, # 28 Exhibit 148, # 29 Exhibit 149, # 30 Exhibit 150, # 31 Exhibit 151, # 32 Exhibit 152, # 33 Exhibit 153, # 34 Exhibit 154, # 35 Exhibit 155, # 36 Exhibit 156, # 37 Exhibit 157, # 38 Exhibit 158, # 39 Exhibit 159, # 40 Exhibit 160)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 470 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 161, # 2 Exhibit 162, # 3 Exhibit 163, # 4 Exhibit 164, # 5 Exhibit 165, # 6 Exhibit 166, # 7 Exhibit 167, # 8 Exhibit 168, # 9 Exhibit 169, # 10 Exhibit 170, # 11 Exhibit 171, # 12 Exhibit 172, # 13 Exhibit 173, # 14 Exhibit 174, # 15 Exhibit 175, # 16 Exhibit 176, # 17 Exhibit 177, # 18 Exhibit 178, # 19 Exhibit 179, # 20 Exhibit 180, # 21 Exhibit 181, # 22 Exhibit 182, # 23 Exhibit 183, # 24 Exhibit 184, # 25 Exhibit 185, # 26 Exhibit 186, # 27 Exhibit 187, # 28 Exhibit 188, # 29 Exhibit 189, # 30 Exhibit 190, # 31 Exhibit 191, # 32 Exhibit 192, # 33 Exhibit 193, # 34 Exhibit 194, # 35 Exhibit 195, # 36 Exhibit 196, # 37 Exhibit 197, # 38 Exhibit 198, # 39 Exhibit 199, # 40 Exhibit 200)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 471 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 201, # 2 Exhibit 202, # 3 Exhibit 203, # 4 Exhibit 204, # 5 Exhibit 205, # 6 Exhibit 206, # 7 Exhibit 207, # 8 Exhibit 208, # 9 Exhibit 209, # 10 Exhibit 210, # 11 Exhibit 211, # 12 Exhibit 212, # 13 Exhibit 213, # 14 Exhibit 214, # 15 Exhibit 215, # 16 Exhibit 216, # 17 Exhibit 217, # 18 Exhibit 218, # 19 Exhibit 219, # 20 Exhibit 220, # 21 Exhibit 221, # 22 Exhibit 222, # 23 Exhibit 223, # 24 Exhibit 224, # 25 Exhibit 225, # 26 Exhibit 226, # 27 Exhibit 227, # 28 Exhibit 228, # 29 Exhibit 229, # 30 Exhibit 230, # 31 Exhibit 231, # 32 Exhibit 232, # 33 Exhibit 233, # 34 Exhibit 234, # 35 Exhibit 235, # 36 Exhibit 236, # 37 Exhibit 237, # 38 Exhibit 238, # 39 Exhibit 239, # 40 Exhibit 240)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 472 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 241, # 2 Exhibit 242, # 3 Exhibit 243, # 4 Exhibit 244, # 5 Exhibit 245, # 6 Exhibit 246, # 7 Exhibit 247, # 8 Exhibit 248, # 9 Exhibit 249, # 10 Exhibit 250, # 11 Exhibit 251, # 12 Exhibit 252, # 13 Exhibit 253, # 14 Exhibit 254, # 15 Exhibit 255, # 16 Exhibit 256, # 17 Exhibit 257, # 18 Exhibit 258, # 19 Exhibit 259, # 20 Exhibit 260, # 21 Exhibit 261)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 473 | SEALED OPPOSITION filed by GOOGLE LLC. re 424 Sealed Motion (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Text of Proposed Order, # 7 Certificate of Service)(Schmidtlein, John) (Entered: 01/26/2023) |
| 01/26/2023 | 474 | SEALED OPPOSITION filed by GOOGLE LLC. re 420 Sealed Motion |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Text of Proposed Order, # 10 Certificate of Service)(Schmidtlein, John) (Entered: 01/26/2023) |
| 01/26/2023 | 475 | SEALED OPPOSITION filed by GOOGLE LLC. re 443 Sealed Motion, (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Text of Proposed Order, # 11 Certificate of Service)(Schmidtlein, John) (Entered: 01/26/2023) |
| 01/26/2023 | 476 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 421 Motion for Summary Judgment (Attachments: # 1 Statement of Facts (Plaintiffs' Statement of Genuine Issues), # 2 Statement of Facts (Plaintiffs' Counterstatement of Material Facts), # 3 Text of Proposed Order, # 4 Certificate of Service)(Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 477 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit – Pls. Ex. 001, # 2 Exhibit – Pls. Ex. 002, # 3 Exhibit – Pls. Ex. 003, # 4 Exhibit – Pls. Ex. 004, # 5 Exhibit – Pls. Ex. 005, # 6 Exhibit – Pls. Ex. 006, # 7 Exhibit – Pls. Ex. 007, # 8 Exhibit – Pls. Ex. 008, # 9 Exhibit – Pls. Ex. 009, # 10 Exhibit – Pls. Ex. 010, # 11 Exhibit – Pls. Ex. 014, # 12 Exhibit – Pls. Ex. 015, # 13 Exhibit – Pls. Ex. 019, # 14 Exhibit – Pls. Ex. 020, # 15 Exhibit – Pls. Ex. 022, # 16 Exhibit – Pls. Ex. 023, # 17 Exhibit – Pls. Ex. 024, # 18 Exhibit – Pls. Ex. 025, # 19 Exhibit – Pls. Ex. 026, # 20 Exhibit – Pls. Ex. 028, # 21 Exhibit – Pls. Ex. 029, # 22 Exhibit – Pls. Ex. 030, # 23 Exhibit – Pls. Ex. 045, # 24 Exhibit – Pls. Ex. 046, # 25 Exhibit – Pls. Ex. 047, # 26 Exhibit – Pls. Ex. 048, # 27 Exhibit – Pls. Ex. 049, # 28 Exhibit – Pls. Ex. 050, # 29 Exhibit – Pls. Ex. 051, # 30 Exhibit – Pls. Ex. 052, # 31 Exhibit – Pls. Ex. 053, # 32 Exhibit – Pls. Ex. 054, # 33 Exhibit – Pls. Ex. 055, # 34 Exhibit – Pls. Ex. 056, # 35 Exhibit – Pls. Ex. 057, # 36 Exhibit – Pls. Ex. 058, # 37 Exhibit – Pls. Ex. 059, # 38 Exhibit – Pls. Ex. 060, # 39 Exhibit – Pls. Ex. 061, # 40 Exhibit – Pls. Ex. 062)(Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 478 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit – Pls. Ex. 063, # 2 Exhibit – Pls. Ex. 064, # 3 Exhibit – Pls. Ex. 066, # 4 Exhibit – Pls. Ex. 067, # 5 Exhibit – Pls. Ex. 068, # 6 Exhibit – Pls. Ex. 069, # 7 Exhibit – Pls. Ex. 070, # 8 Exhibit – Pls. Ex. 072, # 9 Exhibit – Pls. Ex. 073, # 10 Exhibit – Pls. Ex. 074, # 11 Exhibit – Pls. Ex. 075, # 12 Exhibit – Pls. Ex. 076, # 13 Exhibit – Pls. Ex. 077, # 14 Exhibit – Pls. Ex. 078, # 15 Exhibit – Pls. Ex. 079, # 16 Exhibit – Pls. Ex. 080, # 17 Exhibit – Pls. Ex. 081, # 18 Exhibit – Pls. Ex. 083, # 19 Exhibit – Pls. Ex. 084, # 20 Exhibit – Pls. Ex. 085, # 21 Exhibit – Pls. Ex. 086, # 22 Exhibit – Pls. Ex. 087, # 23 Exhibit – Pls. Ex. 088, # 24 Exhibit – Pls. Ex. 089, # 25 Exhibit – Pls. Ex. 090, # 26 Exhibit – Pls. Ex. 091, # 27 Exhibit – Pls. Ex. 092, # 28 Exhibit – Pls. Ex. 093, # 29 Exhibit – Pls. Ex. 094, # 30 Exhibit – Pls. Ex. 095, # 31 Exhibit – Pls. Ex. 096, # 32 Exhibit – Pls. Ex. 097, # 33 Exhibit – Pls. Ex. 098, # 34 Exhibit – Pls. Ex. 099, # 35 Exhibit – Pls. Ex. 100, # 36 Exhibit – Pls. Ex. 101, # 37 Exhibit – Pls. Ex. 102, # 38 Exhibit – Pls. Ex. 103, # 39 Exhibit – Pls. Ex. 104, # 40 Exhibit – Pls. Ex. 105)(Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 479 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit – Pls. Ex. 106, # 2 Exhibit – Pls. Ex. 107, # 3 Exhibit – Pls. Ex. 108, # 4 Exhibit – Pls. Ex. 109, # 5 Exhibit – Pls. Ex. 110, # 6 Exhibit – Pls. |

| | | |
|---|---|---|
| | | Ex. 111, # 7 Exhibit – Pls. Ex. 112, # 8 Exhibit – Pls. Ex. 113, # 9 Exhibit – Pls. Ex. 114, # 10 Exhibit – Pls. Ex. 115, # 11 Exhibit – Pls. Ex. 116, # 12 Exhibit – Pls. Ex. 117, # 13 Exhibit – Pls. Ex. 118, # 14 Exhibit – Pls. Ex. 119, # 15 Exhibit – Pls. Ex. 120, # 16 Exhibit – Pls. Ex. 121, # 17 Exhibit – Pls. Ex. 122, # 18 Exhibit – Pls. Ex. 123, # 19 Exhibit – Pls. Ex. 124, # 20 Exhibit – Pls. Ex. 125, # 21 Exhibit – Pls. Ex. 126, # 22 Exhibit – Pls. Ex. 127, # 23 Exhibit – Pls. Ex. 128, # 24 Exhibit – Pls. Ex. 129, # 25 Exhibit – Pls. Ex. 130, # 26 Exhibit – Pls. Ex. 131, # 27 Exhibit – Pls. Ex. 132, # 28 Exhibit – Pls. Ex. 133, # 29 Exhibit – Pls. Ex. 134, # 30 Exhibit – Pls. Ex. 135, # 31 Exhibit – Pls. Ex. 137, # 32 Exhibit – Pls. Ex. 138, # 33 Exhibit – Pls. Ex. 139, # 34 Exhibit – Pls. Ex. 140, # 35 Exhibit – Pls. Ex. 142, # 36 Exhibit – Pls. Ex. 143, # 37 Exhibit – Pls. Ex. 144, # 38 Exhibit – Pls. Ex. 145, # 39 Exhibit – Pls. Ex. 146, # 40 Exhibit – Pls. Ex. 148)(Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 480 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit – Pls. Ex. 149, # 2 Exhibit – Pls. Ex. 150, # 3 Exhibit – Pls. Ex. 151, # 4 Exhibit – Pls. Ex. 152, # 5 Exhibit – Pls. Ex. 153, # 6 Exhibit – Pls. Ex. 154, # 7 Exhibit – Pls. Ex. 155, # 8 Exhibit – Pls. Ex. 156, # 9 Exhibit – Pls. Ex. 157, # 10 Exhibit – Pls. Ex. 158, # 11 Exhibit – Pls. Ex. 159, # 12 Exhibit – Pls. Ex. 160, # 13 Exhibit – Pls. Ex. 161, # 14 Exhibit – Pls. Ex. 162, # 15 Exhibit – Pls. Ex. 163, # 16 Exhibit – Pls. Ex. 164, # 17 Exhibit – Pls. Ex. 165, # 18 Exhibit – Pls. Ex. 166, # 19 Exhibit – Pls. Ex. 167, # 20 Exhibit – Pls. Ex. 168, # 21 Exhibit – Pls. Ex. 169, # 22 Exhibit – Pls. Ex. 170, # 23 Exhibit – Pls. Ex. 171, # 24 Exhibit – Pls. Ex. 172, # 25 Exhibit – Pls. Ex. 173, # 26 Exhibit – Pls. Ex. 174, # 27 Exhibit – Pls. Ex. 175, # 28 Exhibit – Pls. Ex. 176, # 29 Exhibit – Pls. Ex. 177, # 30 Exhibit – Pls. Ex. 178, # 31 Exhibit – Pls. Ex. 179, # 32 Exhibit – Pls. Ex. 180, # 33 Exhibit – Pls. Ex. 181, # 34 Exhibit – Pls. Ex. 182, # 35 Exhibit – Pls. Ex. 183, # 36 Exhibit – Pls. Ex. 184, # 37 Exhibit – Pls. Ex. 185, # 38 Exhibit – Pls. Ex. 186, # 39 Exhibit – Pls. Ex. 187, # 40 Exhibit – Pls. Ex. 188)(Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 481 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit – Pls. Ex. 189, # 2 Exhibit – Pls. Ex. 190, # 3 Exhibit – Pls. Ex. 191, # 4 Exhibit – Pls. Ex. 192, # 5 Exhibit – Pls. Ex. 193, # 6 Exhibit – Pls. Ex. 194, # 7 Exhibit – Pls. Ex. 195, # 8 Exhibit – Pls. Ex. 196, # 9 Exhibit – Pls. Ex. 197, # 10 Exhibit – Pls. Ex. 198, # 11 Exhibit – Pls. Ex. 199, # 12 Exhibit – Pls. Ex. 200, # 13 Exhibit – Pls. Ex. 201, # 14 Exhibit – Pls. Ex. 202, # 15 Exhibit – Pls. Ex. 203, # 16 Exhibit – Pls. Ex. 204, # 17 Exhibit – Pls. Ex. 205, # 18 Exhibit – Pls. Ex. 206, # 19 Exhibit – Pls. Ex. 207, # 20 Exhibit – Pls. Ex. 208, # 21 Exhibit – Pls. Ex. 209, # 22 Exhibit – Pls. Ex. 210, # 23 Exhibit – Pls. Ex. 211, # 24 Exhibit – Pls. Ex. 212, # 25 Exhibit – Pls. Ex. 213, # 26 Exhibit – Pls. Ex. 214, # 27 Exhibit – Pls. Ex. 215, # 28 Exhibit – Pls. Ex. 216, # 29 Exhibit – Pls. Ex. 217, # 30 Exhibit – Pls. Ex. 218, # 31 Exhibit – Pls. Ex. 219, # 32 Exhibit – Pls. Ex. 220, # 33 Exhibit – Pls. Ex. 221, # 34 Exhibit – Pls. Ex. 222, # 35 Exhibit – Pls. Ex. 223, # 36 Exhibit – Pls. Ex. 224, # 37 Exhibit – Pls. Ex. 225, # 38 Exhibit – Pls. Ex. 226, # 39 Exhibit – Pls. Ex. 230, # 40 Exhibit – Pls. Ex. 231)(Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 482 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit – Pls. Ex. 232, # 2 Exhibit – Pls. Ex. 233, # 3 Exhibit – Pls. Ex. 234, # 4 Exhibit – Pls. Ex. 236, # 5 Exhibit – Pls. Ex. 237, # 6 Exhibit – Pls. Ex. 238, # 7 Exhibit – Pls. Ex. 239, # 8 Exhibit – Pls. Ex. 240, # 9 Exhibit – Pls. Ex. 241, # 10 Exhibit – Pls. Ex. 242, # 11 Exhibit – Pls. Ex. 243, # 12 Exhibit – Pls. Ex. |

| | | |
|---|---|---|
| | | 244, # 13 Exhibit – Pls. Ex. 245, # 14 Exhibit – Pls. Ex. 246, # 15 Exhibit – Pls. Ex. 247, # 16 Exhibit – Pls. Ex. 248, # 17 Exhibit – Pls. Ex. 249, # 18 Exhibit – Pls. Ex. 251, # 19 Exhibit – Pls. Ex. 252, # 20 Exhibit – Pls. Ex. 253, # 21 Exhibit – Pls. Ex. 254, # 22 Exhibit – Pls. Ex. 255, # 23 Exhibit – Pls. Ex. 256, # 24 Exhibit – Pls. Ex. 257, # 25 Exhibit – Pls. Ex. 258, # 26 Exhibit – Pls. Ex. 264, # 27 Exhibit – Pls. Ex. 265, # 28 Exhibit – Pls. Ex. 268, # 29 Exhibit – Pls. Ex. 269, # 30 Exhibit – Pls. Ex. 270, # 31 Exhibit – Pls. Ex. 272, # 32 Exhibit – Pls. Ex. 273, # 33 Exhibit – Pls. Ex. 274, # 34 Exhibit – Pls. Ex. 275, # 35 Exhibit – Pls. Ex. 276, # 36 Exhibit – Pls. Ex. 277, # 37 Exhibit – Pls. Ex. 278, # 38 Exhibit – Pls. Ex. 279, # 39 Exhibit – Pls. Ex. 280, # 40 Exhibit – Pls. Ex. 283)(Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 483 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit – Pls. Ex. 284, # 2 Exhibit – Pls. Ex. 285, # 3 Exhibit – Pls. Ex. 286, # 4 Exhibit – Pls. Ex. 287, # 5 Exhibit – Pls. Ex. 288, # 6 Exhibit – Pls. Ex. 289, # 7 Exhibit – Pls. Ex. 290, # 8 Exhibit – Pls. Ex. 292, # 9 Exhibit – Pls. Ex. 293, # 10 Exhibit – Pls. Ex. 294, # 11 Exhibit – Pls. Ex. 295, # 12 Exhibit – Pls. Ex. 296, # 13 Exhibit – Pls. Ex. 297, # 14 Exhibit – Pls. Ex. 298, # 15 Exhibit – Pls. Ex. 299, # 16 Exhibit – Pls. Ex. 300, # 17 Exhibit – Pls. Ex. 301, # 18 Exhibit – Pls. Ex. 308, # 19 Exhibit – Pls. Ex. 309, # 20 Exhibit – Pls. Ex. 310, # 21 Exhibit – Pls. Ex. 311, # 22 Exhibit – Pls. Ex. 312, # 23 Exhibit – Pls. Ex. 313, # 24 Exhibit – Pls. Ex. 314, # 25 Exhibit – Pls. Ex. 315, # 26 Exhibit – Pls. Ex. 316, # 27 Exhibit – Pls. Ex. 317, # 28 Certificate of Service)(Herrmann, Karl) (Entered: 01/26/2023) |
| 02/03/2023 | 484 | CERTIFICATE OF SERVICE by STATE OF NEBRASKA re 460 Sealed Opposition, . (Conrad, Joseph) (Entered: 02/03/2023) |
| 02/03/2023 | 485 | CERTIFICATE OF SERVICE by STATE OF NEBRASKA re 468 Sealed Document,,, 470 Sealed Document,,, 467 Sealed Document,,, 469 Sealed Document,,, 466 Sealed Document,,, 471 Sealed Document,,, 472 Sealed Document,, 465 Sealed Opposition, . (Conrad, Joseph) (Entered: 02/03/2023) |
| 02/07/2023 | 486 | NOTICE of Appearance by Jayme L. Weber on behalf of STATE OF ARIZONA (Weber, Jayme) (Entered: 02/07/2023) |
| 02/07/2023 | 487 | NOTICE of Change of Address by John A. Jurata, Jr (Jurata, John) (Entered: 02/07/2023) |
| 02/08/2023 | | RESOLVED...NOTICE of Provisional/Government Not Certified Status re 487 NOTICE of Change of Address by John A. Jurata, Jr (Jurata, John).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 2/15/2023. (zbaj) Modified on 2/10/2023 (zbaj). (Entered: 02/08/2023) |
| 02/08/2023 | 488 | NOTICE of Change of Address by Russell P. Cohen (Cohen, Russell) (Entered: 02/08/2023) |

| | | |
|---|---|---|
| 02/08/2023 | 489 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 462 Sealed Opposition, 463 Sealed Opposition, 461 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 (Attachment 1), # 2 (Attachment 2), # 3 (Attachment 3), # 4 (Attachment 4), # 5 Certificate of Service)(Herrmann, Karl) (Entered: 02/08/2023) |
| 02/09/2023 | 490 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.)(Sallet, Jonathan) (Entered: 02/09/2023) |
| 02/09/2023 | 491 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.)(Sallet, Jonathan) (Entered: 02/09/2023) |
| 02/09/2023 | 492 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 480 Sealed Document,,,,, 477 Sealed Document,,,,, 482 Sealed Document,,,,, 476 Sealed Opposition, 481 Sealed Document,,,,, 478 Sealed Document,,,,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 (Attachment 1), # 2 (Attachment 2), # 3 (Attachment 3), # 4 (Attachment 4), # 5 (Attachment 5), # 6 (Attachment 6), # 7 (Attachment 7), # 8 (Attachment 8), # 9 (Attachment 9), # 10 (Attachment 10), # 11 (Attachment 11), # 12 (Attachment 12), # 13 (Attachment 13), # 14 (Attachment 14), # 15 (Attachment 15), # 16 (Attachment 16), # 17 (Attachment 17), # 18 (Attachment 18), # 19 (Attachment 19), # 20 Certificate of Service)(Herrmann, Karl) (Entered: 02/09/2023) |
| 02/09/2023 | 493 | CERTIFICATE OF SERVICE by STATE OF NEBRASKA re 490 Sealed Document . (Conrad, Joseph) (Entered: 02/09/2023) |
| 02/09/2023 | 494 | CERTIFICATE OF SERVICE by STATE OF NEBRASKA re 491 Sealed Document . (Conrad, Joseph) (Entered: 02/09/2023) |
| 02/10/2023 | 495 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Memorandum in Support of Motion to Sanction Google And An Evidentiary Hearing To Determine The Appropriate Relief, # 2 Text of Proposed Order, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35, # 38 Exhibit 36, # 39 Exhibit 37, # 40 Exhibit 38, # 41 Exhibit 39, # 42 Exhibit 40, # 43 Exhibit 41, # 44 Exhibit 42, # 45 Exhibit 43, # 46 Exhibit 44, # 47 Exhibit 45, # 48 Exhibit 46, # 49 Exhibit 47, # 50 Exhibit 48, # 51 Exhibit 49, # 52 Exhibit 50, # 53 Exhibit 51, # 54 Exhibit 52, # 55 Certificate of Service)(Herrmann, Karl) (Entered: 02/10/2023) |
| 02/12/2023 | 496 | SEALED MOTION filed by STATE OF COLORADO (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Certificate of Service)(Sallet, Jonathan) (Entered: 02/12/2023) |
| 02/15/2023 | 497 | MOTION for Extension of Time to File Response/Reply as to 495 SEALED MOTION filed by UNITED STATES OF AMERICA, 496 SEALED MOTION filed by STATE OF COLORADO by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 02/15/2023) |

| 02/16/2023 | | MINUTE ORDER granting Defendant's 497 Motion for an Extension of Time to Oppose the Motions Filed on February 10 and 12, 2023. Defendant Google's oppositions to Plaintiff United States' Motion 495 and Plaintiff States' Motion 496 shall be due on or before March 10, 2023. Plaintiffs' replies shall be due on or before March 24, 2023. Signed by Judge Amit P. Mehta on 2/16/2023. (lcapm2) (Entered: 02/16/2023) |
|---|---|---|
| 02/16/2023 | 498 | REDACTED DOCUMENT– Plaintiff States Opposition to Googles Motion to Partially Exclude the Opinion of Plaintiffs Expert Jonathan Baker to 460 Sealed Opposition, by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 02/16/2023) |
| 02/16/2023 | 499 | REDACTED DOCUMENT– Plaintiff States' Memorandum in Opposition to Defendant Google LLC's Motion for Summary Judgement to 465 Sealed Opposition, by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 02/16/2023) |
| 02/16/2023 | 500 | REDACTED DOCUMENT– Defendant's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Exclude the Expert Testimony of Ronald T. Wilcox to 473 Sealed Opposition by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/16/2023) |
| 02/16/2023 | 501 | REDACTED DOCUMENT– Defendant's Opposition to Plaintiffs' Motion to Exclude Certain Expert Testimony of Professor Randolph E. Bucklin to 474 Sealed Opposition, by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/16/2023) |
| 02/16/2023 | 502 | REDACTED DOCUMENT– Defendant's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Exclude the Expert Testimony of Edward A. Fox to 475 Sealed Opposition, by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/16/2023) |
| 02/16/2023 | 503 | REDACTED DOCUMENT– Plaintiffs' Memorandum in Opposition to Defendant Google LLC's Motion to Partially Exclude the Opinion of Plaintiffs' Expert Michael Whinston to 461 Sealed Opposition, by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/16/2023) |
| 02/16/2023 | 504 | REDACTED DOCUMENT– Plaintiffs' Memorandum in Opposition to Defendant Google LLC's Motion to Partially Exclude the Opinion of Plaintiffs' Expert Christine M. Hammer to 462 Sealed Opposition, by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/16/2023) |
| 02/16/2023 | 505 | REDACTED DOCUMENT– Plaintiffs' Memorandum in Opposition to Defendant Google LLC's Motion to Exclude the Opinion of Plaintiffs' Expert Michael A.M. Davies to 463 Sealed Opposition by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/16/2023) |
| 02/16/2023 | 506 | REDACTED DOCUMENT– Plaintiffs' Memorandum in Opposition to Defendant Google's Motion for Summary Judgment to 476 Sealed Opposition, by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/16/2023) |
| 02/17/2023 | 507 | NOTICE of Appearance by Joseph J. Wardenski on behalf of GEORGE LOEWENSTEIN, KLAUS M. SCHMIDT, PAUL HEIDHUES (Wardenski, Joseph) (Main Document 507 replaced on 2/27/2023) (zed). (Entered: 02/17/2023) |
| 02/17/2023 | 508 | MOTION for Leave to File *Amicus Brief* by AMERICAN ANTITRUST INSTITUTE. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Exhibit Proposed Amicus Curiae Brief)(Bradish, Kathleen) (Entered: 02/17/2023) |

142

| 02/17/2023 | 509 | MOTION for Leave to File *Brief as Amici Curiae in Support of Plaintiffs* by PAUL HEIDHUES, GEORGE LOEWENSTEIN, KLAUS M. SCHMIDT. (Attachments: # 1 Exhibit A – Proposed Brief, # 2 Exhibit B – Email Correspondence, # 3 Text of Proposed Order)(Wardenski, Joseph) (Entered: 02/17/2023) |
|---|---|---|
| 02/21/2023 | 510 | NOTICE of Appearance by Michael Rosengart on behalf of UNITED STATES OF AMERICA (Rosengart, Michael) (Entered: 02/21/2023) |
| 02/22/2023 | 511 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF UTAH. Attorney Tara Pincock terminated. (Pincock, Tara) (Entered: 02/22/2023) |
| 02/23/2023 | 512 | REDACTED DOCUMENT– United States' Motion for Sanctions Against Google, LLC and an Evidentiary Hearing to Determine Appropriate Relief to 495 SEALED MOTION filed by UNITED STATES OF AMERICA by UNITED STATES OF AMERICA. (Attachments: # 1 Memorandum in Support of Motion to Sanction Google And An Evidentiary Hearing To Determine The Appropriate Relief, # 2 Text of Proposed Order, # 3 Exhibit 1, # 4 Exhibit 2 (Sealed), # 5 Exhibit 3 (Sealed), # 6 Exhibit 4, # 7 Exhibit 5 (Sealed), # 8 Exhibit 6 (Sealed), # 9 Exhibit 7 (Sealed), # 10 Exhibit 8 (Sealed), # 11 Exhibit 9 (Sealed), # 12 Exhibit 10 (Sealed), # 13 Exhibit 11 (Sealed), # 14 Exhibit 12 (Sealed), # 15 Exhibit 13 (Sealed), # 16 Exhibit 14 (Sealed), # 17 Exhibit 15 (Sealed), # 18 Exhibit 16 (Sealed), # 19 Exhibit 17 (Sealed), # 20 Exhibit 18 (Sealed), # 21 Exhibit 19 (Sealed), # 22 Exhibit 20 (Sealed), # 23 Exhibit 21 (Sealed), # 24 Exhibit 22 (Sealed), # 25 Exhibit 23 (Redacted), # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32 (Redacted), # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35, # 38 Exhibit 36, # 39 Exhibit 37, # 40 Exhibit 38, # 41 Exhibit 39, # 42 Exhibit 40, # 43 Exhibit 41, # 44 Exhibit 42, # 45 Exhibit 43 (Sealed), # 46 Exhibit 44, # 47 Exhibit 45, # 48 Exhibit 46, # 49 Exhibit 47 (Sealed), # 50 Exhibit 48 (Sealed), # 51 Exhibit 49 (Sealed), # 52 Exhibit 50, # 53 Exhibit 51 (Sealed), # 54 Exhibit 52, # 55 Certificate of Service)(Herrmann, Karl) (Entered: 02/23/2023) |
| 02/23/2023 | 513 | REDACTED DOCUMENT– Plaintiff States' Motion for Sanctions Against Google, LLC and an Evidentiary Hearing to Determine Appropriate Relief to 496 SEALED MOTION filed by STATE OF COLORADO by STATE OF COLORADO. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit A (Sealed), # 4 Exhibit B, # 5 Exhibit C (Sealed), # 6 Certificate of Service)(Sallet, Jonathan) (Entered: 02/23/2023) |
| 02/24/2023 | 514 | SEALED REPLY TO OPPOSITION filed by GOOGLE LLC re 416 Sealed Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 8, # 2 Exhibit 9, # 3 Exhibit 10, # 4 Exhibit 11, # 5 Certificate of Service)(Schmidtlein, John) (Entered: 02/24/2023) |
| 02/24/2023 | 515 | SEALED REPLY TO OPPOSITION filed by GOOGLE LLC re 417 Sealed Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 11, # 2 Exhibit 12, # 3 Certificate of Service)(Schmidtlein, John) (Entered: 02/24/2023) |
| 02/24/2023 | 516 | SEALED REPLY TO OPPOSITION filed by GOOGLE LLC re 418 Sealed Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 20, # 2 Exhibit 21, # 3 Exhibit 22, # 4 Exhibit 23, # 5 Certificate of Service)(Schmidtlein, John) (Entered: 02/24/2023) |
| 02/24/2023 | 517 | |

| | | SEALED REPLY TO OPPOSITION filed by GOOGLE LLC re 419 Sealed Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 14, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 02/24/2023) |
|---|---|---|
| 02/27/2023 | 518 | NOTICE of Appearance by Conor J. May on behalf of STATE OF COLORADO (May, Conor) (Entered: 02/27/2023) |
| 02/27/2023 | 519 | SEALED REPLY TO OPPOSITION filed by UNITED STATES OF AMERICA re 420 Sealed Motion (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit F, # 2 Exhibit G, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit J, # 6 Exhibit K, # 7 Exhibit L, # 8 Certificate of Service)(Herrmann, Karl) (Entered: 02/27/2023) |
| 02/27/2023 | 520 | SEALED REPLY TO OPPOSITION filed by UNITED STATES OF AMERICA. re 424 Sealed Motion (Attachments: # 1 Exhibit C, # 2 Exhibit D, # 3 Exhibit E, # 4 Exhibit F, # 5 Exhibit G, # 6 Exhibit H, # 7 Exhibit I, # 8 Exhibit J, # 9 Exhibit K, # 10 Certificate of Service)(Herrmann, Karl); Modified docketing event at the request of counsel on 2/28/2023 (ztth). (Entered: 02/27/2023) |
| 02/27/2023 | 521 | SEALED REPLY TO OPPOSITION filed by UNITED STATES OF AMERICA re 443 Sealed Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit M, # 2 Exhibit N, # 3 Exhibit O, # 4 Exhibit P, # 5 Exhibit Q, # 6 Exhibit R, # 7 Exhibit S, # 8 Exhibit T, # 9 Exhibit U, # 10 Certificate of Service)(Herrmann, Karl) (Entered: 02/27/2023) |
| 02/27/2023 | 522 | SEALED REPLY TO OPPOSITION filed by GOOGLE LLC re 421 Motion for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 STRICKEN AND DELETED PURSUANT TO 569 SEALED ORDER.....Response to Plaintiffs' Counterstatement of Material Facts, # 2 Index of Exhibits, # 3 Exhibit 130, # 4 Exhibit 131, # 5 Exhibit 132, # 6 Certificate of Service)(Schmidtlein, John) Modified on 3/22/2023 (zjd). (Entered: 02/27/2023) |
| 02/27/2023 | 523 | SEALED REPLY TO OPPOSITION filed by GOOGLE LLC re 426 Motion for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Response to Plaintiff States' Statement of Material Facts, # 2 Index of Exhibits, # 3 Exhibit 117, # 4 Exhibit 118, # 5 Exhibit 119, # 6 Exhibit 120, # 7 Exhibit 121, # 8 Exhibit 122, # 9 Certificate of Service)(Schmidtlein, John) (Entered: 02/27/2023) |
| 02/28/2023 | | MINUTE ORDER: The parties shall appear for a remote scheduling conference on March 3, 2023, at 4:15 p.m. before Judge Amit P. Mehta. Signed by Judge Amit P. Mehta on 2/28/2023. (lcapm2) (Entered: 02/28/2023) |
| 03/01/2023 | 524 | NOTICE of Appearance by Elizabeth Winsor Hereford on behalf of STATE OF COLORADO (Hereford, Elizabeth) (Entered: 03/01/2023) |
| 03/02/2023 | | NOTICE of Hearing: Scheduling Conference set for 3/3/2023 at 4:15 PM via videoconference before Judge Amit P. Mehta. Members of the public may access the hearing by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. (zjd) (Entered: 03/02/2023) |
| 03/03/2023 | 525 | NOTICE of Appearance by Ryan R. Frasher on behalf of STATE OF INDIANA (Frasher, Ryan) (Main Document 525 replaced on 3/3/2023) (zed). (Entered: 03/03/2023) |

| 03/03/2023 | 526 | Memorandum in opposition to re 508 Motion for Leave to File filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/03/2023) |
|---|---|---|
| 03/03/2023 | 527 | Memorandum in opposition to re 509 Motion for Leave to File, filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/03/2023) |
| 03/03/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Scheduling Conference held via videoconference on 3/3/2023. (Court Reporter: William Zaremba) (zjd) (Entered: 03/15/2023) |
| 03/06/2023 | 528 | TRANSCRIPT OF SCHEDULING CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on March 3, 2023; Page Numbers: 1–17. Date of Issuance: March 6, 2023. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/27/2023. Redacted Transcript Deadline set for 4/6/2023. Release of Transcript Restriction set for 6/4/2023.(wz) (Entered: 03/06/2023) |
| 03/10/2023 | 529 | SEALED OPPOSITION filed by GOOGLE LLC. re 495 Sealed Motion,,,, 496 Sealed Motion (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Text of Proposed Order, # 20 Certificate of Service)(Schmidtlein, John) (Entered: 03/10/2023) |
| 03/13/2023 | 530 | REDACTED DOCUMENT– Plaintiff States' Statement of Material Facts to 499 Redacted Document, 465 Sealed Opposition, by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 03/13/2023) |
| 03/13/2023 | 531 | REDACTED DOCUMENT– Plaintiff States' Response to Google's Statement of Material Facts to 499 Redacted Document, 465 Sealed Opposition, by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 03/13/2023) |
| 03/13/2023 | 532 | REDACTED DOCUMENT– Plaintiffs' Reply in Support of Plaintiffs' Motion to Exclude the Expert Testimony of Randolph E. Bucklin to 519 Sealed Reply, by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 533 | REDACTED DOCUMENT– Plaintiffs' Reply in Support of Plaintiffs' Motion to Exclude the Expert Testimony of Ronald T. Wilcox to 520 Sealed Opposition, by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 03/13/2023) |

| 03/13/2023 | 534 | REDACTED DOCUMENT– Exhibits to Plaintiff States' Opposition to Defendant Google LLC's Motion for Summary Judgement to 470 Sealed Document,,, 466 Sealed Document,,, 471 Sealed Document,,, 468 Sealed Document,,, 469 Sealed Document,,, 467 Sealed Document,,, 472 Sealed Document,, by STATE OF COLORADO. (Attachments: # 1 Exhibit 1–8, # 2 Exhibit 9, # 3 Exhibit 10, # 4 Exhibit 11–12, # 5 Exhibit 13, # 6 Exhibit 14, # 7 Exhibit 15, # 8 Exhibit 16, # 9 Exhibit 17–19, # 10 Exhibit 20, # 11 Exhibit 21–22, # 12 Exhibit 23–27, # 13 Exhibit 28, # 14 Exhibit 29–30, # 15 Exhibit 31, # 16 Exhibit 32–37, # 17 Exhibit 38, # 18 Exhibit 39, # 19 Exhibit 40, # 20 Exhibit 41, # 21 Exhibit 42, # 22 Exhibit 43, # 23 Exhibit 44, # 24 Exhibit 45, # 25 Exhibit 46–54, # 26 Exhibit 55–57, # 27 Exhibit 58–72, # 28 Exhibit 73, # 29 Exhibit 74–80, # 30 Exhibit 81–83, # 31 Exhibit 84, # 32 Exhibit 85, # 33 Exhibit 86, # 34 Exhibit 87, # 35 Exhibit 88, # 36 Exhibit 89–90, # 37 Exhibit 91, # 38 Exhibit 92, # 39 Exhibit 93–99, # 40 Exhibit 100–101, # 41 Exhibit 102–112, # 42 Exhibit 113, # 43 Exhibit 114–116, # 44 Exhibit 117–118, # 45 Exhibit 119–121, # 46 Exhibit 122, # 47 Exhibit 123, # 48 Exhibit 124–126, # 49 Exhibit 127, # 50 Exhibit 128–131)(Sallet, Jonathan) (Entered: 03/13/2023) |
| 03/13/2023 | 535 | REDACTED DOCUMENT– Plaintiffs' Reply in Support of Plaintiffs' Motion to Exclude the Expert Testimony of Edward A. Fox to 521 Sealed Reply, by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 536 | REDACTED DOCUMENT– Exhibits to Plaintiff States Opposition to Defendant Google LLC's Motion for Summary Judgement to 470 Sealed Document,,, 466 Sealed Document,,, 471 Sealed Document,,, 468 Sealed Document,,, 469 Sealed Document,,, 467 Sealed Document,,, 472 Sealed Document,, by STATE OF COLORADO. (Attachments: # 1 Exhibit 132, # 2 Exhibit 133, # 3 Exhibit 134, # 4 Exhibit 135–145, # 5 Exhibit 146, # 6 Exhibit 147–149, # 7 Exhibit 150, # 8 Exhibit 151–155, # 9 Exhibit 156, # 10 Exhibit 157–158, # 11 Exhibit 159–161, # 12 Exhibit 162–164, # 13 Exhibit 165, # 14 Exhibit 166, # 15 Exhibit 167–168, # 16 Exhibit 169–170, # 17 Exhibit 171, # 18 Exhibit 172–173, # 19 Exhibit 174, # 20 Exhibit 175–179, # 21 Exhibit 180–182, # 22 Exhibit 183, # 23 Exhibit 184–189, # 24 Exhibit 190–192, # 25 Exhibit 193–195, # 26 Exhibit 196–197, # 27 Exhibit 198, # 28 Exhibit 199–201, # 29 Exhibit 202–205, # 30 Exhibit 206–209, # 31 Exhibit 210, # 32 Exhibit 211–222, # 33 Exhibit 223–224, # 34 Exhibit 225–235, # 35 Exhibit 236, # 36 Exhibit 237, # 37 Exhibit 238, # 38 Exhibit 239–240, # 39 Exhibit 241, # 40 Exhibit 242–243, # 41 Exhibit 244–246, # 42 Exhibit 247–248, # 43 Exhibit 249, # 44 Exhibit 250–252, # 45 Exhibit 253, # 46 Exhibit 254–255, # 47 Exhibit 256–261)(Sallet, Jonathan) (Entered: 03/13/2023) |
| 03/13/2023 | 537 | REDACTED DOCUMENT– Exhibits to Plaintiff States' Opposition to Defendant Google LLC's Motion to Partially Exclude the Opinion of Plaintiffs Expert Jonathan Baker. Ex. A–H to 498 Redacted Document, 460 Sealed Opposition, by STATE OF COLORADO. (Attachments: # 1 Exhibit I, # 2 Exhibit J, # 3 Exhibit K, # 4 Exhibit L, # 5 Exhibit M, # 6 Exhibit N, # 7 Exhibit O, # 8 Exhibit P–R)(Sallet, Jonathan) (Entered: 03/13/2023) |
| 03/13/2023 | 538 | NOTICE OF FILING REDACTED DOCUMENT to 420 SEALED MOTION filed by UNITED STATES OF AMERICA, 519 Sealed Reply, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A – B (Sealed), # 2 Exhibit C (Redacted), # 3 Exhibit D – E (Sealed), # 4 Exhibit F (Redacted), # 5 Exhibit G – H (Sealed), # 6 Exhibit I (Redacted), # 7 Exhibit J – L (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |

| 03/13/2023 | 539 | NOTICE OF FILING REDACTED DOCUMENT to 424 SEALED MOTION filed by UNITED STATES OF AMERICA, 520 Sealed Opposition, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A (Redacted), # 2 Exhibit B (Sealed), # 3 Exhibit C (Redacted), # 4 Exhibit D (Redacted), # 5 Exhibit E (Redacted), # 6 Exhibit F (Redacted), # 7 Exhibit G (Redacted), # 8 Exhibit H (Redacted), # 9 Exhibit I (Redacted), # 10 Exhibit J (Redacted), # 11 Exhibit K (Redacted))(Herrmann, Karl) (Entered: 03/13/2023) |
|---|---|---|
| 03/13/2023 | 540 | NOTICE OF FILING REDACTED DOCUMENT to 443 SEALED MOTION filed by UNITED STATES OF AMERICA, 521 Sealed Reply, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A – U (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 541 | NOTICE OF FILING REDACTED DOCUMENT to 461 Sealed Opposition, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A (Sealed), # 2 Exhibit B (Redacted), # 3 Exhibit C – D (Sealed), # 4 Exhibit E (Redacted), # 5 Exhibit F (Redacted), # 6 Exhibit G – I (Sealed), # 7 Exhibit J (Redacted), # 8 Exhibit K – L (Sealed), # 9 Exhibit M (Redacted), # 10 Exhibit N – Q (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 542 | NOTICE OF FILING REDACTED DOCUMENT to 462 Sealed Opposition, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A – D (Sealed), # 2 Exhibit E (Redacted), # 3 Exhibit F (Redacted), # 4 Exhibit G (Redacted), # 5 Exhibit H (Redacted), # 6 Exhibit I (Redacted), # 7 Exhibit J (Redacted), # 8 Exhibit K (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 543 | NOTICE OF FILING REDACTED DOCUMENT to 463 Sealed Opposition by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A (Sealed), # 2 Exhibit B (Redacted), # 3 Exhibit C – D (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 544 | NOTICE OF FILING REDACTED DOCUMENT to 480 Sealed Document,,,,, 479 Sealed Document,,,,, 483 Sealed Document,,,, 477 Sealed Document,,,,, 492 Sealed Document,,, 482 Sealed Document,,,,, 476 Sealed Opposition, 481 Sealed Document,,,,, 478 Sealed Document,,,,, by UNITED STATES OF AMERICA (Attachments: # 1 Statement of Facts Plaintiffs' Statement of Genuine Issues – Redacted, # 2 Statement of Facts Plaintiffs' Counterstatement of Material Facts – Redacted, # 3 Plaintiffs' List of Exhibits)(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 545 | REDACTED DOCUMENT– Defendant's Reply in Support of Its Motion to Partially Exclude the Opinion of Plaintiffs' Expert Christine M. Hammer to 514 Sealed Reply, by GOOGLE LLC. (Attachments: # 1 Exhibit 8, # 2 Exhibit 9, # 3 Exhibit 10, # 4 Exhibit 11)(Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 546 | REDACTED DOCUMENT– Exhibits to Defendant's Motion to Partially Exclude the Opinion of Plaintiffs' Expert Christine M. Hammer to 416 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Attachments: # 1 Exhibit 6, # 2 Exhibit 7)(Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 547 | REDACTED DOCUMENT– Defendant's Reply in Support of Its Motion to Exclude the Opinion of Plaintiffs' Expert Michael A. M. Davies to 515 Sealed Reply by GOOGLE LLC. (Attachments: # 1 Exhibit 11, # 2 Exhibit 12)(Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 548 | NOTICE OF FILING REDACTED DOCUMENT to 477 Sealed Document,,,,, 492 Sealed Document,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit |

| | | |
|---|---|---|
| | | – Pls. Ex. 001–002 (Sealed), # 2 Exhibit – Pls. Ex. 003 (Redacted), # 3 Exhibit – Pls. Ex. 004 (Sealed), # 4 Exhibit – Pls. Ex. 005 (Sealed), # 5 Exhibit – Pls. Ex. 006 (Sealed), # 6 Exhibit – Pls. Ex. 007 (Sealed), # 7 Exhibit – Pls. Ex. 008 (Sealed), # 8 Exhibit – Pls. Ex. 009 (Sealed), # 9 Exhibit – Pls. Ex. 010 (Sealed), # 10 Exhibit – Pls. Ex. 014 (Redacted), # 11 Exhibit – Pls. Ex. 015 (Redacted), # 12 Exhibit – Pls. Ex. 019–020 (Sealed), # 13 Exhibit – Pls. Ex. 022–024 (Sealed), # 14 Exhibit – Pls. Ex. 025 (Redacted), # 15 Exhibit – Pls. Ex. 026 (Redacted), # 16 Exhibit – Pls. Ex. 028 (Redacted), # 17 Exhibit – Pls. Ex. 029 (Sealed), # 18 Exhibit – Pls. Ex. 030 (Sealed), # 19 Exhibit – Pls. Ex. 045–060 (Sealed), # 20 Exhibit – Pls. Ex. 061 (Redacted), # 21 Exhibit – Pls. Ex. 062 (Redacted))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 549 | REDACTED DOCUMENT– Defendant's Reply in Support of Its Motion to Partially Exclude the Opinion of Plaintiffs' Expert Michael Whinston to 516 Sealed Reply, by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 550 | REDACTED DOCUMENT– Defendant's Reply in Support of Its Motion to Partially Exclude the Opinion of Plaintiffs' Expert Jonathan Baker to 517 Sealed Reply by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 551 | NOTICE OF FILING REDACTED DOCUMENT to 492 Sealed Document,,, 478 Sealed Document,,,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit – Pls. Ex. 063 (Redacted), # 2 Exhibit – Pls. Ex. 064 (Sealed), # 3 Exhibit – Pls. Ex. 066–067 (Sealed), # 4 Exhibit – Pls. Ex. 068 (Redacted), # 5 Exhibit – Pls. Ex. 069–070 (Sealed), # 6 Exhibit – Pls. Ex. 072–076 (Sealed), # 7 Exhibit – Pls. Ex. 077 (Redacted), # 8 Exhibit – Pls. Ex. 078–081 (Sealed), # 9 Exhibit – Pls. Ex. 083 (Sealed), # 10 Exhibit – Pls. Ex. 084 (Sealed), # 11 Exhibit – Pls. Ex. 085 (Sealed), # 12 Exhibit – Pls. Ex. 086 (Sealed), # 13 Exhibit – Pls. Ex. 087–092 (Sealed), # 14 Exhibit – Pls. Ex. 093 (Redacted), # 15 Exhibit – Pls. Ex. 094–097 (Sealed), # 16 Exhibit – Pls. Ex. 098 (Redacted), # 17 Exhibit – Pls. Ex. 099 (Sealed), # 18 Exhibit – Pls. Ex. 100 (Redacted), # 19 Exhibit – Pls. Ex. 101 (Redacted), # 20 Exhibit – Pls. Ex. 102 (Redacted), # 21 Exhibit – Pls. Ex. 104 (Redacted), # 22 Exhibit – Pls. Ex. 105 (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 552 | NOTICE OF FILING REDACTED DOCUMENT to 479 Sealed Document,,,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit – Pls. Ex. 106 (Sealed), # 2 Exhibit – Pls. Ex. 107 (Sealed), # 3 Exhibit – Pls. Ex. 108–110 (Sealed), # 4 Exhibit – Pls. Ex. 111 (Sealed), # 5 Exhibit – Pls. Ex. 112–116 (Sealed), # 6 Exhibit – Pls. Ex. 117 (Sealed), # 7 Exhibit – Pls. Ex. 118 (Sealed), # 8 Exhibit – Pls. Ex. 119 (Sealed), # 9 Exhibit – Pls. Ex. 120 (Sealed), # 10 Exhibit – Pls. Ex. 121–129 (Sealed), # 11 Exhibit – Pls. Ex. 130 (Sealed), # 12 Exhibit – Pls. Ex. 131 (Redacted), # 13 Exhibit – Pls. Ex. 132 (Sealed), # 14 Exhibit – Pls. Ex. 133 (Redacted), # 15 Exhibit – Pls. Ex. 134–135 (Sealed), # 16 Exhibit – Pls. Ex. 137–140 (Sealed), # 17 Exhibit – Pls. Ex. 142–145 (Sealed), # 18 Exhibit – Pls. Ex. 146 (Sealed), # 19 Exhibit – Pls. Ex. 148 (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 553 | NOTICE OF FILING REDACTED DOCUMENT to 480 Sealed Document,,,,, 492 Sealed Document,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit – Pls. Ex. 149 (Sealed), # 2 Exhibit – Pls. Ex. 150 (Redacted), # 3 Exhibit – Pls. Ex. 151–154 (Sealed), # 4 Exhibit – Pls. Ex. 155 (Redacted), # 5 Exhibit – Pls. Ex. 156 (Redacted), # 6 Exhibit – Pls. Ex. 157 (Sealed), # 7 Exhibit – Pls. Ex. 158–164 |

| | | |
|---|---|---|
| | | (Sealed), # 8 Exhibit – Pls. Ex. 165 (Redacted), # 9 Exhibit – Pls. Ex. 166–169 (Sealed), # 10 Exhibit – Pls. Ex. 170 (Sealed), # 11 Exhibit – Pls. Ex. 171–174 (Sealed), # 12 Exhibit – Pls. Ex. 175 (Sealed), # 13 Exhibit – Pls. Ex. 176 (Redacted), # 14 Exhibit – Pls. Ex. 177–178 (Sealed), # 15 Exhibit – Pls. Ex. 179 (Sealed), # 16 Exhibit – Pls. Ex. 180 (Redacted), # 17 Exhibit – Pls. Ex. 181 (Redacted), # 18 Exhibit – Pls. Ex. 182 (Redacted), # 19 Exhibit – Pls. Ex. 183 (Sealed), # 20 Exhibit – Pls. Ex. 184–188 (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 554 | NOTICE OF FILING REDACTED DOCUMENT to 492 Sealed Document,,, 481 Sealed Document,,,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit – Pls. Ex. 189–209 (Sealed), # 2 Exhibit – Pls. Ex. 210 (Redacted), # 3 Exhibit – Pls. Ex. 211 (Redacted), # 4 Exhibit – Pls. Ex. 212 (Sealed), # 5 Exhibit – Pls. Ex. 213 (Sealed), # 6 Exhibit – Pls. Ex. 214–220 (Sealed), # 7 Exhibit – Pls. Ex. 221 (Redacted), # 8 Exhibit – Pls. Ex. 222 (Redacted), # 9 Exhibit – Pls. Ex. 223 (Redacted), # 10 Exhibit – Pls. Ex. 224 (Sealed), # 11 Exhibit – Pls. Ex. 225 (Sealed), # 12 Exhibit – Pls. Ex. 226 (Redacted), # 13 Exhibit – Pls. Ex. 230 (Redacted), # 14 Exhibit – Pls. Ex. 231 (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 555 | REDACTED DOCUMENT– Defendant's Statement of Material Facts as to Which There Is No Genuine Issue in Support of Its Motion for Summary Judgment to 423 Sealed Document, 429 Sealed Document,, by GOOGLE LLC. (Attachments: # 1 List of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2–7, # 4 Exhibit 8, # 5 Exhibit 9–29, # 6 Exhibit 30, # 7 Exhibit 31–129)(Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 556 | NOTICE OF FILING REDACTED DOCUMENT to 492 Sealed Document,,, 482 Sealed Document,,,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit – Pls. Ex. 232–233 (Sealed), # 2 Exhibit – Pls. Ex. 234 (Sealed), # 3 Exhibit – Pls. Ex. 236–242 (Sealed), # 4 Exhibit – Pls. Ex. 243 (Sealed), # 5 Exhibit – Pls. Ex. 244 (Redacted), # 6 Exhibit – Pls. Ex. 245 (Sealed), # 7 Exhibit – Pls. Ex. 246 (Sealed), # 8 Exhibit – Pls. Ex. 247–248 (Sealed), # 9 Exhibit – Pls. Ex. 249 (Redacted), # 10 Exhibit – Pls. Ex. 251–254 (Sealed), # 11 Exhibit – Pls. Ex. 255 (Redacted), # 12 Exhibit – Pls. Ex. 256 (Redacted), # 13 Exhibit – Pls. Ex. 257–258 (Sealed), # 14 Exhibit – Pls. Ex. 264 (Redacted), # 15 Exhibit – Pls. Ex. 265–269 (Sealed), # 16 Exhibit – Pls. Ex. 270 (Redacted), # 17 Exhibit – Pls. Ex. 272 (Sealed), # 18 Exhibit – Pls. Ex. 273 (Sealed), # 19 Exhibit – Pls. Ex. 274 (Sealed), # 20 Exhibit – Pls. Ex. 275–276 (Sealed), # 21 Exhibit – Pls. Ex. 277 (Redacted), # 22 Exhibit – Pls. Ex. 278 (Sealed), # 23 Exhibit – Pls. Ex. 279 (Redacted), # 24 Exhibit – Pls. Ex. 280 (Sealed), # 25 Exhibit – Pls. Ex. 283 (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 557 | NOTICE OF FILING REDACTED DOCUMENT to 483 Sealed Document,,,, 492 Sealed Document,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit – Pls. Ex. 284–290 (Sealed), # 2 Exhibit – Pls. Ex. 292–293 (Sealed), # 3 Exhibit – Pls. Ex. 294 (Redacted), # 4 Exhibit – Pls. Ex. 295–299 (Sealed), # 5 Exhibit – Pls. Ex. 300 (Redacted), # 6 Exhibit – Pls. Ex. 301 (Sealed), # 7 Exhibit – Pls. Ex. 308 (Sealed), # 8 Exhibit – Pls. Ex. 309 (Sealed), # 9 Exhibit – Pls. Ex. 310 (Sealed), # 10 Exhibit – Pls. Ex. 311 (Redacted), # 11 Exhibit – Pls. Ex. 312 (Redacted), # 12 Exhibit – Pls. Ex. 313 (Sealed), # 13 Exhibit – Pls. Ex. 314 (Redacted), # 14 Exhibit – Pls. Ex. 315–317 (Sealed), # 15 Exhibit – Pls. Ex. 318 (Redacted), # 16 Exhibit – Pls. Ex. 319 (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |

| 03/13/2023 | 558 | NOTICE OF FILING REDACTED DOCUMENT to 478 Sealed Document,,,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit – Pls. Ex. 103 (Redacted – Part 1 of 2), # 2 Exhibit – Pls. Ex. 103 (Redacted – Part 2 of 2))(Herrmann, Karl) (Entered: 03/13/2023) |
|---|---|---|
| 03/13/2023 | 559 | REDACTED DOCUMENT– Defendant's Statement of Material Facts as to Which There Is No Genuine Issue in Support of Its Motion for Summary Judgment to 428 Sealed Document, 434 Sealed Document,,, by GOOGLE LLC. (Attachments: # 1 List of Exhibits, # 2 Exhibit 1–2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7–9, # 8 Exhibit 10, # 9 Exhibit 11–15, # 10 Exhibit 16, # 11 Exhibit 17–20, # 12 Exhibit 21, # 13 Exhibit 22–48, # 14 Exhibit 49, # 15 Exhibit 50–63, # 16 Exhibit 64, # 17 Exhibit 65–73, # 18 Exhibit 74, # 19 Exhibit 75, # 20 Exhibit 76, # 21 Exhibit 77, # 22 Exhibit 78, # 23 Exhibit 79, # 24 Exhibit 80, # 25 Exhibit 81, # 26 Exhibit 82, # 27 Exhibit 83–92, # 28 Exhibit 93, # 29 Exhibit 94, # 30 Exhibit 95, # 31 Exhibit 96–101, # 32 Exhibit 102, # 33 Exhibit 103, # 34 Exhibit 104, # 35 Exhibit 105–116)(Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 560 | REDACTED DOCUMENT– Reply in Support of Defendant's Motion for Summary Judgment to 522 Sealed Reply, by GOOGLE LLC. (Attachments: # 1 Response to Plaintiffs' Counterstatement of Material Facts, # 2 List of Exhibits, # 3 Exhibit 130–131, # 4 Exhibit 132)(Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 561 | REDACTED DOCUMENT– Reply in Support of Defendant's Motion for Summary Judgment to 523 Sealed Reply, by GOOGLE LLC. (Attachments: # 1 Response to Plaintiff States' Statement of Material Facts, # 2 List of Exhibits, # 3 Exhibit 117–118, # 4 Exhibit 119, # 5 Exhibit 120–122)(Schmidtlein, John) (Entered: 03/13/2023) |
| 03/16/2023 | 562 | NOTICE of Appearance by Matthew Michael Ford on behalf of STATE OF ARKANSAS (Ford, Matthew) (Entered: 03/16/2023) |
| 03/16/2023 | 563 | MOTION to Substitute *Matthew Ford* by STATE OF ARKANSAS. (Attachments: # 1 Text of Proposed Order Granting Motion to Substitute)(Ford, Matthew) (Entered: 03/16/2023) |
| 03/16/2023 | | ORDER granting 563 Motion for Substitution of Counsel. Attorney Matthew M. Ford will be the attorney of record for the State of Arkansas. Signed by Judge Amit P. Mehta on 3/16/2023. (lcapm2) (Entered: 03/16/2023) |
| 03/16/2023 | 564 | NOTICE of Appearance by Anna Schneider on behalf of STATE OF MONTANA (Schneider, Anna) (Main Document 564 replaced on 3/17/2023) (zed). (Entered: 03/16/2023) |
| 03/17/2023 | 565 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order, # 4 Certificate of Service)(Herrmann, Karl) (Entered: 03/17/2023) |
| 03/17/2023 | 566 | REDACTED DOCUMENT– Memorandum in Opposition to Plaintiffs' Motions for Sanctions to 529 Sealed Opposition,, by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Text of Proposed Order)(Schmidtlein, John) (Entered: 03/17/2023) |

| 03/20/2023 | | MINUTE ORDER granting 565 SEALED MOTION. Signed by Judge Amit P. Mehta on 3/20/2023. (zjd) (Entered: 03/20/2023) |
|---|---|---|
| 03/20/2023 | 567 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit, # 2 Text of Proposed Order, # 3 Certificate of Service)(Schmidtlein, John) (Entered: 03/20/2023) |
| 03/21/2023 | 568 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 480 Sealed Document,,,,, 492 Sealed Document,,, 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Statement of Facts Plaintiffs' corrected Counterstatement of Material Facts, # 2 Certificate of Service)(Herrmann, Karl) (Entered: 03/21/2023) |
| 03/22/2023 | 569 | SEALED ORDER granting 567 SEALED MOTION. Signed by Judge Amit P. Mehta on 3/20/2023. (zjd) (Entered: 03/22/2023) |
| 03/22/2023 | 570 | SEALED DOCUMENT filed by GOOGLE LLC re 522 Sealed Reply, 569 Sealed Order (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 03/22/2023) |
| 03/24/2023 | 571 | SEALED REPLY TO OPPOSITION filed by UNITED STATES OF AMERICA re 495 Sealed Motion,,,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 53, # 2 Exhibit 54, # 3 Exhibit 55, # 4 Exhibit 56, # 5 Exhibit 57, # 6 Exhibit 58, # 7 Exhibit 59, # 8 Exhibit 60, # 9 Exhibit 61, # 10 Exhibit 62, # 11 Exhibit 63, # 12 Exhibit 64, # 13 Exhibit 65, # 14 Exhibit 66, # 15 Exhibit 67, # 16 Exhibit 68, # 17 Exhibit 69, # 18 Exhibit 70, # 19 Certificate of Service)(Goldstein, Jeremy Michael) (Entered: 03/24/2023) |
| 03/24/2023 | 572 | SEALED REPLY TO OPPOSITION filed by STATE OF COLORADO re 496 Sealed Motion (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A (Sealed), # 2 Exhibit B (Sealed), # 3 Exhibit C (Sealed), # 4 Exhibit D (Sealed), # 5 Exhibit E (Sealed), # 6 Exhibit F (Sealed), # 7 Exhibit G (Sealed), # 8 Exhibit H (Sealed), # 9 Certificate of Service)(Sallet, Jonathan) (Entered: 03/24/2023) |
| 03/28/2023 | 573 | NOTICE of Rule 37(e)(2) Sanctions Against Google LLC by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A)(Goldstein, Jeremy Michael) (Entered: 03/28/2023) |
| 03/31/2023 | 574 | REDACTED DOCUMENT– to 571 Sealed Reply,, United States' Reply in Support of Its Motion for Sanctions Against Google LLC by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit 53, # 2 Exhibit 54, # 3 Exhibit 55, # 4 Exhibit 56, # 5 Exhibit 57, # 6 Exhibit 58, # 7 Exhibit 59, # 8 Exhibit 60, # 9 Exhibit 61, # 10 Exhibit 62, # 11 Exhibit 63, # 12 Exhibit 64, # 13 Exhibit 65, # 14 Exhibit 66, # 15 Exhibit 67, # 16 Exhibit 68, # 17 Exhibit 69, # 18 Exhibit 70)(Goldstein, Jeremy Michael) (Entered: 03/31/2023) |
| 04/04/2023 | | MINUTE ORDER granting the following Motions to Seal: 416 417 418 419 420 424 425 443 495 and 496 . Signed by Judge Amit P. Mehta on 4/4/2023. (lcapm2) (Entered: 04/04/2023) |
| 04/04/2023 | 575 | REDACTED DOCUMENT– Plaintiff States' Reply in Support of Their Motion for Sanctions Against Google, LLC and an Evidentiary Hearing to Determine Appropriate Relief to 572 Sealed Reply, by STATE OF COLORADO. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit |

| | | |
|---|---|---|
| | | E, # 6 Exhibit F, # 7 Exhibit G (Redacted), # 8 Exhibit H (Sealed), # 9 Certificate of Service)(Sallet, Jonathan) (Entered: 04/04/2023) |
| 04/05/2023 | 576 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 04/05/2023) |
| 04/06/2023 | 577 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 576 Sealed Motion (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Certificate of Service)(Herrmann, Karl) (Entered: 04/06/2023) |
| 04/07/2023 | 578 | SEALED OPPOSITION filed by STATE OF COLORADO. re 576 Sealed Motion (Attachments: # 1 Certificate of Service)(Sallet, Jonathan) (Entered: 04/07/2023) |
| 04/10/2023 | 579 | ORDER setting the schedule for the summary judgment hearing on April 13, 2023. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 4/10/2023. (lcapm2) (Entered: 04/10/2023) |
| 04/11/2023 | | NOTICE of Hearing: Summary Judgment Hearing set for 4/13/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Courtroom 25 will serve as the overflow courtroom and is located on the fourth floor of the annex. The public access line will not be connected for this hearing. (zjd) Modified on 4/11/2023 (zjd). (Entered: 04/11/2023) |
| 04/11/2023 | | MINUTE ORDER granting 508 and 509 motions for leave to file amicus briefs. The court hereby exercises its discretion and accepts the amicus briefs of the American Antitrust Institute [508−2] and the Behavioral Economists [509−1]. The court recognizes that, as a result of the timing of this decision, Google has not had the opportunity to respond to the arguments of amici. Google may request the opportunity to respond in writing, but from the court's perspective, additional briefing is not needed to understand Google's positions or to elucidate the matters addressed by amici. Signed by Judge Amit P. Mehta on 4/11/2023. (lcapm2) (Entered: 04/11/2023) |
| 04/13/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Summary Judgment Hearing held on 4/13/2023. Arguments heard and taken under advisement. (Court Reporter: William Zaremba) (zjd) (Entered: 04/13/2023) |
| 04/14/2023 | 580 | TRANSCRIPT OF HEARING ON MOTIONS FOR SUMMARY JUDGMENT PROCEEDINGS before Judge Amit P. Mehta held on April 13, 2023; Page Numbers: 1−276. Date of Issuance: April 14, 2023. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 5/5/2023. Redacted Transcript Deadline set for 5/15/2023. Release of Transcript Restriction set for 7/13/2023.(wz) (Entered: 04/14/2023) |
| 04/14/2023 | 581 | REDACTED DOCUMENT– Defendant's Motion for Leave to File Sur–Reply in Further Opposition to Plaintiffs' Motions for Sanctions and Response to Notice of Play Litigation Order to 576 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 04/14/2023) |
| 04/17/2023 | 582 | REDACTED DOCUMENT– to 577 Sealed Opposition by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Redacted Version), # 2 Exhibit B (Redacted Version))(Herrmann, Karl) (Entered: 04/17/2023) |
| 04/17/2023 | 583 | REDACTED DOCUMENT– to 578 Sealed Opposition by STATE OF COLORADO. (Attachments: # 1 Certificate of Service)(Sallet, Jonathan) (Entered: 04/17/2023) |
| 04/21/2023 | 584 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Certificate of Service)(Sallet, Jonathan) (Entered: 04/21/2023) |
| 04/24/2023 | 585 | NOTICE of Appearance by Noah Goerlitz on behalf of STATE OF IOWA (Goerlitz, Noah) (Entered: 04/24/2023) |
| 04/27/2023 | 586 | ORDER re: Plaintiffs' 495 and 496 Motions for Sanctions. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 4/27/2023. (lcapm2) (Entered: 04/27/2023) |
| 04/28/2023 | 587 | SEALED DOCUMENT filed by GOOGLE LLC re 584 Sealed Document, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Certificate of Service)(Schmidtlein, John) (Entered: 04/28/2023) |
| 05/04/2023 | 588 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 477 Sealed Document,,,,, 492 Sealed Document,,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit (Pls. Ex. 22), # 2 Exhibit (Pls. Ex. 24), # 3 Certificate of Service)(Herrmann, Karl) (Entered: 05/04/2023) |
| 05/05/2023 | 589 | SEALED DOCUMENT filed by STATE OF COLORADO re 584 Sealed Document, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Sallet, Jonathan) (Entered: 05/05/2023) |
| 05/09/2023 | 590 | REDACTED DOCUMENT– Plaintiff States' Motion for Leave to File a Supplemental Response to Certain Questions of the Court at Oral Argument to 584 Sealed Document, by STATE OF COLORADO. (Attachments: # 1 Memorandum in Support A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Certificate of Service)(Sallet, Jonathan) (Entered: 05/09/2023) |
| 05/11/2023 | 591 | MEMORANDUM re 586 Order by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A)(Herrmann, Karl) (Entered: 05/11/2023) |
| 05/11/2023 | 592 | MEMORANDUM re 586 Order by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 05/11/2023) |

| 05/11/2023 | 593 | MEMORANDUM re 586 Order by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/11/2023) |
|---|---|---|
| 05/15/2023 | 594 | REDACTED DOCUMENT– RESPONSE TO PLAINTIFF STATES SUPPLEMENTAL RESPONSE TO CERTAIN QUESTIONS OF THE COURT AT ORAL ARGUMENT to 587 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Schmidtlein, John) (Entered: 05/15/2023) |
| 05/17/2023 | 595 | NOTICE of Appearance by Kerrie J. Freeborn on behalf of UNITED STATES OF AMERICA (Freeborn, Kerrie) (Main Document 595 replaced on 5/18/2023) (zed). (Entered: 05/17/2023) |
| 05/19/2023 | 596 | NOTICE of Appearance by James Thomas Greene on behalf of UNITED STATES OF AMERICA (Greene, James) (Main Document 596 replaced on 6/1/2023) (zed). (Entered: 05/19/2023) |
| 05/22/2023 | 597 | NOTICE of Appearance by Matthew Robert Jones on behalf of UNITED STATES OF AMERICA (Jones, Matthew) (Entered: 05/22/2023) |
| 05/24/2023 | 598 | NOTICE of Appearance by Eric Schleef on behalf of UNITED STATES OF AMERICA (Schleef, Eric) (Entered: 05/24/2023) |
| 05/24/2023 | 599 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF CALIFORNIA. Attorney Henry Cornillie terminated. (Cornillie, Henry) (Entered: 05/24/2023) |
| 05/26/2023 | 600 | REDACTED DOCUMENT– Plaintiff States' Reply in Support of their Supplemental Response to Certain Questions of the Court at Oral Argument to 589 Sealed Document by STATE OF COLORADO. (Attachments: # 1 Exhibit A (Sealed), # 2 Certificate of Service)(Sallet, Jonathan) (Entered: 05/26/2023) |
| 06/01/2023 | 601 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 06/01/2023) |
| 06/01/2023 | 602 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Certificate of Service)(Sallet, Jonathan) (Entered: 06/01/2023) |
| 06/01/2023 | 603 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 06/01/2023) |
| 06/08/2023 | 604 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 601 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Herrmann, Karl) (Entered: 06/08/2023) |
| 06/20/2023 | 605 | MOTION to Amend/Correct *the Amended Scheduling and Case Management Order* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 06/20/2023) |
| 06/20/2023 | 606 | Memorandum in opposition to re 605 Motion to Amend/Correct filed by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 06/20/2023) |

| | | |
|---|---|---|
| 06/26/2023 | | MINUTE ORDER. The parties shall appear for a status conference on June 28, 2023, at 2:00 p.m. via videoconference before Judge Amit P. Mehta. Signed by Judge Amit P. Mehta on 6/26/2023. (lcapm2) (Entered: 06/26/2023) |
| 06/26/2023 | | NOTICE of Hearing: Status Conference set for 6/28/2023 at 2:00 PM via videoconference before Judge Amit P. Mehta. (zjd) (Entered: 06/26/2023) |
| 06/27/2023 | 607 | SEALED MOTION filed by STATE OF COLORADO (Attachments: # 1 Exhibit Plaintiff States' Motion to Consolidate, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Text of Proposed Order Proposed Order, # 6 Certificate of Service Certificate of Service)(Sallet, Jonathan) (Entered: 06/27/2023) |
| 06/28/2023 | 608 | ORDER re: Plaintiffs' 591 592 and Google's 593 Position Statements on Google's Litigation Hold. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 6/28/2023. (lcapm2) (Entered: 06/28/2023) |
| 06/28/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 6/28/2023. Status Conference set for 7/19/2023 at 4:00 PM via videoconference before Judge Amit P. Mehta. A further status conference and hearing re Third Party Testimony is set for the afternoon of 8/11/2023 via videoconference. The parties shall file their submissions by 8/9/2023. Pretrial Conference set for 9/1/2023 at 2:00 PM in Courtroom 10. (Court Reporter: William Zaremba) (zjd) (Entered: 06/28/2023) |
| 06/29/2023 | 609 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on June 28, 2023; Page Numbers: 1–41. Date of Issuance: June 29, 2023. Court Reporter/Transcriber: William P. Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/20/2023. Redacted Transcript Deadline set for 7/30/2023. Release of Transcript Restriction set for 9/27/2023.(wz) (Entered: 06/29/2023) |
| 06/30/2023 | 610 | ORDER setting the schedule for trial proceedings in this matter. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 6/30/2023. (lcapm2) (Entered: 06/30/2023) |
| 07/07/2023 | 611 | Joint MOTION for Order *to Reset Dates Related to Resolving Confidentiality Disputes Prior to Trial* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 07/07/2023) |
| 07/11/2023 | 612 | |

| | | |
|---|---|---|
| | | ORDER amending the [108−1] Amended Scheduling and Case Management Order. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 7/11/2023. (lcapm2) (Entered: 07/11/2023) |
| 07/12/2023 | 613 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Carla J. Baumel terminated. (Baumel, Carla) (Entered: 07/12/2023) |
| 07/13/2023 | | MINUTE ORDER. On June 28, 2023, the court ordered Google to produce for in camera review its proposed redactions to the Hold Memoranda. Order, ECF No. 608. Google has complied with the court's Order, and upon review, the court is satisfied with Google's proposed redactions, which received input from the court. Accordingly, Google shall produce to Plaintiffs the redacted versions of the Hold Memoranda approved by the court. Signed by Judge Amit P. Mehta on 7/13/2023. (lcapm2) (Entered: 07/13/2023) |
| 07/14/2023 | 614 | NOTICE of Appearance by Thomas W. Ryan on behalf of GOOGLE LLC (Ryan, Thomas) (Entered: 07/14/2023) |
| 07/14/2023 | 615 | NOTICE of Appearance by David E. Dahlquist on behalf of UNITED STATES OF AMERICA (Dahlquist, David) (Entered: 07/14/2023) |
| 07/17/2023 | 616 | STATUS REPORT by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 07/17/2023) |
| 07/19/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 7/19/2023. Joint Status Report due by 7/26/2023. (Court Reporter: William Zaremba) (zjd) (Entered: 07/19/2023) |
| 07/20/2023 | 617 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on July 19, 2023; Page Numbers: 1−43. Date of Issuance: July 20, 2023. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 8/10/2023. Redacted Transcript Deadline set for 8/20/2023. Release of Transcript Restriction set for 10/18/2023.(wz) (Entered: 07/20/2023) |
| 07/26/2023 | 618 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 07/26/2023) |
| 07/27/2023 | 619 | NOTICE of Appearance by Carolyn Danielle Jeffries on behalf of STATE OF CALIFORNIA (Jeffries, Carolyn) (Entered: 07/27/2023) |

| 08/01/2023 | 620 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order, # 3 Certificate of Service)(Schmidtlein, John) (Entered: 08/01/2023) |
|---|---|---|
| 08/01/2023 | 621 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Text of Proposed Order, # 11 Certificate of Service)(Schmidtlein, John) (Entered: 08/01/2023) |
| 08/01/2023 | 622 | MOTION in Limine *to Exclude Evidence of Purported Benefits Outside Relevant Markets* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 08/01/2023) |
| 08/01/2023 | 623 | MOTION in Limine *to Limit Google's Ability to Use Evidence of Product Quality as a Complete Defense to Liability* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 08/01/2023) |
| 08/02/2023 | | MINUTE ORDER. The pretrial conference previously scheduled for September 1, 2023, at 2:00 p.m. shall now take place at 3:00 p.m. on the same date. Signed by Judge Amit P. Mehta on 8/2/2023. (lcapm2) (Entered: 08/02/2023) |
| 08/03/2023 | 624 | SEALED MEMORANDUM OPINION re: 421 and 426 . The parties shall submit their proposed redactions to the Memorandum Opinion by 12:00 p.m. on August 4, 2023. The court will file a public version of the Memorandum Opinion after considering the parties' redactions. Signed by Judge Amit P. Mehta on 8/3/2023. (This document is SEALED and only available to authorized persons.) (zjd) Modified on 8/3/2023 (zjd). (Entered: 08/03/2023) |
| 08/03/2023 | | MINUTE ORDER. The parties may file separate pretrial briefs of no more than 20 pages by August 28, 2023. Any such brief shall be limited to disputed issues not raised in the summary judgment motions (e.g., market definition, market share, procompetitive justifications). Signed by Judge Amit P. Mehta on 8/3/2023. (lcapm2) (Entered: 08/03/2023) |
| 08/03/2023 | | Set/Reset Deadlines: Pretrial Briefs due by 8/28/2023. (smc) (Entered: 08/04/2023) |
| 08/04/2023 | 625 | ORDER re: scheduling of trial witnesses. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 8/3/2023. (lcapm2) (Entered: 08/04/2023) |
| 08/04/2023 | 626 | REDACTED MEMORANDUM OPINION AND ORDER. For the reasons stated in the 624 Memorandum Opinion, Google's 421 and 426 Motions for Summary Judgment are granted in part and denied in part. The court may lift all or some portion of the redactions after conferring with the parties at the status conference on August 11, 2023. Please see attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 8/4/2023. (lcapm2) (Entered: 08/04/2023) |
| 08/07/2023 | 627 | NOTICE of Appearance by Joshua Lipton on behalf of AMAZON.COM, INC. (Lipton, Joshua) (Entered: 08/07/2023) |
| 08/07/2023 | 628 | NOTICE of Proposed Order *Regarding the Use of Confidential Information at Trial* by GOOGLE LLC (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 08/07/2023) |
| 08/08/2023 | 629 | NOTICE of Appearance by Ronan Patrick Doherty on behalf of HOME DEPOT U.S.A., INC. (Doherty, Ronan) (Entered: 08/08/2023) |

| 08/08/2023 | 630 | RESPONSE TO ORDER OF THE COURT re 612 Order *Regarding Confidentiality* filed by HOME DEPOT U.S.A., INC.. (Doherty, Ronan) (Entered: 08/08/2023) |
|---|---|---|
| 08/08/2023 | 631 | NOTICE of Appearance by Bryant Steven Green on behalf of VERIZON (Green, Bryant) (Entered: 08/08/2023) |
| 08/08/2023 | 632 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Judith A. Zahid, Filing fee $ 100, receipt number ADCDC–10262236. Fee Status: Fee Paid. by VERIZON. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Green, Bryant) (Entered: 08/08/2023) |
| 08/09/2023 | | MINUTE ORDER granting 632 Motion for Leave to Appear Pro Hac Vice. Attorney Judith A. Zahid is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 08/09/2023. (lcapm2) (Entered: 08/09/2023) |
| 08/09/2023 | 633 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DUCK DUCK GO, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A – Position Statement, # 2 Exhibit A–1, # 3 Exhibit A–2, # 4 Exhibit A–3, # 5 Exhibit A–4, # 6 Exhibit A–5, # 7 Exhibit A–6, # 8 Exhibit A–7, # 9 Exhibit A–8, # 10 Exhibit A–9, # 11 Text of Proposed Order Exhibit B – Proposed Order)(Wick, Ronald) (Entered: 08/09/2023) |
| 08/09/2023 | 634 | NOTICE *Position Statement of Non–Party Verizon Concerning Confidentiality of Its Documents As Potential Trial Exhibits* by VERIZON (Green, Bryant) (Entered: 08/09/2023) |
| 08/09/2023 | 635 | NOTICE *NONPARTY MICROSOFT CORPORATION'S POSITION STATEMENT CONCERNING THE CONFIDENTIALITY OF ITS DOCUMENTS AND TESTIMONY* by MICROSOFT CORPORATION (Ray, Amy) (Entered: 08/09/2023) |
| 08/10/2023 | 636 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A (Google), # 2 Exhibit B (Google), # 3 Exhibit C (Google), # 4 Exhibit D (Google), # 5 Exhibit E (Google), # 6 Exhibit A (DOJ), # 7 Exhibit B (DOJ), # 8 Exhibit C (DOJ), # 9 Exhibit D (DOJ), # 10 Exhibit E (DOJ), # 11 Exhibit A (Apple), # 12 Exhibit DX1012, # 13 Exhibit PSX0988, # 14 Exhibit UPX0002, # 15 Exhibit UPX0058, # 16 Exhibit UPX0115, # 17 Exhibit UPX0116, # 18 Exhibit UPX0133, # 19 Exhibit UPX0143, # 20 Exhibit UPX0148, # 21 Exhibit UPX0164, # 22 Exhibit UPX0170, # 23 Exhibit UPX0190, # 24 Exhibit UPX0213, # 25 Exhibit UPX0239, # 26 Exhibit UPX0301, # 27 Exhibit UPX0302, # 28 Exhibit UPX0456, # 29 Exhibit UPX0457, # 30 Exhibit UPX0486, # 31 Exhibit UPX0495, # 32 Exhibit UPX0496, # 33 Exhibit UPX0509, # 34 Exhibit UPX0574, # 35 Exhibit UPX0586, # 36 Exhibit UPX0590, # 37 Exhibit UPX0624, # 38 Exhibit UPX0631, # 39 Exhibit UPX0641, # 40 Exhibit UPX0663, # 41 Exhibit UPX0665, # 42 Exhibit UPX0666, # 43 Exhibit UPX0690, # 44 Exhibit UPX0692, # 45 Exhibit UPX0749, # 46 Exhibit UPX0794, # 47 Exhibit UPX0806, # 48 Exhibit UPX0811, # 49 Exhibit UPX0818, # 50 Exhibit UPX0824, # 51 Exhibit UPX0941, # 52 Exhibit UPX0948, # 53 Exhibit UPX0984, # 54 Exhibit UPX1012, # 55 Exhibit UPX5308, # 56 Exhibit UPX5314, # 57 Exhibit UPX5336, # 58 Exhibit UPX5497, # 59 Exhibit UPX5500, # 60 Exhibit UPX5507, # 61 Exhibit UPX5509, # 62 Exhibit UPX5530, # 63 Exhibit UPX7002, # 64 Certificate of Service)(Herrmann, Karl) (Entered: 08/10/2023) |
| 08/10/2023 | | |

| | | MINUTE ORDER granting in part and denying in part Non–Party Duck Duck Go, Inc.'s 633 Motion for Leave to File Under Seal its Position Statement on Confidentiality of Potential Trial Exhibits and the Underlying Documents. The court can discern no reason to seal the motion, ECF No. 633, or the supporting memorandum, ECF No. 633–1. Those filings contain only legal argument and, to the extent they refer to the disputed confidential records, those records are described as such a high level of generality that disclosure of their description would not cause Duck Duck Go competitive harm. Accordingly, the court orders Duck Duck Go to file on the public docket ECF Nos. 633 and 633–1, as well as the proposed order at ECF No. 633–11. The exhibits filed at ECF Nos. 633–2 through 633–10 shall remain under seal until further order from the court. Signed by Judge Amit P. Mehta on 08/10/2023. (lcapm2) (Entered: 08/10/2023) |
|---|---|---|
| 08/10/2023 | 637 | NOTICE – *Refiling ECF Nos. 633, 633–1, and 633–11 Pursuant to the Court's Order* by DUCK DUCK GO, INC. (Attachments: # 1 Exhibit A – Position Statement, # 2 Text of Proposed Order Exhibit B – Proposed Order)(Wick, Ronald) (Entered: 08/10/2023) |
| 08/10/2023 | 638 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AMAZON.COM, INC.. Attorney Richard G. Parker terminated. (Lipton, Joshua) (Entered: 08/10/2023) |
| 08/10/2023 | | NOTICE of Hearing: The Status Conference set for August 11, 2023 at 1:00 PM before Judge Amit P. Mehta shall now proceed in Courtroom 10. Parties unable to attend in–person may participate remotely. (zjd) (Entered: 08/10/2023) |
| 08/11/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 8/11/2023. Order forthcoming setting the deadlines discussed on the record. (Court Reporter: William Zaremba) (zjd) (Entered: 08/11/2023) |
| 08/11/2023 | 639 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Motion, # 2 Exhibit Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Text of Proposed Order, # 13 Text of Proposed Order)(Sunshine, Steven) (Entered: 08/11/2023) |
| 08/14/2023 | 640 | ORDER setting the schedule for the parties' submissions regarding the confidentiality of trial exhibits and proposed updated redactions to the courts summary judgment memorandum opinion, ECF No. 624. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 08/14/2023. (lcapm2) (Entered: 08/14/2023) |
| 08/14/2023 | | MINUTE ORDER granting 639 Non–Party Apple Inc.'s Sealed Motion for Leave to File Document Under Seal. Signed by Judge Amit P. Mehta on 08/14/2023. (lcapm2) (Entered: 08/14/2023) |
| 08/14/2023 | 641 | NOTICE of Appearance by Judith A. Zahid on behalf of VERIZON (Zahid, Judith) (Entered: 08/14/2023) |
| 08/14/2023 | 642 | NOTICE *Public Copy of Motion for Leave to File Under Seal* by APPLE INC. (Attachments: # 1 Text of Proposed Order)(Sunshine, Steven) (Entered: 08/14/2023) |
| 08/14/2023 | 643 | MOTION to Quash *Trial Subpoenas* by APPLE INC.. (Attachments: # 1 Declaration of Karen Hoffman Lent in Support of Motion to Quash Trial Subpoenas, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E (Filed Under Seal), # 7 |

| | | |
|---|---|---|
| | | Exhibit F (Filed Under Seal), # 8 Exhibit G (Filed Under Seal), # 9 Exhibit H (Filed Under Seal), # 10 Exhibit I (Redacted), # 11 Exhibit J, # 12 Text of Proposed Order)(Sunshine, Steven) (Entered: 08/14/2023) |
| 08/15/2023 | 644 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on August 11, 2023; Page Numbers: 1–77. Date of Issuance: August 15, 2023. Court Reporter/Transcriber: William P. Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2023. Redacted Transcript Deadline set for 9/15/2023. Release of Transcript Restriction set for 11/13/2023.(wz) (Entered: 08/15/2023) |
| 08/15/2023 | 645 | Memorandum in opposition to re 622 Motion in Limine *to Exclude Evidence of Benefits Outside Relevant Markets* filed by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 08/15/2023) |
| 08/15/2023 | 646 | Memorandum in opposition to re 623 Motion in Limine *to Limit Google's Ability to Use Evidence of Product Quality as a Complete Defense to Liability* filed by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 08/15/2023) |
| 08/15/2023 | 647 | ORDER entering the parties' stipulated order on the use of confidential information at trial. Please see the attached Order for further details. Signed by Judge Amit P. Mehta on 08/15/2023. (lcapm2) (Entered: 08/15/2023) |
| 08/15/2023 | 648 | SEALED OPPOSITION filed by STATE OF COLORADO. re 621 Sealed Motion, (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Certificate of Service Certificate of Service)(Sallet, Jonathan) (Entered: 08/15/2023) |
| 08/15/2023 | 649 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 620 Sealed Motion (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Goldstein, Jeremy Michael) (Entered: 08/15/2023) |
| 08/18/2023 | 650 | REDACTED DOCUMENT– Defendant's Motion in Limine to Preclude Evidence, Testimony or Argument Concerning Abandoned Conduct Allegations to 620 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Schmidtlein, John) (Entered: 08/18/2023) |

| 08/18/2023 | 651 | REDACTED DOCUMENT– Defendant's Motion in Limine to Preclude Evidence Concerning Microsoft Corp.'s Purported Estimate of Revenue from SEM Tool Feature Development to 621 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Text of Proposed Order)(Schmidtlein, John) (Entered: 08/18/2023) |
|---|---|---|
| 08/18/2023 | 652 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by Patrick Chang, Samsung Next LLC (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Motion, # 3 Exhibit Memo ISO Motion, # 4 Exhibit Declaration, # 5 Exhibit Declaration, # 6 Exhibit A, # 7 Text of Proposed Order)(Arteaga, Juan) (Entered: 08/18/2023) |
| 08/22/2023 | 653 | MOTION Public Version of Motion to Seal re 652 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by Patrick Chang, Samsung Next LLC (This document is SEALED and only available to authorized persons.) by Patrick Chang, Samsung Next LLC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Motion, # 3 Exhibit Memo ISO Motion [Redacted], # 4 Exhibit Declaration, # 5 Exhibit Declaration, # 6 Exhibit A [Redacted], # 7 Text of Proposed Order)(Arteaga, Juan) (Entered: 08/22/2023) |
| 08/22/2023 | 654 | Joint STATUS REPORT *REGARDING DISPUTES CONCERNING ADMISSIBILITY OF TRIAL EXHIBITS AND DEPOSITION DESIGNATIONS* by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/22/2023) |
| 08/23/2023 | 655 | NOTICE of Appearance by Tyler Corcoran on behalf of STATE OF TENNESSEE (Corcoran, Tyler) (Entered: 08/23/2023) |
| 08/23/2023 | 656 | NOTICE of Appearance by Austin Ostiguy on behalf of STATE OF TENNESSEE (Ostiguy, Austin) (Entered: 08/23/2023) |
| 08/23/2023 | 657 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Rosa M. Morales, Filing fee $ 100, receipt number ADCDC–10297479. Fee Status: Fee Paid. by SAMSUNG ELECTRONICS AMERICA, INC.. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Thomas, Jeane) (Entered: 08/23/2023) |
| 08/23/2023 | 658 | NOTICE of Appearance by Emma Waitzman on behalf of UNITED STATES OF AMERICA (Waitzman, Emma) (Entered: 08/23/2023) |
| 08/23/2023 | | MINUTE ORDER granting 657 Motion for Leave to Appear Pro Hac Vice. Attorney Rosa M. Morales is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 08/23/2023. (lcapm2) (Entered: 08/23/2023) |
| 08/24/2023 | 659 | NOTICE of Appearance by Tyler Corcoran on behalf of STATE OF TENNESSEE (Corcoran, Tyler) (Main Document 659 replaced on 8/29/2023) (zed). (Entered: 08/24/2023) |
| 08/24/2023 | 660 | NOTICE of Appearance by Austin Ostiguy on behalf of STATE OF TENNESSEE (Ostiguy, Austin) (Main Document 660 replaced on 8/29/2023) (zed). (Entered: 08/24/2023) |
| 08/24/2023 | 661 | RESPONSE TO ORDER OF THE COURT re 640 Order, *Submission Regarding Proposed Redactions* filed by HOME DEPOT U.S.A., INC.. (Doherty, Ronan) |

| | | (Entered: 08/24/2023) |
|---|---|---|
| 08/25/2023 | 662 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 643 Motion to Quash, (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Herrmann, Karl) (Entered: 08/25/2023) |
| 08/25/2023 | 663 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 653 Motion for Miscellaneous Relief, 652 Sealed Motion for Leave to File Document Under Seal, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Certificate of Service)(Herrmann, Karl) (Entered: 08/25/2023) |
| 08/28/2023 | 664 | NOTICE of Appearance by Rosa M. Morales on behalf of SAMSUNG ELECTRONICS AMERICA, INC. (Morales, Rosa) (Entered: 08/28/2023) |
| 08/28/2023 | 665 | RESPONSE re 621 SEALED MOTION filed by GOOGLE LLC filed by STATE OF COLORADO. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8)(Sallet, Jonathan) (Entered: 08/28/2023) |
| 08/28/2023 | 666 | ORDER responding to the parties' 654 Joint Submission Regarding Disputes Concerning Admissibility of Trial Exhibits and Deposition Designations. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 08/28/2023. (lcapm2) (Entered: 08/28/2023) |
| 08/28/2023 | 667 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A)(Herrmann, Karl) (Entered: 08/28/2023) |
| 08/28/2023 | 668 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Figures 1−6, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 08/28/2023) |
| 08/28/2023 | 669 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service Certificate of Service)(Sallet, Jonathan) (Entered: 08/28/2023) |
| 08/30/2023 | 670 | SEALED REPLY TO OPPOSITION filed by Patrick Chang, Samsung Next LLC re 652 Sealed Motion for Leave to File Document Under Seal, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of Juan A. Arteaga, # 2 Exhibit B)(Arteaga, Juan) (Entered: 08/30/2023) |
| 08/30/2023 | 671 | NOTICE *Statement Regarding Proposed Redactions of Potential Trial Exhibits* by DUCK DUCK GO, INC. (Attachments: # 1 Exhibit A – August 9 Position Statement)(Wick, Ronald) (Entered: 08/30/2023) |
| 08/30/2023 | 672 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit UPX5314, # 5 Certificate of Service)(Goldstein, Jeremy Michael) (Entered: 08/30/2023) |
| 08/31/2023 | 673 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service, # 2 Exhibit UPX0001, # 3 Exhibit UPX0010, # 4 Exhibit UPX0012, # 5 Exhibit UPX0123, # 6 Exhibit UPX0134, # 7 Exhibit UPX0235, # 8 Exhibit UPX0244, # 9 Exhibit UPX0266, # 10 Exhibit UPX0273, # 11 Exhibit UPX0302, # |

| | | |
|---|---|---|
| | | 12 Exhibit UPX0309, # 13 Exhibit UPX0312, # 14 Exhibit UPX0314, # 15 Exhibit UPX0408, # 16 Exhibit UPX0559, # 17 Exhibit UPX0560, # 18 Exhibit UPX0586, # 19 Exhibit UPX0588)(Goldstein, Jeremy Michael) (Entered: 08/31/2023) |
| 08/31/2023 | 674 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 673 Sealed Document,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit UPX0605, # 2 Exhibit UPX0620, # 3 Exhibit UPX0666, # 4 Exhibit UPX0667, # 5 Exhibit UPX0678, # 6 Exhibit UPX0679, # 7 Exhibit UPX0697, # 8 Exhibit UPX0720, # 9 Exhibit UPX0781, # 10 Exhibit UPX0787, # 11 Exhibit UPX0816, # 12 Exhibit UPX0818, # 13 Exhibit UPX0824, # 14 Exhibit UPX1012, # 15 Exhibit UPX5127, # 16 Exhibit UPX5314, # 17 Exhibit UPX5317, # 18 Exhibit UPX5416, # 19 Exhibit UPX5530)(Goldstein, Jeremy Michael) (Entered: 08/31/2023) |
| 08/31/2023 | 675 | RESPONSE re 643 MOTION to Quash *Trial Subpoenas by APPLE INC.* filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Rosengart, Michael) (Entered: 08/31/2023) |
| 08/31/2023 | 676 | REPLY to opposition to motion re 643 MOTION to Quash *Trial Subpoenas* filed by APPLE INC.. (Sunshine, Steven) (Entered: 08/31/2023) |
| 08/31/2023 | 677 | REPLY to opposition to motion re 652 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by Patrick Chang, Samsung Next LLC (This document is SEALED and only available to authorized persons.) *(Public Version.)* filed by Patrick Chang, Samsung Next LLC. (Attachments: # 1 Declaration of Juan A. Arteaga, # 2 Exhibit B – Redacted)(Arteaga, Juan) (Entered: 08/31/2023) |
| 08/31/2023 | 678 | NOTICE *Defendant's Response to United States Plaintiffs' Submission in Advance of Pretrial Conference on Confidentiality* by GOOGLE LLC re 673 Sealed Document,, (Schmidtlein, John) (Entered: 08/31/2023) |
| 08/31/2023 | 679 | MOTION to Intervene *for the Limited Purpose of Seeking Public Audio Feed of Trial* by AMERICAN ECONOMIC LIBERTIES PROJECT, DEMAND PROGRESS, OPEN MARKETS INSTITUTE, REVOLVING DOOR PROJECT. (Attachments: # 1 Text of Proposed Order)(Van Dyck, Katherine) (Entered: 08/31/2023) |
| 09/01/2023 | 680 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ryan J. Travers, Filing fee $ 100, receipt number ADCDC–10321479. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Ryan J. Travers, # 2 Certification of Good Standing, # 3 Text of Proposed Order)(Sunshine, Steven) (Entered: 09/01/2023) |
| 09/01/2023 | | MINUTE ORDER granting 680 Motion for Leave to Appear Pro Hac Vice. Attorney Ryan J. Travers is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 09/01/2023. (lcapm2) (Entered: 09/01/2023) |
| 09/01/2023 | 681 | MOTION to Withdraw as Attorney by STATE OF MISSOURI. (Hoeplinger, Stephen) (Entered: 09/01/2023) |
| 09/01/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Final Pretrial Conference held on 9/1/2023. (Court Reporter: William Zaremba) (zjd) (Entered: 09/01/2023) |

| 09/04/2023 | 682 | ORDER regarding confidentiality of trial exhibits and the parties' Joint Exhibit List. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 09/04/2023. (lcapm2) (Entered: 09/04/2023) |
|---|---|---|
| 09/04/2023 | 683 | ORDER ruling on the parties' pending motions in limine, ECF Nos. 620, 621, 622, 623, and the third–parties' motions to quash, ECF Nos. 643, 652–2. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 09/04/2023. (lcapm2) (Entered: 09/04/2023) |
| 09/04/2023 | | MINUTE ORDER granting 681 Motion to Withdraw as Attorney. Attorney Stephen M. Hoeplinger is terminated as counsel for Plaintiff State of Missouri. Signed by Judge Amit P. Mehta on 09/04/2023. (lcapm2) (Entered: 09/04/2023) |
| 09/08/2023 | 684 | ORDER granting Defendant's 620 Motion in Limine to Preclude Evidence, Testimony, or Argument Concerning Abandoned Conduct Allegations, with respect to Google Assistant and Internet–of–Things devices. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 09/08/2023. (lcapm2) (Entered: 09/08/2023) |
| 09/08/2023 | 685 | ORDER denying the request of Plaintiffs and the Motion of Third Parties American Economic Liberties Project, Demand Progress, Open Markets Institute, and Revolving Door Project to Intervene for the Limited Purpose of Seeking Public Audio Feed of Trial, ECF No. 679. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 09/08/2023. (lcapm2) (Entered: 09/08/2023) |
| 09/08/2023 | | Set/Reset Hearings. (zjd) (Entered: 09/08/2023) |
| 09/08/2023 | 686 | REDACTED DOCUMENT re 669 Pretrial Brief by STATE OF COLORADO. (Sallet, Jonathan) Modified event title on 9/11/2023 (znmw). (Entered: 09/08/2023) |
| 09/08/2023 | 687 | REDACTED DOCUMENT– Defendant Google LLC's Pre–Trial Brief to 668 Sealed Document by GOOGLE LLC. (Attachments: # 1 Figures 1–6)(Schmidtlein, John) (Entered: 09/08/2023) |
| 09/08/2023 | 688 | REDACTED DOCUMENT– Redacted Document to 667 Sealed Document *U.S. Plaintiffs Pre–trial Brief* by UNITED STATES OF AMERICA. (Onyema, Veronica) (Entered: 09/08/2023) |
| 09/10/2023 | 689 | NOTICE of Appearance by David C. Kully on behalf of Digital Content Next (Kully, David) (Entered: 09/10/2023) |
| 09/10/2023 | 690 | MOTION to Intervene *for the Limited Purpose of Seeking to Maximize Public Access to Trial Materials* by Digital Content Next. (Kully, David) (Entered: 09/10/2023) |
| 09/10/2023 | 691 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Sallet, Jonathan) (Entered: 09/10/2023) |
| 09/11/2023 | 692 | NOTICE of Appearance by Jennifer Marie Coronel on behalf of STATE OF ILLINOIS (Coronel, Jennifer) (Main Document 692 replaced on 9/11/2023) (zed). (Entered: 09/11/2023) |
| 09/11/2023 | 693 | NOTICE of Appearance by Jonathan Edward Farmer on behalf of COMMONWEALTH OF KENTUCKY (Farmer, Jonathan) (Entered: 09/11/2023) |
| 09/11/2023 | | |

| | | |
|---|---|---|
| | | Notice of Hearing: Bench trial is scheduled to proceed on September 12, 2023 at 9:30 AM. Members of the public or media may remotely access opening statements by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. The public access line will not be connected for any witness testimony. Recording or rebroadcasting proceedings is prohibited. (zjd) (Entered: 09/11/2023) |
| 09/12/2023 | 694 | ORDER updating the redactions to the court's memorandum opinion, ECF No. 624. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 09/12/2023. (lcapm2) (Entered: 09/12/2023) |
| 09/12/2023 | 695 | NOTICE of Appearance by Ryan J. Travers on behalf of APPLE INC. (Travers, Ryan) (Entered: 09/12/2023) |
| 09/12/2023 | 696 | TRANSCRIPT OF PRETRIAL CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on September 1, 2023; Page Numbers: 1–126. Date of Issuance: September 12, 2023. Court Reporter/Transcriber: William P. Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 10/3/2023. Redacted Transcript Deadline set for 10/13/2023. Release of Transcript Restriction set for 12/11/2023.(wz) (Entered: 09/12/2023) |
| 09/12/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 1) held on 9/12/2023. Bench Trial shall resume on 9/13/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.); Plaintiffs' Witness: Dr. Hal Varian (began direct examination). (zjd) (Entered: 09/12/2023) |
| 09/12/2023 | 697 | NOTICE of Appearance by George Charles Nierlich on behalf of UNITED STATES OF AMERICA (Nierlich, George) (Entered: 09/12/2023) |
| 09/13/2023 | 698 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Bradley J. Pierson, Filing fee $ 100, receipt number ADCDC–10347002. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Bradley J. Pierson, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Sunshine, Steven) (Entered: 09/13/2023) |
| 09/13/2023 | 699 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael A. Lanci, Filing fee $ 100, receipt number ADCDC–10347058. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Michael A. Lanci, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Sunshine, Steven) (Entered: |

165

| | | |
|---|---|---|
| | | 09/13/2023) |
| 09/13/2023 | 700 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Andrew J. Shanahan, Filing fee $ 100, receipt number ADCDC–10347098. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Andrew J. Shanahan, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Sunshine, Steven) (Entered: 09/13/2023) |
| 09/13/2023 | 701 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF WEST VIRGINIA. Attorney Tanya Lynn Godfrey terminated. (Davis, Douglas) (Entered: 09/13/2023) |
| 09/13/2023 | | MINUTE ORDER granting Non–Party Apple, Inc.'s Motions for Admission Pro Hac Vice, ECF Nos. 698, 699, 700. Attorneys Bradley J. Pierson, Michael A. Lanci, and Andrew J. Shanahan are hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 09/13/23. (lcapm2) (Entered: 09/13/2023) |
| 09/13/2023 | 702 | NOTICE of Appearance by Christopher Michael D'Angelo on behalf of STATE OF NEW YORK (D'Angelo, Christopher) (Entered: 09/13/2023) |
| 09/13/2023 | 703 | NOTICE of Appearance by Ian David Hoffman on behalf of UNITED STATES OF AMERICA (Hoffman, Ian) (Main Document 703 replaced on 9/13/2023) (zed). (Entered: 09/13/2023) |
| 09/13/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 2) held on 9/13/2023. Bench Trial shall resume on 9/14/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.); Plaintiffs' Witnesses: Chris Barton (completed testimony), Dr. Hal Varian (completed testimony), and Dr. Antonio Rangel (began direct examination). (zjd) (Entered: 09/13/2023) |
| 09/14/2023 | 704 | NOTICE of Appearance by Aaron D. Hoag on behalf of UNITED STATES OF AMERICA (Hoag, Aaron) (Entered: 09/14/2023) |
| 09/14/2023 | 705 | NOTICE of Appearance by Andrew J. Shanahan on behalf of APPLE INC. (Shanahan, Andrew) (Entered: 09/14/2023) |
| 09/14/2023 | 706 | NOTICE of Appearance by Michael A. Lanci on behalf of APPLE INC. (Lanci, Michael) (Entered: 09/14/2023) |
| 09/14/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 3) held on 9/14/2023. Bench Trial shall resume on 9/15/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.); Plantiffs' Witnesses: Dr. Antonio Rangel (completed testimony) and Jim Kolotouros (began direct examination). (zjd) (Entered: 09/14/2023) |
| 09/15/2023 | 707 | NOTICE of Appearance by Norman Wesley Marden on behalf of COMMONWEALTH OF PENNSYLVANIA (Marden, Norman) (Entered: 09/15/2023) |
| 09/15/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 4) held on 9/15/2023. Bench Trial shall resume on 9/18/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter: Janice Dickman. Plaintiffs' Witness: Jim Kolotouros (completed testimony). (zjd) (Entered: 09/15/2023) |

| | | |
|---|---|---|
| 09/18/2023 | 708 | SEALED DOCUMENT filed by GOOGLE LLC re 691 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 09/18/2023) |
| 09/18/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 5) held on 9/18/2023. Bench Trial shall resume on 9/19/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Brian Higgins (completed testimony) and Jerry Dischler (began cross–examination). (zjd) (Entered: 09/18/2023) |
| 09/19/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 6) held on 9/19/2023. Bench Trial shall resume on 9/20/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Plaintiffs' Witnesses: Jerry Dischler (completed testimony), John Yoo (completed testimony), and Mike Roszak (began direct examination). (zjd) (Entered: 09/19/2023) |
| 09/20/2023 | 709 | MEMORANDUM by UNITED STATES OF AMERICA. (Onyema, Veronica) (Entered: 09/20/2023) |
| 09/20/2023 | 710 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 09/20/2023) |
| 09/20/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 7) held on 9/20/2023. Bench Trial shall resume on 9/21/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Mike Roszak (completed testimony) and Dr. Eric Lehman (began cross–examination). (zjd) (Entered: 09/20/2023) |
| 09/21/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 8) held on 9/21/2023. Bench Trial shall resume on 9/22/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.) (p.m.). Plaintiffs' Witnesses: Dr. Eric Lehman (completed testimony), Gabriel Weinberg (completed testimony), and John Giannandrea (began direct examination). (zjd) (Entered: 09/21/2023) |
| 09/22/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 9) held on 9/22/2023. Bench Trial shall resume on Tuesday, September 26, 2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter: Janice Dickman. Plaintiffs' Witness: John Giannandrea (completed testimony). (zjd) (Entered: 09/22/2023) |
| 09/22/2023 | 711 | NOTICE *of Exhibits Admitted into Evidence in Bulk* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Herrmann, Karl) (Entered: 09/22/2023) |
| 09/25/2023 | | MINUTE ORDER. The court hereby authorizes disclosure of the under seal portions of the testimony of John Giannandrea pertaining only to his time at Apple to counsel of record for Apple. Signed by Judge Amit P. Mehta on 9/25/23. (lcapm2) (Entered: 09/25/2023) |
| 09/25/2023 | 712 | NOTICE of Appearance by Jennifer Levy on behalf of STATE OF NEW YORK (Levy, Jennifer) (Entered: 09/25/2023) |
| 09/25/2023 | 713 | NOTICE of Appearance by Letitia James on behalf of STATE OF NEW YORK (James, Letitia) (Entered: 09/25/2023) |

| 09/25/2023 | 714 | Joint STATUS REPORT *Regarding Public Posting of Trial Exhibits* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Plaintiffs' Proposed Order), # 2 Exhibit B (Google's Proposed Order))(Herrmann, Karl) (Entered: 09/25/2023) |
|---|---|---|
| 09/25/2023 | 715 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Certificate of Service)(Herrmann, Karl) (Entered: 09/25/2023) |
| 09/25/2023 | 716 | REDACTED DOCUMENT– United States Plaintiffs' Submission Regarding Confidentiality in Advance of Testimony of Eddy Cue of Apple to 715 Sealed Document by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Filed Under Seal), # 2 Exhibit B (Filed Under Seal), # 3 Exhibit C (Filed Under Seal), # 4 Exhibit D (Filed Under Seal))(Herrmann, Karl) (Entered: 09/25/2023) |
| 09/25/2023 | 717 | MEMORANDUM by APPLE INC.. (Attachments: # 1 Exhibit A)(Sunshine, Steven) (Entered: 09/25/2023) |
| 09/26/2023 | 718 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Certificate of Service)(Schmidtlein, John) (Entered: 09/26/2023) |
| 09/26/2023 | | NOTICE OF ERROR re 711 Notice (Other); emailed to karl.herrmann@usdoj.gov, cc'd 318 associated attorneys –– The PDF file you docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. Future filings may be ENTERED IN ERROR, 3. Signature of filer must match the name on the PACER account. (mg, ) (Entered: 09/26/2023) |
| 09/26/2023 | | MINUTE ORDER. The court hereby authorizes the release of the under seal portion of the testimony of Gabriel Weinberg to counsel of record for Duck Duck Go, Inc. Signed by Judge Amit P. Mehta on 9/26/23. (lcapm2) (Entered: 09/26/2023) |
| 09/26/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 10) held on 9/26/2023. Bench Trial shall resume on 9/27/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Plaintiffs' Witnesses: Eddy Cue (completed testimony) and Mikhail Parakhin (began direct examination). (zjd) (Entered: 09/26/2023) |
| 09/27/2023 | 719 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Julia K. York, Filing fee $ 100, receipt number ADCDC–10380785. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Julia K. York, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Sunshine, Steven) (Entered: 09/27/2023) |
| 09/27/2023 | 720 | MOTION to Enforce *Court Order Regarding Trial Schedule* by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Schmidtlein, John) (Entered: 09/27/2023) |
| 09/27/2023 | | MINUTE ORDER granting 719 Motion for Leave to Appear Pro Hac Vice. Attorney Julia K. York is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 09/27/2023. (lcapm2) (Entered: 09/27/2023) |
| 09/27/2023 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 11) held on 9/27/2023. Bench Trial set for 9/28/2023 at 8:15 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.). Plaintiffs' Witnesses: Mikhail Parakhin (completed testimony), Anna Kartasheva (completed testimony), and Alex Austin (began cross−examination). (zjd) (Entered: 09/27/2023) |
| 09/27/2023 | 721 | Memorandum in opposition to re 720 Motion to Enforce *Court Order regarding Trial Schedule* filed by UNITED STATES OF AMERICA. (Onyema, Veronica) (Entered: 09/27/2023) |
| 09/28/2023 | 722 | Memorandum in opposition to re 720 Motion to Enforce *Court Order regarding Trial Schedule* filed by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 09/28/2023) |
| 09/28/2023 | 723 | NOTICE of Appearance by Julia K. York on behalf of APPLE INC. (York, Julia) (Main Document 723 replaced on 9/29/2023) (znmw). (Entered: 09/28/2023) |
| 09/28/2023 | | MINUTE ORDER. The court hereby authorizes the unsealing and disclosure, as requested, of the transcript of September 20, 2023 (AM), lines 1690:11−1700:21, and September 20, 2023 (PM), lines 1741:10−1743:18. Signed by Judge Amit P. Mehta on 9/28/23. (lcapm2) (Entered: 09/28/2023) |
| 09/28/2023 | 724 | Emergency MOTION to Intervene *to Ensure Public Access to Trial Evidence* by Jon Schweppe, ADAM CANDEUB. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Bailen, Mark) (Entered: 09/28/2023) |
| 09/28/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 12) held on 9/28/2023. Proposed Transcript Redactions due by 10/2/2023. Bench Trial shall resume on 9/29/2023 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Alex Austin (completed testimony) and Jon Tinter (began cross−examination). (zjd) (Entered: 09/28/2023) |
| 09/28/2023 | 725 | ORDER on Posting Trial Materials. See attached order for full details. Signed by Judge Amit P. Mehta on 9/28/2023. (zjd) (Entered: 09/28/2023) |
| 09/28/2023 | | MINUTE ORDER. The court hereby authorizes disclosure to counsel of record for Apple the under seal portions of the September 26, 2023, transcript that contain (1) the testimony of Eddy Cue and (2) the discussions in which Apples counsel participated. Signed by Judge Amit P. Mehta on 9/28/23. (lcapm2) (Entered: 09/28/2023) |
| 09/29/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 13) held on 9/29/2023. Bench Trial shall resume on 10/2/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter: Janice Dickman. Plaintiffs' Witness: Jon Tinter (completed testimony). (zjd) (Entered: 09/29/2023) |
| 09/29/2023 | | MINUTE ORDER. The court grants in part and denies in part the Emergency Motion to Intervene by Non−Parties Jon Schweppe of the American Principles Project and Adam Candeub of the Center for Renewing America, ECF No. 724. The court grants the non−parties intervention for the limited purpose set forth in the motion, but denies the further relief requested. Signed by Judge Amit P. Mehta on 9/29/23. (lcapm2) (Entered: 09/29/2023) |
| 10/02/2023 | 726 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Adam Gitlin on behalf of DISTRICT OF COLUMBIA (Gitlin, Adam) (Entered: 10/02/2023) |
| 10/02/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 14) held on 10/2/2023. Proposed Transcript Redactions due by 10/6/2023. Bench Trial shall resume on 10/3/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Plaintiffs' Witnesses: Satya Nadella (completed testimony) and Sridhar Ramaswamy (began cross–examination). (zjd) (Entered: 10/02/2023) |
| 10/03/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 15) held on 10/3/2023. Bench Trial shall resume on 10/4/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.). Plaintiffs' Witnesses: Sridhar Ramaswamy (completed testimony), Joshua Lowcock (completed testimony), and Adam Juda (began direct examination). (zjd) (Entered: 10/03/2023) |
| 10/03/2023 | 727 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 10/03/2023) |
| 10/04/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 16) held on 10/4/2023. Bench Trial shall resume on 10/5/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Adam Juda (completed testimony) and Ryan Krueger (began direct examination). (zjd) (Entered: 10/04/2023) |
| 10/05/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 17) held on 10/5/2023. Bench Trial shall resume on 10/6/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Plaintiffs' Witnesses: Ryan Krueger (completed testimony), Patrick Chang (completed testimony), and Professor Michael Whinston (began direct examination). (zjd) (Entered: 10/05/2023) |
| 10/06/2023 | | MINUTE ORDER updating the redactions to the court's memorandum opinion, ECF No. 624. The final public version of the court's summary judgment opinion reflects unredacted text on the pages and lines indicated in the court's prior order, ECF No. 694, as well as the following pages and lines: (1) page 18 at line 17, (2) page 42 at line 15, (3) page 52 at lines 18–19, and (4) page 53 at lines 1–2. The court considered Defendant's objections to redacting certain market share numbers, but ultimately finds that a weighing of the Hubbard factors requires their release. Signed by Judge Amit P. Mehta on 10/6/23. (lcapm2) (Entered: 10/06/2023) |
| 10/06/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 18) held on 10/6/2023. Bench Trial shall resume on Tuesday, October 10, 2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter: William Zaremba. Plaintiffs' Witnesses: Amit Varia (completed testimony) and Professor Michael Whinston (completed direct testimony as to market definition and monopoly power). (zjd) (Entered: 10/06/2023) |
| 10/06/2023 | 728 | REDACTED MEMORANDUM OPINION AND ORDER. For the reasons stated in the 624 Memorandum Opinion, Google's 421 and 426 Motions for Summary Judgment are granted in part and denied in part. This is the final public version of the court's summary judgment opinion. Signed by Judge Amit P. Mehta on 10/6/23. |

| | | (lcapm2) (Entered: 10/06/2023) |
|---|---|---|
| 10/10/2023 | 729 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/10/2023) |
| 10/10/2023 | 730 | MEMORANDUM by VERIZON. (Zahid, Judith) (Entered: 10/10/2023) |
| 10/10/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 19) held on 10/10/2023. Proposed Transcript Redactions due by 10/13/2023. Bench Trial shall resume on 10/11/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Plaintiffs' Witnesses: Tracy–Ann Lim (completed testimony) and Joan Braddi (completed testimony). (zjd) (Entered: 10/10/2023) |
| 10/11/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 20) held on 10/11/2023. Bench Trial shall resume on 10/12/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Ryan Booth (completed testimony), Arjan Dijk (completed testimony), and Professor Kinshuk Jerath (began direct examination). (zjd) (Entered: 10/11/2023) |
| 10/12/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 21) held on 10/12/2023. Bench Trial shall resume on Monday, October 16, 2023 at 09:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jan Dickman (p.m.). Plaintiffs' Witness: Professor Kinshuk Jerath (completed testimony). (zjd) (Entered: 10/12/2023) |
| 10/16/2023 | 731 | MOTION to Intervene *and for Access to Judicial Records* by The New York Times Company. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Sumar, Al–Amyn). Added MOTION to Permit on 10/17/2023 (mg). (Entered: 10/16/2023) |
| 10/16/2023 | 732 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by The New York Times Company (Sumar, Al–Amyn) (Entered: 10/16/2023) |
| 10/16/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 22) held on 10/16/2023. Bench Trial shall resume on 10/17/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Jeff Hook (a.m.) and Jan Dickman (p.m.). Plaintiffs' Witness: Professor Michael Whinston (began cross–examination). (zjd) (Entered: 10/16/2023) |
| 10/17/2023 | 733 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/17/2023) |
| 10/17/2023 | 734 | REDACTED DOCUMENT– Defendant's Response to the Court's Order Regarding UPX0552, UPX0137, and the Declaration of Sang Eun (Kate) Lee by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schmidtlein, John) (Entered: 10/17/2023) |
| 10/17/2023 | 735 | SEALED DOCUMENT filed by GOOGLE LLC re 734 Redacted Document, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit B–1, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 10/17/2023) |
| 10/17/2023 | 736 | MEMORANDUM re 733 Memorandum filed by GOOGLE LLC by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 10/17/2023) |
| 10/17/2023 | 737 | |

171

| | | |
|---|---|---|
| | | SUPPLEMENTAL MEMORANDUM to re 731 MOTION to Intervene *and for Access to Judicial Records* MOTION to Permit filed by NEW YORK TIMES COMPANY. (Attachments: # 1 Text of Proposed Order)(Sumar, Al–Amyn) (Entered: 10/17/2023) |
| 10/17/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 23) held on 10/17/2023. Bench Trial shall resume on 10/18/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Jeff Hook (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Professor Michael Whinston (completed testimony) and Neil Barrett–Bowen (completed testimony). (zjd) (Entered: 10/17/2023) |
| 10/17/2023 | | MINUTE ORDER. The court has released, with appropriate redactions, the closed–session transcripts of the testimony of Brian Higgins and Jim Kolotouros. The court applied the Hubbard factors to the proposed redactions, and accepted those that are in accord with the court's explanations for sealing portions of the transcripts of John Giannandrea and Gabriel Weinberg. Hrg Tr. at 4363:7–4368:25 (Oct. 4, 2023). The transcripts can be ordered directly from the court reporter. Signed by Judge Amit P. Mehta on 10/17/23. (lcapm2) (Entered: 10/17/2023) |
| 10/18/2023 | | MINUTE ORDER. As stated on the record during the morning proceedings, moving forward, the court hereby institutes the following procedure for proposed closed–session testimony: (1) a party that believes a closed session will be required for either the direct or cross–examination of a witness shall so notify the court by the end of the trial day immediately prior to the day of the witness's expected testimony; (2) the court will docket the anticipated closed session the evening before the witness's expected testimony; and (3) the court will consider arguments and objections with respect to the proposed closed session, including from a media representative, at 9:30 a.m. on the day of the witness's expected testimony. Signed by Judge Amit P. Mehta on 10/18/23. (lcapm2) Modified on 10/18/2023 (zjd). (Entered: 10/18/2023) |
| 10/18/2023 | | MINUTE ORDER. The parties have advised the court of possible closed–session testimony from witness Paul Vallez (Skai) on October 19, 2023. The court will consider any argument and objections regarding the proposed closed session at 9:30 a.m. on October 19, 2023. Signed by Judge Amit P. Mehta on 10/18/23. (lcapm2) (Entered: 10/18/2023) |
| 10/18/2023 | | MINUTE ORDER. The court has released, with appropriate redactions, the closed–session transcripts of the testimony of Jonathan Yoo, Michael Roszak, and Eric Lehman. The court applied the Hubbard factors to the proposed redactions, and accepted those that are in accord with the court's explanations on the record during the afternoon proceedings. The transcripts can be ordered directly from the court reporter. Signed by Judge Amit P. Mehta on 10/18/23. (lcapm2) (Entered: 10/18/2023) |
| 10/18/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 24) held on 10/18/2023. Bench Trial shall resume on 10/19/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Sara Wick (a.m.) and Jeff Hook (p.m.). Defense Witness: Dr. Pandu Nayak (completed testimony). (zjd) (Entered: 10/18/2023) |
| 10/18/2023 | 738 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/18/2023) |
| 10/19/2023 | | |

172

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 25) held on 10/19/2023. Bench Trial shall resume on Tuesday, October 24, 2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Sara Wick (a.m.) and Jan Dickman (p.m.). Plaintiffs' Witnesses: Jeffrey Hurst (completed testimony) and Paul Vallez (completed testimony). (zjd) (Entered: 10/19/2023) |
| 10/19/2023 | 739 | REPLY to opposition to motion re 731 MOTION to Intervene *and for Access to Judicial Records* MOTION to Permit filed by NEW YORK TIMES COMPANY. (Sumar, Al−Amyn) (Entered: 10/19/2023) |
| 10/20/2023 | 740 | REDACTED DOCUMENT− Notice of Filing of Excerpt of Joint Status Report and Accompanying Declarations by GOOGLE LLC. (Attachments: # 1 Google's Position Statement Regarding Issues Relating to Confidentiality (ECF 636), # 2 Exhibit A (Simon Declaration), # 3 Exhibit B (Zwibelman Declaration), # 4 Exhibit C (Daly Declaration), # 5 Exhibit D (Lee Declaration), # 6 Exhibit E (Bondar Declaration))(Schmidtlein, John) (Entered: 10/20/2023) |
| 10/20/2023 | 741 | REDACTED DOCUMENT− Defendant's Memorandum Regarding the Confidentiality of JX0033, UPX0586, UPX0588, and UPX0594 to 718 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/20/2023) |
| 10/20/2023 | 742 | REDACTED DOCUMENT− Defendant's Memorandum Regarding the Confidentiality of the Testimony of Apple Employees John Giannandrea and Eduardo Cue to 727 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/20/2023) |
| 10/22/2023 | 743 | MINUTE ORDER. The parties have offered the attached order setting forth procedures for releasing exhibits requested by the press. Intervenor New York Times shall submit any comments to the proposed order by 5:00 p.m. on October 23, 2023. Signed by Judge Amit P. Mehta on 10/22/23. (lcapm2) (Entered: 10/22/2023) |
| 10/23/2023 | 744 | MEMORANDUM re 743 Order, by NEW YORK TIMES COMPANY. (Attachments: # 1 Text of Proposed Order)(Sumar, Al−Amyn) (Entered: 10/23/2023) |
| 10/23/2023 | 745 | Unopposed MOTION for Order *Regarding The Disclosure Of Exhibits Containing Confidential Material During Googles Case−In−Chief* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 10/23/2023) |
| 10/24/2023 | 746 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/24/2023) |
| 10/24/2023 | 747 | MOTION to Amend/Correct *To Correct The Record* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) Modified relief on 10/27/2023 (mg). (Entered: 10/24/2023) |
| 10/24/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 26) held on 10/24/2023. Bench Trial shall resume on 10/25/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Sara Wick (a.m.) and Jan Dickman (p.m.). Plaintiffs' Witnesses: Jason Krueger (completed testimony) and Professor Wilfred Amaldoss (began cross−examination). (zjd) (Entered: 10/24/2023) |
| 10/25/2023 | | NOTICE OF HEARING. Bench trial set for 10/25/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta shall now proceed at 10:30 AM in Courtroom 10 (same date, new time). (Entered: 10/25/2023) |

| 10/25/2023 | 748 | ORDER granting Plaintiffs' 745 Unopposed Motion for Order Regarding the Disclosure of Exhibits Containing Confidential Material During Google's Case−In−Chief. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 10/25/23. (lcapm2) (Entered: 10/25/2023) |
|---|---|---|
| 10/25/2023 | 749 | ORDER granting Plaintiffs' 747 Unopposed Motion for Order to Correct the Record. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 10/25/23. (lcapm2) (Entered: 10/25/2023) |
| 10/25/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 27) held on 10/25/2023. Bench Trial shall resume on 10/26/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Jeff Hook (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Professor Wilfred Amaldoss (completed testimony) and Professor Jonathan Baker (began cross−examination). (zjd) (Entered: 10/25/2023) |
| 10/25/2023 | 750 | ORDER. For the reasons stated on the record and in the attached Order, the court grants in part and denies in part Intervenor New York Times' 731 Motion to Intervene and for Access to Judicial Records. The court grants the New York Times intervention for the limited purpose set forth in the motion. The court grants in part and denies in part the further relief requested. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 10/25/23. (lcapm2) (Entered: 10/25/2023) |
| 10/26/2023 | 751 | NOTICE *of Exhibits Admitted into Evidence in Bulk* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Herrmann, Karl) (Entered: 10/26/2023) |
| 10/26/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 28) held on 10/26/2023. Bench Trial shall resume on 10/27/2023 at 9:30 AM in Courtroom 10 Judge Amit P. Mehta. Court Reporters: Jan Dickman (a.m.) and Jeff Hook (p.m.). Plaintiffs' Witness: Professor Jonathan Baker (completed testimony). Defense Witness: Dr. Prabhakar Raghavan (began cross−examination). (zjd) (Entered: 10/26/2023) |
| 10/27/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 29) held on 10/27/2023. Bench Trial shall resume on 10/30/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Courtroom 24 will be the overflow courtroom. Court Reporter: Sara Wick: Defense Witness: Dr. Prabhakar Raghavan (completed testimony). (zjd) (Entered: 10/27/2023) |
| 10/30/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 30) held on 10/30/2023. Bench Trial shall resume on 10/31/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Jeff Hook (a.m.) and Jan Dickman (p.m.). Defense Witnesses: Sundar Pichai (completed testimony) and Professor Edward Fox (began cross examination). (zjd) (Entered: 10/30/2023) |
| 10/31/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 31) held on 10/31/2023. Bench Trial shall resume on 11/1/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Sara Wick (a.m.) and Jeff Hook (p.m.). Defense Witnesses: Professor Edward Fox (completed testimony) and Dr. Ben Gomes (completed testimony). (zjd) (Entered: 10/31/2023) |
| 10/31/2023 | 752 | NOTICE of Appearance by Toyja E. Kelley, Sr on behalf of Farmers Group, Inc. (Kelley, Toyja) (Main Document 752 replaced on 11/1/2023) (mg). (Entered: |

| | | |
|---|---|---|
| | | 10/31/2023) |
| 10/31/2023 | 753 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by Farmers Group, Inc. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A – Objection, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Kelley, Toyja) (Entered: 10/31/2023) |
| 11/01/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 32) held on 11/1/2023. Bench Trial shall resume on 11/2/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter Jan Dickman (a.m.) and Sara Wick (p.m.). Defense Witnesses: Elizabeth Reid (completed testimony), Eric Christensen (called by video deposition; completed testimony), Mitchell Baker (called by video deposition; completed testimony). (zjd) (Entered: 11/01/2023) |
| 11/02/2023 | 754 | MOTION To Preclude Rebuttal Testimony of Michael A.M. Davies by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order, # 3 Rule 7(m) Certification)(Schmidtlein, John) Modified on 11/6/2023 (mg). (Entered: 11/02/2023) |
| 11/02/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 33) held on 11/2/2023. Bench Trial shall resume on 11/3/2023 at 09:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Jan Dickman (a.m.) and Jeff Hook (p.m.). Defense Witness: Dr. Mark A. Israel (began cross−examination). (lsj) (Entered: 11/02/2023) |
| 11/02/2023 | 755 | NOTICE of Exhibits Admitted into Evidence in Bulk by GOOGLE LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit F)(Schmidtlein, John) (Entered: 11/02/2023) |
| 11/03/2023 | | MINUTE ORDER granting Farmers Group, Inc.'s 753 Motion for Leave to File Document Under Seal, and denying as moot the further relief requested in the Sealed Objection, ECF No. 753−1. Signed by Judge Amit P. Mehta on 11/3/23. (lcapm2) (Entered: 11/03/2023) |
| 11/03/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 34) held on 11/3/2023. Bench Trial shall resume on 11/6/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter: Sara Wick. Defense Witness: Dr. Mark A. Israel (resumed cross−examination). (zjd) (Entered: 11/03/2023) |
| 11/03/2023 | 756 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Certificate of Service)(Schmidtlein, John) (Entered: 11/03/2023) |
| 11/03/2023 | 757 | REDACTED DOCUMENT– Defendant's Notice Regarding Designated Deposition Testimony of Eric Christensen and Mitchell Baker to 756 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schmidtlein, John) (Entered: 11/03/2023) |
| 11/06/2023 | 758 | Memorandum in opposition to re 754 Motion for Miscellaneous Relief Motion to Preclude Rebuttal Testimony of Michael A.M. Davies filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit)(Onyema, Veronica) (Entered: 11/06/2023) |
| 11/06/2023 | 759 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 |

| | | |
|---|---|---|
| | | Certificate of Service)(Herrmann, Karl) (Entered: 11/06/2023) |
| 11/06/2023 | 760 | REDACTED DOCUMENT– United States Plaintiffs' Submission Regarding The Public Posting of JX0024 and JX0033 to 759 Sealed Document, by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Redacted Version), # 2 Exhibit B (Redacted Version), # 3 Exhibit C (Redacted Version), # 4 Exhibit D (Redacted Version), # 5 Exhibit E, # 6 Exhibit F, # 7 Certificate of Service)(Herrmann, Karl) (Entered: 11/06/2023) |
| 11/06/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 35) held on 11/6/2023. Bench Trial shall resume on 11/7/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.). Defense Witnesses: Dr. Mark A. Israel (completed testimony) and Jennifer Fitzpatrick (completed testimony). (zjd) (Entered: 11/06/2023) |
| 11/06/2023 | | MINUTE ORDER. The parties have advised the court of proposed closed–session testimony from witness Adrienne McCallister (Google) on November 7, 2023. The court will consider any argument and objections regarding the proposed closed session at 9:30 a.m. on November 7, 2023. Signed by Judge Amit P. Mehta on 11/6/23. (lcapm2) (Entered: 11/06/2023) |
| 11/06/2023 | 761 | REDACTED DOCUMENT– Evidentiary Proffer to 691 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 11/06/2023) |
| 11/07/2023 | 762 | REPLY to opposition to motion re 754 MOTION in Limine *to Preclude Rebuttal Testimony of Michael A.M. Davies* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/07/2023) |
| 11/07/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 36) held on 11/7/2023. Bench Trial shall resume on 11/8/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Proposed Transcript Redactions due by 11/9/2023. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Defense Witnesses: Richard Holden (completed testimony) and Adrienne McCallister (completed testimony). (zjd) (Entered: 11/07/2023) |
| 11/07/2023 | 763 | NOTICE *of Exhibits Admitted into Evidence in Bulk* by GOOGLE LLC (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 11/07/2023) |
| 11/08/2023 | 764 | MOTION to Seal Document re 760 *to Seal Filing* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) Modified relief on 11/9/2023 (mg). (Entered: 11/08/2023) |
| 11/08/2023 | 765 | REDACTED DOCUMENT– United States Plaintiffs' Submission Regarding The Public Posting of JX0024 and JX0033 to 759 Sealed Document, by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Certificate of Service)(Herrmann, Karl) (Entered: 11/08/2023) |
| 11/08/2023 | 766 | NOTICE of Appearance by Jesse Josef Moore, I on behalf of STATE OF INDIANA (Moore, Jesse) (Main Document 766 replaced on 11/13/2023) (znmw). (Entered: 11/08/2023) |
| 11/08/2023 | | MINUTE ORDER granting Plaintiffs' 764 Motion for Order. The previously–public submission, ECF No. 760, shall remain under seal due to inadvertently omitted redactions. Signed by Judge Amit P. Mehta on 11/8/23. (lcapm2) (Entered: |

| | | |
|---|---|---|
| | | 11/08/2023) |
| 11/08/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 37) held on 11/8/2023. Bench Trial shall resume on 11/9/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Defense Witnesses: Jamie Rosenberg (completed testimony) and Jeffrey Giard (called by video deposition; completed testimony). (zjd) (Entered: 11/08/2023) |
| 11/08/2023 | 767 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Proposed Order Granting Motion To Seal, # 2 Exhibit Non–Party Petitioner Apple Inc.'s Response to Plaintiff Department of Justice's Submission)(Sunshine, Steven) (Entered: 11/08/2023) |
| 11/08/2023 | 768 | SEALED DOCUMENT filed by GOOGLE LLC re 759 Sealed Document, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 11/08/2023) |
| 11/08/2023 | 769 | REDACTED DOCUMENT– Defendant Google LLC's Response to United States Plaintiffs' Submission Regarding the Public Posting of JX0024 and JX0033 to 768 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/08/2023) |
| 11/09/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 38) held on 11/9/2023. Bench Trial shall resume on 11/13/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter: William Zaremba. Defense Witnesses: Daniel Levy (called by video deposition; completed testimony) and Jeffrey Ezell (called by video deposition; completed testimony). (zjd) (Entered: 11/09/2023) |
| 11/09/2023 | 770 | NOTICE *of Exhibits Admitted into Evidence in Bulk* by GOOGLE LLC (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 11/09/2023) |
| 11/10/2023 | 771 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Certificate of Service)(Schmidtlein, John) (Entered: 11/10/2023) |
| 11/10/2023 | 772 | REDACTED DOCUMENT– Defendant's Notice Regarding Designated Deposition Testimony of Jeffrey Giard, Daniel Levy, and Jeffrey Ezell to 771 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Schmidtlein, John) (Entered: 11/10/2023) |
| 11/13/2023 | 773 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/13/2023) |
| 11/13/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 39) held on 11/13/2023. Bench Trial shall resume on 11/14/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.). Defense Witness: Prof. Kevin Murphy (began direct examination). (zjd) (Entered: 11/13/2023) |
| 11/14/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 40) held on 11/14/2023. Bench Trial shall resume on 11/15/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Defense Witness: Prof. Kevin Murphy (completed testimony). (zjd) (Entered: 11/14/2023) |

| 11/14/2023 | 774 | Second MOTION to Amend/Correct *To Correct the Record* by STATE OF COLORADO. (Attachments: # 1 Text of Proposed Order Proposed Order)(Sallet, Jonathan) (Entered: 11/14/2023) |
|---|---|---|
| 11/14/2023 | 775 | NOTICE *Regarding Designated Deposition Testimony* by GOOGLE LLC (Schmidtlein, John) (Entered: 11/14/2023) |
| 11/14/2023 | 776 | REDACTED DOCUMENT– Defendant's Response to Colorado Plaintiffs' Evidentiary Proffer Related to Specialized Vertical Providers to 708 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/14/2023) |
| 11/14/2023 | 777 | NOTICE *of Exhibits Admitted into Evidence in Bulk* by GOOGLE LLC (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 11/14/2023) |
| 11/15/2023 | 778 | ORDER granting 774 Second Motion to Correct the Record. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 11/15/23. (lcapm2) (Entered: 11/15/2023) |
| 11/15/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 41) held on 11/15/2023. Bench Trial shall resume on 11/16/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Rebuttal Witness: Professor Douglas W. Oard (completed testimony). (zjd) (Entered: 11/15/2023) |
| 11/16/2023 | 779 | NOTICE *of Exhibits Admitted into Evidence in Bulk* by STATE OF COLORADO (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Sallet, Jonathan) (Entered: 11/16/2023) |
| 11/16/2023 | 780 | NOTICE *Regarding Designated Deposition Testimony* by UNITED STATES OF AMERICA (Goldstein, Jeremy Michael) (Entered: 11/16/2023) |
| 11/16/2023 | 781 | NOTICE *of Exhibits Admitted into Evidence* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Herrmann, Karl) (Entered: 11/16/2023) |
| 11/16/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 42) held and concluded on 11/16/2023. Closing Arguments set for 5/1/2024 in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.). Rebuttal Witness: Prof. Michael Whinston (completed testimony). (zjd) (Entered: 11/16/2023) |
| 11/16/2023 | 783 | MOTION to Intervene by BRAD GREENSPAN. (mg) (Entered: 11/20/2023) |
| 11/17/2023 | 782 | ORDER setting the schedule and page limitations for the parties' post–trial submissions. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 11/17/23. (lcapm2) (Entered: 11/17/2023) |
| 11/17/2023 | 784 | MOTION for CM/ECF Password by BRAD GREENSPAN. (mg) (Entered: 11/21/2023) |
| 11/26/2023 | 785 | NOTICE *Regarding Designated Deposition Testimony* by STATE OF COLORADO (Sallet, Jonathan) (Entered: 11/26/2023) |
| 11/27/2023 | 786 | NOTICE *Joint Notice Regarding Designated Deposition Testimony* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # |

| | | 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF, # 33 Exhibit GG, # 34 Exhibit HH, # 35 Exhibit II, # 36 Exhibit JJ, # 37 Exhibit KK, # 38 Exhibit LL, # 39 Exhibit MM, # 40 Exhibit NN, # 41 Exhibit OO, # 42 Exhibit PP, # 43 Exhibit QQ, # 44 Exhibit RR, # 45 Exhibit SS)(Goldstein, Jeremy Michael) (Entered: 11/27/2023) |
|---|---|---|
| 11/28/2023 | 787 | Memorandum in opposition to re 783 Motion to Intervene filed by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order, # 3 Certificate of Service)(Schmidtlein, John) (Entered: 11/28/2023) |
| 11/28/2023 | | MINUTE ORDER denying Brad Greenspan's 783 Motion to Intervene and 784 Motion for a CM/ECF Password. First, the movant has neither demonstrated that he is entitled to intervene as a matter of right, Fed. R. Civ. P. 24(a), nor that the court should permit him to intervene, Fed. R. Civ. P. 24(b). Movant appears to argue that as an intervenor, he would contribute additional evidence in support of the Plaintiffs' case. ECF No. 783, at 4–7. However, movant has failed to identify any cognizable claims or injuries he would be able to pursue or remedy, as required to establish Article III standing and under Fed. R. Civ. P. 24. Second, the motion is not timely, as required by Fed. R. Civ. P. 24, considered in light of the "time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." Amador Cnty., Cal. v. U.S. Dep't of the Interior, 772 F.3d 901, 903 (D.C. Cir. 2014). Having denied the Motion to Intervene, the court denies the Motion for a CM/ECF Password as moot. Signed by Judge Amit P. Mehta on 11/28/23. (lcapm2) (Entered: 11/28/2023) |
| 12/11/2023 | 788 | Unopposed MOTION to Amend/Correct *the Trial Record* by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 12/11/2023) |
| 12/12/2023 | 789 | ORDER granting Defendant's 788 Unopposed Motion to Amend/Correct the Trial Record. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 12/12/23. (lcapm2) (Entered: 12/12/2023) |
| 12/27/2023 | 790 | MOTION for Reconsideration re 11/28/2023 MINUTE Order on Motion to Intervene by BRAD GREENSPAN. (Attachments: # 1 Declaration, # 2 Exhibit)(mg) (Entered: 12/28/2023) |
| 12/27/2023 | 792 | CERTIFICATE OF SERVICE by BRAD GREENSPAN re 790 MOTION for Reconsideration. (mg) (Entered: 12/29/2023) |
| 12/28/2023 | 791 | ERRATA by BRAD GREENSPAN re 790 Motion for Reconsideration. (Attachments: # 1 Errata Declaration)(mg) (Entered: 12/29/2023) |
| 12/28/2023 | 793 | CERTIFICATE OF SERVICE by BRAD GREENSPAN re 790 MOTION for Reconsideration. (mg). (Entered: 01/02/2024) |
| 01/02/2024 | 794 | MOTION to Take Judicial Notice by BRAD GREENSPAN. (Attachments: # 1 Exhibit)(mg) (Entered: 01/03/2024) |
| 01/02/2024 | 795 | CERTIFICATE OF SERVICE by BRAD GREENSPAN re 790 MOTION for Reconsideration. (mg) (Entered: 01/03/2024) |
| 01/05/2024 | 796 | |

| | | |
|---|---|---|
| | | Memorandum in opposition to re 794 Motion to Take Judicial Notice, 790 Motion for Reconsideration filed by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 01/05/2024) |
| 01/09/2024 | | MINUTE ORDER denying Brad Greenspan's 790 Motion for Reconsideration and granting his 794 Motion to take Judicial Notice. This court's prior Minute Order denied Mr. Greenspan's motion to intervene, ECF No. 783, concluding that he did not have standing to intervene in this matter and, even if he had standing, his intervention would not be timely under Federal Rules of Civil Procedure 24. Mr. Greenspan seeks reconsideration of that decision and has submitted several unrelated filings and dockets from cases in other jurisdictions, requesting that this court take judicial notice of those filings in connection with the reconsideration motion. See ECF No. 794–1. First, the court takes judicial notice of the offered exhibits, though they are not ultimately relevant to the court's decision. Second, the court declines to reconsider its prior order. "Motions for reconsideration are 'disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances.'" Wright v. F.B.I., 598 F. Supp. 2d 76, 77 (D.D.C. 2009) (quoting Andreen v. Lanier, 582 F. Supp. 2d 48, 4950 (D.D.C. 2008)). This is because "motions for reconsideration cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." Klayman v. Jud. Watch, Inc., 296 F. Supp. 3d 208, 21314 (D.D.C. 2018) (quoting Estate of Gaither ex rel. Gaither v. District of Columbia, 771 F. Supp. 2d 5, 10 & n.4 (D.D.C. 2011)) (internal quotation marks and alterations omitted). Here, Mr. Greenspan has identified no intervening change in law, new evidence, or other reason for this court to reconsider its prior decision. And, in any event, nothing presented in his motion alters the court's conclusions that he lacks Article III standing to intervene and that his application is untimely. Signed by Judge Amit P. Mehta on 1/9/24. (lcapm2) (Entered: 01/09/2024) |
| 01/10/2024 | 797 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Joshua Hafenbrack terminated. (Herrmann, Karl) (Entered: 01/10/2024) |
| 01/10/2024 | 798 | NOTICE OF INTERLOCUTORY APPEAL as to Order on Motion for Reconsideration, Order on Motion to Take Judicial Notice, by BRAD GREENSPAN. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit)(mg) (Entered: 01/10/2024) |
| 01/10/2024 | 799 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court or motion to proceed In Forma Pauperis has been decided re 798 Notice of Interlocutory Appeal. (mg) (Entered: 01/10/2024) |
| 01/11/2024 | | USCA Case Number 24–5006 for 798 Notice of Interlocutory Appeal filed by BRAD GREENSPAN. (znmw) (Entered: 01/11/2024) |
| 01/19/2024 | 800 | MOTION to Unseal Document by NEW YORK TIMES COMPANY. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Declaration of Al–Amyn Sumar, # 4 Ex A to Sumar Decl., # 5 Ex B to Sumar Decl., # 6 Ex C to Sumar Decl., # 7 Ex D to Sumar Decl., # 8 Ex E to Sumar Decl., # 9 Ex F to Sumar Decl., # 10 Ex G to Sumar Decl., # 11 Ex H to Sumar Decl., # 12 Ex I to Sumar Decl., # 13 Ex J to Sumar Decl.)(Sumar, Al–Amyn) (Entered: 01/19/2024) |

| 01/23/2024 | 803 | MOTION for Joinder re 1 Complaint by BRAD GREENSPAN. "LET THIS BE FILED." Signed by Judge Amit Mehta on 1/23/2024. (Attachments: # 1 Declaration)(mg) (Entered: 01/24/2024) |
| --- | --- | --- |
| 01/23/2024 | 804 | MOTION to Vacate Order on Motion to Intervene, by BRAD GREENSPAN. "LET THIS BE FILED." Signed by Judge Amit Mehta on 1/23/2024. (Attachments: # 1 Declaration)(mg) (Entered: 01/24/2024) |
| 01/23/2024 | 805 | MOTION to Vacate 789 Order on Motion to Amend/Correct by BRAD GREENSPAN. "LET THIS BE FILED." Signed by Judge Amit Mehta on 1/23/2024. (Attachments: # 1 Declaration)(mg) (Entered: 01/24/2024) |
| 01/23/2024 | 806 | MOTION for Reconsideration by BRAD GREENSPAN. "LET THIS BE FILED." Signed by Judge Amit Mehta on 1/23/2024. (Attachments: # 1 Declaration, # 2 Exhibit)(mg) (Entered: 01/24/2024) |
| 01/24/2024 | 801 | MOTION for Recusal of Judge Mehta by BRAD GREENSPAN. "LET THIS BE FILED." Signed by Judge Amit Mehta on 1/24/2024. (Attachments: # 1 Exhibit)(mg) (Entered: 01/24/2024) |
| 01/24/2024 | 802 | MOTION for Recusal of Judge Ana C. Reyes by BRAD GREENSPAN. "LET THIS BE FILED." Signed by Judge Amit Mehta on 1/24/2024. (Attachments: # 1 Declaration, # 2 Exhibit)(mg) (Entered: 01/24/2024) |
| 01/25/2024 | | MINUTE ORDER denying Brad Greenspan's Motion for Joinder, ECF No. 803, as well as his motions to recuse Judge Amit P. Mehta and Judge Ana Reyes from this case, ECF Nos. 801 and 802. This court has previously denied Mr. Greenspan intervention under Fed. R. Civ. P. 24, Minute Order (Nov. 28, 2023), and denied reconsideration of that order, Minute Order (Jan. 9, 2024). Mr. Greenspan is thus not a party to this action and therefore does not have standing to join parties to this action under either Federal Rule of Civil Procedure 19 or 20. See Terwilliger v. Allen, No. 23–cv–00740, 2023 WL 5485626, at *2 (D. Colo. Aug. 24, 2023) (nonparties seeking to join lawsuit must do so via Rule 24 intervention, not joinder); Scherer v. Merck & Co., No. 05–2019, 2005 WL 8160891, at *1 (D. Kan. July 12, 2005) ("Rules 19 and 20 simply do not allow for a non–party to move for joinder."). The same is true with respect to the motions to recuse. 28 U.S.C. § 455 sets forth the circumstances under which a judge must be disqualified from presiding over a case. Mr. Greenspan as a nonparty does not have standing to move to recuse under this statute. See United States v. Sciarra, 851 F.2d 621, 634 (3d Cir. 1988) (Section 455 does not confer standing upon non–party witnesses to challenge the impartiality of the judge); United States v. 8 Gilcrease Lane, No. 08–cv–1345 (RMC), 2009 WL 2408414, at *1 (D.D.C. Aug. 4, 2009) (denying motion to recuse by a nonparty whom the court had already denied intervention, citing Sciarra). Signed by Judge Amit P. Mehta on 1/25/24. (lcapm2) (Entered: 01/25/2024) |
| 01/25/2024 | | MINUTE ORDER. Brad Greenspan's motions at ECF Nos. 804, 805, and 806 are hereby denied. Signed by Judge Amit P. Mehta on 1/25/24. (lcapm2) (Entered: 01/25/2024) |
| 01/25/2024 | | MINUTE ORDER. In light of the court's denials of intervention by Brad Greenspan and his history of frivolous, repetitive filings, the Clerk of Court is hereby directed to accept no further filings from Mr. Greenspan in this matter, absent leave of court. Signed by Judge Amit P. Mehta on 1/25/24. (lcapm2) (Entered: 01/25/2024) |
| 01/26/2024 | 807 | |

181

| | | |
|---|---|---|
| | | Supplemental Record on Appeal transmitted to US Court of Appeals re Order on Motion to Vacate, Order on Motion for Reconsideration, Order on Motion for Recusal, Order on Motion for Joinder; USCA Case Number 24–05006. (mg) (Entered: 01/26/2024) |
| 01/26/2024 | 808 | Joint STATUS REPORT *Regarding Proposed Confidentiality Management Orders and Plaintiffs Position Statement Regarding the New York Times Company Motion for Access to Judicial Records* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Herrmann, Karl) (Entered: 01/26/2024) |
| 01/31/2024 | 809 | NOTICE of Appearance by Diamante A. Smith on behalf of STATE OF TEXAS (Smith, Diamante) (Entered: 01/31/2024) |
| 01/31/2024 | 810 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF TEXAS. Attorney Margaret Sharp terminated. (Smith, Diamante) (Entered: 01/31/2024) |
| 01/31/2024 | 811 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NORTH DAKOTA. Attorney Parrell D. Grossman terminated. (Alm, Elin) (Entered: 01/31/2024) |
| 02/02/2024 | 812 | Memorandum in opposition to re 800 Motion to Unseal Document, filed by APPLE INC.. (Sunshine, Steven) (Entered: 02/02/2024) |
| 02/02/2024 | 813 | Memorandum in opposition to re 800 Motion to Unseal Document, filed by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 02/02/2024) |
| 02/02/2024 | 814 | RESPONSE re 800 MOTION to Unseal Document *NON–PARTY MICROSOFT CORPORATION'S POSITION STATEMENT ON THE PROPOSED CONFIDENTIALITY MANAGEMENT ORDERS AND THE NEW YORK TIMES COMPANY'S MOTION FOR ACCESS TO JUDICIAL RECORDS* by MICROSOFT CORPORATION (Ray, Amy) Modified event title and link on 2/5/2024 (znmw). (Entered: 02/02/2024) |
| 02/06/2024 | 815 | Unopposed MOTION to Amend/Correct *the Record* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 02/06/2024) |
| 02/06/2024 | 816 | NOTICE of Appearance by Christopher A. Knight on behalf of STATE OF FLORIDA (Knight, Christopher) (Entered: 02/06/2024) |
| 02/07/2024 | 817 | ORDER granting Plaintiffs' 815 Unopposed Third Motion to Correct the Record. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/7/24. (lcapm2) (Entered: 02/07/2024) |
| 02/07/2024 | 818 | MOTION for Extension of Time to File Response/Reply as to 800 MOTION to Unseal Document by NEW YORK TIMES COMPANY. (Attachments: # 1 Text of Proposed Order)(Sumar, Al–Amyn) (Entered: 02/07/2024) |
| 02/08/2024 | | MINUTE ORDER granting Intervenor New York Times' 818 Motion for Extension of Time on Intervenor's Reply in Support of its Motion for Access to Judicial Records. Intervenor's reply shall be due on or before February 23, 2024. Signed by Judge Amit P. Mehta on 2/9/24. (lcapm2) (Entered: 02/08/2024) |
| 02/09/2024 | 819 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Charles K. Thimmesch on behalf of STATE OF GEORGIA (Thimmesch, Charles) (Main Document 819 replaced on 2/9/2024) (mg). (Entered: 02/09/2024) |
| 02/09/2024 | 820 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 02/09/2024) |
| 02/09/2024 | 821 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 02/09/2024) |
| 02/09/2024 | 822 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 02/09/2024) |
| 02/09/2024 | 823 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.)(Sallet, Jonathan) (Entered: 02/09/2024) |
| 02/09/2024 | 824 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.)(Sallet, Jonathan) (Entered: 02/09/2024) |
| 02/09/2024 | 825 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A)(Sallet, Jonathan) (Entered: 02/09/2024) |
| 02/09/2024 | 826 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 02/09/2024) |
| 02/09/2024 | 827 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 02/09/2024) |
| 02/09/2024 | 828 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 02/09/2024) |
| 02/10/2024 | | MINUTE ORDER. The parties shall appear for a status conference on February 12, 2024, at 11:30 a.m. in Courtroom 10, to discuss the parties' proposed case management orders. Signed by Judge Amit P. Mehta on 2/10/24. (lcapm2) (Entered: 02/10/2024) |
| 02/11/2024 | | NOTICE of Hearing: The public access line will be connected for the status conference set for 2/12/2024 at 11:30 AM. Members of the public or media may access the hearing by dialing (877) 848–7030 and entering access code 321–8747. (zjd) (Entered: 02/11/2024) |
| 02/12/2024 | | NOTICE OF ERROR re 822 Sealed Document; emailed to karl.herrmann@usdoj.gov, cc'd 340 associated attorneys –– The PDF file you docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. Signature of filer must match the name on the PACER account. (mg, ) NOTICE OF ERROR re 822 Sealed Document; emailed to karl.herrmann@usdoj.gov, cc'd 340 associated attorneys –– The PDF file you |

| | | |
|---|---|---|
| | | docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. Signature of filer must match the name on the PACER account. (mg, ) (Entered: 02/12/2024) |
| 02/12/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 2/12/2024. Court and parties set schedule for finding of facts. Court Reporter William Zaremba. (zjch, ) (Entered: 02/12/2024) |
| 02/13/2024 | | USCA Appeal Fees received $ 605 receipt number 206639 re 798 Notice of Interlocutory Appeal filed by BRAD GREENSPAN (mg) (Entered: 02/14/2024) |
| 02/14/2024 | 829 | Supplemental Record on Appeal transmitted to US Court of Appeals re USCA Appeal Fees ; USCA Case Number 24–5006. (mg) (Entered: 02/14/2024) |
| 02/14/2024 | 830 | NOTICE *of Filing of Proposed Stipulated Post–Trial Submissions Confidentiality Management Order* by UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order Stipulated Post–Trial Submissions Confidentiality Management Order)(Goldstein, Jeremy Michael) (Entered: 02/14/2024) |
| 02/15/2024 | 831 | ORDER entering the parties' Stipulated Post–Trial Submissions Confidentiality Management Order. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/15/24. (lcapm2) (Entered: 02/15/2024) |
| 02/15/2024 | | MINUTE ORDER. The parties shall appear for a status conference on March 11, 2024, at 11:00 a.m. in Courtroom 10, to discuss outstanding confidentiality disputes. See Order, ECF No. 831. Signed by Judge Amit P. Mehta on 2/15/24. (lcapm2) (Entered: 02/15/2024) |
| 02/15/2024 | | NOTICE of Hearing: The public access line will be connected for the status conference set for 3/11/2024 at 11:00 AM. Members of the public or media may access the hearing by dialing (877) 848–7030 and entering access code 321–8747. (smc) (Entered: 02/15/2024) |
| 02/15/2024 | 832 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on February 12, 2024; Page Numbers: 1–40. Date of Issuance: February 15, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 3/7/2024. Redacted Transcript Deadline set for 3/17/2024. Release of Transcript Restriction set for 5/15/2024.(Zaremba, William) (Entered: 02/15/2024) |

| 02/23/2024 | 833 | REDACTED DOCUMENT– Defendant's Post–Trial Brief to 826 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/23/2024) |
|---|---|---|
| 02/23/2024 | 834 | REDACTED DOCUMENT– Defendant's Proposed Conclusions of Law to 827 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/23/2024) |
| 02/23/2024 | 835 | REDACTED DOCUMENT– Defendant's Proposed Findings of Fact to 828 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/23/2024) |
| 02/23/2024 | 836 | REPLY to opposition to motion re 800 MOTION to Unseal Document filed by NEW YORK TIMES COMPANY. (Sumar, Al–Amyn) (Entered: 02/23/2024) |
| 02/23/2024 | 837 | REDACTED DOCUMENT– Plaintiffs' Post–Trial Brief to 820 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/23/2024) |
| 02/23/2024 | 838 | REDACTED DOCUMENT– Plaintiffs' Proposed Conclusions of Law to 821 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/23/2024) |
| 02/23/2024 | 839 | REDACTED DOCUMENT– Plaintiffs' Proposed Findings of Fact to 822 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Main Document 839 replaced on 2/26/2024) (smc). (Entered: 02/23/2024) |
| 02/23/2024 | 840 | REDACTED DOCUMENT– Plaintiff States' Post–Trial Brief to 823 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 02/23/2024) |
| 02/23/2024 | 841 | REDACTED DOCUMENT– Plaintiff States' Proposed Conclusions of Law to 824 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 02/23/2024) |
| 02/23/2024 | 842 | REDACTED DOCUMENT– Plaintiff States' Proposed Findings of Fact to 825 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 02/23/2024) |
| 02/27/2024 | 843 | MOTION to Take Judicial Notice *of Certain Publicly Available Exhibits* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Attachment A, # 2 Exhibit Attachment B, # 3 Exhibit Attachment C, # 4 Text of Proposed Order)(Herrmann, Karl) (Entered: 02/27/2024) |
| 02/29/2024 | 844 | NOTICE of Change of Address by Amy Wilkie Ray (Ray, Amy) (Entered: 02/29/2024) |
| 03/11/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 3/11/2024. (Court Reporter: William Zaremba) (zjd) (Entered: 03/11/2024) |
| 03/12/2024 | 845 | RESPONSE re 843 MOTION to Take Judicial Notice *of Certain Publicly Available Exhibits* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/12/2024) |
| 03/12/2024 | 847 | NOTICE OF INTERLOCUTORY APPEAL as to 1/25/2024 MINUTE Order on Motion for Joinder by BRAD GREENSPAN. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit)(mg) . Modified docket text on 3/27/2024 (mg). (Entered: 03/14/2024) |
| 03/13/2024 | 846 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on March 11, 2024; Page Numbers: 1–68. Date of Issuance: March 13, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 4/3/2024. Redacted Transcript Deadline set for 4/13/2024. Release of Transcript Restriction set for 6/11/2024.(Zaremba, William) (Entered: 03/13/2024) |
| 03/14/2024 | 848 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court or motion to proceed In Forma Pauperis has been decided re 847 Notice of Interlocutory Appeal. (mg) (Entered: 03/14/2024) |
| 03/14/2024 | 849 | NOTICE of Proposed Order *Proposed Stipulated Confidentiality Management Order Regarding Responsive Post−Trial Submissions and Intervenor The New York Times Company's Motion for Judicial Access* by GOOGLE LLC (Schmidtlein, John) (Entered: 03/14/2024) |
| 03/14/2024 | | USCA Case Number 24−5006 for 847 Notice of Interlocutory Appeal filed by BRAD GREENSPAN. (znmw) (Entered: 03/18/2024) |
| 03/15/2024 | 850 | ORDER entering the parties' 849 Stipulated Confidentiality Management Order. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 3/15/24. (lcapm2) (Entered: 03/15/2024) |
| 03/19/2024 | 851 | REPLY to opposition to motion re 843 MOTION to Take Judicial Notice *of Certain Publicly Available Exhibits* filed by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 03/19/2024) |
| 03/22/2024 | 852 | SEALED DOCUMENT filed by STATE OF COLORADO re 828 Sealed Document (This document is SEALED and only available to authorized persons.)(Sallet, Jonathan) (Entered: 03/22/2024) |
| 03/22/2024 | 853 | SEALED DOCUMENT filed by STATE OF COLORADO re 827 Sealed Document (This document is SEALED and only available to authorized persons.)(Sallet, Jonathan) (Entered: 03/22/2024) |
| 03/22/2024 | 854 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 827 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 03/22/2024) |
| 03/22/2024 | 855 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 828 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 03/22/2024) |

| 03/22/2024 | 856 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 03/22/2024) |
|---|---|---|
| 03/22/2024 | 857 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 03/22/2024) |
| 03/25/2024 | 858 | NOTICE OF INTERLOCUTORY APPEAL as to 1/25/2024 MINUTE Order on Motion for Recusal by BRAD GREENSPAN. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit)(mg) (Entered: 03/27/2024) |
| 03/27/2024 | 859 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court or motion to proceed In Forma Pauperis has been decided re 858 Notice of Interlocutory Appeal. (mg) (Entered: 03/27/2024) |
| 03/27/2024 | | USCA Case Number 24–5006 for 858 Notice of Interlocutory Appeal filed by BRAD GREENSPAN. (znmw) (Entered: 03/27/2024) |
| 03/29/2024 | 860 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Matthew C. Hammond terminated. (Hammond, Matthew) (Entered: 03/29/2024) |
| 03/29/2024 | 861 | REDACTED DOCUMENT– Plaintiff States' Responsive Proposed Findings of Fact to 852 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 03/29/2024) |
| 03/29/2024 | 862 | REDACTED DOCUMENT– Plaintiff States' Responsive Proposed Conclusions of Law to 853 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 03/29/2024) |
| 03/29/2024 | 863 | REDACTED DOCUMENT– Plaintiffs' Response to Defendant's Proposed Conclusions of Law to 854 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 03/29/2024) |
| 03/29/2024 | 864 | REDACTED DOCUMENT– Plaintiffs' Response to Defendant's Proposed Findings of Fact to 855 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 03/29/2024) |
| 03/29/2024 | 865 | REDACTED DOCUMENT– Defendant's Responsive Proposed Findings of Fact to 856 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/29/2024) |
| 03/29/2024 | 866 | REDACTED DOCUMENT– Defendant's Responsive Proposed Conclusions of Law to 857 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/29/2024) |
| 04/02/2024 | 867 | NOTICE of Appearance by Maya Gandhi on behalf of NEW YORK TIMES COMPANY (Gandhi, Maya) (Entered: 04/02/2024) |
| 04/10/2024 | 868 | NOTICE of Appearance by Anthony Stephen Ferrara on behalf of MOTOROLA MOBILITY LLC (Ferrara, Anthony) (Entered: 04/10/2024) |
| 04/10/2024 | 869 | NOTICE of Non–Party Motorola Mobility LLC's Position Statement on The New York Times Company's Motion for Judicial Access by MOTOROLA MOBILITY LLC re 800 Motion to Unseal Document, 850 Order (Ferrara, Anthony) (Entered: |

| | | |
|---|---|---|
| | | 04/10/2024) |
| 04/10/2024 | 870 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Certificate of Service)(Sallet, Jonathan) (Entered: 04/10/2024) |
| 04/10/2024 | 871 | NOTICE *of Non−Party Samsung Electronics Co., Ltd.'s Position Statement Regarding Intervenor The New York Times Company's Motion for Access to Judicial Records* by SAMSUNG ELECTRONICS CO., LTD. re 800 Motion to Unseal Document, (Attachments: # 1 Declaration of Kyu Sung Lee in support)(Arteaga, Juan) (Entered: 04/10/2024) |
| 04/10/2024 | 872 | NOTICE *of Position Statement* by AMAZON.COM, INC. re 850 Order (Attachments: # 1 Declaration of Mike James, # 2 Exhibit Designations)(Lipton, Joshua) (Entered: 04/10/2024) |
| 04/10/2024 | 873 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Granting Non−Party Apple Inc.'s Motion for Leave to File Under Seal, # 2 Non−Party Apple Inc.'s Position Statement regarding DOJ's Post−Trial Submissions and Responsive Post−Trial Submissions, # 3 Declaration of Dave Lacy Kusters In Support Of Non−Party Apple Inc.'s Position Statement regarding DOJ's Post−Trial Submissions and Responsive Post−Trial Submissions)(Sunshine, Steven) (Entered: 04/10/2024) |
| 04/10/2024 | 874 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration Bondar, # 2 Declaration Price, # 3 Declaration Zwibelman, # 4 Declaration Daly, # 5 Declaration Lee, # 6 Exhibit A, # 7 Exhibit B, # 8 Exhibit C, # 9 Exhibit D, # 10 Exhibit E, # 11 Exhibit F, # 12 Exhibit G, # 13 Exhibit H, # 14 Exhibit I, # 15 Exhibit J, # 16 Exhibit K, # 17 Exhibit L, # 18 Exhibit M, # 19 Exhibit N, # 20 Exhibit O, # 21 Exhibit P, # 22 Exhibit Q, # 23 Exhibit R, # 24 Certificate of Service)(Schmidtlein, John) (Entered: 04/10/2024) |
| 04/10/2024 | 875 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Granting Non−Party Apple Inc.'s Motion for Leave to File Under Seal, # 2 Non−Party Apple Inc.'s Position Statement Regarding The New York Times Company's Motion for Access to Judicial Records, # 3 Declaration of Dave Lacy Kusters In Support Of Non−Party Apple Inc.'s Position Statement Regarding The New York Times Company's Motion for Access to Judicial Records, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Exhibit H)(Sunshine, Steven) (Entered: 04/10/2024) |
| 04/10/2024 | 876 | NOTICE of Appearance by Christian Dibblee on behalf of AT&T INC. (Dibblee, Christian) (Entered: 04/10/2024) |
| 04/10/2024 | 877 | NOTICE *of NON−PARTY AT&T INC.'S POSITION STATEMENT ON THE NEW YORK TIMES COMPANY'S MOTION FOR ACCESS TO JUDICIAL RECORDS* by AT&T INC. re 800 Motion to Unseal Document, 850 Order (Attachments: # 1 Exhibit 1)(Dibblee, Christian) (Entered: 04/10/2024) |
| 04/10/2024 | 878 | |

| | | |
|---|---|---|
| | | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Certificate of Service)(Herrmann, Karl) (Entered: 04/10/2024) |
| 04/10/2024 | 879 | REDACTED DOCUMENT– Defendant's Submission Regarding Redactions to the Parties' Post–Trial Submissions and Certain Exhibits to 874 Sealed Document,, by GOOGLE LLC. (Attachments: # 1 Declaration Bondar, # 2 Declaration Price, # 3 Declaration Zwibelman, # 4 Declaration Daly, # 5 Declaration Lee, # 6 Exhibit A, # 7 Exhibit B, # 8 Exhibit C, # 9 Exhibit D, # 10 Exhibit E, # 11 Exhibit F, # 12 Exhibit G, # 13 Exhibit H, # 14 Exhibit I, # 15 Exhibit J, # 16 Exhibit K, # 17 Exhibit L, # 18 Exhibit M, # 19 Exhibit N, # 20 Exhibit O, # 21 Exhibit P, # 22 Exhibit Q, # 23 Exhibit R)(Schmidtlein, John) (Entered: 04/10/2024) |
| 04/10/2024 | 880 | SUPPLEMENTAL MEMORANDUM to re 800 MOTION to Unseal Document filed by NEW YORK TIMES COMPANY. (Attachments: # 1 Declaration of Maya Gandhi, # 2 Ex A to Gandhi Decl, # 3 Ex B to Gandhi Decl, # 4 Ex C to Gandhi Decl, # 5 Ex D to Gandhi Decl, # 6 Ex E to Gandhi Decl, # 7 Ex F to Gandhi Decl, # 8 Ex G to Gandhi Decl)(Sumar, Al–Amyn) (Entered: 04/10/2024) |
| 04/10/2024 | 881 | NOTICE *of Nonparty Microsoft Corporation's Position Statement Concerning the Confidentiality of Its Documents and Testimony* by MICROSOFT CORPORATION re 850 Order (Attachments: # 1 Declaration of Julia E. Chapman In Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Declaration of Allen Robert Davis In Support, # 21 Declaration of Jonathan Tinter In Support)(Chapman, Julia) (Entered: 04/10/2024) |
| 04/11/2024 | 882 | REDACTED DOCUMENT– Plaintiffs' Confidentiality Position Statement to 878 Sealed Document, by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Redacted), # 2 Exhibit B (Filed Under Seal), # 3 Exhibit C (Filed Under Seal), # 4 Exhibit D (Filed Under Seal), # 5 Exhibit E (Redacted), # 6 Exhibit F (Redacted), # 7 Exhibit G (Redacted), # 8 Exhibit H (Redacted), # 9 Exhibit I (Redacted), # 10 Exhibit J (Redacted), # 11 Exhibit K (Redacted), # 12 Exhibit L (Redacted), # 13 Certificate of Service)(Herrmann, Karl) (Entered: 04/11/2024) |
| 04/11/2024 | 883 | NOTICE *re: Corrected Exhibit No. 7* by MICROSOFT CORPORATION re 881 Notice (Other),, (Chapman, Julia) (Entered: 04/11/2024) |
| 04/11/2024 | 884 | MOTION to Seal Exhibit No. 7 re 881 Notice (Other),, *(ECF No. 881–8)* by MICROSOFT CORPORATION. (Chapman, Julia) (Entered: 04/11/2024) |
| 04/11/2024 | 885 | REDACTED DOCUMENT– to 870 Sealed Document by STATE OF COLORADO. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Sallet, Jonathan) (Entered: 04/11/2024) |
| 04/18/2024 | 886 | MOTION to Withdraw as Attorney by STATE OF INDIANA. (Attachments: # 1 Text of Proposed Order)(Frasher, Ryan) (Entered: 04/18/2024) |
| 04/19/2024 | | MINUTE ORDER granting 886 Motion to Withdraw as Attorney. Attorney Ryan R. Frasher is hereby terminated as counsel of record for the State of Indiana. Signed by Judge Amit P. Mehta on 4/19/24. (lcapm2) (Entered: 04/19/2024) |

| 04/19/2024 | 887 | Exhibit List – *Plaintiffs' Redacted Exhibit List* by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 04/19/2024) |
| 04/19/2024 | 888 | Exhibit List – *Joint Exhibit List* by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 04/19/2024) |
| 04/19/2024 | 889 | Exhibit List *Plaintiff States' Redacted Exhibit List* by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 04/19/2024) |
| 04/19/2024 | 890 | ORDER setting the schedule for closing arguments. Closing arguments shall occur over two days, May 2 – 3, 2024, in Courtroom 10. Arguments on each day will begin at 9:00 a.m. A public access line will be connected for the duration of the proceedings, and audience overflow and media access rooms will be designated in the courthouse. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 4/19/24. (lcapm2) (Entered: 04/19/2024) |
| 04/19/2024 | 891 | Exhibit List *Google's Redacted Exhibit List* by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/19/2024) |
| 04/23/2024 |  | NOTICE of Hearing: The parties shall appear for an oral ruling on April 24, 2024 at 3:00 p.m. in Courtroom 10 before Judge Amit P. Mehta. Parties unable to attend in person may participate remotely. Members of the public or media may access proceedings by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. (zjd) (Entered: 04/23/2024) |
| 04/24/2024 | 892 | ORDER. For the reasons stated on the record on this date, the court grants in part and denies in part Intervenor The New York Times' 800 Motion to Unseal. The ruling the court read into the record is attached, including legal and record citations. If counsel have questions about this ruling, please contact chambers. Signed by Judge Amit P. Mehta on 04/24/2024. (lcapm2) (Entered: 04/24/2024) |
| 04/24/2024 |  | Minute Entry for Oral Ruling proceedings held on 4/24/2024 before Judge Amit P. Mehta. Oral Ruling heard in respect to the records that are subject to the Times decision. Per the Oral Ruling, the parties are instructed to disclose specific portions of the requested exhibits, including those portions or records that must be re–reviewed, no later than 4/30/2024. (Court Reporter William Zaremba.) (zdrf) (Entered: 04/24/2024) |
| 04/24/2024 | 893 | ORDER updating the redactions in the parties' post–trial submissions. The rulings are informed by the legal principles set forth in the court's oral ruling on April 24, 2024, see Order, ECF No. 892, and reflect its individualized balancing of the Hubbard factors during that hearing. The DOJ Plaintiffs and Google shall amend their submissions consistent with the court's rulings and publicly docket them by April 30, 2024. See the attached Order for additional details. If counsel have questions about this Order, please contact chambers. Signed by Judge Amit P. Mehta on 4/24/24. (lcapm2) (Entered: 04/24/2024) |
| 04/24/2024 | 894 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEBRASKA. Attorney Joseph Conrad terminated. (Conrad, Joseph) (Entered: 04/24/2024) |
| 04/25/2024 | 895 | TRANSCRIPT OF ORAL RULING PROCEEDINGS before Judge Amit P. Mehta held on April 24, 2024; Page Numbers: 1–45. Date of Issuance: April 25, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form |

| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 5/16/2024. Redacted Transcript Deadline set for 5/26/2024. Release of Transcript Restriction set for 7/24/2024.(Zaremba, William) (Entered: 04/25/2024) |
| 04/30/2024 | | Closing Arguments set for 5/2/2024 at 09:00 AM in Courtroom 10– In Person (Audio Line Available) before Judge Amit P. Mehta. (zglw) (Entered: 04/30/2024) |
| 04/30/2024 | 896 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 820 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 04/30/2024) |
| 04/30/2024 | 897 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 822 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 04/30/2024) |
| 04/30/2024 | 898 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 855 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 04/30/2024) |
| 04/30/2024 | 899 | RESPONSE re 827 Sealed Document *Plaintiffs' Response to Defendant's Proposed Conclusions of Law [Corrected April 30, 2024]* filed by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 04/30/2024) |
| 04/30/2024 | 900 | REDACTED DOCUMENT– to 823 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 04/30/2024) |
| 04/30/2024 | 901 | REDACTED DOCUMENT– to 824 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 04/30/2024) |
| 04/30/2024 | 902 | REDACTED DOCUMENT– to 825 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 04/30/2024) |
| 04/30/2024 | 903 | REDACTED DOCUMENT– to 852 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 04/30/2024) |
| 04/30/2024 | 904 | REDACTED DOCUMENT– to 853 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 04/30/2024) |
| 04/30/2024 | 905 | REDACTED DOCUMENT– Plaintiffs' Post–Trial Brief [Corrected April 30, 2024] to 896 Sealed Document, 820 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 04/30/2024) |
| 04/30/2024 | 907 | |

| | | |
|---|---|---|
| | | REDACTED DOCUMENT– Plaintiffs' Response to Defendant's Proposed Findings of Fact [Corrected April 30, 2024] to 898 Sealed Document, 855 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 04/30/2024) |
| 04/30/2024 | 908 | REDACTED DOCUMENT– Google's Post–Trial Brief to 826 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/30/2024) |
| 04/30/2024 | 909 | REDACTED DOCUMENT– Defendant's Proposed Conclusions of Law to 827 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/30/2024) |
| 04/30/2024 | 910 | REDACTED DOCUMENT– Defendant's Proposed Findings of Fact to 828 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/30/2024) |
| 04/30/2024 | 911 | REDACTED DOCUMENT– Defendant's Responsive Proposed Conclusions of Law to 857 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/30/2024) |
| 04/30/2024 | 912 | REDACTED DOCUMENT– Defendant's Responsive Proposed Findings of Fact to 856 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/30/2024) |
| 05/02/2024 | 913 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF UTAH. (Martin, Marie) (Entered: 05/02/2024) |
| 05/02/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Closing Arguments (Day 1) held on 5/2/2024. Closing Arguments shall resume on 5/3/2024 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. (Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.)) (zjd) (Entered: 05/02/2024) |
| 05/03/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Closing Arguments (Day 2) held on 5/3/2024. (Court Reporter William Zaremba (a.m.) and Janice Dickman (p.m.)) (zjd) (Entered: 05/03/2024) |
| 05/07/2024 | 914 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 1 MORNING SESSION before Judge Amit P. Mehta held on September 12, 2023; Page Numbers: 1–132. Date of Issuance: May 7, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2024. Redacted Transcript Deadline set for 6/7/2024. Release of Transcript Restriction set for 8/5/2024.(Zaremba, William) (Entered: 05/07/2024) |

192

| | | |
|---|---|---|
| 05/07/2024 | 915 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on September 12, 2023; Page Numbers: 133–301. Date of Issuance:May 7, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2024. Redacted Transcript Deadline set for 6/7/2024. Release of Transcript Restriction set for 8/5/2024.(Dickman, Janice) (Entered: 05/07/2024) |
| 05/07/2024 | 916 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 2 MORNING SESSION before Judge Amit P. Mehta held on September 13, 2023; Page Numbers: 302–450. Date of Issuance: May 7, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2024. Redacted Transcript Deadline set for 6/7/2024. Release of Transcript Restriction set for 8/5/2024.(Zaremba, William) (Entered: 05/07/2024) |
| 05/07/2024 | 917 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on September 13, 2023 Afternoon; Page Numbers: 451–601. Date of Issuance:May 7, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced |

above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 5/28/2024. Redacted Transcript Deadline set for 6/7/2024. Release of Transcript Restriction set for 8/5/2024.(Dickman, Janice) (Entered: 05/07/2024)

| 05/07/2024 | 918 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 3 MORNING SESSION before Judge Amit P. Mehta held on September 14, 2023; Page Numbers: 602–731. Date of Issuance: May 7, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2024. Redacted Transcript Deadline set for 6/7/2024. Release of Transcript Restriction set for 8/5/2024.(Zaremba, William) (Entered: 05/07/2024) |
| --- | --- | --- |
| 05/07/2024 | 919 | TRANSCRIPT OF BENCH TRIAL – DAY 3 – AFTERNOON SESSION before Judge Amit P. Mehta held on September 14, 2023. Page Numbers: 732 – 881. Date of Issuance: May 7, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal |

| | | identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2024. Redacted Transcript Deadline set for 6/7/2024. Release of Transcript Restriction set for 8/5/2024.(Hook, Jeff) (Entered: 05/07/2024) |
|---|---|---|
| 05/08/2024 | 920 | NOTICE OF WITHDRAWAL OF APPEARANCE as to GOOGLE LLC. Attorney Wendy W.H. Waszmer terminated. (Waszmer, Wendy) (Entered: 05/08/2024) |
| 05/08/2024 | 921 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on September 15, 2023; Page Numbers: 882–1013. Date of Issuance:May 8, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/29/2024. Redacted Transcript Deadline set for 6/8/2024. Release of Transcript Restriction set for 8/6/2024.(Dickman, Janice) (Entered: 05/08/2024) |
| 05/08/2024 | 922 | TRANSCRIPT OF Testimony of Mr. Kolotouros (as partially unsealed) before Judge Amit P. Mehta held on September 15, 2023; Page Numbers: 884–990. Date of Issuance:May 8, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 5/29/2024. Redacted Transcript Deadline set for 6/8/2024. Release of Transcript Restriction set for 8/6/2024.(Dickman, Janice) (Entered: 05/08/2024) |
| 05/10/2024 | 923 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF UTAH. (Ryther, Scott) (Entered: 05/10/2024) |
| 05/13/2024 | 924 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 5 MORNING SESSION before Judge Amit P. Mehta held on September 18, 2023; Page Numbers: 1014–1152. Date of Issuance: May 13, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/3/2024. Redacted Transcript Deadline set for 6/13/2024. Release of Transcript Restriction set for 8/11/2024.(Zaremba, William) (Entered: 05/13/2024) |
| 05/13/2024 | 925 | TRANSCRIPT OF (BRIAN HIGGINS REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS – DAY 5 MORNING SESSION before Judge Amit P. Mehta held on September 18, 2023; Page Numbers: 1014–1120. Date of Issuance: May 13, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/3/2024. Redacted Transcript Deadline set for 6/13/2024. Release of Transcript Restriction set for 8/11/2024.(Zaremba, William) (Entered: 05/13/2024) |

| | | |
|---|---|---|
| 05/13/2024 | 932 | AMICUS BRIEF by PET FUND. "LET THIS BE FILED." Signed by Judge Amit P. Mehta on 5/13/2024. (mg) (Entered: 05/15/2024) |
| 05/14/2024 | 926 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 09/18/2023. Page Numbers: 1165–1316. Date of Issuance: 05/14/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/4/2024. Redacted Transcript Deadline set for 6/14/2024. Release of Transcript Restriction set for 8/12/2024.(Wick, Sara) (Entered: 05/14/2024) |
| 05/14/2024 | 927 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 6 MORNING SESSION before Judge Amit P. Mehta held on September 19, 2023; Page Numbers: 1322–1472. Date of Issuance: May 14, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/4/2024. Redacted Transcript Deadline set for 6/14/2024. Release of Transcript Restriction set for 8/12/2024.(Zaremba, William) (Entered: 05/14/2024) |
| 05/15/2024 | 928 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 6 AFTERNOON SESSION before Judge Amit P. Mehta held on September 19, 2023. Page Numbers: 1473 – 1595. Date of Issuance: May 15, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form |

|  |  | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Hook, Jeff) (Entered: 05/15/2024) |
| 05/15/2024 | 929 | TRANSCRIPT OF (JONATHAN YOO REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS – DAY 6 AFTERNOON SESSION before Judge Amit P. Mehta held on September 19, 2023. Page Numbers: 1 – 35. Date of Issuance: May 15, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Hook, Jeff) (Entered: 05/15/2024) |
| 05/15/2024 | 930 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 7 MORNING SESSION before Judge Amit P. Mehta held on September 20, 2023; Page Numbers: 1596–1715. Date of Issuance: May 15, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Zaremba, William) (Entered: 05/15/2024) |
| 05/15/2024 | 931 | TRANSCRIPT OF (MIKE ROSZAK REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS – DAY 7 MORNING SESSION before Judge Amit P. Mehta held on September 20, 2023; Page Numbers: 1596–1711. Date of Issuance: May 15, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter. **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Zaremba, William) (Entered: 05/15/2024) |
| 05/15/2024 | 933 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 09/20/2023. Page Numbers: 1732–1874. Date of Issuance: 05/15/2024. Court Reporter: Sara Wick, telephone number 202−354−3284. Transcripts may be ordered by submitting the Transcript Order Form For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Wick, Sara) (Entered: 05/15/2024) |
|---|---|---|
| 05/15/2024 | 934 | TRANSCRIPT OF TESTIMONY OF MICHAEL ROSZAK, before Judge Amit P. Mehta held on 09/20/2023. Page Numbers: 1732–1746. Date of Issuance: 05/15/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Wick, Sara) (Entered: 05/15/2024) |
| 05/15/2024 | 935 | TRANSCRIPT OF TESTIMONY OF ERIC LEHMAN before Judge Amit P. Mehta held on 09/20/2023. Page Numbers: 1732–1859. Date of Issuance: 0/15/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Wick, Sara) (Entered: 05/15/2024) |
| 05/15/2024 | 936 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 8 MORNING SESSION before Judge Amit P. Mehta held on September 21, 2023; Page Numbers: 1885–2013. Date of Issuance: May 15, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Zaremba, William) (Entered: 05/15/2024) |
| 05/15/2024 | 937 | TRANSCRIPT OF (ERIC LEHMAN REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS – DAY 8 MORNING SESSION before Judge Amit P. Mehta held on September 21, 2023; Page Numbers: 1885–1935. Date of Issuance: May 15, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form |
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Zaremba, William) (Note: Date on transcript is incorrect and could not be modified; correct date of trial is 9/21/2023.) Modified on 5/16/2024 (znmw). (Entered: 05/15/2024) |
| 05/15/2024 | 938 | TRANSCRIPT OF (GABRIEL WEINBERG REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS – DAY 8 AFTERNOON SESSION before Judge Amit P. Mehta held on September 21, 2023. Page Numbers: 2019 – 2115. Date of Issuance: May 15, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form |
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Hook, Jeff) (Entered: 05/15/2024) |
| 05/15/2024 | 939 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 8 AFTERNOON SESSION before Judge Amit P. Mehta held on September 21, 2023. Page Numbers: 2133 – 2200. Date of Issuance: May 15, 2024. Court Reporter: Jeff Hook. Telephone number: 202−354−3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Hook, Jeff) (Entered: 05/15/2024) |
| 05/17/2024 | 940 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on September 22, 2023; Page Numbers: 2201−2375. Date of Issuance: May 17, 2024. Court Reporter: Janice Dickman, Telephone number 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 6/7/2024. Redacted Transcript Deadline set for 6/17/2024. Release of Transcript Restriction set for 8/15/2024.(Dickman, Janice) (Entered: 05/17/2024) |
| 05/20/2024 | 941 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 10 MORNING SESSION before Judge Amit P. Mehta held on September 26, 2023; Page Numbers: 2413–2556. Date of Issuance: May 20, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/10/2024. Redacted Transcript Deadline set for 6/20/2024. Release of Transcript Restriction set for 8/18/2024.(Zaremba, William) (Entered: 05/20/2024) |
| 05/20/2024 | 942 | TRANSCRIPT OF (EDDY CUE REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS – DAY 10 MORNING SESSION before Judge Amit P. Mehta held on September 26, 2023; Page Numbers: 2413–2545. Date of Issuance: May 20, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/10/2024. Redacted Transcript Deadline set for 6/20/2024. Release of Transcript Restriction set for 8/18/2024.(Zaremba, William) (Entered: 05/20/2024) |
| 05/20/2024 | 943 | TRANSCRIPT OF (EDDY CUE REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS – DAY 10 AFTERNOON SESSION before Judge Amit P. Mehta held on September 26, 2023. Page Numbers: 2571 – 2607. Date of Issuance: May |

20, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 6/10/2024. Redacted Transcript Deadline set for 6/20/2024. Release of Transcript Restriction set for 8/18/2024.(Hook, Jeff) (Entered: 05/20/2024)

| 05/20/2024 | 944 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 10 AFTERNOON SESSION before Judge Amit P. Mehta held on September 26, 2023. Page Numbers: 2615 – 2711. Date of Issuance: May 20, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/10/2024. Redacted Transcript Deadline set for 6/20/2024. Release of Transcript Restriction set for 8/18/2024.(Hook, Jeff) (Entered: 05/20/2024) |
| 05/20/2024 | 945 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 11 MORNING SESSION before Judge Amit P. Mehta held on September 27, 2023; Page Numbers: 2712–2849. Date of Issuance: May 20, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript |

formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 6/10/2024. Redacted Transcript Deadline set for 6/20/2024. Release of Transcript Restriction set for 8/18/2024.(Zaremba, William) (Entered: 05/20/2024)

| 05/20/2024 | 946 | TRANSCRIPT OF (MIKHAIL PARAKHIN REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS – DAY 11 MORNING SESSION before Judge Amit P. Mehta held on September 27, 2023; Page Numbers: 2712–2778. Date of Issuance: May 20, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/10/2024. Redacted Transcript Deadline set for 6/20/2024. Release of Transcript Restriction set for 8/18/2024.(Zaremba, William) (Entered: 05/20/2024) |
| 05/21/2024 | 947 | NOTICE OF SUBSTITUTION OF COUNSEL by Laura E. McFarlane on behalf of STATE OF WISCONSIN Substituting for attorney Gwendolyn J. Lindsay Cooley (McFarlane, Laura) (Entered: 05/21/2024) |
| 05/22/2024 | 948 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on September 27, 2023, afternoon session; Page Numbers: 2850–3032. Date of Issuance: May 22, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/12/2024. Redacted Transcript Deadline set for 6/22/2024. Release of Transcript Restriction set for 8/20/2024.(Dickman, Janice) (Entered: 05/22/2024) |
| 05/22/2024 | 949 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta, testimony of Anna Kartasheva, held on September 27, 2023; Page Numbers: 2850−2877. Date of Issuance: May 22, 2024. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/12/2024. Redacted Transcript Deadline set for 6/22/2024. Release of Transcript Restriction set for 8/20/2024.(Dickman, Janice) (Entered: 05/22/2024) |
| 05/22/2024 | 950 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS − DAY 12 MORNING SESSION before Judge Amit P. Mehta held on September 28, 2023; Page Numbers: 3038−3225. Date of Issuance: May 22, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 6/12/2024. Redacted Transcript Deadline set for 6/22/2024. Release of Transcript Restriction set for 8/20/2024.(Zaremba, William) (Entered: 05/22/2024) |
| 05/22/2024 | 951 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 09/28/2023. Page Numbers: 3226–3400. Date of Issuance: 05/22/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/12/2024. Redacted Transcript Deadline set for 6/22/2024. Release of Transcript Restriction set for 8/20/2024.(Wick, Sara) (Entered: 05/22/2024) |
| 05/22/2024 | 952 | TRANSCRIPT OF TESTIMONY OF JON TINTER before Judge Amit P. Mehta held on 09/28/2023. Page Numbers: 3226–3379. Date of Issuance: 05/22/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/12/2024. Redacted Transcript Deadline set for 6/22/2024. Release of Transcript Restriction set for 8/20/2024.(Wick, Sara) (Entered: 05/22/2024) |
| 05/23/2024 | 953 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on September 29, 2023; Page Numbers: 3408–3469. Date of Issuance: May 23, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form |

| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |
| --- | --- | --- |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/13/2024. Redacted Transcript Deadline set for 6/23/2024. Release of Transcript Restriction set for 8/21/2024.(Dickman, Janice) (Entered: 05/23/2024) |
| 05/28/2024 | 954 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 14 MORNING SESSION before Judge Amit P. Mehta held on October 2, 2023; Page Numbers: 3470–3630. Date of Issuance: May 28, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/18/2024. Redacted Transcript Deadline set for 6/28/2024. Release of Transcript Restriction set for 8/26/2024.(Zaremba, William) (Entered: 05/28/2024) |
| 05/28/2024 | 955 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 14 AFTERNOON SESSION before Judge Amit P. Mehta held on October 2, 2023. Page Numbers: 3631 – 3768. Date of Issuance: May 28, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |

|  |  |  |
|---|---|---|
|  |  | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/18/2024. Redacted Transcript Deadline set for 6/28/2024. Release of Transcript Restriction set for 8/26/2024.(Hook, Jeff) (Entered: 05/28/2024) |
| 05/28/2024 | 956 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Kenneth Michael Dintzer terminated. (Herrmann, Karl) (Entered: 05/28/2024) |
| 05/29/2024 | 957 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 15 MORNING SESSION before Judge Amit P. Mehta held on October 3, 2023; Page Numbers: 3769–3919. Date of Issuance: May 29, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/19/2024. Redacted Transcript Deadline set for 6/29/2024. Release of Transcript Restriction set for 8/27/2024.(Zaremba, William) (Entered: 05/29/2024) |
| 05/30/2024 | 958 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 3, 2023; Page Numbers: 3920–4082. Date of Issuance: May 30, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, |

| | | |
|---|---|---|
| | | which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/20/2024. Redacted Transcript Deadline set for 6/30/2024. Release of Transcript Restriction set for 8/28/2024.(Dickman, Janice) (Entered: 05/30/2024) |
| 05/30/2024 | 959 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 16 MORNING SESSION before Judge Amit P. Mehta held on October 4, 2023; Page Numbers: 4083–4230. Date of Issuance: May 30, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/20/2024. Redacted Transcript Deadline set for 6/30/2024. Release of Transcript Restriction set for 8/28/2024.(Zaremba, William) (Entered: 05/30/2024) |
| 05/30/2024 | 960 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 10/04/2023. Page Numbers: 4231–4398. Date of Issuance: 05/30/2024. Court Reporter: Sara Wick, telephone number 202−354−3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/20/2024. Redacted Transcript Deadline set for 6/30/2024. Release of Transcript Restriction set for 8/28/2024.(Wick, Sara) (Entered: 05/30/2024) |
| 05/30/2024 | 961 | |

| | | |
|---|---|---|
| | | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 17 MORNING SESSION before Judge Amit P. Mehta held on October 5, 2023; Page Numbers: 4399–4544. Date of Issuance: May 30, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/20/2024. Redacted Transcript Deadline set for 6/30/2024. Release of Transcript Restriction set for 8/28/2024.(Zaremba, William) (Entered: 05/30/2024) |
| 05/30/2024 | 962 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 17 AFTERNOON SESSION before Judge Amit P. Mehta held on October 5, 2023. Page Numbers: 4545 – 4678. Date of Issuance: May 30, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/18/2024. Redacted Transcript Deadline set for 6/28/2024. Release of Transcript Restriction set for 8/26/2024. (Hook, Jeff) Modified on 5/30/2024 (zjd). (Main Document 962 replaced on 5/30/2024) (zjd). (Entered: 05/30/2024) |
| 05/30/2024 | 963 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 18 before Judge Amit P. Mehta held on October 6, 2023; Page Numbers: 4678–4830. Date of Issuance: May 30, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/20/2024. Redacted Transcript Deadline set for 6/30/2024. Release of Transcript Restriction set for 8/28/2024.(Zaremba, William) (Entered: 05/30/2024) |
| 05/31/2024 | 964 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 19 MORNING SESSION before Judge Amit P. Mehta held on October 10, 2023; Page Numbers: 4831−4970. Date of Issuance: May 31, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/21/2024. Redacted Transcript Deadline set for 7/1/2024. Release of Transcript Restriction set for 8/29/2024.(Zaremba, William) (Entered: 05/31/2024) |
| 06/03/2024 | 965 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 19 AFTERNOON SESSION before Judge Amit P. Mehta held on October 10, 2023. Page Numbers: 4971 – 5106. Date of Issuance: June 3, 2024. Court Reporter: Jeff Hook. Telephone number: 202−354−3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/24/2024. Redacted Transcript Deadline set for 7/4/2024. Release of Transcript Restriction set for 9/1/2024.(Hook, Jeff) (Entered: 06/03/2024) |
| 06/03/2024 | 966 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 20 MORNING SESSION before Judge Amit P. Mehta held on October 11, 2023; Page Numbers: 5107–5271. Date of Issuance: June 3, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/24/2024. Redacted Transcript Deadline set for 7/4/2024. Release of Transcript Restriction set for 9/1/2024.(Zaremba, William) (Entered: 06/03/2024) |
| 06/04/2024 | 967 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 10/11/2023. Page Numbers: 5272–5422. Date of Issuance: 06/05/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/25/2024. Redacted Transcript Deadline set for 7/5/2024. |

| | | |
|---|---|---|
| | | Release of Transcript Restriction set for 9/2/2024.(Wick, Sara) (Entered: 06/04/2024) |
| 06/04/2024 | 968 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 21 MORNING SESSION before Judge Amit P. Mehta held on October 12, 2023; Page Numbers: 5423–5578. Date of Issuance: June 4, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/25/2024. Redacted Transcript Deadline set for 7/5/2024. Release of Transcript Restriction set for 9/2/2024.(Zaremba, William) (Entered: 06/04/2024) |
| 06/10/2024 | 969 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 12, 2023, Afternoon Session; Page Numbers: 5579–5704. Date of Issuance: June 10, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/1/2024. Redacted Transcript Deadline set for 7/11/2024. Release of Transcript Restriction set for 9/8/2024.(Dickman, Janice) (Entered: 06/10/2024) |
| 06/11/2024 | 970 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 22 MORNING SESSION before Judge Amit P. Mehta held on October 16, 2023; Page Numbers: 5705 – 5823. Date of Issuance:June 11, 2024. Court Reporter: Jeff Hook, Telephone number 202–354–3373, Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/2/2024. Redacted Transcript Deadline set for 7/12/2024. Release of Transcript Restriction set for 9/9/2024.(Hook, Jeff) (Entered: 06/11/2024) |
| 06/12/2024 | 971 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 16, 2023; Page Numbers: 5824−6012. Date of Issuance: June 12, 2024. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/3/2024. Redacted Transcript Deadline set for 7/13/2024. Release of Transcript Restriction set for 9/10/2024.(Dickman, Janice) (Entered: 06/12/2024) |
| 06/12/2024 | 972 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS − DAY 23 MORNING SESSION before Judge Amit P. Mehta held on October 17, 2023. Page Numbers: 6013 − 6128. Date of Issuance: June 12, 2024. Court Reporter: Jeff Hook. Telephone number: 202−354−3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal |

| | | identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/3/2024. Redacted Transcript Deadline set for 7/13/2024. Release of Transcript Restriction set for 9/10/2024.(Hook, Jeff) (Entered: 06/12/2024) |
|---|---|---|
| 06/13/2024 | 973 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 10/17/2023. Page Numbers: 6129–6275. Date of Issuance: 06/13/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/4/2024. Redacted Transcript Deadline set for 7/14/2024. Release of Transcript Restriction set for 9/11/2024.(Wick, Sara) (Entered: 06/13/2024) |
| 06/13/2024 | 974 | TRANSCRIPT OF BENCH TRIAL, MORNING SESSION, before Judge Amit P. Mehta held on 10/18/2023. Page Numbers: 6279–6391. Date of Issuance: 06/13/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/4/2024. Redacted Transcript Deadline set for 7/14/2024. Release of Transcript Restriction set for 9/11/2024.(Wick, Sara) (Entered: 06/13/2024) |

| 06/13/2024 | 975 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 24 AFTERNOON SESSION before Judge Amit P. Mehta held on October 18, 2023. Page Numbers: 6392 – 6495. Date of Issuance: June 13, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/4/2024. Redacted Transcript Deadline set for 7/14/2024. Release of Transcript Restriction set for 9/11/2024.(Hook, Jeff) (Entered: 06/13/2024) |
| 06/13/2024 | 976 | TRANSCRIPT OF BENCH TRIAL, MORNING SESSION, before Judge Amit P. Mehta held on 10/19/2023. Page Numbers: 6496–6627. Date of Issuance: 06/13/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/4/2024. Redacted Transcript Deadline set for 7/14/2024. Release of Transcript Restriction set for 9/11/2024.(Wick, Sara) (Entered: 06/13/2024) |
| 06/13/2024 | 977 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 19, 2023; Page Numbers: 6628–6741. Date of Issuance: June 13, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced |

above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/4/2024. Redacted Transcript Deadline set for 7/14/2024. Release of Transcript Restriction set for 9/11/2024.(Dickman, Janice) (Main Document 977 replaced on 6/14/2024) (mg). (Entered: 06/13/2024)

| 06/14/2024 | 978 | TRANSCRIPT OF BENCH TRIAL, MORNING SESSION, before Judge Amit P. Mehta held on 10/24/2023. Page Numbers: 6742−6841. Date of Issuance: 06/14/2024. Court Reporter: Sara Wick, telephone number 202−354−3284. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/5/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/12/2024.(Wick, Sara) (Entered: 06/14/2024) |
| 06/14/2024 | 979 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 24, 2023; Page Numbers: 6842−6997. Date of Issuance:June 14, 2024. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, |

which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/5/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/12/2024.(Dickman, Janice) (Entered: 06/14/2024)

| | | |
|---|---|---|
| 06/14/2024 | 980 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 27 MORNING SESSION before Judge Amit P. Mehta held on October 25, 2023. Page Numbers: 6998 – 7083. Date of Issuance: June 14, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/5/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/12/2024.(Hook, Jeff) (Entered: 06/14/2024) |
| 06/14/2024 | 981 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 10/25/2023. Page Numbers: 7084–7219. Date of Issuance: 06/14/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/5/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/12/2024.(Wick, Sara) (Entered: 06/14/2024) |
| 06/14/2024 | 982 | |

| | | |
|---|---|---|
| | | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 26, 2024; Page Numbers: 7220–7341. Date of Issuance: June 14, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/5/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/12/2024.(Dickman, Janice) (Entered: 06/14/2024) |
| 06/17/2024 | 983 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 28 AFTERNOON SESSION before Judge Amit P. Mehta held on October 26, 2023. Page Numbers: 7342 – 7506. Date of Issuance: June 17, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/8/2024. Redacted Transcript Deadline set for 7/18/2024. Release of Transcript Restriction set for 9/15/2024.(Hook, Jeff) (Entered: 06/17/2024) |
| 06/17/2024 | 984 | TRANSCRIPT OF BENCH TRIAL before Judge Amit P. Mehta held on 10/27/2023. Page Numbers: 7507–7633. Date of Issuance: 06/17/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced |

| | | |
|---|---|---|
| | | above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/8/2024. Redacted Transcript Deadline set for 7/18/2024. Release of Transcript Restriction set for 9/15/2024.(Wick, Sara) (Entered: 06/17/2024) |
| 06/17/2024 | 985 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS − DAY 30 MORNING SESSION before Judge Amit P. Mehta held on October 30, 2023. Page Numbers: 7634 − 7764. Date of Issuance: June 17, 2024. Court Reporter: Jeff Hook. Telephone number: 202−354−3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/8/2024. Redacted Transcript Deadline set for 7/18/2024. Release of Transcript Restriction set for 9/15/2024.(Hook, Jeff) (Entered: 06/17/2024) |
| 06/21/2024 | 986 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 30, 2023; Page Numbers: 7765−7929. Date of Issuance:June 21, 2024. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be |

| | | made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/12/2024. Redacted Transcript Deadline set for 7/22/2024. Release of Transcript Restriction set for 9/19/2024.(Dickman, Janice) (Entered: 06/21/2024) |
|---|---|---|
| 06/21/2024 | 987 | TRANSCRIPT OF BENCH TRIAL, MORNING SESSION, before Judge Amit P. Mehta held on 10/31/2023. Page Numbers: 7930–8062. Date of Issuance: 06/21/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/12/2024. Redacted Transcript Deadline set for 7/22/2024. Release of Transcript Restriction set for 9/19/2024.(Wick, Sara) (Entered: 06/21/2024) |
| 06/21/2024 | 988 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 31 AFTERNOON SESSION before Judge Amit P. Mehta held on October 31, 2023. Page Numbers: 8063 – 8185. Date of Issuance: June 21, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/12/2024. Redacted Transcript Deadline set for 7/22/2024. Release of Transcript Restriction set for 9/19/2024.(Hook, Jeff) (Entered: 06/21/2024) |

| 06/24/2024 | 989 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on November 1, 2023; Page Numbers: 8186–8322. Date of Issuance:June 24, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/15/2024. Redacted Transcript Deadline set for 7/25/2024. Release of Transcript Restriction set for 9/22/2024.(Dickman, Janice) (Entered: 06/24/2024) |
| --- | --- | --- |
| 06/25/2024 | 990 | NOTICE of Change of Address by John D. Friel (Friel, John) (Entered: 06/25/2024) |
| 06/25/2024 | 991 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 11/01/2023. Page Numbers: 8323–8366. Date of Issuance: 06/25/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/16/2024. Redacted Transcript Deadline set for 7/26/2024. Release of Transcript Restriction set for 9/23/2024.(Wick, Sara) (Entered: 06/25/2024) |
| 06/26/2024 | 992 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on November 2, 2023; Page Numbers: 8367–8502. Date of Issuance:June 26, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced |

above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/17/2024. Redacted Transcript Deadline set for 7/27/2024. Release of Transcript Restriction set for 9/24/2024.(Dickman, Janice) (Entered: 06/26/2024)

| 06/26/2024 | 993 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 33 AFTERNOON SESSION before Judge Amit P. Mehta held on November 2, 2023. Page Numbers: 8503 – 8655. Date of Issuance: June 26, 2024. Court Reporter: Jeff Hook. Telephone number: 202−354−3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/17/2024. Redacted Transcript Deadline set for 7/27/2024. Release of Transcript Restriction set for 9/24/2024.(Hook, Jeff) (Entered: 06/26/2024) |
| 06/27/2024 | 994 | TRANSCRIPT OF BENCH TRIAL before Judge Amit P. Mehta held on 11/03/2023. Page Numbers: 8656−8806. Date of Issuance: 06/27/2024. Court Reporter: Sara Wick, telephone number 202−354−3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be |

| | | |
|---|---|---|
| | | made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/18/2024. Redacted Transcript Deadline set for 7/28/2024. Release of Transcript Restriction set for 9/25/2024.(Wick, Sara) (Entered: 06/27/2024) |
| 06/27/2024 | 995 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 35 MORNING SESSION before Judge Amit P. Mehta held on November 6, 2023; Page Numbers: 8807–8957. Date of Issuance: June 27, 2024. Court Reporter/Transcriber: William Zaremba: Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/18/2024. Redacted Transcript Deadline set for 7/28/2024. Release of Transcript Restriction set for 9/25/2024.(Zaremba, William) (Entered: 06/27/2024) |
| 06/27/2024 | 996 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NORTH CAROLINA. Attorney Jonathan R. Marx terminated. (Marx, Jonathan) (Entered: 06/27/2024) |
| 06/27/2024 | 997 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on November 6, 2023; Page Numbers: 8958–9123. Date of Issuance: June 27, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 7/18/2024. Redacted Transcript Deadline set for 7/28/2024. Release of Transcript Restriction set for 9/25/2024.(Dickman, Janice) (Entered: 06/27/2024) |
| 06/28/2024 | 998 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 36 MORNING SESSION before Judge Amit P. Mehta held on November 7, 2023; Page Numbers: 9124–9277. Date of Issuance: June 28, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/19/2024. Redacted Transcript Deadline set for 7/29/2024. Release of Transcript Restriction set for 9/26/2024.(Zaremba, William) (Entered: 06/28/2024) |
| 06/28/2024 | 999 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 36 AFTERNOON SESSION before Judge Amit P. Mehta held on November 7, 2023. Page Numbers: 9278 – 9402. Date of Issuance: June 28, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/19/2024. Redacted Transcript Deadline set for 7/29/2024. Release of Transcript Restriction set for 9/26/2024.(Hook, Jeff) (Entered: 06/28/2024) |
| 06/28/2024 | 1000 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 36 AFTERNOON SESSION (REDACTED) before Judge Amit P. Mehta held on November 7, 2023; Page Numbers: 9320 – 9350. Date of Issuance: June 28, 2024. Court Reporter: Jeff |

Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/19/2024. Redacted Transcript Deadline set for 7/29/2024. Release of Transcript Restriction set for 9/26/2024.(Hook, Jeff) (Entered: 06/28/2024)

| 06/28/2024 | 1001 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 37 MORNING SESSION before Judge Amit P. Mehta held on November 8, 2023; Page Numbers: 9403–9540. Date of Issuance: June 28, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/19/2024. Redacted Transcript Deadline set for 7/29/2024. Release of Transcript Restriction set for 9/26/2024.(Zaremba, William) (Entered: 06/28/2024) |
| 07/01/2024 | 1002 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 11/08/2023. Page Numbers: 9541–9612. Date of Issuance: 07/01/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court |

| | | |
|---|---|---|
| | | reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/22/2024. Redacted Transcript Deadline set for 8/1/2024. Release of Transcript Restriction set for 9/29/2024.(Wick, Sara) (Entered: 07/01/2024) |
| 07/01/2024 | 1003 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 38 before Judge Amit P. Mehta held on November 9, 2023; Page Numbers: 9613−9674. Date of Issuance: July 1, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/22/2024. Redacted Transcript Deadline set for 8/1/2024. Release of Transcript Restriction set for 9/29/2024.(Zaremba, William) (Entered: 07/01/2024) |
| 07/01/2024 | 1004 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 39 MORNING SESSION before Judge Amit P. Mehta held on November 13, 2023; Page Numbers: 9675−9829. Date of Issuance: July 1, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, |

| | | |
|---|---|---|
| | | which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/22/2024. Redacted Transcript Deadline set for 8/1/2024. Release of Transcript Restriction set for 9/29/2024.(Zaremba, William) (Entered: 07/01/2024) |
| 07/01/2024 | 1005 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on November 13, 2023; Page Numbers: 9830–9981. Date of Issuance:July 1, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/22/2024. Redacted Transcript Deadline set for 8/1/2024. Release of Transcript Restriction set for 9/29/2024.(Dickman, Janice) (Entered: 07/01/2024) |
| 07/02/2024 | 1006 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 40 MORNING SESSION before Judge Amit P. Mehta held on November 14, 2023; Page Numbers: 9982–10147. Date of Issuance: July 2, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/23/2024. Redacted Transcript Deadline set for 8/2/2024. Release of Transcript Restriction set for 9/30/2024.(Zaremba, William) (Entered: 07/02/2024) |
| 07/02/2024 | 1007 | |

| | | |
|---|---|---|
| | | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 11/14/2023. Page Numbers: 10148–10252. Date of Issuance: 07/02/2024. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/23/2024. Redacted Transcript Deadline set for 8/2/2024. Release of Transcript Restriction set for 9/30/2024.(Wick, Sara) (Entered: 07/02/2024) |
| 07/03/2024 | 1008 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 41 MORNING SESSION before Judge Amit P. Mehta held on November 15, 2023; Page Numbers: 10253–10375. Date of Issuance: July 3, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/24/2024. Redacted Transcript Deadline set for 8/3/2024. Release of Transcript Restriction set for 10/1/2024.(Zaremba, William) (Entered: 07/03/2024) |
| 07/03/2024 | 1009 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 41 AFTERNOON SESSION before Judge Amit P. Mehta held on November 15, 2023. Page Numbers: 10376 – 10445. Date of Issuance: July 3, 2024. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the |

courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/24/2024. Redacted Transcript Deadline set for 8/3/2024. Release of Transcript Restriction set for 10/1/2024.(Hook, Jeff) (Entered: 07/03/2024)

| Date | Doc | Description |
|---|---|---|
| 07/03/2024 | 1010 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS – DAY 42 MORNING SESSION before Judge Amit P. Mehta held on November 16, 2023; Page Numbers: 10446–10579. Date of Issuance: July 3, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/24/2024. Redacted Transcript Deadline set for 8/3/2024. Release of Transcript Restriction set for 10/1/2024.(Zaremba, William) (Entered: 07/03/2024) |
| 07/05/2024 | 1011 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on November 16, 2023; Page Numbers: 10580–10698. Date of Issuance: July 5, 2024. Court Reporter: Janice Dickman, Telephone number 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal |

| | | |
|---|---|---|
| | | identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/26/2024. Redacted Transcript Deadline set for 8/5/2024. Release of Transcript Restriction set for 10/3/2024.(Dickman, Janice) (Entered: 07/05/2024) |
| 07/11/2024 | 1012 | TRANSCRIPT OF BENCH TRIAL CLOSING ARGUMENT PROCEEDINGS – DAY 1 MORNING SESSION before Judge Amit P. Mehta held on May 2, 2024; Page Numbers: 1–199. Date of Issuance: July 11, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/1/2024. Redacted Transcript Deadline set for 8/11/2024. Release of Transcript Restriction set for 10/9/2024.(Zaremba, William) (Entered: 07/11/2024) |
| 07/11/2024 | 1013 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on May 2, 2024; Page Numbers: 200–336. Date of Issuance: July 11, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/1/2024. Redacted Transcript Deadline set for 8/11/2024. Release of Transcript Restriction set for 10/9/2024.(Dickman, Janice) (Entered: |

| | | | |
|---|---|---|---|
| | | | 07/11/2024) |
| 07/11/2024 | 1014 | | TRANSCRIPT OF BENCH TRIAL CLOSING ARGUMENT PROCEEDINGS – DAY 2 MORNING SESSION before Judge Amit P. Mehta held on May 3, 2024; Page Numbers: 337–508. Date of Issuance: July 11, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/1/2024. Redacted Transcript Deadline set for 8/11/2024. Release of Transcript Restriction set for 10/9/2024.(Zaremba, William) (Entered: 07/11/2024) |
| 07/11/2024 | 1015 | | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on May 3, 2024; Page Numbers: 509–658. Date of Issuance: July 11, 2024. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/1/2024. Redacted Transcript Deadline set for 8/11/2024. Release of Transcript Restriction set for 10/9/2024.(Dickman, Janice) (Entered: 07/11/2024) |
| 08/05/2024 | 1032 | | SEALED MEMORANDUM OPINION. See the attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 8/5/24. (zjd) (Entered: 08/05/2024) |
| 08/05/2024 | 1033 | | REDACTED MEMORANDUM OPINION. See the attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 8/5/24. (lcapm2) (Entered: |

| | | |
|---|---|---|
| | | 08/05/2024) |
| 08/05/2024 | 1034 | ORDER re: the redactions to the Memorandum Opinion, ECF No. 1033. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 8/5/24. (lcapm2) (Entered: 08/05/2024) |
| 08/05/2024 | 1035 | ORDER. Pursuant to the court's Memorandum Opinion, the court hereby orders the following with respect to further proceedings in this matter. The parties shall meet and confer and submit a Joint Status Report no later than September 4, 2024, which proposes a schedule for proceedings regarding remedies. The parties shall appear for a Status Conference on September 6, 2024, at 2:00 p.m. in Courtroom 10. Signed by Judge Amit P. Mehta on 8/5/24. (lcapm2) (Entered: 08/05/2024) |
| 08/14/2024 | 1036 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEBRASKA. Attorney Matthew Keith McKinley terminated. (Sallet, Jonathan) (Entered: 08/14/2024) |
| 08/26/2024 | 1037 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Meagan Kara Bellshaw terminated. (Bellshaw, Meagan) (Entered: 08/26/2024) |
| 09/04/2024 | 1038 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 09/04/2024) |
| 09/05/2024 | | Set/Reset Hearings: Status Conference set for 9/6/2024 at 2:00 PM in Courtroom 10− In Person before Judge Amit P. Mehta. Interested members of the public and/or media may access the hearing by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. (zakb) (Entered: 09/05/2024) |
| 09/05/2024 | 1039 | NOTICE OF WITHDRAWAL OF APPEARANCE as to NEW YORK TIMES COMPANY. Attorney Maya Gandhi terminated. (Gandhi, Maya) (Entered: 09/05/2024) |
| 09/06/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 9/6/2024. Parties to submit Joint Remedy Schedule by 9/13/2024. (Court Reporter William Zaremba.) (zakb) (Entered: 09/09/2024) |
| 09/09/2024 | 1040 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on September 6, 2024; Page Numbers: 1−39. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

234

| | | |
|---|---|---|
| | | Redaction Request due 9/30/2024. Redacted Transcript Deadline set for 10/10/2024. Release of Transcript Restriction set for 12/8/2024.(Zaremba, William) (Entered: 09/09/2024) |
| 09/13/2024 | 1041 | NOTICE OF WITHDRAWAL OF APPEARANCE as to COMMONWEALTH OF MASSACHUSETTS. Attorney Michael Bruce MacKenzie terminated. (MacKenzie, Michael) (Entered: 09/13/2024) |
| 09/13/2024 | 1042 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 09/13/2024) |
| 09/18/2024 | 1043 | ORDER setting the schedule for further proceedings in this matter. See the attached Order for details. Signed by Judge Amit P. Mehta on 9/18/2024. (lcapm2) (Entered: 09/18/2024) |
| 09/24/2024 | 1044 | ENTERED IN ERROR.....Joint STATUS REPORT *regarding Joint Discovery Plan* by UNITED STATES OF AMERICA. (Herrmann, Karl) Modified on 9/24/2024 (mg). (Entered: 09/24/2024) |
| 09/24/2024 | | NOTICE OF ERROR regarding 1044 Status Report. The following error(s) need correction: Other– Missing attorney's signature. Please refile. (mg) (Entered: 09/24/2024) |
| 09/24/2024 | 1045 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF INDIANA. Attorney Matthew Alan Michaloski terminated. (Michaloski, Matthew) (Entered: 09/24/2024) |
| 09/24/2024 | 1046 | Joint STATUS REPORT *regarding Joint Discovery Plan* by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 09/24/2024) |
| 09/25/2024 | 1047 | ORDER setting limitations on discovery in this matter. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 9/25/2024. (lcapm2) (Entered: 09/25/2024) |
| 09/25/2024 | | Set/Reset Deadlines/Hearings: Pretrial Conference set for 4/11/2025 at 10:00 AM in Courtroom 10– In Person before Judge Amit P. Mehta. Evidentiary Hearing set for 4/22/2025 at 09:30 AM in Courtroom 10– In Person before Judge Amit P. Mehta. Status Conferences set for 10/24/2024 at 11:00 AM, 11/25/2024 at 11:00 AM, 1/9/2025 at 11:00 AM, 2/10/2025 at 11:00 AM and 3/10/2025 at 11:00 AM via Zoom before Judge Amit P. Mehta. Interested members of the public and/or media may access the pretrial and status conferences by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. (zakb) (Entered: 09/25/2024) |
| 09/25/2024 | 1048 | NOTICE of Appearance by Travis Richard Chapman on behalf of UNITED STATES OF AMERICA (Chapman, Travis) (Entered: 09/25/2024) |
| 09/26/2024 | 1049 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF SOUTH CAROLINA. Attorney Rebecca McCormack Hartner terminated. (Hartner, Rebecca) (Entered: 09/26/2024) |
| 09/26/2024 | 1050 | NOTICE of Appearance by Crystal Utley Secoy on behalf of STATE OF MISSISSIPPI (Secoy, Crystal) (Entered: 09/26/2024) |
| 10/07/2024 | 1051 | NOTICE of Appearance by Matthew Alan Michaloski on behalf of STATE OF UTAH (Michaloski, Matthew) (Entered: 10/07/2024) |
| 10/08/2024 | 1052 | |

| | | |
|---|---|---|
| | | NOTICE *of Plaintiffs' Proposed Remedy Framework* by UNITED STATES OF AMERICA (Herrmann, Karl) (Entered: 10/08/2024) |
| 10/14/2024 | 1053 | NOTICE of Appearance by Robert J. Carlson on behalf of STATE OF OKLAHOMA (Carlson, Robert) (Entered: 10/14/2024) |
| 10/14/2024 | 1054 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF OKLAHOMA. Attorney Caleb J. Smith terminated. (Carlson, Robert) (Entered: 10/14/2024) |
| 10/16/2024 | 1055 | NOTICE of Appearance by Ryan Thomas Karr on behalf of UNITED STATES OF AMERICA (Karr, Ryan) (Entered: 10/16/2024) |
| 10/18/2024 | 1056 | NOTICE of Appearance by Ryan Scott Struve on behalf of UNITED STATES OF AMERICA (Struve, Ryan) (Entered: 10/18/2024) |
| 10/21/2024 | 1057 | Joint STATUS REPORT by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schmidtlein, John) (Entered: 10/21/2024) |
| 10/23/2024 | 1058 | NOTICE of Appearance by Patrick Voelker on behalf of STATE OF LOUISIANA (Voelker, Patrick) (Entered: 10/23/2024) |
| 10/23/2024 | | NOTICE of Hearing: The Status Conference set for October 24, 2024 at 11:00 AM will now be held in person in Courtroom 10 before Judge Amit P. Mehta. Counsel located outside Washington, D.C. may join via Zoom. Interested members of the public and/or media may join by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. (lcapm2) (Entered: 10/23/2024) |
| 10/23/2024 | 1059 | NOTICE of Appearance by Gina Ko on behalf of STATE OF OREGON (Ko, Gina) (Entered: 10/23/2024) |
| 10/24/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 10/24/2024. Court held discussions with the parties regarding the 1057 Joint Status Report. (Court Reporter William Zaremba.) (zakb) (Entered: 10/24/2024) |
| 10/25/2024 | 1060 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on October 24, 2024; Page Numbers: 1−56. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/15/2024. Redacted Transcript Deadline set for 11/25/2024. Release of Transcript Restriction set for 1/23/2025.(Zaremba, William) |

| | | |
|---|---|---|
| | | (Entered: 10/25/2024) |
| 11/01/2024 | | NOTICE of Hearing: The Status Conference currently set for 11/25/2024 is vacated and reset for 11/26/2024 at 11:00 AM via Zoom before Judge Amit P. Mehta. Interested members of the public and/or media may access the hearing by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. (zakb) (Entered: 11/01/2024) |
| 11/13/2024 | 1061 | NOTICE of Appearance by Grant Fergusson on behalf of UNITED STATES OF AMERICA (Fergusson, Grant) (Entered: 11/13/2024) |
| 11/20/2024 | 1062 | NOTICE *of Plaintiffs' Initial Proposed Final Judgment* by UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 11/20/2024) |
| 11/22/2024 | 1063 | NOTICE of Appearance by Natalie Peelish on behalf of GOOGLE LLC (Peelish, Natalie) (Entered: 11/22/2024) |
| 11/22/2024 | 1064 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 11/22/2024) |
| 11/22/2024 | 1065 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A)(Herrmann, Karl) (Entered: 11/22/2024) |
| 11/22/2024 | 1066 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 11/22/2024) |
| 11/22/2024 | 1067 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Certificate of Service)(Schmidtlein, John) (Entered: 11/22/2024) |
| 11/25/2024 | | NOTICE of Hearing: The Status Conference set for November 26, 2024 at 11:00 AM will now be held in person in Courtroom 10 before Judge Amit P. Mehta. Counsel located outside Washington, D.C. may join via Zoom. If counsel is not available to appear in person, counsel shall promptly notify chambers (mehta_chambers@dcd.uscourts.gov) and the Courtroom Deputy, Mr. Alexander Burton (alexander_burton@dcd.uscourts.gov), via email. Interested members of the public and/or media may join by dialing the court's toll−free public access line: Toll Free Number: 833−990−9400; Meeting ID: 707542903. (lcapm2) Modified on 11/26/2024 (zakb). (Entered: 11/25/2024) |
| 11/25/2024 | 1068 | ORDER. See attached order for additional details. Signed by Judge Amit P. Mehta on 11/25/2024. (zakb). (Entered: 11/25/2024) |
| 11/25/2024 | 1069 | RESPONSE *Non−Party Microsoft Corporation's Submission Regarding Google's Statement Regarding Discovery Dispute with Microsoft [ECF No. 1064]* filed by MICROSOFT CORPORATION. (Attachments: # 1 Exhibit A., # 2 Exhibit B., # 3 Exhibit C., # 4 Exhibit D.)(Jurata, John) (Entered: 11/25/2024) |
| 11/25/2024 | 1070 | REDACTED DOCUMENT− Google's Statement Regarding Discovery Dispute with Microsoft to 1064 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 11/25/2024) |

| 11/25/2024 | 1071 | REDACTED DOCUMENT– Google's Statement Regarding Perplexity's Compliance with Subpoena to 1066 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 11/25/2024) |
|---|---|---|
| 11/25/2024 | 1072 | REDACTED DOCUMENT– Joint Status Report of Google and OpenAI to 1067 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Schmidtlein, John) (Entered: 11/25/2024) |
| 11/25/2024 | 1073 | ENTERED IN ERROR.....NOTICE of Appearance by Marc Robert Lewis on behalf of Perplexity AI, Inc. (Lewis, Marc) Modified on 11/26/2024 (mg). (Entered: 11/25/2024) |
| 11/25/2024 | 1074 | ENTERED IN ERROR.....MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Grace A. Ramirez, Filing fee $ 100, receipt number ADCDC–11322087. Fee Status: Fee Paid. by Perplexity AI, Inc.. (Attachments: # 1 Declaration of Grace A. Ramirez, # 2 Text of Proposed Order)(Lewis, Marc) Modified on 11/26/2024 (mg). (Entered: 11/25/2024) |
| 11/25/2024 | 1075 | ENTERED IN ERROR.....Civil Statement *REGARDING GOOGLE LLCS SUBPOENA* from Non–Party Perplexity AI, Inc.. (Lewis, Marc) Modified on 11/26/2024 (mg). (Entered: 11/25/2024) |
| 11/26/2024 | | NOTICE OF ERROR regarding 1073 Notice of Appearance. The following error(s) need correction: Other– A Motion to Appear Pro Hac Vice must be granted before a Notice of Appearance can be filed. Please refile. (mg) (Entered: 11/26/2024) |
| 11/26/2024 | | NOTICE OF ERROR regarding 1074 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Grace A. Ramirez, Filing fee $ 100, receipt number ADCDC–11322087. Fee Status: Fee Paid.. The following error(s) need correction: Invalid attorney signature– signature on document must match PACER login of Sponsoring Attorney. Sponsoring Attorney must be an Active Member of the Court's Bar. Please refile. (mg) (Entered: 11/26/2024) |
| 11/26/2024 | | NOTICE OF ERROR regarding 1075 Civil Statement. The following error(s) need correction: Other– Filing cannot be docketed until PHV Status is granted or filed by an Active Member of the Court's Bar. Please refile. (mg) (Entered: 11/26/2024) |
| 11/26/2024 | 1076 | NOTICE of Appearance by Caitlin Marie Madden on behalf of STATE OF WISCONSIN (Madden, Caitlin) (Main Document 1076 replaced on 11/27/2024) (mg). NOTICE of Appearance by Caitlin Marie Madden on behalf of STATE OF WISCONSIN (Madden, Caitlin) (Main Document 1076 replaced on 11/27/2024) (mg). (Entered: 11/26/2024) |
| 11/26/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 11/26/2024. Discussions held regarding the parties' 1065 Joint Status Report. Minute Order forthcoming via chambers regarding further proceedings. (Court Reporter William Zaremba.) (zakb) (Entered: 11/26/2024) |
| 11/26/2024 | 1077 | ORDER setting the schedule for further proceedings in this matter. See the attached Order for details. Signed by Judge Amit P. Mehta on 11/26/2024. (lcapm2) (Entered: 11/26/2024) |
| 12/02/2024 | 1078 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF MARYLAND. Attorney Gary Honick terminated. (Honick, Gary) (Entered: 12/02/2024) |
| 12/04/2024 | 1079 | |

| | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Grace Arias Ramirez, *receipt number ADCDC–11322087* Fee Status: No Fee Paid. by Perplexity AI, Inc.. (Attachments: # 1 Declaration of Grace Arias Ramirez, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Foster, Dana) (Entered: 12/04/2024) |
|---|---|---|
| 12/05/2024 | 1080 | NOTICE of Appearance by Justin Clifford McCully on behalf of STATE OF NEBRASKA (McCully, Justin) (Entered: 12/05/2024) |
| 12/05/2024 | 1081 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on November 26, 2024; Page Numbers: 1–90. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/26/2024. Redacted Transcript Deadline set for 1/5/2025. Release of Transcript Restriction set for 3/5/2025.(Zaremba, William) (Entered: 12/05/2024) |
| 12/05/2024 | | NOTICE OF ERROR regarding 1079 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Grace Arias Ramirez, *receipt number ADCDC–11322087* Fee Status: No Fee Paid.. The following error(s) need correction: Other– Pro Hac Vice motion must be accompanied by a payment of $100 (LCvR 83.2(c)(2)). Please submit payment using event: Payment of Fee– Pro Hac Vice Motion. Please refile. (mg) (Entered: 12/05/2024) |
| 12/05/2024 | | Payment for 1079 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Grace Arias Ramirez, *receipt number ADCDC–11322087* Fee Status: No Fee Paid.. ($100; Receipt number ADCDC–11340290). (Foster, Dana) (Entered: 12/05/2024) |
| 12/05/2024 | 1082 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEBRASKA. Attorney Colin P. Snider terminated. (Snider, Colin) (Entered: 12/05/2024) |
| 12/06/2024 | | MINUTE ORDER granting 1079 Motion for Leave to Appear Pro Hac Vice. Attorney Grace Arias Ramirez is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/6/2024. (lcapm2) (Entered: 12/06/2024) |
| 12/06/2024 | 1083 | NOTICE of Appearance by Grace Ramirez on behalf of Perplexity AI, Inc. (Ramirez, Grace) (Entered: 12/06/2024) |
| 12/06/2024 | 1084 | |

| | | |
|---|---|---|
| | | Joint STATUS REPORT *of the Parties* by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schmidtlein, John) (Entered: 12/06/2024) |
| 12/06/2024 | 1085 | Joint STATUS REPORT *of Google and Microsoft* by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 12/06/2024) |
| 12/06/2024 | 1086 | Joint STATUS REPORT *of Google and OpenAI* by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 12/06/2024) |
| 12/06/2024 | 1087 | Joint STATUS REPORT *of Google and Perplexity* by GOOGLE LLC. (Schmidtlein, John) (Entered: 12/06/2024) |
| 12/10/2024 | | MINUTE ORDER as to Google–Perplexity Subpoena. Google and Perplexity shall file an additional Joint Status Report by December 11, 2024, which updates the court on the production of records responsive to Google's subpoena. Signed by Judge Amit P. Mehta on 12/10/2024. (lcapm2) (Entered: 12/10/2024) |
| 12/10/2024 | | MINUTE ORDER as to Google–Microsoft Subpoena. Microsoft shall produce the agreements sought by Google, with proposed redactions, no later than December 16, 2024. To allow Google to challenge any proposed redactions, Microsoft shall not withhold any agreement's table of contents, if available, or the header of any provision that is substantially redacted or redacted in full. Thereafter, Google and Microsoft shall meet and confer to resolve any disputes. Google and Microsoft shall notify the court by 5:00 PM on December 18, 2024 whether any unresolved redactions remain. If so, by 12:00 PM on December 19, 2024, Microsoft shall deliver to the court on a thumb drive or external storage device the relevant agreements with only the challenged redactions highlighted for the court's in camera, ex parte review. The parties and Microsoft shall appear for a Status Conference on December 20, 2024 at 9:30 AM via Zoom. Signed by Judge Amit P. Mehta on 12/10/2024. (lcapm2) (Entered: 12/10/2024) |
| 12/10/2024 | | NOTICE of Hearing on Google–OpenAI Subpoena: The parties and OpenAI shall appear for a Status Conference on December 12, 2024 at 9:30 AM via Zoom. (lcapm2) Modified on 12/10/2024 (zakb). (Entered: 12/10/2024) |
| 12/10/2024 | | MINUTE ORDER as to Parties' Requests. For Request Nos. 20, 23, 24, 25, 26, and 27, Google shall produce responsive documents through November 5, 2024 from the previously agreed–upon custodians using Plaintiffs' proposed search terms, subject to the following modification: The disputed proximity connector in Request Nos. 24 and 25 shall be modified from W/10 to W/5. While the court recognizes the relatively compressed timeline to complete discovery in this matter, it finds that an end date of November 5, 2024, coupled with a narrower proximity connector, will not impose an undue burden on Google. Signed by Judge Amit P. Mehta on 12/10/2024. (lcapm2) (Entered: 12/10/2024) |
| 12/10/2024 | | NOTICE of Hearing on Google–OpenAI Subpoena: The Status Conference scheduled for December 12, 2024 is reset to December 13, 2024 at 11:45 AM via Zoom. (lcapm2) (Entered: 12/10/2024) |
| 12/11/2024 | 1088 | ENTERED IN ERROR.....MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ashok Ramani, Filing fee $ 100, receipt number ADCDC–11349679. Fee Status: Fee Paid. by OpenAI, Inc.. (Attachments: # 1 Affidavit of A. Ramani, # 2 Certificate of Good Standing, # 3 Proposed Order)(Shelanski, Howard) Modified on 12/11/2024 (mg). (Entered: 12/11/2024) |

| 12/11/2024 | 1089 | ENTERED IN ERROR.....MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Serge A. Voronov, Filing fee $ 100, receipt number ADCDC–11349687. Fee Status: Fee Paid. by OpenAI, Inc.. (Attachments: # 1 Affidavit of S. Voronov, # 2 Certificate of Good Standing, # 3 Proposed Order)(Shelanski, Howard) Modified on 12/11/2024 (mg). (Entered: 12/11/2024) |
|---|---|---|
| 12/11/2024 | | NOTICE OF ERROR regarding 1088 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ashok Ramani, Filing fee $ 100, receipt number ADCDC–11349679. Fee Status: Fee Paid., 1089 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Serge A. Voronov, Filing fee $ 100, receipt number ADCDC–11349687. Fee Status: Fee Paid.. The following error(s) need correction: Other– Motions for Leave to Appear Pro Hac Vice must be signed and docketed by an Active Member of the Court's Bar. Please refile. (mg) (Entered: 12/11/2024) |
| 12/11/2024 | 1090 | NOTICE OF WITHDRAWAL OF APPEARANCE as to GOOGLE LLC. Attorney Susan A. Creighton terminated. (Creighton, Susan) (Entered: 12/11/2024) |
| 12/11/2024 | 1091 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ashok Ramani, *(Filing fee $ 100, receipt number ADCDC–11349679)* Fee Status: No Fee Paid. by OpenAI, Inc.. (Attachments: # 1 Proposed Order, # 2 Affidavit of A. Ramani, # 3 Certificate of Good Standing)(Nathanson, Paul) (Entered: 12/11/2024) |
| 12/11/2024 | | Payment for 1091 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ashok Ramani, *(Filing fee $ 100, receipt number ADCDC–11349679)* Fee Status: No Fee Paid.. ($100; Receipt number ADCDC–11352826). (Nathanson, Paul) (Entered: 12/11/2024) |
| 12/11/2024 | 1092 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Serge A. Voronov, Filing fee $ 100, receipt number ADCDC–11352828. Fee Status: Fee Paid. by OpenAI, Inc.. (Attachments: # 1 Proposed Order, # 2 Affidavit of S. Voronov, # 3 Certificate of Good Standing)(Nathanson, Paul) (Entered: 12/11/2024) |
| 12/11/2024 | 1093 | Joint STATUS REPORT *of Google and Perplexity* by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schmidtlein, John) (Entered: 12/11/2024) |
| 12/13/2024 | 1094 | NOTICE of Appearance by Keane McKennan Nowlan on behalf of UNITED STATES OF AMERICA (Nowlan, Keane) (Entered: 12/13/2024) |
| 12/13/2024 | 1095 | NOTICE of Appearance by Norman Lee Morris, III on behalf of STATE OF MISSISSIPPI (Morris, Norman) Modified event on 12/13/2024 (mg). (Entered: 12/13/2024) |
| 12/13/2024 | | NOTICE of Hearing on Google–OpenAI Subpoena: The Status Conference scheduled for December 13, 2024 will now be held at 12:00 PM via Zoom. (lcapm2) (Entered: 12/13/2024) |
| 12/13/2024 | | MINUTE ORDER granting 1091 Motion for Leave to Appear Pro Hac Vice. Attorney Ashok Ramani is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/13/2024. (lcapm2) (Entered: 12/13/2024) |
| 12/13/2024 | | MINUTE ORDER granting 1092 Motion for Leave to Appear Pro Hac Vice. Attorney Serge A. Voronov is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance** |

241

| | | |
|---|---|---|
| | | **pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/13/2024. (lcapm2) (Entered: 12/13/2024) |
| 12/13/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Remote Status Conference held on 12/13/2024. Order forthcoming via chambers for deadlines on further proceedings. (Court Reporter William Zaremba.) (zakb) (Entered: 12/13/2024) |
| 12/13/2024 | | MINUTE ORDER as to Google−OpenAI Subpoena. OpenAI shall substantially complete production of the agreements sought by Google, with proposed redactions, no later than December 18, 2024. Also, by that same date, OpenAI shall disclose the names of five custodians who are and/or were most involved in negotiating the agreements sought by Google. Finally, OpenAI shall substantially complete production of the noncustodial documents sought by Google no later than December 20, 2024. Signed by Judge Amit P. Mehta on 12/13/2024. (lcapm2) (Entered: 12/13/2024) |
| 12/17/2024 | 1096 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on December 13, 2024; Page Numbers: 1−25. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/7/2025. Redacted Transcript Deadline set for 1/17/2025. Release of Transcript Restriction set for 3/17/2025.(Zaremba, William) (Entered: 12/17/2024) |
| 12/17/2024 | | NOTICE of Hearing on Google−Perplexity Subpoena: The parties and Perplexity shall appear for a Status Conference on December 18, 2024 at 3:00 PM via Zoom. (lcapm2) (Entered: 12/17/2024) |
| 12/18/2024 | 1097 | MANDATE of USCA as to 858 Notice of Interlocutory Appeal filed by BRAD GREENSPAN, 798 Notice of Interlocutory Appeal filed by BRAD GREENSPAN, 847 Notice of Interlocutory Appeal filed by BRAD GREENSPAN ; USCA Case Number 24−5006. (Attachments: # 1 USCA Order 9/16/2024)(mg) (Entered: 12/18/2024) |
| 12/18/2024 | 1098 | NOTICE of Appearance by Ashok Ramani on behalf of OpenAI, Inc. (Ramani, Ashok) (Entered: 12/18/2024) |
| 12/18/2024 | 1099 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Serge A. Voronov on behalf of OpenAI, Inc. (Voronov, Serge) (Entered: 12/18/2024) |
| 12/18/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 12/18/2024. Scheduling order forthcoming via chambers for deadlines of further proceedings as to Google–Perplexity subpoena. (Court Reporter William Zaremba.) (zakb) (Entered: 12/18/2024) |
| 12/18/2024 | | MINUTE ORDER as to Google–Perplexity Subpoena. By December 20, 2024, Perplexity shall disclose the names of three custodians who are and/or were most involved in negotiating the distribution agreements sought by Google. By December 27, 2024, Perplexity shall substantially complete production of the distribution agreements sought by Google, with proposed redactions. Finally, Perplexity shall substantially complete production of the content–licensing agreements and noncustodial documents sought by Google no later than January 8, 2025. While the court recognizes that some of the distribution agreements sought may contain notice provisions, it finds that a production deadline of December 27, 2024 is reasonable in light of the relatively compressed timeline to complete discovery in this matter. Signed by Judge Amit P. Mehta on 12/18/2024. (lcapm2) (Entered: 12/18/2024) |
| 12/18/2024 | 1100 | Joint STATUS REPORT *of Google and Microsoft Pursuant to the Court's Minute Order of December 10, 2024* by GOOGLE LLC. (Schmidtlein, John) (Entered: 12/18/2024) |
| 12/18/2024 | 1101 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Marc Robert Lewis, Filing fee $ 100, receipt number ADCDC–11367503. Fee Status: Fee Paid. by Perplexity AI, Inc.. (Attachments: # 1 Declaration of Marc Robert Lewis, # 2 Certificate of Service, # 3 Text of Proposed Order)(Foster, Dana) (Entered: 12/18/2024) |
| 12/18/2024 | 1102 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Zachary C. Flood, Filing fee $ 100, receipt number ADCDC–11367526. Fee Status: Fee Paid. by Perplexity AI, Inc.. (Attachments: # 1 Declaration of Zachary C. Flood, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Foster, Dana) (Entered: 12/18/2024) |
| 12/19/2024 | 1103 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on December 18, 2024; Page Numbers: 1–25. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 1/9/2025. Redacted Transcript Deadline set for 1/19/2025. Release of Transcript Restriction set for 3/19/2025.(Zaremba, William) (Entered: 12/19/2024) |
| 12/20/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 12/20/2024. Status Conference set 1/9/2025 vacated and reset for 1/17/2025 at 3:30 PM via videoconference (Audio Line Available) before Judge Amit P. Mehta. Joint Status Report from the parties due by 1/14/2025. (Court Reporter William Zaremba.) (zakb) (Entered: 12/20/2024) |
| 12/20/2024 | 1104 | NOTICE of Appearance by Gregory G. Garre on behalf of APPLE INC. (Garre, Gregory) (Entered: 12/20/2024) |
| 12/20/2024 | 1105 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Sarah M. Ray, Filing fee $ 100, receipt number ADCDC–11372358. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Sarah M. Ray, # 2 Text of Proposed Order)(Garre, Gregory) (Entered: 12/20/2024) |
| 12/20/2024 | 1106 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Alfred C. Pfeiffer, Jr., Filing fee $ 100, receipt number ADCDC–11372373. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Alfred C. Pfeiffer, Jr., # 2 Text of Proposed Order)(Garre, Gregory) (Entered: 12/20/2024) |
| 12/20/2024 | 1107 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Aaron T. Chiu, Filing fee $ 100, receipt number ADCDC–11372390. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Aaron T. Chiu, # 2 Text of Proposed Order)(Garre, Gregory) (Entered: 12/20/2024) |
| 12/20/2024 | 1108 | NOTICE *of Defendant's Proposed Final Judgment* by GOOGLE LLC (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 12/20/2024) |
| 12/23/2024 | | MINUTE ORDER granting 1101 Motion for Leave to Appear Pro Hac Vice. Attorney Marc Robert Lewis is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/23/2024. (lcapm2) (Entered: 12/23/2024) |
| 12/23/2024 | | MINUTE ORDER granting 1102 Motion for Leave to Appear Pro Hac Vice. Attorney Zachary C. Flood is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/23/2024. (lcapm2) (Entered: 12/23/2024) |
| 12/23/2024 | | MINUTE ORDER granting 1105 Motion for Leave to Appear Pro Hac Vice. Attorney Sarah M. Ray is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/23/2024. (lcapm2) (Entered: 12/23/2024) |
| 12/23/2024 | | MINUTE ORDER granting 1106 Motion for Leave to Appear Pro Hac Vice. Attorney Alfred C. Pfeiffer, Jr. is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/23/2024. (lcapm2) (Entered: 12/23/2024) |
| 12/23/2024 | | |

| | | MINUTE ORDER granting <u>1107</u> Motion for Leave to Appear Pro Hac Vice. Attorney Aaron T. Chiu is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** <u>Click for instructions.</u> Signed by Judge Amit P. Mehta on 12/23/2024. (lcapm2) (Entered: 12/23/2024) |
|---|---|---|
| 12/23/2024 | <u>1109</u> | NOTICE of Appearance by Alfred C Pfeiffer, Jr on behalf of APPLE INC. (Pfeiffer, Alfred) (Entered: 12/23/2024) |
| 12/23/2024 | <u>1110</u> | NOTICE of Appearance by Peter E. Davis on behalf of APPLE INC. (Davis, Peter) (Entered: 12/23/2024) |
| 12/23/2024 | <u>1111</u> | MOTION to Intervene by APPLE INC.. (Attachments: # <u>1</u> Declaration of Eddy Cue, # <u>2</u> Text of Proposed Order)(Pfeiffer, Alfred) (Entered: 12/23/2024) |
| 12/27/2024 | <u>1112</u> | NOTICE of Appearance by Sarah M. Ray on behalf of APPLE INC. (Ray, Sarah) (Entered: 12/27/2024) |
| 12/27/2024 | <u>1113</u> | NOTICE of Appearance by Aaron Chiu on behalf of APPLE INC. (Chiu, Aaron) (Entered: 12/27/2024) |
| 12/27/2024 | <u>1114</u> | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by APPLE INC. (Ray, Sarah) (Entered: 12/27/2024) |
| 12/30/2024 | <u>1115</u> | NOTICE of Appearance by Jennifer Ellen Greaney on behalf of COMMONWEALTH OF MASSACHUSETTS (Greaney, Jennifer) (Entered: 12/30/2024) |
| 12/30/2024 | <u>1116</u> | NOTICE of Appearance by Marc Robert Lewis on behalf of Perplexity AI, Inc. (Lewis, Marc) (Entered: 12/30/2024) |
| 12/30/2024 | <u>1117</u> | NOTICE of Appearance by Zachary Christian Flood on behalf of Perplexity AI, Inc. (Flood, Zachary) (Entered: 12/30/2024) |
| 12/30/2024 | <u>1118</u> | NOTICE OF WITHDRAWAL OF APPEARANCE as to GOOGLE LLC. Attorney Youlin Yuan terminated. (Yuan, Youlin) (Entered: 12/30/2024) |
| 01/02/2025 | <u>1119</u> | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on December 20, 2024; Page Numbers: 1−40. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | Redaction Request due 1/23/2025. Redacted Transcript Deadline set for 2/2/2025. Release of Transcript Restriction set for 4/2/2025.(Zaremba, William) (Entered: 01/02/2025) |
|---|---|---|
| 01/03/2025 | 1120 | Consent MOTION for Extension of Time to File Response/Reply as to 1111 MOTION to Intervene by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Proposed Order)(Struve, Ryan) (Entered: 01/03/2025) |
| 01/06/2025 | | MINUTE ORDER granting 1120 Agreed Motion to Extend Time to Submit Response to Apple's Motion to Intervene. Plaintiffs shall file their response by January 8, 2025. Apple shall file its reply by January 15, 2025. Signed by Judge Amit P. Mehta on 1/6/2025. (lcapm2) (Entered: 01/06/2025) |
| 01/08/2025 | 1122 | Memorandum in opposition to re 1111 Motion to Intervene filed by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 01/08/2025) |
| 01/09/2025 | 1123 | Memorandum in opposition to re 1111 Motion to Intervene filed by UNITED STATES OF AMERICA. (Struve, Ryan) (Entered: 01/09/2025) |
| 01/10/2025 | 1124 | REDACTED DOCUMENT– Plaintiffs' Proposed Findings of Fact [Corrected April 30, 2024] to 897 Sealed Document, 822 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 01/10/2025) |
| 01/14/2025 | 1125 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit 1, # 7 Exhibit 2)(Herrmann, Karl) (Entered: 01/14/2025) |
| 01/14/2025 | 1126 | STATUS REPORT *Regarding News Corp Subpoena Compliance* by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(McGinnis, Matthew) (Entered: 01/14/2025) |
| 01/14/2025 | 1127 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Certificate of Service)(Schmidtlein, John) (Entered: 01/14/2025) |
| 01/14/2025 | 1128 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Certificate of Service)(Schmidtlein, John) (Entered: 01/14/2025) |
| 01/14/2025 | 1129 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Certificate of Service)(Schmidtlein, John) (Entered: 01/14/2025) |
| 01/15/2025 | | NOTICE of Hearing: The Status Conference scheduled for January 17, 2025 will now be held at 3:00 PM in Courtroom 10. Counsel for the parties and non–parties News Corp, Perplexity, OpenAI, and Microsoft shall appear. Counsel located outside Washington, D.C. may join via Zoom. (lcapm2) (Entered: 01/15/2025) |
| 01/15/2025 | 1130 | NOTICE of Appearance by Tiffany Grossman on behalf of STATE OF NORTH DAKOTA (Grossman, Tiffany) (Entered: 01/15/2025) |
| 01/15/2025 | 1131 | NOTICE of Appearance by John Thorne on behalf of News Corp (Thorne, John) (Entered: 01/15/2025) |
| 01/15/2025 | 1132 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Daniel G. Bird on behalf of News Corp (Bird, Daniel) (Entered: 01/15/2025) |
| 01/15/2025 | 1133 | NOTICE of Appearance by Eric Joseph Maier on behalf of News Corp (Maier, Eric) (Entered: 01/15/2025) |
| 01/15/2025 | 1134 | STATUS REPORT *in response to Google's January 14 Status Report* by News Corp. (Thorne, John) (Entered: 01/15/2025) |
| 01/15/2025 | 1135 | REPLY to opposition to motion re 1111 Motion to Intervene filed by APPLE INC.. (Pfeiffer, Alfred) (Entered: 01/15/2025) |
| 01/16/2025 | 1136 | RESPONSE *Non−Party Microsoft Corporations Submission Responding to Additional Disputes Raised by Google in the Joint Status Report of Google and Microsoft [ECF No. 1129].* filed by MICROSOFT CORPORATION. (Attachments: # 1 Exhibit A)(Chapman, Julia) (Entered: 01/16/2025) |
| 01/16/2025 | 1137 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MICROSOFT CORPORATION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A)(Chapman, Julia) (Entered: 01/16/2025) |
| 01/16/2025 | 1138 | NOTICE of Appearance by Christopher Teters on behalf of STATE OF KANSAS (Teters, Christopher) (Main Document 1138 replaced on 1/17/2025) (mg). (Entered: 01/16/2025) |
| 01/16/2025 | | MINUTE ORDER. At the Status Conference scheduled for January 17, 2025, the court will address the issues raised by the parties, non−parties, and proposed intervenor in the following order: (1) Google−News Corp subpoena; (2) Google−Perplexity subpoena; (3) Google−OpenAI subpoena; (4) Google−Microsoft subpoena; (5) Apple's Motion for Limited Intervention; and (6) parties' disputes. Signed by Judge Amit P. Mehta on 1/16/2025. (lcapm2) (Entered: 01/16/2025) |
| 01/16/2025 | 1139 | REDACTED DOCUMENT− Joint Status Report of Google and Perplexity to 1127 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schmidtlein, John) (Entered: 01/16/2025) |
| 01/16/2025 | 1140 | REDACTED DOCUMENT− Joint Status Report of Google and OpenAI to 1128 Sealed Document, by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Schmidtlein, John) (Entered: 01/16/2025) |
| 01/16/2025 | 1141 | REDACTED DOCUMENT− Joint Status Report of Google and Microsoft to 1129 Sealed Document, by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Schmidtlein, John) (Entered: 01/16/2025) |
| 01/16/2025 | | NOTICE of Hearing: The Status Conference scheduled for January 17, 2025 will now be held at 2:00 PM. (lcapm2) (Entered: 01/16/2025) |
| 01/17/2025 | 1142 | NOTICE of Appearance by Amanda J. Wentz on behalf of STATE OF ARKANSAS (Wentz, Amanda) (Entered: 01/17/2025) |
| 01/17/2025 | 1143 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF KANSAS. Attorney Lynette R. Bakker terminated. . (Bakker, Lynette) Modified event on 1/28/2025 (mg). (Entered: 01/17/2025) |
| 01/17/2025 | | |

| | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 1/17/2025. See the Court's 1145 Scheduling order and 1145 Amended Scheduling Order for schedule of additional proceedings. (Court Reporter William Zaremba.) (zakb) (Entered: 01/21/2025) |
|---|---|---|
| 01/20/2025 | 1144 | ORDER setting the schedule for further proceedings in this matter and ruling on the parties' discovery disputes. See the attached Order for details. Signed by Judge Amit P. Mehta on 1/20/2025. (lcapm2) (Entered: 01/20/2025) |
| 01/20/2025 | 1145 | AMENDED SCHEDULING ORDER. The Evidentiary Hearing shall be held April 21, 2025 to May 2, 2025, and May 12, 2025 to May 15, 2025; the parties' post–hearing submissions shall be due by May 20, 2025; and closing arguments shall be held on May 30, 2025. The court asks that the parties reserve May 29, 2025 as well, in the event additional time is needed. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 1/20/2025. (lcapm2) (Entered: 01/20/2025) |
| 01/21/2025 | 1146 | Joint STATUS REPORT *of Google and Perplexity* by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 01/21/2025) |
| 01/21/2025 | | MINUTE ORDER as to Google−Perplexity Subpoena. Google and Perplexity shall report to the court by 8:00 PM (EST) whether Google's revised search strings result in a decreased volume of potentially responsive documents that resolves their dispute. Signed by Judge Amit P. Mehta on 1/21/2025. (lcapm2) (Entered: 01/21/2025) |
| 01/21/2025 | 1147 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on January 17, 2025; Page Numbers: 1−130. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript Restriction set for 4/21/2025.(Zaremba, William) (Entered: 01/21/2025) |
| 01/21/2025 | 1148 | Joint STATUS REPORT *of Google and Perplexity* by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/21/2025) |
| 01/22/2025 | 1149 | NOTICE of Appearance by Meagan Glynn on behalf of UNITED STATES OF AMERICA (Glynn, Meagan) (Entered: 01/22/2025) |

| 01/23/2025 | 1150 | NOTICE OF WITHDRAWAL OF APPEARANCE as to APPLE INC.. Attorney Andrew J. Shanahan terminated. (Shanahan, Andrew) (Entered: 01/23/2025) |
| 01/24/2025 | 1151 | REDACTED DOCUMENT– Plaintiffs' Proposed Findings of Fact [Corrected April 30, 2024] to 897 Sealed Document, 822 Sealed Document, 1124 Redacted Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 01/24/2025) |
| 01/24/2025 | 1152 | Joint STATUS REPORT *(Joint Status Report Regarding Plaintiff's Witness List and News Corp)* by GOOGLE LLC. (McGinnis, Matthew) (Entered: 01/24/2025) |
| 01/27/2025 | 1153 | MEMORANDUM OPINION AND ORDER denying 1111 Apple's Motion for Limited Intervention. See the attached Memorandum Opinion and Order for additional details. Signed by Judge Amit P. Mehta on 1/27/2025. (lcapm2) (Entered: 01/27/2025) |
| 01/27/2025 | | MINUTE ORDER granting 1137 Microsoft's Motion for Leave to File Materials Under Seal. Signed by Judge Amit P. Mehta on 1/27/2025. (lcapm2) (Entered: 01/27/2025) |
| 01/27/2025 | 1155 | SEALED Exhibit filed by MICROSOFT CORPORATION. re 1136 Response to Document. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 01/29/2025) |
| 01/28/2025 | | MINUTE ORDER as to Plaintiffs' Witness List. Plaintiffs may substitute a witness from the Los Angeles Times for the previously designated witness from News Corp, so long as the Los Angeles Times substantially completes any custodial discovery by February 19, 2025. Signed by Judge Amit P. Mehta on 1/28/2025. (lcapm2) (Entered: 01/28/2025) |
| 01/28/2025 | 1154 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATES OF ILLINOIS, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, HAWAII, MARYLAND, MASSACHUSETTS, MINNESOTA, NEW JERSEY, NEW YORK, NORTH CAROLINA, OREGON, RHODE ISLAND, AND WASHINGTON. Attorney William Thorn Matlack terminated. (Matlack, William) (Entered: 01/28/2025) |
| 01/29/2025 | 1156 | NOTICE OF INTERLOCUTORY APPEAL TO DC CIRCUIT COURT as to 1153 Order on Motion to Intervene by APPLE INC.. Filing fee $ 605, receipt number ADCDC–11441088. Fee Status: Fee Paid. Parties have been notified. (Ray, Sarah) Modified event on 1/29/2025 (mg). (Entered: 01/29/2025) |
| 01/29/2025 | 1157 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 1156 Notice of Appeal to DC Circuit Court,. (mg) (Entered: 01/29/2025) |
| 01/30/2025 | 1158 | Emergency MOTION to Stay *, or in the Alternative, for Miscellaneous Relief* by APPLE INC.. (Attachments: # 1 Declaration of Sarah M. Ray, # 2 Text of Proposed Order)(Ray, Sarah). Added MOTION for Relief on 1/31/2025 (mg). (Entered: 01/30/2025) |
| 01/31/2025 | | USCA Case Number 25–5016 for 1156 Notice of Appeal to DC Circuit Court, filed by APPLE INC.. (mg) (Entered: 01/31/2025) |
| 01/31/2025 | 1159 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NORTH CAROLINA. Attorney Jessica Vance Sutton terminated. (Sutton, Jessica) (Entered: |

| | | |
|---|---|---|
| | | 01/31/2025) |
| 02/02/2025 | 1160 | ORDER denying 1158 Apple's Emergency Motion for Stay, or in the Alternative, for Miscellaneous Relief. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/2/2025. (lcapm2) (Entered: 02/02/2025) |
| 02/07/2025 | 1161 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/07/2025) |
| 02/07/2025 | 1162 | Joint STATUS REPORT *of Google and Microsoft* by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 02/07/2025) |
| 02/07/2025 | | NOTICE of Hearing: The Status Conference scheduled for February 10, 2025 will be held at 11:00 AM via Zoom. Counsel for the parties and non−party Microsoft shall appear. Interested members of the public and/or media may join by dialing the court's toll−free public access line: Toll Free Number: 833−990−9400; Meeting ID: 707542903. (lcapm2) (Entered: 02/07/2025) |
| 02/10/2025 | | Minute Entry for remote proceedings held before Judge Amit P. Mehta: Status Conference held on 2/10/2025. Order directing further proceedings forthcoming via chambers. (Court Reporter William Zaremba.) (zakb) (Entered: 02/10/2025) |
| 02/11/2025 | 1163 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on February 10, 2025; Page Numbers: 1−22. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/4/2025. Redacted Transcript Deadline set for 3/14/2025. Release of Transcript Restriction set for 5/12/2025.(Zaremba, William) (Entered: 02/11/2025) |
| 02/11/2025 | 1164 | SECOND AMENDED SCHEDULING ORDER. The Evidentiary Hearing shall be held April 21, 2025 to May 2, 2025, and May 6, 2025 to May 9, 2025. The parties' post−hearing submissions shall be due by May 16, 2025. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/11/2025. (lcapm2) (Entered: 02/11/2025) |
| 02/14/2025 | 1165 | MOTION for Leave to Participate as Amicus Curiae by ANTHROPIC PBC. (Attachments: # 1 Memorandum in Support [Redacted], # 2 Declaration of Tom Brown [Redacted], # 3 Text of Proposed Order)(Mezzina, Paul) (Entered: 02/14/2025) |

| 02/14/2025 | 1166 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ANTHROPIC PBC (Mezzina, Paul) (Entered: 02/14/2025) |
|---|---|---|
| 02/14/2025 | 1167 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ANTHROPIC PBC (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of Tom Brown in Support of Motion to Seal, # 2 Memorandum in Support of Motion for Leave to Participate as Amicus Curiae [Sealed], # 3 Declaration of Tom Brown in Support of Motion for Leave to Participate as Amicus Curiae [Sealed], # 4 Text of Proposed Order)(Mezzina, Paul) (Entered: 02/14/2025) |
| 02/14/2025 | 1168 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Benjamin Lee, Filing fee $ 100, receipt number ADCDC–11483358. Fee Status: Fee Paid. by ANTHROPIC PBC. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Mezzina, Paul) (Entered: 02/14/2025) |
| 02/17/2025 | 1169 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Nema Milaninia, Filing fee $ 100, receipt number ADCDC–11483831. Fee Status: Fee Paid. by ANTHROPIC PBC. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Mezzina, Paul) (Entered: 02/17/2025) |
| 02/17/2025 | 1170 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Veronica Moye, Filing fee $ 100, receipt number ADCDC–11483835. Fee Status: Fee Paid. by ANTHROPIC PBC. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Mezzina, Paul) (Entered: 02/17/2025) |
| 02/18/2025 | 1171 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Sumon Dantiki, Filing fee $ 100, receipt number ADCDC–11485903. Fee Status: Fee Paid. by ANTHROPIC PBC. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Mezzina, Paul) (Entered: 02/18/2025) |
| 02/18/2025 | 1172 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/18/2025) |
| 02/19/2025 | 1173 | THIRD AMENDED SCHEDULING ORDER setting pre–hearing deadlines. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/19/2025. (lcapm2) (Entered: 02/19/2025) |
| 02/20/2025 | | MINUTE ORDER granting 1168 Motion for Leave to Appear Pro Hac Vice. Attorney Benjamin Lee is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 2/20/2025. (lcapm2) (Entered: 02/20/2025) |
| 02/20/2025 | | MINUTE ORDER granting 1169 Motion for Leave to Appear Pro Hac Vice. Attorney Nema Milaninia is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 2/20/2025. (lcapm2) (Entered: 02/20/2025) |
| 02/20/2025 | | MINUTE ORDER granting 1170 Motion for Leave to Appear Pro Hac Vice. Attorney Veronica Moye is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 2/20/2025. (lcapm2) (Entered: 02/20/2025) |

| | | |
|---|---|---|
| 02/20/2025 | | MINUTE ORDER granting 1171 Motion for Leave to Appear Pro Hac Vice. Attorney Sumon Dantiki is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 2/20/2025. (lcapm2) (Entered: 02/20/2025) |
| 02/21/2025 | 1174 | NOTICE of Appearance by Veronica Smith Moye on behalf of ANTHROPIC PBC (Moye, Veronica) (Main Document 1174 replaced on 2/21/2025) (mg). (Entered: 02/21/2025) |
| 02/21/2025 | 1175 | NOTICE of Appearance by Benjamin Thomas Lee on behalf of ANTHROPIC PBC (Lee, Benjamin) (Entered: 02/21/2025) |
| 02/21/2025 | 1176 | NOTICE of Appearance by Nema Milaninia on behalf of ANTHROPIC PBC (Milaninia, Nema) (Entered: 02/21/2025) |
| 02/21/2025 | 1177 | NOTICE of Appearance by Sumon Dantiki on behalf of ANTHROPIC PBC (Dantiki, Sumon) (Entered: 02/21/2025) |
| 02/25/2025 | 1178 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Erin Murdock–Park terminated. (Murdock–Park, Erin) (Entered: 02/25/2025) |
| 02/28/2025 | 1179 | Memorandum in opposition to re 1165 Motion for Miscellaneous Relief filed by UNITED STATES OF AMERICA. (Karr, Ryan) (Entered: 02/28/2025) |
| 03/06/2025 | 1180 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Aaron D. Hoag terminated. (Herrmann, Karl) (Entered: 03/06/2025) |
| 03/06/2025 | 1181 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Ryan Scott Struve terminated. (Struve, Ryan) (Entered: 03/06/2025) |
| 03/07/2025 | 1182 | REPLY to opposition to motion re 1165 Motion for Miscellaneous Relief *to Participate as Amicus Curiae* filed by ANTHROPIC PBC. (Mezzina, Paul) (Entered: 03/07/2025) |
| 03/07/2025 | 1183 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Herrmann, Karl) (Entered: 03/07/2025) |
| 03/07/2025 | 1184 | NOTICE *of Plaintiffs' Revised Proposed Final Judgment* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A – Plaintiffs' Revised Proposed Final Judgment, # 2 Exhibit B, # 3 Exhibit C)(Herrmann, Karl) (Entered: 03/07/2025) |
| 03/07/2025 | 1185 | NOTICE *of Defendant's Proposed Final Judgment* by GOOGLE LLC (Schmidtlein, John) (Entered: 03/07/2025) |
| 03/09/2025 | | MINUTE ORDER. The Status Conference scheduled for March 10, 2025 will be held at 11:00 AM in Courtroom 10. Counsel for the parties shall appear in person if they are able to do so. The court recognizes that this Minute Order comes at the eleventh hour, so remote participation by counsel is acceptable. Additionally, counsel for Anthropic shall appear in person or remotely to address its pending Motion for Leave to Participate as Amicus Curiae, ECF No. 1165. Signed by Judge Amit P. Mehta on 3/9/2025. (lcapm2) (Entered: 03/09/2025) |

| | | |
|---|---|---|
| 03/10/2025 | | Minute Entry for hybrid proceedings held before Judge Amit P. Mehta: Status Conference held on 3/10/2025. Order forthcoming via chambers directing further proceedings. (Court Reporter William Zaremba.) (zakb) (Entered: 03/10/2025) |
| 03/11/2025 | 1186 | ORDER setting the schedule for further proceedings in this matter. See the attached Order for details. Signed by Judge Amit P. Mehta on 3/11/2025. (lcapm2) (Entered: 03/11/2025) |
| 03/12/2025 | 1187 | NOTICE of Appearance by John J. Hogan on behalf of UNITED STATES OF AMERICA (Hogan, John) (Entered: 03/12/2025) |
| 03/14/2025 | 1188 | STATUS REPORT *Regarding Anthropic PBC's Motion for Leave to Participate as Amicus Curiae* by ANTHROPIC PBC. (Mezzina, Paul) (Entered: 03/14/2025) |
| 03/14/2025 | | MINUTE ORDER. If either side wishes to respond to Anthropic's Status Report, ECF No. 1188, they shall do so by March 19, 2025. Signed by Judge Amit P. Mehta on 3/14/2025. (lcapm2) (Entered: 03/14/2025) |
| 03/17/2025 | 1189 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on March 10, 2025; Page Numbers: 1–57. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/7/2025. Redacted Transcript Deadline set for 4/17/2025. Release of Transcript Restriction set for 6/15/2025.(Zaremba, William) (Entered: 03/17/2025) |
| 03/19/2025 | 1190 | RESPONSE re 1188 Status Report filed by UNITED STATES OF AMERICA. (Karr, Ryan) (Entered: 03/19/2025) |
| 03/20/2025 | | MINUTE ORDER. The parties shall file a Joint Status Report by March 20, 2025, which addresses the parties' discovery dispute. The parties shall appear for a Discovery Hearing on March 24, 2025 at 10:00 AM via Zoom. Signed by Judge Amit P. Mehta on 3/20/2025. (lcapm2) (Entered: 03/20/2025) |
| 03/20/2025 | 1191 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Certificate of Service)(Herrmann, Karl) (Entered: 03/20/2025) |
| 03/21/2025 | 1192 | |

| | | |
|---|---|---|
| | | MOTION to Unseal Document *and for Access to Judicial Records and Proceedings* by NEW YORK TIMES COMPANY. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Sumar, Al–Amyn) (Entered: 03/21/2025) |
| 03/21/2025 | 1193 | NOTICE of Appearance by Timothy Tai on behalf of NEW YORK TIMES COMPANY (Tai, Timothy) (Main Document 1193 replaced on 3/24/2025) (mg). (Entered: 03/21/2025) |
| 03/23/2025 | 1194 | REDACTED DOCUMENT– Joint Status Report Regarding Discovery Dispute to 1191 Sealed Document, *Joint Status Report Regarding Discovery Dispute* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B – Redacted, # 3 Exhibit C, # 4 Exhibit D – Filed Under Seal, # 5 Exhibit E – Filed Under Seal, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Certificate of Service)(Herrmann, Karl) (Entered: 03/23/2025) |
| 03/24/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 1192 MOTION to Unseal Document *and for Access to Judicial Records and Proceedings* by NEW YORK TIMES COMPANY. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Sumar, Al–Amyn).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 3/31/2025. (zapb) Modified on 3/24/2025 (zhcn). (Entered: 03/24/2025) |
| 03/24/2025 | | Minute Entry for remote proceedings held before Judge Amit P. Mehta: Discovery Hearing held on 3/24/2025. Discussions held regarding parties' discovery dispute. Oral Motion by the USA to authorize the Court Reporter to disclose the sealed portion of the transcript of proceedings held on 3/10/2025 to the DOJ and Anthropic granted by the Court. (Court Reporter William Zaremba.) (zakb) (Entered: 03/24/2025) |
| 03/24/2025 | 1195 | NOTICE of Appearance by Melissa L. English on behalf of STATE OF MARYLAND (English, Melissa) (Entered: 03/24/2025) |
| 03/24/2025 | 1196 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/24/2025) |
| 03/26/2025 | 1197 | RESPONSE re 1196 Status Report filed by APPLE INC.. (Pfeiffer, Alfred) (Entered: 03/26/2025) |
| 03/27/2025 | 1199 | TRANSCRIPT OF DISCOVERY HEARING VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on March 24, 2025; Page Numbers: 1–28. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced |

above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/17/2025. Redacted Transcript Deadline set for 4/27/2025. Release of Transcript Restriction set for 6/25/2025.(Zaremba, William) (Entered: 03/27/2025)

| | | |
|---|---|---|
| 03/27/2025 | 1200 | ORDER setting the schedule for further proceedings in this matter. See the attached Order for details. Signed by Judge Amit P. Mehta on 3/27/2025. (lcapm2) (Entered: 03/27/2025) |
| 03/28/2025 | 1201 | AMENDED ORDER setting the schedule for further proceedings in this matter. In addition to the submissions listed in the court's 1200 Order of March 27, 2025, the parties shall submit to chambers by April 14, 2025, summaries of the reports of experts who are expected to testify, each of which shall be no more than 15 pages, double−spaced. Signed by Judge Amit P. Mehta on 3/28/2025. (lcapm2) (Entered: 03/28/2025) |
| 03/28/2025 | 1202 | NOTICE of Proposed Order *Joint Proposed Order on Posting of Hearing Materials* by UNITED STATES OF AMERICA re 1192 MOTION to Unseal Document *and for Access to Judicial Records and Proceedings* (Hogan, John) (Entered: 03/28/2025) |
| 03/28/2025 | 1203 | RESPONSE re 1192 MOTION to Unseal Document *and for Access to Judicial Records and Proceedings* filed by UNITED STATES OF AMERICA. (Hogan, John) (Entered: 03/28/2025) |
| 03/28/2025 | 1204 | RESPONSE re 1192 MOTION to Unseal Document *and for Access to Judicial Records and Proceedings* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/28/2025) |
| 03/31/2025 | 1205 | NOTICE of Appearance by Abiola Miles on behalf of STATE OF NEW JERSEY (Miles, Abiola) (Entered: 03/31/2025) |
| 03/31/2025 | | Set/Reset Hearings: Pretrial Conference set for 4/10/2025 at 10:00 AM in Courtroom 10− In Person before Judge Amit P. Mehta. (zakb) (Entered: 03/31/2025) |
| 03/31/2025 | 1206 | REQUEST FOR LEAVE TO FILE REVIEW. The attached document requires leave to file: Non−party Marlon J. Green's Petition for Damages. Reason(s): Filer is not a party to the case. (znmw) (Entered: 04/02/2025) |
| 04/03/2025 | 1207 | ORDER denying 1165 Anthropic's Motion for Leave to Participate as Amicus Curiae and granting 1167 Anthropic's Motion for Leave to File Under Seal. See the attached Order for details. Signed by Judge Amit P. Mehta on 4/3/2025. (lcapm2) (Entered: 04/03/2025) |
| 04/03/2025 | | |

255

| | | |
|---|---|---|
| | | MINUTE ORDER re 1206 Request for Leave to File Review. Leave to file is denied because the filer is not a party to this case. Signed by Judge Amit P. Mehta on 4/3/2025. (lcapm2) (Entered: 04/03/2025) |
| 04/04/2025 | 1208 | REPLY to opposition to motion re 1192 Motion to Unseal Document *and for Access to Judicial Records and Proceedings* filed by NEW YORK TIMES COMPANY. (Tai, Timothy) (Entered: 04/04/2025) |
| 04/08/2025 | | MINUTE ORDER. Counsel for The New York Times Company shall appear at the Pre–Hearing Conference on April 10, 2025, to address 1192 The Times's Motion for Access to Judicial Records and Proceedings. Signed by Judge Amit P. Mehta on 4/8/2025. (lcapm2) (Entered: 04/08/2025) |
| 04/09/2025 | 1209 | NOTICE of Appearance by Andrew Tisinger on behalf of UNITED STATES OF AMERICA (Tisinger, Andrew) (Entered: 04/09/2025) |
| 04/09/2025 | 1210 | PRETRIAL STATEMENT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A – List of Anticipated Live Witnesses, # 2 Exhibit B – List of Anticipated Witnesses by Deposition Designation)(Chapman, Travis) (Entered: 04/09/2025) |
| 04/09/2025 | 1211 | NOTICE of Appearance by Lauren Marguerite Weinstein on behalf of adMarketplace, Inc. (Weinstein, Lauren) (Entered: 04/09/2025) |
| 04/09/2025 | 1212 | NOTICE *of Defendant's Submission Regarding Redactions to Potential Exhibits* by GOOGLE LLC (Attachments: # 1 Affidavit, # 2 Affidavit, # 3 Affidavit, # 4 Affidavit, # 5 Affidavit, # 6 Affidavit, # 7 Affidavit)(Schmidtlein, John) (Entered: 04/09/2025) |
| 04/10/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Pretrial Conference held on 4/10/2025. Order forthcoming via chambers regarding The New York Times' 1192 Motion for Access to Judicial Records and Proceedings. (Court Reporter William Zaremba.) (zakb) (Entered: 04/10/2025) |
| 04/10/2025 | 1213 | TRANSCRIPT OF PRETRIAL CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on April 10, 2025; Page Numbers: 1–66. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/1/2025. Redacted Transcript Deadline set for 5/11/2025. Release of Transcript Restriction set for 7/9/2025.(Zaremba, William) (Entered: |

| | | 04/10/2025) |
|---|---|---|
| 04/10/2025 | 1214 | ORDER regarding the presentation and release of evidence during the remedies–phase trial proceedings. See the attached Order for details. Signed by Judge Amit P. Mehta on 4/10/2025. (lcapm2) (Entered: 04/10/2025) |
| 04/14/2025 | 1215 | PRE–HEARING BRIEF *Defendant's Pre–Hearing Brief* by GOOGLE LLC. (Schmidtlein, John) Modified event title on 4/21/2025 (znmw). (Entered: 04/14/2025) |
| 04/14/2025 | 1216 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 04/14/2025) |
| 04/16/2025 | 1217 | NOTICE of Appearance by Lyndsey M. Antos on behalf of COMMONWEALTH OF KENTUCKY (Antos, Lyndsey) (Entered: 04/16/2025) |
| 04/16/2025 | 1218 | REDACTED DOCUMENT– PLAINTIFFS' REMEDIES PRE–TRIAL BRIEF by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 04/16/2025) |
| 04/16/2025 | 1219 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit)(Schmidtlein, John) (Entered: 04/16/2025) |
| 04/18/2025 | 1220 | NOTICE *Of Plaintiffs' Exhibits Offered For Admission* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A)(McLellan, Michael) (Entered: 04/18/2025) |
| 04/18/2025 | 1221 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Joseph M. Alioto, Filing fee $ 100, receipt number ADCDC–11628872. Fee Status: Fee Paid. by CALIFORNIA CRANE SCHOOL, INC., on behalf of itself and all others similarly situated. (Attachments: # 1 Affidavit Decl. of J. Alioto iso Motion to Appear PHV, # 2 Exhibit A – Certificate of Good Standing, # 3 Exhibit B – Prop. Amici Brief, # 4 Proposed Order Granting PHV)(Larson, Stephen) (Entered: 04/18/2025) |
| 04/20/2025 | | MINUTE ORDER granting 1219 Sealed Motion. The court hereby accepts the filing of Exhibit E, ECF No. 1219–1, as a replacement for the document previously filed under seal at ECF No. 1191–5 and strikes and deletes the document filed at ECF No. 1191–5. Signed by Judge Amit P. Mehta on 4/20/2025. (lcapm2) Modified on 4/25/2025 to amend language (zakb). (Entered: 04/20/2025) |
| 04/20/2025 | | MINUTE ORDER granting 1221 Motion for Leave to Appear Pro Hac Vice. Attorney Joseph M. Alioto is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 4/20/2025. (lcapm2) (Entered: 04/20/2025) |
| 04/20/2025 | 1231 | SEALED DOCUMENT(EXHIBIT E) filed by GOOGLE LLC. re 1191 Sealed Document. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 04/25/2025) |
| 04/21/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 1221 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Joseph M. Alioto, Filing fee $ 100, receipt number ADCDC–11628872. Fee Status: Fee Paid. by CALIFORNIA CRANE SCHOOL, INC., on behalf of itself and all others similarly situated. (Attachments: # 1 Affidavit Decl. of J. Alioto iso Motion to Appear PHV, # 2 Exhibit A – Certificate of Good Standing, # 3 Exhibit B – Prop. Amici Brief, # 4 Proposed Order Granting PHV)(Larson, Stephen). |

| | | |
|---|---|---|
| | | Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 4/28/2025. (zapb) Modified on 4/22/2025 (zhcn). (Entered: 04/21/2025) |
| 04/21/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing commenced on 4/21/2025. Evidentiary Hearing continued for 4/22/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Plaintiff's witnesses: Gregory Durrett and Peter Fitzgerald. (Court Reporter AM: William Zaremba, PM: Lorraine Herman.) (zakb) (Entered: 04/21/2025) |
| 04/21/2025 | 1222 | NOTICE of Appearance by Anna M Rathbun on behalf of YAHOO! INC. (Rathbun, Anna) (Entered: 04/21/2025) |
| 04/21/2025 | 1223 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Caitlin N. Fitzpatrick, Filing fee $ 100, receipt number ADCDC–11633049. Fee Status: Fee Paid. by YAHOO! INC.. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Rathbun, Anna) (Entered: 04/21/2025) |
| 04/21/2025 | 1224 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Affidavit of John Giannandrea)(Ray, Sarah) (Entered: 04/21/2025) |
| 04/22/2025 | 1225 | MOTION for Leave to File Amicus Brief by CALIFORNIA CRANE SCHOOL, INC., on behalf of itself and all others similarly situated. (Attachments: # 1 Memorandum in Support Amicus Brief, # 2 Text of Proposed Order)(Alioto, Joseph) (Entered: 04/22/2025) |
| 04/22/2025 | 1226 | NOTICE of Appearance by Joseph M. Alioto, Sr on behalf of CALIFORNIA CRANE SCHOOL, INC., on behalf of itself and all others similarly situated (Alioto, Joseph) (Entered: 04/22/2025) |
| 04/22/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/22/2025. Evidentiary Hearing continued for 4/23/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Plaintiff's witnesses: Peter Fitzgerald (continued from 4/22/2025), Nicholas Turley, and Antonio Rangel. (Court Reporter AM – William Zaremba, PM – Christine Asif.) (zakb) (Entered: 04/22/2025) |
| 04/22/2025 | | MINUTE ORDER granting 1223 Motion for Leave to Appear Pro Hac Vice. Attorney Caitlin N. Fitzpatrick is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 4/22/2025. (lcapm2) (Entered: 04/22/2025) |
| 04/23/2025 | 1227 | NOTICE of Appearance by Caitlin Fitzpatrick on behalf of YAHOO! INC. (Fitzpatrick, Caitlin) (Entered: 04/23/2025) |

| | | |
|---|---|---|
| 04/23/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/23/2025. Evidentiary Hearing continued for 4/24/2025 at 9:00 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Plaintiff's witnesses: Sissie Hsiao, Dmitry Shevelenko, and Gabriel Weinberg. (Court Reporter AM: William Zaremba, PM: Lorraine Herman.) (zakb) (Entered: 04/23/2025) |
| 04/23/2025 | | MINUTE ORDER. The parties have advised the court of possible closed–session testimony from witness Gabriel Weinberg on April 24, 2025. The court will consider any argument and objections regarding the proposed closed session at 9:00 AM on April 24, 2025 in Courtroom 10. Signed by Judge Amit P. Mehta on 4/23/2025. (lcapm2) (Entered: 04/23/2025) |
| 04/24/2025 | 1228 | NOTICE *of Exhibits Offered for Admission* by UNITED STATES OF AMERICA (McLellan, Michael) (Entered: 04/24/2025) |
| 04/24/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/24/2025. Evidentiary Hearing continued for 4/25/2025 at 9:15 AM in Courtroom 10– In Person before Judge Amit P. Mehta. (Court Reporter AM – William Zaremba, PM – Christine Asif.) (zakb) (Entered: 04/24/2025) |
| 04/24/2025 | 1229 | MOTION for Leave to File Amicus Brief by ALPHABET WORKERS UNION–CWA. (Attachments: # 1 Text of Proposed Order)(Grunes, Allen) (Entered: 04/24/2025) |
| 04/24/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 1229 MOTION for Leave to File Amicus Brief by ALPHABET WORKERS UNION–CWA. (Attachments: # 1 Text of Proposed Order)(Grunes, Allen).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 5/1/2025. (zhcn) 4/28/2025 (zapb). (Entered: 04/25/2025) |
| 04/25/2025 | 1230 | MOTION for Leave to File Amicus Brief by ALPHABET WORKERS UNION–CWA. (Attachments: # 1 Text of Proposed Order)(Meschke, David) (Entered: 04/25/2025) |
| 04/25/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/25/2025. Evidentiary Hearing continued for 4/28/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Plaintiff's witnesses: Paul Vallez, James Mickens, and Parisa Tabriz. (Court Reporters: AM – William Zaremba and PM – Christine Asif.) (zakb) (Entered: 04/25/2025) |
| 04/28/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/28/2025. Evidentiary Hearing continued for 4/29/2025 at 9:15 AM in Courtroom 10 before Judge Amit P. Mehta. Plaintiff's witnesses: Adam Epstein, Michael Luca, and David Locala. (Court Reporter AM: William Zaremba, PM: Lorraine Herman.) (zakb) (Entered: 04/28/2025) |

| | | |
|---|---|---|
| 04/28/2025 | | MINUTE ORDER. The parties have advised the court of possible closed–session testimony from witness Heather Adkins on April 29, 2025. The court will consider any argument and objections regarding the proposed closed session at 9:15 AM on April 29, 2025 in Courtroom 10. Signed by Judge Amit P. Mehta on 4/28/2025. (lcapm2) (Entered: 04/28/2025) |
| 04/29/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/29/2025. Plaintiffs rested their case in chief. Evidentiary Hearing continued for 4/30/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Plaintiff's witness: Tasneem Chipty. Defendant's witness: Heather Adkins. (Court Reporters: AM – William Zaremba and PM – Christine Asif.) (zakb) (Entered: 04/29/2025) |
| 04/30/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/30/2025. Evidentiary Hearing continued for 5/1/2025 at 9:15 AM in Courtroom 10 before Judge Amit P. Mehta. Defendant's witnesses: Sundar Pichai, Jason Nieh, and Marc Zenner. (Court Reporter AM: William Zaremba and PM: Lorraine Herman.) (zakb) (Entered: 04/30/2025) |
| 04/30/2025 | 1232 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Katharine M. O'Connor, Filing fee $ 100, receipt number ADCDC–11657166. Fee Status: Fee Paid. by MOTOROLA MOBILITY LLC. (Attachments: # 1 Declaration Declaration for Pro Hac Vice Admission as to Katharine O'Connor, # 2 Supplement Attachment to Declaration of Katharine O'Connor, # 3 Text of Proposed Order)(Ferrara, Anthony) (Entered: 04/30/2025) |
| 04/30/2025 | 1233 | NOTICE *of Exhibits Offered for Admission* by GOOGLE LLC (Schmidtlein, John) (Entered: 04/30/2025) |
| 04/30/2025 | 1234 | NOTICE *of Exhibits Offered for Admission Subject to Standing Objection* by GOOGLE LLC (Schmidtlein, John) (Entered: 04/30/2025) |
| 05/01/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/1/2025. Evidentiary Hearing continued for 5/2/2025 at 9:15 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Defendant's witnesses: James Allan and Jesse Adkins. (Court Reporter AM – William Zaremba and PM – Christine Asif.) (zakb) Modified on 5/2/2025 to include witnesses (zakb). (Entered: 05/01/2025) |
| 05/01/2025 | 1235 | ORDER granting 1224 Apple's Motion for Leave to File Under Seal. Apple shall file a redacted version of the Giannandrea Declaration by May 2, 2025. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 4/29/2025. (lcapm2) (Entered: 05/01/2025) |
| 05/01/2025 | 1236 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Lee A. Hepner, Filing fee $ 100, receipt number ADCDC–11660095. Fee Status: Fee Paid. by AMERICAN ECONOMIC LIBERTIES PROJECT. (Attachments: # 1 Declaration of Lee A. Hepner, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Van Dyck, Katherine) (Entered: 05/01/2025) |
| 05/01/2025 | 1237 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Catherine S. Simonsen, Filing fee $ 100, receipt number ADCDC–11660145. Fee Status: Fee Paid. by AMERICAN ECONOMIC LIBERTIES PROJECT. (Attachments: # 1 Declaration of Catherine S. Simonsen, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Van Dyck, Katherine) (Entered: 05/01/2025) |

| | | |
|---|---|---|
| 05/01/2025 | 1240 | SEALED DOCUMENT (Affidavit of John Giannandrea) filed by APPLE INC.. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 05/05/2025) |
| 05/02/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/2/2025 Evidentiary Hearing continued for 5/6/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Defendant's witnesses: Jesse Adkins (continued from 5/1/2025), Eric Muhlheim, Mark Israel, and Eli Collins. (Court Reporters AM: William Zaremba and PM: Lorraine Herman.) (zakb) (Entered: 05/02/2025) |
| 05/02/2025 | | MINUTE ORDER granting 1232 Motion for Leave to Appear Pro Hac Vice. Attorney Katharine M. O'Connor is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 5/2/2025. (lcapm2) (Entered: 05/02/2025) |
| 05/02/2025 | | MINUTE ORDER granting 1236 Motion for Leave to Appear Pro Hac Vice. Attorney Lee A. Hepner is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 5/2/2025. (lcapm2) (Entered: 05/02/2025) |
| 05/02/2025 | | MINUTE ORDER granting 1237 Motion for Leave to Appear Pro Hac Vice. Attorney Catherine S. Simonsen is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 5/2/2025. (lcapm2) (Entered: 05/02/2025) |
| 05/02/2025 | 1238 | NOTICE *Of Plaintiffs' Exhibits Offered For Admission* by UNITED STATES OF AMERICA (McLellan, Michael) (Entered: 05/02/2025) |
| 05/02/2025 | 1239 | DECLARATION re 1235 Order on Sealed Motion for Leave to File Document Under Seal, *(Redacted Affidavit of John Giannandrea)* by APPLE INC.. (Ray, Sarah) Modified event on 5/5/2025 (mg). (Entered: 05/02/2025) |
| 05/05/2025 | | NOTICE of Hearing: On May 6, 2025, the Evidentiary Hearing will begin at 9:15 AM in Courtroom 10. (lcapm2) (Entered: 05/05/2025) |
| 05/06/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/6/2025. Evidentiary Hearing continued for 5/7/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Defendant's witnesses: Elizabeth Reid and Christopher Culnane. (Court Reporter AM: William Zaremba and PM: Lorraine Herman.) (zakb) (Entered: 05/06/2025) |
| 05/06/2025 | 1241 | NOTICE of Appearance by Brandon Kressin on behalf of NEWS/MEDIA ALLIANCE (Kressin, Brandon) (Entered: 05/06/2025) |
| 05/06/2025 | 1242 | NOTICE of Appearance by Ian Simmons on behalf of BIPARTISAN FORMER ANTITRUST ENFORCERS (Simmons, Ian) (Entered: 05/06/2025) |
| 05/06/2025 | 1243 | MOTION for Leave to File Amicus Brief by BIPARTISAN FORMER ANTITRUST ENFORCERS. (Attachments: # 1 Exhibit A – Brief of Bipartisan Former Antitrust Enforcers As Amicus Curiae in Support of Neither Party, # 2 Text of Proposed Order)(Simmons, Ian) (Entered: 05/06/2025) |

| | | |
|---|---|---|
| 05/06/2025 | 1244 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Peter Herrick, Filing fee $ 100. Fee Status: Fee Paid. by BIPARTISAN FORMER ANTITRUST ENFORCERS. (Attachments: # 1 Declaration of Peter Herrick, # 2 Text of Proposed Order)(Simmons, Ian) (Entered: 05/06/2025) |
| 05/06/2025 | 1245 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael F. Rosenblatt, Filing fee $ 100. Fee Status: Fee Paid. by BIPARTISAN FORMER ANTITRUST ENFORCERS. (Attachments: # 1 Declaration of Mike Rosenblatt, # 2 Text of Proposed Order)(Simmons, Ian) (Entered: 05/06/2025) |
| 05/06/2025 | 1246 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Andrew Ezekoye, Filing fee $ 100. Fee Status: Fee Paid. by BIPARTISAN FORMER ANTITRUST ENFORCERS. (Attachments: # 1 Declaration of Andrew Ezekoye, # 2 Text of Proposed Order)(Simmons, Ian) (Entered: 05/06/2025) |
| 05/06/2025 | 1247 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Joshua P. Cayetano, Filing fee $ 100. Fee Status: Fee Paid. by BIPARTISAN FORMER ANTITRUST ENFORCERS. (Attachments: # 1 Declaration of Joshua P. Cayetano, # 2 Text of Proposed Order)(Simmons, Ian) (Entered: 05/06/2025) |
| 05/07/2025 | | Payment for 1244 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Peter Herrick, Filing fee $ 100. Fee Status: Fee Paid.. ($100; Receipt number ADCDC–11674119). (Simmons, Ian) (Entered: 05/07/2025) |
| 05/07/2025 | | Payment for 1245 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael F. Rosenblatt, Filing fee $ 100. Fee Status: Fee Paid.. ($100; Receipt number ADCDC–11674129). (Simmons, Ian) (Entered: 05/07/2025) |
| 05/07/2025 | | Payment for 1246 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Andrew Ezekoye, Filing fee $ 100. Fee Status: Fee Paid.. ($100; Receipt number ADCDC–11674140). (Simmons, Ian) (Entered: 05/07/2025) |
| 05/07/2025 | | Payment for 1247 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Joshua P. Cayetano, Filing fee $ 100. Fee Status: Fee Paid.. ($100; Receipt number ADCDC–11674143). (Simmons, Ian) (Entered: 05/07/2025) |
| 05/07/2025 | 1248 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Stephen Wu, Filing fee $ 100, receipt number ADCDC–11674390. Fee Status: Fee Paid. by MOTOROLA MOBILITY LLC. (Attachments: # 1 Declaration Declaration for Pro Hac Vice Admission as to Stephen Wu, Certificate of Good Standing, # 2 Supplement Attachment to Declaration of Stephen Wu, # 3 Text of Proposed Order)(Ferrara, Anthony) (Entered: 05/07/2025) |
| 05/07/2025 | 1249 | NOTICE of Appearance by Katharine M. O'Connor on behalf of MOTOROLA MOBILITY LLC (O'Connor, Katharine) (Entered: 05/07/2025) |
| 05/07/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/7/2025. Evidentiary Hearing continued for 5/8/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Defendant's witnesses: Eduardo Cue, Sameer Samat, and Lorin Hitt. (Court Reporters AM: William Zaremba and PM: Christine Asif) (zakb) (Entered: 05/07/2025) |
| 05/07/2025 | 1250 | NOTICE of Appearance by Catherine S. Simonsen on behalf of AMERICAN ECONOMIC LIBERTIES PROJECT (Simonsen, Catherine) (Entered: 05/07/2025) |
| 05/07/2025 | 1251 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Benjamin G. Bradshaw on behalf of CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION (Bradshaw, Benjamin) (Entered: 05/07/2025) |
| 05/07/2025 | 1252 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Anna T. Pletcher, Filing fee $ 100, receipt number ADCDC–11674793. Fee Status: Fee Paid. by CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION. (Attachments: # 1 Declaration of Anna Pletcher, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Bradshaw, Benjamin) (Entered: 05/07/2025) |
| 05/07/2025 | 1253 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Sergei Zaslavsky, Filing fee $ 100, receipt number ADCDC–11674795. Fee Status: Fee Paid. by CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION. (Attachments: # 1 Declaration of Serge Zaslavsky, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Bradshaw, Benjamin) (Entered: 05/07/2025) |
| 05/07/2025 | 1254 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Melissa C. Cassel–Walker, Filing fee $ 100, receipt number ADCDC–11674796. Fee Status: Fee Paid. by CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION. (Attachments: # 1 Declaration of Melissa C. Cassel–Walker, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Bradshaw, Benjamin) (Entered: 05/07/2025) |
| 05/07/2025 | 1255 | MOTION for Extension of Time to *File Amicus Brief* by APPLE INC.. (Attachments: # 1 Text of Proposed Order)(Ray, Sarah) (Entered: 05/07/2025) |
| 05/07/2025 | 1256 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Monsura A. Sirajee, Filing fee $ 100, receipt number ADCDC–11674799. Fee Status: Fee Paid. by CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION. (Attachments: # 1 Declaration of Monsura A. Sirajee, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Bradshaw, Benjamin) (Entered: 05/07/2025) |
| 05/07/2025 | 1257 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Enoch O. Ajayi, Filing fee $ 100, receipt number ADCDC–11674805. Fee Status: Fee Paid. by CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION. (Attachments: # 1 Declaration of Enoch O. Ajayi, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Bradshaw, Benjamin) (Entered: 05/07/2025) |
| 05/07/2025 | 1258 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Andrew C. Finch, Filing fee $ 100, receipt number ADCDC–11674813. Fee Status: Fee Paid. by Brave Software, Inc.. (Attachments: # 1 Declaration of Andrew C. Finch in Support of Motion to Admit Pro Hac Vice, # 2 Exhibit A – Certificate of Good Standing, # 3 Exhibit B – Court Admissions, # 4 Text of Proposed Order)(Buretta, John) (Entered: 05/07/2025) |
| 05/07/2025 | 1259 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Gary A. Bornstein, Filing fee $ 100, receipt number ADCDC–11674830. Fee Status: Fee Paid. by Brave Software, Inc.. (Attachments: # 1 Declaration of Gary A. Bornstein in Support of Motion to Admit Pro Hac Vice, # 2 Exhibit A – Certificate of Good Standing, # 3 Exhibit B – Court Admissions, # 4 Text of Proposed Order)(Buretta, John) (Entered: 05/07/2025) |

| 05/07/2025 | 1260 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Yonatan Even, Filing fee $ 100, receipt number ADCDC–11674842. Fee Status: Fee Paid. by Brave Software, Inc.. (Attachments: # 1 Declaration of Yonatan Even in Support of Motion to Admit Pro Hac Vice, # 2 Exhibit A – Certificate of Good Standing, # 3 Exhibit B – Court Admissions, # 4 Text of Proposed Order)(Buretta, John) (Entered: 05/07/2025) |
|---|---|---|
| 05/07/2025 | 1263 | MOTION for Leave to File Amicus Brief by GREGORY J. WERDEN. (Attachments: # 1 Amicus Brief, # 2 Proposed Order)(zdp) (Entered: 05/08/2025) |
| 05/08/2025 | 1261 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/08/2025) |
| 05/08/2025 | 1262 | MEMORANDUM by UNITED STATES OF AMERICA. (Chapman, Travis) (Entered: 05/08/2025) |
| 05/08/2025 | 1264 | NOTICE of Appearance by Brandon Kressin on behalf of Y Combinator (Kressin, Brandon) (Entered: 05/08/2025) |
| 05/08/2025 | 1265 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ben Harris, Filing fee $ 100, receipt number ADCDC–11677524. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Ben Harris, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order)(Garre, Gregory) (Entered: 05/08/2025) |
| 05/08/2025 | 1266 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Whitney A. Lee, Filing fee $ 100, receipt number ADCDC–11677638. Fee Status: Fee Paid. by Andrew Stivers. (Attachments: # 1 Declaration Declaration in Support of Pro Hac Vice Motion, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Gerking, Megan) (Entered: 05/08/2025) |
| 05/08/2025 | 1267 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jasmine Arooni, Filing fee $ 100, receipt number ADCDC–11677747. Fee Status: Fee Paid. by JAMES COOPER, ANDREW STIVERS. (Attachments: # 1 Declaration in Support of Pro Hac Vice Motion, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Gerking, Megan) (Entered: 05/08/2025) |
| 05/08/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/8/2025. Defendant rested their case. Evidentiary Hearing continued for 5/9/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Defendant's witnesses: Lorin Hitt, Kevin Murphy, and Omkar Muralidharan. (Court Reporter AM: William Zaremba, PM: Lorraine Herman.) (zakb) (Entered: 05/08/2025) |
| 05/08/2025 | | MINUTE ORDER denying 1255 Apple's Motion for Extension of Time. Apple shall file its amicus brief by May 9, 2025. Signed by Judge Amit P. Mehta on 5/8/2025. (lcapm2) (Entered: 05/08/2025) |
| 05/08/2025 | 1268 | NOTICE *of Exhibits Offered for Admission* by GOOGLE LLC (Schmidtlein, John) (Entered: 05/08/2025) |
| 05/08/2025 | 1269 | NOTICE of Appearance by Graham Robert Cronogue on behalf of ACT | The App Association (Cronogue, Graham) (Entered: 05/08/2025) |
| 05/08/2025 | 1270 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Creighton James Macy, Filing fee $ 100, receipt number ADCDC–11678147. Fee Status: Fee Paid. by ACT | The App Association. (Attachments: # 1 Declaration of Creighton J. Macy, # 2 Exhibit A – Certificate of Good Standing, # 3 Text of Proposed Order)(Cronogue, |

| | | Graham) (Entered: 05/08/2025) |
|---|---|---|
| 05/08/2025 | 1271 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Mark Geoffrey Weiss, Filing fee $ 100, receipt number ADCDC–11678189. Fee Status: Fee Paid. by ACT | The App Association. (Attachments: # 1 Declaration of Mark G. Weiss, # 2 Exhibit A – Certificate of Good Standing, # 3 Text of Proposed Order)(Cronogue, Graham) (Entered: 05/08/2025) |
| 05/08/2025 | 1272 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kaitlyn Elizabeth Barry, Filing fee $ 100, receipt number ADCDC–11678190. Fee Status: Fee Paid. by ACT | The App Association. (Attachments: # 1 Declaration of Kaitlyn E. Barry, # 2 Exhibit A – Certificate of Good Standing, # 3 Text of Proposed Order)(Cronogue, Graham) (Entered: 05/08/2025) |
| 05/09/2025 | 1273 | NOTICE of Appearance by Lee Hepner on behalf of AMERICAN ECONOMIC LIBERTIES PROJECT (Hepner, Lee) (Entered: 05/09/2025) |
| 05/09/2025 | 1274 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Miriam H. Wugmeister, Filing fee $ 100, receipt number ADCDC–11678806. Fee Status: Fee Paid. by JAMES COOPER, ANDREW STIVERS. (Attachments: # 1 Declaration in Support of Pro Hac Vice Motion, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Gerking, Megan) (Entered: 05/09/2025) |
| 05/09/2025 | 1275 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jonathan Louis Newmark, Filing fee $ 100, receipt number ADCDC–11678859. Fee Status: Fee Paid. by JAMES COOPER, ANDREW STIVERS. (Attachments: # 1 Declaration in Support of Pro Hac Vice Motion, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Gerking, Megan) (Entered: 05/09/2025) |
| 05/09/2025 | 1276 | NOTICE of Appearance by Megan Gerking on behalf of JAMES COOPER, ANDREW STIVERS (Gerking, Megan) (Entered: 05/09/2025) |
| 05/09/2025 | 1277 | NOTICE of Appearance by Joseph Charles Folio, III on behalf of JAMES COOPER, ANDREW STIVERS (Folio, Joseph) (Entered: 05/09/2025) |
| 05/09/2025 | 1278 | NOTICE of Appearance by Lisa M. Phelan on behalf of JAMES COOPER, ANDREW STIVERS (Phelan, Lisa) (Entered: 05/09/2025) |
| 05/09/2025 | 1279 | MOTION for Leave to File Amicus Brief by ANTHROPIC PBC, ENGINE ADVOCACY, TECHNET. (Attachments: # 1 Proposed Amicus Brief, # 2 Text of Proposed Order)(Mezzina, Paul) (Entered: 05/09/2025) |
| 05/09/2025 | 1280 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *[Amended]* by ANTHROPIC PBC (Mezzina, Paul) (Entered: 05/09/2025) |
| 05/09/2025 | 1281 | MOTION for Leave to File Amicus Brief by AMERICAN ECONOMIC LIBERTIES PROJECT. (Attachments: # 1 Exhibit – Brief of Amicus Curiae American Economic Liberties Project, # 2 Text of Proposed Order)(Hepner, Lee) (Entered: 05/09/2025) |
| 05/09/2025 | 1282 | NOTICE of Appearance by Marisa Poncia on behalf of MOTOROLA MOBILITY LLC (Poncia, Marisa) (Entered: 05/09/2025) |
| 05/09/2025 | 1283 | NOTICE *Of Plaintiffs' Exhibits Offered For Admission* by UNITED STATES OF AMERICA (McLellan, Michael) (Entered: 05/09/2025) |

| 05/09/2025 | 1284 | MOTION for Leave to File Amicus Brief by NEWS/MEDIA ALLIANCE. (Attachments: # 1 Proposed Amicus Brief, # 2 Text of Proposed Order)(Kressin, Brandon) (Entered: 05/09/2025) |
|---|---|---|
| 05/09/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/9/2025. Plaintiffs presented and concluded their rebuttal case. Order addressing closing arguments forthcoming via chambers. Plaintiff's rebuttal witnesses: Kinshuk Jerath and Tasneem Chipty. (Court Reporter: William Zaremba.) (zakb) (Entered: 05/09/2025) |
| 05/09/2025 | 1285 | NOTICE *OF EXHIBIT OFFERED FOR ADMISSION* by STATE OF COLORADO (Sallet, Jonathan) (Entered: 05/09/2025) |
| 05/09/2025 | 1286 | MOTION for Leave to File Amicus Brief by Federal Trade Commission. (Attachments: # 1 Amicus Brief, # 2 Proposed Order)(Sawkar, Anupama) (Entered: 05/09/2025) |
| 05/09/2025 | 1287 | ENTERED IN ERROR.....NOTICE of Appearance by Elizabeth Rinehart on behalf of The Center for Cybersecurity Policy and Law (Rinehart, Elizabeth) Modified on 5/13/2025 (mg). (Entered: 05/09/2025) |
| 05/09/2025 | 1288 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jennifer C. Daskal, Filing fee $ 100, receipt number ADCDC–11681005. Fee Status: Fee Paid. by The Center for Cybersecurity Policy and Law. (Attachments: # 1 Declaration for Pro Hac Vice Admission of Jennifer C. Daskal, # 2 Certificate of Good Standing of Jennifer C. Daskal, # 3 Text of Proposed Order)(Rinehart, Elizabeth) (Entered: 05/09/2025) |
| 05/09/2025 | 1289 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Matthew D. Field, Filing fee $ 100, receipt number ADCDC–11681044. Fee Status: Fee Paid. by The Center for Cybersecurity Policy and Law. (Attachments: # 1 Declaration for Pro Hac Vice Admission of Matthew D. Field, # 2 Certificate of Good Standing of Matthew D. Field, # 3 Text of Proposed Order)(Rinehart, Elizabeth) (Entered: 05/09/2025) |
| 05/09/2025 | | MINUTE ORDER granting 1244 , 1245 , 1246 , 1247 , 1248 , 1252 , 1253 , 1254 , 1256 , 1257 , 1258 , 1259 , 1260 , 1265 , 1266 , 1267 , 1270 , 1271 , 1272 , 1274 , 1275 , 1288 , 1289 Motions for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 5/9/2025. (lcapm2) (Entered: 05/09/2025) |
| 05/09/2025 | 1290 | MOTION for Leave to File Amicus Brief by CHAMBER OF PROGRESS. (Attachments: # 1 Exhibit A – Brief of Chamber of Progress and Computer & Communications Industry Association as Amicus Curiae Supporting Google LLC, # 2 Text of Proposed Order)(Bradshaw, Benjamin) (Entered: 05/09/2025) |
| 05/09/2025 | 1291 | Unopposed MOTION for Leave to File Amicus Brief by JAMES COOPER, ANDREW STIVERS. (Attachments: # 1 Exhibit Brief of Amicus Curiae Drs. James Cooper and Andrew Stivers, # 2 Text of Proposed Order)(Phelan, Lisa) (Entered: 05/09/2025) |
| 05/09/2025 | 1292 | Unopposed MOTION for Leave to File Amicus Brief by THE CENTER FOR CYBERSECURITY POLICY AND LAW. (Attachments: # 1 Exhibit – Brief of Amicus Curiae The Center for Cybersecurity Policy and Law, # 2 Text of Proposed Order)(Rinehart, Elizabeth) (Entered: 05/09/2025) |
| 05/09/2025 | 1293 | |

266

| | | |
|---|---|---|
| | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by SAMSUNG ELECTRONICS CO., LTD. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1 – Unopposed Motion for Leave to File Amicus Brief in Support of Defendant's Opposition to Certain Remedies, # 2 Exhibit 2 – Exhibit 1 to Motion to File Amicus Brief, # 3 Exhibit 3 – Exhibit 2 to Motion to File Amicus Brief, # 4 Exhibit 4 – Declaration in Support of Motion to File Amicus Brief, # 5 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/09/2025) |
| 05/09/2025 | 1294 | AMICUS BRIEF by ALPHABET WORKERS UNION–CWA. (Grunes, Allen) (Entered: 05/09/2025) |
| 05/09/2025 | 1295 | NOTICE of Appearance by Juan Arteaga on behalf of Mozilla Corporation (Arteaga, Juan) (Entered: 05/09/2025) |
| 05/09/2025 | 1296 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by Mozilla Corporation (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1 – Unopposed Motion for Leave to File Amicus Brief in Support of Neither Party, # 2 Exhibit 2 – Ex 1 in Support of Motion to File Amicus Brief, # 3 Exhibit 3 – Ex 2 in Support of Motion to File Amicus Brief, # 4 Exhibit 4 – Declaration in Support of Motion to File Amicus Brief, # 5 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/09/2025) |
| 05/09/2025 | 1297 | Unopposed MOTION for Leave to File Amicus Brief by SCHOLARS OF LAW & ECONOMICS. (Attachments: # 1 Exhibit 1 (proposed amicus brief), # 2 Text of Proposed Order)(LeGrand, Rebecca) (Entered: 05/09/2025) |
| 05/09/2025 | 1298 | NOTICE of Appearance by Rebecca S. LeGrand on behalf of SCHOLARS OF LAW & ECONOMICS (LeGrand, Rebecca) (Entered: 05/09/2025) |
| 05/09/2025 | 1299 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by MOTOROLA MOBILITY LLC (O'Connor, Katharine) (Entered: 05/09/2025) |
| 05/09/2025 | 1300 | MOTION for Leave to File Amicus Brief by Y Combinator. (Attachments: # 1 Proposed Amicus Brief, # 2 Text of Proposed Order)(Kressin, Brandon) (Entered: 05/09/2025) |
| 05/09/2025 | 1301 | NOTICE of Appearance by Yonatan Even on behalf of Brave Software, Inc. (Even, Yonatan) (Entered: 05/09/2025) |
| 05/09/2025 | 1302 | NOTICE *Regarding Designated Deposition Testimony* by GOOGLE LLC (Schmidtlein, John) (Entered: 05/09/2025) |
| 05/09/2025 | 1303 | AMICUS BRIEF by APPLE INC.. (Ray, Sarah) (Entered: 05/09/2025) |
| 05/09/2025 | 1304 | MOTION for Leave to File Amicus Brief by Brave Software, Inc.. (Attachments: # 1 Exhibit A – Brief of Amicus Curiae Brave Software, Inc. in Support of Neither Party, # 2 Text of Proposed Order)(Even, Yonatan) (Entered: 05/09/2025) |
| 05/09/2025 | 1305 | MOTION for Leave to File Amicus Brief by ACT | The App Association. (Attachments: # 1 Amicus Brief, # 2 Text of Proposed Order)(Cronogue, Graham) (Entered: 05/09/2025) |
| 05/09/2025 | 1306 | MOTION for Leave to File Amicus Brief by MOTOROLA MOBILITY LLC. (Attachments: # 1 Exhibit Proposed Brief of Amicus Curiae, # 2 Exhibit A to |

| | | |
|---|---|---|
| | | Proposed Amicus Brief – F. Laflamme Transcript Excerpts (REDACTED), # 3 Exhibit B to Proposed Amicus Brief – E. Christensen Transcript Excerpts, # 4 Exhibit C to Proposed Amicus Brief – Bates No. MOTO–DDC–00162956 (REDACTED), # 5 Text of Proposed Order)(O'Connor, Katharine) (Entered: 05/09/2025) |
| 05/09/2025 | 1307 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MOTOROLA MOBILITY LLC (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A to Proposed Amicus Brief – F. Laflamme Transcript Excerpts (SEALED), # 2 Exhibit C to Proposed Amicus Brief – Bates No. MOTO–DDC–00162956 (SEALED), # 3 Text of Proposed Order)(O'Connor, Katharine) (Entered: 05/09/2025) |
| 05/12/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 1278 NOTICE of Appearance by Lisa M. Phelan on behalf of JAMES COOPER, ANDREW STIVERS (Phelan, Lisa).

Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.

Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 5/19/2025. (zapb) Modified on 5/12/2025 (zapb). (Entered: 05/12/2025) |
| 05/12/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 1304 MOTION for Leave to File Amicus Brief by Brave Software, Inc.. (Attachments: # 1 Exhibit A – Brief of Amicus Curiae Brave Software, Inc. in Support of Neither Party, # 2 Text of Proposed Order)(Even, Yonatan).

Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.

Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 5/19/2025. (zapb) 5/13/2025 (zapb). (Entered: 05/12/2025) |
| 05/12/2025 | | MINUTE ORDER granting 1225 , 1229 , 1230 , 1243 , 1263 , 1279 , 1281 , 1284 , 1286 , 1290 , 1291 , 1292 , 1297 , 1300 , 1304 , 1305 , 1306 Motions for Leave to File Amicus Brief. Signed by Judge Amit P. Mehta on 5/12/2025. (lcapm2) (Entered: 05/12/2025) |
| 05/12/2025 | | MINUTE ORDER granting 1293 Samsung's Sealed Motion for Leave to File Documents Under Seal. On or before May 16, 2025, Samsung shall file public versions of its amicus brief and supporting materials, as well as a motion for leave to file under seal the redacted portions. *See United States v. Hubbard*, 650 F.2d 293 |

| | | |
|---|---|---|
| | | (D.C. Cir. 1980). Signed by Judge Amit P. Mehta on 5/12/2025. (lcapm2) (Entered: 05/12/2025) |
| 05/12/2025 | | MINUTE ORDER granting 1296 Mozilla's Sealed Motion for Leave to File Documents Under Seal. On or before May 16, 2025, Mozilla shall file public versions of its amicus brief and supporting materials, as well as a motion for leave to file under seal the redacted portions. *See United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Signed by Judge Amit P. Mehta on 5/12/2025. (lcapm2) (Entered: 05/12/2025) |
| 05/12/2025 | 1308 | NOTICE of Appearance by Ben Harris on behalf of APPLE INC. (Harris, Ben) (Entered: 05/12/2025) |
| 05/12/2025 | 1322 | AMICUS BRIEF by CALIFORNIA CRANE SCHOOL. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1323 | AMICUS BRIEF by BIPARTISAN FORMER ANTITRUST ENFORCERS. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1324 | AMICUS BRIEF by GREGORY J. WERDEN. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1325 | AMICUS BRIEF by ANTHROPIC PBC, ENGINE ADVOCACY, TECHNET. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1326 | AMICUS BRIEF by AMERICAN ECONOMIC LIBERTIES PROJECT. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1327 | AMICUS BRIEF by NEWS/MEDIA ALLIANCE. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1328 | AMICUS BRIEF by Federal Trade Commission. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1329 | AMICUS BRIEF by CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1330 | AMICUS BRIEF by JAMES COOPER, ANDREW STIVERS. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1331 | AMICUS BRIEF by THE CENTER FOR CYBERSECURITY POLICY AND LAW. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1332 | AMICUS BRIEF by SCHOLARS OF LAW & ECONOMICS. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1333 | AMICUS BRIEF by Brave Software, Inc.. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1334 | AMICUS BRIEF by ACT | The App Association. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1335 | AMICUS BRIEF by MOTOROLA MOBILITY LLC. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1336 | SEALED DOCUMENT (SAMSUNG ELECTRONICS CO., LTD.S AMICUS CURIAE BRIEF) filed by SAMSUNG ELECTRONICS CO., LTD.. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 2 – Exhibit 1 to Motion to File Amicus Brief, # 2 Exhibit 3 – Exhibit 2 to Motion to File Amicus Brief, # 3 Exhibit 4 – Declaration in Support of Motion to File Amicus Brief)(mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1337 | SEALED DOCUMENT (MOZILLA CORPORATIONS AMICUS CURIAE BRIEF) filed by Mozilla Corporation. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 2 – Ex 1 in Support of |

269

| | | |
|---|---|---|
| | | Motion to File Amicus Brief, # 2 Exhibit 3 – Ex 2 in Support of Motion to File Amicus Brief, # 3 Exhibit 4 – Declaration in Support of Motion to File Amicus Brief)(mg) (Entered: 05/15/2025) |
| 05/13/2025 | 1309 | NOTICE of Appearance by Creighton J. Macy on behalf of ACT | The App Association (Macy, Creighton) (Entered: 05/13/2025) |
| 05/13/2025 | | NOTICE OF ERROR regarding 1287 Notice of Appearance. The following error(s) need correction: Document incomplete, missing attorney's signature. Please refile. (mg) (Entered: 05/13/2025) |
| 05/13/2025 | 1310 | NOTICE of Appearance by Mark Geoffrey Weiss on behalf of ACT | The App Association (Weiss, Mark) (Entered: 05/13/2025) |
| 05/13/2025 | 1311 | NOTICE of Appearance by Kaitlyn Barry on behalf of ACT | The App Association (Barry, Kaitlyn) (Entered: 05/13/2025) |
| 05/13/2025 | 1312 | Joint STATUS REPORT *TO ADDRESS CONFIDENTIAL INFORMATION IN POST–HEARING SUBMISSIONS* by UNITED STATES OF AMERICA. (Chapman, Travis) (Entered: 05/13/2025) |
| 05/13/2025 | 1313 | MOTION to Amend/Correct *ECF No. 1306–2, 1307–1*, MOTION to Strike 1307 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MOTOROLA MOBILITY LLC (This document is SEALED and only available to authorized persons.), 1306 MOTION for Leave to File Amicus Brief – *Motion to Strike and Amend Docket No. 1306–2 and 1307–1* by MOTOROLA MOBILITY LLC. (Attachments: # 1 Exhibit Revised ECF No. 1306–2 – REDACTED, # 2 Text of Proposed Order)(O'Connor, Katharine) (Entered: 05/13/2025) |
| 05/13/2025 | 1314 | SEALED DOCUMENT filed by MOTOROLA MOBILITY LLC re 1313 MOTION to Amend/Correct *ECF No. 1306–2, 1307–1* MOTION to Strike 1307 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MOTOROLA MOBILITY LLC (This document is SEALED and only available to authorized persons.), 1306 MOTION for Leave to File Amicus Brief – *Motion to (This document is SEALED and only available to authorized persons.)(O'Connor, Katharine) (Entered: 05/13/2025)* |
| 05/13/2025 | | MINUTE ORDER granting 1313 Motorola's Motion to Strike and Amend Docket Nos. 1306–2 and 1307–1. The court hereby accepts the filing of ECF No. 1313–1 as a replacement for the document previously filed at ECF No. 1306–2 and strikes and deletes the document filed at ECF No. 1306–2. The court also accepts the filing of ECF No. 1314 as a replacement for the document previously filed under seal at ECF No. 1307–1 and strikes and deletes the document filed at ECF No. 1307–1. Signed by Judge Amit P. Mehta on 5/13/2025. (lcapm2) (Entered: 05/13/2025) |
| 05/13/2025 | | MINUTE ORDER granting 1307 Motorola's Motion for Leave to File Documents Under Seal. Balancing the *Hubbard* factors weighs in favor of sealing the portions requested by Motorola, as their disclosure would reveal the business strategies and confidential information of a third party. These considerations outweigh the public's interest in access. Signed by Judge Amit P. Mehta on 5/13/2025. (lcapm2) (Entered: 05/13/2025) |
| 05/13/2025 | 1315 | ERRATA by BIPARTISAN FORMER ANTITRUST ENFORCERS re 1243 Motion for Leave to File Amicus Brief,. (Attachments: # 1 Motion for Leave to File Amicus Brief, # 2 Exhibit A – Brief of Bipartisan Former Antitrust Enforcers As Amicus |

| | | |
|---|---|---|
| | | Curiae in Support of Neither Party)(Simmons, Ian) (Entered: 05/13/2025) |
| 05/13/2025 | 1318 | MANDATE of USCA as to 1156 Notice of Appeal to DC Circuit Court, filed by APPLE INC. ; USCA Case Number 25–5016. (Attachments: # 1 USCA Judgment 3/21/2025)(mg) (Entered: 05/14/2025) |
| 05/13/2025 | 1350 | NOTICE of Exhibit 1313–1 by MOTOROLA MOBILITY LLC re 5/13/2025 MINUTE Order on Motion to Amend/Correct, Order on Motion to Strike,, (mg) Modified docket text on 5/20/2025 (mg). (Entered: 05/20/2025) |
| 05/13/2025 | 1351 | SEALED DOCUMENT (Exhibit 1314) filed by MOTOROLA MOBILITY LLC. re 5/13/2025 MINUTE Order on Motion to Amend/Correct, Order on Motion to Strike. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 05/20/2025) |
| 05/14/2025 | 1316 | NOTICE of Appearance by Gary Bornstein on behalf of Brave Software, Inc. (Bornstein, Gary) (Entered: 05/14/2025) |
| 05/14/2025 | 1317 | NOTICE of Appearance by Andrew C. Finch on behalf of Brave Software, Inc. (Finch, Andrew) (Entered: 05/14/2025) |
| 05/14/2025 | 1319 | ORDER regarding post–hearing submissions. See the attached Order for details. Signed by Judge Amit P. Mehta on 5/14/2025. (lcapm2) (Entered: 05/14/2025) |
| 05/14/2025 | 1320 | SEALED MOTION filed by Mozilla Corporation (Attachments: # 1 Exhibit 1 – Amended Amicus Brief (amending Document No. 1296–2), # 2 Exhibit 2 – Amended Exhibit A to Arteaga Declaration (amending Document No. 1296–4), # 3 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/14/2025) |
| 05/14/2025 | 1321 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by Mozilla Corporation (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1 – Amicus Brief Proposed Redactions, # 2 Exhibit 2 – Exhibit A to Arteaga Declaration Proposed Redactions, # 3 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/14/2025) |
| 05/14/2025 | | MINUTE ORDER denying 1321 Motion for Leave to File Under Seal Redacted Material in Mozilla Corporation's Amicus Papers. The court requires a more fulsome discussion of the *Hubbard* factors to determine whether sealing the portions requested by Mozilla is justified. Signed by Judge Amit P. Mehta on 5/14/2025. (lcapm2) (Entered: 05/14/2025) |
| 05/15/2025 | 1338 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MOZILLA CORPORATION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1 – Amicus Brief Proposed Redactions, # 2 Exhibit 2 – Exhibit A to Arteaga Declaration Proposed Redactions, # 3 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/15/2025) |
| 05/15/2025 | 1339 | NOTICE *of Admitted Exhibits and Demonstratives* by GOOGLE LLC (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 05/15/2025) |
| 05/15/2025 | 1340 | NOTICE *of Admitted Exhibits and Demonstratives* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A)(McLellan, Michael) (Entered: 05/15/2025) |
| 05/16/2025 | | MINUTE ORDER granting 1320 Motion to Amend Mozilla Corporation's Amicus Papers. The court hereby accepts the filing of ECF No. 1320–1 as a replacement for the document previously filed under seal at ECF No. 1296–2 and strikes and deletes |

| | | |
|---|---|---|
| | | the document filed at ECF No. 1296–2. The court also accepts the filing of ECF No. 1320–2 as a replacement for the document previously filed under seal at ECF No. 1296–4 and strikes and deletes the document filed at ECF No. 1296–4. Signed by Judge Amit P. Mehta on 5/16/2025. (lcapm2) (Entered: 05/16/2025) |
| 05/16/2025 | | MINUTE ORDER granting 1338 Renewed Motion for Leave to File Under Seal Redacted Material in Mozilla Corporation's Amicus Papers. Balancing the *Hubbard* factors weighs in favor of sealing the portions of the amicus brief requested by Mozilla, as their disclosure would reveal the business strategies and confidential information of a third party. These considerations outweigh the public's interest in access. With respect to the portions of the excerpted deposition testimony that Mozilla seeks to redact, the public has minimal interest in accessing this testimony because it was neither cited nor relied upon in Mozilla's amicus brief and is of marginal relevance to the issues in this case. Signed by Judge Amit P. Mehta on 5/16/2025. (lcapm2) (Entered: 05/16/2025) |
| 05/16/2025 | 1341 | AMICUS BRIEF *Amicus Curiae Mozilla Corporation in Support of Neither Party* by MOZILLA CORPORATION. (Attachments: # 1 Declaration of Juan Arteaga with Exhibit A)(Arteaga, Juan) (Entered: 05/16/2025) |
| 05/16/2025 | 1342 | SEALED MOTION filed by SAMSUNG ELECTRONICS CO., LTD. (Attachments: # 1 Exhibit 1 – Amended Amicus Brief (amending Document No. 1293–2), # 2 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/16/2025) |
| 05/16/2025 | 1343 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by SAMSUNG ELECTRONICS CO., LTD. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1 – Amicus Brief Proposed Redactions, # 2 Exhibit 2 – Exhibit A to Arteaga Declaration Proposed Redactions, # 3 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/16/2025) |
| 05/16/2025 | 1344 | AMICUS BRIEF *of Amicus Curiae Samsung Electronics Co., Ltd., in Support of Defendant's Opposition to Certain Proposed Remedies* by SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Declaration of Juan Arteaga with Exhibit A)(Arteaga, Juan) (Entered: 05/16/2025) |
| 05/16/2025 | | MINUTE ORDER granting 1342 Motion to Amend Samsung's Amicus Brief. The court hereby accepts the filing of ECF No. 1342–1 as a replacement for the document previously filed under seal at ECF No. 1293–2 and strikes and deletes the document filed at ECF No. 1293–2. Signed by Judge Amit P. Mehta on 5/16/2025. (lcapm2) (Entered: 05/16/2025) |
| 05/16/2025 | 1345 | NOTICE of Appearance by Malisa Dawn McPherson on behalf of STATE OF OKLAHOMA (McPherson, Malisa) (Entered: 05/16/2025) |
| 05/16/2025 | 1346 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 05/16/2025) |
| 05/16/2025 | 1347 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 05/16/2025) |
| 05/16/2025 | 1348 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.)(Herrmann, Karl) (Entered: 05/16/2025) |

| 05/16/2025 | 1349 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Attachment A, # 2 Certificate of Service)(Herrmann, Karl) (Entered: 05/16/2025) |
|---|---|---|
| 05/16/2025 | 1352 | SEALED DOCUMENT (Exhibit A to Proposed Amicus Brief – F. Laflamme Transcript Excerpts (SEALED)) filed by MOTOROLA MOBILITY LLC. re 1335 Amicus Brief. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit C to Proposed Amicus Brief – Bates No. MOTO–DDC–00162956 (SEALED))(mg) Modified date on 5/20/2025 (mg). (Entered: 05/20/2025) |
| 05/16/2025 | 1353 | SEALED DOCUMENT (Exhibit 1 – Amended Amicus Brief (amending Document No. 1296–2) filed by MOZILLA CORPORATION. re 1341 Amicus Brief. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 2 – Amended Exhibit A to Arteaga Declaration (amending Document No. 1296–4))(mg) Modified date on 5/20/2025 (mg). (Entered: 05/20/2025) |
| 05/16/2025 | 1354 | SEALED DOCUMENT (Exhibit 1 – Amicus Brief Proposed Redactions) filed by MOZILLA CORPORATION. re 1341 Amicus Brief. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A to Arteaga Declaration Proposed Redactions)(mg) Modified date on 5/20/2025 (mg). (Entered: 05/20/2025) |
| 05/16/2025 | 1355 | SEALED DOCUMENT (Exhibit 1 – Amended Amicus Brief (amending Document No. 1293–2)) filed by SAMSUNG ELECTRONICS CO., LTD.. re 1344 Amicus Brief,. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 05/20/2025) |
| 05/16/2025 | 1356 | SEALED DOCUMENT (Exhibit 1 – Amicus Brief Proposed Redactions) filed by SAMSUNG ELECTRONICS CO., LTD.. re 1344 Amicus Brief,. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 2 – Exhibit A to Arteaga Declaration Proposed Redactions)(mg) (Entered: 05/20/2025) |
| 05/19/2025 | | MINUTE ORDER granting 1343 Motion for Leave to File Under Seal Redacted Material in Samsung's Amicus Papers. Balancing the *Hubbard* factors weighs in favor of sealing the portions of the amicus brief requested by Samsung, as their disclosure would reveal the business strategies and confidential information of a third party. These considerations outweigh the public's interest in access. With respect to the portions of the excerpted deposition testimony that Samsung seeks to redact, the public has minimal interest in accessing this testimony because it was neither cited nor relied upon in Samsung's amicus brief and is of marginal relevance to the issues in this case. Signed by Judge Amit P. Mehta on 5/19/2025. (lcapm2) (Entered: 05/19/2025) |
| 05/19/2025 | 1357 | SEALED DOCUMENT (Exhibit 2 – Exhibit A to Arteaga Declaration Proposed Redactions) filed by SAMSUNG ELECTRONICS CO., LTD.. re 1344 Amicus Brief,. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 2 – Exhibit A to Arteaga Declaration Proposed Redactions)(mg) (Entered: 05/21/2025) |
| 05/21/2025 | 1358 | REDACTED DOCUMENT– Plaintiffs' Remedies Post Trial Brief to 1348 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 05/21/2025) |
| 05/21/2025 | 1359 | |

273

| | | REDACTED DOCUMENT– Defendant's Proposed Conclusions of Law to 1347 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/21/2025) |
|---|---|---|
| 05/21/2025 | 1360 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MOTOROLA MOBILITY LLC. Attorney Marisa Poncia terminated. (Poncia, Marisa) (Entered: 05/21/2025) |
| 05/23/2025 | 1361 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF OKLAHOMA. Attorney Robert J. Carlson terminated. (Carlson, Robert) (Entered: 05/23/2025) |
| 05/23/2025 | 1362 | ORDER setting the schedule for closing arguments in the remedies–phase proceedings. Closing arguments shall be held on May 30, 2025, at 9:00 AM in Courtroom 10. A public access line will be connected for the duration of the hearing, and audience overflow and media access rooms will be designated in the courthouse. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 5/23/2025. (lcapm2) (Entered: 05/23/2025) |
| 05/23/2025 | 1363 | NOTICE of Appearance by Stephen Y. Wu on behalf of MOTOROLA MOBILITY LLC (Wu, Stephen) (Entered: 05/23/2025) |
| 05/23/2025 | 1364 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A to Plaintiffs' Responsive Proposed Findings Of Fact, # 2 Certificate of Service)(Chapman, Travis) (Entered: 05/23/2025) |
| 05/23/2025 | 1365 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Chapman, Travis) (Entered: 05/23/2025) |
| 05/23/2025 | 1366 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 05/23/2025) |
| 05/23/2025 | 1367 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 05/23/2025) |
| 05/27/2025 | | Set/Reset Deadlines/Hearings: Evidentiary Hearing (Closing arguments) set for 5/30/2025 at 9:00 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. (Audio Line Available.) (zakb) (Entered: 05/27/2025) |
| 05/28/2025 | 1368 | Joint STATUS REPORT *on the Digital Markets Act* by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/28/2025) |
| 05/29/2025 | 1369 | REDACTED DOCUMENT– Plaintiffs' Remedies Post–Trial Brief to 1348 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 05/29/2025) |
| 05/29/2025 | 1370 | REDACTED DOCUMENT– Plaintiffs' Remedies Proposed Findings of Fact to 1349 Sealed Document by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Attachment A, # 2 Certificate of Service)(Herrmann, Karl) (Entered: 05/29/2025) |
| 05/29/2025 | 1371 | REDACTED DOCUMENT– Plaintiffs' Responsive Proposed Findings of Fact to 1364 Sealed Document, by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A to Plaintiffs' Responsive Proposed Findings of Fact)(Chapman, Travis) (Entered: 05/29/2025) |

| 05/29/2025 | 1372 | REDACTED DOCUMENT– Plaintiffs' Responsive Post–Trial Brief to 1365 Sealed Document by UNITED STATES OF AMERICA. (Chapman, Travis) (Entered: 05/29/2025) |
| 05/29/2025 | 1373 | REDACTED DOCUMENT– Defendant's Proposed Findings of Fact to 1346 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/29/2025) |
| 05/29/2025 | 1374 | REDACTED DOCUMENT– Defendant's Responsive Proposed Findings of Fact to 1366 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/29/2025) |
| 05/29/2025 | 1375 | REDACTED DOCUMENT– Defendant's Responsive Proposed Conclusions of Law to 1367 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/29/2025) |
| 05/29/2025 | 1376 | NOTICE *of Errata to Defendant's Proposed Findings of Fact and Responsive Proposed Findings of Fact re 1346 and 1366 by GOOGLE LLC (Schmidtlein, John) Modified on 6/3/2025 to add links (mg). (Entered: 05/29/2025)* |
| 05/30/2025 | 1377 | NOTICE of Appearance by Asyl Nachabe on behalf of STATE OF LOUISIANA (Nachabe, Asyl) (Main Document 1377 replaced on 6/2/2025) (mg). (Entered: 05/30/2025) |
| 05/30/2025 | 1378 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MOTOROLA MOBILITY LLC. Attorney Katharine M. O'Connor terminated. (O'Connor, Katharine) (Entered: 05/30/2025) |
| 05/30/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/30/2025. Closing arguments commenced and concluded. Court took the matter under advisement. (Court Reporter William Zaremba.) (zakb) (Entered: 06/02/2025) |
| 06/03/2025 | 1379 | NOTICE of Appearance by Donald Beaton Verrilli, Jr on behalf of GOOGLE LLC (Verrilli, Donald) (Entered: 06/03/2025) |
| 06/03/2025 | 1380 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Benjamin J. Horwich, Filing fee $ 100, receipt number ADCDC–11731401. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 06/03/2025) |
| 06/03/2025 | 1381 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Justin P. Raphael, Filing fee $ 100, receipt number ADCDC–11731415. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 06/03/2025) |
| 06/05/2025 | 1382 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Sarah Bartels terminated. (Bartels, Sarah) (Entered: 06/05/2025) |
| 06/06/2025 | 1383 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Diana Arlen Aguilar Aldape terminated. (Herrmann, Karl) (Entered: 06/06/2025) |
| 06/06/2025 | 1384 | NOTICE *of Errata for Post–Trial Briefing* by UNITED STATES OF AMERICA (Chapman, Travis) (Entered: 06/06/2025) |
| 06/09/2025 | 1386 | |

| | | |
|---|---|---|
| | | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: Benjamin Barber's MOTION for Leave to File Amicus Brief. Reason(s): Filer is not a party to the case. (Attachments: # 1 Exhibit) (mg) (Entered: 06/12/2025) |
| 06/11/2025 | 1385 | Joint MOTION to Amend/Correct *the Record* by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 06/11/2025) |
| 06/12/2025 | 1387 | ORDER granting 1385 Joint Motion to Correct the Record. See the attached Order for details. Signed by Judge Amit P. Mehta on 6/12/2025. (lcapm2) (Entered: 06/12/2025) |
| 06/12/2025 | | MINUTE ORDER granting 1380 & 1381 Motions for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 6/12/2025. (lcapm2) (Entered: 06/12/2025) |
| 06/13/2025 | 1388 | NOTICE of Appearance by Benjamin Joseph Horwich on behalf of GOOGLE LLC (Horwich, Benjamin) (Entered: 06/13/2025) |
| 06/13/2025 | 1389 | NOTICE of Appearance by Justin Paul Raphael on behalf of GOOGLE LLC (Raphael, Justin) (Entered: 06/13/2025) |
| 06/16/2025 | | MINUTE ORDER re 1386 Request for Leave to File Review. Leave to file is denied. Signed by Judge Amit P. Mehta on 6/16/2025. (lcapm2) (Entered: 06/16/2025) |
| 06/18/2025 | 1390 | NOTICE of Appearance by Cameron Ross Capps on behalf of STATE OF OKLAHOMA (Capps, Cameron) (Entered: 06/18/2025) |
| 06/20/2025 | 1391 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AT&T INC.. Attorney Christian Dibblee terminated. (Dibblee, Christian) (Entered: 06/20/2025) |
| 06/30/2025 | 1392 | NOTICE OF WITHDRAWAL OF APPEARANCE as to APPLE INC.. Attorney Peter E. Davis terminated. (Davis, Peter) (Entered: 06/30/2025) |
| 07/09/2025 | 1393 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 1 MORNING SESSION before Judge Amit P. Mehta held on April 21, 2025; Page Numbers: 1–130. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1394 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 1 AFTERNOON SESSION, before Judge Amit P. Mehta held on April 21, 2025. Page Numbers: 131–309. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

NOTICE RE REDACTION OF TRANSCRIPTS: The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Herman, Lorraine) Modified page numbers on 7/9/2025 (mg). (Entered: 07/09/2025) |
| 07/09/2025 | 1395 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 2 MORNING SESSION before Judge Amit P. Mehta held on April 22, 2025; Page Numbers: 310–456. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.

NOTICE RE REDACTION OF TRANSCRIPTS: The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1396 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 2 AFTERNOON SESSION before Judge Amit P. Mehta held on April 22, 2025; Page Numbers: 457–617. Court Reporter/Transcriber Christine Asif; Email: |

Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: 07/09/2025)

| 07/09/2025 | 1397 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS − DAY 3 MORNING SESSION before Judge Amit P. Mehta held on April 23, 2025; Page Numbers: 618−783. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form |
|---|---|---|

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025)

| 07/09/2025 | 1398 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS − DAY 3 AFTERNOON SESSION, before Judge Amit P. Mehta, held on April 23, 2025. Page Numbers: 784 − 939. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form |
|---|---|---|

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript

formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Herman, Lorraine) (Entered: 07/09/2025)

| | | |
|---|---|---|
| 07/09/2025 | 1399 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 4 MORNING SESSION before Judge Amit P. Mehta held on April 24, 2025; Page Numbers: 940–1123. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1400 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 4 AFTERNOON SESSION before Judge Amit P. Mehta held on April 24, 2025; Page Numbers: 1124–1338. Court Reporter/Transcriber: Christine Asif; Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be |

| | | |
|---|---|---|
| | | made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: 07/09/2025) |
| 07/09/2025 | 1401 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 5 MORNING SESSION before Judge Amit P. Mehta held on April 25, 2025; Page Numbers: 1339–1518. Court Reporter/Transcriber William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1402 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 5 AFTERNOON SESSION before Judge Amit P. Mehta held on April 25, 2025; Page Numbers: 1519–1772. Court Reporter/Transcriber: Christine_Asif; Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: |

| | | |
|---|---|---|
| | | 07/09/2025) |
| 07/09/2025 | 1403 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 6 MORNING SESSION before Judge Amit P. Mehta held on April 28, 2025; Page Numbers: 1773–1956. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1404 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 6 AFTERNOON SESSION before Judge Amit P. Mehta held on April 28, 2025. Page Numbers: 1957–2117. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Herman, Lorraine) (Entered: 07/09/2025) |
| 07/09/2025 | 1405 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 7 MORNING SESSION before Judge Amit P. Mehta held on April 29, 2025; Page Numbers: 2118–2280. Court Reporter/Transcriber William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1406 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 7 AFTERNOON SESSION before Judge Amit P. Mehta held on April 29, 2025; Page Numbers: 2281−2439. Court Reporter/Transcriber: Christine Asif; Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: 07/09/2025) |
| 07/09/2025 | 1407 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 8 MORNING SESSION before Judge Amit P. Mehta held on April 30, 2025; Page Numbers: 2441−2593. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1408 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 8 AFTERNOON SESSION before Judge Amit P. Mehta, held on April 30, 2025. Page Numbers: 2594–2761. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Herman, Lorraine) (Entered: 07/09/2025) |
| 07/09/2025 | 1409 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 9 MORNING SESSION before Judge Amit P. Mehta held on May 1, 2025; Page Numbers: 2762–2927. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1410 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 9 AFTERNOON SESSION before Judge Amit P. Mehta held on May 1, 2025; Page Numbers: 2928–3071. Court Reporter/Transcriber: Christine Asif; Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: 07/09/2025) |
| 07/09/2025 | 1411 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 10 MORNING SESSION before Judge Amit P. Mehta held on May 2, 2025; Page Numbers: 3072–3252. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1412 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 11 MORNING SESSION before Judge Amit P. Mehta held on May 6, 2025; Page Numbers: 3424–3596. Court Reporter/Transcriber: William Zaremba; Email: |

| | | |
|---|---|---|
| | | William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1413 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 11 AFTERNOON SESSION before Judge Amit P. Mehta held on May 6, 2025. Page Numbers: 3597–3783. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Herman, Lorraine) (Main Document 1413 replaced on 7/9/2025) (mg). Modified docket text on 7/9/2025 (mg). (Entered: 07/09/2025) |
| 07/09/2025 | 1414 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 12 MORNING SESSION before Judge Amit P. Mehta held on May 7, 2025; Page Numbers: 3784–3948. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced |

above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025)

| 07/09/2025 | 1415 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 12 AFTERNOON SESSION before Judge Amit P. Mehta held on May 7, 2025; Page Numbers: 3949−4148. Court Reporter/Transcriber: Christine Asif: Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: 07/09/2025) |
| 07/09/2025 | 1416 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 13 MORNING SESSION before Judge Amit P. Mehta held on May 8, 2025; Page Numbers: 4149−4313. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal |

| | | |
|---|---|---|
| | | identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1417 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 13 AFTERNOON SESSION before Judge Amit P. Mehta held on May 8, 2025. Page Numbers: 4314–4525. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Herman, Lorraine) (Entered: 07/09/2025) |
| 07/09/2025 | 1418 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 14 before Judge Amit P. Mehta held on May 9, 2025; Page Numbers: 4526–4686. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. |

| | | |
|---|---|---|
| | | Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | <u>1419</u> | TRANSCRIPT OF REMEDIES HEARING CLOSING ARGUMENTS PROCEEDINGS – DAY 15 MORNING SESSION before Judge Amit P. Mehta held on May 30, 2025; Page Numbers: 4687–4890. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | <u>1420</u> | TRANSCRIPT OF REMEDIES HEARING CLOSING ARGUMENTS PROCEEDINGS – DAY 15 AFTERNOON SESSION before Judge Amit P. Mehta held on May 30, 2025; Page Numbers: 4891–5104. Court Reporter/Transcriber: Christine Asif; Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: 07/09/2025) |
| 07/11/2025 | <u>1421</u> | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Veronica N. Onyema terminated. (Onyema, Veronica) (Entered: 07/11/2025) |

| 07/11/2025 | 1422 | NOTICE of Appearance by Harry Larson on behalf of ADMARKETPLACE, INC. (Larson, Harry) (Entered: 07/11/2025) |
|---|---|---|
| 07/11/2025 | 1423 | MOTION for Leave to File Amicus Brief by ADMARKETPLACE, INC.. (Attachments: # 1 Brief of Amicus Curiae adMarketplace, Inc., # 2 Proposed Order)(Weinstein, Lauren) (Entered: 07/11/2025) |
| 07/25/2025 | 1424 | Memorandum in opposition to re 1423 MOTION for Leave to File Amicus Brief filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 07/25/2025) |
| 07/29/2025 | | MINUTE ORDER. By August 1, 2025, Google shall file a brief of no more than five pages explaining why it did not include a one−year term limitation for OEM and carrier agreements when such term is included for browser agreements, *see* Google's RPFJ § III.K. Signed by Judge Amit P. Mehta on 7/29/2025. (lcapm2) (Entered: 07/29/2025) |
| 07/30/2025 | 1427 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: KENESHA LATTIMORE'S Emergency MOTION for Protective Order and MOTION for Leave to File Under Seal. Reason(s): Filer is not a party to the case. (mg) (Entered: 08/04/2025) |
| 07/30/2025 | | MINUTE ORDER re 1427 Request for Leave to File Review. Leave to file is denied. The filer does not have standing to seek the relief requested. Signed by Judge Amit P. Mehta on 8/12/2025. (lcapm2) (Entered: 08/12/2025) |
| 08/01/2025 | 1425 | MEMORANDUM re Order, by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/01/2025) |
| 08/04/2025 | 1426 | NOTICE OF SUPPLEMENTAL AUTHORITY by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A)(Herrmann, Karl) (Entered: 08/04/2025) |
| 08/08/2025 | 1428 | NOTICE OF WITHDRAWAL OF APPEARANCE as to NEW YORK TIMES COMPANY. Attorney Timothy Tai terminated. (Tai, Timothy) (Entered: 08/08/2025) |
| 08/12/2025 | 1429 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Adam T. Severt terminated. (Severt, Adam) (Entered: 08/12/2025) |
| 08/18/2025 | 1430 | NOTICE OF WITHDRAWAL OF APPEARANCE as to GOOGLE LLC. Attorney Natalie Peelish terminated. (Peelish, Natalie) (Entered: 08/18/2025) |
| 08/18/2025 | 1431 | REDACTED TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS – DAY 7 AFTERNOON SESSION before Judge Amit P. Mehta held on April 29, 2025; Page Numbers: 2281−2440. Court Reporter/Transcriber: Christine Asif: Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal |

| | | identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/8/2025. Redacted Transcript Deadline set for 9/18/2025. Release of Transcript Restriction set for 11/16/2025.(Asif, Christine) Modified docket text on 8/18/2025 (mg). (Entered: 08/18/2025) |
|---|---|---|
| 08/21/2025 | 1433 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Catharine Sydnie Wright terminated. (Wright, Catharine) (Entered: 08/21/2025) |
| 08/29/2025 | 1434 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney George Charles Nierlich terminated. (Nierlich, George) (Entered: 08/29/2025) |
| 09/02/2025 | 1435 | SEALED MEMORANDUM OPINION. The parties shall meet and confer and, by September 10, 2025, submit a revised final judgment that is consistent with this Memorandum Opinion. See the attached Memorandum Opinion for additional details. (This document is SEALED and only available to authorized persons.) Signed by Judge Amit P. Mehta on 9/2/2025.(zakb) (Entered: 09/02/2025) |
| 09/02/2025 | 1436 | REDACTED MEMORANDUM OPINION. The parties shall meet and confer and, by September 10, 2025, submit a revised final judgment that is consistent with this Memorandum Opinion. See the attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 9/2/2025. (lcapm2) (Entered: 09/02/2025) |
| 09/02/2025 | 1437 | ORDER re: the redactions of the Memorandum Opinion, ECF No. 1436. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 9/2/2025. (lcapm2) (Entered: 09/02/2025) |
| 09/02/2025 | | MINUTE ORDER denying adMarketplace, Inc.'s 1423 Motion for Leave to File Brief as Amicus Curiae in Support of Plaintiffs. The court ordered on March 11, 2025, that amicus briefs were due by May 9, 2025. *See* Order, ECF No. 1186. adMarketplace filed its motion nine weeks after this date. adMarketplace has not shown sufficient reason for not complying with the deadline or asking for leave to file its brief soon after the conclusion of the remedies hearing. Google also would be prejudiced by the court's acceptance of the belatedly filed brief, as it did not have the opportunity to examine adMarketplace's witness or present its own evidence at the remedies hearing to respond to adMarketplace's legal and factual contentions. Signed by Judge Amit P. Mehta on 9/2/2025. (lcapm2) (Entered: 09/02/2025) |
| 09/03/2025 | 1438 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ARKANSAS. Attorney Matthew Michael Ford terminated. (Ford, Matthew) (Entered: 09/03/2025) |
| 09/05/2025 | 1439 | MOTION to Withdraw as Attorney by UNITED STATES OF AMERICA. (Schleef, Eric) (Entered: 09/05/2025) |
| 09/08/2025 | | MINUTE ORDER granting 1439 Motion to Withdraw as Attorney. Attorney Eric Schleef is hereby terminated as counsel for Plaintiff United States of America. Signed by Judge Amit P. Mehta on 9/8/2025. (lcapm2) (Entered: 09/08/2025) |
| 09/09/2025 | 1440 | |

| Date | No. | Description |
|---|---|---|
| | | Joint MOTION for Extension of Time to *Submit Revised Proposed Final Judgment* by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 09/09/2025) |
| 09/09/2025 | | MINUTE ORDER granting 1440 Joint Motion for Extension of Time to Submit Revised Proposed Final Judgment. The parties shall now file either a joint revised proposed final judgment or separate revised proposed final judgments with accompanying briefs by September 17, 2025. Signed by Judge Amit P. Mehta on 9/9/2025. (lcapm2) (Entered: 09/09/2025) |
| 09/17/2025 | 1441 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Appendix, # 2 Text of Proposed Order, # 3 Certificate of Service)(Schmidtlein, John) (Entered: 09/17/2025) |
| 09/17/2025 | 1442 | MEMORANDUM re Order on Motion for Extension of Time to,, Set/Reset Deadlines, 1436 Memorandum & Opinion,, Set Deadlines, by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 09/17/2025) |
| 09/17/2025 | 1443 | REDACTED DOCUMENT– Google's Brief in Support of Entry of Its Proposed Final Judgment to 1441 Sealed Document by GOOGLE LLC. (Attachments: # 1 Appendix Appendix to Google's Brief in Support of Entry of Its Proposed Final Judgment, # 2 Text of Proposed Order Google's Proposed Final Judgment)(Schmidtlein, John) (Entered: 09/17/2025) |
| 09/24/2025 | | MINUTE ORDER. The parties shall appear on October 8, 2025, at 10:30 a.m. in Courtroom 10 for a hearing on the parties' proposed final judgments. Signed by Judge Amit P. Mehta on 9/24/2025. (lcapm2) (Entered: 09/24/2025) |
| 09/29/2025 | 1444 | NOTICE of Appearance by Pablo Tufino on behalf of COMMONWEALTH OF PUERTO RICO (Tufino, Pablo) (Main Document 1444 replaced on 9/30/2025) (mg). (Entered: 09/29/2025) |
| 10/01/2025 | 1445 | MOTION to Stay by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Chapman, Travis) (Entered: 10/01/2025) |
| 10/01/2025 | 1446 | MOTION for Leave to File Amicus Brief by DUCK DUCK GO, INC.. (Attachments: # 1 Exhibit Proposed Amicus Brief, # 2 Text of Proposed Order Text of Proposed Order)(Wick, Ronald) (Entered: 10/01/2025) |
| 10/02/2025 | | MINUTE ORDER denying 1445 Motion for a Temporary Stay of Further Proceedings in Light of Lapse of Appropriations. The United States' request to stay this matter is denied. *See Kornitzky Grp. v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., Edwards, J., concurring) (explaining reasons for denying government request to stay oral argument because of government shut down); *United States v. US Airways Grp.*, 979 F. Supp. 2d 33, 34–35 (D.D.C. 2013) (denying government request to stay merger action because of government shut down); *see also* U.S. Department of Justice FY 2026 Contingency Plan 3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl ("If a court denies such a [stay] request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue."). Signed by Judge Amit P. Mehta on 10/2/2025. (lcapm2) (Entered: 10/02/2025) |

| 10/07/2025 | | MINUTE ORDER. The hearing scheduled for October 8, 2025, will start at 10:00 a.m. (instead of 10:30 a.m.) in Courtroom 10. Signed by Judge Amit P. Mehta on 10/7/2025. (lcapm2) (Entered: 10/07/2025) |
|---|---|---|
| 10/08/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Hearing on Final Judgment held on 10/8/2025. Court heard from the parties on their proposed final judgments and took the matter under advisement. (Court Reporter: William Zaremba) (zakb) (Entered: 10/08/2025) |
| 10/09/2025 | | MINUTE ORDER granting Duck Duck Go Inc.'s 1446 Motion for Leave to File a Brief of Amicus Curiae. Signed by Judge Amit P. Mehta on 10/9/2025. (lcapm2) (Entered: 10/09/2025) |
| 10/09/2025 | 1448 | AMICUS BRIEF by DUCK DUCK GO, INC.. (mg) (Entered: 10/10/2025) |
| 10/10/2025 | 1447 | TRANSCRIPT OF HEARING ON FINAL JUDGMENT PROCEEDINGS before Judge Amit P. Mehta held on October 8, 2025; Page Numbers: 1–157. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/31/2025. Redacted Transcript Deadline set for 11/10/2025. Release of Transcript Restriction set for 1/8/2026.(Zaremba, William) (Entered: 10/10/2025) |
| 10/15/2025 | 1449 | NOTICE *of Substitute Provisions* by UNITED STATES OF AMERICA (Herrmann, Karl) (Entered: 10/15/2025) |
| 10/15/2025 | 1450 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Sara Trent terminated. (Herrmann, Karl) (Entered: 10/15/2025) |
| 10/16/2025 | 1451 | RESPONSE re 1449 Notice (Other) by GOOGLE LLC. (Schmidtlein, John) Modified event on 10/17/2025 (mg). (Entered: 10/16/2025) |
| 10/31/2025 | 1452 | MOTION for Leave to File Amicus Brief by OPENAI OPCO, LLC. (Attachments: # 1 Exhibit Proposed Amicus Brief, # 2 Text of Proposed Order)(Ramani, Ashok) (Entered: 10/31/2025) |
| 11/03/2025 | 1453 | Memorandum in opposition to re 1452 MOTION for Leave to File Amicus Brief filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/03/2025) |

| 11/04/2025 | 1454 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Lara E.V. Trager terminated. (Trager, Lara) (Entered: 11/04/2025) |
| --- | --- | --- |
| 11/04/2025 | 1455 | MOTION for Leave to File Amicus Brief by MICROSOFT CORPORATION. (Attachments: # 1 Exhibit –Proposed Amicus Brief, # 2 Exhibit A–Beard Deposition Excerpts (Redacted), # 3 Text of Proposed Order)(Jurata, John) (Entered: 11/04/2025) |
| 11/04/2025 | 1456 | MOTION for Leave to File *Materials Under Seal* by MICROSOFT CORPORATION. (Attachments: # 1 Declaration of Kayleigh Klinzman In Support)(Jurata, John) (Entered: 11/04/2025) |
| 11/04/2025 | 1457 | SEALED DOCUMENT filed by MICROSOFT CORPORATION re 1456 MOTION for Leave to File *Materials Under Seal* (This document is SEALED and only available to authorized persons.)(Jurata, John) (Entered: 11/04/2025) |
| 11/06/2025 | 1458 | MOTION for Leave to File Amicus Brief *(Supplemental)* by MOZILLA CORPORATION. (Attachments: # 1 Exhibit A – Mozilla Supplemental Amicus Brief, # 2 Text of Proposed Order B – Proposed Order)(Arteaga, Juan) (Entered: 11/06/2025) |
| 11/06/2025 | 1459 | SEALED OPPOSITION filed by GOOGLE LLC. re 1455 Motion for Leave to File Amicus Brief (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 11/06/2025) |
| 11/06/2025 | 1460 | REDACTED DOCUMENT– Defendant's Opposition to Microsoft Corporation's Motion for Leave to File a Brief of Amicus Curiae to 1459 Sealed Opposition by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/06/2025) |
| 12/05/2025 | 1461 | MEMORANDUM OPINION. See the attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 12/5/2025. (lcapm2) (Entered: 12/05/2025) |
| 12/05/2025 | 1462 | FINAL JUDGMENT. See the attached Final Judgment for additional details. Signed by Judge Amit P. Mehta on 12/5/2025. (lcapm2) (Entered: 12/05/2025) |
| 12/05/2025 | | MINUTE ORDER. The Memorandum Opinion, ECF No. 1461, contains no redactions. The court has considered the *Hubbard* factors and has determined that the relevant redacted sentences in Google's Brief in Support of Entry of Its Proposed Final Judgment, ECF No. 1443, did not merit redaction in the Memorandum Opinion. Signed by Judge Amit P. Mehta on 12/5/2025. (lcapm2) (Entered: 12/05/2025) |
| 12/05/2025 | | MINUTE ORDER denying OpenAI's 1452 , Microsoft's 1455 , and Mozilla's 1458 Motions for Leave to File a Brief as Amicus Curiae and denying Microsoft's 1456 Motion for Leave to File Materials Under Seal. The court denies the motions for leave to file amicus briefs as untimely. The motions were filed weeks after the hearing on October 8, 2025, and over a month after the parties submitted their briefs on September 17, 2025. Courts have denied such motions after the deadline for briefing and a hearing have passed. *See, e.g.*, *Karuk Tribe of Cal. v. U.S. Forest Serv.*, No. C 04–4275, 2005 WL 8177401, at *2 (N.D. Cal. July 1, 2005); *In re Domestic Airline Travel Antitrust Litig.*, No. 15–mc–1404, 2025 WL 2760374, at *7 (D.D.C. Sept. 19, 2025). The court recognizes that no party objects to the motion by Mozilla. But in the court's view, it would be inequitable to accept one untimely |

| | | |
|---|---|---|
| | | amicus brief but not the other two. Signed by Judge Amit P. Mehta on 12/5/2025. (lcapm2) (Entered: 12/05/2025) |
| 12/10/2025 | 1463 | Unopposed MOTION to Hold in Abeyance *Deadlines re Attorney's Fees Motions* by STATE OF COLORADO. (Attachments: # 1 Text of Proposed Order Proposed Order)(Sallet, Jonathan) (Entered: 12/10/2025) |
| 12/10/2025 | 1464 | ORDER granting Plaintiff States' 1463 Unopposed Motion to Hold in Abeyance Deadlines to Move for Attorney's Fees and Costs. The court hereby holds in abeyance all deadlines relating to all Plaintiff States' anticipated motions for attorney's fees and costs. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 12/10/2025. (lcapm2) (Entered: 12/11/2025) |
| 12/17/2025 | 1465 | MOTION for Extension of Time to File *Notice of Appeal* by STATE OF COLORADO. (Attachments: # 1 Text of Proposed Order)(Sallet, Jonathan) (Entered: 12/17/2025) |
| 12/18/2025 | 1466 | ORDER granting 1465 Motion for Extension of Time to File Notice of Appeal. The deadline for any party to file notices of appeal in *Colorado v. Google* shall be February 3, 2026. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 12/18/2025. (lcapm2) Modified on 12/19/2025 to replace document and correct language (zakb). (Entered: 12/18/2025) |
| 12/29/2025 | 1467 | Unopposed MOTION for Extension of Time to *Submit Technical Committee Nominees to Court* by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 12/29/2025) |
| 12/30/2025 | | MINUTE ORDER granting Defendant Google's 1467 Unopposed Motion for Additional Time to Submit Technical Committee Nominees to Court. Plaintiffs' deadline to apply to the court for the appointment of the first three proposed designees to the Technical Committee is hereby extended to January 15, 2026. Signed by Judge Amit P. Mehta on 12/30/2025. (lcapm2) (Entered: 12/30/2025) |
| 01/09/2026 | 1468 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: Brad Greenspan's NOTICE OF APPEAL. Reason(s): Case is closed.Filer is not a party to the case. (mg) (Entered: 01/12/2026) |
| 01/10/2026 | | MINUTE ORDER. The parties shall appear for a remote status conference on January 12, 2026, at 11:00 a.m. via Zoom. Signed by Judge Amit P. Mehta on 1/10/2026. (lcapm2) (Entered: 01/10/2026) |
| 01/10/2026 | | MINUTE ORDER. The status conference set for January 12, 2026, is hereby vacated. Signed by Judge Amit P. Mehta on 1/10/2026. (lcapm2) (Entered: 01/10/2026) |
| 01/13/2026 | | MINUTE ORDER re **1468 Request for Leave to File Review.** Leave to file is denied. Mr. Greenspan is not a party to this action. Signed by Judge Amit P. Mehta on 1/13/2026. (lcapm2) (Entered: 01/13/2026) |
| 01/15/2026 | 1469 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Herrmann, Karl) (Entered: 01/15/2026) |
| 01/15/2026 | 1470 | REDACTED DOCUMENT– Plaintiffs' Unopposed Joint Motion for Appointment of Technical Committee Members to 1469 SEALED MOTION filed by UNITED STATES OF AMERICA by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Filed Under Seal), # 2 Certificate of Service)(Herrmann, Karl) (Entered: |

| | | |
|---|---|---|
| | | 01/15/2026) |
| 01/16/2026 | 1471 | MOTION to Stay *Defendant's Motion for a Partial Stay Pending Appeal* by GOOGLE LLC. (Attachments: # 1 Memorandum in Support of Defendant's Motion for a Partial Stay Pending Appeal, # 2 Affidavit of Elizabeth Reid, # 3 Affidavit of Jesse Adkins, # 4 Text of Proposed Order)(Schmidtlein, John) (Entered: 01/16/2026) |
| 01/16/2026 | 1472 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 1462 Order by GOOGLE LLC. Filing fee $ 605, receipt number ADCDC−12191676. Fee Status: Fee Paid. Parties have been notified. (Verrilli, Donald) (Entered: 01/16/2026) |
| 01/20/2026 | 1473 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 1472 Notice of Appeal to DC Circuit Court. (mg) (Entered: 01/20/2026) |
| 01/21/2026 | 1474 | ORDER granting Plaintiffs' 1469 Unopposed Joint Motion for Appointment of Technical Committee Members. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 1/21/2026. (lcapm2) (Entered: 01/21/2026) |
| 01/21/2026 | 1475 | REDACTED DOCUMENT− Plaintiffs' Unopposed Joint Motion for Appointment of Technical Committee Members to 1470 Redacted Document, by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Redacted), # 2 Certificate of Service)(Herrmann, Karl) (Entered: 01/21/2026) |
| 01/22/2026 | 1476 | NOTICE OF WITHDRAWAL OF APPEARANCE as to ADMARKETPLACE, INC.. Attorney Lauren Marguerite Weinstein terminated. (Weinstein, Lauren) (Entered: 01/22/2026) |
| 01/22/2026 | | USCA Case Number 26−5023 for 1472 Notice of Appeal to DC Circuit Court filed by GOOGLE LLC. (mg) (Entered: 01/23/2026) |
| 01/30/2026 | 1477 | NOTICE of Appearance by Danielle G. Hauck on behalf of UNITED STATES OF AMERICA (Hauck, Danielle) (Entered: 01/30/2026) |
| 01/30/2026 | 1478 | Memorandum in opposition to re 1471 MOTION to Stay *Defendant's Motion for a Partial Stay Pending Appeal* filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Herrmann, Karl) (Entered: 01/30/2026) |
| 02/02/2026 | 1479 | NOTICE of Appearance by Diana Jordan Gonzalez on behalf of COMMONWEALTH OF PUERTO RICO (Jordan Gonzalez, Diana) (Entered: 02/02/2026) |
| 02/02/2026 | 1480 | Unopposed MOTION for Extension of Time to *Designate Technical Committee Members* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 02/02/2026) |
| 02/03/2026 | 1481 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− John Bergmayer, Fee Status: No Fee Paid. by ANDREW JAY SCHWARTZMAN. (Schwartzman, Andrew) (Entered: 02/03/2026) |
| 02/03/2026 | 1482 | ORDER granting Plaintiffs' 1480 Unopposed Joint Motion for Additional Time to Designate Technical Committee Members. The deadline for Plaintiffs to apply to the court for appointment of the persons selected by the Standing Committee Members to serve as the fourth and fifth Technical Committee (TC) Members pursuant to Section VII.A.3.d of the Final Judgment shall be set for four weeks after the date on |

| | | |
|---|---|---|
| | | which the TC Services Agreement, Confidentiality Agreement, and Indemnity Agreement are signed by all Standing Committee Members. The parties shall submit any disputes over the terms of the TC Services Agreement and Confidentiality Agreement to the court for resolution by 4:00 p.m. ET on February 6, 2026. Plaintiffs shall promptly notify the court of the date on which the TC Services Agreement, Confidentiality Agreement, and Indemnity Agreement are signed by all Standing Committee Members. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/3/2026. (lcapm2) (Entered: 02/03/2026) |
| 02/03/2026 | | Payment for 1481 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John Bergmayer, Fee Status: No Fee Paid.. ($100; Receipt number ADCDC–12221107). (Schwartzman, Andrew) (Entered: 02/03/2026) |
| 02/03/2026 | 1483 | NOTICE of Appearance by Sylvia Lanfair on behalf of STATE OF OKLAHOMA (Lanfair, Sylvia) (Entered: 02/03/2026) |
| 02/03/2026 | 1484 | NOTICE OF CROSS APPEAL as to 1462 Order by COMMONWEALTH OF MASSACHUSETTS, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, COMMONWEALTH OF VIRGINIA, DISTRICT OF COLUMBIA, STATE OF ALASKA, STATE OF ARIZONA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF HAWAII, STATE OF IDAHO, STATE OF ILLINOIS, STATE OF IOWA, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF VERMONT, STATE OF WASHINGTON, STATE OF WEST VIRGINIA, STATE OF WYOMING, TERRITORY OF GUAM. Filing fee $ 605, receipt number ADCDC–12222097. Fee Status: Fee Paid. Parties have been notified. (Sallet, Jonathan) (Entered: 02/03/2026) |
| 02/03/2026 | 1485 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 1462 Order by UNITED STATES OF AMERICA. Fee Status: No Fee Paid. (Herrmann, Karl) (Entered: 02/03/2026) |
| 02/03/2026 | 1486 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 1485 Notice of Appeal to DC Circuit Court. (mg) (Entered: 02/03/2026) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03010-APM<br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03715-APM<br>HON. AMIT P. MEHTA |

**PLAINTIFF STATES' NOTICE OF CROSS-APPEAL**

The Plaintiff States of Colorado, Nebraska, Arizona, Iowa, New York, North Carolina, Tennessee, Utah, Alaska, Connecticut, Delaware, Hawai'i, Idaho, Illinois, Kansas, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire, New Jersey, New Mexico, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Vermont, Virginia, Washington, West Virginia, and Wyoming, the District of Columbia, and the Territories of Guam and Puerto Rico cross-appeal to the United States Court of Appeals for the District of Columbia Circuit from the final judgment entered in the above-referenced consolidated actions on December 5, 2025, (Case No. 1:20-cv-03010, ECF No. 1462) and all orders in these actions merged into that judgment.

Google LLC filed a notice of appeal from that judgment and all orders merged into it on January 16, 2026. Case No. 1:20-cv-03010, ECF No. 1472; Case No. 1:20-cv-03715, ECF No. 174. By order dated December 18, 2025, this Court extended the deadline for any party to file notices of appeal in *State of Colorado v. Google, LLC* until February 3, 2026. Case No. 1:20-cv-03010, ECF No. 1466.

Dated: February 3, 2026

Respectfully submitted,

PHILIP WEISER
Attorney General of Colorado

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney
General
Nebraska Department of Justice

Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

JEFF JACKSON
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov

*Counsel for Plaintiff State of North
Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and
Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

DEREK E. BROWN
Attorney General of Utah

Matthew Michaloski, Assistant Attorney
General
Marie W.L. Martin, Division Director
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140811
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mmichaloski@agutah.gov
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

STEPHEN J. COX
Attorney General of Alaska

Jeff Pickett
Senior Assistant Attorney General
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5275
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

Page **3** of **8**

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of
Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of
Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Norman Lee Miller, Jr.
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-2710
E-Mail: nmillerjr@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawai'i

Rodney I. Kimura
Department of the Attorney General, State
of Hawai'i
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai'i*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
115 S. LaSalle St.
Chicago, IL 60603
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Christopher Teters
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: chris.teters@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Melissa English
Office of the Attorney General of
Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
menglish@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

Jennifer E. Greaney
Office of the Attorney General of
Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2981
E-Mail: Jennifer, greaney@mass.gov

*Counsel for Plaintiff Commonwealth of
Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

JENNIFER DAVENPORT
Acting Attorney General of New Jersey

Yale A. Leber
Abiola G. Miles
Deputy Attorneys General
New Jersey Attorney General's Office
25 Market Street, P.O. Box 106
Trenton, NJ 08625
Telephone: (609) 376-2383
E-Mail: Yale.Leber@law.njoag.gov
Abiola.Miles@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust
Division
Office of the Attorney General of North
Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North
Dakota*

DAVID YOST
Attorney General of Ohio

Beth Ann Finnerty, Section Chief,
Antitrust
Sarah Mader, Assistant Attorney General,
Antitrust
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail: Beth.Finnerty@ohioago.gov
Sarah.Mader@ohioago.gov
*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Cameron R. Capps
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
E-Mail: Cameron.capps@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Gina Ko, Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (503) 934-4400
E-Mail: Gina.Ko@doj.oregon.gov

*Counsel for Plaintiff State of Oregon*

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*

LOURDES L. GÓMEZ TORRES
Secretary of Justice

TANIA L. FERNÁNDEZ-MEDERO
Assistant Secretary of Justice

SAMUEL WISCOVITCH-CORALI
Deputy Undersecretary

Pablo Tufiño-Soto
Senior Attorney
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1205
E-Mail: ptufino@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto
Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney
General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South
Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us
*Counsel for Plaintiff State of South
Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney
General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov

*Counsel for Plaintiff State of Vermont*

JAY JONES
Attorney General of Virginia

Tyler T. Henry
Senior Assistant Attorney General
Antitrust Unit
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff Commonwealth of
Virginia*

NICHOLAS W. BROWN
Attorney General of Washington

Amy N.L. Hanson
Senior Managing Assistant Attorney
General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

JOHN B. McCUSKEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of
West Virginia
1900 Kanawha Boulevard East
Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

KEITH KAUTZ
Attorney General of Wyoming

William T. Young
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-7847
E-Mail: William.young@wyo.gov

*Counsel for Plaintiff State of Wyoming*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 20-cv-3010 (APM)** |
| **GOOGLE LLC,** | ) | |
| **Defendant.** | ) | |

|  |  |  |
|---|---|---|
| **STATE OF COLORADO et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 20-cv-3715 (APM)** |
| **GOOGLE LLC,** | ) | |
| **Defendant.** | ) | |

## FINAL JUDGMENT

WHEREAS, Plaintiffs United States of America, and the States and Commonwealths of Arkansas, California, Georgia, Florida, Indiana, Kentucky, Louisiana, Michigan, Missouri, Mississippi, Montana, South Carolina, Texas, and Wisconsin, by and through their respective Attorneys General ("Co-Plaintiff States"), filed their Complaint on October 20, 2020, and their Amended Complaint on January 15, 2021;

AND WHEREAS, Plaintiffs Colorado, Nebraska, Arizona, Iowa, New York, North Carolina, Tennessee, Utah, Alaska, Connecticut, Delaware, District of Columbia, Guam, Hawaii, Idaho, Illinois, Kansas, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire,

New Jersey, New Mexico, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Dakota, Vermont, Virginia, Washington, West Virginia, and Wyoming ("Colorado Plaintiff States") filed their Complaint on December 17, 2020;

AND WHEREAS, the Court conducted a trial and entered Findings of Fact and Conclusions of Law in both actions on August 5, 2024;

AND WHEREAS, the Court entered judgment finding Google liable for violating Section 2 of the Sherman Act by unlawfully maintaining its monopolies in the general search services and general search text advertising markets;

AND WHEREAS, the Court conducted a further remedies trial and entered additional Findings of Fact and Conclusions of Law on September 2, 2025;

NOW THEREFORE, upon the record at trial and all prior and subsequent proceedings, it is hereby ORDERED, ADJUDGED, AND DECREED:

## I.    JURISDICTION

The Court has jurisdiction over the subject matter of this action and over Google LLC.

## II.    APPLICABILITY

The Final Judgment applies to Google and to each of its officers, directors, agents, employees, subsidiaries, successors, and assigns; and to all other persons in active concert or participation with Google who have received actual notice of this Final Judgment by personal service or otherwise.

## III.    PROHIBITORY INJUNCTIONS

A.    Google shall not condition the licensing of Google Play or any other Google application on the distribution, preload, placement, display, use, or license of the Google Search Application on any device sold in the United States.

B.       Google shall not condition the licensing of Google Play or any other Google application on the distribution, preload, placement, display, use, or license of the Chrome Browser Application on any device sold in the United States.

C.       Google shall not condition the licensing of Google Play or any other Google application on the distribution, preload, placement, display, use, or license of the Google Assistant Application on any device sold in the United States.

D.       Google shall not condition the licensing of Google Play or any other Google application on the distribution, preload, placement, display, use, or license of any Google GenAI Product on any device sold in the United States.

E.       Google shall not condition (i) Consideration or (ii) the license of Google Play or any Google software application on a device manufacturer or wireless carrier refraining from developing, distributing, preloading, placing, displaying, using, selling, or licensing any Third-Party General Search Service on any device sold in the United States.

F.       Google shall not condition (i) Consideration or (ii) the license of Google Play or any Google software application on a device manufacturer or wireless carrier refraining from developing, distributing, preloading, placing, displaying, using, selling, or licensing any Third-Party Browser on any device sold in the United States.

G.       Google shall not condition (i) Consideration or (ii) the license of Google Play or any Google software application on a device manufacturer or wireless carrier refraining from developing, distributing, preloading, placing, displaying, using, selling, or licensing any Third-Party GenAI Product on any device sold in the United States.

H.       Google shall not condition the payment for preload, placement, or assignment of an access point for the Google Search Application for one device on any other preload, placement,

3

or assignment of an access point for the Google Search Application, the Chrome Browser Application, the Google Assistant Application, or any Google GenAI Product for that device or any other device sold in the United States.

I.    Google shall not condition the payment for preload, placement, or assignment of an access point for the Chrome Browser Application for one device on any other preload, placement, or assignment of an access point for the Google Search Application, the Chrome Browser Application, the Google Assistant Application, or any Google GenAI Product for that device or any other device sold in the United States.

J.    Google shall not condition the payment for preload, placement, or assignment of an access point for the Google Assistant Application or any Google GenAI Product for one device on any other preload, placement, or assignment of an access point for the Google Search Application, the Chrome Browser Application, the Google Assistant Application, or any Google GenAI Product for that device or any other device sold in the United States.

K.    Google shall not enter or maintain any agreement requiring or conditioning Consideration on the distribution, preload, placement, display, use, license, or assignment of an access point for the Google Search Application, the Chrome Browser Application, the Google Assistant Application, or any Google GenAI Product in the United States unless the agreement terminates no more than one year after the date it is entered.

L.    Google shall not condition (1) Consideration for a Browser Developer setting Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product on any browser access point (including alternative modes such as Privacy Mode) on any Device on (2) the Browser Developer setting Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product on any other browser access point on that same

4

Device or any other Device in the United States.  Any agreement containing a default condition permitted by this provision must expire after one year and must expressly permit the Browser Developer to promote any Third-Party General Search Service and Third-Party GenAI Product.

M.      Google shall not condition (1) Consideration for Apple setting Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product with respect to any proprietary Apple feature or functionality, including Safari, Siri, Spotlight, and any Privacy Mode within those products, on one Device on (2) Apple setting Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product with respect to any proprietary Apple feature or functionality on that same Device or any other Device in the United States.  Any agreement containing a default condition permitted by this provision must expire after one year and must expressly permit Apple to promote any Third-Party General Search Service and Third-Party GenAI Product.

N.      Nothing in this Final Judgment shall prohibit Google from distributing the Google Search Application, the Google Assistant Application, and any Google GenAI Product through a single Application Programming Kit (APK) as long as the licensee has the option to disable end-user access to any of those applications and services that the licensee declines to license.

## IV.    REQUIRED DISCLOSURES OF DATA

A.      <u>Google's Web Search Index</u>: Within thirty (30) days of a Qualified Competitor's certification pursuant to Section IX.V, unless granted additional time, Google shall make available, at marginal cost, to Qualified Competitors the following data related to Google's Web Search Index:

5

     1.     for each document in the Google Web Search Index, a unique identifier (DocID) and another notation sufficient to denote all the documents Google considers duplicates of each other;

     2.     a DocID to URL map; and

     3.     for each DocID, the (A) time that the URL was first seen, (B) time that the URL was last crawled, (C) spam score, and (D) device-type flag.

This information shall be provided for all websites in the full Web Search Index Google uses for searches on Google.com, the Google Search Application, or any future Google general search products.  Nothing in Section IV is intended to transfer intellectual property rights of third parties to index users.

     B.     <u>User-Side Data</u>: For the term of this Final Judgment, Google shall make available, at marginal cost, to Qualified Competitors the following User-side Data on a non-discriminatory basis while safeguarding personal privacy and security:

     1.     User-side Data used to build, create, or operate the GLUE statistical model(s); and

     2.     User-side Data used to train, build, or operate the RankEmbed model(s).

Google shall make this data available to Qualified Competitors at least twice, with the exact number and frequency of such disclosures to be determined by the Court after consultation with Plaintiffs and the Technical Committee (TC).  Any cap on the number of such disclosures shall be informed, in part, by the utility of the datasets disclosed after appropriate privacy-enhancing techniques have been applied.  For clarity, this Section IV.B shall not require disclosure of intellectual property or trade secrets, such as algorithms, ranking signals, or post-trained LLMs.

6

C.        User-Side Data Sharing Administration:

1.        Plaintiffs, in consultation with the TC, shall promptly determine the appropriate User-side Data privacy and security safeguards to be applied before Google shares the data specified in Section IV.B with Qualified Competitors.  Google shall have up to six (6) months from the date that the Plaintiffs, in consultation with the TC, determine such privacy and security safeguards to implement the technology and provide any notice necessary to comply with this Section IV, and Google shall be deemed to have implemented the technology once Plaintiffs, in consultation with the TC, determine that the technology, including privacy and security safeguards, is fully functional.

2.        Google shall provide sufficient information about each dataset such that Qualified Competitors can reasonably understand what it contains, including but not limited to a description of what the dataset contains, any sampling methodology used to create the dataset, and any anonymization or privacy-enhancing technique that was applied. Plaintiffs, in consultation with the TC, may impose restrictions on what information Google shares under this Section IV.C.2 for the purposes of (i) promoting data privacy and security and (ii) ensuring privacy and security safeguards are effectively applied.

3.        The data specified in Sections IV.A and B will be shared pursuant to a license governing use.  The terms of the license shall include a requirement that the Qualified Competitor commit not to share or sell the datasets unless authorized by the Technical Committee or the Court and shall use the datasets for the exclusive purpose of serving users through a General Search Engine, Search Text Ads, and/or a Third-Party GenAI Product.  Within six (6) months of the Effective Date of this Final Judgment,

7

Plaintiffs and the Technical Committee, with input from Google, shall create and submit to the Court a template for such license.

## V.    REQUIRED SYNDICATION OF SEARCH RESULTS

A.    <u>Search Syndication License</u>: Google shall take steps sufficient to make available to any Qualified Competitor, on financial terms no worse than those offered to any other user of Google's search syndication products, a syndication license whose term will be five (5) years from the date the license is signed, and which shall require Google, via real-time API(s), to make the following information and data available in response to each query issued or submitted by a Qualified Competitor:

1.    both desktop and mobile versions of the ranked organic web search results obtained from crawling the web;

2.    the user-facing query-rewriting features that Google provides under any of its current search syndication agreements as of the date of entry of this Final Judgment, including user-facing Search Features that enable query correction, modification, or expansion; and

3.    the Local, Maps, Video, Images, and Knowledge Panel Search Feature content that Google provides under any of its current search syndication agreements as of the date of entry of this Final Judgment.

B.    <u>Search Syndication License Terms</u>: The search syndication license in Section V.A shall have the following additional features:

1.    Google shall make syndicated content available via an API.

2.    Google shall provide Qualified Competitors with latency and reliability functionally equivalent to what any other user of Google's search syndication products

8

would receive as of the date of entry of this Final Judgment.  For the avoidance of doubt, Google's obligations do not extend to latency and reliability differences that result from differences in product implementation, users, or are otherwise outside of Google's syndication products.

3.     Google shall provide the license on a non-discriminatory basis to any Qualified Competitor on terms no less favorable than the most favorable terms Google provides under any current search syndication agreements as of the date of entry of this Final Judgment.

4.     Qualified Competitors' use of Google's syndication services in the first year will be capped at 40% of Qualified Competitors' annual U.S. queries and decline over the course of a 5-year period with an expectation that Qualified Competitors will become independent of Google over time through investment in their own search capabilities.  The pace of this tapering, the methods for measuring and determining the percentage, and the application of the percentage will be determined by the Court upon consultation with Plaintiffs and the Technical Committee in a manner that facilitates competition while incentivizing Qualified Competitors to move promptly to become independent of Google.

5.     Google may not consent to Qualified Competitors exceeding syndication limits, and Qualified Competitors shall submit to the TC audits of syndication frequency and scope.  The frequency and content of these audits shall be determined by the Plaintiffs in consultation with the TC.

6.     Google may impose no restrictions or conditions on how a Qualified Competitor uses, displays, or integrates information or services obtained under this

9

Section V beyond the least restrictive terms Google provides under any current search syndication agreements as of the date of entry of this Final Judgment.

7.      Qualified Competitors may elect, in their sole discretion, which queries (some or all) for which they will request syndicated results and which syndication components to display or use and may do so in any manner they choose, except that Google may impose restrictions on the display or use of syndication components no less favorable than what it provides under any current search syndication agreements as of the date of entry of this Final Judgment.  Google is also permitted to place its ordinary commercial restrictions on scraping, indexing, or crawling the syndicated results and content.

8.      It shall be the Qualified Competitor's sole discretion to determine how much information to share with Google regarding the end user except that Google may require a Qualified Competitor to share information with Google regarding the end user, on terms no less favorable than what any other user of Google's search syndication products would receive as of the date of entry of this Final Judgment, as is necessary for the purposes of (1) basic search syndication functionality; (2) spam and abuse detection; and (3) legal or regulatory compliance.

9.      Google may not retain or use (in any way) syndicated queries or other information it obtains under Section V.A for its own products and services beyond the most limited retention and use permitted under any of Google's current search syndication agreements as of the date of entry of this Final Judgment.

10.      For the avoidance of doubt, this Final Judgment only requires Google to provide syndication for queries that originate in the United States, from human end users

of the Qualified Competitor.  Queries from a syndicator of the Qualified Competitor and synthetic queries are not eligible for syndication under the Final Judgment.

11.    If Google in good faith believes a Qualified Competitor is in breach of the terms of its agreement, it may exercise its rights under the agreement.  Google must also provide simultaneous notice to the Technical Committee of the breach and the actions Google is taking in light of the breach.

Within sixty (60) days of the Effective Date of this Final Judgment, Plaintiffs and the Technical Committee, with input from Google, shall create and submit to the Court a template for such license.

C.    Existing Syndication Agreements: The provisions of this Section V shall have no effect on any existing Google search syndication agreements with third parties or on Google's ability to enter into search syndication agreements with third parties other than Qualified Competitors, except that Google shall permit any entity with an existing search syndication agreement who becomes a Qualified Competitor, at the Qualified Competitor's sole discretion, to terminate its existing agreement in favor of the remedies in this Section V.

## VI.  SEARCH TEXT AD AUCTION CHANGES AND SEARCH TEXT ADS SYNDICATION

A.    Search Text Ads Auction Changes: Within a reasonable period of time after the Technical Committee's appointment, Plaintiffs shall submit a proposal to the Court, informed by the Technical Committee's views, by which Google shall periodically provide the Technical Committee and Plaintiffs a report outlining all changes to its Search Text Ads auction meeting certain parameters and, for each change, (1) Google's public disclosure of that change or (2) a statement why no public disclosure is necessary.  Plaintiffs' proposal shall detail the types of changes that must be disclosed, the frequency of disclosure, the steps to mitigate undue burden on

11

Google, and the steps to ensure any public disclosure of an ad auction change (if not already made by Google) avoids revealing Google's trade secrets, in accord with the Court's instructions in its September 2, 2025, Memorandum Opinion.  Plaintiffs have the right to challenge any disclosure they deem inadequate.  For the avoidance of doubt, Google need not report on auction experiments, which are generally tested on some fraction of Google's Search Text Ads traffic, but Google shall disclose changes to the Search Text Ads auction that result from any such auction experiments.

B.    Search Text Ads Syndication: Google shall take steps sufficient to make available to any Qualified Competitor a Search Text Ads Syndication License whose term will be five (5) years from the date the license is signed.  The Search Text Ads syndication agreement shall have the following additional features:

1.    Google shall provide Qualified Competitors latency, reliability, and performance functionally equivalent to what Google ordinarily provides to other users of Google's Search Text Ads syndication products, e.g., AdSense for Search, or any other current or future products offering syndicated Search Text Ads.  Search Text Ads syndication licenses to Qualified Competitors shall include all types of Search Text Ads (including any assets, extensions, or similar Search Text Ad variations) available through its syndication products.  For the avoidance of doubt, Google's obligations do not extend to latency, reliability, and performance differences that result from differences in product implementation, users, or are otherwise outside of Google's syndication products.

2.    Google shall provide the Search Text Ads Syndication License to Qualified Competitors on financial terms no worse than those offered to any other user of Google's Search Text Ads syndication products.

12

3.    Google shall not require Qualified Competitors to share more information with Google regarding the end user than it requires from any other user of Google's Search Text Ads syndication products.

4.    The only permitted use of the information and data that Qualified Competitors obtain from Google pursuant to this Section VI is to display the ad results to the end user who submitted the associated query, as further detailed in this section, except as permitted by Section VI.B.9.

5.    Google shall (i) make the purchase of ads syndicated under this Section VI.B available to advertisers on a non-discriminatory basis comparable to, and no more burdensome than, the availability of Google's other Search Text Ads and (ii) include Qualified Competitors in its Search Partner Network.

6.    Qualified Competitors shall have the same formatting flexibility available to any other user of Google's Search Text Ads syndication products, shall be free to use other providers of syndicated search ads or display their own ads, and shall not be required to provide Google ads with preferential placement over equivalent ads requested from other sources.  Google may place only ordinary-course restrictions on the use or display of syndicated ad content, but such restrictions shall be no more restrictive than those applied to any other user of Google's Search Text Ads syndication products.  Google is also permitted to place its ordinary commercial restrictions on scraping, indexing, or crawling the syndicated ads.

7.    Google is permitted to retain or use data collected from Qualified Competitors in provisioning of the service under Section VI for Google's own products and services for the purpose of building, improving, and maintaining its ads infrastructure

13

and shared ads systems.  Google's use of Qualified Competitors' data for these purposes will be the same as Google's use of data from other users of its Search Text Ads syndication products.

8.    Google need not grant Qualified Competitors the right to set a minimum cost per click for syndicated ads unless failing to do so would violate Section VI.B.1.

9.    For the avoidance of doubt, this Final Judgment only requires Google to provide syndication for queries that originate in the United States, from human end users. Synthetic queries are not eligible for syndication under the Final Judgment.  Queries from a syndicator of the Qualified Competitor are not eligible for syndication under the Final Judgment, unless such Qualified Competitor has been certified as a Competitor to a Google ads platform (e.g., Google Ads).

10.    If Google in good faith believes a Qualified Competitor is in breach of the terms of its agreement under this Section VI, Google may exercise its rights under the agreement.  Before exercising such rights, Google shall first provide simultaneous notice to the Technical Committee and the Plaintiffs of the breach and the actions Google is taking in light of the breach.  Google shall provide this notice in time such that Plaintiffs have a reasonable period of time to raise objections.  If Plaintiffs object and seek a resolution by the Court, Google may not take any action until the later of (i) two weeks after Plaintiffs seek Court intervention, if the Court does not act, or (ii) until further order of the Court, if the Court intervenes.  Google may seek expedited consideration from the Court if the circumstances warrant such treatment.

11.    Google shall be entitled to propose additional terms to the Search Text Ad syndication agreements with Qualified Competitors as necessary to guarantee ad quality,

14

protect advertisers, and prevent ad misuse. Qualified Competitors are free to reject these proposed additional terms. Google shall provide simultaneous notice to the Technical Committee and the Plaintiffs of any such term and allow Plaintiffs a reasonable period of time to raise objections. If Plaintiffs object and seek a resolution by the Court, Google may not modify its Search Text Ad syndication agreements under this Section VI until the later of (i) two weeks after Plaintiffs seek Court intervention, if the Court does not act, or (ii) until further order of the Court, if the Court intervenes. Google may seek expedited consideration from the Court if the circumstances warrant such treatment.

12.    Qualified Competitors may elect, in their sole discretion, the queries for which they will request syndicated ad results.

Within sixty (60) days of the Effective Date of this Final Judgment, Plaintiffs and the Technical Committee, with input from Google, shall create and submit to the Court a template for such license.

C.    Existing Syndication Agreements: The provisions of this Section VI shall have no effect on any existing Google Search Text Ad syndication agreements with third parties or on Google's ability to enter in Search Text Ad syndication agreements with third parties other than Qualified Competitors, except that Google shall permit any entity with an existing Search Text Ad syndication agreement who becomes a Qualified Competitor, at the Qualified Competitor's sole discretion, to terminate its existing agreement in favor of the remedies in this Section VI.

15

## VII.   COMPLIANCE, ADMINISTRATION, AND ENFORCEMENT PROCEDURES

A.      <u>Technical Committee</u>:

1.      Within sixty (60) days of entry of this Final Judgment, the Court will appoint, pursuant to the procedures below, a five-person Technical Committee to assist in enforcement of and compliance with this Final Judgment.

2.      The TC members shall be experts in some combination of software engineering, information retrieval, artificial intelligence, economics, behavioral science, and data privacy and data security.  No TC member may have a conflict of interest that could prevent them from performing their duties in a fair and unbiased manner.  In addition, unless the Court so approves, no TC member:

a.      may have been employed in any capacity by Google or any Competitor to Google within the six-month period directly predating their appointment to the TC;

b.      may have been retained by any party as a consulting or testifying expert in this action; or

c.      may perform any work for Google or any Competitor of Google during the time that they serve on the TC and for one (1) year after ceasing to serve on the TC.

3.      Within thirty (30) days of entry of this Final Judgment, Plaintiff United States (after consultation with the Co-Plaintiff States), the Colorado Plaintiff States, and Google shall each select one member of the TC, and a majority of those three members will then select the remaining two members.  Plaintiff United States' appointee shall serve as chair.  The selection and approval process shall be as follows:

16

a.    As soon as practicable after submission of this Final Judgment to the Court, the Plaintiffs as a group shall identify to Google the individuals they propose to select as their designees to the TC, and Google shall identify to Plaintiffs the individual it proposes to select as its designee.  No party may object to a selection on any ground other than failure to satisfy the requirements of Section VII.A.2 above.  Any such objection shall be made within ten (10) business days of receipt of notification of selection.

b.    The Plaintiffs shall apply to the Court for appointment of the persons selected pursuant to Section VII.A.3.a above.  Any objections to the eligibility of a selected person that the parties have failed to resolve between themselves will be decided by the Court based solely on the requirements stated in Section VII.A.2 above.

c.    As soon as practicable after their appointment by the Court, the three members of the TC selected by the Plaintiffs and Google (the "Standing Committee Members") shall identify to the Plaintiffs and Google the persons that they in turn propose to select as the remaining members of the TC.  The Plaintiffs and Google shall not object to these selections on any grounds other than failure to satisfy the requirements of Section VII.A.2 above.  Any such objection shall be made within ten (10) business days of receipt of notification of selection and shall be served on the other party as well as on the Standing Committee Members.

d.    The Plaintiffs shall apply to the Court for appointment of the persons selected by the Standing Committee Members.  If the Standing Committee Members cannot agree on the fourth or fifth members of the TC, that member or

17

members shall be appointed by the Court.  Any objection by Plaintiffs or Google to the eligibility of the person selected by the Standing Committee Members which the parties have failed to resolve among themselves shall also be decided by the Court based solely on the requirements stated in Section VII.A.2 above.

4.    The Standing Committee Members shall serve for an initial term of thirty-six (36) months; the remaining members shall serve for an initial term of thirty (30) months. At the end of a TC member's term, the party that originally selected them may, in its sole discretion, either request re-appointment by the Court to additional terms of the same length, or replace the TC member in the same manner as provided for in Section VII.A.3 above.  In the case of the fourth and fifth members of the TC, those members shall be re-appointed or replaced in the manner provided in Section VII.A.3 above.

5.    If any party determines that a member of the TC has failed to act diligently and consistently with the purposes of this Final Judgment, they may petition the Court for removal of that member.  If a member of the TC is removed by the Court, resigns, or for any other reason ceases to serve in their capacity as a member of the TC, the person or persons that originally selected the TC member shall select a replacement member in the same manner as provided for in Section VII.A.3 above.

6.    Promptly after appointment of the TC by the Court, the Plaintiffs shall enter into a Technical Committee Services Agreement ("TC Services Agreement") with each TC member that grants the rights, powers, and authorities necessary to permit the TC to perform its duties under this Final Judgment.  Google shall indemnify each TC member and hold them harmless against any losses, claims, damages, liabilities, or expenses arising out of, or in connection with, the performance of the TC's duties, except to the extent that

18

such liabilities, losses, damages, claims, or expenses result from misfeasance, gross negligence, willful or wanton acts, or bad faith by the TC member.  The TC Services Agreements shall include the following:

a.      The TC members shall serve, without bond or other security, at the cost and expense of Google on such terms and conditions as the parties agree, including payment of reasonable fees and expenses.  To the extent that the parties cannot agree on the terms of a TC Services Agreement, the parties will submit such disagreement to the Court for resolution.

b.      The TC Services Agreement shall provide that each member of the TC must comply with the limitations provided for in Section VII.A.2 above.

7.      The TC shall have the following powers and duties:

a.      The TC shall have the power and authority to monitor Google's implementation of and compliance with its obligations under this Final Judgment, in the manner described further herein.

b.      The TC shall have the power to recommend reasonable data security standards applicable to Qualified Competitors, which shall be approved by the Plaintiffs.

c.      The TC may, on reasonable notice to Google:

i.      interview, either informally or on the record, any Google personnel, who may have their individual counsel present; any such interview will be subject to the reasonable convenience of such personnel and without restraint or interference by Google;

19

ii.     inspect and copy any document in the possession, custody, or control of Google personnel;

iii.    obtain reasonable access to any system or equipment to which Google personnel have access;

iv.    obtain reasonable access to, and inspect, any physical facility, building, or other premises to which Google personnel have access; and

v.     require Google personnel to provide documents, data, and other information, and to submit reports to the TC containing such material, in such form as the TC may reasonably direct.

d.     The TC shall have access to Google's source code and algorithms, subject to a confidentiality agreement, as approved by the Plaintiffs and to be agreed to by the TC members pursuant to Section VII.A.8 below, and by any staff or consultants who may have access to the source code and algorithms.  The TC may study, interrogate, and interact with the source code and algorithms in order to perform its functions and duties, including the handling of complaints and other inquiries from third parties.

e.     The TC shall receive complaints from Google's Compliance Officer (as described in Section VII.B below), third parties, or the Plaintiffs and handle them in the manner specified in Section VII.C below.

f.     The TC shall report in writing to the Plaintiffs, initially every three (3) months for three (3) years and thereafter every six (6) months until expiration of this Final Judgment, the actions it has undertaken in performing its

20

duties pursuant to this Final Judgment, including the identification of each business practice reviewed and any recommendations made by the TC.

g.    Regardless of when reports are due, when the TC has reason to believe that there may have been a failure by Google to comply with any term of this Final Judgment, or that Google is attempting to circumvent any provision of this Final Judgment or the intended purposes of this Final Judgment, the TC shall immediately notify the Plaintiffs in writing setting forth the relevant details.

h.    TC members may communicate with third parties about how their complaints or inquiries might be resolved with Google, so long as the confidentiality of information obtained from Google is maintained.

i.    The TC may hire at the cost and expense of Google, with prior notice to Google and subject to approval by the Plaintiffs, such staff or consultants (all of whom must meet the qualifications of Sections VII.A.2.a–c) as are reasonably necessary for the TC to carry out its duties and responsibilities under this Final Judgment. The compensation of any person retained by the TC shall be based on reasonable and customary terms commensurate with the individual's experience and responsibilities.

j.    The TC shall account for all reasonable expenses incurred, including agreed upon fees for the TC members' services, subject to the approval of the Plaintiffs. Google's failure to promptly pay the TC's accounted-for costs and expenses, including for agents and consultants, shall constitute a violation of this Final Judgment and may result in sanctions imposed by the Court. Google may, on application to the Court, object to the reasonableness of any such fees or other

21

expenses only if Google has conveyed such objections to the Plaintiffs and the TC within ten (10) calendar days of receiving the invoice for such fees or other expenses. On any such application, (a) Google shall bear the burden to demonstrate unreasonableness; (b) Google shall establish an escrow account into which it deposits the disputed costs and expenses until the dispute is resolved; and (c) the TC members shall be entitled to recover all costs incurred on such application (including reasonable attorneys' fees and costs), regardless of the Court's disposition of such application, unless the Court expressly finds that the TC's opposition to the application was without substantial justification.

k.      Google may object to and be heard by the Court on any recommendation from the TC or Plaintiffs as to the interpretations or substantive requirements of this Final Judgment.

8.      Each TC member, and any consultants or staff hired by the TC, shall sign a confidentiality agreement prohibiting disclosure of any information obtained in the course of performing his or her duties as a member of the TC or as a person assisting the TC, to anyone other than another TC member or a consultant or staff hired by the TC, Google, the Plaintiffs, or the Court. All information gathered by the TC in connection with this Final Judgment and any report and recommendations prepared by the TC shall be treated as Highly Confidential under the Protective Order in this case, and shall not be disclosed to any person other than another TC member or a consultant or staff hired by the TC, Google, the Plaintiffs, and the Court except as allowed by the Protective Order entered in the Action or by further order of this Court. No member of the TC may make any public statements relating to the TC's activities.

B.     <u>Internal Compliance Officer</u>:

1.     Google shall designate, within thirty (30) days of entry of this Final Judgment, an employee of Google as the internal Compliance Officer with responsibility for administering Google's antitrust compliance program and helping to ensure compliance with this Final Judgment.

2.     Within seven (7) days of the Compliance Officer's appointment, Google shall identify to the Plaintiffs the Compliance Officer's name, business address, telephone number, and email address.  Within fifteen (15) days of a vacancy in the Compliance Officer position, Google shall appoint a replacement and identify to the Plaintiffs the replacement Compliance Officer's name, business address, telephone number, and email address.  Google's initial or replacement appointment of the Compliance Officer is subject to the approval of the Plaintiffs.

3.     The Compliance Officer shall supervise the review of Google activities to ensure that they comply with this Final Judgment.  The Compliance Officer may be assisted by other employees of Google.

4.     The Compliance Officer shall be responsible for performing the following activities:

a.     within forty-five (45) days after entry of this Final Judgment, distributing a copy of the Final Judgment to all officers and directors of Google;

b.     promptly distributing a copy of this Final Judgment to any person who succeeds to a position described in Section VII.B.4.a above;

c.     ensuring that those persons designated in Section VII.B.4.a above are annually briefed on the meaning and requirements of this Final Judgment and

23

the U.S. antitrust laws and advising them that Google's legal advisors are available to confer with them regarding any question concerning compliance with this Final Judgment or the U.S. antitrust laws;

d.    obtaining from each person designated in Section VII.B.4.a above an annual written certification that he or she: (i) has read and agrees to abide by the terms of this Final Judgment and (ii) has been advised and understands that his or her failure to comply with this Final Judgment may result in a finding of contempt of court;

e.    maintaining a record of all persons to whom a copy of this Final Judgment has been distributed and from whom the certification described in Section VII.B.4.d above has been obtained;

f.    establishing and maintaining the website provided for in Section VII.C.2.a below;

g.    receiving complaints from third parties, the TC, and the Plaintiffs concerning Google's compliance with this Final Judgment and following the appropriate procedures set forth in Section VII.C below;

h.    maintaining a record of all complaints received and action taken by Google with respect to each such complaint; and

i.    ensuring Google retains all relevant documents and electronically stored information, regardless of medium or form, related to this Final Judgment and all complaints received and/or action taken by Google with respect to any complaint.

24

5.      Google shall within thirty (30) days further appoint a senior business executive, who has visibility into any Google entity with obligations under this Final Judgment, whom Google shall make available to update the Court on Google's compliance at regular status conferences or as otherwise ordered.

C.      Voluntary Dispute Resolution:

1.      Third parties may submit complaints concerning Google's compliance with this Final Judgment to the Plaintiffs, the TC, or the Compliance Officer.

2.      Third parties, the TC, or Plaintiffs in their discretion may submit to the Compliance Officer any complaints concerning Google's compliance with this Final Judgment.  Without in any way limiting their authority to take any other action to enforce this Final Judgment, the Plaintiffs may submit complaints to the Compliance Officer whenever doing so would be consistent with the public interest.

a.      To facilitate the communication of complaints and inquiries by parties, the Compliance Officer shall place on Google's website, in a manner acceptable to the Plaintiffs, the procedures for submitting complaints.  To encourage whenever possible the informal resolution of complaints and inquiries, the website shall provide a mechanism for communicating complaints and inquiries to the Compliance Officer.

b.      Google has thirty (30) days after receiving a complaint to attempt to resolve or to reject it.

c.      Within thirty (30) days of receiving a complaint, the Compliance Officer shall advise the TC and the Plaintiffs of the nature of the complaint and its disposition.  The TC may then propose to the Plaintiffs further actions consistent

25

329

with this Final Judgment, including consulting with Plaintiffs regarding the complaint.

3.      The Compliance Officer, third parties, or the Plaintiffs in their discretion may submit to the TC any complaints concerning Google's compliance with this Final Judgment.

      a.      The TC shall investigate the complaints it receives and shall consult with the Plaintiffs regarding its investigation.  At least once during its investigation, and more often when it may help resolve the complaints informally, the TC shall meet with the Compliance Officer to allow Google to respond to the substance of the complaints and to determine whether the complaints can be resolved without further proceedings.

      b.      Following its investigation, the TC shall advise Google and the Plaintiffs of its conclusion and its proposal for cure.

      c.      Reports and recommendations from the TC may be received into evidence by the Court in connection with any effort by any Plaintiff to enforce this Final Judgment but shall not be otherwise made available in any other court or tribunal related to any other matter.  No member of the TC shall be required to testify by deposition, in court, or before any other tribunal regarding any matter related to this Final Judgment.

      d.      The TC may preserve the anonymity of any third-party complainant where it deems it appropriate to do so upon the request of the Plaintiffs or the third party, or in its discretion.

26

D.    <u>Compliance Inspection</u>:

1.    Without in any way limiting the sovereign enforcement authority of each of the Colorado Plaintiff States, the Colorado Plaintiff States shall form a committee to coordinate their enforcement of this Final Judgment.  Neither a Co-Plaintiff State nor a Colorado Plaintiff State may take any action to enforce this Final Judgment without first consulting with the United States and with the Colorado Plaintiff States' enforcement committee.

2.    For the purposes of determining or securing compliance with this Final Judgment or of determining whether this Final Judgment should be modified or vacated, upon written request of an authorized representative of the Assistant Attorney General for the Antitrust Division (after consultation with the Co-Plaintiff States and the Colorado Plaintiff States' enforcement committee) or of the Attorney General of a Co-Plaintiff State or the Attorney General of a Colorado Plaintiff State (after consultation with the United States and the Colorado Plaintiff States' enforcement committee), as the case may be, and reasonable notice to Google, Google shall permit, from time to time and subject to legally recognized privileges, authorized representatives, including agents retained by any Plaintiff:

a.    to have access during Google's office hours to inspect and copy, or at the option of the Plaintiff, to require Google to provide electronic copies of all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of Google relating to any matters contained in this Final Judgment; and

b.    to interview, either informally or on the record, Google's officers, employees, or agents, who may have their individual counsel present, relating to

27

any matters contained in this Final Judgment.  The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by Google.

3.    Upon the written request of an authorized representative of the Assistant Attorney General for the Antitrust Division (after consultation with the Co-Plaintiff States and the Colorado Plaintiff States' enforcement committee) or of the Attorney General of a Co-Plaintiff State or the Attorney General of a Colorado Plaintiff State (after consultation with the United States and the Colorado Plaintiff States' enforcement committee), Google shall submit written reports or respond to written interrogatories, under oath if requested, relating to any matters contained in this Final Judgment.

4.    If, at the time information or documents are furnished by Google to the Plaintiffs, Google identifies in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and Google marks each pertinent page of such material, "Confidential and Sensitive Commercial Information Subject to Rule 26(c)(1)(G)," then the Plaintiffs shall give five (5) business days' notice prior to divulging such material in any legal proceeding, unless good cause is shown for a shorter notice period.

5.    Google shall have the right to claim protection from public disclosure, under the Freedom of Information Act, 5 U.S.C. § 552, or any other applicable law or regulation, for any material it submits to the Plaintiffs under this Final Judgment.  After appropriate consideration of such claim of protection, Plaintiffs, as the case may be, will either assert that the material is protected from disclosure under law or give Google ten (10) business days' notice of its intent to disclose the material.

28

E.    Status Reports to the Court:

1.    Plaintiffs, with input from the Technical Committee, shall file a status report within ninety (90) days of the Effective Date of this Final Judgment, and then on future dates as set by the Court, updating the Court as to the enforcement of and Google's compliance with this Final Judgment.

## VIII.    EFFECTIVE DATE AND EXPIRATION

This Final Judgment will take effect sixty (60) days after the date on which it is entered (the "Effective Date"), and Plaintiffs shall report the date on which Google has substantially implemented all provisions of this Final Judgment, except for Section VII.A, which shall take effect immediately upon entry.   Unless the Court grants an extension or early termination is granted, this Final Judgment will expire six (6) years from the Effective Date.  This Final Judgment may be terminated upon notice by the United States (after consultation with the Co-Plaintiff States), the Colorado Plaintiff States' enforcement committee, and Google that continuation of this Final Judgment is no longer necessary to restore competition in the monopolized markets.

## IX.    DEFINITIONS

A.    "API" or "application programming interface" means a mechanism that allows different software components to communicate with each other.

B.    "Apple" means Apple Inc., a corporation organized and existing under the laws of the State of California, headquartered in Cupertino, California, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

29

C.      "Browser Developer" means a developer, owner, or operator of a Third-Party Browser and includes, by way of example, Apple, Mozilla Corp., and Samsung Electronics Co., Ltd.

D.      "Chrome Browser Application" means the browser software application currently marketed by Google as "Google Chrome" and its successors.

E.      "Competitor" means any provider of or potential entrant in the provision of (i) a General Search Engine (GSE) in the United States, (ii) Search Text Ads in the United States, or (iii) a GenAI Product in the United States.

F.      "Consideration" means anything of value, including any monetary payment; provision of preferential licensing terms; technical, marketing, and sales support; developer support; or hardware or software certification or approval.

G.      "Default Search Engine" means a search engine that is set by a Browser Developer to respond to user queries if a user takes no action to select a particular search engine.

H.      "Device" or "device" means any single smartphone, tablet, laptop, or desktop, excluding any device on which the ChromeOS operating system or a successor to the ChromeOS operating system is installed.  For clarity, any two devices are different devices, even if they are the same make and model (e.g., two Samsung Galaxy S25s are two devices; two Apple iPhone 16 Pros are two devices).

I.      "GenAI" or "Generative AI" is a type of artificial intelligence that creates new content including but not limited to text, images, code, classifications, and other media using machine learning models.

J.      "GenAI Product" means any application, software, service, feature, tool, functionality, or product that involves or makes use of Generative AI capabilities or models and

30

has among its principal functions answering information-seeking prompts across a wide variety of topics using a broad range of publicly available information.

K.      "General Search Engine" or "GSE" means software or a service that produces links to websites and other relevant information in response to a user query or prompt and that seeks to fulfill a broad array of informational needs.

L.      "Google" means (1) Defendant Google LLC, a limited liability company organized and existing under the laws of the State of Delaware, headquartered in Mountain View, California; (2) its successors and assigns, subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures controlling or overseeing Google Search (including syndicated products), Search Text Ads (including syndicated products), the Chrome Browser Application, the Google Search Application, the Google Assistant Application, and any related Google GenAI Product; and (3) the directors, officers, managers, agents, and employees of such entities specified in this Section IX.L who oversee Google Search (including syndicated products), Search Text Ads (including syndicated products), the Chrome Browser Application, the Google Search Application, the Google Assistant Application, and any related Google GenAI Product. For clarity, the term "affiliates" includes any Alphabet Inc.–related entity that controls or oversees the aforementioned products.

M.      "Google Assistant Application" means the user-facing mobile assistive service software application marketed by Google as "Google Assistant" and its successors.

N.      "Google GenAI Product" means any GenAI Product offered by Google, including by way of example, the stand-alone user-facing mobile software application currently marketed by Google as the "Google Gemini" application (and that application's functionally equivalent successors).

31

O.      "Google Play" means the user-facing mobile software application distribution service currently marketed by Google as the "Play Store" and its successors.

P.      "Google Search" means the web search and search advertising services offered by Google at Google.com.

Q.      "Google Search Application" means the user-facing mobile online search software application currently marketed by Google as the "Google app" or the "Google Search app" (and its successors).

R.      The terms "include" and "including" should be read as "including but not limited to," and any use of either word is not limited in any way to any examples provided.

S.      "Marginal Cost" or "marginal cost" means the direct total production cost of producing an additional unit of a good or service, which is determined by calculating the change in direct total production cost resulting from Google providing the additional unit(s) of data or services required under this Final Judgment.

T.      "Operating System Version" means a web browser version or a version of any proprietary Apple feature or functionality, including Siri and Spotlight, designed to be installed and used on a particular desktop or mobile operating system including, by way of example, Microsoft Windows, Apple iOS, Apple Mac OS, Apple iPad OS, or Android.

U.      "Privacy Mode" means a mode within a web browser or an Apple product or service such as Siri or Spotlight that is designed to offer a preconfigured privacy setting and includes, by way of example, Private Browsing in Apple Safari, Private mode in Mozilla Firefox, and Secret mode in Samsung Internet.

V.      "Qualified Competitor" means a Competitor who meets the Plaintiffs' approved data security standards as recommended by the Technical Committee and agrees to regular data

32

security and privacy audits by the Technical Committee; who makes a sufficient showing to the Plaintiffs, in consultation with the Technical Committee, of a plan to invest and compete in or with the GSE and/or Search Text Ads markets; and who does not pose a risk to the national security of the United States.  To remain eligible as a Qualified Competitor, the Competitor must apply for re-certification on an annual basis starting from the date of original certification as a Qualified Competitor and establish that it continues to meet the definition of a Qualified Competitor.  The Technical Committee shall establish appropriate procedures for the re-certification process.

W.    "Search Access Point" means any software, application, interface, digital product, or service where a user can enter a query or prompt and, in response to at least some user queries or prompts, receive (or be directed to a place to receive) a response that includes information from a GSE, including links to websites.  Search Access Points include OS-level Search Access Points, browsers (including Search Access Points within browsers such as browser address bars), search apps, and GenAI Products that can retrieve and display information from a GSE, including links to websites.

X.    "Search Feature" in Google Search means any user-facing content on a SERP that is not an organic link.  Search Features include images, featured snippets, hotel units, query expansion features like auto-complete, "did you mean" prompts, spelling corrections, and related searches.

Y.    "Search Text Ad" means a general search text advertisement, which is an ad that resembles an organic link on a SERP.  Search Text Ads can include images and often appear at the top of the SERP with a designation indicating that they are paid advertisements.  "Search Text Ad" also includes Search Text Ads appearing in or in connection with Google AI Overviews.

33

Z.    "SERP" or "Search Engine Results Page" means the results provided by a search engine, in response to a user query, including links and other features and content, drawn from a broad index of the web.

AA.    "Technical Committee" or "TC" means the five-person committee of experts appointed by the Court pursuant to Section VII.A.

BB.    "Third-Party Browser" means any web browser that is not Google Chrome or another proprietary Google web browser and includes, by way of example, Apple Safari, Mozilla Firefox, and Samsung Internet.

CC.    "Third-Party GenAI Product" means any GenAI Product that is not owned by Google.

DD.    "Third-Party General Search Service" means a web search service that can respond to a broad range of search query categories and offers functionality that is substantially similar to Google Search and is not owned by Google or its affiliates.

EE.    "User-side Data" means all data that can be obtained from users in the United States, directly through a search engine's interaction with the user's Device, including software running on that Device, by automated means. User-side Data includes information Google collects when answering commercial, tail, and local queries.

FF.    "Web Search Index" means databases that store and organize information about websites and their content that is crawled from the web. For the avoidance of doubt, it does not include Google's vertical indexes or its video, images, or other specialized indexes that contain information not crawled from the web.

34

## X.   THIRD-PARTY RIGHTS

Nothing in this Final Judgment is intended to confer upon any other persons any rights or remedies of any nature whatsoever or by reason of this Final Judgment other than the right to submit complaints to the Compliance Officer and the TC.

## XI.   RETENTION OF JURISDICTION AND ENFORCEMENT OF FINAL JUDGMENT

A.   Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders or directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment, for the modification of any of its provisions, for the enforcement of compliance with this Final Judgment, and for the punishment of any violation of this Final Judgment.

B.   For a period of four (4) years following the expiration of this Final Judgment, if any Plaintiff has evidence that Google violated this Final Judgment before it expired, that Plaintiff may file an action against Google in this Court requesting that the Court order (1) Google to comply with the terms of this Final Judgment for an additional term of at least four (4) years following the filing of the enforcement action; (2) all appropriate contempt remedies; and (3) additional relief needed to ensure Google complies with the terms of this Final Judgment.

Dated:  December 5, 2025

_____
Amit P. Mehta
United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-3010 (APM) |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| STATE OF COLORADO et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-3715 (APM) |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

**I.      INTRODUCTION**

The age-old saying "the devil is in the details" may not have been devised with the drafting of an antitrust remedies judgment in mind, but it sure does fit.

On September 2, 2025, the court issued a Memorandum Opinion ("Remedies Opinion"), ECF No. 1435 [hereinafter Rem. Op.], following its determination that Defendant Google LLC had maintained monopolies in the general search services and general search text advertising markets through exclusive distribution agreements in violation of Section 2 of the Sherman Act. *See United States v. Google LLC*, 747 F. Supp. 3d 1 (D.D.C. 2024).   The Remedies Opinion

recounted the case's procedural history; made new findings of fact, particularly with respect to emerging generative AI ("GenAI") products; discussed the legal principles animating the court's decision; and determined the scope of remedies sufficient to "pry open" the markets closed by Google's antitrust violations. The court agreed that Google's proposed prohibitory injunctions were a start. Rem. Op. at 107. But it also held that, to be effective, the remedies should include some of Plaintiffs' proposed behavioral remedies, including disclosure of information about Google's search index, compelled sharing of certain user data, and forced syndication of search results and search text ads, as well as a Technical Committee to assist Plaintiffs with their enforcement efforts. The court rejected more severe proposals, such as the divestiture of Chrome, mandated choice screens, and a complete payment ban, among others. *Id.* at 3–6.

The court then directed the parties to meet and confer and present a joint proposed final judgment consistent with the Remedies Opinion's findings and conclusions. *See id.* at 222–23.

That is when the devil reared its head. As has been true during much of this five-year-long litigation, the parties continued to see eye-to-eye on little, even with the benefit of the Remedies Opinion. They submitted two competing final proposed final judgments reflecting their respective interpretations of the Remedies Opinion with accompanying briefs explaining their positions. *See* Pls.' Br. in Supp. of Pls.' Final Proposed Final J., ECF No. 1442 [hereinafter Pls.' Br.]; Pls.' Br., Pls.' Final Proposed Final J., ECF No. 1442-1 [hereinafter Pls.' FPFJ]; Def. Google LLC's Br. in Supp. of Entry of its Proposed Final J., ECF No. 1441 [hereinafter Google's Br.]; Google's Br., App. to Google's Br., ECF No. 1441-1 [hereinafter Google's App'x]; Google's Br., Def. Google LLC's Proposed Final J., ECF No. 1441-2 [hereinafter Google's FPFJ].

The parties convened before the court on October 8, 2025, for a hearing on those proposed final judgments ("October 8th hearing"). *See* Tr. of Hr'g on Final J. Proceedings, ECF No. 1447

2

[hereinafter Hr'g Tr.].  A week later, Plaintiffs filed a Notice of Substitute Provisions offering modified versions of certain provisions in their proposed prohibitory injunctions that purported to reflect an updated understanding of the court's Remedies Opinion.  *See* Pls.' Notice of Substitute Provisions, ECF No. 1449 [hereinafter Pls.' Suppl.].   Google responded a few days later. *See* Def. Google LLC's Resp. to Pls.' Suppl., ECF No. 1451 [hereinafter Google's Suppl.].

Having now heard hundreds of hours of testimony, reviewed thousands of pages of exhibits and briefing, and considered all the relevant law and authorities across both the liability and remedies phases, the court at long last enters the Final Judgment against Google.  While the Remedies Opinion broadly established the court's remedy-specific conclusions of law, the court now explains with more granularity the reasons for adopting, rejecting, or modifying the specific provisions of the parties' most recent proposed final judgments.  *See United States v. Microsoft Corp.* (*Microsoft III*), 253 F.3d 34, 103 (D.C. Cir. 2001) (en banc) (holding that the district court must "provide an adequate explanation for the relief . . . ordered" and "explain[] how its remedies decree would accomplish [the] objectives" of antitrust remedies established by the Supreme Court); *cf. Verizon Commc'ns Inc. v. Law Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 415 (2004) ("No court should impose a duty to deal that it cannot explain or adequately and reasonably supervise." (citation omitted)).

Rather than regurgitate the whole of the Remedies Opinion or scrutinize every word of the parties' proposals, this opinion highlights the parties' major disagreements and explains how the court resolves them in the Final Judgment.  For completeness, the court also includes an Appendix identifying the finer differences between the parties' proposals and the language the court ultimately adopts.

## II.    GENERAL PRINCIPLES

The court starts with three preliminary points. *First*, in their briefs and at the October 8th hearing, the parties repeatedly offered as a basis for advancing their positions that, by deciding in the Remedies Opinion to impose or modify a certain remedy, the court had "adopted" text from the party's proposed final judgment, or that their proposed provisions "track" the Remedies Opinion while the other's depart. *See, e.g.*, Hr'g Tr. at 21:13-17; *id.* at 41:18–42:10; Pls.' Br. at 11–12, 28–29; Google's Br. at 10, 13, 15. Such arguments rest on an incorrect assumption. As emphasized at the hearing, to the extent the court "adopted" anything offered by a party, it was a proposed remedy as a general concept, not the text offered to define it. Hr'g Tr. at 21:18–22:3. "It is a federal court's judgment, not its opinion, that remedies an injury." *Haaland v. Brackeen*, 599 U.S. 255, 294 (2023). The court exercises its remedial authority in this case through the Final Judgment; the Remedies Opinion and the one at hand merely explain the exercise of this authority. *See Franklin v. Massachusetts*, 505 U.S. 788, 825 (1992) (Scalia, J., concurring); *cf. Trump v. CASA, Inc.*, 606 U.S. 831, 930 n.3 (2025) (Jackson, J., dissenting).

*Second*, the court reiterates the scope of its remedial authority. "The remedy in a Section 2 enforcement action 'must seek' to 'unfetter a market from anticompetitive conduct,' 'deny to the defendant the fruits of its statutory violation, and ensure that there remain no practices likely to result in monopolization in the future.'" Rem. Op. at 58 & n.3 (quoting *Microsoft III*, 253 F.3d at 103). Supreme Court precedent "uphold[s] equity's authority to use drastic measures to achieve freedom from the influence of the unlawful restraint of trade," as long as such measures "reasonably tend[] to dissipate the restraint and prevent evasions." *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 726 (1944). But the "[m]ere existence of an exclusionary act

4

does not itself justify full feasible relief against the monopolist to create maximum competition."
*Microsoft III*, 253 F.3d at 106 (citation omitted); *see also* Rem. Op. at 62–63.

Though these broad principles framed the court's task, the evidence (or lack of it) was the key to deciding whether to adopt or reject a proposed remedy. After all, "[t]here can be no remedy absent a factual basis to support it." Rem. Op. at 119. The court considered and rejected proposed remedies that could not be sufficiently justified by evidence. *See, e.g.*, *id.* at 119–28 (rejecting a payment ban because of anticipated harms to third parties); *id.* at 164–68 (declining to require Ads Data–sharing because Plaintiffs did not offer sufficient evidence as to how it would increase competition in the general search text ads market); *see also id.* at 128 n.14 (declining to consider a partial payment ban because of a lack of evidence). The court continues to be guided by the evidence in fashioning the specific terms of the Final Judgment.

*Finally*, "it is well settled that once the Government has successfully borne the considerable burden of establishing a violation of [antitrust] law, all doubts as to the remedy are to be resolved in its favor." *United States v. E. I. du Pont de Nemours & Co.*, 366 U.S. 316, 334 & n.18 (1961) (first citing *Bausch & Lomb*, 321 U.S. at 726; then citing *Loc. 167 of Int'l Bhd. of Teamsters v. United States*, 291 U.S. 293, 299 (1934)). Plaintiffs in this case have successfully borne this burden. *See Google*, 747 F. Supp. 3d at 32. Where any doubts remained after considering the evidence and the parties' positions, the court has deferred to Plaintiffs as to the appropriate remedial terms. *See also* Rem. Op. at 60 (citing 3 PHILLIP E. AREEDA & HERBERT HOVENKAMP, ANTITRUST LAW ¶ 653f (5th ed. & Supp. 2025) [hereinafter AREEDA & HOVENKAMP] ("[A]ny plausible doubts should be resolved against the monopolist.")); *id.* at 66 n.4 (citing 3 AREEDA & HOVENKAMP ¶ 650a(2)(B) ("[I]t is always appropriate to deprive the defendant of the continuing

5

benefits of past misbehavior.  In devising the 'tailored' remedies for this purpose, reasonable doubts will ordinarily be resolved against the defendant.")).

With this understanding, the court now turns to those terms.  The court begins by addressing several definitions that are fundamental to the reach and effect of the Final Judgment. It then turns to the prohibitory injunctions and required data-sharing and syndication remedies. The court concludes by explaining how the Final Judgment will be enforced, in particular the Technical Committee's operations and the court's retention of jurisdiction.  The provisions not addressed in this opinion can be found in the Appendix.

## III.    DEFINITIONS

### A.    GenAI-Related Terms

GenAI plays a significant role in these remedies.  As a refresher, between the liability and remedies phases, GenAI burst on to the scene as a formidable nascent threat to general search engines (GSEs).  Rem. Op. at 2; *see also id.* at 99 ("[T]here is ample evidence that GenAI chatbots grounded in general search perform an information-retrieval function that is similar to GSEs."). The remedies phase thus became "as much about promoting competition among GSEs as ensuring that Google's dominance in search does not carry over into the GenAI space."  *Id.* at 2; *see also id.* at 106–07 ("GenAI products have emerged as a competitive threat to the traditional GSE, and Google cannot be permitted to leverage its dominance in general search to the GenAI product space.").

The court determined that GenAI products and companies should be included in the remedies insofar as GenAI products and GSEs share the capacity to "fulfill a broad array of informational needs."  *Id.* at 99–101; *see also id.* at 45–46 ¶ 66.  The court rejected Google's insistence that GenAI products should be excluded because they were outside the relevant markets

or untethered to Plaintiffs' theory of liability. *See id.* at 101. Expanding the scope of the remedies to include GenAI, the court held, was both within the court's authority and appropriate to ensure that Google's illegal conduct could not reverberate into that emerging market. *Id.* at 101–02 (citing *New York v. Microsoft Corp.* (*New York I*), 244 F. Supp. 2d 76, 128–29, 193 (D.D.C. 2002)).

Despite this, the parties maintain drastically different understandings of how a GenAI product should be defined for purposes of the Final Judgment. Plaintiffs would have "GenAI Product" mean "any application, software, service, feature, tool, functionality, or product that involves or makes use of Generative AI capabilities or models." Pls.' FPFJ § IX.J. Google offers no similar umbrella definition. Rather, in an effort to narrow the universe of GenAI products swept into the Final Judgment, it offers several different terms referring to discrete GenAI products or categories of products that have among their "principal functions answering information-seeking prompts across a wide variety of topics using a broad range of publicly available information." *See* Google's FPFJ § IX.K, L, Y, Z.

The court adopts Plaintiffs' definition of "GenAI Product" with Google's specification that a GenAI Product, for purposes of this decree, have "among its principal functions answering information-seeking prompts across a wide variety of topics using a broad range of publicly available information." *See* Final J., ECF No. 1462 [hereinafter FJ], § IX.J.

Google's discrete terms are too narrow. Taken together, they have the potential to exclude Google GenAI products beyond Google Gemini and Google Assistant or any product that is not strictly "a user-facing mobile software application . . . that makes use of generative AI capabilities or models." *See* Google's FPFJ § IX.K, L; *see also* Pls.' Br. at 28–29.

But Plaintiffs' proposed definition is exceedingly broad. The parties' shared definition of "GenAI" (as opposed to "GenAI Product") is "a type of artificial intelligence that creates new

7

346

content including but not limited to text, images, code, classifications, and other media using machine learning models." *See* Pls.' FPFJ § IX.I; Google's FPFJ § IX.H; *see also* Rem. Op. at 17 ¶ 2. Products that "involve[] or make[] use of [such] capabilities or models" encompass a near infinite swath of industries and products having nothing to do with GSEs or the illegal conduct at issue. *See* Google's Br. at 2–5.

GenAI products and companies were expressly included in the Final Judgment because of the growing integration of GenAI into search products. *See* Rem. Op. at 19 ¶ 6. But search and GenAI are not completely interchangeable. *See* Remedies Hr'g Tr., ECF Nos. 1393–1420 [hereinafter Rem. Tr.], at 21:2-5 (Opening Arg.) (Plaintiffs' counsel acknowledging that search and GenAI "are different but overlapping products" and that GenAI "is not a replacement for [s]earch today"); Rem. Op. at 43 ¶ 63. At least for now, GSEs and GenAI products have use cases not shared by the other. *See* Rem. Op. at 44 ¶ 65. Narrowing Plaintiffs' definition to products that have "among [their] principal functions answering information-seeking prompts across a wide variety of topics using a broad range of publicly available information" better fits the purpose of including GenAI products within the remedial scheme.

Plaintiffs themselves acknowledge that the court "was clear that the final judgment shall extend to any GenAI Product with the 'capacity to fulfill a broad array of informational needs.'" Pls.' Br. at 28–29 (quoting Rem. Op. at 100). Yet in the same breath, they argue that "Google's attempt to restrict what GenAI Products are covered by the final judgment based on their form or 'principal function' . . . excludes relevant Google GenAI Products from the final judgment [and] ignores any possibility that nascent GenAI competitors may disrupt Google's market dominance through future innovations." *Id.* at 29. Although Plaintiffs stated later that it was "not [their] intention" to sweep in GenAI technologies such as those powering non-information-retrieval

8

functions in Google products like Photos, Gmail, or Drive, Hr'g Tr. at 114:5–115:9; *see* Google's Br. at 2–3, their proposal unequivocally does so.

For these reasons, the court has adopted the definition of "GenAI Product" described above.[1]  *See* FJ § IX.J.  The modification makes adopting Plaintiffs' definition of "Third-Party GenAI Product" appropriate.  *See* FJ § IX.CC; Pls.' FPFJ § IX.FF.  The court also adopts Plaintiffs' definition of "Google GenAI Product."  *See* FJ § IX.N; Pls.' § IX.N.  Finally, the court adopts Google's definition of "Google Assistant Application," as Plaintiffs' addition of "and . . . any Google GenAI Product" would have swallowed the rest of the definition into a nullity. *See* FJ § IX.M; Pls.' FPFJ § IX.M; Google's FPFJ § IX.K.

## B.    "Qualified Competitor" and "Competitor"

Because the data-sharing and syndication remedies are designed to directly benefit potential competitors in the relevant markets, it is necessary to define which emerging or extant competitors are eligible to enjoy them—that is, to determine who is a "Qualified Competitor."

To start, the court has adopted Plaintiffs' version of "Competitor."  *See* FJ § IX.E.  The parties' proposed definitions are not so far off, but Google's includes several qualifications. *Compare* Pls.' FPFJ § IX.E, *with* Google's FPFJ § IX.D.  Plaintiffs' version is simpler and reflects the court's directive to include GenAI; the court did not intend to broaden the definition of a Competitor to then narrow it again in unnecessary ways.  *See* Rem. Op. at 103–04 & n.8.

The parties agree that a Qualified Competitor should meet certain data security standards, agree to regular data security and privacy audits, not pose a risk to the national security of the United States, and make a sufficient showing of a plan to invest and compete in or with the GSE

---

[1] The court sees no material distinction between the definition of "GenAI Product" it has adopted and Plaintiffs' suggestion that their definition of "GenAI" should be left intact with their definitions of "Google GenAI Product" and "Third-Party GenAI Product" limited only to those products that can "fulfill a broad array of informational needs." Hr'g Tr. at 115:5-20.

9

and/or Search Text Ads markets.[2]  *See* Pls.' FPFJ § IX.W; Google's FPFJ § IX.T.  These criteria will ensure that the data-sharing and syndication remedies fulfill their intended purpose of increasing competition in the relevant markets.  *See* Rem. Op. at 129–36, 170–71.

The biggest disagreement among the parties concerns Google's proposal that a Qualified Competitor not only be initially certified as one but also annually recertified on those same criteria.  *See* Google's FPFJ § IX.T.  Google points out that, because Qualified Competitors will be given an enormous quantity of valuable rights and data, "the incentives for mischief . . . will be enormous."  Hr'g Tr. at 26:13-18.  Google reasons that bad actors that are initially certified as Qualified Competitors could easily abandon a previously demonstrated "plan to invest and compete in or with" the relevant markets and potentially pose privacy and security risks or simply become a white label of Google.  *Id.* at 26:13–28:4.  In the absence of a recertification requirement, Google contends, the remedies could incentivize harmful or even anti-competitive behavior or allow it to escape detection.

Plaintiffs object to the recertification requirement as "unnecessary red tape."  *Id.* at 22:5-7.  Although they agree that a Competitor that abandons its plans to compete should be decertified, Plaintiffs argue that obvious, established contenders like Microsoft's Bing should not be subject to a yearly burden to continue to benefit from the remedy.  *Id.* at 22:5-8.  Putting up annual roadblocks burdening all Qualified Competitors rather than calling out Qualified Competitors on an individual basis "when there's suspicion" is, to Plaintiffs, an example of a "red-tape hoop" that Qualified Competitors must jump through that will delay getting "to a world where there's competition."  *Id.* at 25:4-11, 37:6-23.

---

[2] The court expressly revised the language "plan to invest and compete in" to "plan to invest and compete *in or with*" the relevant markets.  *See* Rem. Op. at 103–04 (emphasis added).  Google's FPFJ does not reflect this revision. *See* Google's FPFJ § IX.T ("plan to invest and compete with").  The court assumes this was error.

10

The court agrees with Google that an annual recertification requirement is prudent. The court shares Google's concern about companies initially certified as Qualified Competitors who might abandon their professed intent to compete and improperly take advantage of data releases or other remedies. *See id.* at 23:2–24:12. Some companies that already compete or have maintained their intent to compete in the relevant markets, such as Microsoft, DuckDuckGo, and OpenAI, will face no "red tape" in getting recertified. For new market participants, requiring them to make an annual showing of their continued intent to compete with Google should not prove to be overly burdensome.

Plaintiffs advance an audit procedure as an alternative to a recertification requirement. *Id.* at 25:4-11. But audits are conducted in hindsight, not with foresight. By the time a reason to initiate an audit arises, the mischief has likely already occurred, potentially with enormous consequences not only for Google but for its users whose data may be shared with a Qualified Competitor gone rogue. And Plaintiffs' suggestion that Qualified Competitors warranting decertification will be readily noticeable from their market activities (or lack thereof) suffers from the same infirmity. *See id.* at 24:16-25. By the time mischief's effects are felt in the market, it may be too late. To arrive at a "world where there's competition," the remedies must ensure that their purpose is effected through the entirety of the judgment period. An annual recertification requirement is a relatively simple prophylactic measure to keep bad actors from escaping detection. The court trusts that the Technical Committee and Plaintiffs will establish a recertification process that is neither difficult nor burdensome. *See id.* at 27:10-14.

Finally, Google would put the burden on the court to determine, sometimes in consultation with the Technical Committee, whether a Competitor meets the required data security standards, poses a national security risk to the United States, and has made a sufficient showing of a plan to

11

compete in or with the relevant markets. *See* Google's FPFJ § IX.T. Though Plaintiffs have hedged on this point, *see infra* Section VIII, the Final Judgment is enforced by Plaintiffs. *See Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1243 (D.C. Cir. 2004) ("[U]ltimately the power to enforce the terms of the decree rests with the government." (quoting *United States v. Microsoft Corp.* (*Microsoft IV*), 231 F. Supp. 2d 144, 198 (D.D.C. 2002))); *see also* Pls.' Br. at 21–24. And the Technical Committee exists to serve Plaintiffs in that effort. *See Massachusetts*, 373 F.3d at 1244; *see also In re Google Play Store Antitrust Litig.*, 147 F.4th 917, 954 (9th Cir. 2025) (establishing a Technical Committee to "provide[] a process to review and resolve inevitable disputes between the parties—ideally without further need for judicial intervention").

As Google often emphasized in its remedies-phase briefs, "courts should never aspire to the role of central planners and must be sensitive to the possibility that the continuing supervision of a highly detailed decree could wind up impairing rather than enhancing competition." Def.'s Proposed Conclusions of L., ECF No. 1347, at 10 (internal quotation marks omitted) (quoting *Nat'l Collegiate Athletic Ass'n v. Alston*, 594 U.S. 69, 102–03 (2021)). The court therefore adopts Plaintiffs' version, whereby those determinations are made by Plaintiffs, in consultation with the Technical Committee. *See* FJ § IX.V; *see also infra* Section VIII.

### C. "Device"

Google proposes that a "Device" covered by the Final Judgment exclude devices running on the ChromeOS operating system.[3] Google's FPFJ § IX.F. It points out that "Plaintiffs never challenged agreements with companies that manufacture Chromebooks, let alone established that those agreements harm competition" and that the court rejected Plaintiffs' proposed self-preferencing ban. Google's Br. at 7–8 (citing Rem. Op. at 216–17). Google also contends that

---

[3] Google adopted the term "Covered Device" while Plaintiffs use "Device." *Compare* Pls.' FPFJ § IX.H, *with* Google's FPFJ § IX.F. The court opts to use "Device." *See* FJ § IX.H.

placing conditions on the distribution of Chrome could not be achieved with respect to devices running on ChromeOS because "the Chrome browser is the UI [user interface] for . . . a ChromeOS device or Chromebook." *Id.* at 8 (quoting Rem. Tr. at 3892:17-20 (Samat) (alteration in original)). In fact, Chrome and ChromeOS are so integrated that Google has not yet been able to separate them. *Id.* (citing Rem. Tr. at 2611:6-23 (Nieh)).

The court finds this reasonable. Plaintiffs insist that allowing Google to exclude ChromeOS-based devices would permit it to enter "nakedly exclusive" agreements with manufacturers of ChromeOS devices. *See* Pls.' Br. at 26–27; Hr'g Tr. at 117:24–118:8. The court does not share Plaintiffs' concern. Exclusive distribution of Chrome by a manufacturer of a ChromeOS device is not the kind of anticompetitive agreement that has been at issue in this case. Unlike distribution on Android or Apple devices or on a third-party browser, Chrome is a necessary component of a ChromeOS device. And although Google Search is the default search engine on Chrome, the court previously rejected a self-preferencing ban in part because Plaintiffs never pursued a theory of liability based on this fact. Rem. Op. at 216–17. Without a factual basis to support restricting exclusive distribution of Chrome on ChromeOS devices, the court cannot order Google be enjoined from entering into such agreements. *Cf. Google*, 747 F. Supp. 3d at 152 ("[E]xclusive agreements are not condemned per se by the antitrust laws, even if they involve a dominant firm."). The court also finds it reasonable to exclude ChromeOS-based devices from the remedies altogether, rather than, as Plaintiffs suggest, identifying individual provisions from which they are carved out. Hr'g Tr. at 117:19–118:8.

"Device" will thus expressly exclude "any device on which the ChromeOS operating system or a successor to the ChromeOS operating system is installed." *See* FJ § IX.H. Plaintiffs' definition is otherwise consistent with the court's interpretation of the part of Google's remedies

13

that proposed optionality as to the default GSE on a given access point on a device-by-device basis. *See* Pls.' FPFJ § IX.H ("'Device' or 'device' means any single smartphone, tablet, laptop, or desktop.  For clarity, any two devices are different devices, even if they are the same make and model (e.g., two Samsung Galaxy S25s are two devices; two Apple iPhone 16 Pros are two devices)."); Rem. Op. at 105.  This definition ensures that optionality will exist at the level of the individual device.  *See* Pls.' Br. at 27.

### D.     "Google"

Finally, a few words on the definition of "Google."  The parties have addressed the court's previous concern about the breadth of Plaintiffs' originally proposed definition, *see* Rem. Op. at 221–22, by cabining it to those people or entities "controlling or overseeing Google Search (including syndicated products), Search Text Ads (including syndicated products), the Chrome Browser Application, the Google Search Application, the Google Assistant Application, and any related Google GenAI Product."  *See* Pls' FPFJ § IX.L; Google's FPFJ § IX.J.

The court adopts Plaintiffs' final proposed definition, which includes Google's "affiliates, partnerships, and joint ventures" and is written with an eye towards preventing Google from simply moving its anticompetitive conduct to a sister company.  *See* Pls' FPFJ § IX.L.  To this, the court also adds: "For clarity, the term 'affiliates' includes any Alphabet, Inc.–related entity that controls or oversees the aforementioned products."  *See* FJ § IX.L.  This definition will capture Alphabet subsidiaries like DeepMind that are separate from Google but work with it to develop Google products relevant for purposes of these remedies.  *See* Hr'g Tr. at 123:5-23; *see also* Rem. Tr. at 625:1–626:3 (Hsiao); *id.* at 3341:8-21, 3348:7-22 (Collins).  Google should not be able to avoid the terms of the Final Judgment by how Alphabet chooses to organize itself.

14

## IV.    PROHIBITORY INJUNCTIONS

The court previously acknowledged that Google's proposed prohibitory injunctions were a good starting place to remedy its illegal conduct.  Rem. Op. at 104.  But they did not alone go far enough, either as a class of remedies or as injunctive relief itself.

As injunctive relief, Google's proposals addressed the core of its anticompetitive conduct—its exclusive distribution agreements.  *See Google*, 747 F. Supp. 3d at 32–33.  The proposed provisions broadly would have offered Google's distribution partners more flexibility to contract with companies other than Google for search and search-related products.  Rem. Op. at 105–06.  The court agreed that Google should indeed be barred from entering into those exclusive agreements, but also added that (1) like Browser Developers, original equipment manufacturers (OEMs) and wireless carriers should be given the opportunity to set a different GSE at various search access points across different devices on an annual basis; (2) Browser Developers should expressly be permitted to promote any Third-Party General Search Service or Third-Party GenAI Product; and (3) Google should not be permitted to contract with Apple to exclusively distribute any Google GenAI product either in any Safari mode or on any Apple mobile or desktop device.  *Id.* at 110–11.

In their final proposed final judgments, the parties presented slightly different versions of Google's originally proposed provisions reflecting different understandings of the court's instructions and holdings.  The major disagreements here are whether (1) Google GenAI Products should be subject to lesser restrictions; (2) prohibited conditioning of one Google product on a partner's acceptance of another product is limited to actual agreements; (3) distribution contracts must terminate after one year; and (4) provisions applicable to Browser Developers and Apple should be different from those applicable to Android devices.

15

### A.    Effect of Inclusion of GenAI

Google appears for the most part to have heeded the court's ruling that GenAI be incorporated into the remedies generally, *see id.* at 99–104, and that it be written into certain provisions specifically, *see, e.g.*, *id.* at 111.  *See generally* Google's FPFJ § III.  But its proposed text includes a semantic head fake to afford greater flexibility for distributing its GenAI products.  For example, Google broadly proposes being barred from conditioning the licensing of "Google Play or *any other Google software application*" on the distributing, preloading, placing, displaying, using, or licensing of the Google Search or Chrome applications.  *Id.* § III.A–B (emphasis added).  This prohibition would prevent Google from, say, tying distribution of Google Maps to a partner's acceptance of Search or Chrome.  But Google proposes dropping the "any other Google software application" language when it comes to distributing its GenAI products.  Google would bar itself from conditioning the licensing of only "the Google Search Application, the Chrome Browser Application, or Google Play" on the distributing, preloading, placing, displaying, using, or licensing of its GenAI products, including Gemini and Google Assistant.  *Id.* § III.C–D.  In other words, under Google's proposal, it could say to a partner, "We'll license Google Maps but only if you also distribute Gemini."  Google employs similar methods of relaxing restrictions that would otherwise prevent it from entering exclusive agreements in other provisions about GenAI.  *Compare, e.g.*, Google's FPFJ § III.H–I, *with id.* § III.J; *id.* § III.L–M, *with id.* § III.N.

Google defends this subtle yet material distinction by arguing that GenAI was "not part of Plaintiffs' theory of liability or the Court's liability determination" either with respect to Google's conduct or its products.  *See* Google's Br. at 11.  Provisions that regulate the licensing of Google GenAI products or revenue-share agreements (RSAs) pertaining to such products should be

16

narrower than parallel provisions for Search or Chrome, Google insists, because the former are "forward-looking provisions" where the court's "discretion is necessarily less broad," and a broader remedy creates the "danger of imposing restrictions that prevent the defendant from forging new routes to serve consumers." *Id.* at 10–12. Accordingly, Google believes it should be able "to retain the right to condition, for example, the Google Maps and YouTube apps on the exclusive distribution of Google GenAI and Google Assistant," because none of these products are "monopoly products." Hr'g Tr. at 59:4–62:18; *see also* Pls.' Br. at 5.

Adopting Google's proposal would be self-defeating. *See* Rem. Op. at 62 ("Antitrust actions would be 'futile exercise[s]' indeed 'if the Government prove[d] a violation but fail[ed] to secure a remedy adequate to redress it." (alterations in original) (quoting *E. I. du Pont*, 366 U.S. at 323)). To repeat once more, Google cannot be permitted to replay its illegal conduct with its GenAI products. Google's arguments have for the most part already been considered and rejected by the court. *See id.* at 99–104.

It is simply not true that the injunctive relief must be so tightly shrink-wrapped around the exact contours of liability. *See Nat'l Soc'y of Pro. Eng'rs v. United States* (*NSPE*), 435 U.S. 679, 698 (1978) (affirming injunctive relief that went "beyond a simple proscription against the precise conduct previously pursued"); *accord* 3 AREEDA & HOVENKAMP ¶ 653f ("[I]njunctive relief must be tailored with sufficient breadth to ensure that a certain 'class' of acts, or acts of a certain type or having a certain effect, not be repeated."). As Google recognizes, *see* Google's Br. at 11, the court can also enjoin "'practices connected with acts actually found to be illegal,' including practices 'which are of the same type or class as unlawful acts,'" Rem. Op. at 60 (first citing *United States v. U.S. Gypsum Co.*, 340 U.S. 76, 89 (1950); then citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 132 (1969)). Employing "the same anticompetitive playbook for its

17

GenAI products that it used for Search," *id.* at 99, would surely be within the same type or class as Google's unlawful exclusionary acts with respect to Search.

At the October 8th hearing, Google contended that it should be permitted to condition its GenAI products in the same way that, for example, Microsoft has been conditioning distribution of its GenAI product, Copilot, on other applications "given the nascent nature of the market and given the level and the degree of competition" and because "Google doesn't have market power in Gemini." Hr'g Tr. at 61:5–64:5; *see also* Google's Br. at 13. The court is unpersuaded.

Besides the representation made by counsel at the hearing, no evidence has been presented that Microsoft in fact conditions distribution of Copilot on other applications, or that any other company does so with their respective GenAI products. *See* Rem. Op. at 217 (finding that Microsoft has integrated Copilot into Edge and Bing, but not that Microsoft bundles Copilot with other applications). Even if they did, the point of these remedies is not to ensure that Google maintains parity with competitors—it is to ensure that others can effectively compete in these markets. *Cf. Massachusetts*, 373 F.3d at 1231 (Section 2 remedies must "restor[e] conditions in which the competitive process is revived."); 3 AREEDA & HOVENKAMP ¶ 650a(2)(D).

Moreover, Google's argument that it should not be prevented from pursuing creative licensing regimes with its GenAI products because of its relative lack of power in that market is unconvincing. Remedies need not be strictly limited to "monopoly products" or even products for which the monopolist has any leverage in the market. The *New York I* court recognized this when it approved the inclusion of new technologies that "ha[d] the capacity to function in a manner similar to that of" the middleware that was the focus of liability in the remedies decree. 224 F. Supp. 2d at 129. And the D.C. Circuit affirmed that decision. *See Massachusetts*, 373 F.3d at 1204. Even Google's own proposed provisions, by their own terms and by Google's

18

characterization, include products not at issue in liability or for which findings of fact about market power were never established. *See* Google's FPFJ § III.A–B (referring to "Google Play *or any other Google software application*" (emphasis added)); Google's Br. at 11. Google acknowledges that even those products would fall within the court's authority to enjoin other conduct "of the 'same type or class' as the violations." Google's Br. at 11 (citation omitted).

To be certain, the D.C. Circuit has cautioned that when "adopting a forward-looking provision," the court's "discretion is necessarily less broad because . . . it is in danger of imposing restrictions that prevent the defendant from forging new routes to serve consumers." *Massachusetts*, 373 F.3d at 1224. But that discretion is not so constricted that it prohibits the court from imposing remedies to prevent the same unlawful conduct from occurring again in a meaningfully overlapping context. *See id.* at 1233 ("The district court certainly did not abuse its discretion by adopting a remedy that denies Microsoft the ability to take the same or similar actions to limit competition in the future rather than a remedy aimed narrowly at redressing the harm suffered by specific competitors in the past.").

In sum, the court declines to accept the relaxed injunctive relief Google proposes with respect to GenAI products. Those provisions related to such products shall be parallel to the provisions related to non-GenAI Google products in the way that Plaintiffs propose.[4] *See* FJ § III.A–D, H–J, M.

---

[4] Google also characterizes the court's description of its recent Gemini Commercial Agreement with Samsung as "recogniz[ing] this distinction" between GenAI and non-GenAI products with respect to access-point optionality. *See* Google's Br. at 12–13 (discussing Rem. Op. at 50–56). The court simply described these agreements to demonstrate that the liability decision was already influencing the way Google was contracting with its partners, *see* Rem. Op. at 107, not to define the scope of the Final Judgment when it comes to the distribution of GenAI products.

19

B.    **Scope of Prohibited Conditioning**

The parties appeared to agree throughout the remedies phase about the constraints on Google's ability to condition the distribution of one piece of software on another. *See* Rem. Op. at 106. Apparently, not so.

Google's proposed injunctive relief prevents it from entering or maintaining agreements that contain an express conditioning term. But Plaintiffs' proposals ban conditioning altogether, regardless of whether it has been memorialized in an agreement. *Compare* Google's FPFJ § III.A–J ("Google shall not enter or maintain any agreement . . . that conditions . . . ."), *with* Pls.' FPFJ § III.A–J ("Google shall not condition . . . .").

Plaintiffs urge acceptance of their version to prevent Google from not only entering into agreements that contain an express conditioning term, but also declining to enter agreements that would not. Pls.' Br. at 3. They allege that "[i]n a meeting, Google confirmed that . . . Google intends to reserve the right to conditionally refuse to license the Play Store based on whether the device manufacturers opt to distribute Google Search–related products." *Id.* Google emphatically denies having made this representation, Hr'g Tr. at 54:1–56:10, but still defends its proposed language on the basis that "Plaintiffs did not establish, and the Court did not find, that Google engaged in any 'conditioning' that did not involve an agreement," *see* Google's Br. at 9–10, and that Plaintiffs' proposed language invites potential misinterpretation by partners, *see* Hr'g Tr. at 56:11-16.

The court has already explained that injunctive relief need not be surgically drawn around the exact contours of liability. *See supra* Section IV.A. But more to the point, conditional refusals to deal are as pernicious as conditional deals committed to writing. *Cf. OJ Com., LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1247 (11th Cir. 2022) ("Conditional refusals to deal—i.e., one firm unilaterally

20

refusing to deal with another firm unless some condition is met—and exclusive dealing [are] synonymous." (cleaned up)); *BRFHH Shreveport, LLC v. Willis-Knighton Med. Ctr.*, 49 F.4th 520 (5th Cir. 2022) ("[C]onditional refusals to deal are functionally equivalent to exclusive-dealing arrangements." (citing *OJ Com.*, 34 F.4th at 1247)); *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181, 193 (3d Cir. 2005) (analyzing exclusionary business practices as if they were exclusive agreements because such practices were "as effective as those in written contracts"). A prohibition on Google's anticompetitive conduct would be fundamentally flawed if, for example, Google were prohibited from entering into an agreement that expressly conditions the licensing of the Play Store on the distribution of Search but were permitted to decline a request to license Google Play because the partner would not preinstall Search on its devices. *See* Pls.' Br. at 3. After all, this court must "end the illegal conduct and . . . make every effort to protect against conduct of the same type or class." *New York I*, 224 F. Supp. 2d at 189.

Plaintiffs' language is not impermissibly vague, as Google suggests. Google's Br. at 10. It is straightforward: Google shall not condition. Google protests that "Plaintiffs have not explained whether the act of 'condition[ing]' purportedly could reach even a trivial statement by a single Google employee that does not result in an actual agreement," Google's Br. at 10, and that it is at risk of being brought into a contempt proceeding over a potential misunderstanding during negotiations, Hr'g Tr. at 56:9-16. These concerns are overstated. The court is confident that "trivial" statements will not result in contempt proceedings and that if there is a non-trivial allegation of breach, the Final Judgment's enforcement procedures will provide an adequate path to resolution. *See generally* FJ § VII.

Google swears that "there's not going to be any conditioning of the type" and that it is "100 percent certain that [the court] would find that to be a violation of the decree, and that [it]

21

will not take place." Hr'g Tr. at 57:1-4. Then it should have no problem with a decree that expressly prohibits "any conditioning of the type." The court therefore adopts Plaintiffs' language that "Google shall not condition." *See generally* FJ § III.

### C. Annual Termination

At the liability phase, the court determined that "[t]he lack of flexibility for partners to exit the distribution agreements reinforces their foreclosure effect." *Google*, 747 F. Supp. 3d at 158. This lack of flexibility came from both the agreements' durations and the fact that they were not easily terminable. *Id.* The court thus approved of provisions giving Browser Developers, OEMs, and wireless carriers an annual opportunity to reset the search product at different access points across different devices. Rem. Op. at 110–11.

Google believes that multi-year agreements with a right to opt out annually without termination fees offer sufficient flexibility. In fact, it argues, a multi-year agreement with annual opt-outs would *increase* the contracting options for partners, including opting out of their agreements after one year, if they wish. Google's Br. at 14; Hr'g Tr. at 74:19–75:5. Google insists that partners want these choices and that providing them will foster greater competition. Hr'g Tr. at 75:6-13.

Plaintiffs see it differently. They urge that an applicable agreement must "terminate[] no more than one year after the date it is entered." Pls.' FPFJ § III.K. Stressing that Google's prior agreements were hard to terminate, Plaintiffs argue that Google's proposal would still permit it to find creative ways to make termination difficult or to discourage opting out, such as by annually increasing RSA payments or imposing other burdens. Pls.' Br. at 7 & n.2.

The court holds that a hard-and-fast termination requirement after one year would best carry out the purpose of the injunctive relief.

Recall, the liability phase "record reflects no meaningful competitive rebidding of the agreements. The more common story is Google's partners renewing the agreements without genuine consideration of an alternative." *Google*, 747 F. Supp. 3d at 158. Requiring contracting parties to reevaluate their positions and renegotiate their agreements each year would create regular opportunities for competitive rebidding. Competitors in the industry would be on regular notice as to when an agreement between a Browser Developer, OEM, or wireless carrier and Google is coming to an end and be able to prepare accordingly to enter a competitive bid when that time comes. *See* Hr'g Tr. at 73:19–74:8. A bright-line, one-year term also will simplify enforcement. *See* Pls.' Br. at 7; Hr'g Tr. at 73:11-18 (Plaintiffs' counsel suggesting that adopting Google's language would in fact be less efficient than Google represents because it may require "mini economic trial[s]" on potential multi-year contracts "to see whether or not the incentives overwhelm what should be the right of termination"); *see also id.* at 67:24–69:6 (Plaintiffs' counsel approving of an omnibus agreement for the required separate agreements for different Operating System versions and privacy modes across different devices as long as each agreement must be renegotiated each year). *But see* Google's Br. at 14 & n.2 (describing Plaintiffs' proposal as increasing administrative burden because the optionality Plaintiffs seek could be achieved in a single agreement).

The court is skeptical of Google's contention that its proposal would give partners *more* flexibility. In theory, partners have always had a choice. But in practice, Google has held all the cards. *Google*, 747 F. Supp. 3d at 158; Hr'g Tr. at 80:1-5. Knowing that contracts will come to

an end annually gives them a bit of the leverage they previously lacked and, importantly, will create frequent opportunities for genuine competition.[5]

Courts have presumed under related antitrust provisions that exclusive contracts ending within a year are reasonable. *Google*, 747 F. Supp. 3d at 157. Given the aggregation of factors contributing to the exclusive agreements' substantial foreclosure of the market, the hard-and-fast yearly termination requirement will help to "pry open" that market. *See* FJ § III.K–M.

### D.    Browser Developers and Apple

The parties' proposals with respect to Browser Developers and Apple differed from the start, and they have only diverged further. Plaintiffs originally proposed that Google could "enter or maintain any agreement requiring" either a Browser Developer or Apple to set Google Search (and for Apple, also any Google GenAI Product) as the default search engine or product only if that agreement applies to just one Operating System Version and one Privacy Mode at a time. Pls.' FPFJ § III.L–M. They also clarified that "this provision does not prohibit Google from negotiating multiple such agreements with" a Browser Developer or Apple "as long as no agreement is conditioned on another." *Id.* Google, on the other hand, proposed that it could enter such an agreement as long as the Browser Developer or Apple is permitted "on an annual basis to set a different Default Search Engine in the United States for any Operating System Version and/or Privacy Mode offered by the Browser Developer [or Apple] without foregoing any payments attributable to an Operating System Version or Privacy Mode where Google Search remains set as

---

[5] Google takes issue with a yearly termination requirement as "impermissibly regulat[ing] third parties." Google's Br. at 13. But antitrust remedies directed at agreements that unlawfully foreclose markets will necessarily affect relevant third parties to some degree. That is unavoidable. *See, e.g.*, *New York I*, 224 F. Supp. 2d at 152–56 (approving restrictions on Microsoft's ability to enter certain agreements with third party OEMs); *cf. E. I. du Pont*, 366 U.S. at 326 ("[C]ourts are authorized, indeed required, to decree relief effective to redress the violations, whatever the adverse effect of such a decree on private interests.").

the Default Search Engine."[6]   Google's FPFJ § III.L; *id.* § III.M–N.   Plaintiffs maintain that Google's provision would allow it to require Apple to set Google as the default search engine on every instance of Safari on every Apple device at every access point as long as it did so one year at a time.   Pls.' Br. at 8–9; Hr'g Tr. at 72:3-15.   But Google is adamant that its provision would allow a Browser Developer or Apple on an annual basis to "mix and match" across Operating Systems or Privacy Modes without any impact on their revenue share.   Hr'g Tr. at 77:14–78:10. It insists that the only difference between its provisions and Plaintiffs' is the issue of yearly termination and administration.   *Id.* at 78:11–79:8.

At the October 8th hearing, Plaintiffs justified their proposal in part by stating that they understood the court "to permit some more exclusive dealing on browsers and Apple."   *Id.* at 70:4– 16.   More specifically, they said, "We read Your Honor's opinion to suggest that you would be okay with more all-or-nothing type agreements, where Google would buy, for example, all iPhones in the United States, the standard Safari mode default, where Apple can't change a single device to a different default.   We find that troubling, but if they were going to do that, we want it to be limited to the mode and the operating system."   *Id.* at 69:7-13.   In response, the court clarified it did not intend for there to be daylight between restrictions on Google's ability to contract with respect to Android devices and those with respect to Browser Developers and Apple.   *Id.* at 70:25– 71:15.   Plaintiffs told the court that this was "welcome news," *id.* at 71:16, and that they would "love to rewrite" those provisions, *id.* at 87:23–88:22.[7]

---

[6] Because the court has already found that applicable restrictions should not be relaxed with respect to GenAI products and that agreements permitted under the prohibitory injunctions must terminate after one year, *see supra* Sections IV.A, C, the court discusses these provisions without addressing those differing elements of the parties' proposals. The court also does not discuss the one element of these provisions that is undisputed—that Browser Developers and Apple are expressly permitted to promote any Third-Party General Search Service and Third-Party GenAI Product. *See* Pls.' FPFJ § III.L–M; Google's FPFJ § III.L–N.

[7] As far as the court can tell, Plaintiffs appear to have understood the court to "permit some more exclusive dealing" with respect to Browser Developers and Apple because it read the court's description of Google's original revised

25

Following this exchange, Plaintiffs submitted new proposals for its provisions regarding Browser Developers and Apple. *See* Pls.' Suppl. These revised provisions tightened the restrictions to mirror those imposed on Android partners. They would prevent Google from conditioning consideration for (1) setting Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product on any browser access point (including alternative modes) or any proprietary Apple feature or functionality (such as Safari, Siri, Spotlight, and any Privacy Mode) on a device on (2) setting the same product on any other browser access point or proprietary Apple feature or functionality on that same device or any other device in the United States. *See* Pls.' Suppl. § III.L–M. In other words, Plaintiffs propose that the same access-point-by-access-point and device-by-device optionality it proposes for Android devices apply also to browsers and Apple devices.

The Final Judgment will include, over Google's objection, Plaintiffs' revised provisions regarding Browser Developers and Apple. *See* FJ § III.L–M.

As a threshold matter, the court rejects Google's contention that it cannot consider Plaintiffs' updated provisions because they were presented "after the evidentiary record is closed and after briefing and argument on the parties' [proposed final judgments]." *See* Google's Suppl. at 5. Plaintiffs have not relied on new evidence. And Google has had a fulsome opportunity to respond at both the October 8th hearing and in writing. Furthermore, in crafting the Final Judgment, the court is not beholden to the exact language the parties have proposed at any stage.

---

proposed final judgment and its acknowledgment that "[a]ll of this is a good start" as adopting that description for purposes of the Final Judgment. *See* Rem. Op. at 105–07 ("Under its proposal . . . Google also would be permitted to pay Browser Developers, including Apple, to set Search as the default GSE, so long as the Browser Developer (1) can promote other GSEs and (2) is permitted to set a different GSE on different operating system versions or in a privacy mode and make[] changes, if desired, on an annual basis. . . . And Apple could preload GSEs on a device-by-device basis (i.e., Safari for Mac versus Safari for Windows), and install different GSEs for different search modes, like private browsing."). As previously explained, *see supra* Section II, any "approvals" of a proposed remedy did not signal the court's embrace of the proposal's specific text.

26

The court makes this determination with the evidentiary record already before it, as well as the benefit of the parties' arguments and submissions.

Google's merits objections to Plaintiffs' updated proposals are largely a reprise of its position that the prohibitory injunctions must be limited to the narrowest reading of the court's liability findings. For example, Google stresses multiple times that Plaintiffs only established that the "purported 'exclusivity' arose from Apple having agreed for the term of the contract not to 'pre-select a different default search engine in Safari's private browsing mode' or 'offer a different default search engine on different Apple devices (e.g., *different defaults on mobile versus desktop devices*).'" *Id.* at 1 (quoting Pls.' Post-Trial Br., ECF No. 896, at 36); *see also id.* at 2–3 (referring to the court's representation at the October 8th hearing that it had understood Plaintiffs' reference to device-level optionality as being relevant to the device type). Maybe so, but the court can fashion a remedy that goes "beyond a simple proscription against the precise conduct previously pursued." *NSPE*, 435 U.S. at 698; *see supra* Section IV.A.

Google also argues that device-by-device and access-point-by-access-point optionality is unnecessary to include in the provision applicable to Apple. Because Apple, too, is an OEM, Google states, all the other provisions in the prohibitory injunction will also apply to Apple. Google's Suppl. at 3. This is only partly true.

The court held at the liability phase that "(1) agreements between Google and browser developers, such as Apple and Mozilla, were exclusive insofar as they established Google as the out-of-the box default search engine; (2) mobile application distribution agreements ("MADAs") between Google and Android [OEMs] were exclusive in practice; and (3) [RSAs] between Google and Android device distributors—both OEMs and wireless carriers—formalized the practical exclusivity of the MADAs." Rem. Op. at 9–10 (citing *Google*, 747 F. Supp. 3d at 146–52).

27

In doing so, it evaluated separately the Apple Internet Services Agreement (ISA) and Browser Developer agreements on one hand and the Android agreements on the other, because the way Google Search was distributed across those agreements differed.  For Apple and Browser Developers, Search is integrated into specific search access points, such as Safari, Siri, and Spotlight on Apple devices, and the search box, navigation or location bar, and search box displayed on the Startpage on Mozilla's Firefox browser.  *See Google*, 747 F. Supp. 3d at 44 ¶ 59; *id.* 96 ¶ 334.  For Android devices, on the other hand, Search is primarily distributed through individual applications, such as the Google Search Widget and Chrome, and bundled with others like YouTube and Google Maps as part of the MADAs.  *Id.* at 97–100 ¶¶ 348–361.  Apple does not contract for Google services through applications the way Android partners do.  So, while Apple is indeed an OEM, those provisions that prevent Google from conditioning payment or licensing of *applications* on the distribution of one another do not apply to Apple.  This objection therefore falls flat.

Finally, Google maintains that "[t]he additional provision applicable to agreements setting Google Search as the Default Search Engine in a Third-Party Browser has always differed in some respects from the provisions directed to certain devices because a browser default is only one search access point on a device.  There is no logical basis for distinguishing between individual devices or access points in the context of a browser default, which is why no one even suggested such a concept until Plaintiffs raised it this month."  Google's Suppl. at 4 (emphasis omitted).  Google overlooks the fact that Browser Developers can also be OEMs—notably, for instance, Samsung.  *Google*, 747 F. Supp. 3d at 35–37 ¶¶ 9, 16.  Others may emerge in the future.  Plaintiffs' proposal ensures that a device manufacturer that also has a proprietary browser could contract for browser placement with different competitors.  The court acknowledges that at present firms that

28

are only Browser Developers (e.g., Mozilla) may not have the ability to select a default search engine on a device-by-device basis. But because express recognition of such optionality would deny Google "the ability to take the same or similar actions to limit competition in the future," *Massachusetts*, 373 F.3d at 1233, the court thinks deference to Plaintiffs is warranted here. *See E. I. du Pont*, 366 U.S. at 334; *supra* Section II.

### E.     Other Provisions

The court addresses two final provisions of the proposed prohibitory injunctive relief, each proposed by Plaintiffs or Google alone. The court adopts neither.

*First*, Plaintiffs propose a provision that reads: "Google shall not enter or maintain any exclusive contract relating to the distribution of Google Search, the Google Search Application, the Chrome Browser Application, the Google Assistant Application, and any Google GenAI Product in the United States." Pls.' FPFJ § III.N. This is far too broad and vague a term.

Federal Rule of Civil Procedure 65(d) requires that every order granting an injunction "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C). Plaintiffs defend the provision essentially as being designed to catch what is "not allowed." Hr'g Tr. at 87:12–88:3; *see also* Pls.' Br. at 12 ("Section III.N prevents any inadvertent gap between the remedies opinion and the final judgment regarding the treatment of exclusive contracts relating to the distribution of Google Search, Chrome, Google Assistant, and the Gemini app."). But that is exactly the kind of ban on unspecified conduct that Rule 65(d) is designed to prevent. *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) ("[Rule 65(d)] requires that those enjoined receive explicit notice of precisely what conduct is outlawed."); *cf. Gulf Oil Corp. v. Brock*, 778 F.2d 834, 843 (D.C. Cir. 1985) (rejecting order that enjoined "substantially similar" conduct without explaining what would be similar). The provision tracks what Plaintiffs describe as "the

29

Court's directive that . . . the final judgment bar 'any exclusive contract,'" Pls.' Br. at 12 (quoting Rem. Op. at 3), but again, the Final Judgment is what restrains Google, not an opinion. Rule 65(d) requires specificity, not vague language that might fill undefined "gaps." *See United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1137 (D.C. Cir. 2009) ("[W]e have held injunctions to be too vague when they enjoin all violations of a statute in the abstract without any further specification . . . ." (citing *SEC v. Wash. Inv. Network*, 475 F.3d 392, 407 (D.C. Cir. 2007))).

The court can understand Plaintiffs' desire to include a provision that "helps prevent a recurrence of the unlawful conduct by ensuring that Google cannot adopt novel forms of the exclusive distribution the Court condemned." Pls.' Br. at 12 (citing *Microsoft II*, 253 F.3d at 103). But the court cannot enjoin "all future violations of the antitrust laws." *Zenith Radio*, 395 U.S. at 133. The Final Judgment's enforcement provisions, including the court's retention of jurisdiction, should provide an avenue for addressing any allegation of noncompliance or circumvention.[8]

*Second*, Google proposes a provision that reads: "Nothing in this Final Judgment shall otherwise prohibit Google from providing Consideration to a manufacturer or wireless carrier with respect to any Google product or service in exchange for such entity's distribution, placement on any access point, promotion, or licensing of that Google product or service." Google's FPFJ § III.O. Apparently, Google drafted this provision in response to Plaintiffs' previously proposed payment ban. Pls.' Br. at 13. The court has rejected for now that proposed remedy. Rem. Op. at 119–28. Because this provision otherwise adds nothing of value to the Final Judgment, the court declines to adopt it.

---

[8] Plaintiffs' counsel also stated that "[i]f those provisions [enjoining Google from locking up device or access-point flexibility] were also changed to where everyone, including Apple and browsers, had device-by-device and access-point-by-access-point flexibility, I don't know if I could name a type of exclusive agreement right now that would be captured by III.N." Hr'g Tr. at 88:4-12. Because the court adopts Plaintiffs' modified §§ III.L and III.M, *see supra* Section IV.D, Plaintiffs' concern should be placated.

30

## V.    DATA-SHARING

The chief conflict regarding the data-sharing remedy has to do with Google's proposal that the data be shared subject to a license governing use.  *See* Google's FPFJ § IV.C.4.

Required sharing of certain data is justified to "narrow the scale gap created by Google's exclusive distribution agreements and, in turn, the quality gap that followed."  Rem. Op. at 130. Google has acquired a massive scale advantage in part because its exclusive distribution agreements have enabled Google to see far more queries than any of its rivals.  *Google*, 747 F. Supp. 3d at 49–50 ¶¶ 86–90.  Those queries gave Google data that helped improve the quality of Search, which in turn attracted more users and improved monetization, reinforcing the flywheel of network effects that entrenched Google's monopoly.  *Id.* at 161–62.  Because antitrust remedies must "deny to the defendant the fruits of its statutory violation," *Microsoft III*, 253 F.3d at 103 (citations omitted), and because scale is a significant fruit of Google's exclusive distribution agreements, *see* Rem. Op. at 89, the court held that sharing data—specifically, of Web Search Index[9] Data and User-side Data—"represents a reasonable method of eliminating the consequences of [Google's] illegal conduct," Rem Op. at 130 (quoting *NSPE*, 435 U.S. at 698). The data would give competitors the opportunity to boost quality while they continue to innovate to set themselves apart competitively from Google.  *See id.* at 145–46; *see also id.* at 130 (citing *In re Google Play Store*, 147 F.4th at 947 (affirming an information-sharing remedy that would "overcome [Google's] illegally amplified network effects by giving rival stores a fair opportunity to establish themselves" (cleaned up))).

---

[9] The Final Judgment adopts Google's "Web Search Index" rather than Plaintiffs' "Search Index."  *See* FJ § IX.FF; Appendix; Google's App'x at 1.  Google's term and definition more closely aligns with the court's prior directive that this definition should exclude data from Google's various other indexes not crawled from the web.  *See* Rem. Op. at 141.

Google proposes that any data required to be shared under the Final Judgment be subject to a license governing use. That license would "include a requirement that the Qualified Competitor commit not to share or sell the datasets, and shall use the datasets for the exclusive purpose of serving users located in the United States through a General Search Engine, Search Text Ads, and/or a Third-Party GenAI Product." Google's FPFJ § IV.C.4. The Final Judgment should forbid Qualified Competitors from selling the data they receive to unknown third parties, Google argues, because the data-sharing remedy is meant to furnish Qualified Competitors tools to compete in the relevant markets, not to give them an easy way to "turn a quick profit in a manner that violates user privacy (including Google's own terms of service)." Google's Br. at 20.

In general, the court agrees that data should be shared subject to a license, but with modifications that incorporate some of Plaintiffs' objections.

### A.    Restriction on Sharing or Selling Data

Plaintiffs' main concern raised at the October 8th hearing about the licensing proposal was that restricting Qualified Competitors from selling or sharing data from the jump would "artificially constrain them right now before we even know who they are, what their new product might be, [or] how they might innovate on that." Hr'g Tr. at 47:3–48:1.

As to the restriction on selling data, Plaintiffs argue that any Competitor whose intention is only to sell data rather than earnestly use it to compete would be screened out from the start, as such a firm would not be certified as a Qualified Competitor. *Id.* at 47:3-11. When pressed to offer a scenario in which it would be appropriate for a Qualified Competitor to simply sell the data to a third party, regardless of whether that third party has an interest in developing a GSE, counsel for Plaintiffs could only relay that those specific scenarios are as of now unknown. They noted only that it is possible, for example, that a Qualified Competitor would want to sell a product that

32

includes the data, and the Final Judgment should not preemptively preclude them from doing so without letting that scenario unfold.  *See id.* at 49:5-17.

As to the restriction on sharing data, Plaintiffs worry that such a license would prevent Qualified Competitors from sharing data with a partner in a joint venture, for example "with an AI company to improve search results or innovate new search-oriented products."  Pls.' Br. at 15; *see also* Hr'g Tr. at 48:18–49:19.  Google does not flatly oppose the possibility of such a joint venture, but it points out that it "would need to understand whether the joint venture partner is actually doing something that is related to the purposes of this remedy."  Hr'g Tr. at 53:10-24.

With all this in mind, the court agrees that it is appropriate to subject Qualified Competitors to a license that prohibits them from sharing or selling the data received under the Final Judgment.  But those Qualified Competitors will be able to petition the Technical Committee (or the court, if necessary) for relief from that constraint.

The court has serious concerns about allowing Qualified Competitors unbridled use of this valuable data.  Even with appropriate privacy safeguards in place, User-side Data is still likely to contain highly sensitive information about individual users.  *See* Rem. Op. at 163.  And allowing a Qualified Competitor simply to sell the data to make a profit would be inconsistent with the purpose of this remedy.  But at the same time, the court also agrees that Qualified Competitors should not be prevented from entering joint ventures or otherwise innovating with this data.  After all, data-sharing is meant to give competitors a hand in setting themselves apart from Google. *See id.* at 145–46.  Because the real-world effects of the data-sharing remedy have not yet been borne out, there is value in leaving slightly ajar the door to the possibility that some form of sharing or selling the data would be reasonable.  *See also* Hr'g Tr. at 52:22–53:3 (Plaintiffs' counsel stating that they are more concerned about the hurdles put up for sharing and would be willing to write

33

out the sale provision); *id.* at 53:21-24 (Google's counsel stating that a Qualified Competitor and its potential partner getting approval and providing Google with notice and some transparency would be "something that makes sense").

## B.    "Exclusive Purpose"

Next, Plaintiffs take issue with Google's proposed limitation that Qualified Competitors use the data "for the exclusive purpose of serving users . . . through a General Search Engine, Search Text Ads, and/or a Third-Party GenAI Product."  *See* Google's FPFJ § IV.C.4.  They read this language as permitting Qualified Competitors to use the data "only for 'serving' users results," but not to improve algorithms or products.  Pls.' Br. at 15.

The court does not read the proposed text so narrowly.  That provision does not require a Qualified Competitor to only serve users "results."  It does not limit how the data is used, whether directly to serve query results or to improve algorithms or products, as long as the *end* purpose of such use is to develop a product in the relevant markets that is competitive in quality.

Google itself maintains that "these terms are intended to require Qualified Competitors to use the disclosed data solely to compete in the appropriate markets rather than turn a quick profit." Google's Br. at 20; *see also* Hr'g Tr. at 42:25–43:20 (Google's counsel agreeing with the court that the intention behind this phrase is not how Plaintiffs characterized it).  If it becomes evident during the judgment period that Google does in fact intend to use this language to essentially neutralize the remedy, the court will reconsider it.  But for now, the court finds this limitation reasonable.

## C.    Burden on Qualified Competitors

Plaintiffs worry that "Qualified Competitors who currently sell data or search results (for example to GenAI companies) would also be forced, at significant expense, to make the choice of

34

either maintaining a second copy of their data or systems untouched by the data at issue or shut down that business." Pls.' Br. at 15.

The court is unsure of Plaintiff's concern. Nothing in the Final Judgment would prevent a Qualified Competitor from selling its *own* search results and its *own* search results data, even if such products used Google's proprietary data as an input in some way. And companies like the GenAI companies Plaintiffs refer to that could benefit from the data in a way that is consistent with the purpose of the remedy can themselves seek to be certified as Qualified Competitors. Lastly, if there is some compelling reason a Qualified Competitor must sell the data that is consistent with the purpose of this remedy, it may petition the Technical Committee (or the court) to do so. *See supra* Section V.A.

### D.    Location of Users Served

Google would specify that the consumers served by use of the data be "located in the United States." Google's FPFJ § IV.C.4. Plaintiffs argue that, under Google's provision, a Qualified Competitor that currently serves search results worldwide using one system would be forced to exert considerable effort into building anew or maintaining separate infrastructure to use Google's data for the purpose of only serving users "located in the United States." Pls.' Br. at 15. At the hearing, the court asked counsel for Google how this would be feasible as a practical matter. Hr'g Tr. at 44:3-45:21. Counsel for Google responded that "that may be a [T]echnical [C]ommittee issue that . . . depending on how these competitors operate . . . [the Technical Committee] can resolve," *id.* at 45:14-17, but that ultimately what that phrase attempts to prevent is data getting into the hands of competitors who would use the data to develop products, whether search or unrelated to search, outside of the United States or that do not include the United States because "[t]hat's outside the scope of what this case was about," *id.* 45:2-8. Though the court understands

35

Google's concern, given the practical difficulties the language may produce, the court believes that excising the phrase would avoid confusion. The court is willing to revisit this issue if necessary, with input from the Technical Committee.

*    *    *

The provision imposing a license for shared data will thus be as follows: "The data specified in Sections IV.A and B will be shared pursuant to a license governing use. The terms of the license shall include a requirement that the Qualified Competitor commit not to share or sell the datasets unless authorized by the Technical Committee or the Court and shall use the datasets for the exclusive purpose of serving users through a General Search Engine, Search Text Ads, and/or a Third-Party GenAI Product." FJ § IV.C.3. To be clear, the license requirement is not meant to allow Google to impose further burdens on Qualified Competitors. Nor is it meant to be an "artificial hurdle[]" to Qualified Competitors' ability to innovate. *See* Hr'g Tr. at 52:20-21. As drafted by the court, this provision will simply ensure that execution of this remedy remains moored to its purpose. To facilitate execution of this remedy, the court has also included in the Final Judgment a provision requiring that Plaintiffs and the Technical Committee, with input from Google, create a template for such a license within six months of the effective date of the Final Judgment. *See* FJ § IV.C.3.

## VI.    SEARCH SYNDICATION

Because it will take time for Qualified Competitors to develop high-quality competitive GSEs even with the data-sharing remedy, the court found that requiring Google to syndicate its search results would provide a much-needed "bridge" for Qualified Competitors to deliver quality search results that will foster short-term competition with Google. Rem. Op. at 170–71 (quoting Rem. Tr. at 3023:16–3024:14 (J. Adkins) (agreeing that "search syndication can provide a bridge

36

until a new search engine can become a fully independent search engine")).  But it also determined that the information syndicated would be narrower than what Plaintiffs proposed and that syndication would be subject to a license restricting use, as "the purpose of this remedy is to provide a short-term measure for Qualified Competitors to compete as they improve their own search capabilities, not an additional means to facilitate that development.  Other remedies serve that latter purpose."  *Id.* at 178.

Consistent with the Remedies Opinion, the parties' proposals include some version of a search syndication license.  *See* Pls.' FPFJ § V.A–B; Google's FPFJ § V.A–B.  They differ in substantial ways, however.  Mainly, the parties disagree on whether the terms of the search syndication license should (1) be restricted to those "no less favorable" than those in existing licenses or to "ordinary commercial" terms; (2) permit Google to restrict display of search results; (3) permit sub-syndication; and (4) last for a term of five years regardless of whether such term might extend beyond the six-year judgment period.

A.      **"No Less Favorable" versus "Ordinary Commercial" Terms**

1.      *License Terms Generally*

Originally, Plaintiffs had proposed an exceedingly broad search syndication remedy.  They proposed, among other things, that Google would be required to provide search syndication services only at marginal cost and could not place any conditions or restrictions on how a Qualified Competitor could use or display the syndicated content. Rem. Op. at 168–70.  The court narrowed many of these provisions largely because they strayed too far from terms found in licensing agreements in the existing search syndication market.  *Id.* at 173–74 (quoting *Bausch & Lomb*, 321 U.S. at 728 ("Congress has been liberal in enacting remedies to enforce the antimonopoly

37

statues. But in no instance has it indicated an intention to interfere with ordinary commercial practices.”)).

In making this determination, the court used phrases like the following: that a “Qualified Competitor who opts into the syndication remedies shall receive organic results and features on terms *no less favorable than* a current licensee”; “when it comes to a remedy like syndication for which there is an established market and which requires Google to deal with a Qualified Competitor, it is best to hew closely to *ordinary commercial terms*”; and “[p]ricing shall be based on ‘financial terms *no worse than* those offered to any other users of Google’s search syndication products.’” *Id.* at 173–74 (emphases added) (citation omitted). The court’s overarching point was that the terms of a syndication license should not be unmoored from commercial realities already in place.

The parties have picked from this section of the Remedies Opinion the phrases that, they believe, best fit their purposes. Phrases like “no less favorable than,” “no worse than,” and “least restrictive” appear throughout Plaintiffs’ proposal. *See* Pls.’ FPFJ § V.A–B. Google’s, on the other hand, consistently refers to “ordinary commercial” terms. *See* Google’s FPFJ § V.B. The parties have sparred over what these terms mean and whether they track the court’s opinion. *See* Pls.’ Br. at 18–20; Google’s Br. at 25–29.

For the most part, the court is wary of Google’s blanket reliance on “ordinary commercial” terms. First, Google’s use of “ordinary commercial” terms is ambiguous. As Plaintiffs point out, it is unclear what an “ordinary commercial” term with respect to any limitation currently is or how it may change over time. Pls.’ Br. at 19. To be fair, the court used “ordinary commercial terms” in the Remedies Opinion, so Google cannot be faulted for grasping onto that language. But it did

38

not intend for that phrase to convey an effective veto to Google over the search syndication terms merely because a term or some combination of terms is not deemed "ordinary."

But that is precisely how Google would have the court apply it. If a Qualified Competitor proposes a term that is not "ordinary" or typical to Google's existing syndication agreements, Google wants to be able to reject it. Such an ability would inhibit the innovation this remedy attempts to encourage. For example, potential Qualified Competitor DuckDuckGo operates a GSE that seeks to set itself apart by focusing on user privacy. Br. of Amicus Curiae Duck Duck Go, Inc. in Supp. of Pls.' FPFJ, ECF No. 1446-1 [hereinafter DuckDuckGo Br.], at 4; *Google*, 747 F. Supp. 3d at 36 ¶ 12. In an amicus brief, DuckDuckGo worries that, under Google's proposed provisions, Google would be able to refuse to syndicate search results to privacy-focused GSEs like DuckDuckGo's by saying that a provision ensuring a certain degree of user-data protections is not "ordinary" to Google's existing syndication agreements. DuckDuckGo Br. at 5. Qualified Competitors hoping to compete by offering unique services or features may therefore be forced to either forego the syndication remedy or abandon developing what sets them apart. *Id.* at 5–6.

Save one exception, the court will adopt Plaintiffs' language over Google's use of "ordinary commercial" terms. Because these provisions are many, the court will discuss two areas where these differences were particularly contentious: pricing and display restrictions.

### 2. *Pricing*

The court held that Google would not be required to provide syndication services at "no more than . . . marginal cost." Rem. Op. at 174. Because the availability of marginal-cost syndication from Google would disincentivize new syndication market entrants and potentially harm current providers of search syndication services, the court wrote that "[p]ricing shall be based

on 'financial terms no worse than those offered to any other user of Google's search syndication products.'" *Id.* at 173–74 (citation omitted).

And yet Google took a different tack. It now proposes that "Google will offer these syndication services on a non-discriminatory basis to Qualified Competitors at market rates consistent with ordinary commercial terms agreed to by other users of Google's search syndication products." Google's FPFJ § V.B.3.

Its main objection to the court's language, which Plaintiffs have adopted, is that it would create the same problems the court contemplated would arise from a "marginal cost" provision. A most-favored-nation pricing term, Google protests, would result in syndication licenses with pricing terms cherry-picked from, for instance, discounted organic search syndication pricing offered to partners who also syndicate search text ads, sometimes at prices below marginal cost. Google's Br. at 26. Ordinarily, Google says, such discounted pricing is offered because the discount is offset by the revenue Google expects from the ad syndication. *Id.* Google argues that being required to offer the discounted rate to a Qualified Competitor where Google cannot expect the same revenue to offset it would "'interfere with' and 'reduce, if not eliminate, competition in the market for syndicated search results'" for the same reasons the court determined marginal-cost pricing would. *Id.* (quoting Rem. Op. at 175).

Google's concern is overstated. The court thinks it is unlikely that a Qualified Competitor will syndicate search results from Google but not search text ads. After all, it is through search text ads (and other forms of advertising) that GSEs generate revenue. While it may be possible that a Qualified Competitor will syndicate search results from Google but search text ads from elsewhere or not at all, until such arrangements come to fruition, the court is disinclined to alter

40

the Final Judgment in a way that permits Google to dictate pricing with Qualified Competitors based on existing commercial terms reached with Google's profit motive in mind.

Similarly, that most-favored-nation pricing would "substantially impact[] Google's monetization expectation," Google's Br. at 26, is of no moment. Google's "monetization expectation" is a fruit of its illegal conduct. *See* Rem. Op. at 95–97. "Those who violate the [Sherman] Act may not reap the benefits of their violations and avoid an undoing of their unlawful project on the plea of hardship or inconvenience." *E. I. du Pont*, 366 U.S. at 326–27. The Final Judgment's pricing provisions may result in syndication agreements that depart from the way Google has historically contracted or made its revenue. *See* Google's Br. at 26–27. But that is an acceptable consequence of remedying Google's illegal conduct. *Microsoft III*, 253 F.3d at 103 (holding that Section 2 remedies must "deny to the defendant the fruits of its statutory violation" (internal citation and quotation marks omitted)).

### 3. *Restriction on Display of Search Results*

Originally, it was Plaintiffs who sought to enable Qualified Competitors to "effectively replicate how Google delivers its [search engine results pages ("SERPs")]." Rem. Op. at 172 ("How else to explain Plaintiffs' insistence that Google must provide information that is 'the same as if the Qualified Competitor's query had been submitted through Google.com'?" (citation omitted)). Now, Plaintiffs accuse Google of attempting such a result. Hr'g Tr. at 98:15–99:1. And they are right. Google now proposes that it be "permitted to place its ordinary commercial restrictions on the use and display of its syndicated results and content." Google's FPFJ § V.B.8. At the October 8th hearing, Google's counsel explained that its typical syndication-display restrictions include requiring a "Powered by Google" branding insignia, preventing the licensee from changing the order of the syndicated search results, or simply preventing the licensee from

41

"using the syndicated results in manners other than the way Google . . . presents them."  Hr'g Tr. at 106:19–107:10.  Google believes it should be able to continue to impose these restrictions under the Final Judgment.

Plaintiffs aver that if Google can limit Qualified Competitors' display of the syndicated search results to, for example, the "10 blue links" in the way they are displayed on Google's own SERPs, a GenAI company like OpenAI would not be able to "repackag[e] it" as they or their consumers would see fit.  *Id.* at 98:15–99:1; *see also* Rem. Tr. at 389:17–390:2 (Turley) (OpenAI is "not trying to recreate the type of experience that [a consumer] would find on Google.com where you see ten blue links."); Hr'g Tr. at 98:18-21 ("[Google's] provision says they can put ordinary commercial restrictions on the use and display of syndicated Search results.  That is what we worry about would create a world of Google clones.").  Because of these concerns, Plaintiffs propose that Google may not impose such restrictions "beyond the least restrictive terms Google provides under any current search syndication agreements."  Pls.' FPFJ § V.B.6.

The court agrees with Plaintiffs.  Google frames its proposal in part by arguing that oftentimes a Qualified Competitor *wants* to be able to adopt Google's branding "as part of the reason why they're syndicating from Google."  Hr'g Tr. at 109:9-18.  That may be true for some current licensees.  But for a Qualified Competitor—who, to reiterate, can only be certified if it can demonstrate a plan to invest and compete in or with the GSE and/or Search Text Ads markets— becoming a Google clone or marketing itself as one seems an unlikely desire.  The syndication remedy is meant to give Qualified Competitors a boost in quality while they develop competitive products, not to pose as Google in the meantime.  And at least one potential Qualified Competitor in the GenAI space has explicitly expressed a desire to depart from Google's familiar ten blue

links format.  At bottom, allowing Google to require licensees to display results to replicate Google's SERPs would be at odds with what this remedy is designed to achieve.[10]

*    *    *

In sum, both pricing and non-pricing restrictions or limitations in a search syndication license pursuant to the Final Judgment shall be, for the most part, defined by Plaintiffs' language, on "least restrictive," "no less favorable," or "no worse" terms.   The Final Judgment will retain the use of "ordinary commercial" terms to protect against Qualified Competitors using the syndication agreement in a manner than exceeds its intended purpose. *See* Rem. Op. at 184 (citing Rem. Tr. at 2988:9–2989:3, 2990:22–2992:10 (J. Adkins) (discussing Google's ordinary restrictions on scraping, indexing, and crawling in its current syndication agreements)).

A final word on Google's objections:  Google contends that Plaintiffs' proposed license restrictions contradict the court's previous assurance that "Qualified Competitors generally will have to follow ordinary commercial terms and therefore will not need to be customized."  Google's Br. at 28–29 (quoting Rem. Op. at 180).  Google takes this quote out of context.  The court made this assurance in response to Google's concern that the syndication remedy would put the court in the role of a "central planner."  Rem. Op. at 180 (citation omitted).  Google should take the court at its word that it has no intention of becoming a "central planner."  Indeed, adopting Plaintiffs' terms will avoid this.  Google appears to believe that, unless it alone gets to say what terms are ordinary, each license will be a custom-made patchwork of terms causing Google insurmountable challenges.[11]  But there is more certainty in the universe of terms that are the "least restrictive" or

---

[10] As to use, Google explains Qualified Competitors should not be permitted to use syndicated data to feed into their LLMs for training.  Hr'g Tr. at 107:11–108:1.  The court agrees the Final Judgment should not permit this. *See id.* at 108:19–109:2.  But the court does not believe that is what Plaintiffs seek or that the Final Judgment in fact permits it.
[11] In response to the court's note in the Remedies Opinion that "[i]f there are technical feasibility issues with syndicating only crawled web results, Google shall so advise the court," Rem. Op. at 173 n.24, Google now lists a

43

that are "no less favorable." In any event, Google cannot "avoid an undoing of [its] unlawful project on the plea of hardship or inconvenience." *See E. I. du Pont*, 366 U.S. at 326–27.

Lastly, for both the search and search text ads syndication remedies, the court will also require that Plaintiffs and the Technical Committee, with input from Google, create a template for such syndication licenses within 60 days of the effective date of the Final Judgment. *See* FJ §§ V.B, VI.B.

### B.    Sub-Syndication

The court agrees with Google that Qualified Competitors should not be able to sub-syndicate the search results they syndicate from Google under the Final Judgment. *See* Google's FPFJ § V.B.11. Plaintiffs object, arguing that sub-syndication is a standard permission in the existing syndication market and that, because it is not apparent yet whether a Qualified Competitor would "need" to sub-syndicate, the Final Judgment should not foreclose them from doing so upfront. Hr'g Tr. at 93:3-16.

But Google has it right: "Allowing Qualified Competitors to sub-syndicate Google's results . . . is entirely divorced from the Court's reasoning that new general search engine entrants should receive syndication from Google for the purpose of improving . . . *their own* SERPs." Google's Br. at 22 (citing Rem. Tr. at 4805:4-6 (Closing Arg.) (Plaintiffs' counsel stating that it's their "view that the syndication remedy should not be available to people who just want to syndicate")). Given that search syndication is meant to provide a Qualified Competitor a way to serve high-quality results while it develops its own products, the court does not see why a Qualified Competitor would "need" to sub-syndicate to accomplish that purpose. *See* Rem. Op. at 170–71.

---

host of "technical feasibility issues." *See* Google's Br. at 29. The court is not at this time convinced that these issues are so burdensome the features subject to syndication must be limited to those that Google "provides under current standard search syndication agreements." *See id.* As explained above, Google overstates how "bespoke" the syndication agreements with Qualified Competitors will be. *See id.*

And that some syndication agreements today, including Google's, permit some level of sub-syndication does not warrant expanding the purpose of the syndication remedy.  *See* Pls.' Br. at 20; Hr'g Tr. at 93:19–94:8; *see also id.* at 105:6–106:6 (Google's counsel stating that sub-syndication is not a widespread practice and usually limited to the licensee's affiliate, and that in those agreements where Google does permit sub-syndication, it retains an absolute right to reject it).

### C.     Duration

A syndication license pursuant to the Final Judgment will be for a term of five years, regardless of when Google's syndication service is made available to the Qualified Competitor, for both search and search text ads syndication.

Despite the court's holding to that effect, *see* Rem. Op. at 175–76, Google has added that a syndication license will be for a term of five years, *unless* there are fewer than five years remaining before the end of the judgment period.  Googe's FPFJ § V.A.  In that case, Google proposes, the license will be for a term lasting the remainder of the judgment period.  *Id.*  In practice, what that means is that only a Qualified Competitor that comes onto the scene during the first year of the Final Judgment will enjoy a full five-year syndication term.

The court does not dwell on this long.  It held that the syndication license would be for five years based on testimony from potential Qualified Competitors that five years would be enough time in which to become independent of Google.  Rem. Op. at 175–76 (citing Rem. Tr. at 426:16-25 (Turley)); *id.* at 176 n.25 (citing to article detailing that Brave began delivering search results exclusively from its own search index within about two years).  And as DuckDuckGo points out, allowing these syndication licenses to terminate at the end of the judgment period could permit Google to simply run out the clock on license negotiations, especially as the judgment period draws

45

to a close.  DuckDuckGo Br. at 6–7.  The syndication remedy as Google would have it would not fulfill its purpose for a Qualified Competitor that becomes certified in year five of the six-year judgment period; the Qualified Competitor would simply not have enough time with the syndicated data to develop a competitive GSE in the meantime.  *See* Rem. Op. at 175–76; Hr'g Tr. at 110:10–111:8.  What's more, were the court to adopt Google's proposal, the incentive for Qualified Competitors to come forward would diminish over the period remaining on the Final Judgment. Such an outcome would benefit only Google, not competition.

## VII.    SEARCH TEXT ADS SYNDICATION

"Because Google has more users, it has more advertisers, and with more advertisers, it has more dollars to improve its GSE and pay for distribution."  Rem. Op. at 183.  And because Qualified Competitors would be attempting to compete "[i]n the face of such formidable headwinds," the court held that Qualified Competitors should also be able to syndicate search text ads from Google as a "short-term measure designed to 'pry open' the relevant markets."  *Id.*

For the same reasons search syndication licenses will be restricted on "no less favorable terms" and other similar language used by Plaintiffs rather than Google's "ordinary commercial" terms, the same will be true, for the most part, for search text ads syndication.  *See generally* FJ § VI.  The restriction on scraping, indexing, and crawling will remain on ordinary commercial terms.  *Id.* § VI.B.6.  The provision regarding the duration of such licenses will also be the same.[12] *Id.* § VI.B.

---

[12] The restriction on display will be slightly different.  *See* FJ § VI.B.6.  The court previously held that "Google may place ordinary-course restrictions on the use or display of syndicated content."  Rem. Op. at 184.  Unlike in search syndication, Google presented evidence of the specific ways search text ads syndication without ordinary-course restrictions on display or use could harm advertisers and ad quality.  *See id.* (citing Rem. Tr. at 2972:4–2976:3, 2979:5–2984:10 (J. Adkins)).  That said, the court does not adopt Plaintiffs' narrow enumeration of permissible justifications for imposing such restrictions.  *See* Pls.' FPFJ § VI.B.6.

The search text ads syndication remedy differs in one important way from the search syndication remedy.  The court previously contemplated the possibility of new entrants into the ad platform market.  *See* Rem. Op. at 183 ("It is also possible that an independent ad platform could emerge to compete with Google and Microsoft, which are the only current suppliers of general search text ads in the United States.").  Becoming an independent ad platform in the search text ads market takes a near-insurmountable effort in part due to Google's monopoly.  *See* Rem. Tr. at 1794:12–1797:3 (Epstein) (describing "cold start" problems).  To be competitive, a potential new entrant would need to be able to offer publishers syndication of high-quality ads.  *See id.* at 1798:16–1799:16 (Epstein); *see also* Pls.' Br. at 20.  So, while sub-syndication of search results would be inappropriate for Qualified Competitors looking to compete in search for the reasons explained above, *see supra* Section VI.B, sub-syndication of search text ads would be a useful bridge for a Qualified Competitor looking to compete with Google's ad platform.  Sub-syndication will thus be permitted for search text ads only if "such Qualified Competitor has been certified as a Competitor to a Google ads platform (e.g., Google Ads)."  FJ § VI.B.9.

## VIII.  ENFORCEMENT

From the beginning, the provisions related to the Technical Committee have been contentious.  The court will not rehash the parties' arguments or go over their final proposals with a fine-tooth comb here.   Rather, the court will explain at a high level its approach to the relevant provisions.

The court has been clear that a Technical Committee is an appropriate instrument to assist Plaintiffs in their enforcement efforts, as it "comports with federal courts' long history of utilizing appointed experts and provides a process to review and resolve inevitable disputes between the parties—ideally without further need for judicial intervention."  Rem. Op. at 211 (quoting *In re*

*Google Play Store*, 147 F.4th at 954). A Technical Committee that is the "enforcement arm of the government," *Microsoft IV*, 231 F. Supp. 2d at 197, embodies the principle that with the government's broad authority to enforce the antitrust laws comes discretion with how violations should be redressed, *see F. Hoffman-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 170–71 (2004) ("A Government plaintiff . . . must seek to obtain the relief necessary to protect the public from further anticompetitive conduct and to redress anticompetitive harm. And a Government plaintiff has legal authority broad enough to allow it to carry out this mission. . . . '[I]t is well settled that once the Government has successfully borne the considerable burden of establishing a violation of law, all doubts as to the remedy are to be resolved in its favor.'" (quoting *E. I. DuPont*, 366 U.S. at 334)); *see also Ford Motor Co. v. United States*, 405 U.S. 562, 575 (1972).

Throughout the remedies phase, Plaintiffs have vigorously insisted that the court's rulings and the case law make clear that "ultimately the power to enforce the terms of the decree rests with the government." Pls.' Br. at 21 (quoting *Massachusetts*, 373 F.3d at 1243). In their most recent brief, they took issue with Google's attempts at squeezing Plaintiffs out of various enforcement activities and roping the court into resolving disputes instead. *Id.* at 20–21. They also accused Google of attempting to "empower Google to delay or stymie enforcement at every turn simply by objecting." *Id.* at 21. Plaintiffs' FPFJ reflects these objections. *See generally* Pls.' FPFJ § VII.

Yet at the hearing, Plaintiffs appeared to surrender their position. From the jump, they conceded that Google should have full opportunity to object to any detail of the Final Judgment's execution. *See* Hr'g Tr. at 18:24–19:10. And despite the clear textual differences in the parties' FPFJs and briefs, Plaintiffs' counsel effectively agreed that "there is substantively no difference between the language that [Plaintiffs have] proposed, at least with respect to Google's ability to

48

object and bring things to the Court's attention, and what [Google has] proposed." *Id.* at 20:11–21:2.

Plaintiffs' counsel tried to assure the court that it is "free to delegate any of those elements [of enforcement] entirely to the [T]echnical [C]ommittee, entirely to [P]laintiffs." *Id.* at 34:7-14. But the court is frankly at a loss for how it can square this with their simultaneous position that "there is no such decision that ends with [Plaintiffs] and the [T]echnical [C]ommittee" and that "Google can object to everything and almost anything that would then require [the court's] resolution." *Id.* at 19:20–20:5.

The court is wary of being called in as a referee to the minutiae of the Final Judgment's execution and enforcement. Nevertheless, because the parties agree that Google should have a broad right to object, the court will grant it. *See* FJ § VII.A.7.k. This should put to rest Google's blanket objections to Plaintiffs' alleged attempts at taking decision-making authority from the court. Google's Br. at 30–32. The parties offer the assurance that they will elevate for judicial consideration only the most important conflicts. *See* Hr'g Tr. at 19:24–20:5; 26:7-12. The court is skeptical. Still, it adopts Google's express right to object with cautious optimism that the parties will keep their word.

Although Google will have an express right to object, the court affords some deference to Plaintiffs' provisions in this section of the Final Judgment. *See generally* FJ § VII; *see also* Appendix. Google appears to protest any function carried out by the Technical Committee that goes beyond mere "technical competence," characterizing the broad oversight and investigative functions Plaintiffs propose as "an end-run around the Court's rejection of the Plaintiffs' anticircumvention and anti-retaliation proposals." *See* Google's Br. at 32–33. Yet, the Technical Committee established in *New York I* and affirmed by *Massachusetts* had much of these same

49

broad functions. *See* Second Modified Final J., *United States v. Microsoft Corp.*, No. 98-cv-1232, ECF No. 889 (D.D.C. Mar. 22, 2009). None of these responsibilities are a "substitute for the enforcement authority of [Plaintiffs]" or the court. Rem. Op. at 212 (citing *Massachusetts*, 373 F.3d at 1244).

Finally, to keep the court updated on the progress of executing the Final Judgment, Plaintiffs, with input from the Technical Committee, shall submit a status report within 90 days of the effective date of the Final Judgment and then on future dates as set by the Court. FJ § VII.E.1.

## IX.    RETENTION OF JURISDICTION

Last but not least, the court addresses its retention of jurisdiction. The Supreme Court was explicit in *United States v. United Shoe Machinery Corp.* that, where the government is entitled to relief in a Section 2 case, the "court's power" to order additional relief to remedy an earlier antitrust violation "is clear," even after the judgment period has passed. 391 U.S. 244, 251 (1968); *accord* 2A AREEDA & HOVENKAMP ¶ 325a ("[A] court's involvement is not necessarily ended once its decree is issued."); *id.* ¶ 325c2 ("Antitrust decrees may reserve the court's jurisdiction to order additional or modified relief." (citing *United States v. United Shoe Mach. Corp.*, 110 F. Supp. 295 (D. Mass. 1953), *aff'd per curiam*, 347 U.S. 521 (1954))). Both parties' proposals would preserve this court's jurisdiction accordingly.

Plaintiffs' proposal that it be permitted to file suit against Google for a period of four years after the expiration of the Final Judgment for any violations of the Final Judgment committed during the judgment period is not, as Google argues, the impermissible creation of a cause of action. *See* Google's Br. at 38–39. It is simply a part of the court's retention of its jurisdiction to enable Plaintiffs to enforce the Final Judgment.

50

That said, the court will not determine now, as Plaintiffs propose, what Plaintiffs must show to alter the judgment and to what standard Google will be held in response. *Compare* FJ § XI.A, *with* Pls.' FPFJ § XI.A. The court will address those specifics if and when the time comes.

## X.    CONCLUSION

It bears repeating that "Google is a monopolist, and it has acted as one to maintain its monopoly." *Google*, 747 F. Supp. 3d at 32. In crafting the Final Judgment, the task of this court was to "unfetter a market from anticompetitive conduct, . . . deny to the defendant the fruits of its statutory violation, and ensure that there remain no practices likely to result in monopolization in the future," *Microsoft III*, 253 F.3d at 103 (internal quotation marks and citations omitted), even if the remedies ordered would "entail harsh consequences," *FTC v. Whole Foods Mkt., Inc.*, 548 F.3d 1028, 1033 (D.C. Cir. 2008) (quoting *E. I. du Pont*, 366 U.S. at 327). The terms of the Final Judgment have been designed to do just that consistent with established Section 2 legal principles.

The Final Judgment accompanies this Memorandum Opinion.

Dated:  December 5, 2025

Amit P. Mehta
United States District Judge

51

# APPENDIX

## I. JURISDICTION

| Plaintiffs' Proposal | Google's Proposal | Final Judgment |
|---|---|---|
| The Court has jurisdiction over the subject matter of this action and over Google. | This Court has jurisdiction over the subject matter of this action and over Google LLC. | This Court has jurisdiction over the subject matter of this action and over Google LLC. |

## II. APPLICABILITY

| Plaintiffs' Proposal | Google's Proposal | Final Judgment |
|---|---|---|
| This Final Judgment applies to Google and to each of its officers, directors, agents, employees, subsidiaries, successors and assigns; and to all other persons in active concert or participation with Google who have received actual notice of this Final Judgment by personal service or otherwise. | This Final Judgment applies to Google and to each of its officers, directors, agents, employees, subsidiaries, successors, and assigns. | This Final Judgment applies to Google and to each of its officers, directors, agents, employees, subsidiaries, successors, and assigns; and to all other persons in active concert or participation with Google who have received actual notice of this Final Judgment by personal service or otherwise. |

## III. PROHIBITORY INJUNCTIONS

| Plaintiffs' Proposal | Google's Proposal | Final Judgment |
|---|---|---|
| A. Google shall not condition the licensing of Google Play or any other Google application on the distribution, preload, placement, display, use, or license of the Google Search Application on any device sold in the United States. | A. Google shall not enter or maintain any agreement with a manufacturer that conditions the licensing of Google Play or any other Google software application on that manufacturer also distributing, preloading, placing, displaying, using, or licensing the Google Search Application on Covered Devices sold in the United States. | A. Google shall not condition the licensing of Google Play or any other Google application on the distribution, preload, placement, display, use, or license of the Google Search Application on any device sold in the United States. |
| B. Google shall not condition the licensing of Google Play or any other Google application on the distribution, preload, placement, display, use, or license of the Chrome Browser Application on any device sold in the United States. | B. Google shall not enter or maintain any agreement with a manufacturer that conditions the licensing of Google Play or any other Google software application on that manufacturer also distributing, preloading, placing, displaying, using, or licensing the Chrome Browser Application on Covered Devices sold in the United States. | B. Google shall not condition the licensing of Google Play or any other Google application on the distribution, preload, placement, display, use or license of the Chrome Browser Application on any device sold in the United States. |
| C. Google shall not condition the licensing of Google Play or any other Google application on the distribution, preload, placement, display, use, or | C. Google shall not enter or maintain any agreement with a manufacturer that conditions the licensing of the Google Search | C. Google shall not condition the licensing of Google Play or any other Google application on the distribution, preload, placement, display, use, or |

52

| | | |
|---|---|---|
| license of the Google Assistant Application on any device sold in the United States. | Application, the Chrome Browser Application, or Google Play, on the manufacturer also distributing, preloading, placing, displaying, using, or licensing the Google Assistant Application on Covered Devices sold in the United States. | license of the Google Assistant Application on any device sold in the United States. |
| D.  Google shall not condition the licensing of Google Play or any other Google application on the distribution, preload, placement, display, use, or license of any Google GenAI Product on any device sold in the United States. | D.  Google shall not enter or maintain any agreement with a manufacturer that conditions the licensing of the Google Search Application, the Chrome Browser Application, or Google Play, on the manufacturer also distributing, preloading, placing, displaying, using, or licensing Google GenAI Assistant Application on Covered Devices sold in the United States. | D.  Google shall not condition the licensing of Google Play or any other Google application on the distribution, preload, placement, display, use, or license of any Google GenAI Product on any device sold in the United States. |
| E.  Google shall not condition (i) Consideration or (ii) the license of Google Play or any Google software application on a device manufacturer or wireless carrier refraining from developing, distributing, preloading, placing, displaying, using, selling, or licensing any Third-Party General Search Service on any device sold in the United States. | E.  Google shall not enter or maintain any agreement with a manufacturer or wireless carrier that conditions (i) Consideration or (ii) the license of Google Play or any Google software application, on that manufacturer or wireless carrier refraining from developing, distributing, preloading, placing, displaying, using, selling, or licensing any Third-Party General Search Service on Covered Devices sold in the United States. | E.  Google shall not condition (i) Consideration or (ii) the license of Google Play or any Google software application on a device manufacturer or wireless carrier refraining from developing, distributing, preloading, placing, displaying, using, selling, or licensing any Third-Party General Search Service on any device sold in the United States. |
| F.  Google shall not condition (i) Consideration or (ii) the license of Google Play or any Google software application on a device manufacturer or wireless carrier refraining from developing, distributing, preloading, placing, displaying, using, selling, or licensing any Third-Party Browser on any device sold in the United States. | F.  Google shall not enter or maintain any agreement with a manufacturer or wireless carrier that conditions (i) Consideration or (ii) the license of Google Play or any Google software application, on that manufacturer or wireless carrier refraining from developing, distributing, preloading, placing, displaying, using, selling, or licensing any Third-Party Browser on Covered Devices sold in the United States. | F.  Google shall not condition (i) Consideration or (ii) the license of Google Play or any Google software application on a device manufacturer or wireless carrier refraining from developing, distributing, preloading, placing, displaying, using, selling, or licensing any Third-Party Browser on any device sold in the United States. |
| G.  Google shall not condition (i) Consideration or (ii) the license of Google Play or any Google software application on a device manufacturer or wireless carrier refraining from developing, distributing, preloading, placing, displaying, using, selling, or | G.  Google shall not enter or maintain any agreement with a manufacturer or wireless carrier that conditions (i) Consideration or (ii) the license of Google Play or any Google software application, on that manufacturer or wireless carrier | G.  Google shall not condition (i) Consideration or (ii) the license of Google Play or any Google software application on a device manufacturer or wireless carrier refraining from developing, distributing, preloading, placing, displaying, using, selling, or |

53

392

| | | |
|---|---|---|
| licensing any Third-Party GenAI Product on any device sold in the United States. | refraining from developing, distributing, preloading, placing, displaying, using, selling, or licensing any Third-Party GenAI Assistive Service on Covered Devices sold in the United States. | licensing any Third-Party GenAI Product on any device sold in the United States. |
| H.   Google shall not condition the payment for preload of, placement of, or assignment of an access point for the Google Search Application for one device on any other preload, placement, or assignment of an access point for the Google Search Application, the Chrome Browser Application, the Google Assistant Application, or any Google GenAI Product for that device or any other device sold in the United States. | H.   Google shall not enter or maintain any agreement with a manufacturer or wireless carrier that conditions the payment for preload, placement, or assignment of an access point for the Google Search Application on the preload, placement, or assignment of any other access point to any of Google Search, the Google Search Application, the Chrome Browser Application, the Google Assistant Application, and/or a Google GenAI Assistant Application on Covered Devices sold in the United States.   For the avoidance of doubt, Google shall only contract with such partners with respect to such access points on a device by device basis. | H.   Google shall not condition the payment for preload, placement, or assignment of an access point for the Google Search Application for one device on any other preload, placement, or assignment of an access point for the Google Search Application, the Chrome Browser Application, the Google Assistant Application, or any Google GenAI Product for that device or any other device sold in the United States. |
| I.   Google shall not condition the payment for preload of, placement of, or assignment of an access point for the Chrome Browser Application for one device on any other preload of, placement of, or assignment of an access point for the Google Search Application, the Chrome Browser Application, the Google Assistant Application, or any Google GenAI Product for that device or any other device sold in the United States. | I.   Google shall not enter or maintain any agreement with a manufacturer or wireless carrier that conditions the payment for preload, placement, or assignment of an access point for the Chrome Browser Application on the preload, placement, or assignment of any other access point to any of the Google Search Application, the Chrome Browser Application, the Google Assistant Application, and/or a Google GenAI Assistant Application on Covered Devices sold in the United States.  For the avoidance of doubt, Google shall only contract with such partners with respect to such access points on a device by device basis. | I.   Google shall not condition the payment for preload, placement, or assignment of an access point for the Chrome Browser Application for one device on any other preload, placement, or assignment of an access point for the Google Search Application, the Chrome Browser Application, the Google Assistant Application, or any Google GenAI Product for that device or any other device sold in the United States. |
| J.   Google shall not condition the payment for preload of, placement of, or assignment of an access point for the Google Assistant Application or any Google GenAI Product for one device on any other preload, placement, or assignment of an access point for the Google Search Application, the Chrome Browser | J.   Google shall not enter or maintain any agreement with a manufacturer or wireless carrier that conditions the payment for preload, placement, or assignment of an access point for the Google Assistant Application or a Google GenAI Assistant Application on the preload, placement, or assignment of any other | J.   Google shall not condition the payment for preload, placement, or assignment of an access point for the Google Assistant Application or any Google GenAI Product for one device on any other preload, placement, or assignment of an access point for the Google Search Application, the Chrome Browser Application, the |

54

| | | |
|---|---|---|
| Application, the Google Assistant Application, or any Google GenAI Product for that device or any other device sold in the United States. | access point to any of the Google Search Application and/or the Chrome Browser Application on Covered Devices sold in the United States. For the avoidance of doubt, Google shall only contract with such partners with respect to such access points on a device by device basis. | Google Assistant Application, or any Google GenAI Product for that device or any other device sold in the United States. |
| K. Google shall not enter or maintain any agreement requiring or conditioning Consideration on the distribution of, preload of, placement of, display of, use of, license of, or assignment of an access point for the Google Search Application, the Chrome Browser Application, the Google Assistant Application, or any Google GenAI Product in the United States unless the agreement terminates no more than one year after the date it is entered. | K. Google shall not enter or maintain any agreement with a manufacturer or wireless carrier requiring the preload, placement, or assignment of an access point on Covered Devices in the United States to any of the Google Search Application, the Chrome Browser Application, the Google Assistant Application, and/or a Google GenAI Assistant Application for a period of more than one year, unless the agreement allows the manufacturer or wireless carrier to terminate the agreement on an annual basis and does not charge a fee for terminating. | K. Google shall not enter or maintain any agreement requiring or conditioning Consideration on the distribution, preload, placement, display, use, license, or assignment of an access point for the Google Search Application, the Chrome Browser Application, the Google Assistant Application, or any Google GenAI Product in the United States unless the agreement terminates no more than one year after the date it is entered. |
| L. Google shall not condition (1) Consideration for a Browser Developer setting Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product on any browser access point (including alternative modes such as Privacy Mode) on any Device on (2) the Browser Developer setting Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product on any other browser access point on that same Device or any other Device in the United States. Any agreement containing a default condition permitted by this provision must expire after one year and must expressly permit the Browser Developer to promote any Third-Party General Search Service and Third-Party GenAI Product.[1] | L. Google shall not enter or maintain any agreement requiring a Browser Developer to set Google Search as the Browser Default Search Engine in a Third-Party Browser in the United States unless the agreement (i) permits the Browser Developer on an annual basis to set a different Default Search Engine in the United States for any Operating System Version and/or Privacy Mode offered by the Browser Developer without foregoing any payments attributable to an Operating System Version or Privacy Mode where Google Search remains set as the Default Search Engine; and (ii) expressly permits the Browser Developer to promote any Third-Party General Search Service or Third-Party GenAI Product in the United States. | L. Google shall not condition (1) Consideration for a Browser Developer setting Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product on any browser access point (including alternative modes such as Privacy Mode) on any Device on (2) the Browser Developer setting Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product on any other browser access point on that same Device or any other Device in the United States. Any agreement containing a default condition permitted by this provision must expire after one year and must expressly permit the Browser Developer to promote any Third-Party General Search Service and Third-Party GenAI Product. |

---

[1] Originally: "Google shall not enter or maintain any agreement requiring a Browser Developer to set Google Search as the Browser Default Search Engine in a Third-Party Browser in the United States unless the agreement (i) applies to no more than one Operating System Version and no more than one Privacy Mode, (ii) terminates no more than one year after the date it is entered, and (iii) expressly

55

| | | |
|---|---|---|
| M. Google shall not condition (1) Consideration for Apple setting Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product with respect to any proprietary Apple feature or functionality, including Safari, Siri, Spotlight, and any Privacy Mode within those products, on one Device on (2) Apple setting Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product with respect to any proprietary Apple feature or functionality on that same Device or any other Device in the United States. Any agreement containing a default condition permitted by this provision must expire after one year and must expressly permit Apple to promote any Third-Party General Search Service and Third-Party GenAI Product.[2] | M. Google shall not enter or maintain any agreement requiring Apple, Inc. ("Apple") to set Google Search as the Default Search Engine in the United States with respect to any proprietary Apple feature or functionality, including Siri and Spotlight, unless the agreement complies with Section III.L above.<br><br>N. Google shall not enter or maintain any agreement requiring Apple to distribute any Google GenAI Assistant Application in any Apple web browser or on any Apple mobile or desktop device in the United States unless the agreement expressly permits Apple to promote any Third-Party General Search Service or Third-Party GenAI Product in the United States. | M. Google shall not condition (1) Consideration for Apple setting Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product with respect to any proprietary Apple feature or functionality, including Safari, Siri, Spotlight, and any Privacy Mode within those products, on one Device on (2) Apple setting Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product with respect to any proprietary Apple feature or functionality on that same Device or any other Device in the United States. Any agreement containing a default condition permitted by this provision must expire after one year and must expressly permit Apple to promote any Third-Party General Search Service and Third-Party GenAI Product. |
| N. Google shall not enter or maintain any exclusive contract relating to the distribution of Google Search, the Google Search Application, the Chrome Browser Application, the Google Assistant Application, and any Google GenAI Product in the United States. | [No similar provision.] | [No similar provision.] |
| [No similar provision.] | O. Nothing in this Final Judgment shall otherwise prohibit Google from providing Consideration to a manufacturer or wireless carrier with respect to any Google product or service in exchange for such entity's distribution, placement on any access point, promotion, or licensing of that Google product or service. | [No similar provision.] |
| O. Nothing in this Final Judgment shall prohibit Google from | P. Nothing in this Final Judgment shall prohibit Google from | N. Nothing in this Final Judgment shall prohibit Google from |

---

permits the Browser Developer to promote any Third-Party General Search Service and Third-Party GenAI Product. For clarity, this provision does not prohibit Google from negotiating multiple such agreements with a Browser Developer as long as no agreement is conditioned on another."

[2] Originally: "Google shall not enter or maintain any agreement requiring Apple to set Google Search or any Google GenAI Product as the Default Search Engine or default GenAI Product in the United States with respect to any proprietary Apple feature or functionality, including Safari, Siri, and Spotlight, unless the agreement (i) applies to no more than one Operating System Version and no more than one Privacy Mode, (ii) terminates no more than one year after the date it is entered, and (iii) expressly permits Apple to promote any Third-Party General Search Service and Third-Party GenAI Product. For clarity, this provision does not prohibit Google from negotiating multiple such agreements with Apple as long as no agreement is conditioned on another."

| | | |
|---|---|---|
| distributing the Google Search Application, the Google Assistant Application, and any Google GenAI Product through a single Application Programming Kit (APK) as long as the licensee has the option to disable end-user access to any of those applications and services that the licensee declines to license. | distributing the Google Search Application, the Google Assistant Application, and a Google GenAI Assistant Application through a single Application Programming Kit (APK) as long as the licensee has the option to disable end-user access to any of those applications and services that the licensee declines to license. | distributing the Google Search Application, the Google Assistant Application, and any Google GenAI Product through a single Application Programming Kit (APK) as long as the licensee has the option to disable end-user access to any of those applications and services that the licensee declines to license. |

## IV.    REQUIRED DISCLOSURES OF DATA

| Plaintiffs' Proposal | Google's Proposal | Final Judgment |
|---|---|---|
| A. Google's Search Index: Within thirty (30) days of a Qualified Competitor's certification pursuant to Section IX.W, Google shall make available to such Qualified Competitor, at marginal cost, to Qualified Competitors the following data related to Google's Search Index:<br><br>1. for each document in the Google Search Index, a unique identifier (DocID) and another notation sufficient to denote all the documents Google considers duplicates of each other;<br><br>2. a DocID to URL map; and<br><br>3. for each DocID, the (A) time that the URL was first seen, (B) time that the URL was last crawled, (C) spam score, and (D) device-type flag.<br><br>This information shall be provided for all websites in the full Search Index Google uses for searches on Google.com, the Google Search Application, or any other current or future Google general search products. Nothing in Section IV is intended to transfer intellectual property rights of third parties to index users. | A. Google's Web Search Index: For the term of this Final Judgment, Google will make available, at Marginal Cost, to Qualified Competitors the following data related to Google's Web Search Index on a non-discriminatory basis while safeguarding personal privacy and security:<br><br>1. for each document in the Google Web Search Index a unique identifier (DocID) and another notation sufficient to denote all the documents Google considers duplicates of each other;<br><br>2. a DocID to URL map; and<br><br>3. for each DocID the following set of associated data: (A) time that the URL was first seen, (B) time that the URL was last crawled, (C) spam score, and (D) device-type flag.<br><br>4. This information must be provided for all websites in the Web Search Index Google uses for searches on Google.com, the Google Search App, or future Google general search products.<br><br>5. Google must make this information available to Qualified Competitors on a one-time basis at or around the time they are so certified as a Qualified Competitor.<br><br>6. Nothing in this Section IV is intended to transfer intellectual property rights of third parties to index users. | A. Google's Web Search Index: Within thirty (30) days of a Qualified Competitor's certification pursuant to Section IX.V, unless granted additional time, Google shall make available, at marginal cost, to Qualified Competitors the following data related to Google's Web Search Index:<br><br>1. for each document in the Google Web Search Index, a unique identifier (DocID) and another notation sufficient to denote all the documents Google considers duplicates of each other;<br><br>2. a DocID to URL map; and<br><br>3. for each DocID, the (A) time that the URL was first seen, (B) time that the URL was last crawled, (C) spam score, and (D) device-type flag.<br><br>The information shall be provided for all websites in the full Web Search Index Google uses for searches on Google.com, the Google Search Application, or any future Google general search products. Nothing in Section IV is intended to transfer intellectual property rights of third parties to index users. |

57

| | | |
|---|---|---|
| B.  <u>User-Side Data</u>: For the term of this Final Judgment, Google shall make available, at marginal cost, to Qualified Competitors the following User-side Data on a non-discriminatory basis while safeguarding personal privacy and security:<br><br>1.  User-side Data used to build, create, or operate the GLUE statistical model(s); and<br><br>2.  User-side Data used to train, build, or operate the RankEmbed model(s).<br><br>Google shall make this data available to Qualified Competitors at least twice, with the exact number and frequency of such disclosures to be determined by the Court after consultation with Plaintiffs and the Technical Committee (TC).  Any cap on the number of such disclosures shall be informed, in part, by the utility of the datasets disclosed after appropriate privacy-enhancing techniques have been applied.  For clarity, this Section IV.B shall not require disclosure of intellectual property or trade secrets, such as algorithms, ranking signals, or post-trained LLMs. | B.  <u>User-Side Data</u>: For the term of this Final Judgment, Google will make available, at Marginal Cost, to Qualified Competitors the following User-side Data on a non-discriminatory basis while safeguarding personal privacy and security:<br><br>1.  User-side Data used to build, create, or operate the GLUE statistical model(s); and<br><br>2.  User-side Data used to train, build, or operate the RankEmbed model(s).<br><br>3.  For the avoidance of doubt, "User-side Data" for purposes of Section IV includes only the underlying data, not the model itself or any ranking signal or score, spam score, information retrieval score, information satisfaction score, query interpretation information, query suggestion information, query-based salient term, or document salient term.<br><br>4.  The number of times a Qualified Competitor may receive a dataset will be capped by the Court after consultation with the Technical Committee.  The cap on the number of such disclosures will be informed, in part, by the utility of the datasets disclosed after appropriate privacy-enhancing techniques have been applied. | B.  <u>User-Side Data</u>: For the term of this Final Judgment, Google shall make available, at marginal cost, to Qualified Competitors the following User-side Data on a non-discriminatory basis while safeguarding personal privacy and security:<br><br>1.  User-side Data used to build, create, or operate the GLUE statistical model(s); and<br><br>2.  User-side Data used to train, build, or operate the RankEmbed model(s).<br><br>Google shall make this data available to Qualified Competitors at least twice, with the exact number and frequency of such disclosures to be determined by the Court after consultation with Plaintiffs and the Technical Committee (TC).  Any cap on the number of such disclosures shall be informed, in part, by the utility of the datasets disclosed after appropriate privacy-enhancing techniques have been applied.  For clarity, this Section IV.B shall not require disclosure of intellectual property or trade secrets, such as algorithms, ranking signals, or post-trained LLMs. |
| C.  <u>User-Side Data Sharing Administration</u>: | C.  <u>User-Side Data Sharing Administration</u>: These remedies are intended to make this data available in a way that provides suitable security and privacy safeguards for the data the Google must share. | C.  <u>User-Side Data Sharing Administration</u>: |
| 1.  Plaintiffs, in consultation with the TC, shall promptly determine the appropriate User-side Data privacy and security safeguards to be applied before Google shares the data specified in Section IV.B with Qualified Competitors.  Google shall have up to six (6) months from the date that the Plaintiffs, in | 1.  Before this data specified in Paragraph IV.B is shared with Qualified Competitors, Google shall apply adequate anonymization and privacy-enhancing techniques to ensure the data is anonymized and secured, while attempting to optimize its usefulness. | 1.  Plaintiffs, in consultation with the TC, shall promptly determine the appropriate User-side Data privacy and security safeguards to be applied before Google shares the data specified in Section IV.B with Qualified Competitors.  Google shall have up to six (6) months from the date that the Plaintiffs, in |

58

| | | |
|---|---|---|
| consultation with the TC, determine such privacy and security safeguards to implement the technology and provide any notice necessary to comply with this Section IV, and Google shall be deemed to have implemented the technology once Plaintiffs, in consultation with the TC, determine that the technology, including privacy and security safeguards, is fully functional. | 3. Google will have up to six (6) months from the date that security and privacy safeguards are finally determined to implement the technology and provide any notice necessary to comply with this Section IV.C.2. | consultation with the TC, determine such privacy and security safeguards to implement the technology and provide any notice necessary to comply with this Section IV, and Google shall be deemed to have implemented the technology once Plaintiffs, in consultation with the TC, determine that the technology, including privacy and security safeguards, is fully functional. |
| 2. Google shall provide sufficient information about each dataset such that Qualified Competitors can reasonably understand what it contains, including but not limited to a description of what the dataset contains, any sampling methodology used to create the dataset, and any anonymization or privacy-enhancing technique that was applied. Plaintiffs, in consultation with the TC, may impose restrictions on what information Google shares under this Section IV.C.2 for the purposes of (i) promoting data privacy and security and (ii) ensuring privacy and security safeguards are effectively applied. | 2. Google must provide sufficient information about each dataset such that Qualified Competitors can reasonably understand what it contains, including but not limited to a description of what the dataset contains, any sampling methodology used to create the dataset, and any anonymization or privacy-enhancing technique that was applied. Plaintiffs, in consultation with the Technical Committee, may recommend restrictions on what information Google shares under this Paragraph IV.C.2 for the purposes of (i) promoting data privacy and security and (ii) ensuring privacy and security safeguards are effectively applied. | 2. Google shall provide sufficient information about each dataset such that Qualified Competitors can reasonably understand what it contains, including but not limited to a description of what the dataset contains, any sampling methodology used to create the dataset, and any anonymization or privacy-enhancing technique that was applied. Plaintiffs, in consultation with the TC, may impose restrictions on what information Google shares under this Section IV.C.2 for the purposes of (i) promoting data privacy and security and (ii) ensuring privacy and security safeguards are effectively applied. |
| [No similar provision.] | 4. The data specified in Paragraph IV.A and B will be shared pursuant to a license governing use. The terms of the license shall include a requirement that the Qualified Competitor commit not to share or sell the datasets, and shall use the datasets for the exclusive purpose of serving users located in the United States through a General Search Engine, Search Text Ads, and/or a Third-Party GenAI Product. | 3. The data specified in Sections IV.A and B will be shared pursuant to a license governing use. The terms of the license shall include a requirement that the Qualified Competitor commit not to share or sell the datasets unless authorized by the Technical Committee or the Court and shall use the datasets for the exclusive purpose of serving users through a General Search Engine, Search Text Ads, and/or a Third-Party GenAI Product. Within six (6) months of the Effective Date of this Final Judgment, Plaintiffs and the Technical Committee, with input from Google, shall create and submit to the Court a template for such license. |

59

## V.    REQUIRED SYNDICATION OF SEARCH RESULTS

| Plaintiffs' Proposal | Google's Proposal | Final Judgment |
|---|---|---|
| A.  Search Syndication License: Google shall take steps sufficient to make available to any Qualified Competitor, on financial terms no worse than those offered to any other user of Google's search syndication products, a syndication license whose term will be five (5) years from the date the license is signed, and which shall require Google, via real-time API(s), to make the following information and data available in response to each query issued or submitted by a Qualified Competitor:<br><br>1.  both desktop and mobile versions of the ranked organic web search results obtained from crawling the web;<br><br>2.  the user-facing query-rewriting features that Google provides under any of its current search syndication agreements as of the date of entry of this Final Judgment, including user-facing Search Features that enable query correction, modification, or expansion; and<br><br>3.  the Local, Maps, Video, Images, and Knowledge Panel Search Feature content that Google provides under any of its current search syndication agreements as of the date of the entry of this Final Judgment. | A.  Search Syndication: Google must take steps sufficient to make available to any Qualified Competitor a syndication agreement whose term will be five (5) years from the date Google's search syndication service, as set forth in this Final Judgment, is made available to the Qualified Competitor, unless there are fewer than five (5) years remaining before expiration of the term of the Final Judgment, in which case the term will be the remainder of the term of the Final Judgment.  Google must make available under the syndication agreement the following information and data in response to each query submitted by a Qualified Competitor:<br><br>1.  Both desktop and mobile versions of the ranked organic web search results obtained from crawling the web (i.e., the ten blue links) that Google provides under current standard search syndication agreements;<br><br>2.  the user-facing query-rewriting features that Google provides under current standard search syndication agreements, including user-facing features that enable query correction, modification, or expansion; and<br><br>3.  the Local, Maps, Video, Images, and Knowledge Panel search feature content that Google provides under current standard search syndication agreements.  For the avoidance of doubt, Google is not required to syndicate content in a manner inconsistent with its third-party content license agreements. | A.  Search Syndication License: Google shall take steps sufficient to make available to any Qualified Competitor, on financial terms no worse than those offered to any other user of Google's search syndication products, a syndication license whose term will be five (5) years from the date the license is signed, and which shall require Google, via real-time API(s), to make the following information and data available in response to each query issued or submitted by a Qualified Competitor:<br><br>1.  both desktop and mobile versions of the ranked organic web search results obtained from crawling the web;<br><br>2.  the user-facing query-rewriting features that Google provides under any of its current search syndication agreements as of the date of entry of this Final Judgment, including user-facing Search Features that enable query correction, modification, or expansion; and<br><br>3.  the Local, Maps, Video, Images, and Knowledge Panel Search Feature content that Google provides under any of its current search syndication agreements as of the date of entry of this Final Judgment. |
| B.  Search Syndication License Terms: The search syndication license specified in Section V.A shall have the following additional features: | B.  Search Syndication Agreement Terms:  The search syndication agreement must have the following additional features: | B.  Search Syndication License Terms: The search syndication license in Section V.A shall have the following additional features: |

60

| | | |
|---|---|---|
| 1.   Google shall make syndicated content available via an API. | 1.   Google will make syndicated content available via an API. | 1.   Google shall make syndicated content available via an API. |
| 2.   Google shall provide responses with latency and reliability functionally equivalent to what any other user of Google's search syndication products would receive as of the date of entry of this Final Judgment. | 2.   Google will provide Qualified Competitors with latency and reliability functionally equivalent to what Google ordinarily provides to other users of Google's search syndication products with respect to queries originating in the United States.  For the avoidance of doubt, Google's obligations do not extend to latency and reliability differences that result from differences in product implementation, users, or are otherwise outside of Google's syndication products. | 2.   Google shall provide Qualified Competitors with latency and reliability functionally equivalent to what any other user of Google's search syndication products would receive as of the date of entry of this Final Judgment.  For the avoidance of doubt, Google's obligations do not extend to latency and reliability differences that result from differences in product implementation, users, or are otherwise outside of Google's syndication products. |
| 3.   Google shall provide the license on a non-discriminatory basis to any Qualified Competitor on terms no less favorable than the most favorable terms Google provides under any current search syndication agreements as of the date of entry of this Final Judgment. | 3.   Google will offer these syndication services on a non-discriminatory basis to Qualified Competitors at market rates consistent with ordinary commercial terms agreed to by other users of Google's search syndication products with respect to queries originating in the United States. | 3.   Google shall provide the license on a non-discriminatory basis to any Qualified Competitor on terms no less favorable than the most favorable terms Google provides under any current search syndication agreements as of the date of entry of this Final Judgment. |
| 4.   Syndication shall start with significant access to the data required by Section V.A above and decline over the course of five (5) years with an expectation that Qualified Competitors will become independent of Google over time through investment in their own search capabilities.   Qualified Competitors' use of Google's search syndication services in the first year of a syndication license available under Section V.A shall be capped at 40% of the Qualified Competitors' annual queries.   The scope of allowable syndication beyond the first year of a syndication license available under Section V.A shall be determined by the Plaintiffs in consultation with the TC. | 4.   Qualified Competitors' use of Google's syndication services in the first year will be capped at 40% of Qualified Competitors' annual U.S. queries and decline over the course of a 5-year period with an expectation that Qualified Competitors will become independent of Google over time through investment in their own search capabilities.  The pace of this tapering, the methods for measuring and determining the percentage, and the application of the percentage will be determined by the Court upon consultation with the Technical Committee in a manner that facilitates competition while incentivizing Qualified Competitors to move promptly to become independent of Google. | 4.   Qualified Competitors' use of Google's syndication services in the first year will be capped at 40% of Qualified Competitors' annual U.S. queries and decline over the course of a 5-year period with an expectation that Qualified Competitors will become independent of Google over time through investment in their own search capabilities.  The pace of this tapering, the methods for measuring and determining the percentage, and the application of the percentage will be determined by the Court upon consultation with Plaintiffs and the Technical Committee in a manner that facilitates competition while incentivizing Qualified Competitors to move promptly to become independent of Google. |
| 5.   Google may not consent to Qualified Competitors exceeding syndication limits set by Plaintiffs, and   Qualified   Competitors   shall | 6.   Google may not consent to Qualified Competitors exceeding syndication limits, and Qualified Competitors must submit to the | 5.   Google may not consent to Qualified Competitors exceeding syndication limits, and Qualified Competitors shall submit to the TC |

61

| | | |
|---|---|---|
| submit to their TC audits of syndication frequency and scope. The frequency and content of these audits shall be determined by the Plaintiffs in consultation with the TC. | Technical Committee audits of syndication frequency and scope. The Technical Committee will make recommendations regarding the frequency and content of these audits, and the Court will have final authority over their frequency and scope. | audits of syndication frequency and scope. The frequency and content of these audits shall be determined by the Plaintiffs in consultation with the TC. |
| 6. Google may impose no restrictions or conditions on how a Qualified Competitor uses, displays, or integrates information or services obtained under this Section V beyond the least restrictive terms Google provides under any current search syndication agreements as of the date of entry of this Final Judgment. | 7. The only permitted use of the information and data that Qualified Competitors obtain from Google pursuant to this Section V is to display the search results to the end user who submitted the associated query, for the exclusive purpose of serving users located in the United States through a General Search Engine, Search Text Ads, and/or a Third-Party GenAI Product. | 6. Google may impose no restrictions or conditions on how a Qualified Competitor uses, displays, or integrates information or services obtained under this Section V beyond the least restrictive terms Google provides under any current search syndication agreements as of the date of entry of this Final Judgment. |
| 7. Qualified Competitors may elect, in their sole discretion, which queries (some or all) for which they will request syndicated results and which syndication components to display or use and may do so in any manner they choose, except that Google may impose restrictions on the display or use of syndication components no less favorable than what it provides under any current search syndication agreements as of the date of entry of this Final Judgment. | 5. Qualified Competitors may elect, in their sole discretion, the queries (of those that are eligible for syndication pursuant to paragraph V.B.4) for which they will request syndicated results and which syndication components to call for.<br><br>8. Google may impose its ordinary commercial terms and policies. For the avoidance of doubt, Google is permitted to place its ordinary commercial restrictions on the use and display of its syndicated results and content. Google is also permitted to place its ordinary commercial restrictions on scraping, indexing, crawling, or otherwise storing or analyzing the syndicated results and content. | 7. Qualified Competitors may elect, in their sole discretion, which queries (some or all) for which they will request syndicated results and which syndication components to display or use and may do so in any manner they choose, except that Google may impose restrictions on the display or use of syndication components no less favorable than what it provides under any current search syndication agreements as of the date of entry of this Final Judgment. Google is also permitted to place its ordinary commercial restrictions on scraping, indexing, or crawling the syndicated results and content. |
| 8. It shall be the Qualified Competitor's sole discretion to determine how much information to share with Google regarding the end-user, except that Google may require a Qualified Competitor to share information with Google regarding the end-user, on terms no less favorable than what any other user of Google's search syndication products would receive as of the date of entry of this Final Judgment, as is | 9. It will be the Qualified Competitor's sole discretion to determine how much information to share with Google regarding the end-user, except that Google may impose its ordinary commercial terms as is necessary for the purposes of (1) search syndication functionality; (2) spam and abuse detection; and (3) legal or regulatory compliance. | 8. It shall be the Qualified Competitor's sole discretion to determine how much information to share with Google regarding the end user except that Google may require a Qualified Competitor to share information with Google regarding the end user, on terms no less favorable than what any other user of Google's search syndication products would receive as of the date of entry of this Final Judgment, as is |

62

| | | |
|---|---|---|
| necessary for the purposes of (1) basic search syndication functionality; (2) spam and abuse detection; and (3) legal or regulatory compliance. | | necessary for the purposes of (1) basic search syndication functionality; (2) spam and abuse detection; and (3) legal or regulatory compliance. |
| 9.  Google may not retain or use (in any way) syndicated queries or other information it obtains under Section V.A for its own products and services beyond the most limited retention and use permitted under any of Google's current search syndication agreements as of the date of entry of this Final Judgment. | 10.  Google is permitted to retain or use data collected from Qualified Competitors in provisioning of the service under Section V for Google's own products and services to the same extent Google retains or uses data in the ordinary course from other users of its search syndication service. | 9.  Google may not retain or use (in any way) syndicated queries or other information it obtains under Section V.A for its own products and services beyond the most limited retention and use permitted under any of Google's current search syndication agreements as of the date of entry of this Final Judgment. |
| 10.  For the avoidance of doubt, this Final Judgment only requires Google to provide syndication for queries that originate in the United States.  Synthetic queries are not eligible for syndication under this Final Judgment. | 11.  For the avoidance of doubt, this Final Judgment only requires Google to provide syndication for queries that originate in the United States, from human end users of the Qualified Competitor. Queries from a syndicator of the Qualified Competitor and synthetic queries are not eligible for syndication under the Final Judgment. | 10.  For the avoidance of doubt, this Final Judgment only requires Google to provide syndication for queries that originate in the United States, from human end users of the Qualified Competitor. Queries from a syndicator of the Qualified Competitor and synthetic queries are not eligible for syndication under the Final Judgment. |
| [No similar provision.] | 12. If Google in good faith believes a Qualified Competitor is in breach of the terms of its agreement, it may exercise its rights under the agreement.  Google must also provide simultaneous notice to the Technical Committee of the breach and the actions Google is taking in light of the breach. | 11. If Google in good faith believes a Qualified Competitor is in breach of the terms of its agreement, it may exercise its rights under the agreement.  Google must also provide simultaneous notice to the Technical Committee of the breach and the actions Google is taking in light of the breach. |
| [No similar provision.] | [No similar provision.] | Within sixty (60) days of the Effective Date of this Final Judgment, Plaintiffs and the Technical Committee, with input from Google, shall create and submit to the Court a template for such license. |
| C.  Existing Syndication Agreements: The provisions of this Section V shall have no effect on any existing Google syndication agreements with third parties or on its ability to enter into syndication agreements with third parties other than Qualified Competitors, except that Google shall permit any entity with an existing syndication agreement who becomes a Qualified Competitor, | C.  Existing Syndication Agreements: The provisions of this Section V will have no effect on any existing Google search syndication agreements with third parties or on Google's ability to enter into search syndication contracts with third parties other than Qualified Competitors, except that Google must permit any entity with an existing search syndication agreement who becomes a | C.  Existing Syndication Agreements: The provisions of this Section V will have no effect on any existing Google search syndication agreements with third parties or on Google's ability to enter into search syndication agreements with third parties other than Qualified Competitors, except that Google shall permit any entity with an existing search syndication agreement who |

| | | |
|---|---|---|
| at the Qualified Competitor's sole discretion, to terminate its existing agreement in favor of the remedies in this Section V. | Qualified Competitor, at the Qualified Competitor's sole discretion, to terminate its existing agreement in favor of the remedies in this Section V. | becomes a Qualified Competitor, at the Qualified Competitor's sole discretion, to terminate its existing agreement in favor of the remedies in this Section V. |

## VI. SEARCH TEXT AD AUCTION CHANGES AND SEARCH TEXT ADS SYNDICATION

| Plaintiffs' Proposal | Google's Proposal | Final Judgment |
|---|---|---|
| A. Search Text Ads Auction Changes: Within a reasonable period of time after the Technical Committee's appointment, Plaintiffs shall submit a proposal to the Court, informed by the Technical Committee's views, by which Google shall periodically provide the Technical Committee and Plaintiffs a report outlining all changes to its Search Text Ads auction meeting certain parameters and, for each such change, (1) Google's public disclosure of that change or (2) a statement why no public disclosure is necessary. Plaintiffs' proposal shall detail the types of changes that must be disclosed, the frequency of disclosure, the steps to mitigate undue burden on Google, and the steps to ensure any public disclosure of an ad auction change (if not already made by Google) avoids revealing Google's trade secrets, in accord with the Court's instructions in its September 2, 2025, Memorandum Opinion. Plaintiffs have the right to challenge any disclosure they deem inadequate. For the avoidance of doubt, Google need not report on auction experiments, which are generally tested on some fraction of Google's Search Text Ads traffic, but Google shall disclose changes to the Search Text Ads auction that result from any such auction experiments. | A. Search Text Ads Auction Changes: Within a reasonable period of time after the Technical Committee's appointment, Plaintiffs and the Technical Committee shall submit a proposal to the Court, by which Google shall periodically provide the Technical Committee and Plaintiffs a report outlining all changes to its Search Text Ads auction meeting certain parameters and, for each such change, (1) Google's public disclosure of that change or (2) a statement why no public disclosure is necessary. The proposal shall detail the types of changes that must be disclosed, the frequency of disclosure, the steps to mitigate undue burden on Google, and the steps to ensure any public disclosure of an ad auction change (if not already made by Google) avoids revealing Google's trade secrets, in accord with the Court's instructions in its September 2, 2025, Memorandum Opinion. For the avoidance of doubt, Google need not report on auction experiments, which are generally tested on some fraction of Google's Search Text Ads traffic. Should any of these auction experiments result in ad auction launches that fall within the types of changes that must be disclosed under this Section, Google shall disclose such changes to Plaintiffs and the Technical Committee. | A. Search Text Ads Auction Changes: Within a reasonable period of time after the Technical Committee's appointment, Plaintiffs shall submit a proposal to the Court, informed by the Technical Committee's views, by which Google shall periodically provide the Technical Committee and Plaintiffs a report outlining all changes to its Search Text Ads auction meeting certain parameters and, for each change, (1) Google's public disclosure of that change or (2) a statement why no public disclosure is necessary. Plaintiffs' proposal shall detail the types of changes that must be disclosed, the frequency of disclosure, the steps to mitigate undue burden on Google, and the steps to ensure any public disclosure of an ad auction change (if not already made by Google) avoids revealing Google's trade secrets, in accord with the Court's instructions in its September 2, 2025, Memorandum Opinion. Plaintiffs have the right to challenge any disclosure they deem inadequate. For the avoidance of doubt, Google need not report on auction experiments, which are generally tested on some fraction of Google's Search Text Ads traffic, but Google shall disclose changes to the Search Text Ads auction that result from any such auction experiments. |
| B. Search Text Ads Syndication: Google shall take steps sufficient to make available to any Qualified Competitor a Search Ads Syndication License whose term will be five (5) years from the date the license is | B. Search Text Ads Syndication: Google must take steps sufficient to make available to any Qualified Competitor a Search Text Ads syndication agreement whose term will be five (5) years from the date | B. Search Text Ads Syndication: Google shall take steps sufficient to make available to any Qualified Competitor a Search Text Ads Syndication License whose term will be five (5) years from the date the |

| | | |
|---|---|---|
| signed. The Search Text Ads syndication agreement shall have the following additional features: | Google's Search Text Ads syndication service, as set forth in this Final Judgment, is made available to the Qualified Competitor, unless there are fewer than five (5) years remaining before expiration of the term of the Final Judgment, in which case the term will be the remainder of the term of the Final Judgment. The Search Text Ads syndication agreement must have the following additional features: | license is signed. The Search Text Ads syndication agreement shall have the following additional features: |
| 1. Google shall provide latency, reliability, and performance functionally equivalent to what Google provides any other user of Google's Search Text Ads syndication products, e.g., AdSense for Search, or any other current or future products offering syndicated Search Text Ads. Search Text Ads syndication licenses to Qualified Competitors shall include all types of Search Text Ads (including any assets, extensions, or similar Search Text Ad variations) available through its syndication products. For the avoidance of doubt, Google shall only provide syndication for queries that originate in the United States. | 1. Google will provide latency, reliability, and performance functionally equivalent to what Google ordinarily provides to other users of Google's Search Text Ads syndication products, e.g., AdSense for Search, with respect to queries originating in the United States. For the avoidance of doubt, Google's obligations do not extend to latency, reliability, and performance differences that result from differences in product implementation, users, or are otherwise outside of Google's syndication products.<br><br>3. Google will make available to Qualified Competitors all types of Search Text Ads (including any assets, extensions, or similar Search Text Ad variations) that are available through its Search Text Ads syndication products. | 1. Google shall provide latency, reliability, and performance functionally equivalent to what Google ordinarily provides to other users of Google's Search Text Ads syndication products, e.g., AdSense for Search, or any other current or future products offering syndicated Search Text Ads. Search Text Ads syndication licenses to Qualified Competitors shall include all types of Search Text Ads (including any assets, extensions, or similar Search Text Ad variations) available through its syndication products. For the avoidance of doubt, Google's obligations do not extend to latency, reliability, and performance differences that result from differences in product implementation, users, or are otherwise outside of Google's syndication products. |
| 2. Google shall provide the Search Ads Syndication License to Qualified Competitors on financial terms no worse than those offered to any other user of Google's Search Text Ads syndication products. | 2. Google will offer these syndication services on a non-discriminatory basis to Qualified Competitors at market rates consistent with ordinary commercial terms agreed to by other users of Google's Search Text Ads syndication products, e.g., AdSense for Search, with respect to queries originating in the United States. | 2. Google shall provide the Search Text Ads Syndication License to Qualified Competitors on financial terms no worse than those offered to any other user of Google's Search Text Ads syndication products. |
| 3. Google shall not require Qualified Competitors to share more information with Google regarding the end-user than it requires from any other user of Google's Search Text Ads syndication products. | 11. It will be the Qualified Competitor's sole discretion to determine how much information to share with Google regarding the end-user, except that Google may impose its ordinary commercial terms for the | 3. Google shall not require Qualified Competitors to share more information with Google regarding the end user than it requires from any other user of Google's Search Text Ads syndication products. |

65

| | purposes of (1) ad syndication functionality; (2) spam and abuse detection; and/or (3) legal or regulatory compliance. | |
|---|---|---|
| 4.   The only permitted use of the information and data that Qualified Competitors obtain from Google pursuant to this Section VI is to display the ad results to the end user who submitted the associated query, as further detailed in this section. | 7.   The only permitted use of the information and data that Qualified Competitors obtain from Google pursuant to this Section VI is to display the ad results to the end user who submitted the associated query, for the exclusive purpose of serving users located in the United States through a General Search Engine, Search Text Ads, and/or a Third-Party GenAI Product. | 4.   The only permitted use of the information and data that Qualified Competitors obtain from Google pursuant to this Section VI is to display the ad results to the end user who submitted the associated query, as further detailed in this section, except as permitted by Section VI.B.9. |
| 5.   Google shall (i) make the purchase of ads syndicated under this Section VI.B available to advertisers on a nondiscriminatory basis comparable to, and no more burdensome than, the availability of Google's other Search Text Ads; (ii) include Qualified Competitors in its Search Partner Network; and (iii) provide advertisers the option to appear on each individual Qualified Competitor's sites on a site-by-site basis (i.e., an advertiser can choose to appear as a syndicated result on a Qualified Competitor's site regardless of whether it opts into the Search Partner Network or chooses to appear on any other site, including Google.com) to the same extent advertisers have such choice for any Google Search Text Ads Syndicator as of the date of entry of this Final Judgment. | 4.   Google will make the purchase of ads syndicated under this Section VI available to advertisers on a nondiscriminatory basis comparable to, and no more burdensome than, the availability of Google's other Search Text Ads, and must offer advertisers the choice to opt into showing ads on Qualified Competitors' websites, consistent with Google's ordinary commercial terms, policies, and functionality offered to other users of Google's Search Text Ads syndication products. | 5.   Google shall (i) make the purchase of ads syndicated under this Section VI.B available to advertisers on a non-discriminatory basis comparable to, and no more burdensome than, the availability of Google's other Search Text Ads and (ii) include Qualified Competitors in its Search Partner Network. |
| 6.   Qualified Competitors shall have the same formatting flexibility available to any other user of Google's Search Text Ads syndication products, shall be free to use other providers of syndicated search ads or display their own ads, | 5.   Qualified Competitors shall have the same formatting flexibility with respect to the Search Text Ads syndicated pursuant to this Judgment as Google makes available to other users of Google's Search Text Ads syndication products. | 6.   Qualified Competitors shall have the same formatting flexibility available to any other user of Google's Search Text Ads syndication products, shall be free to use other providers of syndicated search ads or display their own ads, |

66

| | | |
|---|---|---|
| and shall not be required to provide Google ads with preferential placement over equivalent ads requested from other sources. Google may place only ordinary-course restrictions on the use or display of syndicated ad content intended to guard against "trick or click" schemes, ensure the proper ordering of ads, guarantee ad quality, protect the advertiser, or prevent ad misuse, and may place restrictions on scraping, indexing, or crawling syndicated results, but such restrictions shall be no more restrictive than those applied to any other user of Google's Search Text Ads syndication products. | 6. Qualified Competitors shall be free to use other providers of syndicated search ads or display their own ads, and Qualified Competitors shall not be required to provide Google ads with preferential placement over equivalent ads requested from other sources. | and shall not be required to provide Google ads with preferential placement over equivalent ads requested from other sources. Google may place only ordinary-course restrictions on the use or display of syndicated ad content, but such restrictions shall be no more restrictive than those applied to any other user of Google's Search Text Ads syndication products. Google is also permitted to place its ordinary commercial restrictions on scraping, indexing, or crawling the syndicated ads. |
| | 8. Google may impose its ordinary commercial terms and policies. For the avoidance of doubt, Google is permitted to place its ordinary commercial restrictions on the use and display of its syndicated ads. Google is also permitted to place its ordinary commercial restrictions on scraping, indexing, crawling, or otherwise storing or analyzing the syndicated ads. | |
| 7. Google may only retain or use (in any way) syndicated queries or other information it obtains under this Section VI.B to "build, improve, and maintain" its ad infrastructure in the same manner it used such information as of the date of entry of this Final Judgment. | 9. Google is permitted to retain or use data collected from Qualified Competitors in provisioning of the service under Section VI for Google's own products and services for the purpose of building, improving, and maintaining its ads infrastructure and shared ads systems. Google's use of Qualified Competitors' data for these purposes will be the same as Google's use of data from other users of its Search Text Ads syndication products. | 7. Google is permitted to retain or use data collected from Qualified Competitors in provisioning of the service under Section VI for Google's own products and services for the purpose of building, improving, and maintaining its ads infrastructure and shared ads systems. Google's use of Qualified Competitors' data for these purposes will be the same as Google's use of data from other users of its Search Text Ads syndication products. |
| 8. Google need not grant Qualified Competitors the right to set a minimum cost per click for syndicated ads unless failing to do so would violate Section VI.B.1. | 10. Google need not grant Qualified Competitors the right to set a minimum cost per click for syndicated ads. | 8. Google need not grant Qualified Competitors the right to set a minimum cost per click for syndicated ads unless failing to do so would violate Section VI.B.1. |
| 9. For the avoidance of doubt, this Final Judgment only requires Google to provide syndication for queries that originate in the United States, from human end users. Synthetic queries are not eligible for syndication under the Final Judgment. | 12. For the avoidance of doubt, this Final Judgment only requires Google to provide syndication for queries that originate in the United States, from human end users of the Qualified Competitor. Queries from a syndicator of the Qualified Competitor and synthetic queries are not eligible for syndication under the Final Judgment. | 9. For the avoidance of doubt, this Final Judgment only requires Google to provide syndication for queries that originate in the United States, from human end users. Synthetic queries are not eligible for syndication under the Final Judgment. Queries from a syndicator of the Qualified Competitor are not eligible for syndication under the Final Judgment, unless such Qualified Competitor has been certified as a |

67

| | | Competitor to a Google ads platform (e.g., Google Ads). |
|---|---|---|
| 10. If Google in good faith believes a Qualified Competitor is in breach of the terms of its agreement under this Section VI, Google may exercise its rights under the agreement.  Before exercising such rights, Google shall first provide simultaneous notice to the Technical Committee and the Plaintiffs of the breach and the actions Google is taking in light of the breach.  Google shall provide this notice in time such that Plaintiffs have a reasonable period of time to raise objections.  If Plaintiffs object and seek a resolution by the Court, Google may not take any action until the later of (i) two weeks after Plaintiffs seek Court intervention, if the Court does not act, or (ii) until further order of the Court, if the Court intervenes. | 13. If Google in good faith believes a Qualified Competitor is in breach of the terms of its agreement, it may exercise its rights under the agreement.  Google must also provide simultaneous notice to the Technical Committee of the breach and the actions Google is taking in light of the breach. | 10. If Google in good faith believes a Qualified Competitor is in breach of the terms of its agreement under this Section VI, Google may exercise its rights under the agreement.  Before exercising such rights, Google shall first provide simultaneous notice to the Technical Committee and the Plaintiffs of the breach and the actions Google is taking in light of the breach.  Google shall provide this notice in time such that Plaintiffs have a reasonable period of time to raise objections.  If Plaintiffs object and seek a resolution by the Court, Google may not take any action until the later of (i) two weeks after Plaintiffs seek Court intervention, if the Court does not act, or (ii) until further order of the Court, if the Court intervenes.  Google may seek expedited consideration from the Court if the circumstances warrant such treatment. |
| 11. Google shall be entitled to propose additional terms to the Search Text Ad syndication agreements with Qualified Competitors as necessary to guarantee ad quality, protect advertisers, and prevent ad misuse.  Qualified Competitors are free to reject these proposed additional terms.  Google shall provide simultaneous notice to the Technical Committee and the Plaintiffs of any such term and allow Plaintiffs a reasonable period of time to raise objections.  If Plaintiffs object and seek a resolution by the Court, Google may not modify its Search Text Ad syndication agreements under this Section VI until the later of (i) two weeks after Plaintiffs seek Court intervention, if the Court does not act, or (ii) until further order of the Court, if the Court intervenes. | 14. Google will be entitled to propose additional terms to the Search Text Ad syndication agreements with Qualified Competitors as necessary to guarantee ad quality, protect advertisers, and prevent ad misuse. | 11. Google shall be entitled to propose additional terms to the Search Text Ad syndication agreements with Qualified Competitors as necessary to guarantee ad quality, protect advertisers, and prevent ad misuse.  Qualified Competitors are free to reject these proposed additional terms.  Google shall provide simultaneous notice to the Technical Committee and the Plaintiffs of any such term and allow Plaintiffs a reasonable period of time to raise objections.  If Plaintiffs object and seek a resolution by the Court, Google may not modify its Search Text Ad syndication agreements under this Section VI until the later of (i) two weeks after Plaintiffs seek Court intervention, if the Court does not act, or (ii) until further order of the Court, if the Court intervenes.  Google may seek expedited |

68

| | | consideration from the Court if the circumstances warrant such treatment. |
|---|---|---|
| 12. Qualified Competitors may elect, in their sole discretion, which queries (some or all) for which they will request syndicated search text ad results and which syndication components to display or use and may do so in any manner they choose, except that Google may impose restrictions on the display or use of syndication components no less favorable than what it provides under current search text ad syndication agreements as of the date of entry of this Final Judgment. | 15. Qualified Competitors may elect, in their sole discretion, the queries for which they will request syndicated ad results. | 12. Qualified Competitors may elect, in their sole discretion, the queries for which they will request syndicated ad results. |
| [No similar provision.] | [No similar provision.] | Within sixty (60) days of the Effective Date of this Final Judgment, Plaintiffs and the Technical Committee, with input from Google, shall create and submit to the Court a template for such license. |
| C.   Existing   Syndication Agreements: The provisions of this Section VI shall have no effect on any existing Google search text ad syndication agreements with third parties or on its ability to enter into search text ad syndication agreements with third parties other than Qualified Competitors, except that Google shall permit any entity with an existing search text ad syndication agreement who becomes a Qualified Competitor, at the Qualified Competitor's sole discretion, to terminate its existing agreement in favor of the remedies in this Section VI. | C.   Existing   Syndication Agreements: The provisions of this Section VI will have no effect on any existing Google Search Text Ad syndication agreements with third parties or on Google's ability to enter into Search Text Ad syndication contracts with third parties other than Qualified Competitors, except that Google must permit any entity with an existing Search Text Ad syndication agreement who becomes a Qualified Competitor, at the Qualified Competitor's sole discretion, to terminate its existing agreement in favor of the remedies in this Section VI. | C.   Existing   Syndication Agreements: The provisions of this Section VI shall have no effect on any existing Google Search Text Ad syndication agreements with third parties or on Google's ability to enter in Search Text Ad syndication agreements with third parties other than Qualified Competitors, except that Google shall permit any entity with an existing Search Text Ad syndication agreement who becomes a Qualified Competitor, at the Qualified Competitor's sole discretion, to terminate its existing agreement in favor of the remedies in this Section VI. |

## VII.   COMPLIANCE, ADMINISTRATION, AND ENFORCEMENT PROCEDURES

| Plaintiffs' Proposal | Google's Proposal | Final Judgment |
|---|---|---|
| A.   Technical Committee: | A.   Technical Committee: | A.   Technical Committee: |
| 1.   Within sixty (60) days of entry of this Final Judgment, the Court will appoint, pursuant to the procedures below, a five-person Technical Committee ("TC") to assist in | 1.   Within sixty (60) days of entry of this Final Judgment, the Court will appoint, pursuant to the procedures below, a five-person Technical Committee ("TC") to | 1.   Within sixty (60) days of entry of this Final Judgment, the Court will appoint, pursuant to the procedures below, a five-person Technical Committee to assist in |

69

| | | |
|---|---|---|
| enforcement of and compliance with this Final Judgment. | assist in enforcement of and compliance with this Final Judgment. | enforcement of and compliance with this Final Judgment. |
| 2. The TC members shall be experts in some combination of software engineering, information retrieval, artificial intelligence, economics, behavioral science, as well as data privacy and data security. No TC member may have a conflict of interest that could prevent them from performing their duties in a fair and unbiased manner. In addition, unless Plaintiffs specifically consent, no TC member: | 2. The TC members must be experts in some combination of software engineering, information retrieval, artificial intelligence, economics, behavioral science, and data privacy and data security. No TC member may have a conflict of interest that could prevent them from performing their duties in a fair and unbiased manner. In addition, unless the Court approves, no TC member: | 2. The TC members shall be experts in some combination of software engineering, information retrieval, artificial intelligence, economics, behavioral science, and data privacy and data security. No TC member may have a conflict of interest that could prevent them from performing their duties in a fair and unbiased manner. In addition, unless the Court so approves, no TC member: |
| a. may have been employed in any capacity by Google or any Competitor to Google within the six-month period directly predating their appointment to the TC; | a. may have been employed in any capacity by Google or any Competitor to Google within the six-month period directly predating their appointment to the TC; | a. may have been employed in any capacity by Google or any Competitor to Google within the six-month period directly predating their appointment to the TC; |
| b. may have been retained by any party as a consulting or testifying expert in this action; or | b. may have been retained as a consulting or testifying expert by any part in this action; or | b. may have been retained by any party as a consulting or testifying expert in this action; or |
| c. may perform any work for Google or any Competitor of Google during the time that they serve on the TC and for one (1) year after ceasing to serve on the TC. | c. may perform any work for Google or any Competitor of Google during the time that they serve on the TC and for one (1) year after ceasing to serve on the TC. | c. may perform any work for Google or any Competitor of Google during the time that they serve on the TC and for one (1) year after ceasing to serve on the TC. |
| 3. Within thirty (30) days of entry of this Final Judgment, Plaintiff United States (after consultation with the Co-Plaintiff States), the Colorado Plaintiff States, and Google shall each select one member of the TC, and a majority of those three members will then select the remaining two members. Plaintiff United States' appointee shall serve as chair. The selection and approval process shall be as follows: | 3. Within thirty (30) days of entry of this Final Judgment, Plaintiff United States (after consultation with the Co-Plaintiff States), the Colorado Plaintiff States, and Google will each select one member of the TC, and a majority of those three members will then select the remaining two members. Plaintiff United States' appointee will serve as chair. The selection and approval process will be as follows: | 3. Within thirty (30) days of entry of this Final Judgment, Plaintiff United States (after consultation with the Co-Plaintiff States), the Colorado Plaintiff States, and Google shall each select one member of the TC, and a majority of those three members will then select the remaining two members. Plaintiff United States' appointee shall serve as chair. The selection and approval process shall be as follows: |
| a. As soon as practicable after submission of this Final Judgment to the Court, the Plaintiffs as a group shall identify to Google the individuals they propose to select as their designees to the TC, and Google shall identify to Plaintiffs | a. As soon as practicable after submission of this Final Judgment to the Court, the Plaintiffs as a group will identify to Google the individuals they propose to select as their designees to the TC, and Google will identify to Plaintiffs | a. As soon as practicable after submission of this Final Judgment to the Court, the Plaintiffs as a group shall identify to Google the individuals they propose to select as their designees to the TC, and Google shall identify to Plaintiffs |

70

| | | |
|---|---|---|
| the individual it proposes to select as its designees. No party may object to a selection on any ground other than failure to satisfy the requirements of Section VII.A.2 above. Any such objection shall be made within ten (10) business days of receipt of notification of selection. | the individual it proposes to select as its designee. No party may object to a selection on any ground other than failure to satisfy the requirements of Paragraph VII.A.2 above. Any such objection must be made within ten (10) business days of the receipt of notification of selection. | the individual it proposes to select as its designee. No party may object to a selection on any ground other than failure to satisfy the requirements of Section VII.A.2 above. Any such objection shall be made within ten (10) business days of receipt of notification of selection. |
| b. The Plaintiffs shall apply to the Court for appointment of the persons selected pursuant to Section VII.A.3.a) above. Any objections to the eligibility of a selected person that the parties have failed to resolve between themselves will be decided by the Court based solely on the requirements stated in Section VII.A.2 above. | b. The Plaintiffs will apply to the Court for appointment of the persons selected pursuant to Paragraph VII.A.3.a above. Any objections to the eligibility of a selected person that the parties have failed to resolve between themselves will be decided by the Court based solely on the requirements stated in Paragraph VII.A.2 above. | b. The Plaintiffs shall apply to the Court for appointment of the persons selected pursuant to Section VII.A.3.a above. Any objections to the eligibility of a selected person that the parties have failed to resolve between themselves will be decided by the Court based solely on the requirements stated in Section VII.A.2 above. |
| c. As soon as practicable after their appointment by the Court, the three members of the TC selected by the Plaintiffs and Google (the "Standing Committee Members") shall identify to the Plaintiffs and Google the persons that they in turn propose to select as the remaining members of the TC. The Plaintiffs and Google shall not object to these selections on any grounds other than failure to satisfy the requirements of Section VII.A.2 above. Any such objection shall be made within ten (10) business days of receipt of notification of the selection and shall be served on the other party as well as on the Standing Committee Members. | c. As soon as practicable after their appointment by the Court, the three members of the TC selected by the Plaintiffs and Google (the "Standing Committee Members") will identify to the Plaintiffs and Google the persons that they in turn propose to select as the remaining members of the TC. The Plaintiffs and Google must not object to these selections on any grounds other than failure to satisfy the requirements of Paragraph VII.A.2 above. Any such objection must be made within ten (10) business days of the receipt of notification of the selection and must be served on the other party as well as on the Standing Committee Members. | c. As soon as practicable after their appointment by the Court, the three members of the TC selected by the Plaintiffs and Google (the "Standing Committee Members") shall identify to the Plaintiffs and Google the persons that they in turn propose to select as the remaining members of the TC. The Plaintiffs and Google shall not object to these selections on any grounds other than failure to satisfy the requirements of Section VII.A.2 above. Any such objection shall be made within ten (10) business days of receipt of notification of selection and shall be served on the other party as well as on the Standing Committee Members. |
| d. The Plaintiffs shall apply to the Court for appointment of the persons selected by the Standing Committee Members. If the Standing Committee Members cannot agree on the fourth or fifth members of the TC, that member or members shall be appointed by the Court. Any objection by Plaintiffs or Google to the eligibility of the person selected by | d. The Plaintiffs will apply to the Court for appointment of the persons selected by the Standing Committee Members. If the Standing Committee Members cannot agree on the fourth or fifth members of the TC, that member or members will be appointed by the Court. Any objection by Plaintiffs or Google to the eligibility of the person selected by | d. The Plaintiffs shall apply to the Court for appointment of the persons selected by the Standing Committee Members. If the Standing Committee Members cannot agree on the fourth or fifth members of the TC, that member or members shall be appointed by the Court. Any objection by Plaintiffs or Google to the eligibility of the person selected by |

71

| | | |
|---|---|---|
| the Standing Committee Members which the parties have failed to resolve among themselves shall also be decided by the Court based solely on the requirements stated in Section VII.A.2 above. | the Standing Committee Members which the parties have failed to resolve among themselves will also be decided by the Court based solely on the requirements stated in Paragraph VII.A.2 above. | the Standing Committee Members which the parties have failed to resolve among themselves shall also be decided by the Court based solely on the requirements stated in Section VII.A.2 above. |
| 4.  The Standing Committee Members shall serve for an initial term of thirty-six (36) months; the remaining members shall serve for an initial term of thirty (30) months.  At the end of a TC member's term, the party that originally selected them may, in its sole discretion, either request re-appointment by the Court to additional terms of the same length, or replace the TC member in the same manner as provided for in Section VII.A.3 above.  In the case of the fourth and fifth members of the TC, those members shall be re-appointed or replaced in the manner provided in Section VII.A.3 above. | 4.  The Standing Committee Members will serve for an initial term of thirty-six (36) months; the remaining members will serve for an initial term of thirty (30) months.  At the end a TC member's term, the party that originally selected them may, in its sole discretion, either request re-appointment by the Court to additional terms of the same length, or replace the TC member in the same manner as provided for in Paragraph VII.A.3 above.  In the case of the fourth and fifth members of the TC, those members will be re-appointed or replaced in the manner provided in Paragraph VII.A.3 above. | 4.  The Standing Committee Members shall serve for an initial term of thirty-six (36) months; the remaining members shall serve for an initial term of thirty (30) months.  At the end of a TC member's term, the party that originally selected them may, in its sole discretion, either request re-appointment by the Court to additional terms of the same length, or replace the TC member in the same manner as provided for in Section VII.A.3 above.  In the case of the fourth and fifth members of the TC, those members shall be re-appointed or replaced in the manner provided in Section VII.A.3 above. |
| 5.  If Plaintiffs determine that a member of the TC has failed to act diligently and consistently with the purposes of this Final Judgment, or if a member of the TC resigns, or for any other reason ceases to serve in their capacity as a member of the TC, the person or persons that originally selected the TC member shall select a replacement member in the same manner as provided for in Section VII.A.3 above. | 5.  If any party determines that a member of the TC has failed to act diligently and consistently with the purposes of this Final Judgment, they may petition the Court for removal of that member.  If a member of the TC is removed by the Court, resigns, or for any other reason ceases to serve in their capacity as a member of the TC, the person or persons that originally selected the TC member will select a replacement member in the same manner as provided for in Paragraph VII.A.3 above. | 5.  If any party determines that a member of the TC has failed to act diligently and consistently with the purposes of this Final Judgment, they may petition the Court for removal of that member.  If a member of the TC is removed by the Court, resigns, or for any other reason ceases to serve in their capacity as a member of the TC, the person or persons that originally selected the TC member shall select a replacement member in the same manner as provided for in Section VII.A.3 above. |
| 6.  Promptly after appointment of the TC by the Court, the Plaintiffs shall enter into a Technical Committee Services Agreement ("TC Services Agreement") with each TC member that grants the rights, powers, and authorities necessary to permit the TC to perform its duties under this Final Judgment.  Google shall indemnify each TC member and hold them harmless against any losses, claims, | 6.  Promptly after appointment of the TC by the Court, the Plaintiffs will enter into a Technical Committee Services Agreement ("TC Services Agreement") with each TC member that grants the rights, powers, and authorities necessary to permit the TC to perform its duties under this Final Judgment.  Google must indemnify each TC member and hold them harmless against any losses, claims, | 6.  Promptly after appointment of the TC by the Court, the Plaintiffs shall enter into a Technical Committee Services Agreement ("TC Services Agreement") with each TC member that grants the rights, powers, and authorities necessary to permit the TC to perform its duties under this Final Judgment.  Google shall indemnify each TC member and hold them harmless against any losses, claims, |

72

| | | |
|---|---|---|
| damages, liabilities or expenses arising out of, or in connection with, the performance of the TC's duties, except to the extent that such liabilities, losses, damages, claims, or expenses result from misfeasance, gross negligence, willful or wanton acts, or bad faith by the TC member. The TC Services Agreements shall include the following: | damages, liabilities or expenses arising out of, in connection with, the performance of the TC's duties, except to the extent that such liabilities, losses, damages, claims, or expenses result from misfeasance, gross negligence, willful or wanton acts, or bad faith by the TC member. The TC Services Agreement must include the following: | damages, liabilities, or expenses arising out of, or in connection with, the performance of the TC's duties, except to the extent that such liabilities, losses, damages, claims, or expenses result from misfeasance, gross negligence, willful or wanton acts, or bad faith by the TC member. The TC Services Agreements shall include the following: |
| a. The TC members shall serve, without bond or other security, at the cost and expense of Google on such terms and conditions as the Plaintiffs approve, including the payment of reasonable fees and expenses. | a. The TC members will serve, without bond or security, at the cost and expense of Google on such terms and conditions as the parties agree, including the payment of reasonable fees and expenses. To the extent that the parties cannot agree on the terms of a TC Services Agreement, the parties will submit such disagreement to the Court for resolution. | a. The TC members shall serve, without bond or other security, at the cost and expense of Google on such terms and conditions as the parties agree, including payment of reasonable fees and expenses. To the extent that the parties cannot agree on the terms of a TC Services Agreement, the parties will submit such disagreement to the Court for resolution. |
| b. The TC Services Agreement shall provide that each member of the TC must comply with the limitations provided for in Section VII.A.2 above. | b. The TC Services Agreement will provide that each member of the TC must comply with the limitations provided for in Paragraph VII.A.2 above. | b. The TC Services Agreement shall provide that each member of the TC must comply with the limitations provided for in Section VII.A.2 above. |
| 7. The TC shall have the following powers and duties: | 7. The TC has the following powers and duties: | 7. The TC shall have the following powers and duties: |
| a. The TC shall have the power and authority to monitor Google's implementation of and compliance with its obligations under this Final Judgment, in the manner describe further herein. | b. The TC will have the power to advise and make recommendations about the standards to be applied for assessing, and the ultimate determination of whether a third party should qualify as a Qualified Competitor for purposes of this Final Judgment, *see* Paragraph IX.T. | a. The TC shall have the power and authority to monitor Google's implementation of and compliance with its obligations under this Final Judgment, in the manner described further herein. |
| | d. The TC will have the power to advise Plaintiffs and the Court about an appropriate cap on User-side Data disclosures to be made to Qualified Competitors, *see* Paragraph IV.B.4. | |
| | e. The TC will have the power to advise Plaintiffs and the Court about appropriate User-side Data security and privacy safeguards, *see* Paragraph IV.C. | |

73

| | | |
|---|---|---|
| | f. The TC will have the power to audit Qualified Competitors' use of search and search text ads syndication services, *see* Paragraph IX.T. | |
| | g. The TC will have the power to conduct data security and privacy safeguard audits of Qualified Competitors, *see* Paragraph IX.T. | |
| | h. The TC will have the power to advise Plaintiffs and the Court about an appropriate tapering rate for search syndication, *see* Paragraph V.B.4. | |
| | i. The TC will have the power to develop and propose parameters that inform Google what types of Search Text Ads auction changes must be brought to the attention of Plaintiffs and the Technical Committee, and receive disclosures from Google about Search Text Ads auctions changes, *see* Paragraph VI.A. | |
| b. The TC shall have the power to recommend reasonable data security standards applicable to Qualified Competitors, which shall be approved by the Plaintiffs. | c. The TC will have the power to recommend reasonable data security standards applicable to Qualified Competitors, which will be submitted to the Court for review and determination, *see* Paragraph IX.T. | b. The TC shall have the power to recommend reasonable data security standards applicable to Qualified Competitors, which shall be approved by the Plaintiffs. |
| c. The TC may, on reasonable notice to Google: | j. The TC may make reasonable and proportional requests necessary to perform its duties, on reasonable notice to Google, to: | c. The TC may, on reasonable notice to Google: |
| 1. interview, either informally or on the record, any Google personnel, who may have their individual counsel present; any such interview will be subject to the reasonable convenience of such personnel and without restraint or interference by Google; | 1. interview any Google personnel, who may have counsel present; any such interview will be subject to the reasonable convenience of such personnel and without restraint or interference by Google; | i. interview, either informally or on the record, any Google personnel, who may have their individual counsel present; any such interview will be subject to the reasonable convenience of such personnel and without restraint or interference by Google; |
| 2. inspect and copy any document in the possession, custody, or control of Google personnel; | 2. provide non-privileged documents and records in its possession, custody, or control; | ii. inspect and copy any document in the possession, custody, or control of Google personnel; |

74

| | | |
|---|---|---|
| 3.  obtain reasonable access to any system or equipment to which Google personnel have access; | 3.  obtain reasonable access to systems or equipment to the extent necessary to perform testing regarding appropriate User-side Data security and privacy safeguards, *see* Paragraph IV.C; and | iii.  obtain reasonable access to any system or equipment to which Google personnel have access; |
| 4.  obtain reasonable access to, and inspect, any physical facility, building or other premises to which Google personnel have access; and | 4.  obtain reasonable access to any physical facilities, building or other premises to the extent necessary to perform testing regarding appropriate User-side Data security and privacy safeguards, *see* Paragraph IV.C. | iv.  obtain reasonable access to, and inspect, any physical facility, building, or other premises to which Google personnel have access; and |
| 5.  require Google personnel to provide documents, data and other information, and to submit reports to the TC containing such material, in such form as the TC may reasonably direct. | [No similar provision. | v.  require Google personnel to provide documents, data, and other information, and to submit reports to the TC containing such material, in such form as the TC may reasonably direct. |
| [No similar provision.] | 5.  To the extent that Google and the TC cannot agree on the reasonable scope of any such request, the parties may submit such disagreement to the Court for resolution. | [No similar provision.] |
| d. The TC shall have access to Google's source code and algorithms, subject to a confidentiality agreement, as approved by the Plaintiffs and to be agreed to by the TC members pursuant to Section VII.A.8 below, and by any staff or consultants who may have access to the source code and algorithms.  The TC may study, interrogate and interact with the source code and algorithms in order to perform its functions and duties, including the handling of complaints and other inquiries from third parties. | [No similar provision.] | d. The TC shall have access to Google's source code and algorithms, subject to a confidentiality agreement, as approved by the Plaintiffs and to be agreed to by the TC members pursuant to Section VII.A.8 below, and by any staff or consultants who may have access to the source code and algorithms.  The TC may study, interrogate, and interact with the source code and algorithms in order to perform its functions and duties, including the handling of complaints and other inquiries from third parties. |
| e. The TC shall receive complaints from Google's | [No similar provision.] | e. The TC shall receive complaints from Google's |

| | | |
|---|---|---|
| Compliance Officer (as described in Section VII.B below), third parties, or the Plaintiffs and handle them in the manner specified in Section VII.C below. | | Compliance Officer (as described in Section VII.B below), third parties, or the Plaintiffs and handle them in the manner specified in Section VII.C below. |
| f. The TC shall report in writing to the Plaintiffs, initially every three (3) months for three (3) years and thereafter every six (6) months until expiration of this Final Judgment, the actions it has undertaken in performing its duties pursuant to this Final Judgment, including the identification of each business practice reviewed and any recommendations made by the TC. | k. The TC must report in writing to the parties, initially every three (3) months for three (3) years and thereafter every six (6) months until expiration of this Final Judgment, the actions it has undertaken in performing its duties pursuant to this Final Judgment. | f. The TC shall report in writing to the Plaintiffs, initially every three (3) months for three (3) years and thereafter every six (6) months until expiration of this Final Judgment, the actions it has undertaken in performing its duties pursuant to this Final Judgment, including the identification of each business practice reviewed and any recommendations made by the TC. |
| g. Regardless of when reports are due, when the TC has reason to believe that there may have been a failure by Google to comply with any term of this Final Judgment, or that Google is attempting to circumvent any provision of this Final Judgment or the intended purposes of this Final Judgment, the TC shall immediately notify the Plaintiffs in writing setting forth the relevant details. | [No similar provision.] | g. Regardless of when reports are due, when the TC has reason to believe that there may have been a failure by Google to comply with any term of this Final Judgment, or that Google is attempting to circumvent any provision of this Final Judgment or the intended purposes of this Final Judgment, the TC shall immediately notify the Plaintiffs in writing setting forth the relevant details. |
| h. TC members may communicate with third parties about how their complaints or inquiries might be resolved with Google, so long as the confidentiality of information obtained from Google is maintained. | [No similar provision.] | h. TC members may communicate with third parties about how their complaints or inquiries might be resolved with Google, so long as the confidentiality of information obtained from Google is maintained. |
| i. The TC may hire at the cost and expense of Google, with prior notice to Google and subject to approval by the Plaintiffs, such staff or consultants (all of whom must meet the qualifications of Sections VII.A.2.a–c) as are reasonably necessary for the TC to carry out its duties and responsibilities under this Final Judgment. The compensation of any person retained by the TC shall be based on reasonable and | l. The TC may hire at the cost and expense of Google, with prior notice to Google and subject to approval by the parties, such staff or consultants (all of whom must meet the qualifications of Paragraphs VII.A.2.a-c) as are reasonably necessary for the TC to carry out its duties and responsibilities under this Final Judgment. The compensation of any person retained by the TC will be based on reasonable and | i. The TC may hire at the cost and expense of Google, with prior notice to Google and subject to approval by the Plaintiffs, such staff or consultants (all of whom must meet the qualifications of Sections VII.A.2.a–c) as are reasonably necessary for the TC to carry out its duties and responsibilities under this Final Judgment. The compensation of any person retained by the TC shall be based on reasonable and |

76

| | | |
|---|---|---|
| customary terms commensurate with the individual's experience and responsibilities. | customary terms commensurate with the individual's experience and responsibilities, and subject to approval by the parties. To the extent that the parties cannot agree on such a request, the parties will submit such disagreement to the Court for resolution. | customary terms commensurate with the individual's experience and responsibilities. |
| j. The TC shall account for all reasonable expenses incurred, including agreed upon fees for the TC members' services, subject to the approval of the Plaintiffs. Google's failure to promptly pay the TC's accounted-for costs and expenses, including for agents and consultants, shall constitute a violation of this Final Judgment and may result in sanctions imposed by the Court. Google may, on application to the Court, object to the reasonableness of any such fees or other expenses only if Google has conveyed such objections to the Plaintiffs and the TC within ten (10) calendar days of receiving the invoice for such fees or other expenses. On any such application, (a) Google shall bear the burden to demonstrate unreasonableness; (b) Google shall establish an escrow account into which it deposits the disputed costs and expenses until the dispute is resolved; and (c) the TC members shall be entitled to recover all costs incurred on such application (including reasonable attorneys' fees and costs), regardless of the Court's disposition of such application, unless the Court expressly finds that the TC's opposition to the application was without substantial justification. | m. The TC must account for all reasonable expenses incurred, including agreed upon fees for the TC members' services, subject to the approval of the parties. To the extent that the parties cannot agree on the reasonableness of such expenses, the parties will submit such disagreement to the Court for resolution. | j. The TC shall account for all reasonable expenses incurred, including agreed upon fees for the TC members' services, subject to the approval of the Plaintiffs. Google's failure to promptly pay the TC's accounted-for costs and expenses, including for agents and consultants, shall constitute a violation of this Final Judgment and may result in sanctions imposed by the Court. Google may, on application to the Court, object to the reasonableness of any such fees or other expenses only if Google has conveyed such objections to the Plaintiffs and the TC within ten (10) calendar days of receiving the invoice for such fees or other expenses. On any such application, (a) Google shall bear the burden to demonstrate unreasonableness; (b) Google shall establish an escrow account into which it deposits the disputed costs and expenses until the dispute is resolved; and (c) the TC members shall be entitled to recover all costs incurred on such application (including reasonable attorneys' fees and costs), regardless of the Court's disposition of such application, unless the Court expressly finds that the TC's opposition to the application was without substantial justification. |
| [No similar provision.] | a. For the avoidance of doubt, neither the TC nor Plaintiffs will have the right to make final decisions as to the requirements of this Final Judgment. Google will have the right to object to and be | k. Google may object to and be heard by the Court on any recommendation from the TC or Plaintiffs as to the interpretations or substantive requirements of this Final Judgment. |

77

416

| | heard by the Court on any recommendation from the TC or Plaintiffs as to the interpretations of or substantive requirements of this Final Judgment. | |
|---|---|---|
| 8. Each TC member, and any consultants or staff hired by the TC, shall sign a confidentiality agreement prohibiting disclosure of any information obtained in the course of performing his or her duties as a member of the TC or as a person assisting the TC, to anyone other than another TC member or a consultant or staff hired by the TC, Google, the Plaintiffs, or the Court. All information gathered by the TC in connection with this Final Judgment and any report and recommendations prepared by the TC shall be treated as Highly Confidential under the Protective Order in this case, and shall not be disclosed to any person other than another TC member or a consultant or staff hired by the TC, Google, the Plaintiffs, and the Court except as allowed by the Protective Order entered in the Action or by further order of this Court. No member of the TC may make any public statements relating to the TC's activities. | 8. Each TC member, and any consultants or staff hired by the TC, must sign a confidentiality agreement prohibiting disclosure of any information obtained in the course of performing his or her duties as a member of the TC or as a person assisting the TC, to anyone other than another TC member or a consultant or staff hired by the TC, Google, the Plaintiffs, or the Court. All information gathered by the TC in connection with this Final Judgment and any report and recommendations prepared by the TC must be treated as Highly Confidential under the Protective Order in this case, and must not be disclosed to any person other than another TC member or a consultant or staff hired by the TC, Google, the Plaintiffs, and the Court except as allowed by the Protective Order entered in the Action or by further order of this Court. No member of the TC may make any public statements relating to the TC's activities. | 8. Each TC member, and any consultants or staff hired by the TC, shall sign a confidentiality agreement prohibiting disclosure of any information obtained in the course of performing his or her duties as a member of the TC or as a person assisting the TC, to anyone other than another TC member or a consultant or staff hired by the TC, Google, the Plaintiffs, or the Court. All information gathered by the TC in connection with this Final Judgment and any report and recommendations prepared by the TC shall be treated as Highly Confidential under the Protective Order in this case, and shall not be disclosed to any person other than another TC member or a consultant or staff hired by the TC, Google, the Plaintiffs, and the Court except as allowed by the Protective Order entered in the Action or by further order of this Court. No member of the TC may make any public statements relating to the TC's activities. |
| B. Internal Compliance Officer: | C. Internal Compliance Officer: | B. Internal Compliance Officer: |
| 1. Google shall designate, within thirty (30) days of entry of this Final Judgment, an employee of Google as the internal Compliance Officer with responsibility for administering Google's antitrust compliance program and helping to ensure compliance with this Final Judgment. | 1. Google shall designate, within 30 days of entry of this Final Judgment, an internal Compliance Officer who shall be an employee of Google with responsibility for administering Google's antitrust compliance program and helping to ensure compliance with this Final Judgment. | 1. Google shall designate, within thirty (30) days of entry of this Final Judgment, an employee of Google as the internal Compliance Officer with responsibility for administering Google's antitrust compliance program and helping to ensure compliance with this Final Judgment. |
| 2. Within seven (7) days of the Compliance Officer's appointment, Google shall identify to the Plaintiffs the Compliance Officer's name, business address, telephone number, and email address. Within fifteen (15) days of a vacancy in the | 2. Within seven (7) days of the Compliance Officer's appointment, Google must identify to the Plaintiffs the Compliance Officer's name, business address, telephone number, and email address. Within fifteen (15) days of a vacancy in the | 2. Within seven (7) days of the Compliance Officer's appointment, Google shall identify to the Plaintiffs the Compliance Officer's name, business address, telephone number, and email address. Within fifteen (15) days of a vacancy in the |

78

| | | |
|---|---|---|
| Compliance Officer position, Google shall appoint a replacement and identify to the Plaintiffs the replacement Compliance Officer's name, business address, telephone number, and email address. Google's initial or replacement appointment of the Compliance Officer is subject to the approval of the Plaintiffs. | Compliance Officer position, Google must appoint a replacement and identify to the Plaintiffs the replacement Compliance Officer's name, business address, telephone number, and email address. | Compliance Officer position, Google shall appoint a replacement and identify to the Plaintiffs the replacement Compliance Officer's name, business address, telephone number, and email address. Google's initial or replacement appointment of the Compliance Officer is subject to the approval of the Plaintiffs. |
| 3. The Compliance Officer shall supervise the review of Google activities to ensure that they comply with this Final Judgment. The Compliance Officer may be assisted by other employees of Google. | 3. The Compliance Officer shall supervise the review of Google's activities to ensure that they comply with this Final Judgment. The Compliance Officer may be assisted by other employees of Google. | 3. The Compliance Officer shall supervise the review of Google activities to ensure that they comply with this Final Judgment. The Compliance Officer may be assisted by other employees of Google. |
| 4. The Compliance Officer shall be responsible for performing the following activities: | 4. The Compliance Officer shall be responsible for performing the following activities: | 4. The Compliance Officer shall be responsible for performing the following activities: |
| a. within thirty (30) days after entry of this Final Judgment, distributing a copy of the Final Judgment to all officers and directors of Google; | a. within 45 days after entry of this Final Judgment, distributing a copy of the Final Judgment to all officers and directors of Google; | a. within forty-five (45) days after entry of this Final Judgment, distributing a copy of the Final Judgment to all officers and directors of Google; |
| b. distributing a copy of this Final Judgment to any person who succeeds to a position described in Section VII.B.4.a above within thirty (30) days of the date the person starts that position. | b. promptly distributing a copy of this Final Judgment to any person who succeeds to a position described in Paragraph VII.C.4.a; | b. promptly distributing a copy of this Final Judgment to any person who succeeds to a position described in Section VII.B.4.a above; |
| c. ensuring that those persons designated by Section VII.B.4.a above are annually trained on the meaning and requirements of this Final Judgment and the U.S. antitrust laws and advising them that Google's legal advisors are available to confer with them regarding any question concerning compliance with this Final Judgment or the U.S. antitrust laws; | c. ensuring that those persons designated in Paragraph VII.C.4.a are annually briefed on the meaning and requirements of this Final Judgment and the U.S. antitrust laws and advising them that Google's legal advisors are available to confer with them regarding any question concerning compliance with this Final Judgment or the U.S. antitrust law; | c. ensuring that those persons designated by Section VII.B.4.a above are annually briefed on the meaning and requirements of this Final Judgment and the U.S. antitrust laws and advising them that Google's legal advisors are available to confer with them regarding any question concerning compliance with this Final Judgment or the U.S. antitrust laws; |
| d. obtaining from each person designated in Section VII.B.4.a above an annual written certification that he or she: (i) has read and agrees to abide by the terms of this Final Judgment; and (ii) has been advised and understands that his or her failure | d. obtaining from each person designated in Paragraph VII.C.4.a an annual written certification that he or she: (i) has read and agrees to abide by the terms of this Final Judgment; and (ii) has been advised and understands that his or her failure to comply with this | d. obtaining from each person designated in Section VII.B.4.a above an annual written certification that he or she: (i) has read and agrees to abide by the terms of this Final Judgment and (ii) has been advised and understands that his or her failure |

79

| | | |
|---|---|---|
| to comply with this Final Judgment may result in a finding of contempt of court; | Final Judgment may result in a finding of contempt of court; | to comply with this Final Judgment may result in a finding of contempt of court; |
| e. maintaining a record of all persons to whom a copy of this Final Judgment has been distributed and from whom the certification described in Section VII.B.4.d above has been obtained; | e. maintaining a record of all persons to whom a copy of this Final Judgment has been distributed and from whom the certification described in Paragraph VII.C.4.d has been obtained; | e. maintaining a record of all persons to whom a copy of this Final Judgment has been distributed and from whom the certification described in Section VII.B.4.d above has been obtained; |
| f. annually communicating to all employees that they may disclose to the Compliance Officer, without reprisal for such disclosure, information concerning any violation or potential violation of this Final Judgment or the U.S. antitrust laws by Google, and establishing a confidential avenue for any employee to report potential violations. | [No similar provision.] | [No similar provision.] |
| g. establishing and maintaining the website provided for in Section VII.C.2.a below; | f. establishing and maintaining the website provided for in Paragraph VII.D.2.b; | f. establishing and maintaining the website provided for in Section VII.C.2.a below; |
| [No similar provision.] | g. preparing the Annual Compliance Report described in Paragraph VII.B.2 and any Interim Report requested as described in Paragraph VII.B.3.a; | [No similar provision.] |
| h. receiving complaints from third parties, the TC, and the Plaintiffs concerning Google's compliance with this Final Judgment and following the appropriate procedures set forth in Section VII.C below; | h. receiving complaints from third parties or the Plaintiffs concerning Google's compliance with this Final Judgment and following the appropriate procedures set forth in Paragraph VII.D; | g. receiving complaints from third parties, the TC, and the Plaintiffs concerning Google's compliance with this Final Judgment and following the appropriate procedures set forth in Section VII.C below; |
| i. maintaining a record of all complaints received and action taken by Google with respect to each such complaint; and | i. maintaining a record of all complaints received and action taken by Google with respect to each such complaint; and | h. maintaining a record of all complaints received and action taken by Google with respect to each such complaint; and |
| j. ensuring Google retains all relevant documents and electronically stored information, regardless of medium or form, related to this Final Judgment and all complaints received and or action taken by Google with respect to any complaint. | j. ensuring employees retain all relevant documents and electronically stored information, regardless of medium or form, regarding all complaints received pursuant to Paragraph VII.D.1 and action taken by Google with respect to any such complaint. | i. ensuring Google retains all relevant documents and electronically stored information, regardless of medium or form, related to this Final Judgment and all complaints received and/or action taken by Google with respect to any complaint. |
| 5. Google shall within thirty (30) days further appoint a senior | [No similar provision.] | 5. Google shall within thirty (30) days further appoint a senior |

80

| | | |
|---|---|---|
| business executive, who has visibility into any Google entity with obligations under this Final Judgment, whom Google shall make available to update the Court on Google's compliance at regular status conferences or as otherwise ordered. | | business executive, who has visibility into any Google entity with obligations under this Final Judgment, whom Google shall make available to update the Court on Google's compliance at regular status conferences or as otherwise ordered. |
| 6. Google shall retain (if it has not already) a licensed attorney in good standing in California to collect documents and interview employees and generally review Google's document retention practices and Google's compliance with its legal discovery obligations under this case and final judgment. This attorney shall be retained for a term no shorter than eighteen (18) months. This attorney (and any team this attorney assembles) shall present to the Audit and Compliance Committee (or any successor Board Committee) on the retention of documents and Google's compliance with its discovery obligations. | [No similar provision.] | [No similar provision.] |
| C. Voluntary Dispute Resolution: | D. Voluntary Dispute Resolution: | C. Voluntary Dispute Resolution: |
| 1. Third parties may submit complaints concerning Google's compliance with this Final Judgment to the Plaintiffs, the TC, or the Compliance Officer. | 1. Third parties may submit complaints concerning Google's compliance with this Final Judgment to the Plaintiffs or the Compliance Officer. | 1. Third parties may submit complaints concerning Google's compliance with this Final Judgment to the Plaintiffs, the TC, or the Compliance Officer. |
| 2. Third parties, the TC, or Plaintiffs in their discretion may submit to the Compliance Officer any complaints concerning Google's compliance with this Final Judgment. Without in any way limiting their authority to take any other action to enforce this Final Judgment, the Plaintiffs may submit complaints to the Compliance Officer whenever doing so would be consistent with the public interest. | 2. Submissions to the Compliance Officer. a. Third parties or Plaintiffs in their discretion may submit to the Compliance Officer any complaints concerning Google's compliance with this Final Judgment. Without in any way limiting their authority to take any other action to enforce this Final Judgment, the Plaintiffs may submit complaints related to Google's compliance with this Final Judgment to the Compliance Officer whenever doing so would be consistent with the public interest. | 2. Third parties, the TC, or Plaintiffs in their discretion may submit to the Compliance Officer any complaints concerning Google's compliance with this Final Judgment. Without in any way limiting their authority to take any other action to enforce this Final Judgment, the Plaintiffs may submit complaints to the Compliance Officer whenever doing so would be consistent with the public interest. |

81

| | | |
|---|---|---|
| a. To facilitate the communication of complaints and inquiries by parties, the Compliance Officer shall place on Google's website, in a manner acceptable to the Plaintiffs, the procedures for submitting complaints. To encourage whenever possible the informal resolution of complaints and inquiries, the website shall provide a mechanism for communicating complaints and inquiries to the Compliance Officer. | b. To facilitate the communication of complaints and inquiries by parties, the Compliance Officer shall place on Google's corporate website, in a manner reasonably acceptable to the Plaintiffs, the procedures for submitting complaints. To encourage whenever possible the informal resolution of complaints and inquiries, the website must provide a mechanism for communicating complaints and inquiries to the Compliance Officer. | a. To facilitate the communication of complaints and inquiries by parties, the Compliance Officer shall place on Google's website, in a manner acceptable to the Plaintiffs, the procedures for submitting complaints. To encourage whenever possible the informal resolution of complaints and inquiries, the website shall provide a mechanism for communicating complaints and inquiries to the Compliance Officer. |
| b. Google has thirty (30) days after receiving a complaint to attempt to resolve or to reject it. | c. Google shall have 30 days after receiving a complaint to attempt to resolve or to reject it. | b. Google has thirty (30) days after receiving a complaint to attempt to resolve or to reject it. |
| c. Within thirty (30) days of receiving a complaint, the Compliance Officer shall advise the TC and Plaintiffs of the nature of the complaint and its disposition. The TC may then propose to the Plaintiffs further actions consistent with this Final Judgment, including consulting with Plaintiffs regarding the complaint. | [No similar provision.] | c. Within thirty (30) days of receiving a complaint, the Compliance Officer shall advise the TC and Plaintiffs of the nature of the complaint and its disposition. The TC may then propose to the Plaintiffs further actions consistent with this Final Judgment, including consulting with Plaintiffs regarding the complaint. |
| 3. The Compliance Officer, third parties, or the Plaintiffs in their discretion may submit to the TC any complaints concerning Google's compliance with this Final Judgment. | [No similar provisions.] | 3. The Compliance Officer, third parties, or the Plaintiffs in their discretion may submit to the TC any complaints concerning Google's compliance with this Final Judgment. |
| a. The TC shall investigate the complaints it receives and shall consult with the Plaintiffs regarding its investigation. At least once during its investigation, and more often when it may help resolve the complaints informally, the TC shall meet with the Compliance Officer to allow Google to respond to the substance of the complaints and to determine whether the complaints can be resolved without further proceedings. | | a. The TC shall investigate the complaints it receives and shall consult with the Plaintiffs regarding its investigation. At least once during its investigation, and more often when it may help resolve the complaints informally, the TC shall meet with the Compliance Officer to allow Google to respond to the substance of the complaints and to determine whether the complaints can be resolved without further proceedings. |

82

| | | |
|---|---|---|
| b. Following its investigation, the TC shall advise Google and the Plaintiffs of its conclusion and its proposal for cure. | | b. Following its investigation, the TC shall advise Google and the Plaintiffs of its conclusion and its proposal for cure. |
| c. Reports and recommendations from the TC may be received into evidence by the Court in connection with any effort by any Plaintiff to enforce this Final Judgment but shall not be otherwise made available in any other court or tribunal related to any other matter. No member of the TC shall be required to testify by deposition, in court, or before any other tribunal regarding any matter related to this Final Judgment. | | c. Reports and recommendations from the TC may be received into evidence by the Court in connection with any effort by any Plaintiff to enforce this Final Judgment but shall not be otherwise made available in any other court or tribunal related to any other matter. No member of the TC shall be required to testify by deposition, in court, or before any other tribunal regarding any matter related to this Final Judgment. |
| d. The TC may preserve the anonymity of any third-party complainant where it deems it appropriate to do so upon the request of the Plaintiffs or the third party, or in its discretion. | | d. The TC may preserve the anonymity of any third-party complainant where it deems it appropriate to do so upon the request of the Plaintiffs or the third party, or in its discretion. |
| D. Compliance Inspection: | B. Annual Compliance Report and Compliance Inspection: | D. Compliance Inspection: |
| 1. Without in any way limiting the sovereign enforcement authority of each of the Colorado Plaintiff States, the Colorado Plaintiff States shall form a committee to coordinate their enforcement of this Final Judgment. Neither a Co-Plaintiff State nor a Colorado Plaintiff State may take any action to enforce this Final Judgment without first consulting with the United States and with the Colorado Plaintiff States' enforcement committee. | 1. Without limiting the sovereign enforcement authority of each of the Plaintiff States, the Plaintiff States will form a committee to coordinate their enforcement of this Final Judgment ("Plaintiff States' Committee"). No Plaintiff State shall take any action to enforce this Final Judgment without first consulting with the United States and with the Plaintiff States' Committee. | 1. Without in any way limiting the sovereign enforcement authority of each of the Colorado Plaintiff States, the Colorado Plaintiff States shall form a committee to coordinate their enforcement of this Final Judgment. Neither a Co-Plaintiff State nor a Colorado Plaintiff State may take any action to enforce this Final Judgment without first consulting with the United States and with the Colorado Plaintiff States' enforcement committee. |
| [No similar provision.] | 2. Google will prepare and submit, on an annual basis, a written report describing its compliance with this Final Judgment ("Annual Compliance Report"). | [No similar provision.] |
| 2. For the purposes of determining or securing compliance with this Final Judgment or of determining whether this Final Judgment should be modified or vacated, upon written request of an | 3. To determine and enforce compliance with this Final Judgment, upon written request and on reasonable notice to Google and subject to any lawful privilege, a duly authorized representative of the | 2. For the purposes of determining or securing compliance with this Final Judgment or of determining whether this Final Judgment should be modified or vacated, upon written request of an |

83

| | | |
|---|---|---|
| authorized representative of the Assistant Attorney General for the Antitrust Division (after consultation with the Co-Plaintiff States and the Colorado Plaintiff States' enforcement committee) or of the Attorney General of a Co-Plaintiff State or the Attorney General of a Colorado Plaintiff State (after consultation with the United States and the Colorado Plaintiff States' enforcement committee), as the case may be, and reasonable notice to Google, Google shall permit, from time to time and subject to legally recognized privileges, authorized representatives, including agents retained by any Plaintiff: | United States (after consultation with the Plaintiff States' Committee) or of the Attorney General of a Plaintiff State (after consultation with the United States and the Plaintiff States' Committee), may: | authorized representative of the Assistant Attorney General for the Antitrust Division (after consultation with the Co-Plaintiff States and the Colorado Plaintiff States' enforcement committee) or of the Attorney General of a Co-Plaintiff State or the Attorney General of a Colorado Plaintiff State (after consultation with the United States and the Colorado Plaintiff States' enforcement committee), as the case may be, and reasonable notice to Google, Google shall permit, from time to time and subject to legally recognized privileges, authorized representatives, including agents retained by any Plaintiff: |
| [No similar provision.] | a. request from Google no more than one interim written report per year ("Interim Report"), under oath if requested, regarding Google's compliance with this Final Judgment; | [No similar provision.] |
| a. to have access during Google's office hours to inspect and copy, or at the option of the Plaintiff, to require Google to provide electronic copies of all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of Google relating to any matters contained in this Final Judgment; and | b. make reasonable requests to Google for production of non-privileged documents and records in its possession, custody, or control sufficient to verify the matters contained in Google's Annual Compliance Report or Interim Report; and | a. to have access during Google's office hours to inspect and copy, or at the option of the Plaintiff, to require Google to provide electronic copies of all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of Google relating to any matters contained in this Final Judgment; and |
| b. to interview, either informally or on the record, Google's officers, employees, or agents, who may have their individual counsel present, relating to any matters contained in this Final Judgment. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by Google. | c. subject to the reasonable convenience of Google and without restraint or interference from it, interview officers, employees, or agents of Google, who may have counsel present, sufficient to verify the matters contained in Google's Annual Compliance Report or Interim Report. | b. to interview, either informally or on the record, Google's officers, employees, or agents, who may have their individual counsel present, relating to any matters contained in this Final Judgment. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by Google. |
| 3. Upon the written request of an authorized representative of the Assistant Attorney General for the Antitrust Division (after consultation with the Co-Plaintiff States and the | [No similar provision.] | 3. Upon the written request of an authorized representative of the Assistant Attorney General for the Antitrust Division (after consultation with the Co-Plaintiff States and the |

84

| | | |
|---|---|---|
| Colorado Plaintiff States' enforcement committee) or of the Attorney General of a Co-Plaintiff State or the Attorney General of a Colorado Plaintiff State (after consultation with the United States and the Co-Plaintiff States' enforcement committee), Google shall submit written reports or respond to written interrogatories, under oath if requested, relating to any matters contained in this Final Judgment. | | Colorado Plaintiff States' enforcement committee) or of the Attorney General of a Co-Plaintiff State or the Attorney General of a Colorado Plaintiff State (after consultation with the United States and the Colorado Plaintiff States' enforcement committee), Google shall submit written reports or respond to written interrogatories, under oath if requested, relating to any matters contained in this Final Judgment. |
| [No similar provision.] | 4.  No information or documents obtained by the means provided in this section shall be divulged by the United States or the Plaintiff States to any person, except in the course of legal proceedings to which the United States is a party, or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law. | [No similar provision.] |
| [No similar provision.] | 5.  If, at the time information or documents are furnished by Google to the United States or the Plaintiff States, Google identifies in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and Google marks each pertinent page of such material, "Confidential and Sensitive Commercial Information Subject to Rule 26(c)(1)(G)" then the United States shall give 10 business days' notice prior to divulging such material in any legal proceeding. | 4.  If, at the time information or documents are furnished by Google to the Plaintiffs, Google identifies in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and Google marks each pertinent page of such material, "Confidential and Sensitive Commercial Information Subject to Rule 26(c)(1)(G)," then the Plaintiffs shall give five (5) business days' notice prior to divulging such material in any legal proceeding, unless good cause is shown for a shorter notice period. |
| [No similar provision.] | 6.  Google shall have the right to claim protection from public disclosure, under the Freedom of Information Act, 5 U.S.C. § 552, or any other applicable law or regulation, for any material it submits to the United States or the Plaintiff States under this Final Judgment.    After appropriate consideration of such claim of | 5.  Google shall have the right to claim protection from public disclosure, under the Freedom of Information Act, 5 U.S.C. § 552, or any other applicable law or regulation, for any material it submits to the Plaintiffs under this Final Judgment.  After appropriate consideration of such claim of protection, Plaintiffs, as the case may |

85

| | | |
|---|---|---|
| | protection, the United States or the Plaintiff States, as the case may be, will either assert that the material is protected from disclosure under law or give Google 10 business days' notice of its intent to disclose the material. | be, will either assert that the material is protected from disclosure under law or give Google ten (10) business days' notice of its intent to disclose the material. |
| [No similar provision.] | [No similar provision.] | E.  Status Reports to the Court: 1.  Plaintiffs, with input from the Technical Committee, shall file a status report within ninety (90) days of the Effective Date of this Final Judgment, and then on future dates as set by the Court, updating the Court as to the enforcement of and Google's compliance with this Final Judgment. |

## VIII.    EFFECTIVE DATE AND EXPIRATION

| Plaintiffs' Proposal | Google's Proposal | Final Judgment |
|---|---|---|
| The Final Judgment will take effect sixty (60) days after the date on which it is entered (the "Effective Date"), and Plaintiffs shall report the date on which Google has substantially implemented all provisions of this Final Judgment, except for Section VII.A, which shall take effect immediately upon entry.  Unless the Court grants an extension or early termination is granted, this Final Judgment will expire six (6) years from the Effective Date.  This Final Judgment may be terminated upon notice by the United States (after consultation with the Co-Plaintiff States), the Colorado Plaintiff States' enforcement committee, and Google that continuation of this Final Judgment is no longer necessary to restore competition in the monopolized markets. | A.   Subject to the outcome of any motion to stay this Final Judgment pending appeal, this Final Judgment shall take effect 60 days after the date on which it is entered, except that the portions of Section VII.A that require the parties to take steps toward forming the Technical Committee and that address the start of its work shall take effect immediately.<br><br>B.   Pursuant to Local Rule 54.2, the deadline for any motion under Federal Rule of Civil Procedure 54(d)(2)(B) and the proceedings as to any such motion shall be held in abeyance pending the conclusion of any appeals from this Final Judgment.<br><br>C.  Unless this Court grants an extension, this Final Judgment will expire on the sixth anniversary of the date on which it takes effect. | The Final Judgment will take effect sixty (60) days after the date on which it is entered (the "Effective Date"), and Plaintiffs shall report the date on which Google has substantially implemented all provisions of this Final Judgment, except for Section VII.A, which shall take effect immediately upon entry.  Unless the Court grants an extension or early termination is granted, this Final Judgment will expire six (6) years from the Effective Date.  This Final Judgment may be terminated upon notice by the United States (after consultation with the Co-Plaintiff States), the Colorado Plaintiff States' enforcement committee, and Google that continuation of this Final Judgment is no longer necessary to restore competition in the monopolized markets. |

## IX.    DEFINITIONS

| Plaintiffs' Proposal | Google's Proposal | Final Judgment |
|---|---|---|
| A.  "API" or "application programming interface" means a mechanism that allows different | A.  "API" or "application programming interface" means a mechanism that allows different | A.  "API" or "application programming interface" means a mechanism that allows different |

86

| | | |
|---|---|---|
| software components to communicate with each other. | software components to communicate with each other. | software components to communicate with each other. |
| B.  "Apple" means Apple, Inc., a corporation organized and existing under the laws of the State of California, headquartered in Cupertino, California, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees. | [No similar provision.] | B.  "Apple" means Apple Inc., a corporation organized and existing under the laws of the State of California, headquartered in Cupertino, California, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees. |
| C.  "Browser Developer" means a developer, owner, or operator of a Third-Party Browser and includes, by way of example, Apple, Mozilla Corp., and Samsung Electronics Co., Ltd. | B.  "Browser Developer" means a developer, owner, or operator of a Third-Party Browser and includes, by way of example, Apple, Mozilla Corp., and Samsung Electronics Co., Ltd. | C.  "Browser Developer" means a developer, owner, or operator of a Third-Party Browser and includes, by way of example, Apple, Mozilla Corp., and Samsung Electronics Co., Ltd. |
| D.  "Chrome Browser Application" means the browser software application currently marketed by Google as "Google Chrome" and its successors. | C.  "Chrome Browser Application" means the browser software application currently marketed by Google as "Google Chrome" and its successors. | D.  "Chrome Browser Application" means the browser software application currently marketed by Google as "Google Chrome" and its successors. |
| E.  "Competitor" means any provider of, or potential entrant in the provision of (i) a General Search Engine (GSE) in the United States, (ii) Search Text Ads in the United States, or (iii) a GenAI Product in the United States. | D.  "Competitor" means any provider of, or potential entrant in the provision of (i) a General Search Engine (GSE) in the United States, (ii) Search Text Ads in the United States or (iii) a Third-Party GenAI Product in the United States.  For the avoidance of doubt, "Competitor" does not include specialized vertical search providers, whether or not they offer a GenAI product. | E.  "Competitor" means any provider of or potential entrant in the provision of (i) a General Search Engine (GSE) in the United States, (ii) Search Text Ads in the United States, or (iii) a GenAI Product in the United States. |
| F.  "Consideration" means anything of value, including monetary payment; provision of preferential licensing terms; technical, marketing, and sales support; developer support; or hardware or software certification or approval. | E.  "Consideration" means any monetary payment; provision of preferential licensing terms; technical, marketing, and sales support; developer support; or hardware or software certification or approval. | F.  "Consideration" means anything of value, including any monetary payment; provision of preferential licensing terms; technical, marketing, and sales support; developer support; or hardware or software certification or approval. |
| G.  "Default Search Engine" means a search engine that is set by a Browser Developer to respond to user queries if a user takes no action to select a particular search engine. | G.  "Default Search Engine" means a search engine that is set by a Browser Developer to respond to user queries if a user takes no action to select a particular search engine. | G.  "Default Search Engine" means a search engine that is set by a Browser Developer to respond to user queries if a user takes no action to select a particular search engine. |
| H.  "Device" or "device" means any single smartphone, tablet, laptop, or desktop.  For clarity, any two devices are different devices, even if they are the same make and model | F.  "Covered Device" means a smartphone, tablet, laptop, or desktop, excluding any device on which the ChromeOS operating system or a | H.  "Device" or "device" means any single smartphone, tablet, laptop, or desktop, excluding any device on which the ChromeOS operating system or a successor to the |

| | | |
|---|---|---|
| (e.g., two Samsung Galaxy S25s are two devices; two Apple iPhone 16 Pros are two devices). | successor to the ChromeOS operating system is installed. | ChromeOS operating system is installed. For clarity, any two devices are different devices, even if they are the same make and model (e.g., two Samsung Galaxy S25s are two devices; two Apple iPhone 16 Pros are two devices). |
| I.   "GenAI" or "Generative AI" is a type of artificial intelligence that creates new content including but not limited to text, images, code, classifications, and other media using machine learning models. | H.   "GenAI" or "Generative AI" is a type of artificial intelligence that creates new content including but not limited to text, images, code, classifications, and other media using machine learning models. | I.   "GenAI" or "Generative AI" is a type of artificial intelligence that creates new content including but not limited to text, images, code, classifications, and other media using machine learning models. |
| J.   "GenAI Product" means any application, software, service, feature, tool, functionality, or product that involves or makes use of Generative AI capabilities or models.  It can include GenAI Search Access Points. | [No similar provision.] | J.   "GenAI Product" means any application, software, service, feature, tool, functionality, or product that involves or makes use of Generative AI capabilities or models and has among its principal functions answering information-seeking prompts across a wide variety of topics using a broad range of publicly available information. |
| K.   "General Search Engine" or "GSE" means software or a service that produces links to websites and other relevant information in response to a user query or prompt. | I.   "General Search Engine" or "GSE" means software or a service that produces links to websites and other relevant information in response to a user query or prompt, and that attempts to answer all queries (rather than only regarding particular topics). "General Search Engine" or "GSE" also has the meaning defined and used in the Court's Memorandum Opinion of August 5, 2024, ECF 1032. | K.   "General Search Engine" or "GSE" means software or a service that produces links to websites and other relevant information in response to a user query or prompt and that seeks to fulfill a broad array of informational needs. |
| L.   "Google"   means (1) Defendant Google LLC, a limited liability company organized and existing under the laws of the State of Delaware, headquartered in Mountain View, California; (2) its successors and assigns, subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures controlling or overseeing Google Search (including syndicated products), Search Text Ads (including syndicated products) the Chrome Browser Application, the Google Search Application, the Google Assistant Application, and any related Google GenAI Product; and | J.   "Google" means Defendant Google LLC, a limited liability company organized and existing under the laws of the State of Delaware, headquartered in Mountain View, California; (2) its successors and assigns, subsidiaries, divisions, and groups controlling or overseeing Google Search (including syndicated products), Search Text Ads (including syndicated products), the Chrome Browser Application, the Google Search Application, the Google Assistant Application, and any Google GenAI Assistant Application; and (3) the directors, officers, managers, | L.   "Google"   means (1) Defendant Google LLC, a limited liability company organized and existing under the laws of the State of Delaware, headquartered in Mountain View, California; (2) its successors and assigns, subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures controlling or overseeing Google Search (including syndicated products), Search Text Ads (including syndicated products), the Chrome Browser Application, the Google Search Application, the Google Assistant Application, and any related Google GenAI Product; and |

| | | |
|---|---|---|
| (3) the directors, officers, managers, agents, and employees of such entities specified in this Section IX.L who oversee Google Search (including syndicated products), Search Text Ads (including syndicated products) the Chrome Browser Application, the Google Search Application, the Google Assistant Application, and any related Google GenAI Product. | agents, and employees of such entities specified in this Paragraph IX.J who oversee Google Search (including syndicated products), Search Text Ads (including syndicated products), the Chrome Browser Application, the Google Search Application, the Google Assistant Application, and any Google GenAI Assistant Application. | (3) the directors, officers, managers, agents, and employees of such entities specified in this Section IX.L who oversee Google Search (including syndicated products), Search Text Ads (including syndicated products), the Chrome Browser Application, the Google Search Application, the Google Assistant Application, and any related Google GenAI Product. For clarity, the term "affiliates" includes any Alphabet Inc.–related entity that controls or oversees the aforementioned products. |
| M. "Google Assistant Application" means (1) the user-facing mobile assistive service software application marketed by Google as "Google Assistant" and its successors and (2) any Google GenAI Product. | K. "Google Assistant Application" means the user-facing mobile assistive service software application marketed by Google as "Google Assistant" and its successors. | M. "Google Assistant Application" means the user-facing mobile assistive service software application marketed by Google as "Google Assistant" and its successors. |
| N. "Google GenAI Product" means any GenAI Product offered by Google including by way of example, the stand-alone user-facing mobile software application currently marketed by Google as the "Google Gemini" application (and that application's functionally equivalent successors). | L. "Google GenAI Assistant Application" means the stand-alone user-facing mobile software application currently marketed by Google as the "Google Gemini" application (and that application's functionally equivalent successors) and any future user-facing software application owned by Google or its affiliates that makes use of generative AI capabilities or models and has among its principal functions answering information-seeking prompts across a wide variety or topics using a broad range of publicly available information, provided, however, that this term shall not include Google Search, the Google Search Application, the Chrome Browser Application, or the Google Assistant Application. | N. "Google GenAI Product" means any GenAI Product offered by Google, including by way of example, the stand-alone user-facing mobile software application currently marketed by Google as the "Google Gemini" application (and that application's functionally equivalent successors). |
| O. "Google Play" means the user-facing mobile software application distribution service currently marketed by Google as the "Play Store" and its successors. | M. "Google Play" means the user-facing mobile software application distribution service currently marketed by Google as the "Play Store" and its successors. | O. "Google Play" means the user-facing mobile software application distribution service currently marketed by Google as the "Play Store" and its successors. |
| P. "Google Search" means the web search and search advertising services offered by Google at Google.com. | N. "Google Search" means the web search and search advertising services offered by Google at Google.com. | P. "Google Search" means the web search and search advertising services offered by Google at Google.com. |

89

| | | |
|---|---|---|
| Q. "Google Search Application" means the user-facing mobile online search software application currently marketed by Google as the "Google app" or the "Google Search app" (and its successors). | O. "Google Search Application" means the user-facing mobile online search software application currently marketed by Google as the "Google app" or the "Google Search app" (and its successors). | Q. "Google Search Application" means the user-facing mobile online search software application currently marketed by Google as the "Google app" or the "Google Search app" (and its successors). |
| R. The terms "include" and "including" should be read as "including but not limited to," and any use of either word is not limited in any way to any examples provided. | [No similar provision.] | R. The terms "include" and "including" should be read as "including but not limited to," and any use of either word is not limited in any way to any examples provided. |
| S. "Marginal Cost" or "marginal cost" means the direct total production cost of producing an additional unit of a good or service, which is determined by calculating the change in direct total production cost resulting from Google providing the additional unit(s) of data or services required under this Final Judgment. | P. "Marginal Cost" means the direct total production cost of producing an additional unit of a good or service, as determined by calculating the change in direct total production cost resulting from providing the additional unit(s) of data or services. | S. "Marginal Cost" or "marginal cost" means the direct total production cost of producing an additional unit of a good or service, which is determined by calculating the change in direct total production cost resulting from Google providing the additional unit(s) of data or services required under this Final Judgment. |
| T. "Operating System Version" means a particular desktop or mobile operating system including, by way of example, Microsoft Windows, Apple iOS, Apple Mac OS, Apple iPad OS, or Android. | Q. "Operating System Version" means a web browser version or a version of any proprietary Apple feature or functionality, including Siri and Spotlight, designed to be installed and used on a particular desktop or mobile operating system including, by way of example, Microsoft Windows, Apple iOS, Apple Mac OS, Apple iPad OS, or Android. | T. "Operating System Version" means a web browser version or a version of any proprietary Apple feature or functionality, including Siri and Spotlight, designed to be installed and used on a particular desktop or mobile operating system including, by way of example, Microsoft Windows, Apple iOS, Apple Mac OS, Apple iPad OS, or Android. |
| U. "Person" or "person" means any natural person, corporate entity, partnership, association, joint venture, government entity, or trust. | [No similar provision.] | [No similar provision.] |
| [No similar provision.] | R. "Plaintiff States" means the States and Commonwealths of Arkansas, California, Georgia, Florida, Indiana, Kentucky, Louisiana, Michigan, Missouri, Mississippi, Montana, South Carolina, Texas, and Wisconsin, Colorado, Nebraska, Arizona, Iowa, New York, North Carolina, Tennessee, Utah, Alaska, Connecticut, Delaware, District of Columbia, Guam, Hawaii, Idaho, Illinois, Kansas, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire, New Jersey, New Mexico, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, | [No similar provision.] |

90

| | Puerto Rico, Rhode Island, South Dakota, Vermont, Virginia, Washington, West Virginia, and Wyoming. | |
|---|---|---|
| V. "Privacy Mode" means a mode within a web browser or an Apple product or service such as Siri or Spotlight that is designed to offer a preconfigured privacy setting and includes, by way of example, Private Browsing in Apple Safari, Private mode in Mozilla Firefox, and Secret mode in Samsung Internet. | S. "Privacy Mode" means a mode within a web browser that is designed to offer a preconfigured privacy setting and includes, by way of example, Private Browsing in Apple Safari, Private mode in Mozilla Firefox, and Secret mode in Samsung Internet. | U. "Privacy Mode" means a mode within a web browser or an Apple product or service such as Siri or Spotlight that is designed to offer a preconfigured privacy setting and includes, by way of example, Private Browsing in Apple Safari, Private mode in Mozilla Firefox, and Secret mode in Samsung Internet. |
| W. "Qualified Competitor" means a Competitor who meets the Plaintiffs' approved data security standards as recommended by the Technical Committee and agrees to regular data security and privacy audits by the Technical Committee, who makes a sufficient showing to the Plaintiffs, in consultation with the Technical Committee, of a plan to invest and compete in or with the GSE and/or Search Text Ads markets, and who does not pose a risk to the national security of the United States. | T. "Qualified Competitor" means a Competitor who applies to be so designated and: (i) meets the data security standards as determined by the Court in consultation with the Technical Committee; (ii) agrees to and satisfactorily passes regular data security and privacy audits by the Technical Committee; (iii) does not pose a risk to the national security of the United States, as determined by the Court; and (iv) makes a sufficient showing of a plan to invest and compete with General Search Engines and/or Search Text Ads providers, as determined by the Court in consultation with the Technical Committee. To remain eligible as a Qualified Competitor, the Competitor must apply for re-certification on an annual basis and establish that it continues to meet the criteria set forth in (i) – (iv). To continue to be in compliance with (iv) for purposes of re-certification, the Qualified Competitor must show that it is making sufficient efforts to invest and compete with General Search Engines and/or Search Text Ads providers. Google will have the right to object to and be heard by the Court on the qualification of, and continuing eligibility of, any proposed Qualified Competitor, including on the basis of noncompliance with data security, privacy, or contractual access or use restrictions. | V. "Qualified Competitor" means a Competitor who meets the Plaintiffs' approved data security standards as recommended by the Technical Committee and agrees to regular data security and privacy audits by the Technical Committee; who makes a sufficient showing to the Plaintiffs, in consultation with the Technical Committee, of a plan to invest and compete in or with the GSE and/or Search Text Ads markets; and who does not pose a risk to the national security of the United States. To remain eligible as a Qualified Competitor, the Competitor must apply for re-certification on an annual basis starting from the date of original certification as a Qualified Competitor and establish that it continues to meet the definition of a Qualified Competitor. The Technical Committee shall establish appropriate procedures for the re-certification process. |

91

| | | |
|---|---|---|
| X. "Search Access Point" means any software, application, interface, digital product, or service where a user can enter a query or prompt and, in response to at least some user queries or prompts, receive (or be directed to a place to receive) a response that includes information from a GSE, including links to websites. Search Access Points include OS-level Search Access Points, browsers (including Search Access Points within browsers such as browser address bars), search apps, and GenAI Products that can retrieve and display information from a GSE, including links to websites. | [No similar provision.] | W. "Search Access Point" means any software, application, interface, digital product, or service where a user can enter a query or prompt and, in response to at least some user queries or prompts, receive (or be directed to a place to receive) a response that includes information from a GSE, including links to websites. Search Access Points include OS-level Search Access Points, browsers (including Search Access Points within browsers such as browser address bars), search apps, and GenAI Products that can retrieve and display information from a GSE, including links to websites. |
| Y. "Search Feature" in Google Search means any user-facing content on a SERP that is not an organic link. Search Features include images, featured snippets, hotel units, query expansion features like auto-complete, "did you mean" prompts, spelling corrections, and related searches. | [No similar provision.] | X. "Search Feature" in Google Search means any user-facing content on a SERP that is not an organic link. Search Features include images, featured snippets, hotel units, query expansion features like auto-complete, "did you mean" prompts, spelling corrections, and related searches. |
| AA. "Search Text Ad" means a general search text advertisement, which is an ad that resembles an organic link on a SERP. Search Text Ads can include images and often appear at the top of the SERP with a designation indicating that they are paid advertisements. "Search Text Ad" also includes Search Text Ads appearing in or in connection with Google AI Overviews. | U. "Search Text Ad" means a general search text advertisement, which is an ad that resembles an organic text link on a search engine results page. "Search Text Ad" also has the meaning defined and used in the Court's Memorandum Opinion of August 5, 2024, ECF 1032, at 60, and includes Search Text Ads appearing in or in connection with Google AI Overviews. | Y. "Search Text Ad" means a general search text advertisement, which is an ad that resembles an organic link on a SERP. Search Text Ads can include images and often appear at the top of the SERP with a designation indicating that they are paid advertisements. "Search Text Ad" also includes Search Text Ads appearing in or in connection with Google AI Overviews. |
| BB. "SERP" or "Search Engine Results Page" means the results provided by a search engine, in response to a user query, including links and other features and content, including from a broad index of the web. | [No similar provision.] | Z. "SERP" or "Search Engine Results Page" means the results provided by a search engine, in response to a user query, including links and other features and content, drawn from a broad index of the web. |
| [No similar provision.] | V. "Specialized Vertical Provider" means a platform that responds to queries with information centered on a particular subject matter. | [No similar provision.] |
| CC. "Technical Committee" or "TC" means the five-person committee of experts appointed by the Court pursuant to Section VII.A. | W. "Technical Committee" or "TC" means the five-person committee of experts appointed by the Court pursuant to Paragraph VII.A. | AA. "Technical Committee" or "TC" means the five-person committee of experts appointed by the Court pursuant to Section VII.A. |

92

| | | |
|---|---|---|
| DD. "Third-Party Browser" means any web browser that is not Google Chrome or another proprietary Google web browser and includes, by way of example, Apple Safari, Mozilla Firefox, and Samsung Internet. | X. "Third-Party Browser" means any web browser that is not Google Chrome or another proprietary Google web browser and includes, by way of example, Apple Safari, Mozilla Firefox, and Samsung Internet. | BB. "Third-Party Browser" means any web browser that is not Google Chrome or another proprietary Google web browser and includes, by way of example, Apple Safari, Mozilla Firefox, and Samsung Internet. |
| [No similar provision.] | Y. "Third-Party GenAI Assistive Service" means a user-facing software application not owned by Google or its affiliates that makes use of generative AI capabilities or models and has among its principal functions answering information-seeking prompts across a wide variety of topics using a broad range of publicly available information. | [No similar provision.] |
| FF. "Third-Party GenAI Product" means any GenAI Product that is not owned by Google. | Z. "Third-Party GenAI Product" means any application, software, service, feature, tool, functionality, or product not owned by Google or its affiliates that involves or makes use of generative AI capabilities or models and has among its principal functions answering information-seeking prompts across a wide variety of topics using a broad range of publicly available information. For clarity, "Third-Party GenAI Product" does not include specialized vertical search services, whether or not they offer a GenAI Product. | CC. "Third-Party GenAI Product" means any GenAI Product that is not owned by Google. |
| EE. "Third-Party General Search Service" means a web search service that can respond to a broad range of search query categories and offers functionality that is substantially similar to Google Search, and is not owned by Google or its affiliates. | AA. "Third-Party General Search Service" means a web search service that can respond to a broad range of search query categories and offers functionality that is substantially similar to Google Search, and is not owned by Google or its affiliates. | DD. "Third-Party General Search Service" means a web search service that can respond to a broad range of search query categories and offers functionality that is substantially similar to Google Search and is not owned by Google or its affiliates. |
| GG. "User-side Data" means all data that can be obtained from users in the United States, directly through a search engine's interaction with the user's Device, including software running on that Device, by automated means. User-side Data includes information Google collects when answering commercial, tail, and local queries. | BB. "User-side Data" means all data that can be obtained from users in the United States, directly through a search engine's interaction with the user's device, including software running on that device, by automated means. User-side Data includes information Google collects when answering commercial, tail, and local queries. | EE. "User-side Data" means all data that can be obtained from users in the United States, directly through a search engine's interaction with the user's Device, including software running on that Device, by automated means. User-side Data includes information Google collects when answering commercial, tail, and local queries. |
| Z. "Search Index" means any databases that store and organize | CC. "Web Search Index" means databases that store and organize | FF. "Web Search Index" means databases that store and organize |

93

| | | |
|---|---|---|
| information about websites and their content that is crawled from the web. | information about websites and their content that is crawled from the web. For the avoidance of doubt, it does not include Google's vertical indexes or its video, images, or other specialized indexes that contain information not crawled from the web. | information about websites and their content that is crawled from the web. For the avoidance of doubt, it does not include Google's vertical indexes or its video, images, or other specialized indexes that contain information not crawled from the web. |

## X.    THIRD-PARTY RIGHTS

| Plaintiffs' Proposal | Google's Proposal | Final Judgment |
|---|---|---|
| Nothing in this Final Judgment is intended to confer upon any other persons any rights or remedies of any nature whatsoever or by reason of this Final Judgment other than the right to submit complaints to the Compliance Officer and the TC. | Nothing in this Final Judgment is intended to confer upon any other persons any rights or remedies of any nature. | Nothing in this Final Judgment is intended to confer upon any other persons any rights or remedies of any nature whatsoever or by reason of this Final Judgment other than the right to submit complaints to the Compliance Officer and the TC. |

## XI.    RETENTION OF JURISDICTION AND ENFORCEMENT OF FINAL JUDGMENT

| Plaintiffs' Proposal | Google's Proposal | Final Judgment |
|---|---|---|
| A.    Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders or directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment, for the modification of any of its provisions (including an order to divest any relevant Google business), for the enforcement of compliance with this Final Judgment, and for the punishment of any violation of this Final Judgment.  For example, Plaintiffs may request that the Court revisit its decision on a payment ban, including but not limited to a ban on default payments, if competition is not substantially restored by this Order.  In any motion to modify this Final Judgment, Plaintiffs need not show any change in circumstances, but need only demonstrate that modification is necessary to achieve the intended purposes of this Final Judgment to restore competition in the monopolized markets.  In any action to | This Court retains jurisdiction for the purpose of enabling any of the parties to this Final Judgment to apply for such further orders or directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify or terminate any of its provisions, and to enforce compliance. | A.    Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders or directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment, for the modification of any of its provisions, for the enforcement of compliance with this Final Judgment, and for the punishment of any violation of this Final Judgment. |

94

| | | |
|---|---|---|
| enforce this Final Judgment, Google must show by a preponderance of the evidence that its actions are in compliance with this Final Judgment. | | |
| B. The Court may act *sua sponte* to issue orders or directions for the construction or carrying out of this Final Judgment, for the enforcement of compliance, and for the punishment of any violation. | [No similar provision.] | [No similar provision.] |
| C. This Final Judgment should be interpreted to give full effect to the procompetitive purposes of the U.S. antitrust laws and to restore the competition the Court found was harmed by Google's illegal conduct. | [No similar provision.] | [No similar provision.] |
| D. For a period of four (4) years following the expiration of this Final Judgment, if any Plaintiff has evidence that Google violated this Final Judgment before it expired, that Plaintiff may file an action against Google in this Court requesting that the Court order (1) Google to comply with the terms of this Final Judgment for an additional term of at least four (4) years following the filing of the enforcement action; (2) all appropriate contempt remedies; and (3) additional relief needed to ensure Google complies with the terms of this Final Judgment. | [No similar provision.] | B. For a period of four (4) years following the expiration of this Final Judgment, if any Plaintiff has evidence that Google violated this Final Judgment before it expired, that Plaintiff may file an action against Google in this Court requesting that the Court order (1) Google to comply with the terms of this Final Judgment for an additional term of at least four (4) years following the filing of the enforcement action; (2) all appropriate contempt remedies; and (3) additional relief needed to ensure Google complies with the terms of this Final Judgment. |
| E. In connection with a successful effort by any Plaintiff to enforce this Final Judgment against Google, whether litigated or resolved before litigation, Plaintiff may request that the Court order Google to reimburse that Plaintiff for the fees and expenses of its attorneys, as well as all other costs, including experts' fees, incurred in connection with that effort to enforce this Final Judgment, including in the investigation of the potential violation. | [No similar provision.] | [No similar provision.] |